# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC. <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 21-1417-JPM <br> ) <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PLANNING REPORT AND PROPOSED SCHEDULE

A scheduling conference was held on February 7, 2022. Present were Robert Masters, Jonathan DeFosse, and Jeremy Tigan, counsel for plaintiff, and David Jakopin, Dianne Sweeney, David Stanton, and Stephen Brauerman, counsel for defendant. Prior to the scheduling conference, on February 3, 2022, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: February 23, 2022

**PATENT RELATED DISCLOSURES**

    1.    Initial Infringement Contentions (LPR 3.1-3.2): February 18, 2022

    2.    Initial Non-Infringement Contentions (LPR 3.3-3.4): March 18, 2022

    3.    Initial Invalidity and Unenforceability Contentions (LPR 3.5-3.6): April 28, 2022

    4.    Initial Validity and Enforceability Contentions (LPR 3.7): May 19, 2022

    5.    Preliminary Identification of Claim Terms to be Construed (LPR 4.1(a)): May 27, 2022

    6.    Final Identification of Claim Terms to be Construed (LPR 4.1(c)): June 6, 2022

7. Preliminary Claim Constructions and Supporting Materials (LPR 4.2(a)-(b)): June 21, 2022

8. Initial Expert Claim Construction Reports (if any) (LPR 4.3(a)): July 11, 2022

9. Rebuttal Expert Claim Construction Reports (if any) (LPR 4.3(b)): July 25, 2022

10. Completion of Claim Construction Expert Discovery (LPR 4.3(c)): August 9, 2022

11. Exchange Final Claim Constructions (LPR 4.2(c)): August 16, 2022

12. Opening Claim Construction Briefs (LPR 4.4(a)): August 30, 2022

13. Responsive Claim Construction Briefs (LPR 4.4(b)): September 28, 2022

14. Joint Claim Construction and Prehearing Statement (LPR 4.5): October 7, 2022

15. Claim Construction Hearing and Technology Tutorial: November 10, 2022, or subject to the convenience of the Court's calendar (see each party's comments on this hearing below)

**Proposed Departures**: The parties have proposed departures from certain dates set forth in the Local Patent Rules to account for the procedural posture of this case, which was originally filed on October 4, 2021 in the District of Delaware and reassigned to Judge McCalla on January 3, 2022.

**Akoustis' Position on Additional Potential Departures**: Given the complexities of the discovery that is being requested by Qorvo, to the extent that this Court permits the non-patent claims to proceed, the proposed discovery cut-off of 30 days after the Claims Construction Order under LPR4.7 and the Court's typical "Sample Patent Rules Timeline" (which is then reproduced and used for the discovery schedule attached at Exhibit A) will likely not provide sufficient time for a reasonable and orderly discovery process, particularly in light of the issues raised by the non-patent claims that are not anticipated in the Court's Sample Patent Rules Timeline.  Akoustis brings this issue and possibly required departure from the Sample Patent Rules Timeline to the Court's attention at this time.

**Qorvo's Position on Additional Potential Departures**: Qorvo believes the appropriate time to address potential modifications to the default deadline under LPR 4.7 would be following entry of the Court's claim construction ruling.

## MOTIONS

MOTIONS TO JOIN PARTIES: April 8, 2022

MOTIONS TO AMEND PLEADINGS: April 8, 2022

MOTIONS TO DISMISS: A partial motion to dismiss was filed November 24, 2021 (the motion has been fully briefed and is pending)

**The parties anticipate filing the following additional motions**: Qorvo does not currently anticipate filing any motions. Akoustis believes that further motion practice may be appropriate depending on the outcome of the motion to dismiss now pending as well as any amendment to the pleadings.

**The following issues may be the proper subject of an early motion for summary judgment or partial summary adjudication**: Qorvo is not aware of any such issues. Akoustis is not aware of any such early motions but, subject to the outcome of the motion to dismiss, certain issues may warrant dispositive motion practice.

## NATURE OF DISPUTE

Qorvo, Inc. ("Qorvo") has asserted four causes of action against Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis"): (1) patent infringement in violation of 35 U.S.C. § 271 (Counts I and II); (2) false advertising in violation of 15 U.S.C. § 1125(a) (Count III); (3) false patent marking in violation of 35 U.S.C. § 292 (Count IV); and (4) unfair and deceptive trade practices in violation of N.C.G.S. § 75-1.

