IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-01417-JPM |
| v. | ) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | |

## SCHEDULING ORDER

This is an action for patent infringement and false patent marking under 35 U.S.C. § 1 *et seq*, false advertising in violation of 15 U.S.C. § 1125(a), and unfair and deceptive trade practices in violation of N.C.G.S. § 75-1.  Plaintiff alleges that Defendants have infringed U.S. Patent No. 7,522,018 ("'018 Patent") and U.S. Patent No. 9,735,755 ("'755 Patent"), both relating to bulk acoustic wave ("BAW") filters.  Plaintiff also alleges that Defendants have falsely advertised that their BAW filters use single crystal technology and falsely marked their BAW filter products with U.S. Patent No. 10,256,786 ("'786 Patent") to mislead consumers.  Plaintiff further alleges that Defendants engaged in unfair competition by poaching Plaintiff's employees to obtain confidential information.  Defendants deny these allegations and have filed a motion to dismiss all but the patent infringement contentions for failure to state a claim.

This Cause was before the Court on February 7, 2022, for a Video Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management).  Counsel present for Plaintiff Qorvo, Inc. was Robert Masters, Jonathan DeFosse, Trevor Quist, Thomas Carr and Jeremy Tigan.  Greg Warder, in-house counsel for Qorvo, Inc., was present as well.  Counsel present for Defendants Akoustis Technologies, Inc. and Akoustis, Inc. was David Jakopin, Dianne Sweeney, Robert Fuhrer, and Ronald Golden.  The transcript of the Rule 16(b) conference establishes a number of undisputed facts, as well as documents to be produced and witness identities.

At the Video Scheduling Conference, the following dates were established as the final deadlines for:

**INITIAL INFRINGEMENT CONTENTIONS**: February 18, 2022

**PHASED INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:

    **First Phase**: February 23, 2022[1]
    **Second Phase (full disclosures)**: March 25, 2022

**INITIAL NON-INFRINGEMENT CONTENTIONS**: March 18, 2022

**INVALIDITY AND UNENFORCEABILITY CONTENTIONS**: April 18, 2022

**VALIDITY AND ENFORCEABILITY CONTENTIONS**: May 19, 2022

**PRELIMINARY IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED**: May 27, 2022

**FINAL IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED**: June 6, 2022

**PRELIMINARY CLAIM CONSTRUCTION AND SUPPORTING MATERIAL**: June 21, 2022

**INITIAL EXPERT CLAIM CONSTRUCTION REPORTS**: July 11, 2022

**REBUTTAL EXPERT CLAIM CONSTRUCTION REPORTS**: July 25, 2022

**COMPLETION OF CLAIM CONSTRUCTION EXPERT DISCOVERY**: August 9, 2022

**FINAL CLAIM CONSTRUCTION**: August 16, 2022

**OPENING CLAIM CONSTRUCTION BRIEFS**: August 30, 2022

**RESPONSIVE CLAIM CONSTRUCTION BRIEFS**: September 28, 2022

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**: October 7, 2022

**CLAIM CONSTRUCTION HEARING AND TECHNOLOGY TUTORIAL**: November 10, 2022

**MOTIONS TO JOIN PARTIES**: April 8, 2022 (not anticipated; correct Parties before the Court)

**MOTIONS TO AMEND PLEADINGS**: April 8, 2022

**OTHER RELEVANT MATTERS**:

    The parties are attempting to negotiate an electronic discovery plan. Absent agreement by the parties, the Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information will apply.

---

[1] The Court will allow Plaintiff to amend its Complaint in order to add specificity to its claim of unfair and deceptive trade practices.  For the other claims at issue in the Defendants' Motion to Dismiss, the Court will set a hearing if desired by the Parties.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

Pursuant to Local Rule 7.1.2, all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.1.1, the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 7th day of February, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE