**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:21-cv-01417-JPM |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Evidence 201, Defendants Akoustis Technologies, Inc. and

Akoustis, Inc. (collectively "Akoustis" or "Defendants") hereby respectfully request that the

Court take judicial notice of the following:

1. An April 20, 2020, publication from the website maintained by Plaintiff Qorvo, Inc.

   ("Qorvo") entitled "Connectivity Q&A: Unscrambling the Wi-Fi 4/5/6/6E Standards"

   (https://www.qorvo.com/design-hub/blog/connectivity-q-and-a-unscrambling-wifi-

   standards (viewed March 11, 2021)), a true and correct copy of which is attached to

   the Declaration of Dianne L. Sweeney in Support of Defendants' Request for Judicial

   Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint

   ("Sweeney Declaration") as **Exhibit A**.

2. An August 6, 2020, publication on Qorvo's website entitled "Connectivity Q&A:

   Let's Talk About Wi-Fi 6E – The 6 GHz Wi-Fi Standard",

   (https://www.qorvo.com/design-hub/blog/connectivity-q-and-a-wifi-6e (viewed

March 11, 2022)), a true and correct copy of which is attached to the Sweeney

Declaration as **Exhibit B**.

3.  A December 16, 2021, article published by Faultline, one of Rethink Technology

    Research's weekly research services (along with Wireless Watch and Rethink

    Energy) entitled "Akoustis rises fast, as US BAW filter market set for shoot-out," a

    true and correct copy of which is attached to the Declaration of Tom Sepenzis in

    Support of Defendants' Request for Judicial Notice in Support of Motion to Dismiss

    Plaintiff's First Amended Complaint ("Sepenzis Declaration") as **Exhibit 1**.

4.  A corrected publication of the December 16, 2021, article published by Faultline, one

    of Rethink Technology Research's weekly research services (along with Wireless

    Watch and Rethink Energy) entitled "Akoustis Rises Fast, As US BAW Filter Market

    Set for Shoot-Out," a true and correct copy of which is attached to the Sepenzis

    Declaration as **Exhibit 3**.

The Court "must take judicial notice if a party requests it and the [C]ourt is supplied with

the necessary information." Fed. R. Evid 201(c)(2).  Exhibits A and B are properly the subject

of judicial notice for the fact of their publication, rather than the truth or falsity of their contents.

*Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550 (M.D.N.C. 2018); *see also Benak ex Rel.*

*Alliance Premier Growth Fund v. Alliance Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n. 15 (3d Cir.

2006) (taking judicial notice of newspaper articles because "[t]hey serve only to indicate what

was in the public realm at the time, not whether the contents of those articles were in fact true.");

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial

notice of news articles submitted for the purpose of showing the public was aware of the

information contained therein, rather than the truth of the contents).  Exhibits A and B are also

judicially noticeable because they are integral to the allegations made in Plaintiff's First

Amended Complaint ("FAC").  *Sec'y of State for Def. v. Trimble Navig. Ltd.*, 484 F.3d 700, 705

(4th Cir. 2007) (holding that in considering a 12(b)(6) motion to dismiss, courts "may consider

documents attached to the complaint … as well as those attached to the motion to dismiss, so

long as they are integral to the complaint and authentic.").  Specifically, Qorvo alleged that

Defendants described a Qorvo product on or about December 2021 that was not yet on the

market.  (D.I. 28 (FAC) ¶ 64.)  Integral to that allegation, then, is that the products at issue, WiFi

6E 6GHz products, were discussed on Qorvo's website since at least April 2020, irrespective of

whether the contents of those publications are true.

The Court may also take judicial notice of documents incorporated into the FAC by

reference.  *Plymouth County Retirement Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536

(M.D.N.C. 2013).  A document is considered incorporated by reference if it is "integral to and

explicitly relied on in the complaint and [so long as] the plaintiffs do not challenge its

authenticity."  *Phillips v. LCI Intern., Inc.*, 190 F. 3d 609, 618 (4th Cir. 1999).  As explained

above, Qorvo's FAC alleges that Defendants described a Qorvo product in a December 2021

Wireless Watch publication[1] in support of its Unfair and Deceptive Trade Practices claim.  (D.I.

28 ¶ 64.)  By explicitly relying on the December 2021 Wireless Watch publication, attached as

Exhibit 1 to the Sepenzis Declaration, to support its Unfair and Deceptive Trade Practices claim,

---

[1] Although the FAC describes a December 2021 Wireless Watch article, the article referenced by
the FAC was actually published by Faultline, one of three weekly research services (including
Wireless Watch and Rethink Energy) run by Rethink Technology Resource, on December 16,
2021.  To remain consistent with the FAC, however, all references are to the "Wireless Watch"
article.

Qorvo has incorporated it by reference to the FAC, making Exhibit 1 judicially noticeable. The same is true of Exhibit 3, a corrected version of Exhibit 1 published by Wireless Watch to reflect that the statement Qorvo relied on in the FAC was incorrectly described.

Defendants therefore respectfully request that the Court take judicial notice of Exhibits A and B to the Sweeney Declaration and Exhibits 1 and 3 to the Sepenzis Declaration.

Dated: March 11, 2022

Respectfully submitted,

OF COUNSEL:

BAYARD, P.A.

David A. Jakopin
Dianne L. Sweeney
PILLSBURY WINTHROP
SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

/s/ Stephen B. Brauerman
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 S Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

4882-9922-8179