# Exhibit 1

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Tuesday, March 8, 2022 3:43 PM |
| **To:** | Jonathan DeFosse; Robert Masters; Tigan, Jeremy A. |
| **Cc:** | Steve Brauerman; Jakopin, David A.; Stanton, David; Rose, Meri L. |
| **Subject:** | RE: Scheduling |

Hi Jon –

Qorvo's FAC refers to a December 2021 Issue of Wireless Watch. We have reviewed this issue with the Company and learned that while Mr. Sepenzis was contacted in connection with the article, the article as originally published contained various factual errors. We understand that Wireless Watch subsequently corrected the article (at least in part) several weeks later. We do not have access to the corrected article (as the article is behind a paywall with a sizeable access fee).

So that we are all working from the actual articles, can you please provide us with a copy of both the original and corrected version of that article as soon as possible?

It seems that it is in the interest of both parties to readily review this issue and, in any case, the actual article (and the correction) should be available to the Court for review.

Thanks, Dianne

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, March 4, 2022 3:54 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Scheduling

Dear Dianne,

Thank you for your email.

Our view is that no hearing is necessary to resolve these motions. That said, to the extent Defendants plan to request a hearing pursuant to the Scheduling Order, we agree with you that having a consolidated hearing would be preferable.

As to the date, we suggest leaving the Court to decide.  Given that the existing motion was fully-briefed in December and the contemplated Motion will be fully-briefed by the beginning of April, it is possible the Court would be open to a hearing before mid-May.

Best,

Jon

**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Thursday, March 3, 2022 10:23 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Scheduling

> Robert & Jon -- Thank you for the extension for our response to the First Amended Complaint (FAC) in light of the death in my family.  It was much appreciated and I hope to be back full-time in the next week or so.

> We have now completed our preliminary review of the FAC and we do expect to file a motion to dismiss on the amended claim and, further to the footnote in the Court's scheduling order, we also intend to ask the Court set a hearing as to other claims at issue (which were not amended in the FAC).

> While this could certainly be handled with two separate motion hearings, it seems more efficient for all if we ask the Court to set both motions for hearing on the same

> date.  Specifically and further to the Court's invitation to the Parties in the footnote, we would ask the court to set a hearing on:

1. Akoustis' original motion to dismiss for all claims except the Section 75-1 claim that has recently been amended further to the Court's invitation in its footnote in the Scheduling Order; and
2. Akoustis' upcoming motion on the Section 75-1 claim as amended in the FAC.

In terms of timing of that hearing, we suggest a hearing during either the weeks of May 9 or May 16 assuming those dates are agreeable to your team and the Court. That timing would give the Court at least 2-3 weeks after the new motion has been fully briefed.

Please advise if this proposal is agreeable. If so, we would suggest that Steve and Jeremy coordinate the communication to the Court's Clerk.

Thanks, Dianne

**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.