# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. <br><br> Defendants. | C.A. No. 1:21-cv-01417-RGA |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

### I. THE ORIGINAL WIRELESS WATCH ARTICLE IS SUBJECT TO JUDICIAL NOTICE

Plaintiff Qorvo, Inc.'s ("Qorvo") sole objection to Defendants Akoustis Technologies, Inc.'s and Akoustis, Inc.'s (collectively "Akoustis" or "Defendants") Request for Judicial Notice ("RJN") (D.I. 37) of Exhibit 1 to the Declaration of Tom Sepenzis in Support of Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("Sepenzis Declaration") (D.I. 35) is that it is not the article Qorvo cited in its First Amended Complaint ("FAC"). Although Exhibit A to the Declaration of Trevor Quist In Support of Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Quist Declaration") is an article published by Wireless Watch (one of three weekly research services under Rethink Technology Research, along with Faultline and Rethink Energy) on December 21, 2021, the article is substantively identical to Exhibit 1 to the Sepenzis Declaration. *See* Declaration of Dianne L. Sweeney in Support of

1

Defendants' Reply Brief in Support of Its Motion to Dismiss First Amended Complaint, filed concurrently herewith ("Sweeney Reply Declaration") at ¶ 3, Ex. 2.

While Qorvo objects that Akoustis attached an article that was different than what it intended, the relevant portions are identical and Qorvo could have avoided this issue if it would have simply responded to Akoustis' request for the original article as well as the correction.

On March 8, 2022, and in advance of filing the motion, counsel for Akoustis wrote to counsel for Qorvo advising Qorvo that the original article had factual errors but had been corrected and asking Qorvo to provide copies of the articles (as the articles were behind paywalls with a sizeable fee). Specifically, Akoustis' counsel wrote:

> [s]o that we are all working from the actual articles, can you please provide us with a copy of both the original and corrected version of that article as soon as possible?
>
> It seems that it is in the interest of both parties to readily review this issue and, in any case, the actual article (and the correction) should be available to the Court for review.

Sweeney Reply Declaration, ¶ 2, Ex. 1.

When Qorvo did not respond to the request, Akoustis proceeded with the version of the article it received from the publisher. *Id.* Setting aside that Qorvo should be estopped from raising this technical objection, the original (*i.e.*, uncorrected) articles submitted by Qorvo and Akoustis, respectively, are identical for all relevant purposes here. *Id.*, ¶ 3, Ex. 2 (comparison of original articles submitted by Qorvo and Akoustis).

Qorvo does not dispute that the article it cited in its FAC is properly the subject of judicial notice. *See In re Sherman*, 18 Fed. Appx. 718, 721-22 (10th Cir. 2001) (finding that by failing to object to the court's taking of judicial notice, appellants waived their objection); *Amadasu v. The Christ Hosp.*, 514 F.3d. 504, 508 (6th Cir. 2008) (finding that a party had sufficient opportunity to be heard on the issue of judicial notice through the filing of objections); *Clark v. Norfolk Southern Corp.*, No. 3:10-cv-00133, 2010 WL 2245687, at *1 (W.D.N.C. June

2, 2010) ("[A] party who fails to make a timely objection waives the objection."). As such, pursuant to Federal Rule of Evidence 201, Defendants hereby respectfully request that the Court take judicial notice of the following:

1. A December 21, 2021, article published by Wireless Watch, one of Rethink Technology Research's weekly research services (along with Faultline and Rethink Energy) entitled "Akoustis seeks to disrupt the growing market for BAW filters," a true and correct copy of which is attached to the Sweeney Reply Declaration as **Exhibit 3**.[1]

The Court "must take judicial notice if a party requests it and the [C]ourt is supplied with the necessary information." Fed. R. Evid 201(c)(2). The Court may take judicial notice of documents incorporated into the FAC by reference. *Plymouth County Retirement Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013). A document is considered incorporated by reference if it is "integral to and explicitly relied on in the complaint and [so long as] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Intern., Inc.*, 190 F. 3d 609, 618 (4th Cir. 1999). Exhibit 3 to the Sweeney Reply Declaration is properly the subject of judicial notice because it is integral to the allegations made in Qorvo's FAC and was explicitly relied on by Qorvo. *Sec'y of State for Def. v. Trimble Navig. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (holding that in considering a 12(b)(6) motion to dismiss, courts "may consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). Specifically, Qorvo's FAC alleges that Defendants

---

[1] Because Exhibit A to the Quist Declaration appears to be a low-quality copy of the article referenced in Qorvo's FAC, Akoustis is providing a higher-quality version of the same article for ease of the Court's review as Exhibit 3 to the Sweeney Reply Declaration.

described a Qorvo product in a December 2021 Wireless Watch article in support of its Unfair and Deceptive Trade Practices ("Section 75-1") claim. (D.I. 28 ¶ 64.) By explicitly relying on that article, attached as Exhibit 3 to the Sweeney Reply Declaration, to support its Unfair and Deceptive Trade Practices claim, Qorvo has incorporated it by reference to the FAC, making it judicially noticeable.

## II. THE CORRECTED WIRELESS WATCH ARTICLE IS SUBJECT TO JUDICIAL NOTICE

Qorvo also objects to Akoustis' request for judicial notice of Exhibit 3 to the Sepenzis Declaration (D.I. 35.3), arguing that it should not be judicially noticed because it is a correction of an article Qorvo did not reference in its FAC. (D.I. 43.) As noted above, the original Wireless Watch article Qorvo cited in its FAC is substantively identical to the original Faultline article that Akoustis sought to judicially notice (as noted in the Wireless Watch article cited by Qorvo, Faultline is a "sister service" of Wireless Watch). Sweeney Reply Declaration ¶¶ 3-4, Exs. 2-3.

Given the relationship between Faultline and Wireless Watch (they are "sister services" run by Rethink Technology Resource), the same facts are restyled for related publications. The Faultline article was corrected on or about January 4, 2022 (D.I. 35, ¶¶ 4-5; D.I. 35-3), two weeks after the original Faultline article was republished as a Wireless Watch article. The Court should take judicial notice of Exhibit 3 to the Sepenzis Declaration because it reflects the most current and accurate version of the statements Qorvo is relying on in support of its Section 75-1 claim and was published months before this amended claim was alleged.

## III. CONCLUSION

Defendants respectfully request that the Court overrule Qorvo's objections to Defendants' Request for Judicial Notice of Exhibits 1 and 3 to the Sepenzis Declaration (D.I.

4890-6790-4025

35.1, 35.3) and take judicial notice of those documents. Defendants also respectfully request that the Court take judicial notice of Exhibit 3 to the Sweeney Reply Declaration.

Date: April 1, 2022

| | |
|---|---|
| PILLSBURY WINTHROP<br>SHAW PITTMAN LLP | BAYARD, P.A.<br><br>*/s/ Ronald P. Golden III* |
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900<br>robert.fuhrer@pillsburylaw.com | *Attorneys for Defendants<br>Akoustis Technologies, Inc. and<br>Akoustis, Inc.* |
| David L. Stanton<br>725 S Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | |
| *Attorneys for Defendants Akoustis<br>Technologies, Inc. and Akoustis, Inc.* | |