**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QORVO, INC. | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. 21-1417-JPM |
| v. | ) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC. | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF QORVO, INC.'S NOTICE OF SUBPOENA *DUCES TECUM* AND**
***AD TESTIFICANDUM* TO ADVANCED TECHNOLOGY SEARCH, INC.**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Qorvo, Inc. ("Qorvo") will initiate service of the attached subpoena *duces tecum* and *ad testificandum* upon Advanced Technology Search, Inc. ("ATS"). The subpoena requests the production of documents, information, or things described in Exhibit A, and the presentation of a witness competent to testify about the topics described in Exhibit B.  The documents and witness shall be produced or presented at the time and location specified in the subpoena, or alternatively at a mutually agreed upon time and location.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

July 15, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on July 15, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                                *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE 19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                                    *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                                    *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                                    *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

                                          */s/ Jeremy A. Tigan*

                                          Jeremy A. Tigan (#5239)

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Qorvo, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   21-1417-JPM |
| Akoustis Technologies, Inc. and Akoustis, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Advanced Technology Search, Inc.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Sheppard, Mullin, Richter & Hampton, LLP; 30 Rockefeller Plaza, New York, NY 10112 | Date and Time:<br>07/29/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and/or videographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/15/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Robert M. Masters |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Qorvo, Inc.
, who issues or requests this subpoena, are:

Robert M. Masters, Sheppard Mullin Richter & Hampton, LLP; 2099 Pennsylvania Ave., NW, Suite 100, Washington, DC 20006-6801; rmasters@sheppardmullin.com; (202) 747-1900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  21-1417-JPM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or in forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Qorvo, Inc. ("Qorvo") requests that Advanced Technology Search, Inc. ("ATS")  produce the documents and things set forth below. The requested documents are to be produced on or before July 29, 2022 at 9:00 AM to Sheppard, Mullin, Richter & Hampton, LLP, c/o Robert Masters, 30 Rockefeller Plaza, New York, NY 10112 or at such other time as may be agreed by counsel.  A copy of the Protective Order entered in this action for the protection of any requested proprietary, confidential, or commercially sensitive information is attached hereto as Exhibit C.

## DEFINITIONS

1.      "ATS," "You", or "Your" means Advanced Technology Search, Inc., having a business address located at 414 Eagle Rock Ave, West Orange, NJ 07052, and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons action on its behalf.

2.      "Qorvo" means Qorvo, Inc., and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons action on its behalf.

3.      "Akoustis" means, individually and collectively, Akoustis Technologies, Inc., Akoustis, Inc., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all

officers, directors, principals, agents, employees, attorneys, and other persons action on their behalf.

4.      The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope any information which might be deemed outside the scope by any other construction.

5.      As used herein, "any" and "all" shall be construed to mean "each and every," so as to acquire the broadest possible meaning.

6.      As used herein, "each" and "every" mean "each and every."

7.      As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

8.      As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

9.      As used herein, "identify" as applied to an event means to provide a description of the event, the date of the event, the location of the event, and the individuals and entities participating in the event.

10.     "Document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any

mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

11.    "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

12.    "Reflect," "reflecting," "relate to," "refer to," "relating to," and "referring to" mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, demonstrating, describing, discussing, commenting on, comprising, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

13.    Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

14.    Pursuant to any requests herein, You are to produce any and all relevant documents within the possession, custody, or control of ATS, including documents located in the files of any and all past and present association members, subsidiaries, parents, sisters,

partnerships, directors, officers, agents, representatives, employees, attorneys, and accountants of ATS.

15.     Produce each document in its entirety without deletions, redactions, or exclusions, regardless of whether you deem part of a document outside of the scope of the requests.

16.     Produce documents that identify the file or other source in which each document responsive to these requests is found or keep a record of such information.

17.     Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders, and/or containers in in which such documents are located or with which such documents are associated.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the originals.

18.     All documents that constitute electronically stored information, with that term having the meaning ascribed to it by the Federal Rules of Civil Procedure, shall be produced in an intelligible format.

19.     If a document once existed, but has been lost, destroyed, erased, or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to You.

20.     If, after conducting a reasonable investigation, a full answer cannot be provided for any request for the production of documents, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, and what efforts were made to obtain the unavailable documents or information.

