IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|               Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 21-1417 (JPM) |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) ) ) ) |
|               Defendants. | ) ) |

**QORVO'S OPENING BRIEF IN SUPPORT OF ITS UNOPPOSED
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION & FACTUAL BACKGROUND ............................................................. 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT .................................................................................................................. 2

    A.  Good Cause Exists under Rule 16 to Permit Qorvo's SAC ................................. 3

    B.  The Proposed Amendment Is Proper under Rule 15 ............................................ 3

IV. CONCLUSION ............................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*In re Burlington Coat Factory Secs. Litig.*
  114 F.3d 1410 (3d Cir. 1997)..................................................................................................2

*Compagnie des Grands Hotel d'Afrique SA v. Starwood Capital Group Global I LLC*
  No. 18-cv-654, 2021 WL 6883231 (D. Del. Feb. 19, 2021).....................................................3

*E. Minerals & Chems. Co. v. Mahan*
  225 F.3d 330 (3d Cir. 2000)....................................................................................................2

*Foman v. Davis*
  371 U.S. 178 (1962)................................................................................................................2

*Gelof v. Smith*
  No. 11-cv-483, 2012 WL 394741 (D. Del. Feb. 3, 2012)........................................................4

*Home Semiconductor*
  2019 WL 2135858, at *3–5 ....................................................................................................3

*In re Merck & Co., Inc.*
  493 F.3d 393 (3d Cir. 2007)....................................................................................................4

*Venetec Int'l v. Nexus Med.*
  541 F. Supp. 2d 612 (D. Del. 2010).........................................................................................2

*WebXchange Inc. v. Dell Inc.*
  No. 08-132, 2010 WL 256547 (D. Del. Jan. 20, 2010) ..........................................................2

Statutes

Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 *et seq.*................................................1

North Carolina Trade Secrets Protection Act ("NCTSPA"), N.C. Gen. Stat § 66-152 *et seq.* ..................................................................................................................................................1

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* ...........1

Other Authorities

Fed. R. Civ. P. 15.......................................................................................................................2, 3

**Page(s)**

Fed. R. Civ. P. 16 ............................................................................................................. 2, 3

I.   **INTRODUCTION & FACTUAL BACKGROUND**

Qorvo Inc. ("Qorvo") brought this lawsuit in an effort to address the anticompetitive practices of Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis"), including patent infringement, unfair competition, false advertising, and false patent marking. Qorvo has learned that the extent of Akoustis' improper conduct is far worse than previously understood. Between November 2022 and January 2023, Akoustis produced large volumes of documents (approximately 45,000 documents). These documents show that Akoustis has obtained and misappropriated Qorvo's trade secrets and such misappropriation has been pervasive, calculated, and willful. Absent the staggering and systematic theft of Qorvo's trade secrets, Akoustis would not be in the market for BAW filters today.

In view of these recent revelations, Qorvo seeks leave to file a Second Amended Complaint ("SAC") to assert causes of action for trade secret misappropriation under the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 *et seq.*, and under the North Carolina Trade Secrets Protection Act ("NCTSPA"), N.C. Gen. Stat § 66-152 *et seq.*, as well as for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and civil conspiracy under North Carolina law. The SAC identifies more than 86 Qorvo trade secrets that Akoustis improperly obtained in violation of confidentiality and non-disclosure obligations governing those materials. SAC, ¶¶61–153. These trade secrets relate to critical aspects of Qorvo's business, including but not limited to the design, development, testing, and manufacturing of BAW filters. SAC, ¶¶79-146.

The parties have conferred and Akoustis does not oppose Qorvo's request for leave to file the SAC.

## II. LEGAL STANDARD

Leave to amend a pleading is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading [] with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision of whether to grant a motion to amend is within the Court's discretion, but the Supreme Court has held that leave to amend should be freely granted if (1) there is no undue delay, bad faith, or dilatory motive on the part of the moving party, (2) granting leave is not unfairly prejudicial to the non-moving party, and (3) the amendment would not be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

When leave to amend is sought after a court deadline for amendments, Rule 16 also applies. *WebXchange Inc. v. Dell Inc.*, No. 08-132, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). Rule 16(b) requires (1) that the moving party show good cause; and (2) obtain the Court's consent for the amendment. Fed. R. Civ. P. 16(b)(4); *see also* D.I. 106 at 3. "Good cause [] requires the movant to demonstrate that, despite their diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). If good cause is shown under Rule 16, the Court then considers whether the proposed amended pleading meets Rule 15(a)'s requirements. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

## III. ARGUMENT

As set forth below, Qorvo's request for leave to file the SAC satisfies the requirements of Rules 15 and 16.

### A. Good Cause Exists under Rule 16 to Permit Qorvo's SAC

It is well established that a court may modify a pretrial schedule to permit an amendment of pleadings if, despite diligence, the movant could not have reasonably complied with the original deadline. *See* Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments). Accordingly, courts in this District have repeatedly found good cause when an amendment is requested based on the discovery of new information. *Home Semiconductor*, 2019 WL 2135858, at *3–5; *Compagnie des Grands Hotel d'Afrique SA v. Starwood Capital Group Global I LLC*, No. 18-cv-654, 2021 WL 6883231, at *4–5 (D. Del. Feb. 19, 2021).

Here, Qorvo could not have reasonably filed its the new claims in the SAC by April 8, 2022—the original deadline for amending the pleadings. Qorvo seeks leave to amend based on evidence Akoustis produced in November 2022 and January 2023 showing that Akoustis had misappropriated a large number of specific trade secrets from Qorvo. *See* Section I. Qorvo has pursued the proposed amendment diligently from the time of Akoustis' productions—reviewing a huge volume of documents, analyzing the significance of those materials, conducting diligence on its claims, and drafting the SAC all in a matter of weeks. Furthermore, Qorvo's Motion is made before any deadline for the completion of discovery or trial, which have yet to be scheduled.  Thus, good cause exists under Rule 16 for this Court to grant Qorvo leave to amend.

### B. The Proposed Amendment Is Proper under Rule 15

Leave to amend should be granted under Rule 15 because the amendment (1) would not unfairly prejudice Akoustis; (2) is made to assert claims substantiated through recently produced discovery, without bad faith, undue delay, or dilatory motive; and (3) is not futile.

*First*, there is no prejudice to Akoustis from the proposed amendment.  Moreover, Akoustis does not oppose this Motion.

*Second*, as explained above in Section III.A, Qorvo has diligently sought leave to amend following the recent discovery of facts and documents. Qorvo makes this Motion in good faith to protect its rights and conform the pleadings to new evidence, and in doing so, ensure that all aspects of the parties' dispute are addressed as efficiently as possible in a single action. The Motion does not seek to prolong the litigation or delay any deadline.

*Third*, the amendment is not futile. Qorvo seeks to add causes of action based on trade secret misappropriation under both federal and North Carolina law, RICO violations, and illegal conspiracy under North Carolina law. Courts in the Third Circuit deny motions to amend on futility grounds only if the amended pleading "fails to state a claim upon which relief could be granted." *In re Merck & Co., Inc.*, 493 F.3d 393, 400 (3d Cir. 2007); *see also Gelof v. Smith*, No. 11-cv-483, 2012 WL 394741, at *2 (D. Del. Feb. 3, 2012). Here, the SAC alleges all the required elements and provides sufficient facts to state a claim for each new cause of action.

## IV.   CONCLUSION

For the foregoing reasons, Qorvo respectfully requests that the Court grant Qorvo's Unopposed Motion for Leave.

-5-

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

February 8, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 8, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA  94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA  22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017-5524<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

Theresa A. Roozen, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)