

600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19801
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4232
Email: sbrauerman@bayardlaw.com

March 31, 2022

**VIA CM/ECF**

Honorable Jon Phipps McCalla
Odell Horton Federal Building
167 North Main Street
Chambers Room 942
Memphis, TN 38103

RE:   *Qoorvo, Inc. v. Akoustis Technologies, Inc., et al.*, C.A. No. 21-1417-JPM

Dear Judge McCalla:

In advance of the scheduling hearing this Monday, April 3, 2023, the parties submit this joint letter.

By way of background, on March 15, 2023, the Court issued its Claim Construction order and the related trial schedule further to the Patent Local Rules.

While the Parties agreed that the schedule should be adjusted, they do not agree on the same schedule. The parties will be prepared to more fully discuss the bases for their requested modifications on Monday but thought it would be helpful to provide a brief summary of both parties' positions and their respective proposals in advance of the scheduling conference.

***Summary of Akoustis' Position on the Proposed Schedule***:

As the Court is aware, this case includes both patent and non-patent claims. In the prior case management conference, both parties agreed that the schedule should be revisited after the claim construction ruling. (D.I. 22). Akoustis specifically noted that the Patent Local Rules would not provide sufficient time for discovery on the non-patent claims that were alleged in the First Amended Complaint. (D.I. 22).

While Akoustis expected some additional time would be required for the previously pending non-patent claims, particularly in light of the iterative approach that the parties had agreed upon with respect to discovery, last month, the case dramatically changed. On February 8, 2023, Qorvo filed its Second Amended Complaint that now includes entirely new state and federal claims for trade secret misappropriation, RICO and civil conspiracy. (D.I. 125). This new



March 31, 2023
Page 2

complaint also alleges more than eighty-six (86) events that Qorvo contends constitute both trade secret misappropriations and acts of unfair competition. Discovery will be extensive and while some of it has just begun on these new claims, the current schedule, as well as the schedule proposed by Qorvo, will not accommodate the discovery Akoustis needs to defend itself. Akoustis also expects that there will be significant challenges in the discovery process. As one example, because Qorvo identified its Second Amended Complaint as Attorneys' Eyes Only, Akoustis has not yet been able to review these allegations and supporting exhibits with anyone other than the General Counsel of its client. While Akoustis expects to file a motion to resolve this issue shortly, it will still be months after the February 8 filing Second Amended Complaint before that issue is resolved and the necessary review can begin. As this is effectively a new complaint, Akoustis seeks to modify the schedule so that it will have sufficient time for discovery on these new non-patent claims.

*Summary of Qorvo's Position on the Proposed Schedule*:

Qorvo agrees with Akoustis that the parties will need some additional time for discovery given the scope of this case. Qorvo, however, believes that a much more modest extension of the fact discovery deadline is warranted. In particular, Qorvo proposes extending the close of fact discovery by two months, a minor adjustment to the close of expert discovery, but maintaining the trial date on April 22, 2024.

Qorvo believes that Akoustis's request to extend the schedule by eight months is excessive. As background, Qorvo filed the Second Amended Complaint ("SAC") on February 8, 2023. The SAC added claims of trade secret misappropriation, among others, largely to conform the pleadings to the discovery that Akoustis produced in December 2022 and January 2023. In particular, in conducting discovery on the unfair competition claims alleged in the Original Complaint (filed October 4, 2021), Qorvo discovered that Akoustis had misappropriated dozens of Qorvo's trade secrets and has been using them to produce a slate of competing products.

Although Akoustis argues that the case has "dramatically changed," the primary change relates only to the scope (not the nature) of Akoustis's misconduct. Dating back to the Original Complaint, Qorvo accused Akoustis of stealing its confidential information. In December 2022 and January 2023, Qorvo discovered that the misappropriation scheme was more pervasive and deeply rooted than previously known. That said, the parties' prior discovery requests largely cover the new claims asserted in the SAC and Qorvo believes that only supplemental discovery is needed, which can be completed with a two-month extension.

Although Akoustis's counsel states that they cannot discuss the allegations with their client, that is not the case. First, the SAC is based on evidence of trade secret misappropriation produced from Akoustis's own files. Second, a lightly redacted version of the SAC has been available to Akoustis since February. Third, the Protective Order (D.I. 57, Section 8.5.b) permits Akoustis to talk to individuals at Akoustis who previously possessed or had seen the Qorvo trade secrets. This includes Jeff Shealy (Director and CEO), David Aichele (Executive VP Business Development), and Mary Winters (Executive VP Fab and Corporate Operations), among other key employees at Akoustis. Claims that counsel have been unable to discuss the allegations in the SAC with Akoustis do not in any way justify extending the trial date in this case by eight months.



March 31, 2023
Page 3

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | Qorvo Proposed Date for All Claims | Akoustis Proposed Date for Both Patent and Non-Patent Claims |
| --- | --- | --- | --- | --- |
| CCCR Triggers Standard Patent Local Rule Schedule | Court's Claim Construction Ruling (CCCR) | March 15, 2023 | | |
| LPR 3.8(a) | Final Infringement Contentions | April 24, 2023 | June 15, 2023 | June 15, 2023 |
| LPR 3.8(b) | Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions | April 24, 2023 | June 15, 2023 | June 15, 2023 |
| LPR 4.7 | Close of Fact Discovery | May 10, 2023 | July 10, 2023 | February 29, 2024 |
| LPR 4.7 | Status Conference (Video) | May 10, 2023 at 10:00 a.m. CT / 11:00 a.m. ET | July 10, 2023, or at the Court's convenience | Same date set by the Court |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | May 25, 2023 | June 29, 2023 | June 29, 2023 |
| LPR 5.1(b) | Initial Expert Witness Disclosures | June 9, 2023 | August 10, 2023 | March 15, 2024 |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | July 31, 2023 | September 11, 2023 | May 31, 2024 |
| LPR 5.2 | Completion of Depositions of Experts | October 2, 2023 | October 16, 2023 | June 28, 2024 |
| LPR 6.1 | Filing Dispositive Motions | November 13, 2023 | Same, no change | August 9, 2024 |



March 31, 2023
Page 4

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | Qorvo Proposed Date for All Claims | Akoustis Proposed Date for Both Patent and Non-Patent Claims |
|---|---|---|---|---|
|  | Joint Proposed Pretrial Order, Proposed Verdict Form, Proposed Jury Instructions, Proposed Voir Dire Questions, and Motions in Limine | March 11, 2024 | Same, no change | October 25, 2024 |
|  | Pretrial Conference (Video) | April 8, 2024 at 10:00 a.m. CT / 11:00 a.m. ET | Same, no change | November 25, 2024 |
| LPR 6.2 | Trial | April 22, 2024 | Same, no change | December 9, 2024 |

We look forward to discussing these issues on Monday's conference and are available at the Court's convenience should Your Honor have any questions or concerns in advance.

Sincerely,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman

cc:   counsel of record