IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:21-cv-01417-RGA |
| v. | ) | |
| | ) | [FILED UNDER SEAL] |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

---

## DECLARATION OF DIANNE L. SWEENEY IN SUPPORT OF DEFENDANTS' MOTION TO RE-DESIGNATE THE SECOND AMENDED COMPLAINT MARKED ATTORNEYS' EYES ONLY TO CONFIDENTIAL

I, Dianne L. Sweeney, declare:

1.       I am a Partner at the law firm of Pillsbury Winthrop Shaw Pittman LLP and serve as counsel of record for the Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") in the above-captioned matter.  I have personal knowledge of the facts stated herein, except those stated on information and belief, and if called upon, could and would testify competently to them.  I submit this declaration in support of Defendants' Motion to Re-Designate the Second Amended Complaint Marked Attorneys' Eyes Only to Confidential.

2.       On February 3, 2023, Robert Masters, counsel for Qorvo, Inc. ("Qorvo") sent to me and my colleagues a copy of a draft Second Amended Complaint ("SAC").  After receiving the draft, I asked Mr. Masters if he could send us a copy of the exhibits referenced in the draft SAC.  Mr. Masters responded that "all exhibits are cited by Bates numbers from your production. Is there an exhibit you do not have?"  A true and accurate copy of the email string is attached hereto as **Exhibit A**. Ultimately, Qorvo provided these versions of the SAC exhibits which

1

Public Version

confirmed they were mainly comprised of documents produced by Akoustis.  On February 8, 2023, Qorvo filed its Second Amended Complaint, under seal.  (D.I. 125).

3.      Initially, the parties met and conferred on Qorvo's demand to file the entire SAC under seal.  When those discussions failed, Akoustis filed a motion to unseal the SAC (but not the exhibits) for public viewing.  (D.I. 137).  Qorvo asked for a 2-week extension to respond to the motion, so its opposition was not due until March 22, 2023.  (*See* D.I. 143).  Shortly before the due date, Qorvo advised that it was then willing to accept Akoustis' final meet and confer position, which removed some but not all of the redactions from the SAC.  Despite the loss of time and the expense of the motion, Akoustis agreed to withdraw its motion.

4.      The resolution of the motion to seal, however, did not address whether counsel for Akoustis would be able to share with Akoustis the SAC as well as the exhibits and other documents identified by the SAC that were *produced by Akoustis* so that Akoustis could, among other things, discuss the 85+ trade secret claims with management and the Board, prepare discovery and marshal its defenses.  Akoustis raised the issue several times with Qorvo but has been unable to resolve it.  For instance, on March 6, 2023, I asked Qorvo to confirm that the SAC and the attached exhibits *produced by Akoustis* could be shared with Akoustis, notwithstanding the fact that Qorvo had filed those documents under seal.  I explained that, based on a prior call, it was our understanding that we could share both the SAC and those exhibits that had been produced by Akoustis with Akoustis.  A true and accurate copy of the email is attached hereto as **Exhibit B**.

5.      On March 9, 2023, Qorvo then took the position that Akoustis could "disclose the SAC and Exhibits to no more than two Akoustis representatives who are not involved in competitive decision making roles on a day to day basis and are not involved in engineering,

2

Public Version

manufacturing and/or marketing related functions. The two individuals must sign on to the protective order in the case and Qorvo must clear the two names in advance of the SAC and Exhibits being disclosed to those two individuals." A true and accurate copy of the email is attached hereto as **Exhibit C**.  As an interim resolution, the parties agreed that Akoustis could share the documents with Akoustis' in-house counsel.

6.     Prior to the meet and confer to discuss the issue, Qorvo issued a 30(b)(6) deposition notice that asked Akoustis to prepare a corporate witness on 50+ topics including those that would require sharing the SAC and related exhibits with Akoustis. For example, Qorvo's 30(b)(6) topics include:

- "**Topic No. 30**: Akoustis' awareness and/or knowledge of dissemination of Confidential Information to Akoustis, including but not limited to such dissemination by former Qorvo employees then employed by Akoustis."

- "**Topic No. 31**: Akoustis' access to and use of Qorvo documents."

- "**Topic No. 32**: Akoustis' access and use of Qorvo's trade secrets and confidential information."

A true and accurate copy of Qorvo's Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition is attached as **Exhibit D**.

7.     On March 21, 2023, I met and conferred with Qorvo on our need to share the SAC with Akoustis and asked Qorvo to modify its SAC designations to allow Akoustis to view the entire SAC and specifically to allow access to individuals defined as "Parties" under the Protective Order "so that we can, in turn, advise our client, investigate and analyze the claims and marshal our defense (including interviewing witnesses)." A true and accurate copy of the March 22, 2023 email I sent confirming this meet-and-confer discussion, is attached hereto as **Exhibit E**.

8.     On March 28, 2023, Qorvo responded that it would allow a three-member

Public Version

committee to review the SAC, but excluding all of Akoustis' key managers from being on that committee (e.g., its founder and CEO Jeff Shealy and Executive Vice President David Aichele). True and accurate copies of the underlying emails are attached hereto as **Exhibit F**. Qorvo took the position that it could designate documents Akoustis had produced as AEO, and thereby control Akoustis' use of documents from its own files in connection with this case, limiting their disclosure to an audit committee chosen by Qorvo, which excluded Akoustis' executive management team and board from reviewing or consulting with counsel about the SAC and related exhibits. Because this put Akoustis in an untenable position of being unable to proceed with discovery or defend this case, I advised Qorvo that we were at impasse.

9.      Following a discussion with the Court on April 3, 2023 and an April 5, 2023 request from Qorvo for Akoustis to re-designate various documents to Confidential so that Qorvo could see them (which Akoustis agreed to do), I further advised that it was "in both clients' interest to see the SAC (without redactions) and all exhibits," but Qorvo again refused. A true and accurate copy of the underlying emails are attached hereto as **Exhibit G**. Notwithstanding Qorvo's position on the SAC, Akoustis re-designated to Confidential the SAC exhibits Akoustis had originally produced as AEO, so Qorvo's management could see them and discuss the entire SAC with Qorvo's counsel. Akoustis had previously (at the time of production) designated those documents as "AEO" further to the parties' meet and confer agreement.

10.     While Qorvo's management and board can now see all the allegations and exhibits (including those produced by Akoustis) within the limits set forth in the Protective Order, Qorvo has refused to allow Akoustis the same access under the Protective Order. Qorvo's position seems to be that because it views Akoustis as "a party with a history of stealing and

Public Version

misusing Qorvo's trade secrets," it can deny Akoustis' management the right to review the allegations and prepare a meaningful response.  In response, I advised Qorvo:

> Putting aside that Qorvo has not established that either the allegations or the exhibits to the SAC are trade secrets, Akoustis must be able to see the allegations and related exhibits to understand the nature of the claims.  How else can Akoustis make decisions, conduct/respond to discovery or ultimately answer the allegations against it?  It is undisputed that these are documents that Akoustis has had for years and produced to Qorvo.  In these circumstances, it hardly seems that there is anything particularly new about Akoustis seeing the very same documents or general descriptions of those documents under the constraints of the Protective Order.  Rather, it seems that Qorvo is misusing the protective order to frustrate our analysis and defense.  In any case, as the parties have reached an impasse, we will proceed to file a motion to allow the Court to address the issue.

No agreement was reached.  A true and accurate copy of the underlying emails are attached hereto as **Exhibit H**.

11.     On April 20, 2023, I confirmed that despite these additional efforts, the parties remained at an impasse and that Akoustis would proceed with this motion:

> In response to your email on Tuesday afternoon, we strongly disagree with your views on allowing Akoustis to see the SAC including the very exhibits that Akoustis produced to Qorvo. Qorvo's position creates a very serious due process concern as Akoustis must know what these allegations are in order to do a host of things from marshalling a defense to responding to Qorvo's discovery.  Respectfully, you have not met your burden to identify any future harm and, of course, we are a long way from anything being determined to be a trade secret.  Separately, you have an obligation to identify the trade secrets to Akoustis in the ordinary course.  As noted earlier this week, we are unfortunately at an impasse (and clearly remain so) and we will proceed accordingly.

A true and accurate copy of the email described above is attached hereto as **Exhibit I**.

