

600 N. King Street • Suite 400           Writer's Direct Access:
P.O. Box 25130 • Wilmington, DE 19801            (302) 429-4232
Zip Code For Deliveries 19801       Email: sbrauerman@bayardlaw.com

May 9, 2023

**VIA CM/ECF**

Honorable Jon Phipps McCalla
Odell Horton Federal Building
167 North Main Street
Chambers Room 942
Memphis, TN 38103

RE:   *Qoorvo, Inc. v. Akoustis Technologies, Inc., et al.*, C.A. No. 21-1417-JPM

Dear Judge McCalla:

In advance of the scheduling hearing this Wednesday, May 10, 2023, the parties submit this joint letter.

This letter follows the previous scheduling hearing of April 3, 2023 and the Amended Scheduling Order dated April 5, 2023 ("ASO") regarding that hearing (ECF No. 178).

At the hearing on April 3, 2023, the Court indicated that it would revisit the scheduling issues in the case, after the parties exchanged their Initial Disclosures for Non-Patent Issues and the Plaintiff's Identification of Trade Secrets. (*See* Hearing Tr. Dated Apr. 4, 2023 at 39:22-23 ("then when we get together on the 10th, we will look at the remainder of the schedule").)

*Summary of Akoustis' Position on the Proposed Schedule*:

During the hearing on April 3, Akoustis notified the Court that the parties were essentially dealing with a new case because Qorvo's Second Amended Complaint ("SAC"), filed in February, alleged new trade secret, RICO, and civil conspiracy claims, including more than 85 trade secrets, as to which discovery had just begun but was significantly hindered by Qorvo's designation of its trade secret allegations, including documents produced by Akoustis, as Attorneys' Eyes Only ("AEO") under the parties' Protective Order.  Separately, Akoustis advised the Court that Qorvo was just beginning its productions due to the staging of discovery.

Further to the Court's order, Qorvo has undertaken some of the initial obligations triggered by its new allegations including producing approximately 560,000 more pages and identifying 22 new witnesses to satisfy its Rule 26(a)(1) disclosure obligations.  These new claims of the SAC and

**BAYARD**

May 9, 2023
Page 2

Qorvo's supplemental initial disclosures trigger extensive new discovery in addition to the significant issues with discovery more generally applicable to this case, including:

- Akoustis cannot review Qorvo's trade secret allegations, the trade secret identification, or even various Akoustis-produced documents.  Akoustis has filed a motion regarding access to the SAC, which will not be fully briefed until late May.  Akoustis may need to file a separate motion as to the AEO designation of the trade secret identification and other AEO documents at the heart of this case.

- Akoustis needs a reasonable time to review and analyze the 561,000 pages Qorvo has produced over the past few weeks in connection with its Rule 26(a) disclosure as well as review the documents responsive to Akoustis' discovery requests that have not yet been produced.

- As part of its new claims, Qorvo identified 22 new witnesses that may need to be deposed, many of whom have not yet been included as document custodians.  Further written and document discovery relative to these newly identified witnesses is necessary before these witnesses can be deposed.

- Akoustis is filing a motion to compel on certain document requests this week and the parties are currently meeting/conferring about various discovery issues:

    o Qorvo has not completed its production of materials in response to Akoustis' discovery requests, and the open issues on Qorvo's pending RFP responses include keyword searches, document custodians, and Qorvo's refusal to produce documents responsive to damages RFPs, including requests for Qorvo's agreements reflecting the use or valuation of the allegedly confidential information at issue;

    o Deficient responses to various interrogatories, including those related to steps that Qorvo allegedly took to maintain the confidentiality of its allegedly confidential information and the factual bases, if any, of Qorvo's alleged damages; and

    o Qorvo's refusal to admit, in response to various RFAs, that they have produced all Qorvo documents that Qorvo knows support various allegations of its complaint.

Akoustis expects Court intervention will likely be required over the next 30-60 days to address the pending issues, exclusive of the new information provided by Qorvo or Qorvo's request earlier this week for a forensic examination of Akoustis files—a serious undertaking between two competitors that Akoustis has only begun to analyze.

Akoustis had hoped to propose a leaner schedule than discussed at the prior conference, but the pervasive discovery issues prevent such a streamlined request.  Conducting discovery on this volume of trade secrets (and related claims) with 22 new witnesses is a herculean task to complete by February—made all the more complicated by the issues outlined above.



