# Exhibit A

# Roy Jung

| | |
|---|---|
| **From:** | Sweeney, Dianne L. <dianne@pillsburylaw.com> |
| **Sent:** | Saturday, April 1, 2023 6:26 PM |
| **To:** | Robert Masters; James Wald |
| **Cc:** | Sweeney, Dianne L.; Stanton, David; Jakopin, David A.; Steve B. Brauerman; JTigan@morrisnichols.com |
| **Subject:** | FW: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference |

Rob and James -- Thank you again for the call earlier this week to further discuss our ability to share the SAC with our client. I apologize for not sending this earlier in the week, I was pulled away for a family issue. In any case, as discussed, I viewed the issue at impasse because, among other things, blocking our management team from seeing these allegations and related exhibits is not a workable solution.

We will proceed to raise this issue with the Court but appreciate the discussion.

Thanks, Dianne

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, March 28, 2023 9:20 AM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** RE: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Dianne,

Thank you for forwarding Akoustis' proposal.

We appreciate Akoustis' request to show Qorvo's Confidential Second Amended Complaint ("Confidential SAC") to its personnel to investigate and defend this case. At the same time, Qorvo has a legitimate business need to restrict further access to its trade secrets, especially given that Akoustis is a competitor accused of misappropriation.

To help balance the parties' respective interests concerning Qorvo's trade secrets, we propose the following:

1. <span style="color:red">Akoustis can share the Confidential SAC with its Board and management (specifically meaning those persons identified on our website as Board or Management team members)</span>

    **Qorvo's Response:** Disclosing Qorvo's trade secret information with Akoustis' entire eight-person Board along with an undisclosed number of management personnel places too much risk on Qorvo while Akoustis further disseminates Qorvo's trade secret information. Furthermore, the majority (if not all) of the management team is involved in competitive decision making roles at Akoustis. Qorvo is also concerned because of the evidence implicating Jeff Shealy (Director and CEO), David Aichele (Executive VP Business Development) and Mary Winters (Executive VP Fab and Corporate Operations) in the mis-use of Qorvo's trade secrets.

However, Qorvo is willing to permit Akoustis' Audit Committee or a three-member committee to review the Confidential SAC and then advise the rest of the Board as necessary. Qorvo will need to approve the names of the specific Board and/or Board committee members in advance of disclosure.

As for Akoustis management, Qorvo is agreeable to have up to three managers (other than Shealy, Aichele, and Winters) identified and approved in advance with reviewing the Confidential SAC, including Qorvo's General Counsel. Shealy, Aichele and Winters can see SAC to the extent permitted by the Protective Order (sect. 8.5.b).

Prior to disclosure, each approved board member and management officer must
sign the Protective Order acknowledgement.

2. Akoustis can also share relevant portions of the Confidential SAC with persons identified therein or any person counsel for Akoustis has identified as a 30(b)(6) witness

   **Qorvo's Response:** Protective Order section 8.b.5 allows Akoustis to share relevant portions of the Confidential SAC with any person who created or recorded the designated Document and any person who has previously seen the designated Document. A witness or witnesses designated to testify under 30(b)(6) should not be allowed to review the Confidential SAC, regardless of the category in which the witness is designated to testify, and regardless of whether that person has previously seen Qorvo's trade secret information. In sum, Qorvo believes that the Protective Order (section 8.b.5) provides Akoustis with the ability to prepare a defense without further compromising Qorvo's position.

3. Separate from the general provision in the Protective Order that any person who created or received a document in the ordinary course can see the document in the litigation (whether confidential or AEO), Akoustis can also show or discuss with a person at Akoustis any relevant portion(s) of the Confidential SAC if, and only if, counsel for Akoustis has a good-faith belief that this person has relevant information about one or more portions of the Confidential SAC

   As discussed today, this provision is intended to cover those persons, if any, who may have received information that Qorvo contends is confidential or AEO outside of an email or other trackable document trail (e.g., information discussed in a meeting, in a conversation with a co-worker)

   **Qorvo's Response:** Allowing Akoustis to show relevant portion(s) of the Confidential SAC to an open-ended and unknown number of potential witnesses that it may identify during witness interviews raises a number of concerns for Qorvo, regardless of the requirement for Akoustis counsel's good-faith belief that the Akoustis employee has relevant information. Qorvo cannot agree to such an open-ended disclosure as proposed because it allows its trade secrets to be further distributed within the company. If that person has previously seen Qorvo's trade secret documents, then the Protective Order applies. Qorvo cannot agree to further disseminating its trade secrets to an open-ended number of personnel at its competitor; however, Akoustis can have general discussions with such other persons without disclosing the substance of Qorvo's trade secrets. Otherwise, Qorvo will consider additional persons (if any) on an as-needed basis.

