**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-01417-JPM |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. AND | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO DOCUMENT REQUESTS NOS. 76–79**

Before the Court is Defendant Akoustis Technologies, Inc.'s and Defendant Akoustis, Inc.'s (collectively "Akoustis") Motion to Compel Production of Documents Responsive to Document Requests Nos. 76–79 and accompanying Opening Brief and Declaration, all filed on May 19, 2023. (ECF Nos. 207, 208, 209.) Plaintiff Qorvo, Inc. ("Qorvo") has not yet filed a Response, but its time to do so has not yet run. The Court held a hearing on the Instant Motion on May 25, 2025. (ECF No. 211.) The Motion is **DENIED**.

Akoustis served its Second Set of Requests for Production on May 5, 2022. (ECF No. 209-3 at PageID 12545–61.) Requests for Production ("RFPs") 76–79, which were served as part of this set, requested the production of documents and communications relating to Qorvo's: (1) "recruitment or hiring of any current or former Akoustis employee," (2) "efforts to identify, recruit or hire personnel with prior expertise or experience in BAW [(bulk acoustic wave)] filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing," (3) "Qorvo's use of third-party or in-house recruiters to identify, recruit or hire

personnel" with relevant experience or expertise relating to BAW filters, and (4) information regarding current or former Qorvo employees with relevant experience or expertise relating to BAW filters.  (Id. at PageID 12555–56.)  Qorvo refused to comply with RFPs 76–79 on the basis that the requests were "overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case."  (ECF No. 209-4 at PageID 12580–82.)

Akoustis filed the Instant Motion, arguing that RFPs 76–79 seek relevant documents that are proportional to the needs of the case.  (ECF No. 208.)  Akoustis argues that the documents are relevant because Qorvo has alleged that Akoustis engaged in unfair competition by intentionally targeting and hiring Qorvo employees, and the requested production would show that such hiring practices are common in the industry and do not constitute unfair hiring practices.  (Id. at PageID 12476–79.)  Akoustis argues that Qorvo has not shown why the requested production would be disproportional or overly burdensome, and instead simply refuses to produce any documents or conduct any searches relating to RFPs 76–79.  (Id. at PageID 12479–80.)  Akoustis further argues that Qorvo has waived its proportionality and burden objections by withdrawing them during supplementation of its responses.  (Id.)

During the hearing on the Instant Motion, the Parties provided further information regarding their respective positions.  Qorvo argued that its Second Amended Complaint does not allege that Akoustis engaged in unfair business practices simply by targeting and attempting to recruit Qorvo employees generally, but rather that its allegations concerned Akoustis's alleged practice of specifically seeking out and hiring certain Qorvo employees for the purpose of having those employees misappropriate Qorvo's confidential information and trade secrets for Akoustis's use.  Qorvo agreed that it is common for businesses in this industry, including

2

Qorvo itself, to target and recruit employees with specialized technical skills and knowledge, and that it did not allege that such behavior constituted unfair business practices.  Both Parties further agreed that Qorvo had hired more than one Akoustis employee with such specialized technical skills and knowledge.

Akoustis argued that the information requested in RFPs 76–79 is necessary for it to establish that the practice of recruiting and hiring a competitor's employees based on those employees having specialized technical skills and knowledge is common in the industry. Akoustis intends to use the requested production to demonstrate that this practice is common in the industry by showing that Qorvo engaged in the same behavior.  Qorvo argued that the requested discovery is unnecessary to show that this practice is common, and Qorvo instead suggested that it would be more appropriate for the Parties to agree on stipulations and provide testimony of expert witnesses instead.

While Qorvo argues that it does not allege that hiring a competitor's employees constitutes unfair or deceptive trade practices, the Second Amended Complaint specifically alleges that Akoustis engages in such unfair or deceptive trade practices because "Akoustis is seeking to damage Qorvo's business through the recruiting and hiring away from Qorvo the Ex-Qorvo BAW Employees. This poaching is intended to damage Qorvo by attrition, rather than by fair competition in the marketplace."  (ECF No. 125 ¶ 211.)  While alleged in the Second Amended Complaint, Qorvo stipulated at the hearing on the Instant Motion that it was no longer asserting that such conduct, standing alone, constituted unfair or deceptive trade practices.

Akoustis's motion to Compel seeks discovery that is both disproportional and not relevant to the issues in this case.  Akoustis has not raised a counterclaim or otherwise alleged that Qorvo has engaged in unfair or deceptive trade practices based on its hiring of competitors'

3

employees, and therefore Qorvo's hiring practices have no relevance to the propriety or legality of Akoustis's hiring practices. Even if Akoustis were able to show that Qorvo engaged in unfair or deceptive trade practices relating to its own hiring, this would have no bearing on whether Akoustis also engaged in similar unfair or deceptive trade practices. While Akoustis argues that it seeks such information to establish that these hiring practices are common in the industry, its RFPs 76–79 are directed solely to Qorvo's hiring practices and would not be relevant to how other businesses across the industry conduct hiring or recruitment. Industry-wide hiring practices are better shown through either stipulations provided by the parties or testimony of expert witnesses, and not through the production of irrelevant documents.

The scope of production sought by Akoustis is also disproportional to the purpose for which it seeks production. Akoustis's RFPs 76–79 request the production of a broad category of information, and essentially seek all documents and communications relating to nearly every aspect of Qorvo's hiring process. (ECF No. 209-3 at PageID 12555–56.) While Akoustis noted during the hearing that the Parties have utilized a process to narrow the scope of production after service of their RFPs, this would likely still result in a significant production of documents. Given the lack of relevance of these documents, combined with the fact that the same information can be obtained through stipulations and/or expert testimony, compelling Qorvo to engage in such a broad production would be disproportional to any benefits that the parties may obtain from these documents.

The following is therefore **ORDERED:**

1.  Akoustis's Motion to Compel (ECF No. 207) is **DENIED**;

2.  Qorvo is not required to file a responsive brief or otherwise respond to the Motion; and

3.  The Parties shall meet and confer with the goal of stipulating to certain hiring practices that are common in the industry.

 

**SO ORDERED**, this 26th day of May, 2023.

      s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

5