Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:21-cv-01417-RGA |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **FILED UNDER SEAL - CONTAINS** |
| AKOUSTIS, INC. | ) | **ATTORNEYS EYES ONLY** |
| | ) | **INFORMATION - SUBJECT TO** |
| Defendants. | ) | **PROTECTIVE ORDER** |
| | ) | |

---

## DECLARATION OF RYAN SELNESS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO DOCUMENT REQUEST NOS. 76-79

I, Ryan Selness, declare:

1.      I am an active member of the California State Bar, admitted *pro hac vice* in this matter, and Counsel at the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Defendants" or "Akoustis") in the above-titled litigation. I make this declaration in support of Defendants' Motion to Compel Production of Documents Responsive to Document Request Nos. 76-79 (the "Motion"). Unless otherwise specified, the facts set forth in this declaration are known to me personally, and I have knowledge of them. If called to testify, I could and would testify truthfully to the contents of this declaration.

2.      On April 8, 2022, Akoustis propounded its Requests for Production of Documents, Set 1, Nos. 1-46 ("RFP Set 1"), on Plaintiff Qorvo, Inc. ("Qorvo"). Attached hereto as **Exhibit A** is a true and correct copy of RFP Set 1. On May 23, 2022, Qorvo served responses and objections to RFP Set 1. Attached hereto as **Exhibit B** is a true and correct copy of Qorvo's responses and

objections to RFP Set 1.

3.      On May 5, 2022, Akoustis propounded Requests for Production of Documents, Set 2, Nos. 47-113 ("RFP Set 2"). Attached hereto as **Exhibit C** is a true and correct copy of RFP Set 2. On June 6, 2022, Qorvo served responses and objections to RFP Set 2. Attached hereto as **Exhibit D** is a true and correct copy of Qorvo's responses and objections to RFP Set 2.

4.      On October 10, 2022, I sent a meet and confer letter by email addressed to Qorvo's outside counsel, Trevor Quist, concerning Qorvo's responses to particular requests in RFP Sets 1 and 2. Attached hereto as **Exhibit E** is a true and correct copy of the October 10, 2022 meet and confer letter. The letter requested a written response by October 31, 2022. *See* Exh. E, p. 1. Qorvo's counsel did not respond by that date, and I followed up by email on November 3, 2022.

5.      On November 16, 2022, the parties' counsel met and conferred via video conference. During that video conference, Qorvo's counsel offered to provide a written response to Akoustis' letter by November 23 to clarify Qorvo's positions. That letter, however, did not arrive until December 14. Attached hereto as **Exhibit F** is a true and correct copy of Qorvo's December 14, 2022 response to Akoustis' October 10, 2022 meet and confer letter. With respect to RFP Nos. 76-79, Qorvo's December 14 letter stated in full:

> RFP Nos. 49, 50, 51, 52, 53, 56, 58, 60, 62, 66, 69, 73, 74, 75, 76, 77, 78, 79, 80, 101, 102: Qorvo stands by its original objections to these RFPs as set forth in its June 6, 2022 Objections and Responses. Additionally, Qorvo has already produced many documents responsive to several of the foregoing requests.

6.      Shortly after receiving Qorvo's December 14 letter, Akoustis requested a further video conference, which the parties held on December 21, 2022. The following day, on December 22, I sent Qorvo's counsel a summary of the parties' December 21 video conference. A true and correct copy of that December 22, 2022 email is attached hereto as **Exhibit G**. I then sent a follow-up email to Qorvo's counsel on January 4, 2023 to address two points on which Akoustis had

2

Public Version

agreed to provide further information. In that email, I requested that "Qorvo provide the further responses/information described below by January 11 and provide an estimate of time when these materials will be produced (a rolling basis is agreeable)." A true and correct copy of that January 4, 2023 email is attached hereto as **Exhibit H**. Qorvo did not respond to my December 22 and January 4 emails until January 25. A true and correct copy of Qorvo's January 25 response is attached hereto as **Exhibit I**.

7.      Thereafter, the parties exchanged further meet and confer emails on February 7, 15, and 17, and March 2, 7, 14, 17, 20, and 21, all of which I either sent or received. A true and correct copy of that email exchange is attached hereto as **Exhibit J**.

8.      On March 28, 2023, the parties held a further video conference meet and confer, with both parties' Delaware counsel present, regarding the RFPs that remained in dispute, among other things. The parties reached various agreements during that video conference, which I summarized in a March 30, 2023 letter to Qorvo. The letter confirmed, among other things, the parties' agreement that by April 7, 2023, "Qorvo will serve amended written responses, and will promptly thereafter produce documents within the scope of its amended responses, to the following 18 RFPs: Nos. 24, 26, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102." A true and correct copy of my March 30, 2023 letter to Qorvo is attached hereto as **Exhibit K**.

9.      On April 5, 2023, Qorvo served its First Supplemental Objections and Responses to Defendants' First and Second Set of Requests for Production (Nos. 6, 8, 24, 26, 30, 47, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102) (the "Supplemental Responses"), a true and correct copy of which is attached hereto as **Exhibit L**.

10.     On April 12, 2023, I sent an email to Qorvo's counsel to request their availability for a video conference meet and confer regarding Qorvo's Supplemental Responses. The parties

Public Version

participated in a video conference regarding the Supplemental Responses on April 14 and again on April 17. Also on April 17, I sent Qorvo's counsel a summary of the parties' April 17 video conference. That email described various agreements reached by the parties and noted with respect to RFP Nos. 58 and 76-79: "Akoustis and Qorvo were unable to reach agreement regarding Qorvo's supplemental responses to RFP No. 58 and 76-79. Akoustis is further considering its position regarding those requests." A true and correct copy of that email is attached hereto as **Exhibit M**.

11.     On April 27, 2023, after Akoustis further considered its position with respect to RFP Nos. 58 and 76-79, I sent an email to Qorvo's counsel to provide a further articulation of the relevance of RFP Nos. 76-79, and to request a final video conference on those RFPs with Delaware local counsel present. Regarding the relevance of RFP Nos. 76-79, the email explained:

> Those RFPs are relevant to Qorvo's poaching allegations, such as paragraph 55 of the Second Amended Complaint, which alleges:

> "On information and belief, Akoustis recruited Ex-Qorvo employees for positions with largely overlapping responsibilities to their positions at Qorvo, focusing on employees with the specialized knowledge of Qorvo's confidential and proprietary information, including the Qorvo BAW Proprietary Information, that Akoustis needed at the particular stage of its development. For example, Qorvo focused on those Qorvo employees with business development and BAW filter design experience when it was initially defining and designing its products, and then focused on those Qorvo employees with quality, manufacturing, and management expertise as it moved from product design to manufacture and sales."

> Akoustis is entitled to seek documents that show that Qorvo similarly hires employees for positions with responsibilities that "largely overlap" the responsibilities at their prior jobs, and similarly did so at the times that Qorvo needed employees with particular knowledge and experience. While Qorvo has taken the position that such documents are not relevant because Akoustis has not alleged an unfair competition claim against Qorvo, that misunderstands Akoustis' position. Akoustis does not seek these documents to show that Qorvo is unfairly competing against Akoustis or any other entity by hiring their employees. Rather, Akoustis seeks these documents to show that the type of conduct described in paragraph 55 of the SAC (and other similar allegations) is a common business practice used by Qorvo and a fair method of competition.

Attached hereto as **Exhibit N** is a true and correct copy of my April 27, 2023 email to Qorvo.

4

**Public Version**

12.     On May 2, 2023, the parties participated in a video conference meet and confer regarding RFP Nos. 76-79. This video conference was attended by local counsel for Qorvo, but was inadvertently missed by local counsel for Akoustis. The parties agreed during the conference that Akoustis had satisfied its meet-and-confer obligations and that their respective Delaware local counsels would orally confer promptly thereafter to satisfy Delaware Local Rule 7.1.1.

13.     During the parties' May 2 video conference, I asked for Qorvo's response to the further explanation of relevance provided by my April 27 email. Qorvo asserted that RFP Nos. 76-79 are not relevant and not proportional. As to relevance, Qorvo asserted that Akoustis' position depends on a "caricature" of Qorvo's unfair competition claim, and that paragraph 55 of Qorvo's Second Amended Complaint is just one paragraph in the complaint.  As to proportionality, Qorvo asserted that the requests seek all documents and communications related to each of various topics. With respect to relevance, I responded that Akoustis' view is not a "caricature" of Qorvo's claim as Akoustis is not taking the position that Qorvo's hiring allegations comprise Qorvo's entire unfair competition claim, but is simply asserting that those allegations are, in fact, a component of Qorvo's unfair competition claim and therefore Akoustis is entitled to seek discovery to rebut that component of the claim. Qorvo continued to stand on its objections to RFP Nos. 76-79 and, as a result, the parties were unable to reach agreement regarding those RFPs. Shortly thereafter, the parties' respective Delaware counsel met and conferred by telephone and were also unable to reach agreement on those RFPs. Accordingly, I sent a May 3, 2023 email to Qorvo to confirm that the parties had reached an impasse on RFP Nos. 76-79. Attached hereto as **Exhibit O** is a true and correct copy of the email exchange.

Public Version

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May 2023.

*/s/   Ryan Selness*
Ryan Selness

Public Version

# EXHIBIT A

Public Version

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 1-46)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis' counsel within 30 days after being served with these Requests for Production of Documents and Things ("Requests").

## DEFINITIONS

As used herein and in all further request for production, unless specified otherwise, the terms listed below shall be defined below. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1.      The term "Defendant" or "Defendants" means one or more of the defendants in this action, including Akoustis Technology, Inc. and Akoustis, Inc.

1

Public Version

2.       The term "you" and "your" means Plaintiff Qorvo, Inc.

3.       The term "asserted patents" or "patents-in-suit" means any one or all of the patents asserted against Defendants in this action, and includes without limitation U.S. Patent Nos. 7,522,018 and 9,35,755, as asserted, and their respective patent applications, and all predecessor patent applications from which these patents or patent applications claim priority, including all continuations, divisionals, and continuations-in-part.

4.       The term "related patents" means any foreign or domestic patents or patent applications that are a parent or child of any asserted patent, including continuation, divisional, or continuations-in-part applications, and any patents issuing therefrom, or related or counterpart patents or patent applications.

5.       The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

6.       The term "prior art" is used in these Requests as that phrase is generally understood in proceedings before the United States Patent & Trademark Office ("USPTO"), regardless of whether such subject matter was disclosed to the USPTO in connection with the application for the asserted patents.  The term "prior art" also includes all information that was subject to a duty of disclosure to the USPTO with respect to one or more of the patent applications leading to the asserted patents and all information now known to you or to your attorneys that would have been subject to a duty of disclosure to the USPTO had that information been known to the named inventors or to you or your attorneys during the prosecution of the patent application(s) leading to the asserted patents.  The term "prior art" also refers to, by way of example and without limitation, anything that constitutes prior art under any subsection of in 35 U.S.C. §§ 102 and 103, including, without limitation, any (1) publications, physical devices, prototypes, uses, sales, and offers for

Public Version

sale and any document or thing evidencing or refuting any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated, contended or refuted as invalidating (or possibly invalidating), anticipating (or possibly anticipating) or making obvious (or possibly making obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art), (a) any claim of the asserted patents, (b) any claim pending during the prosecution of any patent application(s) leading to the asserted patents, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent or patent application (whether or not issued) derived from or related to the asserted patents, or (d) any claim of any foreign patent or claim pending at any time during the prosecution of any foreign patent application corresponding or relying to the asserted patents or any patent application(s) leading to the asserted patents.

7.     The terms "inventor" or "inventors" mean those individuals who contributed in any way to the conception of the subject matter of at least one claim set forth in the asserted patents, including but not limited to the inventors listed on the face of the asserted patents.

8.     The term "accused products" refers to Akoustis' accused bulk acoustic wave (BAW) products.

9.     The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

Public Version

10.     The term "document" or "documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments,

or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

11.     The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

12.     The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

13.     Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

14.     The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

15.     The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

16.     The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

17.     The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

18.     The terms "including" and "includes" mean "including but not limited to."

Public Version

## INSTRUCTIONS

1.     You must immediately take reasonable steps, if not already undertaken, to preserve all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2.     If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3.     Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature. If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4.     Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

   a.   The type of document;

   b.   The general subject matter of the document;

   c.   The date of the document;

   d.   Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee,

Public Version

custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the applicability of the privilege or protection claimed by you;

e.  The nature and basis of the privilege claimed;

f.  If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

g.  Any other information necessary to support the claim of privilege.

5.      If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6.      You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7.      If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8.      If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s).  Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9.      Documents and electronically stored information ("ESI") are to be produced in accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol"), if

finalized and entered as an order of the Court at the time of production. If the ESI Protocol has not been finalized and entered as an order of the Court at the time of production, then documents and ESI shall be produced as set forth in the undisputed terms and formatting requirements in the most recent draft of the ESI Protocol exchanged among the parties as of the date of these Requests, which terms and formatting requirements are incorporated by reference as if set forth in their entirety herein. Akoustis stands ready to meet and confer to discuss the best and most efficient way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules of this jurisdiction.  You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1.**

For each of the asserted patents, please produce all documents and things concerning the preparation, filing, or prosecution of the patent, including all communications, meetings, and discussions in connection therewith, publications and prior art considered in connection therewith, and drafts of all documents and things created in connection therewith.

**REQUEST FOR PRODUCTION NO. 2.**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the asserted patents, including those relating to any known prior art or to the construction of any term or phrase in any claim thereof.

**REQUEST FOR PRODUCTION NO. 3.**

All documents and things concerning, or obtained as a result of, any patentability, validity, enforceability, or prior art search, study, analysis, or discussion relating to the subject matter of the asserted patents.

Public Version

**REQUEST FOR PRODUCTION NO. 4.**

All documents and things concerning any comparison between any purported prior art and any claim of the asserted patents.

**REQUEST FOR PRODUCTION NO. 5.**

All documents and things concerning the determination of inventorship for any alleged invention claimed in the asserted patents, including the contribution of any inventors, as well as the contribution of any person not named as an inventor.

**REQUEST FOR PRODUCTION NO. 6.**

All documents and things authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter.

**REQUEST FOR PRODUCTION NO. 7.**

All documents and things concerning the conception, research, testing, design, development, reduction to practice (actual or constructive) and/or diligence concerning the subject matter of each claim of the asserted patents, including the timing thereof and the contributions of those involved.

**REQUEST FOR PRODUCTION NO. 8.**

All documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including the first written description and/or drawings, publication, promotion, advertisement, offer, sale, availability to the public, and public use of such subject matter, as well as all purportedly experimental uses of such subject matter.

**REQUEST FOR PRODUCTION NO. 9.**

All documents and things concerning the ownership or assignment of any rights in the asserted patents.

Public Version

**REQUEST FOR PRODUCTION NO. 10.**

All documents and things concerning any diligence, investigation, or research performed by or for you regarding your acquisition of the asserted patents.

**REQUEST FOR PRODUCTION NO. 11.**

All documents and things that concern, show, or support any contention, position, or argument by you that any claim of the asserted patents is non-obvious in whole or in part because of any secondary consideration.

**REQUEST FOR PRODUCTION NO. 12.**

All documents and things concerning any praise, criticism, or discussion of the significance of any alleged inventions in the asserted patents, including any industry analysis, commentary, identification of, or recognition of any particular deficiency or need to which any alleged invention claimed in the asserted patents is directed.

**REQUEST FOR PRODUCTION NO. 13.**

All documents and things related to your consideration to sue any party based on the asserted patents, including your efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents.

**REQUEST FOR PRODUCTION NO. 14.**

All documents and things related to your decision to sue Akoustis and the timing thereof, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint in this litigation.

**REQUEST FOR PRODUCTION NO. 15.**

Documents sufficient to show the dates upon which you knew each of the purported "facts" or factual allegations in your complaint in this action, as well as the source for each such factual

allegation.

**REQUEST FOR PRODUCTION NO. 16.**

All documents and things concerning your first awareness of each accused product.

**REQUEST FOR PRODUCTION NO. 17.**

All documents and things concerning, supporting, or contradicting your allegation, if any, that Akoustis had knowledge of the asserted patents prior to the filing of the complaint in this action.

**REQUEST FOR PRODUCTION NO. 18.**

All documents and things produced to you in response to a subpoena in this action or relating to the asserted patents.

**REQUEST FOR PRODUCTION NO. 19.**

All documents comprising, memorializing, or concerning any sworn statement about the asserted patents, including affidavits, declarations, trial and deposition testimony of any inventors of the asserted patents, attorneys involved in the prosecution of the asserted patents, any person you expect to call as a witness in this action, any expert retained by any party in any lawsuit involving the asserted patents, and any person regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you.

**REQUEST FOR PRODUCTION NO. 20.**

All agreements between you or on your behalf and any person who is expected to be or is a witness, consultant, collaborator, or assistant in providing factual or expert assistance in this action or with respect to the asserted patents, as well as all documents and things reflecting payments made in connection thereto.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and things that comprise, concern, refer to or relate to any license, covenant not to sue, agreement, settlement, understanding, or transfer of rights concerning the asserted patents, including any offer to enter into the above, or negotiations in connection therewith.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and things relied upon or related to the asserted patents, including any served in, or produced in other litigations, such as expert reports, contentions, discovery responses, and deposition transcripts, concerning infringement, invalidity, or the appropriate damages for alleged infringement of the asserted patents, including any documents relating to negotiated or proposed licenses or knowledge of and details relating to non-infringing alternative products.

**REQUEST FOR PRODUCTION NO. 23.**

All documents and things upon which you intend to rely in attempting to demonstrate infringement by Akoustis, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint and infringement contentions in this litigation.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis.

**REQUEST FOR PRODUCTION NO. 25.**

All documents and things concerning the characteristics of a person having ordinary skill in the art concerning the technical subject matter of the asserted patents, including the amount and type of education, field of study, work experience, job titles and responsibilities, or any other relevant factors.

Public Version

**REQUEST FOR PRODUCTION NO. 26.**

All documents and things concerning any communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used, sold, or offered for sale by Akoustis, whether or not the product is an accused product.

**REQUEST FOR PRODUCTION NO. 27.**

All documents and things provided by you to any third party concerning any allegation of infringement of any claim of the asserted patents, including as it relates to any of Akoustis' potential or actual products.

**REQUEST FOR PRODUCTION NO. 28.**

Documents sufficient to show your corporate organizational structure, including your relationship to any parent entities and subsidiary entities.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to show the structure of any and all your departments responsible for technological advancement, creation, innovation, inventing, engineering, research, and development, and/or intellectual property, as well as an identification of any supervisors of each such department, along with those who report to each such supervisor, at any time that the technology corresponding to the asserted patents was in development.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and things that concern or show the structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

Public Version

**REQUEST FOR PRODUCTION NO. 31.**

All documents and things concerning your BAW filter products that you allege practice and or fall within the scope of the claims of the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including documents and things describing the products' structure and operation, such as designs, circuit schematics, netlists, hardware description language files, source code, technical specifications, user manuals, prototypes, device layouts, and fabrication and manufacturing specifications, as well as development methods and techniques, material specifications, design tolerances, packaging, and quality of assurance and testing of such products, denoting which of the asserted patents each product corresponds to.

**REQUEST FOR PRODUCTION NO. 32.**

All documents and things concerning the sales of your BAW filter products that you allege practice the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including sales and business information, such as future product development and refinement plans, pricing information, costs, marketing and sales strategies, supplier lists, contracts, specifications and requirements, denoting which of the asserted patents the sales information corresponds to.

**REQUEST FOR PRODUCTION NO. 33.**

All documents and things related to BAW filter products that compete with your products, that you allege practice (or alternatively do not practice) the asserted patents—other than those of Akoustis—as well as your knowledge thereof, including any analysis of any product that potentially infringes any of the asserted patents.

14

**REQUEST FOR PRODUCTION NO. 34.**

All documents and things related to your knowledge of the marketplace, including the costs and drivers for why your prices are set where they are.

**REQUEST FOR PRODUCTION NO. 35.**

All documents concerning any valuation of the asserted patents, including but not limited to, any royalty rate for the invention described in the asserted patents, and any technologies that Plaintiff contends are comparable to the technology of the asserted patents, including, without limitation, documents concerning any industry royalty rate, any royalty rate suggested by a standards setting organization, or any royalty rate paid as part of a license or settlement agreement, including the parties that agreed to the royalty rate, the time when the royalty rate was set, and the amount of the royalty rate; and identify all documents, communications and things on which Plaintiff relies to establish or support such royalty rate(s), the identities of payors and payees of the royalty rate(s), any assignments of the asserted patents involving such royalty rate(s), and the persons most knowledgeable of the facts and evidence pertaining to such royalty rate(s).

**REQUEST FOR PRODUCTION NO. 36.**

All documents and things supporting or concerning your allegations that Akoustis has induced others to infringe the asserted patents in violation of 35 U.S.C. § 271(b).

**REQUEST FOR PRODUCTION NO. 37.**

All documents supporting, refuting, or concerning your allegations that Akoustis's alleged infringement of the asserted patents was and continues to be willful and deliberate.

**REQUEST FOR PRODUCTION NO. 38.**

All documents relating to any communications in which any person was notified of, or accused of infringing, the asserted patents, including notice letters, demand letters, presentations,

Public Version

claim charts, or other correspondence.

**REQUEST FOR PRODUCTION NO. 39.**

All documents and things supporting, refuting, or concerning your allegation that Akoustis's had the requisite knowledge of the asserted patents and knowledge of infringement of the asserted patents to support your willful and induced infringement claims.

**REQUEST FOR PRODUCTION NO. 40.**

All personnel and employment history files for each of the inventors of the asserted patents, including resumes or curriculum vitae, any employment agreements, and any agreements relating to intellectual property rights.

**REQUEST FOR PRODUCTION NO. 41.**

All personnel and employment history files for each of the former Qorvo employees hired by Akoustis that you contend did or may have disclosed Qorvo confidential information, including any employment agreements, and any agreements relating to intellectual property rights or non-disclosure of confidential information.

**REQUEST FOR PRODUCTION NO. 42.**

All documents relating to the development, reduction to practice, or testing of any subject matter described or claimed in the Patent-in-Suit or any Related Patents, including, but not limited to, engineering and laboratory notebooks, logbooks, record books, memorandum, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, or other files.

**REQUEST FOR PRODUCTION NO. 43.**

All documents and things related to BAW filter products of Broadcom, Skyworks and Resonant, including documents illustrating your knowledge thereof and any analysis regarding the

Public Version

structure and/or operation of such products, including any reverse engineering done on such products.

**REQUEST FOR PRODUCTION NO. 44.**

All documents related to whether the purported invention claimed by the Patents-in-Suit are nonobvious, including but not limited to documents related to copying, long felt but unsolved need, failure of others, commercial success, unexpected results created by the claimed purported invention, unexpected properties of the claimed purported invention, licenses showing industry respect for the purported invention, and skepticism of skilled artisans before the purported invention.

**REQUEST FOR PRODUCTION NO. 45.**

All documents, including publications, articles, advertisements, trade show materials, and promotional literature, or awards or other recognition discussing the purported inventions claimed by the Patents-in-Suit, or any actual or potential BAW filter products that would embody the purported inventions claimed by the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 46.**

All documents and things identified or requested to be identified in response to the Akoustis First Set of Interrogatories.

Dated:  April 8, 2022

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

Public Version

# EXHIBIT B

Public Version

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

QORVO, INC.                          )
                                     )
              Plaintiff,             )
                                     )
                                     )  C.A. No. 21-1417-JPM
       v.                            )
                                     )
AKOUSTIS TECHNOLOGIES, INC. and      )
AKOUSTIS, INC.                       )
              Defendants.            )
                                     )
                                     )
                                     )
                                     )

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants") First Set of Requests for Production (Nos. 1-46) (collectively, the "Requests," and each, individually, a "Request").

### GENERAL RESERVATIONS AND OBJECTIONS

Qorvo generally objects to Defendants' Requests as follows. These general objections shall be incorporated by reference into each response below.

1.     Qorvo's responses are made solely for the purpose of this action.

2.     Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing. By making the accompanying responses and objections to Defendants' Requests,

Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant or material to the subject matter of this action.

3.      Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

4.      Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

5.      Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document, or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files.  Qorvo will not otherwise

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-2-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

6.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to the subject matter of this action.

7.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo.

9.      Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

10.     Qorvo objects to these Requests to the extent that they seek disclosure of Qorvo's trade secrets, proprietary or other confidential or competitively sensitive business and technical information, or personal information that is protected by statutory, constitutional, common law, or privacy rights.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they seek production

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-3-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties. Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.     Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.     Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.     Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.     Qorvo objects to these Requests to the extent that they seek for electronically stored information that is not reasonably accessible and available.

16.     Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

17.     Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

Public Version

## GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.     Qorvo objects to the definition of "Defendant" or "Defendants" as the definition does not correctly reflect the Defendants of this action.  Qorvo also objects to the extent the definition seeks to require Qorvo to have independent knowledge relating to the identity of "any" of Akoustis' "parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers."

2.     Qorvo objects to Akoustis' definition of "you," "your" or "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

3.     Qorvo objects to Akoustis' definition of "prior art" as overly broad and vague to the extent the definition seeks to imply any prior art that predates the effective filing date of the "patents-in-suit" is relevant prior art.

4.     Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

5.     Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent the definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

Public Version

6.      Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

7.      Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

<div align="center">**GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS**</div>

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent the Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

2.      Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI.  Qorvo will adhere to the ESI Protocol in responding the Requests.

Public Version

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1.**

For each of the asserted patents, please produce all documents and things concerning the preparation, filing, or prosecution of the patent, including all communications, meetings, and discussions in connection therewith, publications and prior art considered in connection therewith, and drafts of all documents and things created in connection therewith.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2.**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the asserted patents, including those relating to any known prior art or to the construction of any term or phrase in any claim thereof.

**RESPONSE:**

In addition to the General Objections, Qorvo object to Request No. 2 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7, 3.8, 4.1, and 4.2.  Qorvo's response to this Request is without prejudice to the disclosures governed by the Local Patent Rules. Qorvo further objects to Request No. 2 as vague and ambiguous as a result of the phrases "concerning" and "relating to any known prior art."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the novelty, patentability, validity, scope, or

Public Version

enforceability of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3.**

All documents and things concerning, or obtained as a result of, any patentability, validity, enforceability, or prior art search, study, analysis, or discussion relating to the subject matter of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 3 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents "relating to the subject matter of the asserted patents." Qorvo further objects to Request No. 3 as vague, ambiguous, and duplicative insofar as Request No. 3 seeks the same material as Request No. 2. Qorvo refers to its response to Request No. 2 for such materials. Qorvo further objects to Request No. 3 as vague, ambiguous, and unduly burdensome to the extent it requests all document "obtained as a result of . . . study, analysis, or discussion."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the novelty, patentability, validity, scope, or enforceability of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4.**

All documents and things concerning any comparison between any purported prior art and any claim of the asserted patents.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-8-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 4 as vague, ambiguous, and duplicative insofar as Request No. 4 seeks the same material as Request No. 2. Qorvo refers to its response to Request No. 2 for such materials.

**REQUEST FOR PRODUCTION NO. 5.**

All documents and things concerning the determination of inventorship for any alleged invention claimed in the asserted patents, including the contribution of any inventors, as well as the contribution of any person not named as an inventor.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6.**

All documents and things authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 6 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents the inventors have authored concerning "the subject matter claimed in the asserted patents."

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

Public Version

**REQUEST FOR PRODUCTION NO. 7.**

All documents and things concerning the conception, research, testing, design, development, reduction to practice (actual or constructive) and/or diligence concerning the subject matter of each claim of the asserted patents, including the timing thereof and the contributions of those involved.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 7 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents, including testing, design, and development concerning "the subject matter of each claim of the asserted patents."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8.**

All documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including the first written description and/or drawings, publication, promotion, advertisement, offer, sale, availability to the public, and public use of such subject matter, as well as all purportedly experimental uses of such subject matter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 8 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents concerning the "timing" of "any activities concerning the subject matter of the asserted patents." Qorvo further objects to

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-10-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Public Version

Request No. 8 as overly broad and unduly burdensome to the extent it would require Qorvo to

perform an analysis comparing the unspecified "activities" to the unspecified "subject matter of the

asserted patents" to identify responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents

responsive to the Request.

**REQUEST FOR PRODUCTION NO. 9**

All documents and things concerning the ownership or assignment of any rights in the

asserted patents.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any

non-privileged documents responsive to this Request to the extent such documents exist and are

within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

All documents and things concerning any diligence, investigation, or research performed by

or for you regarding your acquisition of the asserted patents.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any

non-privileged documents responsive to this Request to the extent such documents exist and are

within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

All documents and things that concern, show, or support any contention, position, or

argument by you that any claim of the asserted patents is non-obvious in whole or in part because of

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-11-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

any secondary consideration.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 11 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7 or 3.8. Qorvo further objects to Request No. 11 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents. Qorvo's response to Request No. 11 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

All documents and things concerning any praise, criticism, or discussion of the significance of any alleged inventions in the asserted patents, including any industry analysis, commentary, identification of, or recognition of any particular deficiency or need to which any alleged invention claimed in the asserted patents is directed.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 12 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents. Qorvo's response to Request No. 12 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity

Public Version

as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13.**

All documents and things related to your consideration to sue any party based on the asserted patents, including your efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 13 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks documents related to "efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents reflecting Qorvo's consideration of potential claims of infringement of the asserted patents.