### PATENT INFRINGEMENT (COUNTS I & II)

a. **Description of the field of the claimed invention**: Qorvo alleges that Akoustis infringes two patents—U.S. Patent No. 7,522,018 (the "'018 Patent") and U.S. Patent No. 9,735,755 (the "'755 Patent"). Both patents

        relate to technology for bulk acoustic wave ("BAW") filters. BAW filters are circuits used to eliminate unwanted signals from wireless communications. BAW filters are used in a variety of devices, including mobile phones, WiFi devices, infrastructure, and cellular base stations.

b.   **Claims asserted**: Qorvo currently anticipates asserting the following claims: (i) claims 1-14 of the '018 Patent; (ii) claims 1-18 of the '755 patent.

c.   **Number of claim terms to be construed**: **<u>Qorvo's position:</u>** Qorvo does not currently anticipate requesting the construction of any claim terms. Qorvo reserves the right to revisit its expectations concerning claim construction following the parties' patent disclosures. **<u>Akoustis' position:</u>** Akoustis anticipates requesting the construction of certain claim terms. Akoustis will be in a better position to know what terms need to be construed once Qorvo submits its infringement contentions pursuant to the proposed patent schedule and identifies all claims it alleges are infringed.

d.   **Description of the allegedly infringing activity or product**: **<u>Qorvo's position:</u>** Qorvo alleges that the products in the Akoustis 3-7 GHz RF filter portfolio infringe the '018 and '755 patents. **<u>Akoustis' position:</u>** Akoustis denies Qorvo's allegations of infringement of the asserted patents. Akoustis has already filed a motion to dismiss Qorvo's willful and indirect infringement allegations. The motion is fully briefed.

e.   **Description of any potentially non-infringing alternative designs: <u>Qorvo's position:</u>** Qorvo contends that there are no potentially non-infringing alternative designs for the accused products. **<u>Akoustis' position:</u>** Akoustis denies infringement, but further contends that, upon further investigation, other non-infringing alternative designs could be achieved without undue cost or delay.

f.   **Stipulation of non-infringement**: The parties have not stipulated that the above-described designs do not infringe the patents in issue.

**FALSE ADVERTISING (COUNT III)**

a. **Qorvo's position:** Akoustis has stated in its commercial advertising that its BAW filters use single crystal technology. Akoustis has stated that the use of this single crystal technology allows Akoustis BAW filters to achieve superior performance compared to competitors' polycrystalline filters. Akoustis has made these statements throughout its promotional materials, including in materials posted on the Akoustis website and in materials provided to investors. Akoustis BAW filters do not use single crystal technology. Akoustis BAW filters are, in fact, polycrystalline.

b. **Akoustis' position:** Akoustis denies Qorvo's allegation of false advertising. Akoustis has and has had many different BAW filters, some which are single crystal, others which are polycrystalline, at various stages in the development of its products. Akoustis has already filed a motion to dismiss Qorvo's false advertising allegations. The motion is fully briefed and a request for oral argument has been made.

**FALSE PATENT MARKING (COUNT IV)**

a. **Qorvo's position:** Akoustis has falsely marked its BAW filter products as practicing U.S. Patent No. 10,256,786 (the "'786 Patent"). The '786 patent requires a single crystal piezoelectric layer, but Akoustis BAW filters are polycrystalline. Akoustis is aware that the '786 patent requires a single crystal piezoelectric layer, but nonetheless knowingly and falsely marks its polycrystalline BAW filters as practicing the '786 patent to mislead consumers into believing that Akoustis has patented its BAW filters.

b. **Akoustis' position:** Akoustis denies Qorvo's false marking allegations, in part, because Qorvo wrongly contends that Akoustis is aware that the '786 Patent requires a single crystal piezoelectric layer. Qorvo also wrongly contends that the '786 Patent claims are limited to a single crystal piezoelectric layer based on its interpretation of the patent language (which is inconsistent with the plain reading of the language in claim 1 of the '786 Patent). Akoustis has already

filed a motion to dismiss Qorvo's false marking allegations. The motion is fully briefed and a request for oral argument has been made.

### UNFAIR COMPETITION (COUNT V)

a. **Qorvo's position:** Akoustis is engaging in unfair and deceptive trade practices in violation of North Carolina law because Akoustis is raiding Qorvo employees to obtain Qorvo's confidential information. Akoustis is also engaging in unfair and deceptive trade practices because Akoustis is making false statements concerning the properties of its BAW filters and the relative benefits of those products.

b. **Akoustis' position:** Akoustis denies Qorvo's allegation of unfair competition based on "raiding" employees to obtain "confidential information" or based on false advertising. The vagaries of Qorvo's allegations of raiding and confidential information, as noted in the motion to dismiss, pose serious concerns regarding appropriate discovery protocols, as further noted below. To date, for example, Qorvo has failed to identify any specific alleged confidential information at issue and its alleged definition of "confidential information" in the Complaint fails to provide Akoustis with reasonable notice of any information at issue. Akoustis has already filed a motion to dismiss Qorvo's unfair competition allegations. The motion is fully briefed and pending as noted above.