21.     If any of the documents requested herein are no longer in Your possession, custody, or control, identify for each such document the date, the type of the document, any senders and recipients, and any persons receiving any copies of each such document, and provide a summary of each such document's pertinent contents.

22.     If any document responsive to these requests has been destroyed, describe the contents of the document, identify the location of any copies of the document, and the date of destruction of the document.

23.     If any document is withheld on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which You rely in asserting your claim and to identify the grounds and reasons for withholding the document.  Such description should, at a minimum, include the date of the withheld document, an identification of each and every author of the document, an identification of each and every person who received the document, an identification of each and every person from whom the document was received, a description of the subject of the document, and further information relating to the document sufficient to explain the claim of privilege or immunity and to permit the adjudication of the propriety of that claim.

24.     The document requests herein shall be deemed continuing, and it is requested that ATS provide supplemental responses and production as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

25.     If a document is in a language other than English and an English translation exists, provide both documents.

## DOCUMENTS TO BE PRODUCED

1.      All Documents and Communications relating to the recruiting, placement, hiring, and/or employment of current or former Qorvo employees by, on behalf of, and/or for the benefit of, Akoustis.

2.      All Documents and Communications relating to information obtained or learned from communications with current or former Qorvo employees for the purpose of potential placement with Akoustis.

3.      All Documents and Communications referring to the technical knowledge of Qorvo's current or former employees for the purpose of potential placement of such employees with Akoustis.

4.      All Communications with Akoustis relating to Qorvo, Qorvo employees, or former Qorvo employees.

5.      All Documents and Communications listing or identifying Qorvo employees (whether current or former) who were offered a job by Akoustis, regardless of whether such employees accepted a position with Akoustis.

6.      All Documents and Communications listing or identifying Qorvo employees (whether current or former) who were recruited for employment by Akoustis, regardless of whether such employees were offered a position with Akoustis.

**EXHIBIT B**

**TOPICS FOR DEPOSITION**

1.      Your awareness of and/or involvement in the recruiting, placement, hiring, and/or employment of current or former Qorvo employees by, on behalf of, and/or for the benefit of, Akoustis.

2.      Communications with Akoustis relating to Qorvo, Qorvo employees, or former Qorvo employees.

3.      Communications with current or former Qorvo employees relating to potential employment with Akoustis.

4.      Documents and Communications produced by you in response to this subpoena.

**EXHIBIT C**

**PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QORVO, INC.,                              )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )    C.A. No. 21-1417 (JPM)
                                          )
AKOUSTIS TECHNOLOGIES, INC. and           )    **JURY TRIAL DEMANDED**
AKOUSTIS, INC.,                           )
                                          )
                    Defendants.           )

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED, by and between Plaintiff, Qorvo Inc. ("Qorvo") and Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis"), by and through their respective attorneys of record, as follows ("Party" refers, individually, to (a) Qorvo or (b) Akoustis; "Parties" refers, collectively, to each Party):

1.      <u>**Purpose.**</u> Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.      <u>**Scope.**</u> All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, or any portion thereof, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "Documents"), shall be subject to this Order as set forth below. As there is a presumption in favor

1

of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.        **Form and Timing of Designation.** A Party may designate Documents as confidential and restricted from disclosure under this Order, pursuant to the procedures set forth herein ("Protected Material"). A Party designates Documents as Protected Material by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the Documents. When a tangible object is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation, including any information copied or extracted from protected Documents; (2) all copies, excerpts, summaries, or compilations of protected Documents; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal the contents of protected Documents. When electronically stored information is produced on physical media or via online transfer, and where the electronically stored information cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media and/or the electronic container (e.g., zip folder) in which such electronically stored information is produced shall be marked with the applicable designation. The Party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the Parties may agree temporarily to designate original Documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original Documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The

copies of Documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of Documents for protection under this Order does not mean that the Document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Each Party that designates Protected Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  For purposes of producing documents in response to requests for production, the Parties may designate an entire single document at the highest level of confidentiality to which any portion of the document is entitled and the Parties shall not be required to separately designate individual pages of a contiguous document at a lower level of confidentiality, even if those pages viewed in isolation do not warrant the same confidentiality level.  To the extent there is good cause for a specific document to be redacted so as to create a lower confidentiality version of the document, the Parties agree to meet and confer in good faith to attempt to resolve any disagreement over such redactions.