12.     Throughout this meet-and-confer process, I have attempted to explain to Qorvo's counsel that Qorvo's proposal seriously impedes Akoustis' ability to respond to the SAC (in a variety of ways) and its right to consult with legal counsel on these claims.  Akoustis is a small

Public Version

company and does not have a broad group of knowledgeable persons or decision makers such that it could turn to a designated few to advise on all of these claims.  Additionally, as counsel for Akoustis, Pillsbury relies on the Akoustis Executive Team (e.g., Jeff Shealy, David Aichele and Mary Winters) for information about the Company's history, technology development and business process.  The very persons with information on those topics (e.g., Jeff Shealy, David Aichele and Mary Winters) are included in the group of persons that Qorvo seeks to exclude from reviewing the Second Amended Complaint under the terms of the Protective Order.  This position leaves Akoustis in a bind in that it is facing 85+ new claims, but its counsel cannot currently review and discuss those claims with Akoustis, cannot provide the Board with the information necessary to make the host of decisions required in any litigation and cannot even prepare for the depositions that Qorvo has noticed on the topics of these new claims.  Absent the ability to have meaningful discussions with Akoustis' key managers and Board about these new claims, Akoustis will be severely prejudiced in its ability to proceed in this lawsuit and marshal its defense.

13.    A true and accurate copy of a relevant excerpt from Qorvo's Objections and Responses to Akoustis' Second Set of Requests for Production of Documents is attached hereto as **Exhibit J**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of April, 2023.

*/s/ Dianne L. Sweeney*
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304
(650) 233-4046
*dianne@pillsburylaw.com*

Public Version

# EXHIBIT A

**Sweeney, Diann** Public Version

| From: | Sweeney, Dianne L. |
|---|---|
| Sent: | Friday, February 3, 2023 4:33 PM |
| To: | Robert Masters |
| Cc: | Jakopin, David A.; sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; LegalTm-Qorvo-Akoustis; Stanton, David; Fuhrer, Robert M.; Rose, Meri L; Debbie Chase; Blumenfeld, Jack; Tigan, Jeremy A.; Roozen, Theresa A. |
| Subject: | RE: Qorvo - Second Amended Complaint |

The pleading suggests that some exhibits include more than the listed Bates number (e.g., "Exhibit M-2, which includes documents bearing the bates labels…", "Exhibit N-2, which includes documents bearing the bates labels …").

Since we are receiving the SAC late in the day on Friday and you ask for a response on Monday, we would appreciate receiving the complete exhibit set this by 6 p.m. this evening.

Thanks, Dianne

---

**From:** Robert Masters <RMasters@sheppardmullin.com>
**Sent:** Friday, February 3, 2023 4:20 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Debbie Chase <dchase@bayardlaw.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Subject:** Re: Qorvo - Second Amended Complaint

Diane - all exhibits are cited by Bates numbers from your production. Is there an exhibit you do not have?

> On Feb 3, 2023, at 6:52 PM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:
>
> Robert,
>
> We have received your email and the proposed SAC.  Can you please send us the referenced exhibits this afternoon as well?
>
> Thanks,  Dianne
>
> **Dianne L. Sweeney | Managing Partner, Silicon Valley Office**
> Pillsbury Winthrop Shaw Pittman LLP
> 2550 Hanover Street | Palo Alto, CA 94304-1115
> t +1.650.233.4046 | f +1.650.233.4545
> dianne@pillsburylaw.com | website bio

**From:** Robe███████████████Public Version███████████████
**Sent:** Friday, February 3, 2023 3:36 PM
**To:** Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Cc:** sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Debbie Chase <dchase@bayardlaw.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Subject:** Qorvo - Second Amended Complaint

David,

Further to our recent email exchanges and telephone calls, Qorvo plans to amend its complaint to add claims of trade secret misappropriation, among others. A redline of the current draft of the second amended complaint compared to the first amended complaint is attached.

Let us know by close of business on Monday if Akoustis consents or opposes Qorvo's motion for leave to amend?

We look forward to receiving your response.

**Robert Masters**
**Sheppard**Mullin | Washington
+1 202-747-1935 | ext. 21935

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited.

If you have received this message in error, please notify the original sender of the Pillsbury Winthrop Shaw Pittma ████████████████████████████████████████████ lete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT B

Public Version

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Monday, March 6, 2023 3:25 PM |
| **To:** | Trevor Quist; Jonathan DeFosse; Robert Masters |
| **Cc:** | Roozen, Theresa A.; Rose, Meri L. |
| **Subject:** | RE: Response to the Complaint |

Yes, this confirms we are responding via answer.  Please advise re extension today given the timing and how voluminous this is.

Two other topics:

- Re confidentiality, my understanding from our call with Jon was that as to Qorvo's position as to the SAC and Akoustis labelled documents was that the ship had sailed (since these materials were found at Akoustis) and that no one was looking to create a foot fault.   Given that there was also settlement context around those discussions, we want to be clear on what Akoustis can/cannot do.  Certainly, we want/need, to consult with our client on these allegations so we would like to share it (the complaint and the exhibits that bear Akoustis Bates stamps) as needed for those purposes.

- Given that this is a further answer and we granted a two-week extension on Qorvo's response on the sealing issue, we are a bit away from having a ruling on the sealing.  So I wanted to discuss the efficiency in deferring the answer so we don't have another sealed document to address prior to the court's ruling.

For purposes of today, however, would appreciate confirmation of the extension.  The other two topics, we are happy to set a call or let us know your thoughts by email in the next day or two.

Thanks,  Dianne

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Monday, March 6, 2023 11:16 AM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Subject:** RE: Response to the Complaint



This message needs your attention
• Someone new is included on this email.

Report or Mark Safe                              Powered by Mimecast

[+ Rob Masters and Jon DeFosse]

Hi Dianne,                                        Public Version

Sorry I missed you earlier. I'm out of pocket for chunks of the day today, and in-and-out of areas with good/bad reception.

Re the additional extension, do you intend to answer or file a motion?  Once you let me know I'll check with our client and circle back with you.

Re what can/cannot be shared with Akoustis, I think Jon has already given you our position on that piece, but let me check.

As to other issues you want to discuss, it would be easier for me today if you could just email them over. If you'd rather have a call, tomorrow late in the afternoon or Wednesday would be better for me.

Thanks,

Trevor

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Monday, March 6, 2023 9:18 AM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Subject:** RE: Response to the Complaint

Hi Trevor – Just tried your office and mobile.  Please advise re request below.  Also, can you confirm that we can share the SAC and exhibits (except for the Qorvo Bates labelled exhibits) with Akoustis?  I have a few other questions on this as well so a quick call would be easiest.  I'm in the office at 650.233.4046 and so you have it mobile is 408.390.9790.

Thanks,  Dianne

**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office

Pillsbury Winthrop ███████████████████████ **Public Version**
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

---

**From:** Sweeney, Dianne L.
**Sent:** Sunday, March 5, 2023 8:41 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Theresa A. Roozen (theresa.roozen@pillsburylaw.com) <theresa.roozen@pillsburylaw.com>
**Subject:** Response to the Complaint

Trevor – Can we agree to one further week on the response to the SAC (to next Wednesday, 3/15)?  I was pulled into a different matter that is urgent and would appreciate the time.

Thanks,  Dianne

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Public Version

# EXHIBIT C

Public Version

| | |
|---|---|
| **From:** | Robert Masters <RMasters@sheppardmullin.com> |
| **Sent:** | Thursday, March 9, 2023 1:46 PM |
| **To:** | Sweeney, Dianne L. |
| **Cc:** | Trevor Quist; Jonathan DeFosse; Roozen, Theresa A.; Rose, Meri L. |
| **Subject:** | Re: Response to the Complaint |

Dianne -

I am responding to your question referred to as point 1.  Qorvo does not consent to the disclosure of its trade secret information to Akoustis and this includes the Second Amended Complaint and exhibits thereto ("SAC and Exhibits").
Redacted
Qorvo proposes the following:  You may disclose the SAC and Exhibits to no more than two Akoustis representatives who are not involved in competitive decision making roles on a day to day basis and are not involved in engineering, manufacturing and/or marketing related functions. The two individuals must sign on to the protective order in the case and Qorvo must clear the two names in advance of the SAC and Exhibits being disclosed to those two individuals.

Let us know if you have any questions.

Regards,

Robert M. Masters
**Sheppard Mullin** | Washington
W: +1 202-747-1935 | ext. 21935
M: +1 301-257-4793

> On Mar 9, 2023, at 11:32 AM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:
>
> Hi Trevor – Can you please get back to us today on the confidentiality & client sharing question (point 1 below)?  The document is quite voluminous at this point so I want to give the client sufficient review time.
>
> Thanks, Dianne
>
> **From:** Trevor Quist <TQuist@sheppardmullin.com>
> **Sent:** Monday, March 6, 2023 2:24 PM
> **To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Robert Masters <RMasters@sheppardmullin.com>
> **Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
> **Subject:** RE: Response to the Complaint

Public Version

Dianne,

Thank you for the confirmation. Yes, we can agree to an additional one-week extension for you to file your Answer to the SAC.