May 9, 2023
Page 3

*Qorvo's Position on the Proposed Schedule:*

Qorvo believes that this case will be ready for trial by April 22, 2024, as set forth in the Amended Scheduling Order (D.I. 178). Further, Qorvo believes that the close of fact discovery should be set for August 10, 2023, which is one month later than the deadline in the Amended Scheduling Order.

Akoustis's efforts to postpone the trial until December 2024 are neither reasonable nor justified. Qorvo filed this case 17 months ago (in October 2021) to stop improper conduct of a direct competitor, including patent infringement, unfair competition, and false advertising. During the course of discovery, Qorvo uncovered substantial evidence that Akoustis had stolen hundreds of Qorvo's internal confidential documents and was actively using the trade secrets from those documents to make and sell competing products. Under these circumstances—where Qorvo continues to suffer harm in the marketplace—it is critical to Qorvo that the case move toward resolution.

Akoustis argues that "extensive" remaining discovery requires postponing the close of fact discovery until February 2024. Qorvo respectfully disagrees. Document discovery has been ongoing for more than 12 months and is at an advanced stage nearing completion. While both parties still need to produce additional materials, there is no reason the remaining document production activities should linger beyond July 2022. Qorvo agrees that the parties may need a short extension—until August 10, 2023—to complete depositions. But postponing the close of fact discovery until February 2024 is excessive and an invitation to the parties to incur massive additional discovery expenses that should be avoided.

Akoustis also argues that the Court should postpone the close of fact discovery because Akoustis plans to file a large number of motions concerning discovery disputes. Qorvo disagrees that there are legitimate grounds to file any such discovery motions. But, to the extent discovery disputes do arise, such disputes can be handled in the normal course and do not justify a massive extension of fact discovery.

Finally, Akoustis argues that discovery should be extended because "Akoustis cannot review Qorvo's trade secret allegations." That assertion is simply incorrect. As is standard in any trade secret case between competitors, Qorvo has designated documents reflecting its trade secrets as "Attorneys Eyes Only." Under the governing Protective Order (D.I. 57), Akoustis is still entitled to share those documents with any Akoustis employees who previously received the documents—i.e., the employees who are allegedly involved in the misappropriation. Additionally, Qorvo has consented to allowing Akoustis to share the AEO materials with (i) three members of Akoustis's management team, including Akoustis's General Counsel; (ii) three members of Akoustis's Board of Directors; and (iii) Akoustis's outside corporate counsel (in addition to Akoustis's litigation counsel). As such, the assertion that the case schedule must be delayed because "Akoustis cannot review Qorvo's trade secret allegations" lacks merit.



May 9, 2023
Page 4

*Summary of the Parties' Positions on the Proposed Schedule*:

| Patent Rule (W.D. Tenn.) | Item | Date Amended Scheduling Order | Qorvo Proposed Date for All Claims | Akoustis Proposed Date for Both Patent and Non-Patent Claims |
|---|---|---|---|---|
| LPR 3.8(a) | Final Infringement Contentions | June 15, 2023 | June 15, 2023 | June 15, 2023 |
| LPR 3.8(b) | Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions | June 15, 2023 | June 15, 2023 | June 15, 2023 |
| LPR 4.7 | Close of Fact Discovery | July 10, 2023 | August 10, 2023 | February 29, 2024 |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | July 25, 2023 | July 25, 2023 | July 25, 2023 |
| LPR 5.1(b) | Initial Expert Witness Disclosures | August 10, 2023 | September 11, 2023 | March 15, 2024 |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | September 11, 2023 | October 11, 2023 | May 31, 2024 |
| LPR 5.2 | Completion of Depositions of Experts | October 16, 2023 | November 13, 2023 | June 28, 2024 |
| LPR 6.1 | Filing Dispositive Motions | November 13, 2023 | November 30, 2023 | August 9, 2024 |
|  | Joint Proposed Pretrial Order, Proposed Verdict Form, Proposed Jury Instructions, Proposed Voir Dire Questions, and Motions in Limine | March 25, 2024 | Same, no change | October 25, 2024 |



May 9, 2023
Page 5

| Patent Rule (W.D. Tenn.) | Item | Date Amended Scheduling Order | Qorvo Proposed Date for All Claims | Akoustis Proposed Date for Both Patent and Non-Patent Claims |
|---|---|---|---|---|
|  | Pretrial Conference (Video) | April 8, 2024 at 10:00 a.m. CT / 11:00 a.m. ET | Same, no change | November 25, 2024 |
| LPR 6.2 | Trial | April 22, 2024 | Same, no change | December 9, 2024 |

Sincerely,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman

cc:   counsel of record