4. Akoustis may also share the Confidential SAC with other retained outside counsel (e.g., its corporate counsel)

   **Qorvo's Response:** Akoustis' website indicates that its outside counsel is "K&L Gates," a firm which has approximately two thousand lawyers. *See* FAQ :: Akoustis Technologies, Inc. (AKTS). Please confirm you are referring to K&L Gates and whether you wish to disclose the SAC to one or more attorneys with K&L Gates. If you are referring to K&L Gates, Qorvo will not object and permit disclosure per your request

      and subject to points 5 and 6 below.  If not K&L Gates, Qorvo will re-consider once it knows who is corporate counsel.

5. Qorvo agrees that all exchanges of information contained in the Confidential SAC and its exhibits would be under the terms/conditions of the Protective Order.

6. Qorvo agrees that all persons reviewing or otherwise receiving confidential information would need to sign a form agreeing to abide by the terms of the Protective Order.

Please review our counterproposal with Akoustis and let us know if we are able to narrow any of these issues.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Sent:** Wednesday, March 22, 2023 5:22 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** RE: Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Rob – Further to our call yesterday, below is our revised proposal on the use of the SAC with Akoustis.

**Proposal to Allow Counsel for Akoustis to Share the SAC with Akoustis so Akoustis can Investigate and Preparation its Defense:**  As discussed, the SAC is a fundamental shift in the nature and scope of Qorvo's claims.  Akoustis needs to be in a position to share the unredacted SAC and its exhibits (excluding those few exhibits produced and designated by Qorvo) (collectively, the "Confidential SAC") with our clients so that we can, in turn, advise our client, investigate and analyze the claims and marshal our defense (including interviewing witnesses).

While we continue to be of the view that the SAC should not be sealed or redacted, we hear Qorvo's continued view that the Confidential SAC is properly designated as AEO.  In an effort to avoid that dispute and allow Akoustis to review and investigate your claims, we propose the resolution below.  Please note that we have removed the prior generic reference to 10 persons and have provided a further description of who the information can be shared with (clearly, there may be others but we will raise those at a later date as appropriate):

1. Akoustis can share the Confidential SAC with its Board and management (specifically meaning those persons identified on our website as Board or Management team members)

    2. Akoustis can also share relevant portions of the Confidential SAC with persons identified therein or any person counsel for Akoustis has identified as a 30(b)(6) witness

    3. Separate from the general provision in the Protective Order that any person who created or received a document in the ordinary course can see the document in the litigation (whether confidential or AEO),

3

> Akoustis can also show or discuss with a person at Akoustis any relevant portion(s) of the Confidential SAC if, and only if, counsel for Akoustis has a good-faith belief that this person has relevant information about one or more portions of the Confidential SAC
>
> As discussed today, this provision is intended to cover those persons, if any, who may have received information that Qorvo contends is confidential or AEO outside of an email or other trackable document trail (e.g., information discussed in a meeting, in a conversation with a co-worker)

4. Akoustis may also share the Confidential SAC with other retained outside counsel (e.g., its corporate counsel)

5. All the above exchange would be under the terms/conditions of the Protective Order

6. All persons involved would sign the Protective Order

7. This gives Qorvo the assurance that the information remains covered by the Protective Order and allows Akoustis to prepare its defense

Please review this with Qorvo and get back to us as soon as possible.

Thanks, Dianne


**Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4046 | f +1.650.233.4545
dianne@pillsburylaw.com | website bio

---

**From:** Sweeney, Dianne L.
**Sent:** Tuesday, March 21, 2023 10:08 PM
**To:** Robert Masters <RMasters@sheppardmullin.com>; 'jwald@sheppardmullin.com' <jwald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; sbrauerman@bayardlaw.com; JTigan@morrisnichols.com; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** Re: Meet & Confer re Akoustis' Motion to Unseal, Use of the SAC by counsel for Akoustis and Scheduling Conference

Rob – Thank you and James for your time today. It was a helpful discussion. We are working on a proposal as to who at Akoustis can see the SAC Complaint and expect to review that further with our client tomorrow.