**REQUEST FOR PRODUCTION NO. 14.**

All documents and things related to your decision to sue Akoustis and the timing thereof, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint in this litigation.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 14 as unduly

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-13-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

burdensome not relevant to any party's claim or defense, and not proportional to the needs of the case. Request No. 14 is expressly drafted to encompass materials created in anticipation of litigation, which are protected under the attorney-client privilege and attorney work product doctrines. Akoustis' goal in pursuing this Request is to increase Qorvo's litigation costs by forcing Qorvo to create a log of litigation-related privileged materials. In typical cases, parties agree to waive privilege logs for such materials. Qorvo agreed to do so with respect to documents Akoustis created in investigation of the claims in this litigation. Akoustis, however, has refused to waive the logging requirement for Qorvo and has, instead, served this Request expressly directed to privileged materials. Qorvo believes Akoustis' efforts to increase Qorvo's litigation costs make this case "exceptional" under 35 U.S.C. § 285, thus, Qorvo reserves its right to seek such fees incurred in responding to Request No. 14 under § 285. Accordingly, an award of attorneys' fees incurred in logging litigation-related privileged materials to Qorvo will be justified.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15.**

Documents sufficient to show the dates upon which you knew each of the purported "facts" or factual allegations in your complaint in this action, as well as the source for each such factual allegation.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 15 as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks documents concerning every factual

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-14-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Public Version

allegation in the 142-paragraph Amended Complaint, including allegations that are not reasonably in dispute and information that is equally available to Defendants.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 16.**

All documents and things concerning your first awareness of each accused product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 16 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks documents concerning Qorvo's awareness of the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 17.**

All documents and things concerning, supporting, or contradicting your allegation, if any, that Akoustis had knowledge of the asserted patents prior to the filing of the complaint in this action.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18.**

All documents and things produced to you in response to a subpoena in this action or relating to the asserted patents.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-15-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19.**

All documents comprising, memorializing, or concerning any sworn statement about the asserted patents, including affidavits, declarations, trial and deposition testimony of any inventors of the asserted patents, attorneys involved in the prosecution of the asserted patents, any person you expect to call as a witness in this action, any expert retained by any party in any lawsuit involving the asserted patents, and any person regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 19 as vague and ambiguous to the extent it seeks all documents "regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you." Qorvo further objects to Request No. 19 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any document "comprising, memorializing, or concerning any sworn statement" about any "relevant technology." Qorvo further objects to Request No. 19 as vague and ambiguous because it is compound, incomprehensible and confusingly worded. This makes it impossible to determine documents Defendants seek and which of the clauses of the Request are narrowing as opposed to expanding the Request. Qorvo further objects to Request No. 19 to the extent it seeks publicly available documents that are equally available to Defendants.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-16-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents reflecting sworn statements concerning the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20.**

All agreements between you or on your behalf and any person who is expected to be or is a witness, consultant, collaborator, or assistant in providing factual or expert assistance in this action or with respect to the asserted patents, as well as all documents and things reflecting payments made in connection thereto.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 20 as overly broad, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks information concerning any "consultant, collaborator, or assistant." Qorvo further objects to Request No. 20 to the extent it is seeks materials protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure. Qorvo will adhere to Rule 26 in disclosing expert testimony.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and things that comprise, concern, refer to or relate to any license, covenant not to sue, agreement, settlement, understanding, or transfer of rights concerning the asserted patents, including any offer to enter into the above, or negotiations in connection therewith.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-17-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and things relied upon or related to the asserted patents, including any served in, or produced in other litigations, such as expert reports, contentions, discovery responses, and deposition transcripts, concerning infringement, invalidity, or the appropriate damages for alleged infringement of the asserted patents, including any documents relating to negotiated or proposed licenses or knowledge of and details relating to non-infringing alternative products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 22 as vague, ambiguous and incomprehensible to the extent it seeks documents "relied upon . . . the asserted patents." Qorvo further objects to Request No. 22 as vague, ambiguous, overly broad and unduly burdensome to the extent the Request seeks all documents "related to the asserted patents." Qorvo further objects to Request No. 22 to the extent it seeks documents that are equally available to Defendants.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the asserted patents that were produced or served in other litigations to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23.**

All documents and things upon which you intend to rely in attempting to demonstrate infringement by Akoustis, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint and

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-18-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

infringement contentions in this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 24 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to cover any "analysis or examination" of any Akoustis product.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 25.**

All documents and things concerning the characteristics of a person having ordinary skill in the art concerning the technical subject matter of the asserted patents, including the amount and type of education, field of study, work experience, job titles and responsibilities, or any other relevant factors.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 25 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents that in any way concern a

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-19-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

person of ordinary skill in the art.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 26.**

All documents and things concerning any communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used, sold, or offered for sale by Akoustis, whether or not the product is an accused product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 26 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to seek any document reflecting any discussion or communication about Akoustis or its products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 27.**

All documents and things provided by you to any third party concerning any allegation of infringement of any claim of the asserted patents, including as it relates to any of Akoustis' potential or actual products.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-20-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

**REQUEST FOR PRODUCTION NO. 28.**

Documents sufficient to show your corporate organizational structure, including your relationship to any parent entities and subsidiary entities.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to show the structure of any and all your departments responsible for technological advancement, creation, innovation, inventing, engineering, research, and development, and/or intellectual property, as well as an identification of any supervisors of each such department, along with those who report to each such supervisor, at any time that the technology corresponding to the asserted patents was in development.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and things that concern or show the structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-21-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 30 as vague and ambiguous to the extent it seeks documents concerning "embodiments" of the alleged invention. Qorvo refers Akoustis to the asserted patents for identification of the structure, function, and operation of those "embodiments." Qorvo further objects to Request No. 30 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice the inventions of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 30 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns the "structure, function, or operation" of products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 31.**

All documents and things concerning your BAW filter products that you allege practice and or fall within the scope of the claims of the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including documents and things describing the products' structure and operation, such as designs, circuit schematics, netlists, hardware description language files, source code, technical specifications, user manuals, prototypes, device layouts, and fabrication and manufacturing specifications, as well as development methods and techniques, material specifications, design tolerances, packaging, and quality of assurance and testing of such products, denoting which of the asserted patents each product corresponds to.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-22-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 31 as overly broad and unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters.  Qorvo further objects to Request No. 31 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects to Request No. 31 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 32.**

All documents and things concerning the sales of your BAW filter products that you allege practice the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including sales and business information, such as future product development and refinement plans, pricing information, costs, marketing and sales strategies, supplier lists, contracts, specifications and requirements, denoting which of the asserted patents the sales information corresponds to.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 32 as overly broad and unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters.  Qorvo further objects to Request No. 32 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims

*Qorvo, Inc. v. Akoustis Techs., Inc.,* No. 21-CV-01417
(D. Del.)

-23-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 32 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 33.**

All documents and things related to BAW filter products that compete with your products, that you allege practice (or alternatively do not practice) the asserted patents—other than those of Akoustis—as well as your knowledge thereof, including any analysis of any product that potentially infringes any of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 33 as overly broad and unduly burdensome to the extent it seeks all documents concerning all competing BAW filters. Qorvo further objects to Request No. 33 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 33 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 34.**

All documents and things related to your knowledge of the marketplace, including the costs

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-24-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

and drivers for why your prices are set where they are.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 34 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents "related you your knowledge of the marketplace." Qorvo further objects to Request No. 34 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents related in any way to costs or prices.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged market or pricing studies for the BAW filter market to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35.**

All documents concerning any valuation of the asserted patents, including but not limited to, any royalty rate for the invention described in the asserted patents, and any technologies that Plaintiff contends are comparable to the technology of the asserted patents, including, without limitation, documents concerning any industry royalty rate, any royalty rate suggested by a standards setting organization, or any royalty rate paid as part of a license or settlement agreement, including the parties that agreed to the royalty rate, the time when the royalty rate was set, and the amount of the royalty rate; and identify all documents, communications and things on which Plaintiff relies to establish or support such royalty rate(s), the identities of payors and payees of the royalty rate(s), any assignments of the asserted patents involving such royalty rate(s), and the persons most knowledgeable of the facts and evidence pertaining to such royalty rate(s).

Public Version

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36.**

All documents and things supporting or concerning your allegations that Akoustis has induced others to infringe the asserted patents in violation of 35 U.S.C. § 271(b).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37.**

All documents supporting, refuting, or concerning your allegations that Akoustis's alleged infringement of the asserted patents was and continues to be willful and deliberate.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38.**

All documents relating to any communications in which any person was notified of, or accused of infringing, the asserted patents, including notice letters, demand letters, presentations, claim charts, or other correspondence.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-26-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Public Version

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 38 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents "relating to" notifications of infringement and "other correspondence."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged communications in which any person was notified of, or accused of infringing, the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39.**

All documents and things supporting, refuting, or concerning your allegation that Akoustis's had the requisite knowledge of the asserted patents and knowledge of infringement of the asserted patents to support your willful and induced infringement claims.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40.**

All personnel and employment history files for each of the inventors of the asserted patents, including resumes or curriculum vitae, any employment agreements, and any agreements relating to intellectual property rights.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 40 as not relevant to any

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-27-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

party's claim or defense, and not proportional to the needs of the case to the extent it seeks all personnel and employment history files and employment agreements of the inventors.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged resumes, *curriculum vitae*, and intellectual property rights agreements for the inventors of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41.**

All personnel and employment history files for each of the former Qorvo employees hired by Akoustis that you contend did or may have disclosed Qorvo confidential information, including any employment agreements, and any agreements relating to intellectual property rights or non-disclosure of confidential information.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 41 as vague, ambiguous, overly board, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks "employment history files."

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged employment and confidentiality agreements responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42.**

All documents relating to the development, reduction to practice, or testing of any subject matter described or claimed in the Patent-in-Suit or any Related Patents, including, but not limited to, engineering and laboratory notebooks, logbooks, record books, memorandum, design reviews,

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-28-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, or other files.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 42 as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks documents relating to "any subject matter described or claimed in the Patent-in-Suit or any Related Patents." Qorvo further objects to Request No. 42 as vague, ambiguous, and duplicative insofar as Request No. 42 seeks the same material as Request No. 7. Qorvo refers to its response to Request No. 7 for such materials.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents concerning the conception and reduction to practice of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43.**

All documents and things related to BAW filter products of Broadcom, Skyworks and Resonant, including documents illustrating your knowledge thereof and any analysis regarding the structure and/or operation of such products, including any reverse engineering done on such products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 43 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents

Public Version

responsive to the Request.

**REQUEST FOR PRODUCTION NO. 44.**

All documents related to whether the purported invention claimed by the Patents-in-Suit are nonobvious, including but not limited to documents related to copying, long felt but unsolved need, failure of others, commercial success, unexpected results created by the claimed purported invention, unexpected properties of the claimed purported invention, licenses showing industry respect for the purported invention, and skepticism of skilled artisans before the purported invention.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 44 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7 or 3.8. Qorvo further objects to Request No. 44 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents. Qorvo's response to Request No. 44 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45.**

All documents, including publications, articles, advertisements, trade show materials, and promotional literature, or awards or other recognition discussing the purported inventions claimed by the Patents-in-Suit, or any actual or potential BAW filter products that would embody the purported

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-30-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Public Version

inventions claimed by the Patents-in-Suit.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 45 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents discussing the inventions of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46.**

All documents and things identified or requested to be identified in response to the Akoustis First Set of Requests.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 46 as vague, ambiguous, overly broad and unduly burdensome to the extent it requests all documents "identified or requested in Akoustis' First Set of Interrogatories."  Qorvo further incorporates by reference the general and specific objections raised in response to Akoustis' First Set of Interrogatories.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-31-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Dated:  May 23, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Robert M. Masters*
Jack B. Blumenfeld (#1014)|
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2645

Public Version

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, a true and correct copy of the foregoing was served to

all counsel of record via e-mail.


Dated:  May 23, 2022


By: */s/ Roy Jung*

Roy Jung

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-33-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

Public Version

# EXHIBIT C

Public Version

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 47-113)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis' counsel within 30 days after being served with these Requests for Production of Documents and Things ("Requests").

## DEFINITIONS

As used herein and in all further requests for production, unless specified otherwise, the terms listed below shall be defined below. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1.      The term "Defendant" or "Defendants" means one or more of the defendants in this action, including Akoustis Technology, Inc. and Akoustis, Inc.

1

2.      The term "you" and "your" means Plaintiff Qorvo, Inc.

3.      The term "First Amended Complaint" refers to the First Amended Complaint filed by Qorvo, Inc. on February 18, 2022 (D.I. 28).

4.      The term "'786 patent" refers to U.S. Patent No. 10,256,786.

5.      The term "Qorvo BAW Proprietary Information" refers to that term as defined in paragraph 20 of Qorvo's First Amended Complaint (*i.e.*, "Examples of Qorvo's confidential and proprietary information include, but are not limited to, technical expertise and know-how, such as BAW filter designs, specifications, development methods and techniques, material specifications, design tolerances, packaging, quality assurance and testing, manufacturing specifications, methods, and techniques; and business information, such as future product development and refinement plans, pricing information, cost information, marketing and sales strategies, internal organization structures, employee information, and capabilities, as well as supplier lists, customer lists, contracts, demands, desires, and requirements related to the BAW filters (together referred to herein as the 'Qorvo BAW Proprietary Information').").

6.      The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

7.      The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

8.      The term "document" or "documents" means any original and every non-identical

Public Version

copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

Public Version

9.      The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

10.      The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

11.      Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

12.      The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

13.      The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

14.      The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

15.      The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

16.      The terms "including" and "includes" mean "including but not limited to."

## INSTRUCTIONS

1.      You must immediately take reasonable steps, if not already undertaken, to preserve

Public Version

all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2.      If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3.      Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature.  If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4.      Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

a.  The type of document;

b.  The general subject matter of the document;

c.  The date of the document;

d.  Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the

Public Version

applicability of the privilege or protection claimed by you;

e.   The nature and basis of the privilege claimed;

f.   If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

g.   Any other information necessary to support the claim of privilege.

5.   If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6.   You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7.   If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8.   If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s).   Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9.   Documents and electronically stored information ("ESI") are to be produced in accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol") filed on April 27, 2022.  Akoustis stands ready to meet and confer to discuss the best and most efficient way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules

of this jurisdiction.  You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 47.**

All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology.

**REQUEST FOR PRODUCTION NO. 48.**

All documents or communications concerning or reflecting Akoustis' advertising, marketing, development, or manufacture of single crystal technology.

**REQUEST FOR PRODUCTION NO. 49.**

All documents and communications concerning or reflecting Akoustis' website.

**REQUEST FOR PRODUCTION NO. 50.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the '786 patent.

**REQUEST FOR PRODUCTION NO. 51.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the '786 patent.

**REQUEST FOR PRODUCTION NO. 52.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**REQUEST FOR PRODUCTION NO. 53.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the underlying preferred or alternative

applications of the '786 patent.

**REQUEST FOR PRODUCTION NO. 54.**

All documents and communications concerning or reflecting Akoustis' recruiting or hiring of any current or former Qorvo employee.

**REQUEST FOR PRODUCTION NO. 55.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to Akoustis, if any.

**REQUEST FOR PRODUCTION NO. 56.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to any third party, if any.

**REQUEST FOR PRODUCTION NO. 57.**

All documents and communications concerning or reflecting any request by Akoustis for disclosure of, or any effort by Akoustis to target or obtain, any Qorvo BAW Proprietary Information, if any.

**REQUEST FOR PRODUCTION NO. 58.**

All documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.

**REQUEST FOR PRODUCTION NO. 59.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by Akoustis.

**REQUEST FOR PRODUCTION NO. 60.**

All documents and communications concerning or reflecting any use of any Qorvo BAW

Public Version

Proprietary Information by any third party, whether authorized or unauthorized by you.

**REQUEST FOR PRODUCTION NO. 61.**

As to any Qorvo BAW Proprietary Information you contend was disclosed to Akoustis, documents sufficient to show the identity of any other third party who had access to said Qorvo BAW Proprietary Information and the specific Qorvo BAW Proprietary Information that was provided to said third party.

**REQUEST FOR PRODUCTION NO. 62.**

As to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.

**REQUEST FOR PRODUCTION NO. 63.**

All documents and communications concerning the alleged "recruitment scheme" by Akoustis, as alleged in Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 64.**

All documents and communications concerning the allegations in paragraph 54 of Qorvo's First Amended Complaint, including all documents and communications consisting of or relating to the Qorvo Product Engineer's reporting of the alleged incident to his or her supervisor.

**REQUEST FOR PRODUCTION NO. 65.**

A full and complete copy of the corporate yield page described in paragraph 54 of Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 66.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any information found on Qorvo's corporate yield page referenced in paragraph 54 of Qorvo's First Amended Complaint.

Public Version

**REQUEST FOR PRODUCTION NO. 67.**

All documents and communications concerning the December 2021 issue of Wireless Watch described in paragraph 64 of Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 68.**

All documents and communications concerning or reflecting any public statements that indicate Akoustis obtained Qorvo BAW Proprietary Information.

**REQUEST FOR PRODUCTION NO. 69.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.

**REQUEST FOR PRODUCTION NO. 70.**

All documents and communications concerning or reflecting Qorvo's agreements with any ex-Qorvo employee hired by Akoustis, including copies of all such agreements.

**REQUEST FOR PRODUCTION NO. 71.**

All documents and communications reflecting or concerning the separation from Qorvo of any ex-Qorvo employee hired by Akoustis, including documents and communications concerning the reason for such separations, any efforts by Qorvo to retain such employees, and any exit interview of each former Qorvo employee.

**REQUEST FOR PRODUCTION NO. 72.**

All documents and communications reflecting or concerning the disclosure of any alleged Qorvo BAW Proprietary Information by any ex-Qorvo employee hired by Akoustis, including any effort that Qorvo undertook to address any alleged disclosure.

Public Version

**REQUEST FOR PRODUCTION NO. 73.**

All documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis.

**REQUEST FOR PRODUCTION NO. 74.**

All documents and communications concerning the rate of employee turnover at Qorvo.

**REQUEST FOR PRODUCTION NO. 75.**

All documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers.

**REQUEST FOR PRODUCTION NO. 76.**

All documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee.

**REQUEST FOR PRODUCTION NO. 77.**

All documents and communications concerning or reflecting Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing.

**REQUEST FOR PRODUCTION NO. 78.**

All documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**REQUEST FOR PRODUCTION NO. 79.**

Documents sufficient to identify the names, titles, roles and responsibilities, of all current

Public Version

or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**REQUEST FOR PRODUCTION NO. 80.**

All document and communications reflecting any training, education, policies or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance or the authorized use of computer systems, networks, or documents.

**REQUEST FOR PRODUCTION NO. 81.**

All Qorvo BAW Proprietary Information that was made available to Qorvo employees that you allege was targeted or acquired by Akoustis by hiring former Qorvo employees.

**REQUEST FOR PRODUCTION NO. 82.**

All Qorvo BAW Proprietary Information that Robert Dry had access to or was aware of as Qorvo's Director of Infrastructure and Defense Packaging business that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 83.**

All Qorvo BAW Proprietary Information that David Breton had access to or was aware of as Qorvo's Manager of BAW Research and Development that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 84.**

All Qorvo BAW Proprietary Information that Guillermo Moreno had access to or was aware of as a Senior BAW Design Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

Public Version

**REQUEST FOR PRODUCTION NO. 85.**

All Qorvo BAW Proprietary Information that William Schmid had access to or was aware of as a Senior RF Test Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 86.**

All Qorvo BAW Proprietary Information that Kindra Lane had access to or was aware of as a Senior NPI Planner at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 87.**

All Qorvo BAW Proprietary Information that Wendy Wright had access to or was aware of as a Senior Business Analyst at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 88.**

All Qorvo BAW Proprietary Information that Paul Makowenskyj had access to or was aware of as a Senior Customer Quality Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 89.**

All Qorvo BAW Proprietary Information that Tony Espinoza had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 90.**

All Qorvo BAW Proprietary Information that Ali-Imran Bawangaonwala had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 91.**

All Qorvo BAW Proprietary Information that Todd Bender had access to or was aware of

Public Version

that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 92.**

All Qorvo BAW Proprietary Information that Shawn Gibb had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 93.**

All Qorvo BAW Proprietary Information that David Hodge had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 94.**

All Qorvo BAW Proprietary Information that Rohan Houlden had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 95.**

All Qorvo BAW Proprietary Information that Joonbum Kwon had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 96.**

All Qorvo BAW Proprietary Information that John Myrick had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 97.**

All Qorvo BAW Proprietary Information that Ya Shen had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 98.**

All Qorvo BAW Proprietary Information that Mitali Pathak had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

Public Version

**REQUEST FOR PRODUCTION NO. 99.**

To the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication.

**REQUEST FOR PRODUCTION NO. 100.**

All communications with or among members of your Board of Directors concerning Akoustis or this litigation.

**REQUEST FOR PRODUCTION NO. 101.**

All documents and communications concerning the potential or actual value, business, or advantages of Akoustis, including any documents concerning or reflecting Akoustis as a possible acquisition or merger target, describing any synergies or differences between Qorvo and Akoustis, or comparing or contrasting Akoustis with Qorvo or any other entity involved in BAW filter technology.

**REQUEST FOR PRODUCTION NO. 102.**

All documents and communications comprising, concerning or reflecting publications or presentations by Akoustis or its employees about BAW filter technology, including but not limited to single crystal BAW filters.

**REQUEST FOR PRODUCTION NO. 103.**

All documents that reflect or relate to any investigation of the allegations in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 104.**

Organizational charts sufficient to show the names, positions, titles, duties, roles, and reporting relationships of all officers, employees, and other personnel involved in, or supervising those involved in, the design, development, operation, manufacture, testing, marketing, offer for

Public Version

sale, or sale of any Qorvo BAW filter.

**REQUEST FOR PRODUCTION NO. 105.**

All draft or final studies, reports, or analyses relating to the BAW filter market, including any studies, reports, or analyses pertaining to market share, market demand, market segments, competition, or consumer surveys in or about the market for BAW filters.

**REQUEST FOR PRODUCTION NO. 106.**

All draft or final studies, reports, tests, or analyses relating to single crystal BAW filters, including any studies, reports, tests, or analyses pertaining to engineering, manufacturing, functionality, viability, market share, market demand, market segments, competition, or consumer demand pertaining to single-crystal BAW filters.

**REQUEST FOR PRODUCTION NO. 107.**

All documents relating to any products that compete with any Qorvo BAW Filter, including any analyses of the strengths or weaknesses of other products compared to any Qorvo BAW filter.

**REQUEST FOR PRODUCTION NO. 108.**

All documents identified in your complaint (including any amendments thereto) or used, relied on or considered in drafting your complaint and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 109.**

All documents identified in your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting your initial disclosures.

**REQUEST FOR PRODUCTION NO. 110.**

All documents you received in response to any subpoenas propounded by you in connection with this case.

Public Version

**REQUEST FOR PRODUCTION NO. 111.**

All documents identified in your responses to all Interrogatories and or used, relied on, or

considered by you in drafting your responses to interrogatories.

**REQUEST FOR PRODUCTION NO. 112.**

All documents that support, refute, or otherwise relate to any claim, defense, allegation, or

potential remedy in this lawsuit.

**REQUEST FOR PRODUCTION NO. 113.**

Documents sufficient to describe all your electronic data and document retention policies.

Dated:  May 5, 2022

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

17

Public Version

# EXHIBIT D

Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 47-113)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants") Second Set of Requests for Production (Nos. 47-113) (collectively, the "Requests," and each, individually, a "Request").

## GENERAL RESERVATIONS AND OBJECTIONS

Qorvo generally objects to Defendants' Requests as follows. These general objections shall be incorporated by reference into each response below.

1. Qorvo's responses are made solely for the purpose of this action.

2. Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing. By making the accompanying responses and objections to Defendants' Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, proportionality,

Public Version

materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.    Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.    Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.    Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.    Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document,

Public Version

or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

10.     Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they

seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties. Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.    Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.    Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.    Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.    Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.    Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

<div align="center">

**GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS**

</div>

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to the definition of "Defendant" or "Defendants" as the definition does not correctly reflect the Defendants of this action.  Qorvo also objects to the extent the definition seeks to require Qorvo to have independent knowledge relating to the identity of "any" of Akoustis' "parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers."

2.      Qorvo objects to Akoustis' definition of "you," "your" or "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent Akoustis' definition seek material and information not within Qorvo Inc.'s possession, custody, or control.

3.      Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

4.      Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent Akoustis' definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

5.      Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality

Public Version

limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

6.        Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.        Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent Akoustis' Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure and the Local Rules.

2.        Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI. Qorvo will adhere to the ESI Protocol in responding the Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 47.**

All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 47 as vague, ambiguous, and incomprehensible to the extent it seeks documents "about . . . and concerning . . . ." Qorvo further objects to Request No. 47 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks Qorvo's communications concerning Akoustis' purported single crystal technology.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce responsive communications from Akoustis or Qorvo's customers, potential customers, investors, or potential investors concerning Akoustis' purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48.**

All documents or communications concerning or reflecting Akoustis' advertising, marketing, development, or manufacture of single crystal technology.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 49.**

All documents and communications concerning or reflecting Akoustis' website.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 49 as seeking information already accessible to Akoustis to the extent it seeks documents "reflecting Akoustis' website." Qorvo further objects to Request No. 49 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks any and all "communications concerning . . . Akoustis' website."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any communications from Akoustis or any customers, potential customers, investors, or potential investors concerning statements on Akoustis' website about Akoustis' purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 50 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 51 as overly broad, unduly burdensome, not relevant to any party's claim of defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 52 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 53 as overly broad, unduly burdensome, not relevant to any party's claim of defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54.**

All documents and communications concerning or reflecting Akoustis' recruiting or hiring of any current or former Qorvo employee.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 55.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to Akoustis, if any.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 56.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to any third party, if any.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 56 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57.**

All documents and communications concerning or reflecting any request by Akoustis for disclosure of, or any effort by Akoustis to target or obtain, any Qorvo BAW Proprietary Information, if any.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58.**

All documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 58 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Public Version

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by any third party, whether authorized or unauthorized by you.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 60 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61.**

As to any Qorvo BAW Proprietary Information you contend was disclosed to Akoustis, documents sufficient to show the identity of any other third party who had access to said Qorvo BAW Proprietary Information and the specific Qorvo BAW Proprietary Information that was provided to said third party.

Public Version

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62.**

As to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 62 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63.**

All documents and communications concerning the alleged "recruitment scheme" by Akoustis, as alleged in Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64.**

All documents and communications concerning the allegations in paragraph 54 of Qorvo's First Amended Complaint, including all documents and communications consisting of or relating to the Qorvo Product Engineer's reporting of the alleged incident to his or her supervisor.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65.**

A full and complete copy of the corporate yield page described in paragraph 54 of Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 66.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any information found on Qorvo's corporate yield page referenced in paragraph 54 of Qorvo's First Amended Complaint.

Public Version

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 66 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67.**

All documents and communications concerning the December 2021 issue of Wireless Watch described in paragraph 64 of Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68.**

All documents and communications concerning or reflecting any public statements that indicate Akoustis obtained Qorvo BAW Proprietary Information.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 69 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 70.**

All documents and communications concerning or reflecting Qorvo's agreements with any ex-Qorvo employee hired by Akoustis, including copies of all such agreements.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 71.**

All documents and communications reflecting or concerning the separation from Qorvo of any ex-Qorvo employee hired by Akoustis, including documents and communications concerning the reason for such separations, any efforts by Qorvo to retain such employees, and any exit interview of each former Qorvo employee.

Public Version

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 72.**

All documents and communications reflecting or concerning the disclosure of any alleged Qorvo BAW Proprietary Information by any ex-Qorvo employee hired by Akoustis, including any effort that Qorvo undertook to address any alleged disclosure.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 73.**

All documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 73 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 74.**

All documents and communications concerning the rate of employee turnover at Qorvo.

Public Version

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 74 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 75.**

All documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 75 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 76.**

All documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 76 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Public Version

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77.**

All documents and communications concerning or reflecting Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 77 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78.**

All documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 78 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

Public Version

**REQUEST FOR PRODUCTION NO. 79.**

Documents sufficient to identify the names, titles, roles and responsibilities, of all current or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 79 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 80.**

All document and communications reflecting any training, education, policies or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance or the authorized use of computer systems, networks, or documents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 80 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 81.**

All Qorvo BAW Proprietary Information that was made available to Qorvo employees that you allege was targeted or acquired by Akoustis by hiring former Qorvo employees.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 82.**

All Qorvo BAW Proprietary Information that Robert Dry had access to or was aware of as Qorvo's Director of Infrastructure and Defense Packaging business that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83.**

All Qorvo BAW Proprietary Information that David Breton had access to or was aware of as Qorvo's Manager of BAW Research and Development that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 84.**

All Qorvo BAW Proprietary Information that Guillermo Moreno had access to or was aware of as a Senior BAW Design Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85.**

All Qorvo BAW Proprietary Information that William Schmid had access to or was aware of as a Senior RF Test Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 86.**

All Qorvo BAW Proprietary Information that Kindra Lane had access to or was aware of as a Senior NPI Planner at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 87.**

All Qorvo BAW Proprietary Information that Wendy Wright had access to or was aware of as a Senior Business Analyst at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 88.**

All Qorvo BAW Proprietary Information that Paul Makowenskyj had access to or was aware of as a Senior Customer Quality Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 89.**

All Qorvo BAW Proprietary Information that Tony Espinoza had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 90.**

All Qorvo BAW Proprietary Information that Ali-Imran Bawangaonwala had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 91.**

All Qorvo BAW Proprietary Information that Todd Bender had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 92.**

All Qorvo BAW Proprietary Information that Shawn Gibb had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 93.**

All Qorvo BAW Proprietary Information that David Hodge had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 94.**

All Qorvo BAW Proprietary Information that Rohan Houlden had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95.**

All Qorvo BAW Proprietary Information that Joonbum Kwon had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 96.**

All Qorvo BAW Proprietary Information that John Myrick had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 97.**

All Qorvo BAW Proprietary Information that Ya Shen had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98.**

All Qorvo BAW Proprietary Information that Mitali Pathak had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 99.**

To the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 99 as overly broad and unduly burdensome to the extent it purports to seek all communications between Qorvo and Akoustis on any topic regardless of relevance to the subject matter of this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 100.**

All communications with or among members of your Board of Directors concerning Akoustis or this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 101.**

All documents and communications concerning the potential or actual value, business, or advantages of Akoustis, including any documents concerning or reflecting Akoustis as a possible acquisition or merger target, describing any synergies or differences between Qorvo and Akoustis, or comparing or contrasting Akoustis with Qorvo or any other entity involved in BAW filter technology.