### DISCOVERY

COMPLETING ALL DISCOVERY: Deadline to be determined following entry of the Court's Claim Construction ruling.

WRITTEN DISCOVERY: Non-expert written discovery must be served such that responses are due no later than 30 days prior to the close of fact discovery.

DEPOSITIONS: Fact depositions must be completed no later than the close of fact discovery. Expert depositions to be completed no later than the close of expert discovery.

**If the parties anticipate needing to propound interrogatories and/or take depositions in excess of the number provided in the Federal Rules of Civil Procedure, set forth the proposed limit and basis for the request**:

> **Qorvo's position:** Qorvo anticipates the need to (i) propound 30 interrogatories; and (ii) to conduct depositions of 15 fact witnesses. The upward departures from the limits set in the federal rules are justified because of the scope of the asserted claims—patent infringement, false advertising, false patent marking, and unfair competition. Additional fact witness depositions will also be necessary due to the large number of former Qorvo employees now working at Akoustis.
>
> **Akoustis' position:** Akoustis opposes any upward departure from the federal rules. Qorvo's request for more interrogatories and depositions is more evidence that its non-patent claims, in particular, the unfair competition claims, are not based on sufficiently pled facts, but amounts to an improper, unbridled, and non-proportional discovery expedition. Akoustis further believes that discovery on the patent claims can proceed at this time, but any other discovery should be deferred until the pending motion to dismiss is fully resolved and the scope of the Complaint is set so that reasonable notice has been given and the relevance of proportionality factors of FRCP Rule 26(b)(1) can be applied to the surviving claims, defenses and issues at stake in this action.

The parties are attempting to negotiate an electronic discovery plan. Absent agreement by the parties, the Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information will apply.

**The parties anticipate the following discovery issues**:

**Qorvo's position:** Qorvo does not currently anticipate any difficulties with respect to discovery.  Qorvo does not agree that there is any basis to stay discovery for any of the claims.

**Akoustis' position:** Akoustis anticipates difficulties, especially with respect to discovery as it relates to Count V (unfair competition), based on the unlimited scope of the alleged Qorvo confidential information and the unidentified formerly employed custodians.  Akoustis recommends a stay of discovery as it relates to the non-patent claims until the pending motion to dismiss is resolved.  To the extent the Court determines that discovery should proceed, Akoustis proposes notwithstanding the pending motion, a phased approach to Count V discovery, initiated by written requests by Akoustis, seeking identification of the purported nature of the confidential information and a detailed description supporting Qorvo's basis for the alleged improper disclosure, including the identity of the accused former Qorvo employee(s) involved and the alleged wrongdoing.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**

DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(A)(2) EXPERT INFORMATION: Deadline to be determined following entry of the Court's Claim Construction ruling.

DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(A)(2) EXPERT INFORMATION: Deadline to be determined following entry of the Court's Claim Construction ruling.

EXPERT WITNESS DEPOSITIONS: Deadline to be determined following entry of the Court's Claim Construction ruling.

MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS: Deadline to be determined following entry of the Court's Claim Construction ruling.

SUPPLEMENTATION UNDER RULE 26(e)(2): Deadline to be determined following entry of the Court's Claim Construction ruling.

FILING DISPOSITIVE MOTIONS: Deadline to be determined following entry of the Court's Claim Construction ruling.

**PROTECTIVE ORDER**

a. The parties have not agreed to the form Patent Case Protective Order set forth in Appendix A to the Local Patent Rules
b. The parties do plan to submit an alternative proposed protective order for adoption by the Court. The parties have already begun to exchange draft protective orders and expect to meet/confer on that order with the goal of presenting this Court with a proposed stipulated protective order on or before February 23, 2022.
c. **Identify any issues the Court should be aware of with respect to the confidentiality concerns of the parties**:
   **Qorvo's position:** Qorvo believes that any confidentiality concerns will be addressed by the entry of an appropriate protective order. Cases involving "cutting-edge technology" between competitors are not new and do not present confidentiality issues that cannot be addressed by an appropriate protective order. **Akoustis' position:** While Akoustis hopes that its confidentiality concerns will be addressed as part of the upcoming discussion on the protective order, this is a lawsuit brought by a competitor relating to cutting-edge technology developed at great expense by Akoustis, an emerging company in the critical semiconductor industry. Akoustis believes additional protections must be put into place to ensure that its production of documents and any testimony is limited to information relevant to the surviving claims in this action, and that its confidential and proprietary

information is not provided to Qorvo employees or otherwise exposed or used for any purpose outside of this litigation.