4.      **Documents Which May be Designated CONFIDENTIAL.** Any Party may designate Documents as CONFIDENTIAL upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure, in each case through a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

5.      **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any Party may designate Documents as ATTORNEYS EYES ONLY upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating Party.

6.      **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such on the record, before the close of the deposition, hearing, or other proceeding, or in writing within two business days after the conclusion of the deposition, hearing, or other proceeding. The entire testimony transcript shall be protected under the terms of this Order for thirty (30) days following receipt of the final testimony transcript, during which time the designating Party shall identify the specific portions of the testimony that are CONFIDENTIAL or ATTORNEYS EYES ONLY. Only those specific portions of the testimony that are designated for protection within the 30 days after receipt of the final transcript shall be covered by the provisions of this Stipulated Protective Order. Alternatively, if it is impractical to identify specific portions of testimony that are CONFIDENTIAL or ATTORNEYS EYES ONLY, a designating Party may specify that the entire testimony transcript shall be treated as CONFIDENTIAL or ATTORNEYS EYES ONLY. The use of a Document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or ATTORNEYS EYES ONLY. Transcripts containing testimony designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall have an obvious legend on the title page that the transcript contains Protected Material.

7.      **Inadvertent Failures to Designate**. If timely corrected by the Designating Party following discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such

material.  Upon notice of a correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and the producing Party must promptly reproduce the information or items with the proper designation.  If the receiving Party contends the correction is not timely then the parties shall meet and confer and if there is no informal resolution, the receiving Party may seek an order to de-designate the material at issue.

**8.**     **Protection of Protected Material**. Each receiving Party shall treat the other parties' documents with the same standard of care with which the receiving Party treats and protects its own confidential and proprietary documents or pursuant the standard set forth in this Agreement, whichever is greater.

     **(a)**     **Storage and Handling.** All Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Electronic documents shall be stored in a manner where proper authentication credentials are required for access.  In addition to those provisions provided for elsewhere in this Order, the following security measures shall also apply to those types of Protected Material that the following persons are authorized to receive:  (1) for Outside Counsel, paralegals, and support staff working under the direction of Outside Counsel, the user's network credentials for their employer's network shall be deemed proper authentication credentials; (2) for In-House Counsel and their support staff, any received Protected Material shall be maintained in a manner where access is limited to only In-House Counsel and their support staff and where employees outside the legal department are not permitted access to the Protected Material; (3) for receiving Party reviewers and their support staff, any received Protected Material shall be maintained in a manner where access is limited to only the receiving Party reviewers and their support staff and where other employees (except In-House Counsel and their support staff) are not permitted access to the Protected Material; and (4) for Consultants and Experts, and their support staff, any received Protected Material shall be stored by the Consultants and Exports only on password-protected media or accounts.  No Protected Materials will be accessed or reviewed over open, unsecure or public wireless networks without the use of secure socket layer ("SSL") tunneling, a virtual private network conduit ("VPN") or similarly secure networking technology

in place. To the extent Protected Material of another Party is disclosed to any Party herein, as set forth in Section 8(b)(2), below, the following handling rules apply: Any electronic transmissions of such Protected Material to or from the receiving Party shall be encrypted with at least 128-bit file encryption prior to any upload or transfer, and the transmission shall be made in a secure manner. Further, at no time shall Protected Material of another Party be stored by the receiving Party or transmitted electronically to or from the receiving Party in a manner in which the materials are present in unencrypted form on any server in their "at rest" state.

  **(b)**    **Protected Materials Designated CONFIDENTIAL.** Protected Materials designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Materials designated CONFIDENTIAL to any person or entity, except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Protected Materials that have been designated CONFIDENTIAL:

    (1)    <u>Outside Counsel of Record</u>. Outside counsel of record for the Parties and employees and agents of outside counsel of record to whom it is reasonably necessary to disclose the information for the preparation and trial of the action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    (2)    <u>Parties</u>. The officers, directors, and employees (including in-house counsel) of the Parties to whom it is reasonably necessary to disclose the information for the preparation and trial of the action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    (3)    <u>The Court</u>. The Court and its personnel.