I will respond to the other topics separately.

Regards,

**Trevor J. Quist**
+1 650-815-2645 | direct

+1 858-295-2603 | mobile

TQuist@sheppardmullin.com

**Sheppard**Mullin
1540 El Camino Real Suite 120
Menlo Park,  CA 94025-4111
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Monday, March 6, 2023 1:25 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Robert Masters <RMasters@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Response to the Complaint

Yes, this confirms we are responding via answer.  Please advise re extension today given the timing and how voluminous this is.

Two other topics:

1.  Re confidentiality, my understanding from our call with Jon was that as to Qorvo's position as to the SAC and Akoustis labelled documents was that the ship had sailed (since these materials were found at Akoustis) and that no one was looking to create a foot fault.   Given that there

2

was ███████████████ Public Version ███████████████ Akoustis can/cannot do.  Certainly, we want/need, to consult with our client on these allegations so we would like to share it (the complaint and the exhibits that bear Akoustis Bates stamps) as needed for those purposes.

2.  Given that this is a further answer and we granted a two-week extension on Qorvo's response on the sealing issue, we are a bit away from having a ruling on the sealing.  So I wanted to discuss the efficiency in deferring the answer so we don't have another sealed document to address prior to the court's ruling.

For purposes of today, however, would appreciate confirmation of the extension.  The other two topics, we are happy to set a call or let us know your thoughts by email in the next day or two.

Thanks,  Dianne

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Monday, March 6, 2023 11:16 AM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Subject:** RE: Response to the Complaint

[+ Rob Masters and Jon DeFosse]

Hi Dianne,

Sorry I miss ███████████████ Public Version ████████████████ eas with good/bad reception.

Re the additional extension, do you intend to answer or file a motion?  Once you let me know I'll check with our client and circle back with you.

Re what can/cannot be shared with Akoustis, I think Jon has already given you our position on that piece, but let me check.

As to other issues you want to discuss, it would be easier for me today if you could just email them over. If you'd rather have a call, tomorrow late in the afternoon or Wednesday would be better for me.

Thanks,

Trevor

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Monday, March 6, 2023 9:18 AM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Subject:** RE: Response to the Complaint

Hi Trevor – Just tried your office and mobile.  Please advise re request below.  Also, can you confirm that we can share the SAC and exhibits (except for the Qorvo Bates labelled exhibits) with Akoustis?  I have a few other questions on this as well so a quick call would be easiest.  I'm in the office at 650.233.4046 and so you have it mobile is 408.390.9790.

Thanks,  Dianne

**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545

dianne@pil█████████████████████ Public Version ██████████████████████

---

**From:** Sweeney, Dianne L.
**Sent:** Sunday, March 5, 2023 8:41 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Theresa A. Roozen (theresa.roozen@pillsburylaw.com) <theresa.roozen@pillsburylaw.com>
**Subject:** Response to the Complaint

Trevor – Can we agree to one further week on the response to the SAC (to next Wednesday, 3/15)?  I was pulled into a different matter that is urgent and would appreciate the time.

Thanks,  Dianne

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT D

Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF QORVO INC.'S NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6) TO DEFENDANTS
AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS INC.**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6) and the applicable Local Rules of the District of Delaware, Plaintiff Qorvo, Inc. ("Qorvo" or "Plaintiff") will take the deposition by oral testimony of Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants"). The deposition will commence on April 14, 2023 at 9:00 A.M. Eastern Time at Sheppard, Mullin, Richter & Hampton LLP, 2099 Pennsylvania Ave., NW, Suite 100, Washington, DC 20006-6801, or a date and time agreed upon by the parties. The deposition will be recorded by stenographic means before an officer authorized to administer oaths and record depositions, and may also be recorded by audio and audio/visual means. The deposition shall proceed from day to day until completed or adjourned by the attorney taking the deposition.

Pursuant to Rule 30(b)(6), Akoustis shall designate one or more of its officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on its behalf with respect to the topics set forth in Attachment A. Akoustis shall provide Qorvo's counsel with written notice at least ten (10) days before the date of the deposition of the name(s) and title(s) of the designee(s) who will testify on Akoustis' behalf and shall identify the matters to which each designee will testify.

Public Version

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA  94025
(650) 815-2600

March 15, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

Public Version

## ATTACHMENT A

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Topics is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Topics, the following terms are to be given their ascribed definitions:

1.     The term "Action" means the legal action referenced in the caption to this Notice.

2.     The term "Plaintiff" or "Qorvo" means Qorvo, Inc., and any of its present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

3.     The terms "Defendants," "Akoustis," "You," and "Your" mean, individually and collectively, defendants Akoustis Technologies, Inc., Akoustis, Inc., and any present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

4.     The term "'018 Patent" means U.S. Patent No. 7,522,018.

5.     The term "'755 Patent" means U.S. Patent No. 9,735,755.

6.     The term "Patents-in-Suit" means any patent asserted by Qorvo in any Complaint (including any amended complaints) in this matter, including one or all of the '018 Patent and the '755 Patent.

7.     The term "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Patent-in-Suit, including patents or patent applications:

Public Version

    a.        from or through which any Patent-in-Suit directly or indirectly claims priority;

    b.        that claim priority to any Patent-in-Suit; or

    c.        that are otherwise identified in any Patent-in-Suit as related to that patent.

8.      The term "Plaintiff's Interrogatory No. 1" means Interrogatory No. 1 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

9.      The term "BAW Filter" means any bulk acoustic wave filter.

10.    The term "Akoustis BAW Filter" means any BAW Filter product Akoustis has identified (or later identifies) in response to Plaintiff's Interrogatory No. 1, including the following products: AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

11.    The term "Asserted Claims" means any claim of any Patent-in-Suit, including the '018 Patent and the '755 Patent, which Qorvo has asserted Akoustis to be infringing in any Complaint (including any amended complaint), infringement contention, or other disclosure identifying infringed claims. The term "Asserted Claim" means one of the Asserted Claims.

12.    The term "'786 Patent" means U.S. Patent No. 10,256,786.

13.    The term "'786 Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to the '786 Patent, including patents or patent applications:

    a.        from or through which the '786 Patent directly or indirectly claims priority;

    b.        that claim priority to the '786 Patent; or

    c.        that are otherwise identified in the '786 Patent as related to that patent.

14.     The term "Confidential Information" shall mean means commercial information relating to Qorvo's business that is not or was not intended to become publicly available.

15.     The term "Communication" means transmittal of information—in the form of facts, ideas, inquiries, or otherwise—regardless of the manner in which communications took place including, but not limited to, personal conversations, correspondences, electronic mails, physical mails, telephone calls, telephone text messages, facsimile communications, voicemail, electronic messenger messages, or telegrams.

16.     The term "Complaint" means the complaint initiating the above-captioned action filed on or about October 4, 2021, by Plaintiff in the United States District Court for the District of Delaware, along with any amended complaints.

17.     The term "concerning" means referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

18.     The term "Document" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34(a) including, but not limited to, hard copies, electronically stored information, or physical objects (e.g., research and development samples, prototype devices, production samples).  A draft, translation, or non-identical copy is treated as a separate Document from the original within the meaning of this term.

19.     The term "Thing" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34 including, but not limited to, physical specimens, or tangible items.

20.     The term "person" means any natural person, business entity, legal entity, governmental entity, or association.

21.     The term "Prior Art" is used in the broadest sense consistent with the use in 35 U.S.C. §§ 102, 103 including, but not limited to, patents, printed publications, prior knowledges,

Public Version

prior uses or implementations, prior sales, offers for sale, or other acts or events consistent with the use in 35 U.S.C. § 102, taken singly or in combination, and shall include Documents and Things.

22.     The terms "refer," "relate," and "respecting" are used in the broadest sense and include, but not limited to, directly or indirectly mentioning, discussing, representing, requesting, reflecting, demanding, analyzing, referencing, summarizing, noting, supporting, memorializing, commenting upon, describing, demonstrating, proving, disproving, supporting, contradicting, or evidencing the stated subject matter of the discovery request in any way.

23.     The terms "sale" and "sales" mean any public or private efforts in connection with the commercialization of a product—e.g., experimental, non-experimental, confidential, non-confidential, in the United States, outside the United States, offers for sale or license, actual sales or licenses, any advertising of the Akoustis BAW Filters—by or on behalf of Akoustis.

24.     The term "third party" means any Person other than Plaintiff or Akoustis.

25.     The terms "and," and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in context.

26.     The terms "including," and "includes" mean "including, but not limited to."

27.     The terms "any," and "all" shall include the other.

28.     The use of singular form of a noun or pronoun shall include, within its meaning, plural form of a noun or pronoun so used, and vice versa.