In terms of immediate action items, there are two, which are further described below : (1) you asked that we agree to your proposal to resolve our pending motion to unseal the SAC and, as noted below, we agree and (2) we ask that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately. We can then discuss the schedule more broadly and hopefully reach a compromise. We have provided a proposed schedule below.

1. **Motion to Unseal—Public Viewing of SAC and Answer**: In terms of your desire to revisit our pending motion to unseal on the basis that Qorvo will now agree to the redactions proposed by Akoustis in the parties' earlier meet and confer (specifically, the redactions we proposed on February 17, 2023 at 1:21 p.m. (Ex. 1 to the Motion to Seal), Akoustis agrees to this request. Please prepare a notice to the Court advising of the resolution and we will

4

review. Please also confirm that there are no further redactions to our answer to the SAC (which we assume is not an issue) so that we can close out the public redaction issues.

2. **Scheduling Conference Request**: For purposes of today, we ask only that Qorvo agree that its local counsel can join a call with our local counsel tomorrow (3/22) to call the Clerk re scheduling conference dates and to get that date set immediately. This is the process that was originally contemplated by the parties in the joint case management conference statement. While Akoustis stated at that time that further time would be needed on the prior complaint, this need has now significantly expanded because of Qorvo's recent filing of a SAC which, as discussed, is essentially a new case.

As detailed in the earlier message to Jon and Steve's call to Jeremy last week (3/17), we believe the schedule needs to be substantially revised to allow for discovery of the non-patent claims.

Once we have that date, we would like to meet/confer on a schedule. Below is a rough cut at the schedule (which we have not yet reviewed with our client). As discussed today, my rationale for the new fact discovery cutoff is that it is 12 months from the time of filing of the SAC to complete discovery on what is a new set of claims. In reality, that number is now less than 11 months and we still can't discuss these claims with our Board or management much less the identified witnesses. The trial date adjustment is 7.5 months.

We are available to discuss any questions or concerns on these issues tomorrow (Wednesday).

Thanks, Dianne

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | Proposed Date for both Patent and Non-Patent Claims |
|---|---|---|---|
| CCCR Triggers Standard Patent Local Rule Schedule | Court's Claim Construction Ruling (CCCR) | March 15, 2023 | |
| LPR 3.8(a) | Final Infringement Contentions | April 24, 2023 | June 1, 2023 |
| LPR 3.8(b) | Final Non-infringement Contentions, Final Invalidity and Unenforceability Contentions | April 24, 2023 | June 1, 2023 |
| LPR 4.7 | Close of Fact Discovery | May 10, 2023 | February 29, 2024 |
| LPR 4.7 | Status Conference (Video) | May 10, 2023 at 10:00 a.m. CT / 11:00 a.m. ET | Same, no change |
| LPR 3.8(c) | Final Validity and Enforceability Contentions | May 25, 2023 | Same, no change |

| Patent Rule (W.D. Tenn.) | Item | Date per Patent Local Rules | Proposed Date for both Patent and Non-Patent Claims |
|---|---|---|---|
| LPR 5.1(b) | Initial Expert Witness Disclosures | June 9, 2023 | March 15, 2024 |
| LPR 5.1(c) | Rebuttal Expert Witness Disclosures | July 31, 2023 | May 31, 2024 |
| LPR 5.2 | Completion of Depositions of Experts | October 2, 2023 | June 28, 2024 |
| LPR 6.1 | Filing Dispositive Motions | November 13, 2023 | August 9, 2024 |
|  | Joint Proposed Pretrial Order, Proposed Verdict Form, Proposed Jury Instructions, Proposed Voir Dire Questions, and Motions in Limine | March 11, 2024 | October 25, 2024 |
|  | Pretrial Conference (Video) | April 8, 2024 at 10:00 a.m. CT / 11:00 a.m. ET | November 25, 2024 |
| LPR 6.2 | Trial | April 22, 2024 | December 9, 2024 |

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from

disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.