Public Version

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 101 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 102.**

All documents and communications comprising, concerning or reflecting publications or presentations by Akoustis or its employees about BAW filter technology, including but not limited to single crystal BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 102 as overly broad and unduly burdensome to the extent the Request asks Qorvo to search for and produce Akoustis "publications or presentations" that are equally available to Defendants.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 103.**

All documents that reflect or relate to any investigation of the allegations in the First Amended Complaint.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 103 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case. Request No. 103 is expressly drafted to encompass materials created in

Public Version

anticipation of litigation, which are protected under the attorney-client privilege and attorney work product doctrines. Akoustis' goal in pursuing this Request is to increase Qorvo's litigation costs by forcing Qorvo to create a log of litigation-related privileged materials. In typical cases, parties agree to waive privilege logs for such materials. Qorvo agreed to do so with respect to documents Akoustis created in investigation of the claims in this litigation. Akoustis, however, has refused to waive the logging requirement for Qorvo and has, instead, served this Request expressly directed to privileged materials. Qorvo believes Akoustis' efforts to increase Qorvo's litigation costs make this case "exceptional" under 35 U.S.C. § 285, thus, Qorvo reserves its right to seek such fees incurred in responding to Request No. 103 under § 285. Accordingly, an award of attorneys' fees incurred in logging litigation-related privileged materials to Qorvo will be justified.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 104.**

Organizational charts sufficient to show the names, positions, titles, duties, roles, and reporting relationships of all officers, employees, and other personnel involved in, or supervising those involved in, the design, development, operation, manufacture, testing, marketing, offer for sale, or sale of any Qorvo BAW filter.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

Public Version

**REQUEST FOR PRODUCTION NO. 105.**

All draft or final studies, reports, or analyses relating to the BAW filter market, including any studies, reports, or analyses pertaining to market share, market demand, market segments, competition, or consumer surveys in or about the market for BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106.**

All draft or final studies, reports, tests, or analyses relating to single crystal BAW filters, including any studies, reports, tests, or analyses pertaining to engineering, manufacturing, functionality, viability, market share, market demand, market segments, competition, or consumer demand pertaining to single-crystal BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 107.**

All documents relating to any products that compete with any Qorvo BAW Filter, including any analyses of the strengths or weaknesses of other products compared to any Qorvo BAW filter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 107 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 108.**

All documents identified in your complaint (including any amendments thereto) or used, relied on or considered in drafting your complaint and any amendments thereto.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 108 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your complaint and any amendments thereto." Qorvo further objects to the extent Request No. 108 is directed to harassing Qorvo and increasing Qorvo's litigation costs by requiring Qorvo to log litigation-related privileged documents. For the same reasons set forth in response to Request No. 103, Qorvo reserves the right to seek an award of attorneys fees incurred in responding to Request No. 108.

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in the Complaint to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 109.**

All documents identified in your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting your initial disclosures.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 109 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your initial disclosures."

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in its initial disclosures to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 110.**

All documents you received in response to any subpoenas propounded by you in connection with this case.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111.**

All documents identified in your responses to all Interrogatories and or used, relied on, or considered by you in drafting your responses to interrogatories.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 111 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your responses to interrogatories."

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in its interrogatory responses to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 112.**

All documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 112 as vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 113.**

Documents sufficient to describe all your electronic data and document retention policies.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

June 6, 2022

*Attorneys for Plaintiff Qorvo, Inc.*

Public Version

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                        *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                        *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                        *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

Public Version

# EXHIBIT E

Public Version

Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Ryan Selness
tel: +1.650.233.4006
ryan.selness@pillsburylaw.com

October 10, 2022

<u>Via Email</u>

Trevor Quist
Sheppard, Mullin, Richter & Hampton LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
tquist@sheppardmullin.com

   **Re:**  *Qorvo's Responses to RFP Sets 1 and 2 and Interrogatory Set 1*

Dear Counsel:

   We write to identify various deficiencies in the responses from Qorvo, Inc. ("Qorvo") to Akoustis' Requests for Production of Documents, Set One, Requests for Production of Documents, Set Two, and First Set of Interrogatories. We describe these issues below and request that Qorvo provide a written response on or before October 31 in support of a subsequent video or telephonic meet and confer.

**I.**  **Qorvo's Responses to Akoustis' Requests For Production, Set One**

   RFP No. 6 requested all documents and things "authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter." Qorvo refused to produce any responsive documents, however, on the ground that the request's reference to the "subject matter claimed in the asserted patents" is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense. But these documents are relevant to, among other things, whether the invention was disclosed prior to the patent application and the inventors' understanding of the patent and field of art. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

   RFP No. 7 requested all documents and things concerning the conception, research, testing, design, development, reduction to practice (actual or constructive) and/or diligence concerning "the subject matter of each claim of the asserted patents." Although Qorvo responded that it would produce non-privileged documents responsive to the request, that response is subject to Qorvo's objections, including its

Public Version

Trevor Quist
October 10, 2022
Page 2

objection that the request is made vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense to the extent that it relates to "the subject matter of each claim of the asserted patents." As a result, the scope of documents that Qorvo has agreed to produce is unclear. Please clarify what scope of documents, if any, that Qorvo is refusing to produce based on its objections to the phrase quoted above.

RFP No. 8 requested all documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including documents and things concerning the first time that various steps were taken with respect to the subject matter of the patents (e.g., first written description of the subject matter, first publication of the subject matter). Qorvo refused to produce any documents in response to this request on the grounds that (1) the request is vague, ambiguous, overbroad, unduly burdensome, and irrelevant insofar as it seeks documents concerning the "timing" of "any activities concerning the subject matter of the asserted patents" and (2) the request is overbroad and unduly burdensome insofar as it requires Qorvo to compare the "unspecified 'activities' to the unspecified 'subject matter of the asserted patents' to identify responsive documents." Neither objection justifies Qorvo's refusal to produce any responsive documents. The timing of the activities specified by the request with respect to the subject matter of the asserted patents is relevant to, among other things, the enforceability and validity of those patents. Moreover, the subject matter of the asserted patents is not "unspecified," but is described by U.S. Patent No. 7,522,018 (the "'018 Patent") and U.S. Patent No. 9,35,755 (the "'755 Patent") that Qorvo placed at issue in this litigation. *See* First Amended Complaint ("FAC") ¶¶ 79-80, 91-93; '018 Patent at 3:38-41, 5:15-24, and Abstract; '755 Patent at 3:30-51, 5:5-23, 7:1-21, and Abstract. To address Qorvo's concern regarding the scope of the term "activities," Akoustis agrees to narrow the scope of that term to include only the specific activities described after "including," i.e.: the first written description and/or drawings; the first publication; the first promotion, the first advertisement; the first offer; the first sale, the first availability to the public; the first public use; and the first of each experimental use. Please confirm that Qorvo will amend its response to RFP No. 8 to produce all documents related to the first of each of the activities specified above with respect to the subject matter specified above.

RFP No. 11 requested all documents and things that concern, show, or support "any contention, position, or argument by you that any claim of the asserted patents is non-obvious in whole or in part because of any secondary consideration." RFP No. 12 requested all documents and things concerning "any praise, criticism, or discussion

Public Version

Trevor Quist
October 10, 2022
Page 3

of the significance of any alleged inventions in the asserted patents." Qorvo agreed to produce its non-privileged documents responsive to these requests subject to its objection, among others, that the requests seek "premature disclosure of expert opinions and related materials concerning the validity of the asserted patents." Please clarify the scope of documents, if any, that Qorvo is withholding on the basis of this objection.

RFP No. 13 requests all documents and things related to "your consideration to sue any party based on the asserted patents, including your efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents." Qorvo agreed to produce any non-privileged documents reflecting its consideration of potential claims of infringement of the asserted patents. Please confirm that Qorvo is not narrowing the scope of this request to the claims asserted in this litigation.

RFP No. 15 requests documents sufficient to show the dates on which Qorvo knew each of the purported facts or factual allegations in its complaint and the source for each such allegation. Qorvo refused to produce any documents in response to this request, objecting that it is vague, ambiguous, overbroad, and unduly burdensome to the extent that it seeks documents concerning all allegations in Qorvo's complaint, including allegations that are undisputed and allegations for which the information is equally available to Akoustis. This objection does not support Qorvo's refusal to produce responsive documents. First, Qorvo does not even attempt to articulate what part of the request is vague or ambiguous. Second, information regarding Qorvo's first knowledge of its allegations is relevant to, among other things, various affirmative defenses (e.g., statute of limitations, waiver, failure to mitigate) as well as Qorvo's understanding of the case and the basis of its allegations regardless of whether any particular allegation is undisputed. Third, information regarding the dates of *Qorvo's* first knowledge of its allegations and *Qorvo's* sources of information is not equally available to Akoustis. In an effort to reach a compromise regarding Qorvo's burden objection, however, Akoustis is willing to limit the scope of this request to paragraphs 43-142 of Qorvo's FAC. Please confirm that Qorvo will agree to produce all non-privileged documents responsive to this request as Akoustis proposes to modify it.

RFP No. 16 requests all documents and things concerning Qorvo's "first awareness of each accused product." Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent that it seeks

Public Version

Trevor Quist
October 10, 2022
Page 4

documents concerning Qorvo's awareness of the accused products. But the requested documents are relevant to, among other things, Akoustis' equitable estoppel defense and Qorvo's understanding of the accused product (including Qorvo's understanding whether the accused product practiced one of the patents-in-suit and what is required to practice the patents-in-suit). Please confirm that Qorvo will agree to produce all non-privileged documents responsive to this request.

RFP No. 24 requested all documents and things "considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis." Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it covers any analysis or examination of any Akoustis product. The requested documents, however, are relevant to the scope and basis of Qorvo's myriad allegations regarding Akoustis and its products. In fact, Qorvo expressly alleges that it conducted an analysis of an Accused Product and made further allegations on that basis: "Qorvo recently acquired a sample Accused Product, conducted testing and analysis on it, and determined that it meets all of the limitations of one or more claims of the '018 Patent. As an example, Akoustis directly infringes at least independent claim 1 of the '018 Patent." FAC ¶ 78; *see also id.* at ¶ 79 ("By way of example, the Akoustis AKF-10235 BAW Filter has a top electrode layer that is averages [sic] about 110 nm thick and a bottom electrode layer that averages about 129 nm thick. On information and belief, the other Accused Products similarly have piezoelectric layers and top electrode layers that are thinner than their bottom electrode layers."). Akoustis is entitled to discovery regarding this analysis and any other analysis and examination conducted by Qorvo regarding other Akoustis products. Among other things, such analyses will provide or lead to the discovery of relevant evidence of Qorvo's understanding and construction of the asserted patents. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 25 requested all documents and things concerning the "characteristics of a person having ordinary skill in the art concerning the technical subject matter of the asserted patents." Qorvo refused to produce any documents responsive to this request, objecting that it is vague, ambiguous, overbroad, and unduly burdensome to the extent that it seeks all documents that in any way concern a person of ordinary skill in the art ("POSITA"). Qorvo's objection misstates the request: it does not seek all documents that in any way concern a POSITA, but only those documents concerning the *characteristics* of a POSITA *concerning the*

Public Version

Trevor Quist
October 10, 2022
Page 5

*technical subject matter of the asserted patents*.  Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 26 requested all documents and things concerning any "communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used sold, or offered for sale by Akoustis, whether or not the product is an accused product."  Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent that it purports to seek any document reflecting any discussion or communication about Akoustis or its products.  Qorvo's FAC broadly alleges that Akoustis' entire "3-7 GHz BAW RF filter portfolio" was developed by "improperly leverag[ing] Qorvo's intellectual property, including the Patents-in-Suit and the Qorvo BAW Proprietary Information, as obtained by its systematic poaching of Qorvo's employees."  FAC ¶ 43; *see also id.* at ¶ 45 ("On information and belief, Akoustis has also used the Qorvo BAW Proprietary Information to design, manufacture, market, and sell its BAW filters, and to otherwise develop its technological know-how.").  Moreover, Qorvo alleges that Akoustis unfairly competes with Qorvo by "attempt[ing] to persuade Qorvo's customers to replace Qorvo BAW filters with Akoustis' BAW filters that: (i) infringe the Patents-in-Suit; (ii) were developed with the Qorvo BAW Proprietary Information; and (iii) are falsely advertised as 'single-crystal' and marked with U.S. Patent No. 10,256,786."  *Id.* at ¶ 75.  In light of these (and other) allegations, Akoustis is entitled to discovery regarding Qorvo's communications with third parties about Akoustis or its products.  Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 30 requested all documents and things that concern or show the "structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly."  Qorvo refused to produce any documents responsive to this request, objecting that its reference to "embodiments" is vague and ambiguous and referred Akoustis to the asserted patents for identification of the structure, function, and operation of the "embodiments" of the alleged invention.  This misunderstands the request, which did not seek only documents sufficient to show the structure, function, and operation of the embodiments of the alleged invention, but *all* documents and things that concern or show such structure, function, and operation.  While the asserted patents are responsive to this request, they are not the only documents responsive to this request.  Qorvo further objected that the request is unduly

Public Version

Trevor Quist
October 10, 2022
Page 6

burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice the inventions of the asserted patents.  In an effort to reach a compromise, Akoustis proposes to limit the request to known, or reasonably believed, embodiments, which should include the first embodiment as well as the products tested and disclosed in the '755 Patent (*see* FIGs. 3A-3B).  RFP No. 30 is not asking Qorvo to analyze all of its products to determine whether each product embodies a patent.  Qorvo surely knows which of its products and protypes practice or previously practiced the patents at issue in this litigation.  Qorvo also objected that this request is irrelevant and not proportional to the needs of the case to the extent that it concerns the structure, function, or operation of products other than the accused products.  But the request is relevant to, among other things, whether Qorvo has a practicing product, damages, and validity (including the timing of the invention and patent application).  Please confirm that Qorvo will agree to produce all non-privileged documents responsive to this request as Akoustis proposes to modify it.

RFP No. 31 requested all documents and things concerning Qorvo's BAW filter products that Qorvo alleges practice and or fall within the scope of the claims of the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent)."  Qorvo refused to produce any documents responsive to this request, objecting that it is unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters and requires Qorvo to perform an infringement analysis to identify all products that practice the inventions of the asserted patents.  But Qorvo is not being asked to conduct a new analysis, but instead to provide any and all testing, analysis, specifications, communication, etc. that show how a Qorvo product practices the asserted patents, as well as why it does not.  Qorvo further objects that this request is irrelevant and not proportional to the needs of the case insofar as it concerns products other than the accused products.  Here too, the request is relevant to, among other things, whether Qorvo has a practicing product, damages, and apportionment.  Please confirm that Qorvo will agree to produce all non-privileged documents responsive to this request.

RFP No. 32 requested all documents and things concerning the sales of Qorvo's BAW filter products that Qorvo alleges practice the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent.  Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad and unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters.  This objection misstates the request however, as it seeks all documents concerning the sales of a specific subset of Qorvo's BAW filter

Public Version

Trevor Quist
October 10, 2022
Page 7

products, not all documents concerning all Qorvo BAW filters in any way.  Qorvo
further objected that this request requires an infringement analysis, but as noted
above, Akoustis is not asking Qorvo to conduct an analysis, but instead to provide
information regarding analyses Qorvo has already conducted, which shows whether a
product does or does not practice a patent, as well as information regarding the sales,
business information, development, pricing, marketing, etc. of those products.  Qorvo
also objects that the request is irrelevant and not proportional, but the request is
relevant to, among other things, whether Qorvo has a practicing product, damages,
and apportionment.  Please confirm that Qorvo will agree to produce all non-
privileged documents responsive to this request.

     RFP No. 33 requested all documents and things related to BAW filter products
(excluding Akoustis') that compete with Qorvo's products and that Qorvo alleges
practice (or alternatively do not practice) the asserted patents, and to Qorvo's
knowledge of such competition, including any analysis of any product that potentially
infringes any of the asserted patents.  Qorvo refused to produce any documents
responsive to this request, objecting that it seeks all documents concerning competing
BAW filters.  In an effort to reach a compromise, Akoustis is willing to limit the
request to documents sufficient to show the competing BAW filters, so long as the
documents produced are sufficient to show why the products are competing and
whether you allege that the product practices the patent.  Qorvo further objects to this
request as overbroad and unduly burdensome insofar as it requires Qorvo to perform
an infringement analysis to identify responsive documents.  No such analysis is
required, however, as Qorvo need only determine whether a document relates to
certain competing BAW filters and Qorvo's knowledge of that competition to
determine whether it is responsive.  While the request specifically seeks analyses of
any product that potentially infringes any of the asserted patents, Qorvo is not
required to conduct any such analysis now, but only to identify any such analysis that
has already been done.  Qorvo also objected that this request is irrelevant and not
proportional to the extent that it concerns products other than the accused products,
but the request is relevant to Qorvo's damages and the market.  Please confirm that
Qorvo will produce all non-privileged documents responsive to this request as
Akoustis proposes to modify it.

     RFP No. 43 requests documents and things related to BAW filter products of
Broadcom, Skyworks, and Resonant, including documents illustrating your
knowledge thereof and any analysis regarding the structure and/or operation of such
products, including any reverse engineering done on such products.  Qorvo refused to
produce and documents responsive to this request, objecting that it is irrelevant and

Trevor Quist
October 10, 2022
Page 8

not proportional to the extent that it concerns products other than the accused products. But the request is relevant to, among other things, competition, the market, and damages. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 44 requests documents related to whether the purported invention claimed by the Patents-in-Suit are nonobvious. Qorvo agreed to produce its non-privileged documents responsive to these requests subject to its objection, among others, that the requests seek "premature disclosure of expert opinions and related materials concerning the validity of the asserted patents." Please clarify the scope of documents, if any, that Qorvo is withholding on the basis of this objection.

RFP No. 46 requests all documents and things identified or requested to be identified in response to Akoustis' First Set of Interrogatories. Qorvo refused to produce any documents responsive to this request, incorporating by reference each of the objections made to Akoustis' First Set of Interrogatories. Since those objections were served, however, Qorvo agreed to amend its responses to certain interrogatories in Akoustis' First Set of Interrogatories. Please confirm that Qorvo will produce all documents identified by its responses to Akoustis' First Set of Interrogatories.

## II.      Qorvo's Responses to Akoustis' Requests For Production, Set Two

RFP No. 47 requested all documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology. Qorvo agreed to produce only responsive communications *from* Akoustis or Qorvo's actual or potential customers or investors. No objection justifies this unilateral exclusion of Qorvo's communications *to* Akoustis' or Qorvo's actual or potential customers or investors about Akoustis' single crystal technology. These communications are relevant to, among other things, rebutting Qorvo's allegations that Akoustis' statements about its single crystal technology are misleading (e.g., if Qorvo's communications reflect the correct, non-misleading interpretation of Akoustis' statement) and demonstrating that Qorvo, rather than Akoustis, was responsible for any confusion (e.g., by providing customers with incorrect descriptions of Akoustis' statements). Please confirm that Qorvo will produce all communications *with* any potential or actual customers or investors of Akoustis or Qorvo concerning Akoustis' single crystal technology.

Public Version

Trevor Quist
October 10, 2022
Page 9

RFP No. 49 requests all documents and communications concerning or reflecting Akoustis' website. Qorvo agreed to produce only *communications from* certain entities (i.e., Akoustis and any actual or potential customers or investors, although Qorvo does not specify whose customers/investors) concerning a narrower subject (i.e., statements on Akoustis' website about its single crystal technology). But Qorvo's objections do not justify narrowing this request in that manner. In addition to alleging that Akoustis' website makes misleading statements regarding its single crystal technology, Qorvo's FAC alleges that Akoustis induces infringement of the '018 Patent and the '755 Patent "by publishing instructions on its website instructing third parties on how to use the Accused Products…Akoustis' intent is further demonstrated by PCB diagrams published on its website that instruct customers on PCB metal, solder mask, and stencil pattern layouts for implementing the Accused Products in infringing systems." FAC ¶¶ 82, 95. Responsive communications related to Akoustis' website and the instructions and/or diagrams that allegedly induce infringement are relevant and should be included in Qorvo's response. Qorvo's objections similarly failed to justify its limitation of its response to otherwise responsive *communications from* certain entities, rather than all of its responsive communications and documents. For example, an internal analysis by Qorvo of statements made on Akoustis' website would be relevant but would be excluded from Qorvo's response. Qorvo's communications, whether internal or to third parties, regarding its understanding of Akoustis' website would also be relevant and excluded from Qorvo's response. Please confirm that Qorvo will amend its response to agree to produce all documents and communications concerning or reflecting Akoustis' website and either Akoustis' single crystal technology or any instructions, diagrams, or other statements that allegedly induce infringement of the '018 Patent or the '755 Patent.

RFP Nos. 50, 51, 52, and 53 request documents and communications concerning or reflecting Qorvo's or its actual or potential customers' knowledge or understanding of U.S. Patent No. 10,256,786 (the "'786 Patent") or the underlying preferred or alternative applications of the '786 Patent. Qorvo refused to produce any documents responsive to these requests, objecting that they are overbroad, unduly burdensome, irrelevant, and not proportional, without any explanation of those objections. "Such boilerplate objections are legally meaningless and amount to a waiver of an objection." *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc.*, No. 3:18-CV-00988, 2022 WL 4095387, at *6 (M.D. Tenn. Sept. 7, 2022); *see also Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 446 (D. Utah 2020) ("objections as to overbreadth, undue burden, and proportionality without further explanation" failed for want of specificity); *Momah v.*

Public Version

Trevor Quist
October 10, 2022
Page 10

*Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982))).  Qorvo cannot withhold documents on the basis of these boilerplate objections.  Additionally, these requests seek documents relevant to, among other things, the reasonableness of Akoustis' belief that the articles at issue were properly marked and whether Qorvo suffered any harm from the alleged false marking.  *See Clontech Lab'ys, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352–53 (Fed. Cir. 2005) ("in order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent).  Absent such proof of lack of reasonable belief, no liability under the statute ensues."); *Eyenavision, Inc. v. EnChroma, Inc.*, No. 2:21-CV-00246-RJC, 2022 WL 783428, at *6 (W.D. Pa. Mar. 15, 2022) ("To bring a cognizable claim for competitive injury, a claimant must allege sufficient facts to plausibly establish that, as a result of the opposing party's mismarking, the claimant's ability to compete against the opposing party in the market for purchasers of such products was impaired, resulting in tangible economic loss to the claimant." (cleaned up)).  Accordingly, please confirm that Qorvo will produce all non-privileged documents responsive to these requests.

RFP No. 56 requested all documents and communications concerning or reflecting disclosure of Qorvo BAW Proprietary Information to any third party, if any.  RFP No. 58 requested all documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.  RFP No. 60 requested all documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by any third party, whether authorized or unauthorized by you.  RFP No. 62 requested, as to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.  Qorvo refused to produce any documents responsive to these requests, objecting that they are overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections.  As explained above, those objections do not justify withholding any responsive documents.  These requests are relevant to Qorvo's Section 75-1 claim, including Qorvo's claim that its Qorvo BAW Proprietary Information is confidential.  Any breadth of the requests is the result of Qorvo's own broad definition of "Qorvo BAW Proprietary Information."  In any event, in an effort to reach a compromise, Akoustis proposes limiting the scope of these requests to Qorvo BAW Proprietary Information

Public Version

Trevor Quist
October 10, 2022
Page 11

that Qorvo contends was disclosed to Akoustis.  For example, RFP No. 56, as
modified, would request as to any Qorvo BAW Proprietary Information that Qorvo
contends was disclosed to Akoustis, all documents and communications concerning
or reflecting disclosure of such Qorvo BAW Proprietary Information to any third
party, if any.  Please confirm that Qorvo will produce all non-privileged documents
responsive to these requests as Akoustis proposes to modify them.

RFP No. 66 requested all documents and communications concerning or
reflecting any disclosure by Qorvo to any customer, potential customer, media, or
other third party concerning any information found on Qorvo's corporate yield page
referenced in paragraph 54 of Qorvo's First Amended Complaint.  Qorvo refused to
produce any documents responsive to this request, objecting that it is overbroad,
unduly burdensome, irrelevant, and not proportional, without providing any
supporting explanation for those objections.  As explained above, those objections do
not justify withholding any responsive documents.  Moreover, the request seeks
documents that are relevant to Qorvo's Section 75-1 claim.  In paragraph 54 of the
FAC, Qorvo alleges that, as part of Akoustis' "recruitment scheme" to "obtain
confidential information," an Akoustis engineering manager asked a Qorvo product
engineer to share unspecified information from Qorvo's corporate yield page, and
further alleged that the "corporate yield page is a repository for confidential
information."  Documents concerning or reflecting disclosures of information on that
corporate yield page are relevant to whether the information contained on that page is
in fact confidential.  Please confirm that Qorvo will produce all non-privileged
documents responsive to this request.

RFP No. 69 requested all documents and communications concerning or
reflecting any disclosure by Qorvo to any customer, potential customer, media, or
other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.  Qorvo refused
to produce any documents responsive to this request, objecting that it is overbroad,
unduly burdensome, irrelevant, and not proportional, without providing any
supporting explanation for those objections.  As explained above, those objections do
not justify withholding any responsive documents.  Moreover, the request seeks
documents relevant to Qorvo's Section 75-1 claim.  Qorvo alleged that Akoustis'
Tom Sepenzis claimed, with respect to Qorvo's Wi-Fi 6E 6GHz products, that
Qorvo's BAW filter can only operate with a low temperature co-fired ceramic filter
placed on top.  FAC ¶ 64.  Qorvo further alleged that Sepenzis' alleged statement was
made based on Qorvo's confidential information about its development pipeline and
prototyping process.  *Id.*  The documents requested by RFP No. 69 are relevant to
whether the information placed at issue by Qorvo is in fact confidential, particularly

Public Version

Trevor Quist
October 10, 2022
Page 12

insofar as Qorvo shared allegedly confidential information about its Wi-Fi 6E 6GHz products in the absence of any type of confidentiality agreement. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 73 requested all documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. Moreover, this request seeks documents relevant to Qorvo's Section 75-1 claim. Qorvo alleged that "Akoustis is seeking to damage Qorvo's business through the recruiting and hiring away from Qorvo the Ex-Qorvo BAW Employees. This poaching is intended to damage Qorvo by attrition, rather than by fair competition in the marketplace." FAC ¶ 125. This request seeks documents relevant to that allegation, among other things, as documents concerning Qorvo's hiring of replacement employees relate to whether and to what extent Qorvo was harmed by Akoustis' hiring as well as hiring practices in the industry. Additionally, communications with candidates interviewed to replace personnel who moved to Akoustis will also tend show the reasonable scope of inquiries made and information provided by such candidates in comparable positions during the recruiting and interviewing process. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 74 requested all documents and communications concerning the rate of employee turnover at Qorvo. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. Additionally, the requested documents are relevant because, as noted above, Qorvo alleged that Akoustis' hiring of Qorvo's employees was "intended to damage Qorvo by attrition." FAC ¶ 125. Qorvo's ordinary rates of turnover are relevant to whether Akoustis' hiring of approximately 20 employees over the course of multiple years caused any damage to Qorvo through attrition. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 75 requested all documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers. Qorvo refused to produce any documents responsive to this request,

Public Version

Trevor Quist
October 10, 2022
Page 13

objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. In any event, the requested documents are relevant to Qorvo's Section 75-1 claim. For example, Qorvo alleged that Akoustis "expected the Ex-Qorvo BAW Employees to disclose, use, or share the Qorvo BAW Proprietary Information as part of their employment at Akoustis, or implemented a hiring scheme that resulted in the Ex-Qorvo BAW Employees inevitably disclosing, using, or sharing, the Qorvo BAW Proprietary Information as part of their employment at Akoustis." FAC ¶ 132. Akoustis anticipates that Qorvo will attempt to prove this allegation by showing merely that Akoustis hired certain ex-Qorvo employees in roles that were consistent with their past experience. *See, e.g.*, FAC ¶ 53. Akoustis is entitled to rebut Qorvo's case by seeking evidence that Qorvo hires employees subject to confidentiality agreements with prior employers and places those employees in roles consistent with their own past experience. Comparisons of Qorvo's hiring practices with those it accuses Akoustis of engaging in will show the reasonableness of such efforts and that such hiring practices are standard and not indicative of unfair competition. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 76 requested all documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. Additionally, the requested documents are relevant to Qorvo's Section 75-1 claim. For example, Qorvo alleged that Akoustis "aggressively recruited" Qorvo's employees and hired them in roles consistent with their past experience with the expectation that they would use Qorvo's confidential information for Akoustis' benefit. FAC ¶¶ 53-54, 132. Akoustis is entitled to seek discovery that shows that Qorvo's recruitment and hiring practices with respect to Akoustis' employees are no different than Akoustis' hiring practices with respect to Qorvo's employees. Such evidence would undermine Qorvo's contention that Akoustis' recruitment and hiring practices are "aggressive" or otherwise unfair. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 77 requested all documents and communications concerning or reflecting Qorvo's efforts to identify, recruit, or hire personnel with prior expertise or

Public Version

Trevor Quist
October 10, 2022
Page 14

experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing, or manufacturing. RFP No. 78 similarly requested all documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit, or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing, or manufacturing of BAW filters. Qorvo refused to produce any responsive documents, objecting that these requests are overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. In any event, the requested documents are relevant to Qorvo's Section 75-1 claim. For example, Qorvo alleged that it was damaged by attrition through Akoustis' hiring of Qorvo employees with experience and responsibilities in each of these areas. FAC ¶¶ 48, 125. The extent of Qorvo's efforts to hire employees to perform those roles is relevant to whether any damage was actually suffered by Qorvo as a result of this alleged attrition. Furthermore, Qorvo's conduct in recruiting and hiring the types of employees described by the requests is relevant to the reasonableness of Akoustis' alleged conduct in recruiting and hiring the Ex-Qorvo BAW Employees. Please confirm that Qorvo will produce all non-privileged documents responsive to these requests.