## CLAIM CONSTRUCTION HEARING

The parties propose the following format for the Claim Construction Hearing:

a. **Order of presentation**:
For each disputed term, Qorvo will first present its position, followed by rebuttal from Akoustis.

b. **Anticipated number of witnesses**:
**Qorvo's position:** Qorvo does not currently anticipate presenting witnesses during the Claim Construction Hearing, but are continuing to evaluate this issue. If Akoustis presents witnesses, Qorvo would plan to submit rebuttal testimony. Qorvo believes that, to the extent the Court desires a technology tutorial, that it can be presented on the same day before claim construction issues are heard.
**Akoustis' position:** Akoustis currently anticipates presenting one or more witnesses during the Claim Construction Hearing, but continues to evaluate this issue. Akoustis also believes that a Technology Tutorial explaining the complex technology involved in this matter should be added to the schedule to allow for the Court to more thoroughly understand the issues raised at the Claim Construction Hearing.

c. **Anticipated length of hearing**:
**Qorvo's position:** Two hours for the Claim Construction Hearing. If the Court desires a technology tutorial, Qorvo proposes a one-hour hearing (30 minutes for each side) on the same day as the Claim Construction Hearing.
**Akoustis' position:** Four hours for the Claim Construction Hearing (2 hours per side), and 1.5 hours for each side for the technology tutorial.

ELECTRONIC EXCHANGE: The parties have consented, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's Electronic Case Filing system.

**OTHER RELEVANT MATTERS**

The parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and are attempting to reach an agreement regarding e-discovery to submit for the Court's approval, but until such time will comply with the Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Prior to filing any *Daubert* motion or motion to compel discovery, the Parties must first move for a telephonic conference with the Court to discuss, outline, and narrow the *Daubert* and/or discovery-related issues before filing formal motions. Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived. When the Parties move for a telephonic conference concerning *Daubert* and/or discovery issues, they must set out any relevant deadlines and provide at least two mutually agreed on dates and times the telephonic conference may take place.

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate order. Qorvo anticipates the trial will last approximately 6 days. Akoustis anticipates the trial will last approximately 5 to 8 days depending on the scope of surviving claims.

The parties are ordered to engage in ADR before the close of discovery. Within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was

conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within 7 days of service of the response.

Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties DO NOT consent to trial before the Magistrate Judge.

Counsel have met and conferred and have made good faith efforts to discuss, by telephone, each of the topics listed in Attachment A, and will be prepared to address these topics at the Case Management Conference ("CMC").

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

_____
PRESIDING UNITED STATES JUDGE

# **EXHIBIT A**

| Item | LPR | Description | Applicable Text | Date |
|---|---|---|---|---|
| 1. | LPR 3.1-3.2 | **Initial Infringement Contentions** | | 2/18/2022 |
| 2. | | **Parties Submit Proposed Protective Order** | | 2/23/2022 |
| 3. | Fed. R. Civ. P. 26(a)(1) | **Initial Disclosures** | *14 days after the PSC* | 2/23/2022 |
| 4. | LPR 3.3-3.4 | **Initial Non-infringement Contentions** | *within 28 days after service of the Initial Infringement Contentions* | 3/18/2022 |
| 5. | LPR 3.5-3.6 | **Initial Invalidity and Unenforceability Contentions** | | 4/28/2022 |
| 6. | LPR 3.7 | **Initial Validity and Enforceability Contentions** | *within 21 days after service of the Initial Invalidity and Unenforceability Contentions* | 5/19/2022 |
| 7. | LR, App'x. H | **Motions to Amend Pleadings or Join Parties** | *60 days after the PSC* | 4/08/2022 |
| 8. | LPR 4.1(a) | **Preliminary Identification of Claim Terms to Be Construed** | | 5/27/2022 |
| 9. | LPR 4.1(c) | **Final Identification of Claim Terms to Be Construed** | | 6/6/2022 |
| 10. | LPR 4.2(a)-(b) | **Preliminary Claim Constructions and Supporting Material** | *within 14 days after the exchange of 4.1(c) lists* | 6/21/2022 |