    (4)    <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions.

(5)    <u>Persons Creating or Receiving Documents</u>. Any person who authored or recorded the designated Document and any person who has previously seen the designated Document.

(6)    <u>Employees of the Producing Party</u>.  Any employee of the Party that has designated the Document as CONFIDENTIAL.

(7)    <u>Consultants and Experts</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation who is not a current employee of a Party, who has not been an employee of a Party for at least 24 months and who is not anticipated to become an employee of a Party ("Qualified Person"), provided that each such Qualified Person has also been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, pursuant to the requirements of Section 9, but only after such person has completed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(8)    <u>Professional Document Processing Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, clerical preparation of exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, including graphics professionals who create graphic materials or demonstratives and who are providing more than clerical or copying services. In the case of a Professional Document Processing Vendor, a single Exhibit A, "Acknowledgment and Agreement to Be Bound," must be executed by a corporate representative of the Professional Document Processing Vendor prior to disclosure of the Protected Materials.

(9)    <u>Others by Consent</u>. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall complete the "Acknowledgment and Agreement to

Be Bound" that is attached hereto as Exhibit A  and provide the same to the producing Party before access is given.

**(c)**      **Protected Material Designated ATTORNEYS EYES ONLY.** Protected Material ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Material designated ATTORNEYS EYES ONLY to any person or entity, except as set forth in subparagraphs 8(b)(1) and (3)-(9) set forth above.

**(d)**      **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized access to or disclosure of Documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e)**      **Copies.** All copies of Documents designated for protection under this Order, or any individual portion of such a Document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of Documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated Documents or otherwise disclose the substance of the designated Documents.

**9.**      **Disclosure to Experts and Consultants.**  Trial counsel desiring to disclose Protected Materials to experts or consultants specified in Paragraph 8(b)(7) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such expert or consultant. Such curriculum vitae, or other disclosure materials provided therewith, shall identify all current and former employers and/or consulting engagements within the ten (10) years prior to the date of such disclosure, as

well as a list of the cases in which the person has testified at deposition or trial within the last five (5) years[1]. No Protected Materials shall be disclosed to such expert or consultant attorney until after the expiration of a five (5) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that five (5) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Protected Materials to such expert or consultant except by mutual agreement of the parties or further order of the Court. All objections must be made in writing and for good cause and must state the reasons for such objections. If opposing counsel objects to disclosure to the person within such five (5) business day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court pursuant to Paragraph 8(h) of the Scheduling Order. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the person in question until the Court resolves the objection.

10.     **Filing of Protected Material Under Seal.** Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Any briefs, transcripts, exhibits, depositions, or documents that are filed with the Court and that comprise, embody, summarize, or quote from documents or tangible things designated as CONFIDENTIAL or ATTORNEYS EYES ONLY material shall be sealed, unless the Parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal. To the extent physical copies of documents containing Protected Material are filed or lodged, those physical copies must be placed in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of this action, and a legend in substantially the following form:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL OR CONFIDENTIAL – OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with opposing counsel regarding any such engagement.

**11.      Challenges by a Party to a Designation for Protection Under this Order.**

(a)      Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any Party or non-Party with standing to object (hereafter "challenging Party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting Party shall have an obligation to meet and confer with the designating Party to make a reasonable effort to resolve the objection by agreement, in accordance with Local Rule 7.1.1. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any Documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the Documents and the nature of the agreement.