29.     The use of present tense shall include past tenses, unless otherwise specifically indicated in this discovery request.

30.     The use of masculine gender pronoun shall include, within its meaning, feminine gender pronoun, gender neutral pronoun, or gender inclusive pronoun, and vice versa.

Public Version

31.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

32.     When referring to Documents, "to identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s).

### INSTRUCTIONS

1.     If you object to the scope or time period of a Topic and refuse to provide testimony for that scope or time period, You shall state Your objection and the scope or time period You believe is appropriate.

2.     If any of the following Topics cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying Your inability to answer the remainder and stating whatever testimony You have concerning the unanswered portion. If Your response is qualified in any way, set forth the details of such qualification.

3.     If You have no information in response to a particular Topic, You are to state that no responsive information exists.

4.     If You do not testify concerning a Topic, or any part thereof, because of a claim of privilege or any other claim, set forth the privilege claimed, the facts upon which You rely to support the claim or privilege, and furnish a list identifying each item of information for which privilege is claimed, including:

Public Version

a.      a brief description of the nature and subject matter;

b.      the date the information was acquired or came into existence; and

c.      the name and title of the individual(s) who generated, provided, and received the information.

## TOPICS FOR EXAMINATION

1.      Akoustis' advertising, marketing, and promotion of any Akoustis BAW Filters.

2.      Akoustis' statements concerning the crystal structure of any Akoustis BAW Filters (including each resonator within such Akoustis BAW Filters).

3.      The basis for any statements by Akoustis that it uses single crystal BAW technology.

4.      Akoustis' Communications with actual and potential customers concerning the crystal structure of any Akoustis BAW Filters.

5.      Akoustis' Communications with actual and potential investors concerning the crystal structure of any Akoustis BAW Filters, including statements in Akoustis investor presentations.

6.      The crystal structure of each Akoustis BAW Filter.

7.      Tests or analyses performed by or at the direction of Akoustis to determine the crystal structure of all BAW Filters.

8.      The actual and potential customers of Akoustis BAW Filters sold or offered for sale (including as a sample) by or at the direction of Akoustis from 2015 to the present.

9.      Akoustis' sales and offers for sale of its BAW Filters, including samples.

10.     Akoustis' current and projected revenue, price, costs, and profitability resulting from sales of its BAW Filters, including samples.

11.     Royalties Akoustis pays or receives for any patent license agreement.

Public Version

12.    Geographical locations where Qorvo and Akoustis compete to sell their BAW filters.

13.    The average and forecasted technology lifecycle of each Akoustis BAW Filter.

14.    Akoustis' market share and sales growth in BAW Filters resulting from advertising, promoting, and marketing Akoustis BAW Filters (including any resonators within such BAW Filters) as using single crystal technology.

15.    Akoustis' market share and sales growth in BAW Filters resulting from advertising, promoting, and marketing based on the purported advantages of single crystal technology.

16.    Akoustis' market share and sales growth in BAW Filters both domestically and worldwide, from 2015 to the present.

17.    Investments in Akoustis resulting from advertising, promoting, and marketing (1) Akoustis' BAW Filters and manufacturing process as using single crystal technology and/or (2) the purported advantages of such technology.

18.    The importance of single crystal technology features of Akoustis' BAW Filters and manufacturing process for sales, marketing, and attracting customers and investors.

19.    Sales of Akoustis BAW Filters resulting from advertising, promoting, and marketing (1) Akoustis BAW Filters and manufacturing process as using single crystal technology and/or (2) the purported advantages of such technology.

20.    All facts and circumstances related to Akoustis' statements regarding its technology being patented.

21.    All facts and circumstances relating to Akoustis' decision to remove the phrase "single crystal" from descriptions of its BAW Filter technology and manufacturing process while

keeping the following labels in describing such technology: "XB1," "BulkOne," "XBAW," or "high purity," including the reasons for and timing of such decision.

22.    All facts and circumstances related to Akoustis' patent marking practices, policies, and/or procedures.

23.    All facts and circumstances related to Akoustis' decision to mark Akoustis BAW Filters with U.S. Patent No. 10,256,786.

24.    All facts and circumstances related to Akoustis' understanding, during prosecution of U.S. Patent No. 10,256,786, of whether U.S. Provisional Patent Application No. 62/360,904 discloses polycrystalline piezoelectric technology.

25.    All facts and circumstances related to Akoustis' recruitment and hiring practices, policies, and/or procedures.

26.    All facts and circumstances related to Akoustis' recruitment and hiring of current or former Qorvo employees.

27.    All facts and circumstances related to Akoustis' recruitment and/or hiring of Robert Dry, David Breton, Guillermo Moreno, William Schmid, Kindra Lane, Wendy Wright, Paul Makowenskyj, Tony Espinoza, Ali-Imran Bawangaonwala, Eric Chen, Todd Bender, Shawn Gibb, David Hodge, Rohan Houlden, Joonbum Kwon, John Myrick, Ya Shen, and Mitali Pathak.

28.    Akoustis' employee agreements, including the confidentiality provisions of such agreements.

29.    Akoustis' awareness and/or knowledge of current or former Qorvo employees' confidentiality obligations owed to Qorvo.

Public Version

30.     Akoustis' awareness and/or knowledge of dissemination of Confidential Information to Akoustis, including but not limited to such dissemination by former Qorvo employees then employed by Akoustis.

31.     Akoustis' access to and use of Qorvo documents.

32.     Akoustis' access to and use of Qorvo's trade secrets and confidential information.

33.     Steps taken to avoid current or former Qorvo employees hired by Akoustis from disclosing Confidential Information to Akoustis after being hired by Akoustis; or the failure to take such steps.

34.     The contributions of former Qorvo employees employed by Akoustis at any time, to Akoustis' business.

35.     The job responsibilities of current and former Akoustis employees formerly employed by Qorvo.

36.     All facts and circumstances related to Akoustis' registration and use of Akoustis' "XBAW" trademark.

37.     The design, development, structure, composition, function, and operation of each Akoustis BAW Filter, each component of each Akoustis BAW Filter, and each layer of material within each resonator of each Akoustis BAW Filter.

38.     Simulations, models, test results, or experimental results related to any Akoustis BAW Filter, or to any one or more resonators within any such Akoustis BAW Filter, including but not limited to any simulations or models related to a density of mechanical energy, an acoustic matching, a frequency, a bandwidth, a coupling factor, a quality factor, energy leakage, lateral leakage, wavelength excitation, or any other quantity or attribute related to such Akoustis BAW Filter.

-9-

Public Version

39.     The differences between the design, development, structure, composition, function, and operation of each Akoustis BAW Filter, including but not limited to such differences between components of each Akoustis BAW Filter, layers of material of each resonator of each Akoustis BAW Filter and the structural dimensions (including individual layer dimensions) of each resonator of each Akoustis BAW Filter.

40.     Akoustis' first awareness and/or knowledge of U.S. Patent Nos. 9,735,755 and 7,522,018, and U.S. Patent Application Nos. 62/207,702, 14/876,426 and 10/538,110.

41.     All facts and circumstances related to the existence of alternatives to the technology described and/or claimed in the Patents-in-Suit, including all costs associated with the development and sale of such alternatives and any evidence of the commercial viability of such alternatives.

42.     Akoustis' policies, procedures, strategies, and/or programs for the licensing of intellectual property, including inbound and outbound licensing.

43.     The terms of all technology license agreements to which Akoustis is a party, including licenses relating to patents, intellectual property, trade secrets, and know-how, relating to BAW Filters, and the computation of any royalty rates paid by Akoustis in connection with such license agreements.

44.     The commercial success or failure of each Akoustis BAW filter that does not include a single crystal structure, including but not limited to such Akoustis BAW filters that have been most and least profitable to Akoustis since sales of each began; and the factors that contributed to such success and/or failure, including but not limited to structural features of such Akoustis BAW filters that contributed to such success and/or failure.

Public Version

45.     The commercial success or failure of each Akoustis BAW filter that includes a single crystal structure, including but not limited to such Akoustis BAW filters that have been most and least profitable to Akoustis since sales of each began; and the factors that contributed to such success and/or failure, including but not limited to structural features of such Akoustis BAW filters that contributed to such success and/or failure.

46.     Akoustis' efforts to search for, collect, and produce Qorvo Documents stored locally on its employees computer workstations, laptops, external hard drives, or other non-volatile storage devices (e.g., USB drives).

47.     Akoustis' efforts to search for, collect, and produce Qorvo Documents stored on its servers or other non-volatile storage media.

48.     Akoustis' policies and practices for retaining, backing up, filing, organizing, managing, returning and/or destroying Documents (including Documents originating from third party sources), and for employees' use of work and home computers, including laptops, and Akoustis' recordkeeping policies and practices in connection with the same.