RFP No. 79 requested documents sufficient to identify the names, titles, roles, and responsibilities, of all current or former Qorvo employees who had prior experience or expertise before joining Qorvo in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing, or manufacturing of BAW filters. Qorvo refused to produce any responsive documents, objecting that the request is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. Here too, the requested documents are relevant to Qorvo's Section 75-1 claim. For example, Qorvo alleged that Akoustis engaged in unfair business practices by hiring Ex-Qorvo BAW Employees with experience at Qorvo in each of those areas and placing them in roles at Akoustis that were consistent with their prior roles and experience at Qorvo. FAC ¶¶ 48, 53. RFP No. 79 seeks evidence that Qorvo repeatedly engages in the same type of conduct that it contends constitutes an unfair business practice when allegedly done by Akoustis. Notably, while RFP No. 79 seeks only documents sufficient to identify the employees hired by Qorvo with prior BAW filter technology experience (and certain related information), Qorvo objects that the request is overbroad and unduly burdensome,

Public Version

Trevor Quist
October 10, 2022
Page 15

suggesting that Qorvo has hired a large number of such employees. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 80 requested all documents and communications reflecting any training, education, policies, or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance, or the authorized use of computer systems, networks, or documents. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents. Moreover, this request is relevant to whether the allegedly confidential information at issue in Qorvo's Section 75-1 claim is actually confidential, including the reasonableness of Qorvo's efforts to maintain the alleged confidentiality of that information. Please confirm that Qorvo will produce all non-privileged documents responsive to this request.

RFP No. 99 requested, to the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad and unduly burdensome to the extent that it seeks all communications between Qorvo and Akoustis regardless of relevance to the subject matter of this case. While Akoustis disagrees with Qorvo's objection, Akoustis proposes the following limitation in an effort to reach a compromise regarding this request: RFP No. 99 will be limited to communications that reflect or concern any Qorvo BAW Proprietary Information, any information that could be considered Akoustis' confidential information, or the accused products (as that term is defined in RFP Set No. 1). Please confirm that Qorvo will produce all non-privileged documents responsive to this request as Akoustis proposes to modify it.

RFP No. 101 requested all documents and communications concerning the potential or actual value, business, or advantages of Akoustis, including any documents concerning or reflecting Akosutis as a possible acquisition or merger target, describing any synergies or differences between Qorvo and Akoustis, or comparing or contrasting Akoustis with Qorvo or any other entity involved in BAW filter technology. Qorvo refused to produce any documents responsive to this request, objecting that it is overbroad, unduly burdensome, irrelevant, and not proportional, without providing any supporting explanation for those objections. As explained above, those objections do not justify withholding any responsive documents.

Public Version

Trevor Quist
October 10, 2022
Page 16

Moreover, the request seeks documents relevant to, among other things, Qorvo's
alleged damages and its allegations that Akoustis "was formed specifically to
compete with Qorvo (and its predecessor companies) in the BAW filter market,"
"Akoustis' BAW filters compete with Qorvo's BAW filters," "Akoustis improperly
leveraged Qorvo's intellectual property," and "Akoustis built its 3-7 GHz BAW RF
filter portfolio using Qorvo's patented technology."  FAC ¶¶ 40, 42-44.   Please
confirm that Qorvo will produce all non-privileged documents responsive to this
request.

        RFP No. 102 requests all documents and communications comprising,
concerning, or reflecting publications or presentations by Akoustis or its employees
about BAW filter technology, including but not limited to single crystal BAW filters.
Qorvo refused to produce any documents responsive to this request, objecting that it
is overbroad and unduly burdensome to the extent that it asks Qorvo to produce
Akoustis publications and presentations that are equally available to Akoustis.  But
this misstates the request.  Akoustis does not seek only copies of its own presentations
and publications, but also documents and communications concerning Akoustis'
publications or presentations about BAW filter technology.  Such documents are not
equally available to Akoustis and must be produced.  To the extent that those
documents attach or enclose copies of those publications or presentations, then those
publications and presentations must be produced as well.  Akoustis is willing to agree
that Qorvo can exclude from its production copies of responsive publications and
presentations to the extent that they (1) are not attached to another responsive
document that is not equally available to Akoustis and (2) have not been substantively
modified since their publication or distribution by Akoustis (e.g., Qorvo has not
written notes on the publication or presentation).  Please confirm that Qorvo will
produce all non-privileged documents responsive to this request as Akoustis proposes
to modify it.

        RFP No. 107 requested all documents relating to any products that compete
with any Qorvo BAW filter, including any analysis of the strengths and weaknesses
of other products compared to any Qorvo BAW filter.  Qorvo refused to produce any
documents responsive to this request, objecting that it is overbroad, unduly
burdensome, irrelevant, and not proportional, without providing any supporting
explanation for those objections.  As explained above, those objections do not justify
withholding any responsive documents.  Nevertheless, in an effort to reach a
compromise, Akoustis is willing to limit the scope of this request to documents
reflecting analysis of the strengths or weaknesses of any product or products that
compete with any Qorvo BAW filter in comparison to any Qorvo BAW filter

Public Version

Trevor Quist
October 10, 2022
Page 17

described by Qorvo's amended response to Akoustis' Interrogatory No. 1 (i.e., Qorvo's 3-7 GHz BAW filter and technology portfolio, including the QPQ1903 5.2GHz Wi-Fi BAW filter, the QPQ1904 5.6GHz Wi-Fi BAW filter, and numerous customized filters). Such documents are relevant to, among other things, Qorvo's alleged damages (e.g., lost sales, market information). Please confirm that Qorvo will produce all non-privileged documents responsive to this request as Akoustis proposes to modify it.

RFP No. 109 requested all documents identified in your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting your initial disclosures. RFP No. 111 similarly requested all documents identified in Qorvo's responses to all interrogatories or used, relied on, or considered by Qorvo in drafting its responses to interrogatories. Qorvo refused to respond to the second half of these requests, agreeing to produce only documents identified in its initial disclosures or interrogatory responses. Qorvo objected that the requests are vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not proportional to the extent that that they seek documents used, relied on, or considered by Qorvo in drafting its initial disclosures or interrogatory responses. Qorvo offered no explanation of why it found the common English terms "used," "relied on" and "considered" to be vague or ambiguous in the context of these requests. If Qorvo intends to maintain this objection, it must explain the "specific and particular way in which [the] request is vague." *Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009); *see also DL v. D.C.*, 251 F.R.D. 38, 47 (D.D.C. 2008) (overruling objections as to vagueness where the objecting party had not "sought clarification or indicated the aspects of the requests at issue which it was unable to comprehend, and ha[d] thus waived this objection."). Qorvo cannot identify any burden imposed by these requests, which seeks only certain documents involved in Qorvo's preparation of discovery responses. And documents responsive to these requests are relevant, as Qorvo cannot reasonably contend that its initial disclosures and interrogatory responses are irrelevant. Please confirm that Qorvo will produce all non-privileged documents responsive to these requests.

## III.    Qorvo's Demand for Attorneys' Fees

In response to RFP Nos. 14, 103, and 108, Qorvo agreed to produce non-privileged responsive documents, but objected that Akoustis' goal in pursuing those requests was to increase Qorvo's litigation costs by forcing Qorvo to create a log of litigation-related privileged materials. Qorvo's sole basis for this allegation is that Akoustis has declined to waive the privilege logging requirement for responsive

Trevor Quist
October 10, 2022
Page 18

documents withheld as privileged, which Qorvo contends renders this an "exceptional" case under 35 U.S.C. § 285. Qorvo did not, however, identify any authority in support of its claim that this case is "exceptional." Akoustis is not aware of any authority in support of Qorvo's claim, as privilege logs are an "almost universal method of asserting privilege under the Federal Rules." *Caudle v. D.C.*, 263 F.R.D. 29, 35 (D.D.C. 2009). If Qorvo is aware of any authority that declining to waive such a near-universal requirement entitles the logging party to attorneys' fees under 35 U.S.C. § 285, please identify it. Additionally, if Qorvo intends to seek attorneys' fees under 35 U.S.C. § 285, please provide information concerning Qorvo's alleged burden (e.g., an estimate of the number of documents that Qorvo would need to log solely in response to this request) to enable the parties to meet and confer regarding this issue.

## IV.     Qorvo's Responses to Akoustis' First Set of Interrogatories

Interrogatory No. 1 requested, among other things, that Qorvo "[i]dentify by name, model number and any other identifying indicia any Qorvo BAW filter product…that Qorvo sells or offers for sale in the United States that Qorvo contends competes with the 'Akoustis BAW Filters' as defined by Qorvo…" Qorvo's first supplemental response states that "Qorvo's 3-7 GHz BAW filter and technology portfolio competes with Akoustis' 3-7 GHz BAW filter portfolio," which "includes, among others, the QPQ1903 5.2GHz Wi-Fi BAW filter, the QPQ1904 5.6GHz Wi-Fi BAW filter, and numerous customized filters that are offered to customers." This response fails to provide the requested identifying information for each Qorvo BAW filter product that Qorvo contends competes with Akoustis' 3-7 GHz BAW filter portfolio. The response appears to be incomplete because Qorvo purports to provide a non-exhaustive list ("including, among others") and states that there are "numerous customized filters that are offered to customers" but makes no reference to identify these filters. *See Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106 (W.D.N.C. 1993) (response was incomplete where interrogatory requested identification of all procurement contracts and subcontracts related to a project, and party responded that it had entered into several oral agreements and gave two examples of such agreements). The identifying information requested by this Interrogatory is relevant to, among other thing, Qorvo's alleged damages. Please confirm that Qorvo will amend this response to provide the requested information.

Interrogatory No. 2 requested, for each product identified by Qorvo's response to Interrogatory No. 1, that Qorvo "describe in detail the structure, composition, and/or operation of the Qorvo BAW filter product(s), including describing any testing

Public Version

Trevor Quist
October 10, 2022
Page 19

and analysis that Qorvo conducted and the outcomes of such analysis, and identify person(s) with knowledge of the foregoing and documents concerning the foregoing." Qorvo's first supplemental response, however, identifies only two documents as responsive to the Interrogatory: QORVO_00024564 – QORVO_00024565 and QORVO_00024574 – QORVO_00024578, which are data sheets for QPQ1903 and QPQ1904. But the referenced documents do not fully respond to the request. For example, they do not identify any person with knowledge of the structure, composition, or operation of the Qorvo BAW filter products. Please confirm that Qorvo will provide a supplemental response to this interrogatory.

Interrogatory No. 3 requested, among other things, for each product identified by Qorvo's response to Interrogatory No. 1, that Qorvo identify the three individuals having the most knowledge of that product's design, development, marketing, manufacture, testing, and sales. Qorvo objected that the Interrogatory is "vague, ambiguous, overly broad, not relevant to any party's claim or defense, and not proportional to the needs of the action to the extent it seeks identification of 'the three individuals having the most knowledge of its design, development, marketing, manufacture, testing, and sales.'" But this request is reasonably calculated to lead to the discovery of admissible evidence through identification of individuals likely to have relevant information and testimony about Qorvo's BAW filter products that allegedly compete with Akoustis' BAW filter products. Pleas confirm that Qorvo will provide a supplemental response to this interrogatory.

Interrogatory No. 4 requested that Qorvo "[i]dentify each of Your past and present customers, distributors, or any other entity purchasing, sampling, or selling any product identified in response to Interrogatory No. 1, and, for each entity, identify the total number of units shipped or delivered and total sales in dollar value to or by each such entity for each calendar quarter of sales." Qorvo has refused to respond, in part, because "information about those sales are not relevant to any claim or defense at issue in this litigation." As set forth in our prior meet-and-confer letter, this interrogatory is relevant to damages. Please confirm that Qorvo will provide a supplemental response to this interrogatory.

Interrogatory No. 5 requested that "for each product identified in response to Interrogatory No. 1, identify the following financial data, on a quarterly basis, from October 4, 2015, to the present: (a) units sold; (b) location of sales; (c) gross revenues; (d) cost of goods sold; and (e) profit before taxes, net of any returns, allowances, or credits. In its first supplemental response, Qorvo alleged that information sufficient to respond to this interrogatory was produced at

**Public Version**

Trevor Quist
October 10, 2022
Page 20

QORVO_00025934 - QORVO_00026251.  The documents produced at
QORVO_00025934 - QORVO_00026251 are not responsive.  These documents
generally consist of consolidated financials and press releases regarding Qorvo's
financials.  The documents do not identify the products sold, quantity of products sold,
location of sales by product, cost of goods on a product basis, or profit on a product
basis.  Please confirm that Qorvo will provide a supplemental response to this
interrogatory that responds in full to the request.

Sincerely,

Ryan Selness

Public Version

# EXHIBIT F

Public Version

**Sheppard Mullin**

Sheppard, Mullin, Richter & Hampton LLP
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
650.815.2600 main
650.815.2601 fax
www.sheppardmullin.com

**December 14, 2022**

**VIA E-MAIL**

Ryan Selness
PILLSBURY, WINTHROP, SHAW, PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
650.233.4006
E-Mail: ryan.selness@pillsburylaw.com

Re:     *Qorvo's Response to Akoustis' Letter Dated October 10, 2022*

Counsel,

Pursuant to the parties' recent meet-and-confer, Qorvo provides the below written responses to the issues raised in Akoustis' letter dated October 10, 2022.

As an initial matter, Akoustis' October 10, 2022 letter is untimely. Qorvo served its objections and responses to Akoustis' first set of RFPs on May 23, 2022, and to Akoustis' second set of RFPs on June 6, 2022. Akoustis remained silent on these objections for over four months, until the letter dated October 10, 2022. By the time Akoustis provided its letter, Qorvo had already endeavored to gather and identify documents in view of its objections, and leveraging the proposed Search Parameters it served Akoustis on May 20, 2022 (the documents returned from application of Qorvo's earlier proposed Search Parameters are referred to herein as the "Document Pool"). Now, over four months after Akoustis could have reasonably raised these issues, Akoustis seeks to cure its delay through a belated letter. Akoustis' delay imposes a considerable burden on Qorvo and its document reviewers, one that could have been avoided if raised earlier. Nevertheless, in the interest of moving the case forward, Qorvo will agree to perform some additional searching and supplemental production, within reason, as set out in the responses below.

- RFP No. 6: Qorvo stands by its original position. Nevertheless, without waiving its objections, Qorvo will conduct an additional reasonable search within the Document Pool to identify non-public documents specifically being labeled as authored by one or more of the named inventors of the 018 and 755 Patents, which were "disclosed [outside of Qorvo] prior to the patent application" (as per Akoustis' letter). Qorvo agrees to produce relevant, responsive, and non-privileged documents identified in this endeavor. To the extent RFP No. 6 seeks documents authored by the inventors that are in the public domain, Qorvo will not conduct additional searching for those documents as Akoustis can find those on its own.

Public Version

**Sheppard**Mullin

December 14, 2022
Page 2

- RFP No. 7: Qorvo has agreed to produce non-privileged documents to the extent that "the subject matter of each claim of the asserted patents" is understood to be no broader than claimed subject matter in the asserted claims.

- RFP No. 8: Qorvo has produced documents responsive to this request. Nevertheless, without waiving its objections, Qorvo will conduct an additional reasonable search within the Document Pool to identify additional pre-filing documents (if any) within the narrower scope identified in Akoustis' letter. Qorvo agrees to produce relevant, responsive, and non-privileged documents identified in this endeavor.

- RFP Nos. 11, 44: Though Qorvo stands by its original position, Qorvo is not intentionally withholding documents on the basis of its "premature disclosure of expert opinions…" objection.

- RFP No. 13: Qorvo is not narrowing the scope of this request to the specific subset of patent claims asserted in this litigation.

- RFP No. 15, 26, 43: Qorvo stands by its original objections to these RFPs as set forth in its May 23, 2022 Objections and Responses.

- RFP No. 16: Akoustis appears to mistake the defense of "equitable estoppel" for "laches." Laches is dead in patent infringement, the six year statutory lookback controls. And timing is not so relevant in the equitable estoppel analysis, which focuses on whether a patent owner misled an accused infringer. For at least this reason, Qorvo stands by its original objections to this RFP as set forth in its May 23, 2022 Objections and Responses.

- RFP No. 24: Qorvo has produced documents responsive to this RFP. *See, e.g.*, QORVO_00012913-QORVO_00013043.

- RFP No. 25: Qorvo stands by its original objections to this RFP as set forth in its May 23, 2022 Objections and Responses. Nevertheless, without waiving its objections, given the narrower scope identified by Akoustis's letter, Qorvo can confirm it is not intentionally withholding documents concerning "*the characteristics*" of a POSITA "*concerning the technical subject matter of the asserted patents.*"

- RFP Nos. 30-33: To the extent these RFPs only seek "analys[es] that has already been done" and which resulted in an actual "know[ledge]" as seems to be indicated from the letter, Qorvo will conduct an additional reasonable search within the Document Pool to identify responsive documents. Qorvo agrees to produce relevant, responsive, and non-privileged documents identified in this endeavor. Beyond this, Qorvo stands by its original objections to these RFPs as set forth in its May 23, 2022 Objections and Responses.

Public Version

**Sheppard**Mullin

December 14, 2022
Page 3

- RFP No. 46: Qorvo already served a supplemental response to Akoustis' First Set of Interrogatories on July 25, 2022.

- RFP No. 47: Akoustis' theory that Qorvo's limitation is improper is unclear. Even so, the relevance of the information apparently sought, as Qorvo understands Akoustis' letter, is tenuous at best. Akoustis seems to be accusing Qorvo of telling its own customers that Akoustis' filters had higher performance because they were built from "single crystal" piezo materials, and that somehow Qorvo should be responsible for misleading Akoustis' customers.  To the extent Akoustis is accusing Qorvo of doing this, we can confirm that Qorvo does not try to lead its customers or potential customers to take their business to Akoustis.  Beyond this explanation, Qorvo stands by its original objections to this RFP as set forth in its June 6, 2022 Objections and Responses.

- RFP Nos. 49, 50, 51, 52, 53, 56, 58, 60, 62, 66, 69, 73, 74, 75, 76, 77, 78, 79, 80, 101, 102: Qorvo stands by its original objections to these RFPs as set forth in its June 6, 2022 Objections and Responses. Additionally, Qorvo has already produced many documents responsive to several of the foregoing requests.

- RFP No. 99: Without waiving its objections, Qorvo will conduct an additional reasonable search within the Document Pool to identify communications with are (1) between any person employed by Qorvo at the time of the communication, on the one hand, and any person employed by Akoustis at the time of the communication on the other, and (2) which fall within the narrower scope proposed by Akoustis – i.e., "communications that reflect or concern any Qorvo BAW Proprietary Information, any information that could be considered Akoustis' confidential information, or the accused products (as that term is defined in RFP Set No. 1)." Qorvo agrees to produce relevant, responsive, and non-privileged documents identified in this endeavor.

- RFP No. 107: Qorvo has produced documents responsive to this RFP. *See, e.g.*, QORVO_00027790, QORVO_00029242,  QORVO_00030969, QORVO_00032601. Without waiving its objections, Qorvo intends to produce additional non-privileged documents, many of which are responsive to this RFP.

- RFP Nos. 109, 111:  Similar to Akoustis' pushback on several of Qorvo's requests, the language of RFP 109 is directed toward attorney work product, for example, in connection with the term "considered". At least to the extent these seek attorney work product, or seeks irrelevant or disproportional document productions, Qorvo stands on its objections.

- RFP Nos. 14, 13, and 108, and related privilege logging issue: Akoustis misunderstands Qorvo's position. Qorvo does not reject the general notion of privilege logging. Rather,

Public Version

**Sheppard**Mullin

December 14, 2022
Page 4

Qorvo's position is that practical limits should be observed. Qorvo is willing to meet and confer to the extent Akoustis still wishes to do so in connection with privilege logging.

- ROG No. 1: Qorvo does not believe an amended response is necessary at this time. Nevertheless, without waiving its objections, may amend its response to this Interrogatory pursuant to any ongoing obligation to supplement under the Federal or Local Rules.

- ROG Nos. 2-3: Qorvo will supplement its responses to these ROGs to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products.

- ROG Nos. 4-5: Qorvo does not believe the level of detail requested in these ROGs is warranted, and is largely disproportionate to the needs of the case. Nevertheless, without waiving its objections, Qorvo will provide additional financial information in a Rule 33(d) production that is responsive to this ROG.

Sincerely,

Trevor J. Quist

Regards,

*/s/ Trevor J. Quist*
Trevor J. Quist
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:                                    Counsel of Record (via e-mail)

Public Version

# EXHIBIT G

Public Version

| | |
|---|---|
| **From:** | Selness, Ryan |
| **To:** | "Trevor Quist"; Roy Jung |
| **Cc:** | Sweeney, Dianne L.; Roozen, Theresa A.; Stanton, David; Rose, Meri L. |
| **Subject:** | RE: Qorvo v. Akoustis - Meet and Confer Letter |
| **Date:** | Thursday, December 22, 2022 4:19:29 PM |

Trevor and Roy,

Thanks for your time yesterday. Below is a summary of our understanding of the parties' positions and the agreements that we reached on the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

As a threshold matter, regarding the issue of timing on motions to compel, we wanted to firm up the parties' understanding and agreement. The parties previously agreed that continuation of the meet and confer is what provided the necessary good cause to postpone the filing of any motion to compel as to a set of discovery requests. It is our understanding that the parties have not yet determined that they have reached an impasse as to any set of discovery served to-date. Please let us know if you disagree.

To clarify this procedure going forward, we propose that the deadline to file a motion to compel as to any set of set of interrogatories or document requests served under FRCP Rule 33 or 34 shall expire 21 days after either side informs the other that they have reached an unresolvable impasse, and that the meet and confer as to that set is terminated. To avoid piecemeal motions, the 21-day period is not triggered by an indication that an impasse has been reached as to individual interrogatories or document requests, but only as to an entire set. Please let us know if this is acceptable.

Regarding the specific requests for production and interrogatories that we discussed on the yesterday's call:

- Qorvo's Delay Objection: Qorvo's December 14 letter reflects that Qorvo is declining to reconsider its objections and responses to the following RFPs, but after discussion, Qorvo agreed to give further consideration as to whether it would stand on that position or agree to provide further responses and will advise Akoustis of its decision: 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 101, 102, and 107.
- RFP No. 6:
    - Akoustis agreed to limit the Request's reference to "concerning such subject matter" to "concerning the subject matter claimed in the asserted patents."
    - Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that have been "specifically…labeled as authored by one or more of the named inventors of the 018 and 755 Patents," and requested that Qorvo include documents reasonably identifiable as having been authored by one or more such inventors. Qorvo agreed but asked whether Akoustis intended this Request to include emails or was limited to things like articles, publications, etc. Akoustis agreed to report back as to whether it intended the Request for documents and things "authored" by

Public Version

any inventor to include emails authored by the inventors.

- ○ Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that were "disclosed [outside of Qorvo] prior to the patent application." Akoustis requested that Qorvo include internal documents, as well as documents disclosed outside of Qorvo, as internal documents are relevant to the inventors' understanding and the field of art. Qorvo agreed to consider its position and provide a further response.

- RFP No. 16:
  - ○ Akoustis asserted that timing is a relevant consideration under equitable estoppel. Qorvo requested that Akoustis provide authority in support of its position, at which point Qorvo will consider the authority and whether to modify its position. Akoustis agreed to do so. We note further, however, that this timing is also relevant to the non-patent, advertising claims concerning the Accused Products.

- RFP No. 25:
  - ○ Qorvo stated that it has likely already produced everything that Akoustis would want in response to this Request. In light of that, Akoustis asked Qorvo to provide confirmation in response to the Request that it has conducted a reasonable search for and produced non-privileged documents responsive to the Request. Qorvo agreed to consider whether it could do so.

- RFP No. 30:
  - ○ Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit its response to this Request to analyses that "resulted in an actual 'know[ledge]'" of an embodiment as that limitation would exclude responsive documents that Qorvo actually knows *or* reasonably believes concern or show the structure, function, or operation of, or that constitute embodiments of, any invention disclosed or claimed in the asserted patents. Qorvo agreed to consider whether it can expand its proposed search to include reasonable belief as well as actual knowledge.

- RFP No. 46:
  - ○ Qorvo stated that all documents identified in its amended response to Interrogatory Set 1 have already been produced. Akoustis asked Qorvo to confirm, in response to RFP No. 46, that it had produced or would produce documents identified or requested to be identified in its response to Interrogatory Set 1. Qorvo agreed to consider whether it could do so.

- RFP No. 47:
  - ○ Akoustis explained that Qorvo's December 14 letter appears to misunderstand what is sought by this Request. Akoustis requested that Qorvo agree to produce responsive communications *from* Qorvo, as Qorvo has excluded those from the scope of its response. Qorvo stated that it was standing on its objections. Akoustis asked for an explanation of why Qorvo believed such communications were not relevant, or that producing them would be unduly burdensome or not proportional. Qorvo agreed to provide the requested explanation.

- RFP Nos. 109, 111:
  - ○ Akoustis confirmed that it accepts Qorvo's approach to these Requests.

- RFP Nos. 14, 103, and 108 (privilege log/fees):
  - ○ Akoustis stated that it believes that, pursuant to the privilege logging protocol,

**Public Version**

documents withheld for privilege with dates before October 4, 2021 should be logged. Akoustis stated that it wants these documents to be logged in order to determine whether any non-privileged attachments to privileged communications are being withheld and should be produced, and believes that the burden of logging pre-October 4, 2021 communications with litigation counsel is minimal because the protocol calls for only a metadata log with a limited description of the basis for the privilege. Akoustis asked Qorvo to provide information about the extent of the burden if Qorvo determines that logging privileged communications with counsel about the litigation is too burdensome. Qorvo agreed to further consider this and to let Akoustis know its position.

- Interrogatory No. 1:
  - Qorvo confirmed that it will provide a supplemental response to this request. Qorvo stated that it may still include general language regarding its products because some of them are custom-made. Akoustis agreed to defer addressing that issue until it sees Qorvo's amended response.

- Interrogatory No. 2:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request also sought identification of testing and analysis and the outcomes of that analysis. Qorvo stated that it intended to provide a production pursuant to FRCP 33(d) that addressed that component of the request.

- Interrogatory No. 3:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request sought identification of three individuals with the most responsive knowledge, and asked that if only one person with such knowledge exists, Qorvo confirm that fact. Qorvo agreed to look into whether it could identify the requested three individuals.

- Interrogatory Nos. 4-5:
  - Qorvo confirmed that it would identify the specific documents produced as part of its responsive productions pursuant to FRCP 33(d), as required by that rule.

Thanks again and happy holidays,

Ryan

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Saturday, December 17, 2022 7:30 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter

Public Version

Hi Dianne,

Thank you for the email. I am tied up on Tuesday. Wednesday after 1pm pacific would work. Let me know if Wednesday in that window is suitable for your side.

Thank you,

Trevor

Sent from my iPhone

> On Dec 17, 2022, at 7:34 PM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:
>
> Hi Trevor – Sorry to bother you on a weekend, just checking back on this given upcoming holiday conflicts. Thanks, Dianne
>
> **Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
> Pillsbury Winthrop Shaw Pittman LLP
> 2550 Hanover Street | Palo Alto, CA 94304-1115
> t +1.650.233.4046 | f +1.650.233.4545
> dianne@pillsburylaw.com | website bio
>
> ---
>
> **From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
> **Sent:** Friday, December 16, 2022 11:23 AM
> **To:** Trevor Quist <TQuist@sheppardmullin.com>
> **Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
> **Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter
>
> Thanks Trevor. Are you available on Tuesday after 11:30 a.m. PT for a video meet and confer?
>
> Ryan
>
> ---
>
> **From:** Trevor Quist <TQuist@sheppardmullin.com>
> **Sent:** Wednesday, December 14, 2022 9:01 PM
> **To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
> **Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;

Public Version

Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter


Ryan,

Attached please find Qorvo's response to Akoustis' letter dated October 10, 2022.

Regards,

**Trevor J. Quist**
+1 650-815-2645 | direct
+1 858-295-2603 | cell
TQuist@sheppardmullin.com | bio

**Sheppard**Mullin
1540 El Camino Real
Suite 120
Menlo Park, CA 94025
650.815.2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Thursday, November 3, 2022 12:55 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor – following up on the attached letter, which we sent a little over three weeks ago. We asked for a written response by Monday, but I haven't heard anything yet. Please advise.