13

**EXHIBIT A**

| Item | LPR | Description | Applicable Text | Date |
|---|---|---|---|---|
| 11. | LPR 4.3(a) | **Initial Expert Claim Construction Reports (If Any)** | *within 14 days after the exchange of <u>Preliminary Claim Constructions</u>* | 7/11/2022 |
| 12. | LPR 4.3(b) | **Rebuttal Expert Claim Construction Reports (If Any)** | *within 14 days after disclosure of <u>Initial Expert Claim Construction Reports</u>* | 7/25/2022 |
| 13. | LPR 4.3(c) | **Completion of Expert Claim Construction Discovery (e.g., Any Depositions of Claim-Construction Experts, if Any)** | *within 14 days after the disclosure of <u>Rebuttal Expert Claim Construction Reports</u>* | 8/9/2022 |
| 14. | LPR 4.2(c) | **Exchange Final Claim Constructions** | *within 7 days after the <u>Completion of Expert Claim Construction Discovery</u>, pursuant to LPR 4.3(c), or 50 days after the exchange of <u>Prelim. Claim Constructions</u>* | 8/16/2022 |
| 15. | LPR 4.4(a) | **Opening Claim Construction Briefs** | *within 14 days after exchanging <u>Final Claim Constructions</u>* | 8/30/2022 |
| 16. | LPR 4.4(b) | **Responsive Claim Construction Briefs** | *within 30 days after the <u>Opening Claim Construction Briefs</u> are filed* | 9/28/2022 |
| 17. | | **Deadline for Mediation** | | TBD |
| 18. | LPR 4.5 | **Joint Claim Construction and Prehearing Statement** | *within 7 days after the <u>Responsive Claim Construction Briefs</u> are filed* | 10/7/2022 |

4872-9650-6380.v1

**EXHIBIT A**

| Item | LPR | Description | Applicable Text | Date |
|---|---|---|---|---|
| 19. | LPR 4.6 | **Claim Construction Hearing ("CCR") and Technology Tutorial** | *within 30 days after the <u>Responsive Claim Construction Briefs</u> are filed* | 11/10/2022 or at the convenience of the Court (*see* each Party's comments on this hearing above) |
| 20. | LPR 4.8 | **Production of Written Advice of Counsel** | *at least 90 days prior to the <u>close of fact discovery</u>* | TBD |
| 21. | | **Parties Exchange Initial Privilege Logs** | | TBD |
| 22. | | **Court's Claim Construction Ruling ("CCCR")** | | there is no deadline for the CCCR |
| 23. | LPR 3.8(a) | **Final Infringement Contentions** | *within 14 days after the CCCR is issued* | TBD |
| 24. | LPR 3.8(b) | **Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions** | *within 14 days after the CCCR is issued* | TBD |
| 25. | LPR 4.7 | **Close of Fact Discovery** | *no later than 30 days after CCCR* | TBD (*see* each Party's comments on this issue above) |
| 26. | LPR 4.7 | **Status Conference** | *within 30 days of the CCCR* | TBD |
| 27. | | **Final Date to Supplement Disclosures, Discovery Responses, and Privilege Logs.** | *within 7 days after <u>close of fact discovery</u>* | TBD |

4872-9650-6380.v1

# EXHIBIT A

| Item | LPR | Description | Applicable Text | Date |
|---|---|---|---|---|
| 28. | LPR 3.8(c) | **Final Validity and Enforceability Contentions** | *within 45 days after the CCCR is issued* | TBD |
| 29. | LPR 5.1(b) | **Initial Expert Witness Disclosures (Opening Expert Reports)** | *within 60 days after the CCCR is issued* | TBD |
| 30. | LPR 5.1(c) | **Rebuttal Expert Witness Disclosures** | *within 30 days after service of <u>Initial Expert Witness Disclosures</u>* | TBD |
| 31. | | **Reply Expert Report to Address Any Secondary Considerations of Non-obviousness Raised in Rebuttal Report** | | TBD |
| 32. | LPR 5.2 | **Completion of Depositions of Experts** | *within 40 days after service of Rebuttal <u>Expert Witness Disclosures</u>* | TBD |
| 33. | LPR 6.1 | **Filing Dispositive Motions** | *within 14 days after <u>end of expert discovery</u>* | TBD |
| 34. | | **Filing *Daubert* Motions** | *Same as <u>Filing Dispositive Motions</u>* | TBD |
| 35. | LPR 6.2 | **Trial** | *within 120 days after the <u>deadline for filing dispositive motions</u>* | TBD |

4872-9650-6380.v1