(b)      If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality within 21 calendar days of the Parties agreeing that the meet and confer process will not resolve their dispute, unless the Parties agree in writing upon a longer time period to file and serve such motion.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion including the required declaration within 21 calendar days (or within the agreed upon time period) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

(c)      The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

12.      **Action by the Court.** Applications to the Court for an order relating to any Documents designated for protection under this Order shall be by motion under the Local Rules of this District, and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

13.      **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public, and there will be no restrictions on the use at trial of any Document designated for protection under this Order. If a Party intends to present at trial Documents designated for protection under this Order, or information derived therefrom, such Party shall provide advance notice to the Party designating the Documents for protection under this Order at least seven (7) business days before the commencement of trial by identifying the Documents or information at issue as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the Party designating the Document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

14.      **Obligations on Conclusion of Litigation.**

(a)      **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)      **Return of Documents Designated for Protection Under this Order.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, and upon written request of the producing Parties, all Protected Material under this Order, including copies shall be returned to the producing Party unless: (1) the Protected Material has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to Protected Material bearing the notations, summations, or other mental

impressions of the receiving Party, that Party elects to destroy the source Documents and certifies to the producing Party that it has done so. Notwithstanding the above requirements to return or destroy Protected Material, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain Protected Material under this Order. Further, counsel may retain attorney work product, attorney working files, and emails that include, reference, excerpt, or attach Protected Material designated for protection under this Order.  This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Protected Materials under this Order.

(c)     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

15.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or ATTORNEYS EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's written permission.  The designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

16.       **A Non-Party's Protected Material Sought To Be Produced in This Litigation.** The terms of this Order are applicable to information produced by a non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY". Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

17.       **Unauthorized Disclosure of Protected Material.** If a receiving Party learns that, by inadvertence or otherwise, it has disclosed or provided access to Protected Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

18.       **Inadvertent Production of Privileged or Work-Product Protected Material.** The production of privileged or work-product protected Documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Should any Party inadvertently produce privileged or work-product protected Documents, that Party shall upon discovery promptly notify all receiving Parties of the inadvertent production ("Clawback Notification"), and provide a privilege log for the subject materials. Upon receipt of a Clawback Notification, the receiving Parties must promptly delete or return all copies of the subject materials—including all natives and images, including from their copies of the affected production deliverable, from any document review databases or other repositories in

13

which they have been copied or stored, must destroy any hard copies that have been printed, and must take reasonable efforts to retrieve and destroy any copies that have been circulated. No Party or Counsel may examine or make any further use of Documents subject to a Clawback Notification.

19.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

20.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise, until such time as the Court may rule on a specific Document or issue.

21.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED,** this 14th day of April, 2022.

_____/s/ Jon P. McCalla_____
HONORABLE JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

14

**WE SO MOVE/STIPULATE**
**and agree to abide by**
**terms of this Order.**

Dated:  April 12, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:                                    */s/ Jeremy A. Tigan*

Robert M. Masters                              Jack B. Blumenfeld (#1014)|
Jonathan R. DeFosse                            Jeremy A. Tigan (#5239)
Timothy P. Cremen                              1201 North Market Street
SHEPPARD, MULLIN, RICHTER                      P.O. Box 1347
  & HAMPTON LLP                                Wilmington, DE 19899
2099 Pennsylvania Avenue, NW, Suite 100        (302) 658-9200
Washington, DC 20006                           jblumenfeld@morrisnichols.com
(202) 747-1900                                 jtigan@morrisnichols.com

Trevor J. Quist                                *Attorneys for Plaintiff Qorvo, Inc.*
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

Dated:  April 12, 2022

BAYARD, P.A.

OF COUNSEL:                                    */s/ Ronald P. Golden III*

David A. Jakopin                               Stephen B. Brauerman (#4952)
Dianne L. Sweeney                              Ronald P. Golden III (#6254)
PILLSBURY WINTHROP SHAW                        600 N. King Street, Suite 400
  PITTMAN LLP                                  Wilmington, Delaware 19801
2550 Hanover Street                            (302) 655-5000
Palo Alto, CA 94304-1115                       sbrauerman@bayardlaw.com
(650) 233-4500                                 rgolden@bayardlaw.com

Robert M. Fuhrer                               *Attorneys for Defendants Akoustis*
PILLSBURY WINTHROP SHAW                        *Technologies, Inc. and Akoustis, Inc.*
  PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900

David L. Stanton
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
725 S. Figueroa St.
36th Floor
Los Angeles, CA 90266
(213) 488-7100

**ATTACHMENT A**


**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **JURY TRIAL DEMANDED** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Protected Material designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material or any information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title:_____

Employer:_____

Business Address: _____

_____

I declare under penalty of perjury that the foregoing is true and correct.


Signature: _____

Date: _____