49.     All efforts by or on behalf of Akoustis to preserve, and/or collect, Documents potentially implicated by this Action (e.g., Documents and information sought in any of Qorvo's written discovery served upon Akoustis), including, but not limited to, Akoustis' efforts to ensure adherence with its litigation hold notice (if any), the identity of all persons instructed to preserve and collect Documents, the dates on which such persons were so instructed, the manner in which such persons were so instructed, and the steps each person took to preserve and collect documents.

50.     The origin, maintenance, and current physical and/or virtual location at Akoustis of the Documents relevant to this Action, the identity of persons having custody of such Documents,

and details of all efforts made by Akoustis to retain, identify, collect, and produce Documents responsive to Qorvo's requests.

51.     Akoustis' file storage conventions related to the storage of all paper documents that would fall within the scope of any deposition topic in this deposition notice or any request for production served by Qorvo in this Action.

52.     Actions taken, if any, in violation of any document retention and destruction policy concerning any Document described in your responses to any deposition topic in this deposition notice.

Public Version

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA 90017-5524<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

Public Version

Theresa A. Roozen, Esquire                                    *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*


                                        /s/ *Jeremy A. Tigan*
                                        _____
                                        Jeremy A. Tigan (#5239)

Public Version

# EXHIBIT E

Public Version

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Wednesday, March 22, 2023 7:22 PM |
| **To:** | 'Robert Masters'; 'jwald@sheppardmullin.com' |
| **Cc:** | Stanton, David; 'sbrauerman@bayardlaw.com'; 'JTigan@morrisnichols.com'; Jakopin, David A. |
| **Subject:** | RE: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference |

Rob – Further to our call yesterday, below is our revised proposal on the use of the SAC with Akoustis.

**Proposal to Allow Counsel for Akoustis to Share the SAC with Akoustis so Akoustis can Investigate and Preparation its Defense:** As discussed, the SAC is a fundamental shift in the nature and scope of Qorvo's claims. Akoustis needs to be in a position to share the unredacted SAC and its exhibits (excluding those few exhibits produced and designated by Qorvo) (collectively, the "Confidential SAC") with our clients so that we can, in turn, advise our client, investigate and analyze the claims and marshal our defense (including interviewing witnesses).

While we continue to be of the view that the SAC should not be sealed or redacted, we hear Qorvo's continued view that the Confidential SAC is properly designated as AEO. In an effort to avoid that dispute and allow Akoustis to review and investigate your claims, we propose the resolution below. Please note that we have removed the prior generic reference to 10 persons and have provided a further description of who the information can be shared with (clearly, there may be others but we will raise those at a later date as appropriate):

1. Akoustis can share the Confidential SAC with its Board and management (specifically meaning those persons identified on our website as Board or Management team members)

2. Akoustis can also share relevant portions of the Confidential SAC with persons identified therein or any person counsel for Akoustis has identified as a 30(b)(6) witness

3. Separate from the general provision in the Protective Order that any person who created or received a document in the ordinary course can see the document in the litigation (whether confidential or AEO), Akoustis can also show or discuss with a person at Akoustis any relevant portion(s) of the Confidential SAC if, and only if, counsel for Akoustis has a good-faith belief that this person has relevant information about one or more portions of the Confidential SAC

   As discussed today, this provision is intended to cover those persons, if any, who may have received information that Qorvo contends is confidential or AEO outside of an email or other trackable document trail (e.g., information discussed in a meeting, in a conversation with a co-worker)

4. Akoustis may also share the Confidential SAC with other retained outside counsel (e.g., its corporate counsel)

5. All the above exchange would be under the terms/conditions of the Protective Order

6. All persons involved would sign the Protective Order

7. This gives Qorvo the assurance that the information remains covered by the Protective Order and allows Akoustis to prepare its defense

Please review this with Qorvo and get back to us as soon as possible.

Public Version

Thanks,  Dianne

---

**From:** Sweeney, Dianne L.
**Sent:** Tuesday, March 21, 2023 10:08 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; 'jwald@sheppardmullin.com' <jwald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Rob – Thank you and James for your time today.  It was a helpful discussion.  We are working on a proposal as to who at Akoustis can see the SAC Complaint and expect to review that further with our client tomorrow.

In terms of immediate action items, there are two, which are further described below :  (1) you asked that we agree to your proposal to resolve our pending motion to unseal the SAC and, as noted below, we agree and (2) we ask that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately.  We can then discuss the schedule more broadly and hopefully reach a compromise.  We have provided a proposed schedule below.

1. **Motion to Unseal—Public Viewing of SAC and Answer**:  In terms of your desire to revisit our pending motion to unseal on the basis that Qorvo will now agree to the redactions proposed by Akoustis in the parties' earlier meet and confer (specifically, the redactions we proposed on February 17, 2023 at 1:21 p.m. (Ex. 1 to the Motion to Seal), Akoustis agrees to this request.  Please prepare a notice to the Court advising of the resolution and we will review.  Please also confirm that there are no further redactions to our answer to the SAC (which we assume is not an issue) so that we can close out the public redaction issues.

2. **Scheduling Conference Request**:  For purposes of today, we ask only that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately.  This is the process that was originally contemplated by the parties in the joint case management conference statement.  While Akoustis stated at that time that further time would be needed on the prior complaint, this need has now significantly expanded because of Qorvo's recent filing of a SAC which, as discussed, is essentially a new case.

   As detailed in the earlier message to Jon and Steve's call to Jeremy last week (3/17), we believe the schedule needs to be substantially revised to allow for discovery of the non-patent claims.

   Once we have that date, we would like to meet/confer on a schedule.  Below is a rough cut at the schedule (which we have not yet reviewed with our client).  As discussed today, my rationale for the new fact discovery cutoff is that it is 12 months from the time of filing of the SAC to complete discovery on what is a new set of claims.  In reality, that number is now less than 11 months and we still can't discuss these claims with our Board or management much less the identified witnesses.  The trial date adjustment is 7.5 months.

We are available to discuss any questions or concerns on these issues tomorrow (Wednesday).

Thanks,  Dianne

| Patent Rule (W.D. Tenn.) | Item | Public Version | |
| --- | --- | --- | --- |
| | | Date per Patent Local Rules | for both Patent and Non-Patent Claims |
| CCCR Triggers Standard Patent Local Rule Schedule | Court's Claim Construction Ruling (CCCR) | March 15, 2023 | |
| LPR 3.8(a) | Final Infringement Contentions | April 24, 2023 | June 1, 2023 |
| LPR 3.8(b) | Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions | April 24, 2023 | June 1, 2023 |
| LPR 4.7 | Close of Fact Discovery | May 10, 2023 | February 29, 2024 |
| LPR 4.7 | Status Conference (Video) | May 10, 2023 at 10:00 a.m. CT / 11:00 a.m. ET | Same, no change |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | May 25, 2023 | Same, no change |
| LPR 5.1(b) | Initial Expert Witness Disclosures | June 9, 2023 | March 15, 2024 |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | July 31, 2023 | May 31, 2024 |
| LPR 5.2 | Completion of Depositions of Experts | October 2, 2023 | June 28, 2024 |
| LPR 6.1 | Filing Dispositive Motions | November 13, 2023 | August 9, 2024 |
| | Joint Proposed Pretrial Order, Proposed Verdict Form, Proposed Jury Instructions, Proposed Voir Dire Questions, and Motions in Limine | March 11, 2024 | October 25, 2024 |
| | Pretrial Conference (Video) | April 8, 2024 at 10:00 a.m. CT / 11:00 a.m. ET | November 25, 2024 |
| LPR 6.2 | Trial | April 22, 2024 | December 9, 2024 |

Public Version

Public Version

# EXHIBIT F

Public Version

| | |
|---|---|
| **From:** | James Wald <JWald@sheppardmullin.com> |
| **Sent:** | Tuesday, March 28, 2023 11:20 AM |
| **To:** | Sweeney, Dianne L.; Robert Masters |
| **Cc:** | Stanton, David; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. |
| **Subject:** | RE: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dianne,

Thank you for forwarding Akoustis' proposal.

We appreciate Akoustis' request to show Qorvo's Confidential Second Amended Complaint ("Confidential SAC") to its personnel to investigate and defend this case. At the same time, Qorvo has a legitimate business need to restrict further access to its trade secrets, especially given that Akoustis is a competitor accused of misappropriation.