Thanks,

Ryan

**Ryan Selness** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio

---

**Public Version**

**From:** Selness, Ryan
**Sent:** Monday, October 10, 2022 4:13 PM
**To:** 'tquist@sheppardmullin.com' <tquist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor,

Please see the attached.

Regards,

Ryan


The contents of this message, together with any attachments, are intended only for the
use of the individual or entity to which they are addressed and may contain
information that is legally privileged, confidential and exempt from disclosure. If you
are not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this message, or any attachment, is strictly prohibited. If you
have received this message in error, please notify the original sender or the Pillsbury
Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by
telephone and delete this message, along with any attachments, from your computer.
Nothing in this message may be construed as a digital or electronic signature of any
employee of Pillsbury Winthrop Shaw Pittman. Thank you.


Attention: This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error, please notify the
sender by reply e-mail and delete the message and any attachments.


The contents of this message, together with any attachments, are intended only for the
use of the individual or entity to which they are addressed and may contain
information that is legally privileged, confidential and exempt from disclosure. If you
are not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this message, or any attachment, is strictly prohibited. If you
have received this message in error, please notify the original sender or the Pillsbury
Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by
telephone and delete this message, along with any attachments, from your computer.
Nothing in this message may be construed as a digital or electronic signature of any
employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT H

Public Version

| | |
|---|---|
| **From:** | Selness, Ryan |
| **To:** | "Trevor Quist"; "Roy Jung" |
| **Cc:** | Sweeney, Dianne L.; Roozen, Theresa A.; Stanton, David; Rose, Meri L. |
| **Subject:** | RE: Qorvo v. Akoustis - Meet and Confer Letter |
| **Date:** | Wednesday, January 4, 2023 9:24:29 AM |

Trevor and Roy,

Further to the agreements described below, Akoustis provides the following further response:

- RFP No. 6: Regarding whether Akoustis intended the Request for documents and things "authored" by any inventor to include emails authored by the inventors: yes, Akoustis did intend to include emails authored by the inventors to the extent those emails are within Qorvo's possession, custody, or control (Akoustis understands that the '018 patent was acquired by assignment, and emails authored by the inventors of that patent may not be within Qorvo's possession, custody, or control). We anticipate that the emails authored by the inventors of the '755 patent are within Qorvo's possession, as Qorvo listed them as custodians in its search parameters.

- RFP No. 16: In addition to the relevance of this Request as described below, courts have found that the timing of a patent holder's knowledge of the accused products is relevant to an equitable estoppel defense. *See, e.g.*, *Align Tech., Inc. v. 3Shape A/S*, No. CV 17-1646-LPS, 2020 WL 4926164, at *17 (D. Del. Aug. 14, 2020) ("The Court further agrees with Align that genuine disputes of material fact exist with respect to each of the three elements of equitable estoppel and preclude the Court from granting 3Shape's request for summary judgment. For example, concerning the first element, the record could support a finding in favor of 3Shape or alternatively in favor of Align as to what Align knew about 3Shape's Model Builder and its functionality in connection with Align's iTero scans..."); *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-CV-414-RWS-JDL, 2018 WL 10124888, at *3 & n.7 (E.D. Tex. Sept. 6, 2018) (holding that allegation that plaintiff was aware of the accused products for more than seven years before filing suit as a result of plaintiff's sale of competing products on Amazon.com "may potentially give rise to a defense of equitable estoppel").

Given that the issues related to these RFPs and interrogatories were first raised on October 10, Akoustis requests that Qorvo provide the further responses/information described below by January 11 and provide an estimate of time when these materials will be produced (a rolling basis is agreeable).

Regards,

Ryan

---

**From:** Selness, Ryan
**Sent:** Thursday, December 22, 2022 4:19 PM
**To:** 'Trevor Quist' <TQuist@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A.

Public Version

<theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor and Roy,

Thanks for your time yesterday. Below is a summary of our understanding of the parties' positions and the agreements that we reached on the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

As a threshold matter, regarding the issue of timing on motions to compel, we wanted to firm up the parties' understanding and agreement. The parties previously agreed that continuation of the meet and confer is what provided the necessary good cause to postpone the filing of any motion to compel as to a set of discovery requests. It is our understanding that the parties have not yet determined that they have reached an impasse as to any set of discovery served to-date. Please let us know if you disagree.

To clarify this procedure going forward, we propose that the deadline to file a motion to compel as to any set of set of interrogatories or document requests served under FRCP Rule 33 or 34 shall expire 21 days after either side informs the other that they have reached an unresolvable impasse, and that the meet and confer as to that set is terminated. To avoid piecemeal motions, the 21-day period is not triggered by an indication that an impasse has been reached as to individual interrogatories or document requests, but only as to an entire set. Please let us know if this is acceptable.

Regarding the specific requests for production and interrogatories that we discussed on the yesterday's call:

- Qorvo's Delay Objection: Qorvo's December 14 letter reflects that Qorvo is declining to reconsider its objections and responses to the following RFPs, but after discussion, Qorvo agreed to give further consideration as to whether it would stand on that position or agree to provide further responses and will advise Akoustis of its decision: 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 101, 102, and 107.
- RFP No. 6:
  - Akoustis agreed to limit the Request's reference to "concerning such subject matter" to "concerning the subject matter claimed in the asserted patents."
  - Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that have been "specifically...labeled as authored by one or more of the named inventors of the 018 and 755 Patents," and requested that Qorvo include documents reasonably identifiable as having been authored by one or more such inventors. Qorvo agreed but asked whether Akoustis intended this Request to include emails or was limited to things like articles, publications, etc. Akoustis agreed to report back as to whether it intended the Request for documents and things "authored" by any inventor to include emails authored by the inventors.

Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that were "disclosed [outside of Qorvo] prior to the patent application." Akoustis requested that Qorvo include internal documents, as well as documents disclosed outside of Qorvo, as internal documents are relevant to the inventors' understanding and the field of art. Qorvo agreed to consider its position and provide a further response.

- RFP No. 16:
  - Akoustis asserted that timing is a relevant consideration under equitable estoppel. Qorvo requested that Akoustis provide authority in support of its position, at which point Qorvo will consider the authority and whether to modify its position. Akoustis agreed to do so. We note further, however, that this timing is also relevant to the non-patent, advertising claims concerning the Accused Products.
- RFP No. 25:
  - Qorvo stated that it has likely already produced everything that Akoustis would want in response to this Request. In light of that, Akoustis asked Qorvo to provide confirmation in response to the Request that it has conducted a reasonable search for and produced non-privileged documents responsive to the Request. Qorvo agreed to consider whether it could do so.
- RFP No. 30:
  - Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit its response to this Request to analyses that "resulted in an actual 'know[ledge]'" of an embodiment as that limitation would exclude responsive documents that Qorvo actually knows *or* reasonably believes concern or show the structure, function, or operation of, or that constitute embodiments of, any invention disclosed or claimed in the asserted patents. Qorvo agreed to consider whether it can expand its proposed search to include reasonable belief as well as actual knowledge.
- RFP No. 46:
  - Qorvo stated that all documents identified in its amended response to Interrogatory Set 1 have already been produced. Akoustis asked Qorvo to confirm, in response to RFP No. 46, that it had produced or would produce documents identified or requested to be identified in its response to Interrogatory Set 1. Qorvo agreed to consider whether it could do so.
- RFP No. 47:
  - Akoustis explained that Qorvo's December 14 letter appears to misunderstand what is sought by this Request. Akoustis requested that Qorvo agree to produce responsive communications *from* Qorvo, as Qorvo has excluded those from the scope of its response. Qorvo stated that it was standing on its objections. Akoustis asked for an explanation of why Qorvo believed such communications were not relevant, or that producing them would be unduly burdensome or not proportional. Qorvo agreed to provide the requested explanation.
- RFP Nos. 109, 111:
  - Akoustis confirmed that it accepts Qorvo's approach to these Requests.
- RFP Nos. 14, 103, and 108 (privilege log/fees):
  - Akoustis stated that it believes that, pursuant to the privilege logging protocol, documents withheld for privilege with dates before October 4, 2021 should be logged.

**Public Version**

Akoustis stated that it wants these documents to be logged in order to determine whether any non-privileged attachments to privileged communications are being withheld and should be produced, and believes that the burden of logging pre-October 4, 2021 communications with litigation counsel is minimal because the protocol calls for only a metadata log with a limited description of the basis for the privilege. Akoustis asked Qorvo to provide information about the extent of the burden if Qorvo determines that logging privileged communications with counsel about the litigation is too burdensome. Qorvo agreed to further consider this and to let Akoustis know its position.

- Interrogatory No. 1:
  - Qorvo confirmed that it will provide a supplemental response to this request. Qorvo stated that it may still include general language regarding its products because some of them are custom-made. Akoustis agreed to defer addressing that issue until it sees Qorvo's amended response.
- Interrogatory No. 2:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request also sought identification of testing and analysis and the outcomes of that analysis. Qorvo stated that it intended to provide a production pursuant to FRCP 33(d) that addressed that component of the request.
- Interrogatory No. 3:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request sought identification of three individuals with the most responsive knowledge, and asked that if only one person with such knowledge exists, Qorvo confirm that fact. Qorvo agreed to look into whether it could identify the requested three individuals.
- Interrogatory Nos. 4-5:
  - Qorvo confirmed that it would identify the specific documents produced as part of its responsive productions pursuant to FRCP 33(d), as required by that rule.

Thanks again and happy holidays,

Ryan

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Saturday, December 17, 2022 7:30 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter

Public Version

Hi Dianne,

Thank you for the email. I am tied up on Tuesday. Wednesday after 1pm pacific would work. Let me know if Wednesday in that window is suitable for your side.

Thank you,

Trevor

Sent from my iPhone

> On Dec 17, 2022, at 7:34 PM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:

> Hi Trevor — Sorry to bother you on a weekend, just checking back on this given upcoming holiday conflicts.  Thanks,  Dianne

> **Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
> Pillsbury Winthrop Shaw Pittman LLP
> 2550 Hanover Street | Palo Alto, CA 94304-1115
> t +1.650.233.4046 | f +1.650.233.4545
> dianne@pillsburylaw.com | website bio

> **From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
> **Sent:** Friday, December 16, 2022 11:23 AM
> **To:** Trevor Quist <TQuist@sheppardmullin.com>
> **Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
> **Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

> Thanks Trevor. Are you available on Tuesday after 11:30 a.m. PT for a video meet and confer?

> Ryan

> **From:** Trevor Quist <TQuist@sheppardmullin.com>
> **Sent:** Wednesday, December 14, 2022 9:01 PM
> **To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
> **Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>

Public Version

**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter


Ryan,

Attached please find Qorvo's response to Akoustis' letter dated October 10, 2022.

Regards,

**Trevor J. Quist**
+1 650-815-2645 | direct
+1 858-295-2603 | cell
TQuist@sheppardmullin.com | bio


**Sheppard**Mullin

1540 El Camino Real
Suite 120
Menlo Park, CA 94025
650.815.2600 | main
www.sheppardmullin.com | LinkedIn | Twitter


**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Thursday, November 3, 2022 12:55 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor – following up on the attached letter, which we sent a little over three weeks
ago. We asked for a written response by Monday, but I haven't heard anything yet.
Please advise.

Thanks,

Ryan

**Ryan Selness** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio


**From:** Selness, Ryan
**Sent:** Monday, October 10, 2022 4:13 PM

Public Version

**To:** 'tquist@sheppardmullin.com' <tquist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor,

Please see the attached.

Regards,

Ryan

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT I

**Public Version**

| From: | Trevor Quist |
|-------|-------------|
| To: | Selness, Ryan |
| Cc: | Sweeney, Dianne L.; Roozen, Theresa A.; Stanton, David; Rose, Meri L.; LegalTm-Qorvo-Akoustis |
| Subject: | RE: Qorvo v. Akoustis - Meet and Confer Letter |
| Date: | Wednesday, January 25, 2023 10:42:17 AM |



Ryan,

Thank you for your e-mail.  Please see our inline responses/corrections below.

**Trevor J. Quist**
+1 650-815-2645 | direct
+1 858-295-2603 | mobile
TQuist@sheppardmullin.com

**Sheppard**Mullin

1540 El Camino Real Suite 120
Menlo Park, CA 94025-4111
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Wednesday, January 4, 2023 12:25 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri
L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor and Roy,

Further to the agreements described below, Akoustis provides the following further response:

- RFP No. 6: Regarding whether Akoustis intended the Request for documents and things
  "authored" by any inventor to include emails authored by the inventors: yes, Akoustis did
  intend to include emails authored by the inventors to the extent those emails are within
  Qorvo's possession, custody, or control (Akoustis understands that the '018 patent was
  acquired by assignment, and emails authored by the inventors of that patent may not be
  within Qorvo's possession, custody, or control). We anticipate that the emails authored by the
  inventors of the '755 patent are within Qorvo's possession, as Qorvo listed them as
  custodians in its search parameters.

See response below.

- RFP No. 16: In addition to the relevance of this Request as described below, courts have found

1

that the timing of a patent holder's knowledge of the accused products is relevant to an equitable estoppel defense. *See, e.g.*, *Align Tech., Inc. v. 3Shape A/S*, No. CV 17-1646-LPS, 2020 WL 4926164, at *17 (D. Del. Aug. 14, 2020) ("The Court further agrees with Align that genuine disputes of material fact exist with respect to each of the three elements of equitable estoppel and preclude the Court from granting 3Shape's request for summary judgment. For example, concerning the first element, the record could support a finding in favor of 3Shape or alternatively in favor of Align as to what Align knew about 3Shape's Model Builder and its functionality in connection with Align's iTero scans…"); *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-CV-414-RWS-JDL, 2018 WL 10124888, at *3 & n.7 (E.D. Tex. Sept. 6, 2018) (holding that allegation that plaintiff was aware of the accused products for more than seven years before filing suit as a result of plaintiff's sale of competing products on Amazon.com "may potentially give rise to a defense of equitable estoppel").

See response below.

Given that the issues related to these RFPs and interrogatories were first raised on October 10, Akoustis requests that Qorvo provide the further responses/information described below by January 11 and provide an estimate of time when these materials will be produced (a rolling basis is agreeable).

Regards,

Ryan

---

**From:** Selness, Ryan
**Sent:** Thursday, December 22, 2022 4:19 PM
**To:** 'Trevor Quist' <TQuist@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor and Roy,

Thanks for your time yesterday. Below is a summary of our understanding of the parties' positions and the agreements that we reached on the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

As a threshold matter, regarding the issue of timing on motions to compel, we wanted to firm up the parties' understanding and agreement. The parties previously agreed that continuation of the meet and confer is what provided the necessary good cause to postpone the filing of any motion to compel as to a set of discovery requests. It is our understanding that the parties have not yet determined that they have reached an impasse as to any set of discovery served to-date. Please let us know if you disagree.

Public Version

We agree that continuation of the meet and confer process provides the necessary good cause to postpone the filing of any motion to compel as to a set of discovery requests.

To clarify this procedure going forward, we propose that the deadline to file a motion to compel as to any set of set of interrogatories or document requests served under FRCP Rule 33 or 34 shall expire 21 days after either side informs the other that they have reached an unresolvable impasse, and that the meet and confer as to that set is terminated. To avoid piecemeal motions, the 21-day period is not triggered by an indication that an impasse has been reached as to individual interrogatories or document requests, but only as to an entire set. Please let us know if this is acceptable.

We agree with your proposed 21 day timeline from such notice for filing a motion to compel. However, we are not sure it makes sense for a party to be required to indicate impasse as to an entire set of requests/interrogatories before bringing a motion, particularly where the parties are making headway. On the other hand, we also want to avoid piecemeal motions. Instead of the approach you describe, we think the movant in each case, respectively, should make a good faith effort to combine issues to avoid the kind of piecemeal motions you describe, before seeking court intervention.

Regarding the specific requests for production and interrogatories that we discussed on the yesterday's call:

- Qorvo's Delay Objection: Qorvo's December 14 letter reflects that Qorvo is declining to reconsider its objections and responses to the following RFPs, but after discussion, Qorvo agreed to give further consideration as to whether it would stand on that position or agree to provide further responses and will advise Akoustis of its decision: 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 101, 102, and 107.

Qorvo is inclined to stand on its objections as reflected in its letter, including on account of Akoustis' delay. As I've already stated, we've conducted a search based on our original objections (and the original search terms we proposed to you) which you did not contest until over four months later. However, in an effort to move this dispute forward, Qorvo will agree, on a case-by-case basis not to exceed 10 RFPs, to re-do its earlier collection/review efforts on the condition that Akoustis will agree to cover the fees/costs for Qorvo to so.

- RFP No. 6:
  - Akoustis agreed to limit the Request's reference to "concerning such subject matter" to "concerning the subject matter claimed in the asserted patents."
  - Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that have been "specifically...labeled as authored by one or more of the named inventors of the 018 and 755 Patents," and requested that Qorvo include documents reasonably identifiable as having been authored by one or more such inventors. Qorvo agreed but asked whether Akoustis intended this Request to include emails or was limited to things like articles, publications, etc. Akoustis agreed to report

back as to whether it intended the Request for documents and things "authored" by any inventor to include emails authored by the inventors.

As a point of clarity, Qorvo "agreed" as to non-public documents/papers only, but not as to non-public "communications" more generally (e.g., which would encompass any emails written by the inventors). But see the note above as to RFP No. 6.

- Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that were "disclosed [outside of Qorvo] prior to the patent application." Akoustis requested that Qorvo include internal documents, as well as documents disclosed outside of Qorvo, as internal documents are relevant to the inventors' understanding and the field of art. Qorvo agreed to consider its position and provide a further response.

Qorvo agrees to conduct a reasonable search to identify and produce non-public documents/papers that are "reasonably identifiable as having been authored by one or more such inventors," subject to other overriding objections as may be applicable (e.g., privileged documents).

- RFP No. 16:
  - Akoustis asserted that timing is a relevant consideration under equitable estoppel. Qorvo requested that Akoustis provide authority in support of its position, at which point Qorvo will consider the authority and whether to modify its position. Akoustis agreed to do so. We note further, however, that this timing is also relevant to the non-patent, advertising claims concerning the Accused Products.

We reviewed the cases you sent. Neither stands for the proposition that the timing of the patentee's knowledge of a product's existence is relevant to the equitable estoppel analysis, particularly in the context of this case, where any such knowledge would have necessarily been is less than the "extended period of time" of 7 years that drove the unpublished decision in *JumpSport*. Rather, both cases make it clear that the analysis is viewed through the lens of what the alleged infringer was led to believe (in the past), based on the patentee's conduct (in the past).

If Akoustis' theory is simply based on the timing of Qorvo's pre-suit knowledge of the existence of Akoustis' products (which, given the timing of Akoustis' sales, would necessarily far less than the "extended period of time" the *JumpSport* case) plus some alleged "silence" in not telling Akoustis about its allegations until the filing of this lawsuit, that scenario falls squarely into the six-year lookback assessment that controls in patent litigation (instead of laches).  If Akoustis believes that some affirmative conduct by Qorvo "led [Akoustis] to believe that [Qorvo] did not intend to enforce its patent rights," and that Akoustis in fact relied on that conduct (again, in the past), Akoustis would certainly know what that conduct had been, would have had discussions/communications reflecting its reliance on that conduct, and could identify it for Qorvo.  Of course, we are unable to tell from your Ninth Affirmative Defense (which just alleges that there were "representations, conduct, or omissions of Qorvo") what exactly the "representations, conduct, or omissions" actually were that Akoustis believes constituted the misconduct that it claims to have relied upon years ago.  Thus, Qorvo requests that Akoustis please identify, by Bates number or otherwise, the specific Qorvo

**Public Version**

conduct that Akoustis claims to have relied upon here.  Upon review of these documents, and upon a showing of legal support for such theory, Qorvo is willing to re-entertain the relevance of this RFP.

- RFP No. 25:
    - Qorvo stated that it has likely already produced everything that Akoustis would want in response to this Request. In light of that, Akoustis asked Qorvo to provide confirmation in response to the Request that it has conducted a reasonable search for and produced non-privileged documents responsive to the Request. Qorvo agreed to consider whether it could do so.

Qorvo has performed reasonable searches and produced responsive documents found through reasonable searches.  Qorvo reserves the right to supplement or amend its responses.

- RFP No. 30:
    - Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit its response to this Request to analyses that "resulted in an actual 'know[ledge]'" of an embodiment as that limitation would exclude responsive documents that Qorvo actually knows *or* reasonably believes concern or show the structure, function, or operation of, or that constitute embodiments of, any invention disclosed or claimed in the asserted patents. Qorvo agreed to consider whether it can expand its proposed search to include reasonable belief as well as actual knowledge.

Qorvo agrees expand its search to capture prior analyses that resulted in (a) Qorvo's "actual knowledge" or (b) Qorvo's conclusion based on a "reasonable belief", that a given Qorvo BAW filter embodies an invention claimed in an asserted claim of the asserted patents.  For clarity, Qorvo does not agree that this exercise imposes or involves any obligation on Qorvo to conduct any new analyses.

- RFP No. 46:
    - Qorvo stated that all documents identified in its amended response to Interrogatory Set 1 have already been produced. Akoustis asked Qorvo to confirm, in response to RFP No. 46, that it had produced or would produce documents identified or requested to be identified in its response to Interrogatory Set 1. Qorvo agreed to consider whether it could do so.

Qorvo has produced documents identified under Rule 33(d) in its responses to Akoustis' ROGs Set One.  Qorvo reserves the right to supplement or amend its responses in due course.

- RFP No. 47:
    - Akoustis explained that Qorvo's December 14 letter appears to misunderstand what is sought by this Request. Akoustis requested that Qorvo agree to produce responsive communications *from* Qorvo, as Qorvo has excluded those from the scope of its response. Qorvo stated that it was standing on its objections. Akoustis asked for an explanation of why Qorvo believed such communications were not relevant, or that producing them would be unduly burdensome or not proportional. Qorvo agreed to

Public Version

provide the requested explanation.

Qorvo does not believe that its outbound communications to customers/investors/etc. have any impact on or relevance to whether or not Akoustis (who the related allegation is against) had misled those customers/investors/etc. concerning the "single crystal" nature of its technology.

- RFP Nos. 109, 111:
  - Akoustis confirmed that it accepts Qorvo's approach to these Requests.
- RFP Nos. 14, 103, and 108 (privilege log/fees):
  - Akoustis stated that it believes that, pursuant to the privilege logging protocol, documents withheld for privilege with dates before October 4, 2021 should be logged. Akoustis stated that it wants these documents to be logged in order to determine whether any non-privileged attachments to privileged communications are being withheld and should be produced, and believes that the burden of logging pre-October 4, 2021 communications with litigation counsel is minimal because the protocol calls for only a metadata log with a limited description of the basis for the privilege. Akoustis asked Qorvo to provide information about the extent of the burden if Qorvo determines that logging privileged communications with counsel about the litigation is too burdensome. Qorvo agreed to further consider this and to let Akoustis know its position.

Qorvo is making progress, but continues to evaluate the burden and it's position.

- Interrogatory No. 1:
  - Qorvo confirmed that it will provide a supplemental response to this request. Qorvo stated that it may still include general language regarding its products because some of them are custom-made. Akoustis agreed to defer addressing that issue until it sees Qorvo's amended response.

Qorvo will provide a supplemental response to this request as may be necessary.

- Interrogatory No. 2:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request also sought identification of testing and analysis and the outcomes of that analysis. Qorvo stated that it intended to provide a production pursuant to FRCP 33(d) that addressed that component of the request.
- Interrogatory No. 3:
  - Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request sought identification of three individuals with the most responsive knowledge, and asked that if only one person with such knowledge exists, Qorvo confirm that fact. Qorvo agreed to look into whether it could identify the

**Public Version**

requested three individuals.
- Interrogatory Nos. 4-5:
  - Qorvo confirmed that it would identify the specific documents produced as part of its responsive productions pursuant to FRCP 33(d), as required by that rule.

Qorvo agreed to supplement its response as stated in its letter, i.e., that it "will provide additional financial information in a Rule 33(d) production that is responsive to th[ese] ROG[s]."

Thanks again and happy holidays,

Ryan

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Saturday, December 17, 2022 7:30 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter


Hi Dianne,

Thank you for the email.  I am tied up on Tuesday.  Wednesday after 1pm pacific would work.  Let me know if Wednesday in that window is suitable for your side.

Thank you,

Trevor

Sent from my iPhone


> On Dec 17, 2022, at 7:34 PM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:

> Hi Trevor – Sorry to bother you on a weekend, just checking back on this given upcoming holiday conflicts.  Thanks,  Dianne

> **Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
> Pillsbury Winthrop Shaw Pittman LLP
> 2550 Hanover Street | Palo Alto, CA 94304-1115
> t +1.650.233.4046 | f +1.650.233.4545
> dianne@pillsburylaw.com | website bio

Public Version

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Friday, December 16, 2022 11:23 AM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Thanks Trevor. Are you available on Tuesday after 11:30 a.m. PT for a video meet and
confer?

Ryan

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Wednesday, December 14, 2022 9:01 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Ryan,

Attached please find Qorvo's response to Akoustis' letter dated October 10, 2022.

Regards,

**Trevor J. Quist**
+1 650-815-2645 | direct
+1 858-295-2603 | cell
TQuist@sheppardmullin.com | bio

**Sheppard**Mullin
1540 El Camino Real
Suite 120
Menlo Park, CA 94025
650.815.2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Thursday, November 3, 2022 12:55 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>

Public Version

**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor – following up on the attached letter, which we sent a little over three weeks ago. We asked for a written response by Monday, but I haven't heard anything yet. Please advise.

Thanks,

Ryan

**Ryan Selness** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio

---

**From:** Selness, Ryan
**Sent:** Monday, October 10, 2022 4:13 PM
**To:** 'tquist@sheppardmullin.com' <tquist@sheppardmullin.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Meet and Confer Letter

Hi Trevor,

Please see the attached.

Regards,

Ryan

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any

Public Version

employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT J

Public Version

| | |
|---|---|
| **From:** | Sweeney, Dianne L. |
| **Sent:** | Tuesday, March 21, 2023 10:30 AM |
| **To:** | Jonathan DeFosse; Robert Masters; Roy Jung; Trevor Quist |
| **Cc:** | Stanton, David; Roozen, Theresa A.; Selness, Ryan; Jakopin, David A.; Rose, Meri L.; Fuhrer, Robert M.; LegalTm-Qorvo-Akoustis; Steve Brauerman; Tigan, Jeremy A. |
| **Subject:** | RE: Qorvo v. Akoustis - Meet and Confer on various issues including Motion to Compel |

Jon – Thanks for your note. I will only briefly respond to clarify a few issues and so we don't intrude on your vacation.

To be clear, the Court's claims construction and unexpected scheduling order of March 16 is what led us to make the urgent request for a meet/confer on March 17. As noted in our email below, we have alternative options that we thought could resolve these issues. We did not know that you were on vacation or that Trevor was leaving your firm. As the record shows, Akoustis too has given Qorvo more extensions that I can count. Even at this moment, we have extensions in place for Qorvo's pending responses to our interrogatories (Set 3), Qorvo's pending opposition to our motion to unseal, as well as ongoing tolling agreements including our agreement to toll any motion to compel deadline until an impasse is declared. Qorvo has also unilaterally taken additional time on various issues including search terms (e.g. search terms for requests for RFP Set 4 were just served on March 16, 15 days after required by the court order, and we are awaiting a host of discovery items from Qorvo including extensive documents and a written response to our January 3, 2023 letter regarding Qorvo's search terms for RFP Set 3, which Qorvo stated that it would send following our January 18 call).

While we strongly disagree with the recent claim that our motion to compel is untimely in any way (including because it is directly contradicted by our tolling agreement and the position Qorvo has taken throughout this process), given your vacation and because the scope of discovery should change in light of the Court's orders of last week, we will agree to defer filing of our motion so that the parties can meet/confer early next week when you are back. Please advise of windows you are available on Monday (3/27) or Tuesday (3/28).

Please also have your team review our proposed resolution below—which we believe can resolve these issues immediately and without a further meet/confer. As Trevor is still here this week, we are happy to discuss the proposal with him and/or answer any questions that he may have since all prior discussions were with Trevor and Roy.

Separately, we need to seek a scheduling conference with the Court as soon as possible as the parties contemplated in the original joint case management conference statement. We believe the current schedule should be stayed until we can have that conference. Additional time is all the more needed given Qorvo's recent SAC which adds a host of new claims including 85+ trade secret claims. Steve will be reaching out to Jeremy (or perhaps already has) to discuss calling the Clerk to get some available dates. If someone on your team would approve Jeremy and Steve contacting the Court to obtain a hearing date for a Scheduling Conference, that would be appreciated. Steve has our approval on the point.

We have a call with Rob this afternoon so we can certainly raise this with him as well and let you enjoy your time away.

Thanks, Dianne

**Public Version**

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Monday, March 20, 2023 3:24 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Robert Masters
<RMasters@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Trevor Quist
<TQuist@sheppardmullin.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; LegalTm-Qorvo-
Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Tigan, Jeremy A.
<JTigan@morrisnichols.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter

Hi Dianne-

Thank you for your email.  As I mentioned, we are not in a position to meet-and confer with you this
week.  That will not change.  I am out of the country on a long-planned and personally important
trip.  Trevor is leaving the firm.  It is particularly unreasonable to insist on a meet-and-confer this week
when (i) the email requesting the meet-and-confer was sent Friday evening and insisted on a meet-and-
confer the following Monday; (ii) your most recent email raises myriad new issues; and (iii) we have
extended countless courtesies to Akoustis over the course of this case.