To help balance the parties' respective interests concerning Qorvo's trade secrets, we propose the following:

1. Akoustis can share the Confidential SAC with its Board and management (specifically meaning those persons identified on our website as Board or Management team members)

   **Qorvo's Response:** Disclosing Qorvo's trade secret information with Akoustis' entire eight-person Board along with an undisclosed number of management personnel places too much risk on Qorvo while Akoustis further disseminates Qorvo's trade secret information. Furthermore, the majority (if not all) of the management team is involved in competitive decision making roles at Akoustis. Qorvo is also concerned because of the evidence implicating Jeff Shealy (Director and CEO), David Aichele (Executive VP Business Development) and Mary Winters (Executive VP Fab and Corporate Operations) in the mis-use of Qorvo's trade secrets.

   However, Qorvo is willing to permit Akoustis' Audit Committee or a three-member committee to review the Confidential SAC and then advise the rest of the Board as necessary. Qorvo will need to approve the names of the specific Board and/or Board committee members in advance of disclosure.

   As for Akoustis management, Qorvo is agreeable to have up to three managers (other than Shealy, Aichele, and Winters) identified and approved in advance with reviewing the Confidential SAC, including Qorvo's General Counsel. Shealy, Aichele and Winters can see SAC to the extent permitted by the Protective Order (sect. 8.5.b).

   Prior to disclosure, each approved board member and management officer must sign the Protective Order acknowledgement.

2. Akoustis can also share relevant portions of the Confidential SAC with persons identified therein or any person counsel for Akoustis has identified as a 30(b)(6) witness

   **Qorvo's Response:** Protective Order section 8.b.5 allows Akoustis to share relevant portions of the Confidential SAC with any person who created or recorded the designated Document and any person

who ████████████ Public Version ████████████ ed to testify under 30(b)(6) should not be allowed to review the Confidential SAC, regardless of the category in which the witness is designated to testify, and regardless of whether that person has previously seen Qorvo's trade secret information. In sum, Qorvo believes that the Protective Order (section 8.b.5) provides Akoustis with the ability to prepare a defense without further compromising Qorvo's position.

3.  Separate from the general provision in the Protective Order that any person who created or received a document in the ordinary course can see the document in the litigation (whether confidential or AEO), Akoustis can also show or discuss with a person at Akoustis any relevant portion(s) of the Confidential SAC if, and only if, counsel for Akoustis has a good-faith belief that this person has relevant information about one or more portions of the Confidential SAC

    As discussed today, this provision is intended to cover those persons, if any, who may have received information that Qorvo contends is confidential or AEO outside of an email or other trackable document trail (e.g., information discussed in a meeting, in a conversation with a co-worker)

    **Qorvo's Response:**  Allowing Akoustis to show relevant portion(s) of the Confidential SAC to an open-ended and unknown number of potential witnesses that it may identify during witness interviews raises a number of concerns for Qorvo, regardless of the requirement for Akoustis counsel's good-faith belief that the Akoustis employee has relevant information.  Qorvo cannot agree to such an open-ended disclosure as proposed because it allows its trade secrets to be further distributed within the company.  If that person has previously seen Qorvo's trade secret documents, then the Protective Order applies.  Qorvo cannot agree to further disseminating its trade secrets to an open-ended number of personnel at its competitor; however, Akoustis can have general discussions with such other persons without disclosing the substance of Qorvo's trade secrets. Otherwise, Qorvo will consider additional persons (if any) on an as-needed basis.

4.  Akoustis may also share the Confidential SAC with other retained outside counsel (e.g., its corporate counsel)

    **Qorvo's Response:**  Akoustis' website indicates that its outside counsel is "K&L Gates," a firm which has approximately two thousand lawyers.  *See* [FAQ :: Akoustis Technologies, Inc. (AKTS)](#).  Please confirm you are referring to K&L Gates and whether you wish to disclose the SAC to one or more attorneys with K&L Gates. If you are referring to K&L Gates, Qorvo will not object and permit disclosure per your request and subject to points 5 and 6 below.  If not K&L Gates, Qorvo will re-consider once it knows who is corporate counsel.

5.  Qorvo agrees that all exchanges of information contained in the Confidential SAC and its exhibits would be under the terms/conditions of the Protective Order.

6.  Qorvo agrees that all persons reviewing or otherwise receiving confidential information would need to sign a form agreeing to abide by the terms of the Protective Order.

Please review our counterproposal with Akoustis and let us know if we are able to narrow any of these issues.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600

Los Angeles,  CA 90067-
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Public Version

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Wednesday, March 22, 2023 5:22 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** RE: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Rob – Further to our call yesterday, below is our revised proposal on the use of the SAC with Akoustis.

**Proposal to Allow Counsel for Akoustis to Share the SAC with Akoustis so Akoustis can Investigate and Preparation its Defense:**  As discussed, the SAC is a fundamental shift in the nature and scope of Qorvo's claims.  Akoustis needs to be in a position to share the unredacted SAC and its exhibits (excluding those few exhibits produced and designated by Qorvo) (collectively, the "Confidential SAC") with our clients so that we can, in turn, advise our client, investigate and analyze the claims and marshal our defense (including interviewing witnesses).

While we continue to be of the view that the SAC should not be sealed or redacted, we hear Qorvo's continued view that the Confidential SAC is properly designated as AEO.  In an effort to avoid that dispute and allow Akoustis to review and investigate your claims, we propose the resolution below.  Please note that we have removed the prior generic reference to 10 persons and have provided a further description of who the information can be shared with (clearly, there may be others but we will raise those at a later date as appropriate):

1. Akoustis can share the Confidential SAC with its Board and management (specifically meaning those persons identified on our website as Board or Management team members)

    2. Akoustis can also share relevant portions of the Confidential SAC with persons identified therein or any person counsel for Akoustis has identified as a 30(b)(6) witness

    3. Separate from the general provision in the Protective Order that any person who created or received a document in the ordinary course can see the document in the litigation (whether confidential or AEO), Akoustis can also show or discuss with a person at Akoustis any relevant portion(s) of the Confidential SAC if, and only if, counsel for Akoustis has a good-faith belief that this person has relevant information about one or more portions of the Confidential SAC

    As discussed today, this provision is intended to cover those persons, if any, who may have received information that Qorvo contends is confidential or AEO outside of an email or other trackable document trail (e.g., information discussed in a meeting, in a conversation with a co-worker)

    4. Akoustis may also share the Confidential SAC with other retained outside counsel (e.g., its corporate counsel)

    5. All the above exchange would be under the terms/conditions of the Protective Order

    6. All persons involved would sign the Protective Order

    7. This gives Qorvo the assurance that the information remains covered by the Protective Order and allows Akoustis to prepare its defense

Please review this w███████████████████ Public Version ████████████

Thanks,  Dianne

**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

---

**From:** Sweeney, Dianne L.
**Sent:** Tuesday, March 21, 2023 10:08 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; 'jwald@sheppardmullin.com' <jwald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Rob – Thank you and James for your time today.  It was a helpful discussion.  We are working on a proposal as to who at Akoustis can see the SAC Complaint and expect to review that further with our client tomorrow.

In terms of immediate action items, there are two, which are further described below :  (1) you asked that we agree to your proposal to resolve our pending motion to unseal the SAC and, as noted below, we agree and (2) we ask that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately.  We can then discuss the schedule more broadly and hopefully reach a compromise.  We have provided a proposed schedule below.

1. **Motion to Unseal—Public Viewing of SAC and Answer**:  In terms of your desire to revisit our pending motion to unseal on the basis that Qorvo will now agree to the redactions proposed by Akoustis in the parties' earlier meet and confer (specifically, the redactions we proposed on February 17, 2023 at 1:21 p.m. (Ex. 1 to the Motion to Seal), Akoustis agrees to this request.  Please prepare a notice to the Court advising of the resolution and we will review.  Please also confirm that there are no further redactions to our answer to the SAC (which we assume is not an issue) so that we can close out the public redaction issues.

2. **Scheduling Conference Request**:  For purposes of today, we ask only that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately.  This is the process that was originally contemplated by the parties in the joint case management conference statement.  While Akoustis stated at that time that further time would be needed on the prior complaint, this need has now significantly expanded because of Qorvo's recent filing of a SAC which, as discussed, is essentially a new case.

   As detailed in the earlier message to Jon and Steve's call to Jeremy last week (3/17), we believe the schedule needs to be substantially revised to allow for discovery of the non-patent claims.

   Once we have that date, we would like to meet/confer on a schedule.  Below is a rough cut at the schedule (which we have not yet reviewed with our client).  As discussed today, my rationale for the new fact discovery cutoff is that it is 12 months from the time of filing of the SAC to complete discovery on what is a new set of claims.  In reality, that number is now less than 11 months and we still can't discuss these claims with our Board or management much less the identified witnesses.  The trial date adjustment is 7.5 months.

Public Version

We are available to discuss any questions or concerns on these issues tomorrow (Wednesday).