On the many issues newly raised in your email today, those will need to wait until I am back in the
office.  Please note that we disagree with many of the characterizations in your email, but I am not in a
position to respond to each at this time.  On the discovery issue Trevor has been addressing with your
side for the last several months—i.e., Akoustis's efforts to challenge objections and responses to RFPs 1
and 2 four months after they were served (see email chain below)—I think we are likely at an impasse
on that issue if Akoustis is not willing to accept the compromise that Trevor has offered.  Thus, if
Akoustis feels that it is essential to do something this week while I am out of the country and
unavailable, that would be one issue that is ripe to present to the Court (again, assuming Akoustis is still
unwilling to accept the compromise we have presented).

Best Regards,
Jon

Sent from my iPad

> On Mar 20, 2023, at 3:33 PM, Sweeney, Dianne L. <dianne@pillsburylaw.com> wrote:
>
> Hi Jon, David Stanton is inflight at the moment but I was able to connect with
> him on your message and our response.  We wish that we didn't need to bother
> you with this while you are also traveling but as explained below there are a host
> of issues that require prompt attention.
>
> Please see David's response below.
>
> Thanks,  Dianne
>
> *****

Hi

Given the immediacy of the discovery cutoff under the Court's recent scheduling order, we need to move this forward this week. Akoustis really cannot wait another week to make some meaningful progress. Among other things, Qorvo has noticed depositions for former employees, but it has not yet produced their documents, and the paucity of materials Qorvo has produced overall is significantly prejudicing Akoustis in preparing its defenses.  Every day of further delay is onerous to our side under the current schedule.

**Scheduling Conference Proposal**:  This situation could be alleviated if we were to come to an agreement (a) about reaching out to the court for a scheduling conference, as the parties had previously contemplated would occur after the claim construction ruling, and (b) on the timing of trial, from which we could work our way backward to set the other contingent dates.

In our view, and for at least the reasons below, we think the parties need another 8 months, and that we should be asking the Court to set trial in December.  Does Qorvo agree to seek a scheduling conference, and will Qorvo agree not to oppose a trial date in December?

**Pleadings barely at issue – and we still can't show our client the SAC** (excluding that our General Counsel can see the SAC and Akoustis produced docs)
1. Qorvo's SAC was just filed last month.  There are 86 alleged trade secrets and other entirely new claims
2. Akoustis just answered the SAC
3. The parties need to resolve the meet and confer on Akoustis' sharing the SAC with its decision makers (we have proposed this for tomorrow with Rob)
4. Akoustis still has a motion pending to unseal the complaint
5. The parties still need to file a public version of the answer to the SAC and need to determine the most efficient way to do this in light of the pending Motion to Unseal

**Written discovery is far from complete**
1. We have essentially a new complaint in the SAC and written discovery has just started
2. Qorvo's document productions are very limited so far
3. We are still meeting and conferring on several fronts, including written responses and search terms
4. Qorvo has produced very few documents on its misappropriation claim, and none yet on its trade secret claims

**Meet and confer and motion practice are continuing**
1. Qorvo's limited productions must be addressed cooperatively or through a motion, and it must then have time to produce the resulting materials
2. Qorvo only recently provided search terms for Akoustis' last set of RFPs, and that discovery is in progress.

fer
on RFP Set 3 in mid-January following Akoustis'
January 3 meet-and-confer letter, during which
Qorvo agreed to send a revised set of terms.  But
two months later, no such revised proposal has been
served (although Trevor informed us this morning
that he expects to send it by the end of this
week).  It is unclear what work, if any, Qorvo has
done to search for and identify documents
responsive to Akoustis' RFP Set 3 in the meantime

3. Qorvo sent extensive objections to Akoustis' first set of
RFAs and our meet and confer letter went out last week,
including many responses that claim the RFAs are
premature

**Depositions**

1. There are a number of depositions to take on both sides
2. Qorvo's 30(b)(6) notice will require Akoustis to take
considerable time to prepare—it has over 50 topics and we
need to meet/confer on the scope of this
3. Qorvo's limited productions have constrained Akoustis'
ability to identify probative witnesses

**Experts are still being identified – and we may need more once we know what  Qorvo's alleged trade secrets are**

1. Experts are still being identified and we expect it will take
months for them to complete their analyses

**Dispositive motion practice**

2. Akoustis believes the Court's claim construction ruling
resolves Qorvo's false marking claim as a matter of
law.  Will Qorvo dismiss its false marking claim?  If not,
we need to meet and confer on this issue as Akoustis
intends to file a dispositive motion if that claim is not
voluntarily dismissed
3. Separately, Akoustis has also provided you with the single-
crystal samples.  We would also like to meet and confer on
the Lanham Act claim as that too seems appropriate for
dispositive motion practice if Qorvo is unwilling to dismiss
it
4. Other dispositive motions may be needed

**Proposed Resolution for RFPs in Set 1 and 2**:  As to our forthcoming motion to
compel, we are willing to resolve on the framework below.  If Qorvo confirms
these are terms upon which a resolution could be crafted, we can delay filing and
continue this dialogue next week:

1. RFPs: Akoustis will drop 10 of the remaining 28 RFPs in dispute if
Qorvo will agree to produce the documents requested by these 18 RFPs:
24, 26, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102.

2. "Re-doing" prior discovery: While we don't agree that Qorvo has
identified any meaningful burden from the timing of our letter, in an effort

previously marked not responsive during the period leading up to our
October 10 letter will be limited to the 1,254 documents that include the
terms "Akoustis," OR "epi," OR "single-crystal." Akoustis does not agree
to any such limitation for documents reviewed *after* October 10 (including
the three custodial files that Qorvo informed us it had been unable to open
as of mid-November), as by that time, Qorvo had notice of this dispute
which should have informed any subsequent review.

3.      Search Parameters (Patent and False Marking/Advertising Claims):
Qorvo must agree to run "Akoustis OR single crystal OR epi," across its
custodians who are likely to have documents related to Akoustis or single-
crystal technology. Qorvo must otherwise agree to continue the meet and
confer with us about additional search parameters on these claims.
Qorvo's initially proposed terms for these patent and false
advertising/marking RFPs were facially reasonable, but the low number of
documents they have yielded demonstrates that they were inadequate and
did not capture the full scope of responsive documents.

4.      Search Parameters (Unfair Competition Claim): Qorvo must
develop a robust set of new search terms and custodians, as appropriate, to
identify documents responsive to requests related to Qorvo's unfair
competition claim, and agree to continue meeting and conferring with us
about those terms and custodians.

> 1.      With respect to the unfair competition RFPs, the parties
> always expected that Qorvo would need to update its searches after
> receiving and reviewing Akoustis' productions. We agreed to a
> phased approach to discovery and Qorvo specifically objected that
> its responses to RFP Set 2 (which includes the unfair competition
> RFPs) would depend in part on Qorvo's receipt of complete
> responses to the discovery it served on Akoustis: "For example, in
> multiple requests, Defendants seek production of documents
> concerning the specific Qorvo BAW Proprietary Information that
> Akoustis has obtained from former Qorvo employees. Qorvo
> cannot know the full scope of what was disclosed until Akoustis
> completes its productions. Accordingly, before Qorvo can produce
> such information, Defendants must produce documents in response
> to Qorvo's requests reflecting the information that Akoustis has
> obtained from the former Qorvo employees." Qorvo now has
> Akoustis' documents, but has yet to do the further searches that it
> indicated it would do from the start.
>
> 2.      We have also not seen a wide variety of documents that
> Qorvo has already agreed to produce. For example:
>
> > 1.      We expected to see Qorvo produce copies of all
> > Qorvo BAW Proprietary Information that various
> > ex-Qorvo employees had access to or were aware of
> > that Qorvo contends was targeted, acquired, or used
> > by Akoustis, as Qorvo has already agreed to

to RFP Nos. 81-98). But when Qorvo purported to identify Qorvo BAW Proprietary Information that was allegedly obtained by Akoustis in response to Interrogatory Nos. 10-11, it pointed exclusively to Akoustis documents, indicating that such information cannot be found in Qorvo's productions.

2.     Qorvo agreed to produce documents concerning the alleged corporate yield page incident, including a copy of the corporate yield page and the Qorvo employee's alleged reporting of the incident to a supervisor (see Qorvo's responses to RFP Nos. 64-65). We have not been able to identify these documents in Qorvo's production. In fact, a search for "corporate yield" within Qorvo's production does not return a single hit.

3.     Qorvo agreed to produce its communications with or among its Board of Directors concerning Akoustis or this litigation (see response to RFP No. 100). But a search of Qorvo's entire for production for "Akoustis AND "Quinsey" OR "Gardner" OR "Harding" (three Board members who have been on the Board since 2015) yields a total of only two hits, neither of which appear to be Board communications about Akoustis or the litigation.

If you were to confirm that this framework is generally agreeable, we could tell Akoustis that an amicable resolution remains viable and we would not need to proceed with a motion to compel.

In terms of timing to address the above, we are amenable to discussing this with Rob tomorrow during the meet/confer time he proposed to Dianne and/or setting a time in non-business hours to address your travel schedule.  Please get back to us at your earliest opportunity.

Thanks,  David

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Monday, March 20, 2023 9:11 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Trevor Quist <TQuist@sheppardmullin.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter

Hi ██████████████ **Public Version** ███████████████

I am out of the country this week and Trevor will be transitioning off of this case.  As such, we propose a call on 3/27.  Please let us know if that works.

Best,
Jon

Sent from my iPad

> On Mar 20, 2023, at 10:55 AM, Stanton, David <david.stanton@pillsburylaw.com> wrote:
>
> Jon and Trevor,
>
> My flight today was delayed and I will now be in the air from 1-3PM.  Alternately, I could meet from 9-10:30 AM this morning.  Otherwise, please let us know what works for you and your local counsel on Tuesday.
>
> Thanks,
>
> David
>
> ---
>
> **From:** Stanton, David <david.stanton@pillsburylaw.com>
> **Sent:** Friday, March 17, 2023 5:11 PM
> **To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Trevor Quist <TQuist@sheppardmullin.com>
> **Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
> **Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter
>
> Hi Jon and Trevor,
>
> We propose a final attempt to resolve our differences on this through an a video conference meet and confer with local counsel present.  In light of the claim construction ruling, some of the issues may have a different footing than previously, and we think it is worthwhile to try for an amicable resolution.
>
> Please let me know if you can be available for this on Monday between 1-3 PM Pacific.
>
> Thanks,
>
> David

Public Version

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Tuesday, March 14, 2023 9:15 AM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Dear Ryan,

Thank you for your email.

As a threshold matter, please note that we do not agree with many of the assertions and characterizations in your March 7 email. That said, we do not believe that a point-by-point debate will advance this issue. As is reflected in the exchange below, we have been doing our best to find a compromise that would allow the parties to move forward. Unfortunately, it appears that Akoustis in not interested in such a resolution. By way of recap:

1. On May 23, 2022, Qorvo served its responses and objections to Akoustis's First Set of Requests for Production (Nos. 1-46).
2. One June 6, 2022, Qorvo served its responses and objections to Akoustis's Second Set of Requests for Production (Nos. 47-113).
3. Between May and October 2022, Qorvo collected and reviewed documents consistent with its responses and objections.
4. On October 10, 2022—more than four months after Qorvo served its responses and objections—Akoustis sent a 20-page letter challenging the responses and objections to more than 40 RFPs.
5. Between December 2022 and last week, we have made multiple attempts to find a resolution that would address Akoustis's concerns without requiring Qorvo to re-do months of discovery. Each effort has been rebuffed, often with increasingly hostile rhetoric.

Public Version

of March 2.  If Akoustis does not find that proposal acceptable,
then we are at an impasse.

To the extent Akoustis plans to present these issues to the Court,
Qorvo's position will be that Akoustis's motion is
untimely.  Under the Amended Scheduling Order, Akoustis had 45
days to pursue its disputes.  But Akoustis waited more than four
months to send the October 10 letter.  That has resulted in
prejudice to Qorvo.

Please let us know if you would like to have a final meet and
confer on this issue.

Best Regards,
Jon


**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Tuesday, March 7, 2023 9:12 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen,
Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-
Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor,

My email contained no "mischaracterizations," and the record
confirms that.

For nearly six months, the parties have been meeting and
conferring about the RFPs identified in Akoustis' October 10, 2022
letter. For the 28 individual Requests listed below, Qorvo has
merely stood by its boilerplate objections, including objections as
to burden, without articulating any defect in the Requests and
without offering any legal authority or evidence that they exceed
the scope of permissible discovery. Qorvo's drummed up objection
about the timing and supposed delay in the meet and confer
process is without merit and contradicts prior assurances Qorvo
made about the reasonableness of its search and production efforts,
including that it is not hiding behind its search terms and that they
cover all of Akoustis' RFPs. Furthermore, Pillsbury's

9

show Qorvo expressly agreeing to an "iterative" process of search term development. This is standard practice in litigation, and nothing in the parties' ESI protocol changes that. Indeed, Akoustis and Qorvo both extended the applicable deadlines to file motions to compel *indefinitely* to accommodate this. The parties also agreed to prioritize Akoustis productions, which made sense for reasons we have previously articulated, before focusing on Qorvo's. Akoustis proceeded in good faith reliance upon these assurances and agreements, and has now produced over 20 times the number of documents produced by Qorvo.

Meanwhile, Qorvo made its productions in incremental, rolling deliverables, always promising that there were more documents still to come—including what Qorvo represented to be a large tranche of materials delayed by technical issues impacting several key Qorvo custodians. In fact, Qorvo has still not declared its productions in response to RFP Nos. 1 or 2 complete. This has left Akoustis to wonder when the bulk of Qorvo's documents would arrive and blind as to the volume of documents resulting from Qorvo's initial search terms. Then, when Akoustis pressed Qorvo to justify its objections as to burden with actual evidence, Qorvo would not provide search term hit results or any tangible metrics about its discovery burden, and instead announced that it was flatly refusing to consider any modification to its search terms, even for Requests to which it had still refused to produce documents. Qorvo based its stance on an unreasonable interpretation of the parties' ESI protocol, and when Akoustis showed that it had given the requisite notice under Section V of that protocol that Qorvo said was lacking, Qorvo moved the goal posts. It now declares any further discussion or consideration of its search terms off limits simply because those discussions did not take place at some undetermined earlier point in time (and disregarding the parties' agreement to table the issue while we worked on Akoustis' production). As a final insult and without any legal grounds, Qorvo invites Akoustis to abandon all but 10 of the 28 disputed Requests, offering to *consider* further responding to those 10 only if Akoustis agrees to abandon the other 18.

There is no legitimate basis for Qorvo's tactics and, in the absence of Qorvo's agreement to all of the following, the parties have clearly reached an impasse: Akoustis demands that before the close of business on Friday, March 10, 2023, Qorvo (i) agree to produce the documents responsive to the following requests in Akoustis' RFP Sets 1 and 2, subject to any limitations proposed in our October 10 letter: RFP nos. 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 102, and 107 (the "Requests"); (ii) agree to provide a search term hit report for the searches it has already run to identify documents responsive to Akoustis' RFP Sets 1 and 2; and (iii) agree to meet and confer in good faith about those search

responsive documents.

If Qorvo does not so agree by this deadline, Akoustis will present these issues to the Court.

Regards,

Ryan

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Thursday, March 2, 2023 3:41 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Ryan,

Your email includes several mischaracterizations.

To begin, you've improperly concluded that because my email encompasses a discussion of "search terms" in the context of the "delay objection," that my email is not responsive to the issues we've been meeting and conferring about. Our side has a different perspective. My email recognizes that the issues are related, and indicates that we can make progress on the RFPs if you are not seeking to change the search terms after we've been operating with those terms for so many months. In particular, I stated:

> "If … Akoustis is only asking Qorvo to go back and revisit the documents returned from the original ESI search parameters (defined in my responsive letter as the "Document Pool"), then perhaps we can find some middle-ground and move the ball forward here."

**Public Version**

objection, or to "refus[e]" to provide the information you asked for in your February 7 email. Rather, this is an attempt to identify a compromise for locating and producing documents for the RFPs we've maintained objections to.  But because my effort includes a further inquiry based on an alternative way forward, and hasn't followed your unilateral instructions, you seem to have jumped to the conclusion that "Qorvo knows its search parameters are inadequate to reasonably respond to Akoustis' RFPs" and that Qorvo has "been misleading" Akoustis as to the "search parameters."  This is not the case.

The conclusion you've arrived at is entirely improper and illogical. How could we have possibly been "misleading" you when we didn't even have the full universe of Qorvo documents that the proposed terms would be run against or know how many hits would/would not be returned from that universe when we proposed those parameters? The tight turnaround on the timing of "proposed" search term exchanges is designed to make that kind of behavior impossible. Moreover, the terms are "proposed" by one side to the other in recognition that our perspectives might differ on what terms will or will not capture relevant documents with proportionality. We sent our "proposed" terms to you, and at that time you had the opportunity to propose suggested revisions to those terms. If you had a different view, or wanted to seek changes to the terms, you could have sent us those proposed changes back then.  However, as you know, you never did so, and now you are blaming us for potential issues arising out of that misstep. We carried out our obligation in good faith and had no duty to do your part of the process or even anticipate what objections/revisions (if any) you would have.  You certainly cannot accuse us of bad faith for not negotiating against ourselves on that point. Regardless, and although we see an alternative path forward, in an effort to dispel your accusations I have attempted to gather the figures you were looking for in your February 7, 2023 email.

1. My investigation shows that, within the identified time period, at least 11,460 were reviewed. I qualify this with "at least" because of the additional review of "family" members associated with hits in this volume that were identified as responsive documents, and I don't have a count on that yet.
2. My investigation shows that, within the identified time period, 9,278 were reviewed and determined to be non-responsive;
3. My investigation shows that 1,254 of the non-responsive documents include some mention or

crystal," but many of these have no meaningful
relevance to BAW filters. In fact, on a quick audit it
looks like several hundred are just LinkedIn
notifications that mention Akoustis, many more are
just emails including advertisements or newsletters
from evertythingRF.com and others, and there are
also a good number of emails between an employee
at Qorvo and an employee at Akoustis regarding
personal topics (e.g., UNC athletic games, shoes,
working at Home Depot, etc.). I did notice there
were some slide decks in there that might now be
responsive given the expanded scope of Akoustis'
misappropriations that we've recently become
aware of (based on Akoustis' November 2022 and
January 2023 productions). I am re-reviewing to
ensure those are still non-responsive. However, if
they are now responsive in view of Akoustis'
activities, we will produce any that are non-
privileged.  By and large, it appears that the non-
responsive documents in this group will remain in
the non-responsive category.

4. I am unable to determine the attorney hours spent
   on review of the above.
5. I am unable to determine with specificity the
   attorneys' fees associated with that review time.

Turning now to your point about the correspondence from David
Stanton to Jon DeFosse on May 27, 2022 (the email you'd attached
regarding a meet-and-confer to discuss search parameters), I have
two points in response:   First, I want to acknowledge that I was
incorrect in my February 15, 2023 email where I indicated that you
had missed the deadline under the ESI order. I was out on paternity
leave at the time this email was sent, and I overlooked it when I
sent my February 15, 2023 email to you. So on that point, I stand
corrected. Second, I note that the email doesn't seem to solve the
issue we are having. Upon realizing I'd overlooked that email, I
followed up on what happened after this correspondence. It looks
like the meet-and-confer actually happened but that Akoustis never
pushed for different terms. So although you accuse us of refusing
to meet-and-confer with you on this, it turns out we did meet and
confer on June 30, 2022. The piece of your puzzle that is missing
here is that Akoustis' efforts ended with this email.  Your side
never followed-up with any proposed revisions to the search
parameters or otherwise. I reached out to your team on February
23, 2023 by phone to confirm that there were no other follow-up
emails from Akoustis wherein you'd provided any revised terms or
otherwise followed-up. You confirmed that there was no further
correspondence from your side on the issue, which was consistent

Public Version

proceed with searching for and producing responsive documents using the proposed terms. I don't see how you can blame us for any wrongdoing there.

With all that said, I would like to propose a way forward. Again, this is not an effort to "pivot[]" or "refus[e]" as you've accused, but rather here is just a proposal in the spirit of compromise. Here is what we propose: if you can confirm this will conclude the negotiation on these RFPs in Sets 1 and 2, we will agree to (1) re-review the 9,278 documents earlier determined to be non-responsive, (2) add the search term "Akoustis" OR "single-crystal" and collect/review documents from relevant custodial sources for that search, and (3) produce any non-privileged documents within the corpus of (1) or (2) that (i) fall within the scope of what we've already agreed to produce as to RFPs no longer in dispute, and (ii) fall within the scope of your October 10, 2022 proposals for up to ten (10) RFPs selected from among the RFPs still in dispute (RFP Nos. 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 102, 102, and 107).

Please let me know your thoughts on this approach.

Regards,

**Trevor J. Quist**
+1 650-815-2645 | direct

+1 858-295-2603 | mobile

TQuist@sheppardmullin.com

**Sheppard**Mullin
1540 El Camino Real Suite 120
Menlo Park, CA 94025-4111
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

Public Version

**Sent:** Friday, February 17, 2023 5:26 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor,

Thank you for your confirmation regarding motions to compel and RFP Nos. 6 and 47.

There are three issues with your delay objection. First, it is not responsive to the issues we've been meeting and conferring about further to Akoustis' October 10, 2022 letter (i.e., Qorvo's RFP responses, not Qorvo's search parameters). Our last email specifically asked about facts and authorities to support Qorvo's alleged burden in going back to review documents it has previously reviewed (i.e., documents that would have been hits under Qorvo's current search parameters). We requested specific information about how much time was spent reviewing documents and how many documents were reviewed. Those requests were made in response to the assertion that Qorvo has been making throughout the meet-and-confer on the October 10 letter; that is, that the October 10 letter would unduly burden Qorvo by forcing it to re-review documents. For example, Qorvo claimed on December 14 that Akoustis' alleged delay in sending the October 10 letter regarding Qorvo's RFP responses (*not* its search terms) "imposes a considerable burden on Qorvo and its document reviewers, one that could have been avoided if raised earlier." Is Qorvo refusing to provide the information we asked for, which directly relates to the alleged burden imposed on Qorvo? Please either provide that information so that the parties can meet and confer about Qorvo's alleged burden or confirm that (1) Qorvo will not withhold any documents on the basis of that objection and (2) Qorvo will agree to Akoustis' October 10 proposals regarding the scope of Qorvo's production in response to the remaining RFPs for which we have not reached an agreement (i.e., RFP Nos. 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 102, 102, and 107).

Public Version

meeting and conferring about search parameters under Section V of the ESI Order is false. Qorvo served its search parameters for RFP sets 1 and 2 on May 20, 2022. Section V of the ESI Order provides that "[w]ithin 10 days of receiving the Search Parameters, the requesting party may request a meet and confer to discuss the Search Parameters. The parties shall negotiate in good faith and attempt to agree to Search Parameters." On May 27, 2022, Akoustis sent the attached email to Qorvo expressly requesting a meet-and-confer on its search parameters, expressly referencing this provision of the ESI Order, and meeting this 10-day notice period requirement.

> ***On behalf of Akoustis we likewise request to meet and confer about Qorvo's identified search parameters, pursuant to Section V of the Agreement and Order on Document and ESI Discovery (Dkt. 61).***

See attached (emphasis added).

The parties then met and conferred about both parties' productions, and agreed to continue the discussion about Qorvo's productions, while we focused first on Akoustis' production (a staging process we've discussed repeatedly, and which Qorvo itself acknowledged in its objections to RFP set 2 ("Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis…."). Akoustis has satisfied the notice requirement of the ESI Order and Qorvo cannot hide behind Section V in refusing to meet and confer to address significant defects in its inadequate document productions and minimal discovery efforts to date.

Furthermore, the ESI Order does not have any requirement for when the meet and confer takes place, only that they shall negotiated in good faith, and it does not provide that a party is forever barred from requesting modification of search parameters after giving the required notice. Such an interpretation would be completely inconsistent with the federal courts' approach to the use of search terms to identify responsive documents, which involves the development and refinement of search terms through an iterative process. *See, e.g.*, *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008) ("[c]ommon sense suggests

prove to be over-inclusive or under-inclusive…"); *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("where counsel are using keyword searches for retrieval of ESI, they at a minimum must carefully craft the appropriate keywords, with input from the ESI's custodians as to the words and abbreviations they use, and the proposed methodology must be quality control tested to assure accuracy in retrieval and elimination of 'false positives.'"); *Moore v. Publicis Groupe*, 287 F.R.D. 182, 192 (S.D.N.Y. 2012), *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012) ("staging of discovery by starting with the most likely to be relevant sources (including custodians), without prejudice to the requesting party seeking more after conclusion of that first stage review, is a way to control discovery costs"). A set of search terms that appears reasonable at the outset may turn out to be dramatically underinclusive (e.g., if the attorneys who develop the terms don't know the precise way that relevant custodians refer to the subject matter at issue, if too many limitations are used, etc.). As a result, search terms must be tested and refined over time. *See ClearOne Comm., Inc. v. Chiang*, 2008 WL 920336 at *2 (D. Utah Apr. 1, 2008) (holding that parties should refine search terms based upon a review of material both returned and not returned by the search; "This order is not the last word on key words, either. If documents are discovered which suggest that other documents exist which were not identified as potentially responsive, or if a surprisingly small or unreasonably large number of documents is identified as potentially responsive, refinement may be needed"); *In re Seroquel Prod. Liab. Litig.*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) ("[c]ommon sense dictates that sampling and other quality assurance techniques must be employed to meet requirements of completeness"). This iterative development of adequate search terms often involves a receiving party evaluating the documents produced from a set of search parameters, in order to evaluate the sufficiency of the production. Accordingly, there is zero merit to Qorvo's objection under Section V of the ESI Order that Akoustis did not give the required notice and Section V does not relieve Qorvo from negotiating in good faith about the sufficiency of its productions, and search parameters underlying those productions, in response to RFP sets 1 and 2.

Third, the fact that Qorvo, in response to an inquiry about Qorvo's alleged burden in revising its RFP responses, declined to provide any information about the asserted burden and instead pivoted to an unsupported objection about the scope of its search terms, raises substantial cause for concern. It seems Qorvo knows its search parameters are inadequate to reasonably respond to Akoustis' RFPs. This is contrary to the representation made during a prior

Public Version

Qorvo stated that its search terms were designed to capture documents responsive to all of Akoustis' RFPs, including those RFPs for which Qorvo refused to produce responsive documents. The implication was that your search parameters were reasonable. This now appears to have been misleading. It appears that Qorvo knows that quantifying its alleged burden will reveal that its search terms produced a woefully inadequate document review corpus, and will show that its discovery burden has been minimal. We note that Akoustis has now produced over 64,000 documents, compared with roughly 3,000 produced by Qorvo.

As a result of these warnings, Akoustis cannot rely on Qorvo's good faith determination of an adequate set of search parameters to meet its discovery obligations. Therefore, please provide, in addition to the burden information that remains outstanding, a search term hit report for each of the keyword search terms Qorvo used to identify the documents it promoted to review in response to Akoustis' RFP sets 1 and 2.

Given the passage of time, Akoustis requests a response by February 23.

Regards,

Ryan

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Wednesday, February 15, 2023 7:54 AM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Ryan,

Regarding motions to compel, we are in agreement there.

Regarding the delay objection, we have explained the facts and law that support Qorvo's position multiple times. Akoustis has not shown otherwise. Akoustis' delayed objections are tethered to a request for Qorvo to expand its original ESI search parameters for RFP Sets 1 and 2. The ESI order specifically gives Akoustis 10 days (from the date that we serve our ESI Search parameters) to request a meet and confer to negotiate a different scope of search parameters if desired. *See* Dkt. No. 61, at 3-4. That deadline came and went, and Akoustis never raised an objection. Both the facts and the rules ordered by the Court plainly support Qorvo's position.  If I have misunderstood you on that point, and Akoustis is only asking Qorvo to go back and revisit the documents returned from the original ESI search parameters (defined in my responsive letter as the "Document Pool"), then perhaps we can find some middle-ground and move the ball forward here.  But if my understanding is correct that Akoustis is not satisfied with those original search parameters, and is wanting Qorvo to re-do this exercise, including with new terms for Akoustis' RFP Sets 1 and 2, then the facts and the law could not be more in our favor here and we stand on our objections. Please let me know if I have misunderstood what you are asking for.

Regarding RFP No. 6, we will agree to produce non-privileged documents, including communications, that we identify within the Document Pool.

Regarding RFP No. 47, your explanation below helps us better understand why you perceive such communications to be relevant.  Although we maintain some disagreement, and believe that their relevance is somewhat speculative, we will withdraw our earlier exclusion of outbound communications from Qorvo "to" Akoustis' or Qorvo's customers or investors concerning Akoustis' purported single crystal technology.  Moreover, as to your request for us to add broader search parameters for this request, we will agree to add "Akoustis" as a new search term on its own (i.e., without additional "AND" terms limiting that search). We do not think searching "epi" or "single-crystal" is necessary if we search the term "Akoustis" on its own.  We expect this broad search will capture the communications you seek here, whether they use the term "single-crystal," "epi", or any other synonym or reference to those concepts but that do not use those exact terms. Of course, in

**Public Version**

objections.


Regards,


**Trevor J. Quist**
+1 650-815-2645 | direct

+1 858-295-2603 | mobile

TQuist@sheppardmullin.com

**Sheppard**Mullin
1540 El Camino Real Suite 120
Menlo Park,  CA 94025-4111
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Tuesday, February 7, 2023 5:39 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter


Trevor,


With respect to the motion-to-compel tolling agreement, we're concerned that piecemeal motions could get very messy. We're not sure that the Court would even permit it – the parties might need to request permission in advance, before bringing more than one motion on a single set of discovery requests. Nevertheless, we are amenable to agreeing that if either party, after a reasonable good-faith meet-and-confer process, determines that it wants to seek relief from the court on only some outstanding issues, that party is not precluded by this tolling agreement from doing so, provided it notifies the other side that it considers the meet-and-confer process

request or set of requests.  In other words, while both parties reserve their rights to object to any such motion as premature/not compliant with the Court's rules/etc., the parties are agreeing that the tolling agreement itself does not prohibit such a motion.