Thanks,  Dianne

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | Proposed Date for both Patent and Non-Patent Claims |
|---|---|---|---|
| CCCR Triggers Standard Patent Local Rule Schedule | Court's Claim Construction Ruling (CCCR) | March 15, 2023 | |
| LPR 3.8(a) | Final Infringement Contentions | April 24, 2023 | June 1, 2023 |
| LPR 3.8(b) | Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions | April 24, 2023 | June 1, 2023 |
| LPR 4.7 | Close of Fact Discovery | May 10, 2023 | February 29, 2024 |
| LPR 4.7 | Status Conference (Video) | May 10, 2023 at 10:00 a.m. CT / 11:00 a.m. ET | Same, no change |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | May 25, 2023 | Same, no change |
| LPR 5.1(b) | Initial Expert Witness Disclosures | June 9, 2023 | March 15, 2024 |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | July 31, 2023 | May 31, 2024 |
| LPR 5.2 | Completion of Depositions of Experts | October 2, 2023 | June 28, 2024 |
| LPR 6.1 | Filing Dispositive Motions | November 13, 2023 | August 9, 2024 |
| | Joint Proposed Pretrial Order, Proposed Verdict Form, Proposed Jury Instructions, Proposed Voir Dire Questions, and Motions in Limine | March 11, 2024 | October 25, 2024 |

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | for both Patent and Non-Patent Claims |
|---|---|---|---|
| | Pretrial Conference (Video) | April 8, 2024 at 10:00 a.m. CT / 11:00 a.m. ET | November 25, 2024 |
| LPR 6.2 | Trial | April 22, 2024 | December 9, 2024 |

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Public Version

# EXHIBIT G

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Thursday, April 6, 2023 5:37 PM |
| **To:** | 'Jonathan DeFosse'; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Cc:** | Stanton, David; Roozen, Theresa A.; Rose, Meri L.; Selness, Ryan; 'Steve B. Brauerman'; JTigan@morrisnichols.com |
| **Subject:** | RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents |

Hi Jon –

I assume that you are referring to the Akoustis produced documents attached to the Second Amended Complaint (SAC).

For the reasons previously discussed, we believe that it is in both clients' interest to see the SAC (without redactions) and all exhibits.  Accordingly, we hereby de-designate all Akoustis documents attached to the SAC to CONFIDENTIAL.

We believe that Qorvo should also undertake the same analysis as to those SAC exhibits that it designated as AEO which includes documents that are nearly 8 years old.  These documents do not meet the narrow exception contemplated by Section 5 of the Protective Order.

Thanks,  Dianne

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, April 5, 2023 4:58 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - AEO Designations on Misappropriated Qorvo Documents

Dear Ryan, Dianne-

Many of the Qorvo documents that have been produced from Akoustis's files in this litigation have been designated as "Attorneys Eyes Only" materials.  We would like to share these Qorvo files with Qorvo.  Could you please verify that Akoustis does not oppose sharing Qorvo files with Qorvo even if Akoustis has designated those documents as AEO materials?

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Public Version

# EXHIBIT H

Public Version

| | |
|---|---|
| **From:** | Jonathan DeFosse <JDeFosse@sheppardmullin.com> |
| **Sent:** | Tuesday, April 18, 2023 11:24 AM |
| **To:** | Sweeney, Dianne L.; Roy Jung; JTigan@morrisnichols.com; LegalTm-Qorvo-Akoustis |
| **Cc:** | Stanton, David; Selness, Ryan; Rivaux, Shani; Roozen, Theresa A.; Steve B. Brauerman; Rose, Meri L. |
| **Subject:** | RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hi Dianne-

Thank you for your email.

1. As I have stated before, your assertions about allowing Akoustis review Qorvo's trade secrets internally are not well-taken. Designating trade secret information as AEO is not even remotely a "misuse" of the Protective Order.

2. Unfortunately, your response on the Qorvo materials produced from Akoustis's files is not helpful.  Akoustis has systematically designated large numbers of Qorvo documents as AEO, preventing Qorvo from reviewing its own documents. To fix this systematic mis-designation, we have asked that Akoustis agree to allow us to share Qorvo documents with Qorvo. Frankly, that request should be uncontroversial.  Instead of agreeing, Akoustis is now asking us to review and catalog every Qorvo document we would like to re-designate—a burden that would not have existed had Akoustis properly designated the documents in the first place.  This raises at least two serious issues.  First, Akoustis is improperly using its AEO designations as a way to track the Qorvo documents counsel identifies as potentially relevant. Second, Akoustis is shifting the cost of applying proper designations to Qorvo.

Please let me know if Akoustis will re-consider its position on whether Qorvo documents produced from Akoustis files can be shared with Qorvo even if Akoustis has designated those materials AEO. If not, please let me know whether you are available for a meet-and-confer on Thursday, April 20, 2023.

Best Regards,
Jon

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Tuesday, April 18, 2023 11:21 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>;
JTigan@morrisnichols.com; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>
**Subject:** FW: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Thanks Jon.  As an initial matter, let me clarify our position, we are not suggesting some sort of exchange, we simply continue to believe that Qorvo has taken an overly broad position on the Second Amended Complaint (SAC) that is extremely prejudicial to Akoustis.  Putting aside that Qorvo has not established that either the allegations or the exhibits to the SAC are trade secrets, Akoustis must be able to see the allegations and related exhibits to understand the nature of the claims.  How else can Akoustis make decisions, conduct/respond to discovery or ultimately answer the allegations

against it?  It is undi█████████████████████████Public Version█████████████████████████o Qorvo.  In these circumstances, it hardly seems that there is anything particularly new about Akoustis seeing the very same documents or general descriptions of those documents under the constraints of the Protective Order.  Rather, it seems that Qorvo is misusing the protective order to frustrate our analysis and defense.  In any case, as the parties have reached an impasse, we will proceed to file a motion to allow the Court to address the issue.

As to your broader question, we have no general objection to de-designating documents to "confidential" as we believe both clients need to see these materials.  I note under the Protective Order that we need to list the specific documents we are agreeing to de-designate.  Please send us a list of the items you want us to de-designate and we will review and get back to you.  Also, as to the SAC, we will document that de-designation and send that over to you this week.

Thanks,  Dianne

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, April 7, 2023 7:15 AM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; JTigan@morrisnichols.com
**Subject:** RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Hi Dianne-

Thank you for your email.  Unfortunately, it does not really address the request I was trying to make, so let me see if I can be more articulate.

Within Akoustis's production of documents, there are a large number of Qorvo files.  This is not limited to the exhibits to the SAC.  Identifying these documents is fairly straight-forward.  Typically, the documents have Qorvo's name or logo, often accompanied by an indication that the document is confidential.  In producing those Qorvo documents in this litigation, Akoustis has designated the documents as Attorneys' Eyes Only, which effectively prevents Qorvo from accessing its own documents.  My assumption is that those designations are simply oversights—i.e., that Akoustis does not truly intend to prevent Qorvo from accessing its own documents.  As such, my request was that the parties agree that any Qorvo document that Akoustis produced in this litigation can be shared with Qorvo despite the AEO designations Akoustis has placed on those documents.  This would not be limited to the exhibits to the SAC.

Your attempt to tie this issue to Qorvo's SAC designations is not well-taken.  Qorvo has properly designated confidential documents containing Qorvo trade secrets as AEO.  Allowing Akoustis—a party with a history of stealing and misusing Qorvo's trade secrets—to access those confidential documents is not even remotely the "same analysis" as verifying that Qorvo can access its own documents.  The assertion that a document is no longer confidential and does not contain trade secrets when it is "8 years old" is also meritless.

Best Regards,
Jon

**From:** Swee ████████████████████████████ Public Version
**Sent:** Thursday, April 6, 2023 6:37 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>;
LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>;
JTigan@morrisnichols.com
**Subject:** RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Hi Jon –

I assume that you are referring to the Akoustis produced documents attached to the Second Amended
Complaint (SAC).

For the reasons previously discussed, we believe that it is in both clients' interest to see the SAC
(without redactions) and all exhibits.  Accordingly, we hereby de-designate all Akoustis documents
attached to the SAC to CONFIDENTIAL.

We believe that Qorvo should also undertake the same analysis as to those SAC exhibits that it
designated as AEO which includes documents that are nearly 8 years old.  These documents do not meet
the narrow exception contemplated by Section 5 of the Protective Order.

Thanks,  Dianne


**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, April 5, 2023 4:58 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>;
Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - AEO Designations on Misappropriated Qorvo Documents

Dear Ryan, Dianne-

Many of the Qorvo documents that have been produced from Akoustis's files in this litigation have been
designated as "Attorneys Eyes Only" materials.  We would like to share these Qorvo files with
Qorvo.  Could you please verify that Akoustis does not oppose sharing Qorvo files with Qorvo even if
Akoustis has designated those documents as AEO materials?