Qorvo has yet to provide any facts or law in support of its delay objection. While we don't believe any authority would support the position has taken here, we believe that Qorvo's provision of some basic factual information could facilitate a potential resolution of this meet-and-confer. Specifically, we request that Qorvo provide: (1) the hours that Qorvo's attorneys spent reviewing documents for responsiveness to RFP sets 1 and 2 between the date that Qorvo contends Akoustis should have sent its meet-and-confer letter (whether you contend that's 45 days, two months, etc., after Qorvo's responses to RFP sets 1 and 2 – just specify it) through October 10, 2022, when Qorvo received the meet-and-confer letter and was unquestionably on notice of the dispute, (2) the attorneys' fees associated with that review time, (3) the number of documents that Qorvo reviewed for responsiveness to RFP sets 1 and 2 during that time period, (4) the number of documents that Qorvo determined were not responsive during that time period; and (5) the number of documents that Qorvo determined were not responsive during that time period, which explicitly mention either "Akoustis," or "single-crystal" or "epi" BAW filters. This would allow the parties to come up with a reasonable assessment of the actual impact of the timing of our October 10, 2022 meet-and-confer letter on Qorvo, as the proper measure of that impact is of Qorvo's conduct during the period of time that it contends was a delay. Again, we disagree that this burden objection has any merit but would like to approach the discussion with an understanding of the quantifiable information that Qorvo would be obliged to detail if this issue comes before the Court.

With respect to RFP No. 6, is Qorvo refusing to provide internal emails from the inventors of the asserted patents (the inventors of the '755 patent are identified by Qorvo as custodians) about the subject matter of those patents? If so, what is Qorvo's basis for taking that position?

With respect to RFP No. 47, Qorvo waited for more than a month to respond to us after our December 21, 2022 call, and has still provided no explanation of *why* it contends that its communications about Akoustis' single-crystal technology are not relevant. Qorvo's bald assertion that such information is not

about Akoustis' technology are relevant to damages, the view of the market (to the extent these involve discussions with any customers or prospects) and Qorvo's false advertising claims. Qorvo contends in this case that the market was confused about Akoustis' offerings and single-crystal technology. As a significant participant in the BAW filter market, Qorvo's views about Akoustis' technology are probative.  For example, if Qorvo's communications to customers misconstrued Akoustis' statements, this would demonstrate Qorvo's involvement in and responsibility for the alleged confusion. If Qorvo confirmed Akoustis' statements, this would be relevant to how a sophisticated market participant would be likely to construe Akoustis' statements. *See Harrington Mfg. Co. v. Powell Mfg. Co.*, 38 N.C. App. 393, 400-401 (1978) (where unfair competition claim was based on allegations of false advertising, court considered "the market which the advertisement is designed to influence.") If Qorvo communicated technical information about Akoustis' single-crystal technology or related products, those communications would be relevant to the false advertising claim under Section 75-1. *See id.* at 401 (advertisement directed to influence knowledgeable buyers to make a substantial investment did not violate Section 75-1, even if it did contain a statement whose logical implication was untrue, as such buyers "would not normally make such a large capital outlay by relying solely upon a magazine advertisement or a radio or television broadcast, especially when accurate technical information concerning the item was readily available."). If Qorvo discussed Akoustis' technology in its internal communications, this would demonstrate Qorvo's contemporaneous perceptions, and would provide information pertinent to the financial value, competitiveness, and market perception of Akoustis' products. If Qorvo reported to customers or potential customers that it has learned from other market participants that they were not considering Akoustis' alleged single-crystal statements in making purchasing decisions, this would also be relevant to the advertising claims and damages. *See, e.g., Design Res., Inc. v. Leather Indus. of Am.*, 789 F.3d 495, 501 (4th Cir. 2015) ("A plaintiff asserting a false advertising claim under the Lanham Act must establish that…the misrepresentation is material, in that it is likely to influence the purchasing decision").

Qorvo may argue, as it has previously, that it need not produce these communications based on its assurances that they do not contain the types of statements described above. But this is no substitute for a reasonable search and evaluation of its communications, and a "party seeking discovery of relevant, nonprivileged documents need not rely on an opposing party's assurance that the documents in question do not contain the information sought. Rather, the party seeking discovery is entitled

documents' usefulness." *El Badrawi v. Dep't Of Homeland Sec.*, 258 F.R.D. 198, 202 (D. Conn. 2009). This is the same standard Qorvo has applied in this case and Qorvo cannot now ignore that standard when it comes to its own production.

In responding to discovery in this case, Akoustis has broadly searched for any reference to "Qorvo," and you have provided no rationale for not conducting a similarly broad search for documents that mention "Akoustis," "single-crystal" and "epi" technology. If Qorvo is aware of any facts or law that support its unexplained position on the relevance of RFP No. 47, please provide them. If Qorvo is unwilling to even do that, then I expect we will be at an impasse.

Given the passage of time on this, we request that you respond regarding these issues no later than Tuesday, February 14.

Regards,

Ryan

**Ryan Selness** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio

---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Wednesday, January 25, 2023 10:42 AM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Public Version

Ryan,

Thank you for your e-mail.  Please see our inline
responses/corrections below.

**Trevor J. Quist**
+1 650-815-2645 | direct

+1 858-295-2603 | mobile

TQuist@sheppardmullin.com

**Sheppard**Mullin
1540 El Camino Real Suite 120
Menlo Park,  CA 94025-4111
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Wednesday, January 4, 2023 12:25 PM
**To:** Trevor Quist <TQuist@sheppardmullin.com>; Roy Jung
<rjung@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen,
Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor and Roy,

Further to the agreements described below, Akoustis provides the
following further response:

Request for documents and things "authored" by any
inventor to include emails authored by the inventors: yes,
Akoustis did intend to include emails authored by the
inventors to the extent those emails are within Qorvo's
possession, custody, or control (Akoustis understands that
the '018 patent was acquired by assignment, and emails
authored by the inventors of that patent may not be within
Qorvo's possession, custody, or control). We anticipate that
the emails authored by the inventors of the '755 patent are
within Qorvo's possession, as Qorvo listed them as
custodians in its search parameters.

See response below.

1.  RFP No. 16: In addition to the relevance of this Request as
    described below, courts have found that the timing of a
    patent holder's knowledge of the accused products is
    relevant to an equitable estoppel defense. *See, e.g., Align
    Tech., Inc. v. 3Shape A/S*, No. CV 17-1646-LPS, 2020 WL
    4926164, at *17 (D. Del. Aug. 14, 2020) ("The Court
    further agrees with Align that genuine disputes of material
    fact exist with respect to each of the three elements of
    equitable estoppel and preclude the Court from granting
    3Shape's request for summary judgment. For example,
    concerning the first element, the record could support a
    finding in favor of 3Shape or alternatively in favor of Align
    as to what Align knew about 3Shape's Model Builder and
    its functionality in connection with Align's iTero
    scans…"); *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-CV-
    414-RWS-JDL, 2018 WL 10124888, at *3 & n.7 (E.D.
    Tex. Sept. 6, 2018) (holding that allegation that plaintiff
    was aware of the accused products for more than seven
    years before filing suit as a result of plaintiff's sale of
    competing products on Amazon.com "may potentially give
    rise to a defense of equitable estoppel").

See response below.

Given that the issues related to these RFPs and interrogatories were
first raised on October 10, Akoustis requests that Qorvo provide
the further responses/information described below by January 11

produced (a rolling basis is agreeable).

Regards,

Ryan

**From:** Selness, Ryan
**Sent:** Thursday, December 22, 2022 4:19 PM
**To:** 'Trevor Quist' <TQuist@sheppardmullin.com>; Roy Jung
<rjung@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Roozen,
Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter

Trevor and Roy,

Thanks for your time yesterday. Below is a summary of our
understanding of the parties' positions and the agreements that we
reached on the call. Please let us know if you had a different
understanding with respect to any of the below, or if there's
anything that you'd like to add that isn't covered.

As a threshold matter, regarding the issue of timing on motions to
compel, we wanted to firm up the parties' understanding and
agreement. The parties previously agreed that continuation of the
meet and confer is what provided the necessary good cause to
postpone the filing of any motion to compel as to a set of discovery
requests. It is our understanding that the parties have not yet
determined that they have reached an impasse as to any set of
discovery served to-date. Please let us know if you disagree.

the necessary good cause to postpone the filing of any motion to compel as to a set of discovery requests.

To clarify this procedure going forward, we propose that the deadline to file a motion to compel as to any set of set of interrogatories or document requests served under FRCP Rule 33 or 34 shall expire 21 days after either side informs the other that they have reached an unresolvable impasse, and that the meet and confer as to that set is terminated. To avoid piecemeal motions, the 21-day period is not triggered by an indication that an impasse has been reached as to individual interrogatories or document requests, but only as to an entire set. Please let us know if this is acceptable.

We agree with your proposed 21 day timeline from such notice for filing a motion to compel.  However, we are not sure it makes sense for a party to be required to indicate impasse as to an entire set of requests/interrogatories before bringing a motion, particularly where the parties are making headway. On the other hand, we also want to avoid piecemeal motions. Instead of the approach you describe, we think the movant in each case, respectively, should make a good faith effort to combine issues to avoid the kind of piecemeal motions you describe, before seeking court intervention.

Regarding the specific requests for production and interrogatories that we discussed on the yesterday's call:

1. <u>Qorvo's Delay Objection</u>: Qorvo's December 14 letter reflects that Qorvo is declining to reconsider its objections and responses to the following RFPs, but after discussion, Qorvo agreed to give further consideration as to whether it would stand on that position or agree to provide further responses and will advise Akoustis of its decision: 15, 24, 26, 31-33, 43, 49-53, 56, 58, 60, 62, 66, 69, 73-80, 101, 102, and 107.

Qorvo is inclined to stand on its objections as reflected in its letter, including on account of Akoustis' delay. As I've already stated, we've conducted a search based on our original objections (and the original search terms we proposed to you) which you did not

this dispute forward, Qorvo will agree, on a case-by-case basis not to exceed 10 RFPs, to re-do its earlier collection/review efforts on the condition that Akoustis will agree to cover the fees/costs for Qorvo to so.

2. RFP No. 6:

   1. Akoustis agreed to limit the Request's reference to "concerning such subject matter" to "concerning the subject matter claimed in the asserted patents."

   2. Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that have been "specifically...labeled as authored by one or more of the named inventors of the 018 and 755 Patents," and requested that Qorvo include documents reasonably identifiable as having been authored by one or more such inventors. Qorvo agreed but asked whether Akoustis intended this Request to include emails or was limited to things like articles, publications, etc. Akoustis agreed to report back as to whether it intended the Request for documents and things "authored" by any inventor to include emails authored by the inventors.

As a point of clarity, Qorvo "agreed" as to non-public documents/papers only, but not as to non-public "communications" more generally (e.g., which would encompass any emails written by the inventors). But see the note above as to RFP No. 6.

   3. Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit the search to documents that were "disclosed [outside of Qorvo] prior to the patent application." Akoustis requested that Qorvo include internal documents, as well as documents disclosed outside of Qorvo, as internal documents are relevant to the inventors' understanding and the field of art. Qorvo agreed to consider its position and provide a further response.

Qorvo agrees to conduct a reasonable search to identify and produce non-public documents/papers that are "reasonably identifiable as having been authored by one or more such

Public Version

applicable (e.g., privileged documents).

3. <u>RFP No. 16</u>:
   1. Akoustis asserted that timing is a relevant consideration under equitable estoppel. Qorvo requested that Akoustis provide authority in support of its position, at which point Qorvo will consider the authority and whether to modify its position. Akoustis agreed to do so. We note further, however, that this timing is also relevant to the non-patent, advertising claims concerning the Accused Products.

We reviewed the cases you sent. Neither stands for the proposition that the timing of the patentee's knowledge of a product's existence is relevant to the equitable estoppel analysis, particularly in the context of this case, where any such knowledge would have necessarily been is less than the "extended period of time" of 7 years that drove the unpublished decision in *JumpSport*. Rather, both cases make it clear that the analysis is viewed through the lens of what the alleged infringer was led to believe (in the past), based on the patentee's conduct (in the past).

If Akoustis' theory is simply based on the timing of Qorvo's pre-suit knowledge of the existence of Akoustis' products (which, given the timing of Akoustis' sales, would necessarily far less than the "extended period of time" the *JumpSport* case) plus some alleged "silence" in not telling Akoustis about its allegations until the filing of this lawsuit, that scenario falls squarely into the six-year lookback assessment that controls in patent litigation (instead of laches). If Akoustis believes that some affirmative conduct by Qorvo "led [Akoustis] to believe that [Qorvo] did not intend to enforce its patent rights," and that Akoustis in fact relied on that conduct (again, in the past), Akoustis would certainly know what that conduct had been, would have had discussions/communications reflecting its reliance on that conduct, and could identify it for Qorvo. Of course, we are unable to tell from your Ninth Affirmative Defense (which just alleges that there were "representations, conduct, or omissions of Qorvo") what exactly the "representations, conduct, or omissions" actually were that Akoustis believes constituted the misconduct that it claims to have relied upon years ago. Thus, Qorvo requests that Akoustis please identify, by Bates number or otherwise, the specific Qorvo conduct that Akoustis claims to have relied upon here. Upon

Public Version

for such theory, Qorvo is willing to re-entertain the relevance of this RFP.

4. <u>RFP No. 25</u>:

   1. Qorvo stated that it has likely already produced everything that Akoustis would want in response to this Request. In light of that, Akoustis asked Qorvo to provide confirmation in response to the Request that it has conducted a reasonable search for and produced non-privileged documents responsive to the Request. Qorvo agreed to consider whether it could do so.

Qorvo has performed reasonable searches and produced responsive documents found through reasonable searches. Qorvo reserves the right to supplement or amend its responses.

5. <u>RFP No. 30</u>:

   1. Akoustis objected to Qorvo's proposal, in its December 14 letter, to limit its response to this Request to analyses that "resulted in an actual 'know[ledge]'" of an embodiment as that limitation would exclude responsive documents that Qorvo actually knows *or* reasonably believes concern or show the structure, function, or operation of, or that constitute embodiments of, any invention disclosed or claimed in the asserted patents. Qorvo agreed to consider whether it can expand its proposed search to include reasonable belief as well as actual knowledge.

Qorvo agrees expand its search to capture prior analyses that resulted in (a) Qorvo's "actual knowledge" or (b) Qorvo's conclusion based on a "reasonable belief", that a given Qorvo BAW filter embodies an invention claimed in an asserted claim of the asserted patents. For clarity, Qorvo does not agree that this exercise imposes or involves any obligation on Qorvo to conduct any new analyses.

6. <u>RFP No. 46</u>:

amended response to Interrogatory Set 1 have already been produced. Akoustis asked Qorvo to confirm, in response to RFP No. 46, that it had produced or would produce documents identified or requested to be identified in its response to Interrogatory Set 1. Qorvo agreed to consider whether it could do so.

Qorvo has produced documents identified under Rule 33(d) in its responses to Akoustis' ROGs Set One.  Qorvo reserves the right to supplement or amend its responses in due course.

7. <u>RFP No. 47</u>:
   1. Akoustis explained that Qorvo's December 14 letter appears to misunderstand what is sought by this Request. Akoustis requested that Qorvo agree to produce responsive communications *from* Qorvo, as Qorvo has excluded those from the scope of its response. Qorvo stated that it was standing on its objections. Akoustis asked for an explanation of why Qorvo believed such communications were not relevant, or that producing them would be unduly burdensome or not proportional. Qorvo agreed to provide the requested explanation.

Qorvo does not believe that its outbound communications to customers/investors/etc. have any impact on or relevance to whether or not Akoustis (who the related allegation is against) had misled those customers/investors/etc. concerning the "single crystal" nature of its technology.

8. <u>RFP Nos. 109, 111</u>:
   1. Akoustis confirmed that it accepts Qorvo's approach to these Requests.
9. <u>RFP Nos. 14, 103, and 108 (privilege log/fees)</u>:
   1. Akoustis stated that it believes that, pursuant to the privilege logging protocol, documents withheld for privilege with dates before October 4, 2021 should be logged. Akoustis stated that it wants these documents to be logged in order to determine whether any non-privileged attachments to privileged communications are being withheld and

**Public Version**

logging pre-October 4, 2021 communications with litigation counsel is minimal because the protocol calls for only a metadata log with a limited description of the basis for the privilege. Akoustis asked Qorvo to provide information about the extent of the burden if Qorvo determines that logging privileged communications with counsel about the litigation is too burdensome. Qorvo agreed to further consider this and to let Akoustis know its position.

Qorvo is making progress, but continues to evaluate the burden and it's position.

10. Interrogatory No. 1:
   1. Qorvo confirmed that it will provide a supplemental response to this request. Qorvo stated that it may still include general language regarding its products because some of them are custom-made. Akoustis agreed to defer addressing that issue until it sees Qorvo's amended response.

Qorvo will provide a supplemental response to this request as may be necessary.

11. Interrogatory No. 2:
   1. Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request. Akoustis stated that the request also sought identification of testing and analysis and the outcomes of that analysis. Qorvo stated that it intended to provide a production pursuant to FRCP 33(d) that addressed that component of the request.

12. Interrogatory No. 3:
   1. Akoustis objected that Qorvo's proposal, in its December 14 letter, to identify at least one person with knowledge of the structure, composition, or operation of the pertinent Qorvo BAW filter products, did not sufficiently respond to the request.

Public Version

of three individuals with the most responsive knowledge, and asked that if only one person with such knowledge exists, Qorvo confirm that fact. Qorvo agreed to look into whether it could identify the requested three individuals.

13. Interrogatory Nos. 4-5:

   1. Qorvo confirmed that it would identify the specific documents produced as part of its responsive productions pursuant to FRCP 33(d), as required by that rule.

Qorvo agreed to supplement its response as stated in its letter, i.e., that it "will provide additional financial information in a Rule 33(d) production that is responsive to th[ese] ROG[s]."

Thanks again and happy holidays,

Ryan

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Saturday, December 17, 2022 7:30 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Re: Qorvo v. Akoustis - Meet and Confer Letter

Hi Dianne,

Thank you for the email.  I am tied up on Tuesday.  Wednesday after 1pm pacific would work.  Let me know if Wednesday in that window is suitable for your side.

Public Version

Trevor

Sent from my iPhone

> On Dec 17, 2022, at 7:34 PM,
> Sweeney, Dianne L.
> <dianne@pillsburylaw.com> wrote:

> Hi Trevor – Sorry to bother you on a
> weekend, just checking back on this
> given upcoming holiday
> conflicts.  Thanks,  Dianne

> **Dianne L. Sweeney** | Managing Partner, Silicon Valley Office
> Pillsbury Winthrop Shaw Pittman LLP
> 2550 Hanover Street | Palo Alto, CA 94304-1115
> t +1.650.233.4046 | f +1.650.233.4545
> dianne@pillsburylaw.com | website bio

>> **From:** Selness, Ryan
>> <ryan.selness@pillsburylaw.com>
>> **Sent:** Friday, December 16, 2022
>> 11:23 AM
>> **To:** Trevor Quist
>> <TQuist@sheppardmullin.com>
>> **Cc:** Roozen, Theresa A.
>> <theresa.roozen@pillsburylaw.com>
>> ; Stanton, David
>> <david.stanton@pillsburylaw.com>;
>> Sweeney, Dianne L.
>> <dianne@pillsburylaw.com>; Rose,
>> Meri L. <meri@pillsburylaw.com>;
>> LegalTm-Qorvo-Akoustis
>> <LegalTm-Qorvo-
>> Akoustis@sheppardmullin.com>
>> **Subject:** RE: Qorvo v. Akoustis -
>> Meet and Confer Letter

Public Version

Thanks Trevor. Are you available on Tuesday after 11:30 a.m. PT for a video meet and confer?


Ryan


---

**From:** Trevor Quist <TQuist@sheppardmullin.com>
**Sent:** Wednesday, December 14, 2022 9:01 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Cc:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - Meet and Confer Letter


Ryan,


Attached please find Qorvo's response to Akoustis' letter dated October 10, 2022.


Regards,

Public Version

+1 650-815-2645 | direct

+1 858-295-2603 | cell
TQuist@sheppardmullin.com | bio

**Sheppard**Mullin
1540 El Camino Real
Suite 120

Menlo Park, CA 94025

650.815.2600 | main
www.sheppardmullin.com |
LinkedIn | Twitter

---

**From:** Selness, Ryan
<ryan.selness@pillsburylaw.com>
**Sent:** Thursday, November 3, 2022
12:55 PM
**To:** Trevor Quist
<TQuist@sheppardmullin.com>
**Cc:** Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>
; Stanton, David
<david.stanton@pillsburylaw.com>;
Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose,
Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis -
Meet and Confer Letter

Hi Trevor – following up on the
attached letter, which we sent a little
over three weeks ago. We asked for a
written response by Monday, but I
haven't heard anything yet. Please
advise.

Thanks,

Public Version

**Ryan Selness** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio

---

**From:** Selness, Ryan
**Sent:** Monday, October 10, 2022
4:13 PM
**To:** 'tquist@sheppardmullin.com'
<tquist@sheppardmullin.com>
**Cc:** Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>
; Stanton, David
<david.stanton@pillsburylaw.com>;
Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose,
Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Meet
and Confer Letter

Hi Trevor,

Please see the attached.

Regards,

Ryan

The contents of this message,
together with any attachments, are
intended only for the use of the
individual or entity to which they are
addressed and may contain

37

Public Version

confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman

Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any

Public Version

construed as a digital or electronic signature of any employee of
Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the
use of the individual or entity to which they are addressed and may contain information
that is legally privileged, confidential and exempt from disclosure. If you are not the
intended recipient, you are hereby notified that any dissemination, distribution, or
copying of this message, or any attachment, is strictly prohibited. If you have received
this message in error, please notify the original sender or the Pillsbury Winthrop Shaw
Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and
delete this message, along with any attachments, from your computer. Nothing in this
message may be construed as a digital or electronic signature of any employee of
Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT K

**Public Version**

**pillsbury**

Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

Ryan Selness
tel: +1.650.233.4006
ryan.selness@pillsburylaw.com

March 30, 2023

<u>Via Email</u>

Jonathan DeFosse
Sheppard, Mullin, Richter & Hampton LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
jdefosse@sheppardmullin.com

Re:   *Meet-and-Confer Agreements re Qorvo's Responses to and Search Parameters for RFP Sets 1 and 2*

Dear Mr. DeFosse:

We write further to the parties' March 28, 2023 video conference meet-and-confer regarding Qorvo's written responses to and search parameters and document productions for RFP Sets 1 and 2. Please let us know if you have a different understanding with respect to any of the agreements described below, or if you would like to add anything that is not covered.[1]

First, the following is our understanding of the agreements reached during the video conference.

1. By April 7, 2023, Qorvo will serve amended written responses, and will promptly thereafter produce documents within the scope of its amended responses, to the following 18 RFPs: Nos. 24, 26, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102.

2. By April 7, 2023, Qorvo will also serve amended written responses, and will promptly thereafter produce documents within the scope of its

---

[1] We also discussed the case schedule, access to the Second Amended Complaint, and postponement of the deposition of Ya (Annia) Shen during our March 28 video conference. We are not addressing those topics here but will follow up on them separately as appropriate.

4856-6240-3162

Public Version

Jonathan DeFosse
March 30, 2023
Page 2

amended responses, to the following 5 RFPs which were previously
addressed during the meet-and-confer process:

a. RFP No. 6: Qorvo agreed to search within its "Document Pool"
   including internal documents and communications, and to produce
   materials related to the subject matter of the asserted patents. *See*
   Qorvo's December 14, 2022 letter, January 25, 2023 email, and
   February 15, 2023 email.

b. RFP No. 8: Qorvo agreed to search within its "Document Pool" to
   identify pre-filing documents within the narrower scope described
   by Akoustis' October 10, 2022 letter. *See* Qorvo's December 14,
   2022 letter.

c. RFP No. 30: Qorvo agreed to search for and produce analyses that
   resulted in Qorvo's actual knowledge or reasonable belief that the
   subject of the analysis embodied an invention claimed in any
   asserted patent. *See* Qorvo's December 14, 2022 letter and January
   25, 2023 email.

d. RFP No. 47: Qorvo agreed to withdraw its exclusion of outbound
   communications from Qorvo to Akoustis' or Qorvo's customers or
   investors concerning Akoustis' single-crystal technology. *See*
   Qorvo's February 15, 2023 email.

e. RFP No. 99: Qorvo agreed to search its "Document Pool" for
   communications that (1) are between any Qorvo employee and any
   Akoustis employee and (2) reflect or concern any Qorvo BAW
   Proprietary Information, any information that could be considered
   Akoustis' confidential information, or the accused products. *See*
   Qorvo's December 14, 2022 letter.

3. Qorvo's review of documents will not be limited to any previously
   existing "Document Pool," as that term is defined in Qorvo's December
   14, 2022 letter. Qorvo will review for responsiveness to Akoustis' RFPs
   the complete set of ESI documents generated by applying any search
   parameters the parties agree to through an ongoing, iterative process,
   including any search terms agreed on for the re-review of documents
   Qorvo previously identified as not responsive.

4. Akoustis will drop its demand for further written responses to the
   following 10 RFPs: 15, 31-33, 43, 50-53, and 107.

Public Version

Jonathan DeFosse
March 30, 2023
Page 3

5. Qorvo agrees to add the keyword search "Akoustis OR single crystal" across the documents of all custodians likely to have documents related to Akoustis or its single-crystal technology.

6. With respect to RFPs related to Qorvo's unfair competition claim (which we note is now significantly expanded by the Second Amended Complaint), the parties are meeting and conferring on search parameters for Qorvo's responses to RFP Sets 3 and 4. The parties agree that any search parameters agreed on through that process will be added to the search terms that Qorvo will use to search for documents responsive to RFPs in Sets 1 and 2.

Second, we understand that the parties have confirmed that the following features apply to both parties' responses to all RFPs in this case.[2]

1. The responding party has the responsibility to make a diligent and good-faith effort to select an appropriate set of custodians and search terms to reasonably identify documents potentially responsive to the requesting parties' RFPs, and neither party is to knowingly exclude unique, non-duplicative responsive documents through overly narrow search parameters.

2. The development of custodians and search terms is understood to be an "iterative" process, such that custodians and search terms may be added or removed over time, with appropriate notice to the opposing party, as experience and discovery indicate reasonable grounds to do so.[3]

3. Not all RFPs are amenable to keyword searches, and where appropriate the parties will make reasonable efforts to locate documents within the scope of their written RFP responses through other search methods, including witness interviews and understanding each client's document repository

---

[2] While this was not discussed during the video conference, we note that the parties have agreed that all motion-to-compel deadlines are tolled indefinitely, until 21 days after either party gives written notice to the other and declares that the meet and confer is at an "impasse" as to a particular set of RFPs or Interrogatories. *See* Qorvo's January 25, 2023 email and February 15, 2023 email.

[3] Akoustis will follow up separately with suggestions for additional iterations of the Search Parameters that Qorvo has applied to date.

Public Version

Jonathan DeFosse
March 30, 2023
Page 4

system (e.g., the parties discussed that IT policies would not be a proper search for ESI but would be retrieved from the IT Department).

Third, as briefly referenced during our call, and as we have also mentioned in meet-and-confer correspondence about RFP Sets 3 and 4, Qorvo has yet to produce a single custodial document for half of the custodians it identified in its Search Parameters for RFP Sets 1 and 2, and has produced 10 or fewer documents for 25 of those 32 custodians (as shown in the table below). We understand that for one of those custodians, Ya (Annia) Shen, this lack of custodial documents resulted from a technical issue. We appreciate Qorvo's confirmation that it is working to rectify that issue and that the particular technical issue that affected her documents did not affect any other custodians. Nevertheless, we note the broader custodial issue here for Qorvo's consideration as it assesses appropriate revisions to its Search Parameters (including custodians) for its responses to all existing and future RFPs.

We also note that Qorvo only identified "Microsoft Exchange and Sharepoint Accounts (active and archived, if any)" for its search of custodian documents. Given the paucity of responsive materials identified through this Search Parameter, we ask that Qorvo confirm in writing that it has confirmed that these individuals do not store unique, responsive documents or communications elsewhere, and confirm whether any non-custodial repositories are likely to contain unique documents responsive to Akoustis' RFPs—such as department shares or group folders.

| RFP Sets 1 and 2 Custodians | Custodial Documents Produced |
|---|---|
| West, Brock | 952 |
| Testa, Tony | 268 |
| Tajic, Alireza | 133 |
| Gibb, Shawn | 127 |
| Dry, Robert | 43 |
| Breton, David | 37 |
| Espinoza, Tony | 22 |
| Aigner, Robert | 10 |
| Polonio, Wayne | 8 |
| Granado, Guillermo Moreno | 7 |
| Wright, Wendy | 7 |
| Fattinger, Gernot | 5 |
| Bender, Todd | 3 |
| Pathak, Mitali | 3 |
| Gillenwater, Todd | 2 |
| Houlden, Rohan | 1 |

Jonathan DeFosse
March 30, 2023
Page 5

| RFP Sets 1 and 2 Custodians | Custodial Documents Produced |
|---|---|
| Anderton, John | 0 |
| Baker, Michael | 0 |
| Bawangaonwala, Ali-Imran | 0 |
| Boutin, Yan | 0 |
| Cox, Beth | 0 |
| Kwon, Joonbum | 0 |
| Lane, Kindra | 0 |
| Makowenskyj, Paul | 0 |
| Marsh, Olivia | 0 |
| Myrick, John | 0 |
| Schmid, William B. | 0 |
| Schwarz, Hans | 0 |
| Shealy, Jeffrey | 0 |
| Shen, Ya (Annia) | 0 (pending further review by Qorvo due to technical issue) |
| Sinnott, Rich | 0 |
| Warder, Greg | 0 |

　　　　Beyond considering where responsive materials for the above custodians may be housed, please also consider that quite a few of the persons listed in Qorvo's initial disclosures, as recently amended, are not identified as custodians. Specifically, 16 of the persons identified in your recent disclosure have either never been identified as a custodian (Steve Coley, Jim Dilla, Chandima Ganhewage, Scott Miller, Scott Morris, Kevin Schoenrock, Brad Silvers, Edgar Lopez Valera, and Ramakrishna Vetury) or have only been identified as a custodian for certain discovery sets (Robert Aigner, Yan Boutin, Gernot Fattinger, Jerry Gray, Dave Hodge, Joel Morgan, Alireza Tajic). We can talk about this further in our call on search parameters and custodians but we wanted to alert you to that issue.