Best Regards,
Jon


**Jonathan DeFosse**
**SheppardMullin** | Washington
+1 202-747-1932 | ext. 21932

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT I

**Sweeney, Dianne**

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Thursday, April 20, 2023 5:31 PM |
| **To:** | Jonathan DeFosse; Roy Jung; JTigan@morrisnichols.com; LegalTm-Qorvo-Akoustis |
| **Cc:** | Stanton, David; Selness, Ryan; Rivaux, Shani; Roozen, Theresa A.; Steve B. Brauerman; Rose, Meri L. |
| **Subject:** | RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents |

Jon –

In response to your email on Tuesday afternoon, we strongly disagree with your views on allowing Akoustis to see the SAC including the very exhibits that Akoustis produced to Qorvo. Qorvo's position creates a very serious due process concern as Akoustis must know what these allegations are in order to do a host of things from marshalling a defense to responding to Qorvo's discovery. Respectfully, you have not met your burden to identify any future harm and, of course, we are a long way from anything being determined to be a trade secret. Separately, you have an obligation to identify the trade secrets to Akoustis in the ordinary course. As noted earlier this week, we are unfortunately at an impasse (and clearly remain so) and we will proceed accordingly.

On your second point, as you may not be aware, we designated the documents AEO per the parties' meet and confer discussions. Accordingly, your suggestion that these were mis-designated or that we are trying to track your actions (or create a burden for Qorvo) is simply wrong. Additionally, last week you specifically told me that "[i]dentifying these documents is fairly straight-forward" so how then are we gaining some tracking advantage? Qorvo is required to tell us what its claims are and we have pending discovery requests that require you to supplement and make those exact disclosures.

In any case, I have unfortunately been underwater on other matters for the last few days so I apologize that I was not available to meet and confer today. I do see that you just sent over a list of the information that you would like re-designated to "Confidential". It looks like there are quite a few documents on the list. We will work on responding to that request promptly and try to get that done next week (although I expect it will take longer than 1 or 2 business days).

Thanks,  Dianne

---

From: Jonathan DeFosse <JDeFosse@sheppardmullin.com>
Sent: Tuesday, April 18, 2023 9:24 AM
To: Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>;
JTigan@morrisnichols.com; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
Cc: Stanton, David <david.stanton@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
Subject: RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Hi Dianne-

Thank you for your email.

1. As I have stated before, your assertions about allowing Akoustis review Qorvo's trade secrets internally are not well-taken. Designating trade secret information as AEO is not even remotely a "misuse" of the Protective Order.

2. Unfortunately, your response on the Qorvo materials produced from Akoustis's files is not helpful. Akoustis has systematically designated large numbers of Qorvo documents as AEO, preventing Qorvo from reviewing its own documents. To fix this systematic mis-designation, we have asked that Akoustis agree to allow us to share Qorvo

Public Version

documents with Qorvo. Frankly, that request should be uncontroversial. Instead of agreeing, Akoustis is now asking us to ███████████████████████████████████ den that would not have existed had Akoustis properly designated the documents in the first place. This raises at least two serious issues. First, Akoustis is improperly using its AEO designations as a way to track the Qorvo documents counsel identifies as potentially relevant. Second, Akoustis is shifting the cost of applying proper designations to Qorvo.

Please let me know if Akoustis will re-consider its position on whether Qorvo documents produced from Akoustis files can be shared with Qorvo even if Akoustis has designated those materials AEO. If not, please let me know whether you are available for a meet-and-confer on Thursday, April 20, 2023.

Best Regards,
Jon

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Tuesday, April 18, 2023 11:21 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; JTigan@morrisnichols.com; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** FW: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Thanks Jon. As an initial matter, let me clarify our position, we are not suggesting some sort of exchange, we simply continue to believe that Qorvo has taken an overly broad position on the Second Amended Complaint (SAC) that is extremely prejudicial to Akoustis. Putting aside that Qorvo has not established that either the allegations or the exhibits to the SAC are trade secrets, Akoustis must be able to see the allegations and related exhibits to understand the nature of the claims. How else can Akoustis make decisions, conduct/respond to discovery or ultimately answer the allegations against it? It is undisputed that these are documents that Akoustis has had for years and produced to Qorvo. In these circumstances, it hardly seems that there is anything particularly new about Akoustis seeing the very same documents or general descriptions of those documents under the constraints of the Protective Order. Rather, it seems that Qorvo is misusing the protective order to frustrate our analysis and defense. In any case, as the parties have reached an impasse, we will proceed to file a motion to allow the Court to address the issue.

As to your broader question, we have no general objection to de-designating documents to "confidential" as we believe both clients need to see these materials. I note under the Protective Order that we need to list the specific documents we are agreeing to de-designate. Please send us a list of the items you want us to de-designate and we will review and get back to you. Also, as to the SAC, we will document that de-designation and send that over to you this week.

Thanks, Dianne

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, April 7, 2023 7:15 AM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; JTigan@morrisnichols.com
**Subject:** RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Hi Dianne-

Thank you for your email.  Unfortunately, it does not really address the request I was trying to make, so let me see if ███████████████ Public Version ███████████████

Within Akoustis's production of documents, there are a large number of Qorvo files.  This is not limited to the exhibits to the SAC.  Identifying these documents is fairly straight-forward.  Typically, the documents have Qorvo's name or logo, often accompanied by an indication that the document is confidential.  In producing those Qorvo documents in this litigation, Akoustis has designated the documents as Attorneys' Eyes Only, which effectively prevents Qorvo from accessing its own documents.  My assumption is that those designations are simply oversights—i.e., that Akoustis does not truly intend to prevent Qorvo from accessing its own documents.  As such, my request was that the parties agree that any Qorvo document that Akoustis produced in this litigation can be shared with Qorvo despite the AEO designations Akoustis has placed on those documents.  This would not be limited to the exhibits to the SAC.

Your attempt to tie this issue to Qorvo's SAC designations is not well-taken.  Qorvo has properly designated confidential documents containing Qorvo trade secrets as AEO.  Allowing Akoustis—a party with a history of stealing and misusing Qorvo's trade secrets—to access those confidential documents is not even remotely the "same analysis" as verifying that Qorvo can access its own documents.  The assertion that a document is no longer confidential and does not contain trade secrets when it is "8 years old" is also meritless.

Best Regards,
Jon

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Thursday, April 6, 2023 6:37 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; JTigan@morrisnichols.com
**Subject:** RE: Qorvo v. Akoustis - AEO Designations on Allegedly Misappropriated Qorvo Documents

Hi Jon –

I assume that you are referring to the Akoustis produced documents attached to the Second Amended Complaint (SAC).

For the reasons previously discussed, we believe that it is in both clients' interest to see the SAC (without redactions) and all exhibits.  Accordingly, we hereby de-designate all Akoustis documents attached to the SAC to CONFIDENTIAL.

We believe that Qorvo should also undertake the same analysis as to those SAC exhibits that it designated as AEO which includes documents that are nearly 8 years old.  These documents do not meet the narrow exception contemplated by Section 5 of the Protective Order.

Thanks,  Dianne

**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

**From:** Jonat███████████████████████ Public Version
**Sent:** Wednesday, April 5, 2023 4:58 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - AEO Designations on Misappropriated Qorvo Documents

Dear Ryan, Dianne-

Many of the Qorvo documents that have been produced from Akoustis's files in this litigation have been designated as "Attorneys Eyes Only" materials.  We would like to share these Qorvo files with Qorvo.  Could you please verify that Akoustis does not oppose sharing Qorvo files with Qorvo even if Akoustis has designated those documents as AEO materials?

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT J

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 47-113)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants") Second Set of Requests for Production (Nos. 47-113) (collectively, the "Requests," and each, individually, a "Request").

## GENERAL RESERVATIONS AND OBJECTIONS

Qorvo generally objects to Defendants' Requests as follows. These general objections shall be incorporated by reference into each response below.

1.     Qorvo's responses are made solely for the purpose of this action.

2.     Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing.  By making the accompanying responses and objections to Defendants' Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, proportionality,

materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.      Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.      Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.      Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.      Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document,

- 2 -

or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

10.      Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.      Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they

Public Version

seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties.  Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.     Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.     Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.     Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.     Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.     Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

## **GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS**

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

Public Version

## <u>CERTIFICATE OF SERVICE</u>

I certify that counsel of record is being served on April 25, 2023, with a copy of this document via email.

<u>/s/ Ronald P. Golden III</u>
Ronald P. Golden III (#6254)