　　　　Thank you again for your (and your colleagues') time and efforts during our video conference.

Sincerely,

Ryan Selness

Public Version

# EXHIBIT L

Public Version

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QORVO, INC.,

              Plaintiff,

    v.

AKOUSTIS TECHNOLOGIES, INC. and
AKOUSTIS, INC.,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 21-1417 (JPM)

### PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST AND SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 6, 8, 24, 26, 30, 47, 49, 56, 58, 60, 62, 66, 69, 73-80, AND 102)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first supplemental objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants") First and Second Set of Requests for Production (Nos. 6, 8, 24, 26, 30, 47, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102) (collectively, the "Requests," and each, individually, a "Request").[1]

### GENERAL RESERVATIONS AND OBJECTIONS

Qorvo generally objects to Defendants' Requests as follows. These general objections shall be incorporated by reference into each response below.

1.      Qorvo's responses are made solely for the purpose of this action.

---

[1] On March 28, 2023, Qorvo agreed to supplement its responses to eighteen requests for production (i.e., Nos. 24, 26, 49, 56, 58, 60, 62, 66, 69, 73-80, and 102) after meeting and conferring with Akoustis. In addition, Qorvo agreed to supplement several other responses (i.e., Nos. 6, 8, 30, and 47) after meeting and conferring with Akoustis.

2.      Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing.  By making the accompanying responses and objections to Defendants' Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, proportionality, materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.      Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.      Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.      Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders

of the Court. Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.      Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law. Any inadvertent production of information, document, or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof. Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit. Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

Public Version

10.     Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties.  Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.      Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.     Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.     Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.     Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.     Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

## GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to the definition of "Defendant" or "Defendants" as the definition does not correctly reflect the Defendants of this action. Qorvo also objects to the extent the definition seeks to require Qorvo to have independent knowledge relating to the identity of "any" of Akoustis' "parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers."

2.      Qorvo objects to Akoustis' definition of "you," "your" or "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent Akoustis' definition seek material and information not within Qorvo Inc.'s possession, custody, or control.

3.      Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

4.      Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent Akoustis' definition for these

Public Version

terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

5.        Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality limitations. Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

6.        Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

<div align="center"><b><u>GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS</u></b></div>

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.        Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent Akoustis' Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure and the Local Rules.

2.        Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI. Qorvo will adhere to the ESI Protocol in responding the Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 6.

All documents and things authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to the General Objections, Qorvo objects to Request No. 6 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents the inventors have authored concerning "the subject matter claimed in the asserted patents."

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to the General Objections, Qorvo objects to Request No. 6 as vague and ambiguous to the extent it seeks documents concerning "the subject matter claimed in the asserted patents." Qorvo further objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" that have ever been authored by any of the inventors of the asserted patents. Such a request encompasses a wide range of documents that have no bearing on this case. Qorvo further objects that this Request is not proportional to the needs of the case to the extent it seeks, without restriction, "all documents" that have ever been authored by any of the inventors of the asserted patents. Qorvo further objects to this Requests as seeking materials that are equally available to Akoustis to the extent the Request is intended to seek publicly available articles and publications. The parties have agreed to narrow the scope of this Request to refer solely to non-public documents and papers reasonably identifiable as having been authored by the inventors of the

asserted patents concerning the subject matter claimed in the asserted patents.  The parties have further agreed that this Request does not seek communications (e.g., email communications) to or from the inventors.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged and non-public documents (excluding communications) and papers reasonably identifiable as having been authored by the inventors of the asserted patents concerning the subject matter claimed in the asserted patents, to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 8.**

All documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including the first written description and/or drawings, publication, promotion, advertisement, offer, sale, availability to the public, and public use of such subject matter, as well as all purportedly experimental uses of such subject matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections, Qorvo objects to Request No. 8 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents concerning the "timing" of "any activities concerning the subject matter of the asserted patents."  Qorvo further objects to Request No. 8 as overly broad and unduly burdensome to the extent it would require Qorvo to perform an analysis comparing the unspecified "activities" to the unspecified "subject matter of the asserted patents" to identify responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

8

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The parties have agreed to narrow the scope of this Request to refer solely to the first written description and/or drawings, the first publication, the first promotion, the first advertisement, the first offer, the first sale, the first availability to the public, the first public use, and the first of each experimental use of the asserted patents.

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents sufficient to show the first activities identified in Request No. 8 for U.S. Patent Nos. 7,522,018 and 735,755, to the extent that such documents are in Qorvo's possession, custody, and control and to the extent not already produced in this action.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the General Objections, Qorvo objects to Request No. 24 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to cover any "analysis or examination" of any Akoustis product.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents in response to Request No. 24 to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 26.**

All documents and things concerning any communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used, sold, or offered for sale by Akoustis, whether or not the product is an accused product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the General Objections, Qorvo objects to Request No. 26 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to seek any document reflecting any discussion or communication about Akoustis or its products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents in response to Request No. 26 to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and things that concern or show the structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the General Objections, Qorvo objects to Request No. 30 as vague and ambiguous to the extent it seeks documents concerning "embodiments" of the alleged invention. Qorvo refers Akoustis to the asserted patents for identification of the structure, function, and operation of those "embodiments." Qorvo further objects to Request No. 30 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify

all products that practice the inventions of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 30 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns the "structure, function, or operation" of products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The parties have agreed to narrow the scope of this Request to refer solely to documents including analyses that resulted in (i) Qorvo's "actual knowledge," or (ii) Qorvo's conclusion based on a "reasonable belief" that a Qorvo BAW filter embodies the invention claimed in an asserted claims of the asserted patents. For clarity, this Request does not impose any obligation on Qorvo to conduct any new analysis.

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged analyses that resulted in (i) Qorvo's "actual knowledge," or (ii) Qorvo's conclusion based on a "reasonable belief" that a Qorvo BAW filter embodies the invention claimed in an asserted claims of the asserted patents to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 47.**

All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the General Objections, Qorvo objects to Request No. 47 as vague, ambiguous, and incomprehensible to the extent it seeks documents "about . . . and concerning . .

. .” Qorvo further objects to Request No. 47 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks Qorvo's communications concerning Akoustis' purported single crystal technology.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce responsive communications from Akoustis or Qorvo's customers, potential customers, investors, or potential investors concerning Akoustis' purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents in response to Request No. 47 to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 49.**

All documents and communications concerning or reflecting Akoustis' website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the General Objections, Qorvo objects to Request No. 49 as seeking information already accessible to Akoustis to the extent it seeks documents "reflecting Akoustis' website."  Qorvo further objects to Request No. 49 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks any and all "communications concerning . . . Akoustis' website."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any communications from Akoustis or any customers, potential customers, investors, or potential investors concerning statements on Akoustis' website about Akoustis'

Public Version

purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents in response to Request No. 49 to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to any third party, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO.  56:**

In addition to the General Objections, Qorvo objects to Request No. 56 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" reflecting any disclosure of any Qorvo BAW Propriety Information to any third party under any circumstances.  Whether Qorvo has made disclosures of confidential information to third parties has no bearing on any claim or defense asserted in this case.  Qorvo further objects that Request No. 56 is not proportional to the needs of the case to the extent the Request seeks, without restriction, "all documents" reflecting any disclosure of any Qorvo BAW Propriety Information to any third party under any circumstances.

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents sufficient to show the disclosure to third parties of any trade secret information Akoustis is accused of misappropriating to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 58.**

All documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the General Objections, Qorvo objects to Request No. 58 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the General Objections, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning any "request" by a third party for any "Qorvo BAW Proprietary Information." Requests from third parties for confidential information have no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by any third party, whether authorized or unauthorized by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to the General Objections, Qorvo objects to Request No. 60 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" reflecting any use of any Qorvo BAW Propriety Information by any third party under any circumstances.  Whether Qorvo a third party has used any of Qorvo's confidential information has no bearing on any claim or defense asserted in this case.  Qorvo further objects that Request No. 60 is not proportional to the needs of the case to the extent the Request seeks, without restriction, "all documents" reflecting any use of any Qorvo BAW Propriety Information by any third party under any circumstances.

Subject to and without waiving the foregoing objections, sufficient to show the disclosure to third parties of any trade secret information Akoustis is accused of misappropriating to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 62.**

As to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.

Public Version

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

In addition to the General Objections, Qorvo objects to Request No. 62 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks documents governing the disclosure of any Qorvo BAW Propriety Information. The terms of Qorvo's disclosure of confidential information generally have no bearing on any claim or defense asserted in this case. Qorvo further objects that Request No. 62 is not proportional to the needs of the case to the extent the Request seeks documents sufficient to show the terms of any disclosure of any Qorvo BAW Propriety Information to any third party.

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents sufficient to show the terms of any disclosure to third parties of any trade secret information Akoustis is accused of misappropriating to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 66.

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any information found on Qorvo's corporate yield page referenced in paragraph 54 of Qorvo's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to the General Objections, Qorvo objects to Request No. 66 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" reflecting any disclosure of any information that may be found on Qorvo's "corporate yield page." Whether Qorvo has made disclosures of information found on the corporate yield page has no bearing on any claim or defense asserted in this case. Qorvo further objects that Request No. 62 is not proportional to the needs of the case to the extent the Request seeks, without restriction, "all documents" reflecting any disclosure of any information found on the corporate yield page.

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents sufficient to show any third parties that have been granted access to Qorvo's corporate yield page to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 69.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to the General Objections, Qorvo objects to Request No. 69 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" reflecting any of Qorvo's communications concerning Wi-Fi 6E 6GHz products. Qorvo's communications concern such products have no bearing on any claim or defense asserted in this case. Qorvo further objects that Request No. 69 is not proportional to the needs of the case to the extent the Request seeks, without restriction, "all documents" reflecting any of Qorvo's communications concerning Wi-Fi 6E 6GHz products.

Subject to and without waiving the foregoing objections, Qorvo will produce non-privileged documents sufficient to show the disclosure to third parties of any trade secret information concerning Wi-Fi 6E 6GHz products that Akoustis is accused of misappropriating to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 73.**

All documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to the General Objections, Qorvo objects to Request No. 73 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis. Qorvo's hiring of employees to "replace" those employees hired by Akoustis has no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 74.**

All documents and communications concerning the rate of employee turnover at Qorvo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

In addition to the General Objections, Qorvo objects to Request No. 74 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning the rate of employee turnover at Qorvo. The rate of employee "turnover" at Qorvo has no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 75.

All documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

In addition to the General Objections, Qorvo objects to Request No. 75 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

In addition to the General and Specific Objections set forth above, Qorvo objects to this Request as vague and ambiguous to the extent it seeks documents concerning recruiting or hiring employees "subject to confidentiality or non-disclosure agreements."

Subject to and without waiving the foregoing objections, in response to Request No. 75, Qorvo will produce non-privileged documents sufficient to show Qorvo's policies and

Public Version

procedures concerning the solicitation of confidential information from employees who are subject to confidentiality or non-disclosure agreements to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 76.

All documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

In addition to the General Objections, Qorvo objects to Request No. 76 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning Qorvo's evaluation, recruitment, or hiring of any current or former Akoustis employee.  Qorvo's hiring of Akoustis employees has no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 77.

All documents and communications concerning or reflecting Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing.

Public Version

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

In addition to the General Objections, Qorvo objects to Request No. 77 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing. Qorvo's recruiting and hiring practices have no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78.**

All documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

In addition to the General Objections, Qorvo objects to Request No. 78 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks, without restriction, "all documents" concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters. Qorvo's recruiting and hiring practices have no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79.**

Documents sufficient to identify the names, titles, roles and responsibilities, of all current or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to the General Objections, Qorvo objects to Request No. 79 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to the General and Specific Objections set forth above, Qorvo objects that this Request seeks documents that are not relevant to any claim or defense to the extent the Request seeks documents sufficient to identify the names, titles, roles and responsibilities, of all current or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters. Qorvo's recruiting and hiring practices have no bearing on any claim or defense asserted in this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 80.**

All document and communications reflecting any training, education, policies or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance or the authorized use of computer systems, networks, or documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

In addition to the General Objections, Qorvo objects to Request No. 80 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Subject to and without waiving the foregoing objections, in response to Request No. 80, Qorvo will produce non-privileged documents sufficient to show the procedures training, education, policies or procedures received by the former Qorvo employees named or referenced

24

Public Version

in Qorvo's Second Amended Complaint to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 102.

All documents and communications comprising, concerning or reflecting publications or presentations by Akoustis or its employees about BAW filter technology, including but not limited to single crystal BAW filters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

In addition to the General Objections, Qorvo objects to Request No. 102 as overly broad and unduly burdensome to the extent the Request asks Qorvo to search for and produce Akoustis "publications or presentations" that are equally available to Defendants.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Subject to and without waiving the foregoing objections, in response to Request No. 102, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist, are within Qorvo's possession, custody, or control, and can be located following a reasonable search.

<div style="margin-left: 50%;">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

</div>

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Public Version

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

April 5, 2023

Public Version

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Stephen B. Brauerman, Esquire
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE 19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

David A. Jakopin, Esquire
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

Robert M. Fuhrer, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

David L. Stanton, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

Theresa A. Roozen, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

Public Version

# EXHIBIT M

Public Version

| | |
|---|---|
| **From:** | Selness, Ryan |
| **To:** | "Jonathan DeFosse"; "James Wald"; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Cc:** | Sweeney, Dianne L.; Stanton, David; Roozen, Theresa A.; Rose, Meri L. |
| **Subject:** | Qorvo v. Akoustis - Video Conference re Qorvo"s Supplemental Responses to RFP Sets 1 and 2 |
| **Date:** | Monday, April 17, 2023 6:28:15 PM |

Jon/James/Roy,

Thanks again for your time on today's call. Below is a summary of our understanding of the agreements that we reached during the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

- RFP No. 56: Qorvo confirmed that it will produce all documents constituting or mentioning the disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating.
- RFP No. 60: We discussed whether Qorvo would agree to produce a set of documents distinct from those requested by RFP No. 56 in response to RFP No. 60. Akoustis is willing to narrow this RFP to seek all documents and communications that mention the unauthorized use by any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating. Please confirm that Qorvo agrees to that proposal.
- RFP No. 62: Akoustis agrees to Qorvo's production of documents sufficient to show the terms (e.g., any NDAs/confidentiality agreements) of any disclosure to any third party of any Qorvo trade secret that Akoustis is accused of misappropriating, provided that Qorvo confirms that it includes in that scope the terms of any disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating (i.e., any such confidential information that Qorvo does not contend is a trade secret). Please confirm.
- RFP No. 66: The parties agreed to table the discussion of this RFP pending Qorvo's production of a copy of the corporate yield page and identification of the information on that page that Qorvo contends (1) is confidential and (2) was requested by Akoustis.
- RFP No. 69: Qorvo agreed to produce all documents constituting or mentioning the disclosure to any third party of any confidential information related to Qorvo's Wi-Fi 6E 6GHz products that Akoustis is accused of misappropriating.
  - Akoustis confirmed that this RFP relates to the allegations of paragraph 64 of the First Amended Complaint (paragraph 77 of the Second Amended Complaint).
- RFP Nos. 73-74: Akoustis stated that these RFPs relate to Qorvo's allegation that Akoustis' hiring of Ex-Qorvo BAW Employees was "intended to damage Qorvo by attrition, rather than by fair competition in the marketplace." Qorvo agreed to consider whether it could clarify that allegation in a manner that would obviate Akoustis' stated need for these documents.
- RFP No. 75: Qorvo agreed to produce documents sufficient to show all unique versions, dating back to 2015, of its policies and procedures concerning the solicitation of confidential information from employees who are subject to confidentiality or non-disclosure agreements.

Akoustis and Qorvo were unable to reach agreement regarding Qorvo's supplemental responses to RFP No. 58 and 76-79. Akoustis is further considering its position regarding those requests.

Regards,

Public Version

Ryan

Public Version

# EXHIBIT N

Public Version

| | |
|---|---|
| **From:** | Selness, Ryan |
| **To:** | Jonathan DeFosse; James Wald; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Cc:** | Sweeney, Dianne L.; Stanton, David; Roozen, Theresa A.; Rose, Meri L.; Rivaux, Shani |
| **Subject:** | RE: Qorvo v. Akoustis - Video Conference re Qorvo"s Supplemental Responses to RFP Sets 1 and 2 |
| **Date:** | Thursday, April 27, 2023 12:59:26 PM |
| **Attachments:** | image001.png |
| | image002.png |

Thanks Jon. I write to address the remaining five RFPs on which we have yet to reach agreement in RFP Sets 1 and 2: RFP Nos. 58 and 76-79. With respect to RFP No. 58, while we disagree with Qorvo's position and maintain that the requested documents are relevant, we are willing to drop that request in light of the agreements the parties have reached on other RFPs. We cannot agree, however, to drop RFP Nos. 76-79. Those RFPs are relevant to Qorvo's poaching allegations, such as paragraph 55 of the Second Amended Complaint, which alleges:

> On information and belief, Akoustis recruited Ex-Qorvo employees for positions with largely overlapping responsibilities to their positions at Qorvo, focusing on employees with the specialized knowledge of Qorvo's confidential and proprietary information, including the Qorvo BAW Proprietary Information, that Akoustis needed at the particular stage of its development. For example, Qorvo focused on those Qorvo employees with business development and BAW filter design experience when it was initially defining and designing its products, and then focused on those Qorvo employees with quality, manufacturing, and management expertise as it moved from product design to manufacture and sales.

Akoustis is entitled to seek documents that show that Qorvo similarly hires employees for positions with responsibilities that "largely overlap" the responsibilities at their prior jobs, and similarly did so at the times that Qorvo needed employees with particular knowledge and experience. While Qorvo has taken the position that such documents are not relevant because Akoustis has not alleged an unfair competition claim against Qorvo, that misunderstands Akoustis' position. Akoustis does not seek these documents to show that Qorvo is unfairly competing against Akoustis or any other entity by hiring their employees. Rather, Akoustis seeks these documents to show that the type of conduct described in paragraph 55 of the SAC (and other similar allegations) is a common business practice used by Qorvo and a fair method of competition.

Pursuant to Delaware Local Rule 7.1.1, please provide your availability (including for Qorvo's Delaware counsel) on May 1 or 2 for a final video conference meet and confer on RFP Nos. 76-79.

Regards,

Ryan

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, April 19, 2023 2:04 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David

Public Version

<david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Ryan-

Thank you for your email.  In response:

RFP 56: confirmed.

RFP 60: we agree.

RFP 62: confirmed

RFP 66: That is our understanding.

RFP 69: We will search for disclosures to third parties of Qorvo BAW Proprietary Information concerning WiFi 6E prototypes using low temperature co-fired ceramic (LTCC) filters placed on top of BAW filters

RFPs 73-74: We will agree to produce non-privileged documents (i) sufficient to show efforts to hire employees to replace ex-Qorvo employees hired by Akoustis and (ii) sufficient to show the rate of employee turnover at Qorvo to the extent any such documents exist and can be found in Qorvo's filed following a reasonable search.

RFP 75: Confirmed.

Best Regards,
Jon


**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Monday, April 17, 2023 9:28 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; James Wald
<JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis
<LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David
<david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Jon/James/Roy,

Public Version

Thanks again for your time on today's call. Below is a summary of our understanding of the agreements that we reached during the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

- RFP No. 56: Qorvo confirmed that it will produce all documents constituting or mentioning the disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating.
- RFP No. 60: We discussed whether Qorvo would agree to produce a set of documents distinct from those requested by RFP No. 56 in response to RFP No. 60. Akoustis is willing to narrow this RFP to seek all documents and communications that mention the unauthorized use by any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating. Please confirm that Qorvo agrees to that proposal.
- RFP No. 62: Akoustis agrees to Qorvo's production of documents sufficient to show the terms (e.g., any NDAs/confidentiality agreements) of any disclosure to any third party of any Qorvo trade secret that Akoustis is accused of misappropriating, provided that Qorvo confirms that it includes in that scope the terms of any disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating (i.e., any such confidential information that Qorvo does not contend is a trade secret). Please confirm.
- RFP No. 66: The parties agreed to table the discussion of this RFP pending Qorvo's production of a copy of the corporate yield page and identification of the information on that page that Qorvo contends (1) is confidential and (2) was requested by Akoustis.
- RFP No. 69: Qorvo agreed to produce all documents constituting or mentioning the disclosure to any third party of any confidential information related to Qorvo's Wi-Fi 6E 6GHz products that Akoustis is accused of misappropriating.
  - Akoustis confirmed that this RFP relates to the allegations of paragraph 64 of the First Amended Complaint (paragraph 77 of the Second Amended Complaint).
- RFP Nos. 73-74: Akoustis stated that these RFPs relate to Qorvo's allegation that Akoustis' hiring of Ex-Qorvo BAW Employees was "intended to damage Qorvo by attrition, rather than by fair competition in the marketplace." Qorvo agreed to consider whether it could clarify that allegation in a manner that would obviate Akoustis' stated need for these documents.
- RFP No. 75: Qorvo agreed to produce documents sufficient to show all unique versions, dating back to 2015, of its policies and procedures concerning the solicitation of confidential information from employees who are subject to confidentiality or non-disclosure agreements.

Akoustis and Qorvo were unable to reach agreement regarding Qorvo's supplemental responses to RFP No. 58 and 76-79. Akoustis is further considering its position regarding those requests.

Regards,

Ryan

**Ryan Selness** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006

ryan.selness@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Public Version

# EXHIBIT O

**Public Version**

| | |
|---|---|
| **From:** | Selness, Ryan |
| **To:** | Jonathan DeFosse; James Wald; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Cc:** | Sweeney, Dianne L.; Stanton, David; Roozen, Theresa A.; Rose, Meri L.; Rivaux, Shani; Steve B. Brauerman; JTigan@morrisnichols.com |
| **Subject:** | RE: Qorvo v. Akoustis - Video Conference re Qorvo"s Supplemental Responses to RFP Sets 1 and 2 |
| **Date:** | Wednesday, May 3, 2023 6:11:49 PM |
| **Attachments:** | image001.png |
| | image002.png |

Jon,

Thanks again for your and your colleagues' time yesterday. I understand that Steve and Jeremy (who I've added to this chain) had a chance to discuss further to yesterday's call, and that Qorvo remains unwilling to produce any documents in response to RFP Nos. 76-79. As such, I understand that we are now at impasse with respect to those Requests. Please let me know if you have a different understanding.

Regards,

Ryan

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Monday, May 1, 2023 1:22 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>
**Subject:** RE: Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

That does work. Thanks Jon. I'll circulate an invite shortly.

Ryan

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Monday, May 1, 2023 9:23 AM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Public Version

Dear Ryan,

Thank you for your email.  We are available tomorrow (Tuesday, 5/2) at 3:00 pm ET/12:00 pm PT if that works on your end.

Best Regards,
Jon

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Thursday, April 27, 2023 3:59 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Thanks Jon. I write to address the remaining five RFPs on which we have yet to reach agreement in RFP Sets 1 and 2: RFP Nos. 58 and 76-79. With respect to RFP No. 58, while we disagree with Qorvo's position and maintain that the requested documents are relevant, we are willing to drop that request in light of the agreements the parties have reached on other RFPs. We cannot agree, however, to drop RFP Nos. 76-79. Those RFPs are relevant to Qorvo's poaching allegations, such as paragraph 55 of the Second Amended Complaint, which alleges:

> On information and belief, Akoustis recruited Ex-Qorvo employees for positions with largely overlapping responsibilities to their positions at Qorvo, focusing on employees with the specialized knowledge of Qorvo's confidential and proprietary information, including the Qorvo BAW Proprietary Information, that Akoustis needed at the particular stage of its development. For example, Qorvo focused on those Qorvo employees with business development and BAW filter design experience when it was initially defining and designing its products, and then focused on those Qorvo employees with quality, manufacturing, and management expertise as it moved from product design to manufacture and sales.

Akoustis is entitled to seek documents that show that Qorvo similarly hires employees for positions with responsibilities that "largely overlap" the responsibilities at their prior jobs, and similarly did so at the times that Qorvo needed employees with particular knowledge and experience. While Qorvo has taken the position that such documents are not relevant because Akoustis has not alleged an unfair competition claim against Qorvo, that misunderstands Akoustis' position. Akoustis does not seek these documents to show that Qorvo is unfairly competing against Akoustis or any other entity by hiring their employees. Rather, Akoustis seeks these documents to show that the type of conduct described in paragraph 55 of the SAC (and other similar allegations) is a common business practice used by Qorvo and a fair method of competition.

Public Version

Pursuant to Delaware Local Rule 7.1.1, please provide your availability (including for Qorvo's Delaware counsel) on May 1 or 2 for a final video conference meet and confer on RFP Nos. 76-79.

Regards,

Ryan

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, April 19, 2023 2:04 PM
**To:** Selness, Ryan <ryan.selness@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** RE: Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Ryan-

Thank you for your email.  In response:

RFP 56: confirmed.

RFP 60: we agree.

RFP 62: confirmed

RFP 66: That is our understanding.

RFP 69: We will search for disclosures to third parties of Qorvo BAW Proprietary Information concerning WiFi 6E prototypes using low temperature co-fired ceramic (LTCC) filters placed on top of BAW filters

RFPs 73-74: We will agree to produce non-privileged documents (i) sufficient to show efforts to hire employees to replace ex-Qorvo employees hired by Akoustis and (ii) sufficient to show the rate of employee turnover at Qorvo to the extent any such documents exist and can be found in Qorvo's filed following a reasonable search.

RFP 75: Confirmed.

Best Regards,
Jon

Public Version

**From:** Selness, Ryan <ryan.selness@pillsburylaw.com>
**Sent:** Monday, April 17, 2023 9:28 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; James Wald <JWald@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Video Conference re Qorvo's Supplemental Responses to RFP Sets 1 and 2

Jon/James/Roy,

Thanks again for your time on today's call. Below is a summary of our understanding of the agreements that we reached during the call. Please let us know if you had a different understanding with respect to any of the below, or if there's anything that you'd like to add that isn't covered.

- RFP No. 56: Qorvo confirmed that it will produce all documents constituting or mentioning the disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating.
- RFP No. 60: We discussed whether Qorvo would agree to produce a set of documents distinct from those requested by RFP No. 56 in response to RFP No. 60. Akoustis is willing to narrow this RFP to seek all documents and communications that mention the unauthorized use by any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating. Please confirm that Qorvo agrees to that proposal.
- RFP No. 62: Akoustis agrees to Qorvo's production of documents sufficient to show the terms (e.g., any NDAs/confidentiality agreements) of any disclosure to any third party of any Qorvo trade secret that Akoustis is accused of misappropriating, provided that Qorvo confirms that it includes in that scope the terms of any disclosure to any third party of any Qorvo BAW Proprietary Information that Akoustis is accused of misappropriating (i.e., any such confidential information that Qorvo does not contend is a trade secret). Please confirm.
- RFP No. 66: The parties agreed to table the discussion of this RFP pending Qorvo's production of a copy of the corporate yield page and identification of the information on that page that Qorvo contends (1) is confidential and (2) was requested by Akoustis.
- RFP No. 69: Qorvo agreed to produce all documents constituting or mentioning the disclosure to any third party of any confidential information related to Qorvo's Wi-Fi 6E 6GHz products that Akoustis is accused of misappropriating.
  - Akoustis confirmed that this RFP relates to the allegations of paragraph 64 of the First Amended Complaint (paragraph 77 of the Second Amended Complaint).
- RFP Nos. 73-74: Akoustis stated that these RFPs relate to Qorvo's allegation that Akoustis' hiring of Ex-Qorvo BAW Employees was "intended to damage Qorvo by attrition, rather than by fair competition in the marketplace." Qorvo agreed to consider whether it could clarify that allegation in a manner that would obviate Akoustis' stated need for these documents.
- RFP No. 75: Qorvo agreed to produce documents sufficient to show all unique versions, dating

Public Version

back to 2015, of its policies and procedures concerning the solicitation of confidential information from employees who are subject to confidentiality or non-disclosure agreements.

Akoustis and Qorvo were unable to reach agreement regarding Qorvo's supplemental responses to RFP No. 58 and 76-79. Akoustis is further considering its position regarding those requests.

Regards,

Ryan

**Ryan Selness** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115
t +1.650.233.4006
ryan.selness@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES
MIAMI   NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH
SACRAMENTO   SAN DIEGO   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment,

is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.