Public Verions

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-1417-JPM |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) ) ) | **FILED UNDER SEAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE** |
| Defendants. | ) ) ) | **ORDER** |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO RE-DESIGNATE THE SECOND AMENDED COMPLAINT MARKED ATTORNEYS' EYES ONLY TO CONFIDENTIAL

OF COUNSEL:

PILLSBURY WINTHROP SHAW
PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

[Additional Counsel on Signature Page]
*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

Public Verions

**TABLE OF CONTENTS**

Page

I.      OVERVIEW OF REVISED REQUESTED RELIEF IN LIGHT OF MAY 10 HEARING
        AND RESOLUTION FRAMEWORK. ............................................................................... 1

II.     ARGUMENT ........................................................................................................................ 2

        A.  Akoustis' Current Access is Insufficient to Reasonably Defend Itself ......................... 3

        B.  There is No Good Cause to Allow Qorvo to Block All of Akoustis' Senior Managers
            When the Risk of New Harm is Minimal. .............................................................. 4

            (1) The AEO Materials at Issue are Limited to those AEO Documents that Were
                Produced by Akoustis. ............................................................................... 5

            (2) The Documents at Issue Are, At Least, Several Years Old. ............................ 7

        C.  Akoustis' Compelling Need to View the Documents it Produced During the
            Litigation Outweighs the Minimal Risk of New Harm to Qorvo. ......................... 7

            (1) Akoustis Needs Informed Management Participation in Order to Prepare its
                Defense. .................................................................................................... 7

            (2) Qorvo Should Not Be Permitted to Use these Designations as a Sword and a
                Shield. ....................................................................................................... 9

        D.  There is a Protective Order in Place to Prevent Any Possible Future Harm. ............. 10

III.    CONCLUSION .................................................................................................................. 11

Public Verions

## TABLE OF AUTHORITIES

Page(s)

Cases

*Arvco Container Corp. v. Weyerhaeuser Co.*,
No. 1:08-cv-548, 2009 WL 311125 (W.D. Mich. Feb. 9, 2009) ...............................................7

*Core Lab'ys LP v. AmSpec, LLC*,
No. 16-cv-00526-CG-N, 2017 WL 6945580 (S.D. Ala. July 12, 2017), *aff'd* 2017 WL
3585420 (S.D. Ala. Aug. 18, 2017) .......................................................................................8

*Core Lab'ys LP v. AmSpec*,
No. 16-0526, 2017 WL 3585420 (S.D. Ala. Aug. 18, 2017)......................................................6

*Defazio v. Hollister, In*c.,
No. CIV S-04-1358 DFL GGH, 2007 WL 2580633 (E.D. Cal. Sept. 5, 2007).........................7

*DIRTT Env't Sols., Inc. v. Henderson*,
No. 1:19-CV-144 DPB, 2020 WL 6263039 (D. Utah Oct. 23, 2020) ....................................10

*Gillespie v. Charter Commc'ns*,
133 F. Supp. 3d 1195 (E.D. Mo. 2015).................................................................................4

*JamSports & Ent., LLC v. Paradama Prods., Inc.*,
No. 02 C 2298, 2005 WL 14917 (N.D. Ill. Jan. 3, 2005) ..........................................................7

*Liveware Publ'g, Inc. v. Best Software, Inc.*,
252 F. Supp. 2d 74 (D. Del. 2003).......................................................................................6

*McAirlaids, Inc. v. Kimberly-Clark Corp.*,
299 F.R.D. 498 (W.D. Va. 2014).........................................................................................6

*No Spill, LLC v. Scepter Canada, Inc.*,
No. 2:18-cv-2681-HLT-KGG, 2022 WL 16948592 (D. Kan. Nov. 15, 2022)........................7

*Proctor & Gamble Co. v. Nabisco Brands, Inc.*,
111 F.R.D. 326 (D. Del. 1986) .............................................................................................7

*R.R. Donnelley & Sons Co. v. Quark, Inc.*,
No. CIVA 06-032, 2007 WL 61885 (D. Del. Jan. 4, 2007)......................................................6

*Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*,
682 F. Supp. 20 (D. Del. 1988)............................................................................................6

*Tailored Lighting, Inc. v. Osram Sylvania Prods.*,
236 F.R.D. 146 (W.D.N.Y. 2006).........................................................................................6

ii

Public Verions

*THK America, Inc. v. Nippon Seiko K.K.*,
    141 F.R.D. 461 (N.D. Ill. 1991)...............................................................................................3

*Water Tree Ventures, LLC v. Giles*,
    No. 18-cv-1421, 2019 WL 13162408 (N.D. Fla. Apr. 26, 2019) .........................................6, 8

Public Verions

## I.    OVERVIEW OF REVISED REQUESTED RELIEF IN LIGHT OF MAY 10 HEARING AND RESOLUTION FRAMEWORK.

Akoustis Technologies Inc. and Akoustis Inc. (collectively "Akoustis") filed its Motion (D.I. 183) to challenge Qorvo Inc.'s ("Qorvo") overly broad designation of the Second Amended Complaint ("SAC") including its exhibits (D.I. 125) as Attorneys' Eyes Only ("AEO"), preventing Akoustis' board or managers from viewing the documents except through an audit committee of Qorvo's choosing. Further to the May 10, 2023 status conference, the parties agreed to allow three managers and three board members approved by Qorvo to see: (i) the SAC and (ii) the SAC exhibits produced by Akoustis that Qorvo designated as AEO (collectively, the "AEO Materials"). The parties are at an impasse regarding the choice of managers and board members. The current status is as follows:

> **Management:** Akoustis offered Mr. Shealy, Mr. Aichele, Ms. Winters and Mr. Cheema, but Qorvo rejected them all because they "are in a position to make competitive decisions with respect to Qorvo." (Decl. D. Sweeney ("Sweeney Decl.") at ¶¶4-6; Ex. A, p. 6.) Akoustis has no other managers with relevant knowledge to propose.

> **Board Members:** Akoustis offered Ms. Rudy, Mr. Denbaars, and Mr. Geiss.  (Sweeney Decl. ¶4; Ex. A, p. 7.) Qorvo agreed to Mr. Geiss and Ms. Rudy but refused Mr. Denbaars on the grounds that he is "involved in the day-to-day activities of Akoustis or any product development activities."  (Sweeney Decl. at ¶¶6, 9-10; Ex. A, pp. 1-2, 4-5.) Qorvo takes this position despite the explanation that Mr. Denbaars only has an occasional role in product development in an area that is not at issue in this litigation. (Sweeney Decl. at ¶9; Ex. A, pp. 1-2.) Akoustis has no other board members with relevant knowledge to propose.

Qorvo's arbitrary restrictions about who can access materials produced by Akoustis render its compromise meaningless. Akoustis has only six managers, only four of whom have relevant knowledge.[1] Because all of Akoustis' knowledgeable managers play some role in competitive decision making, Qorvo's restrictions prevents all of Akoustis' operational managers from assisting with the litigation, including those discussed with the Court on the May 10, 2023 hearing.

---

[1] The remaining two managers are the CFO and the General Counsel.

After the hearing, to avoid an impasse, Akoustis removed its CEO, Mr. Shealy, from its proposal. Qorvo rejected the new proposal. Akoustis then proposed a tiered approach where only one manager (Mr. Aichele) would have access to the broader AEO Information and the other two (Mr. Cheema and Ms. Winters) would only have access to the SAC pleading.[2] Qorvo also rejected this offer, making it clear that it will not allow access to any manager. (Sweeney Decl. at ¶7; Ex. A, pp. 2-5.)

Left without any manager who can meet Qorvo's conditions and only two board members, Akoustis seeks this Court intervention to grant Mr. Aichele, Ms. Winters, and Mr. Cheema access to the AEO Materials. Alternatively, should the Court determine that only one manager should be allowed access, Akoustis seeks an order allowing Mr. Aichele to have access to the AEO Materials.

Qorvo's Answering Brief fails to address how Akoustis' proposal will cause any harm, much less significant harm. Given the millions of dollars at issue in this case, and the necessity for Akoustis to be apprised of and to address key issues in the AEO Information, the compromise reasonably properly balances Akoustis' need to manage this litigation with Qorvo's unsubstantiated speculation that disclosure could cause some future significant harm to Qorvo.

## II.    ARGUMENT

No party has a unilateral right to maintain an AEO designation without a showing of good cause weighed against the significant prejudice of impairing the other party's right to defend itself. Here, the balance strongly weighs in Akoustis' favor, particularly since Akoustis has narrowly

---

[2] Since the Motion was filed, Qorvo has expanded its efforts to designate additional Akoustis-produced materials as AEO. The Parties' meet and confer efforts regarding the growing AEO designations have expanded in turn. Accordingly, the Parties agreement as to Board access above now includes the SAC, the Trade Secret Identification pleading and the Akoustis-produced documents designated AEO by Qorvo (collectively, "AEO Information"). (*See* Sweeney Decl. at ¶6; Ex. A, pp. 3-5.) While these broader issues were not ripe when the Motion was filed, Akoustis believes that a ruling on this Motion will provide guidance on Qorvo's expanded AEO designations.

Public Verions

tailored its request for access to a handful of people and seeks only the documents that it already produced, a scenario not encountered in any of the authorities Qorvo cites.

### A.      Akoustis' Current Access is Insufficient to Reasonably Defend Itself.

To defend this case, Akoustis must evaluate whether it used the alleged trade secret that Qorvo designated AEO, and if so, for what purpose, and Akoustis cannot make this assessment without the participation of managers who understand its business and can put the AEO Information in context. For example, is the AEO Information reflected in Akoustis' written *or unwritten* procedures? Did Akoustis obtain any value from the alleged usage? Is there a "continuing" misappropriation as alleged? These are highly specific factual inquiries that require consideration of the AEO Information by individuals who know the relevant processes and procedures historically—individuals who understand both the technical contents of the AEO Information and the intricacies of Akoustis' history and operations. These same issues will also impact depositions. How can Akoustis prepare a corporate representative for deposition if it cannot educate him or her about the underlying documents? How would Qorvo even question such a witness about access to and use of the AEO Information, if the corporate witness is not allowed to see the documents Akoustis produced and is accused of misappropriating?

These are not areas that can be addressed by experts or in-house counsel as Qorvo repeatedly suggests.  Like lawyers, an expert relies on corporate witnesses for the underlying factual development. Neither a technical nor an industry expert has any expertise in whether a particular document was reviewed by, much less used by, the company. These are basic factual issues that the company must be allowed to investigate with its proposed limited management team. *See THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 461, 462 (N.D. Ill. 1991) (denying defendant's motion for a protective order because the inventor and president of plaintiff/patentee was the "most knowledgeable person about the issues in this case" and the proposal would "unduly

Public Verions

'hamstring' the plaintiff's litigious efforts").

Qorvo incorrectly claims that Akoustis never explained why Qorvo's refusal to allow Mr. Shealy, Mr. Aichele, Ms. Winters to access the AEO Materials was "blocking our management team from seeing" the AEO Materials. (Ans. Br. (D.I. 203). at p. 6.) Akoustis has repeatedly explained that it is a small company and does not have other managers with relevant experience to guide its defense in this litigation. The managers with whom Akoustis' counsel works on technical issues and broader strategy issues are primarily Mr. Shealy and Mr. Aichele.  (Sweeney Decl. at ¶11). Akoustis has four managers with relevant knowledge on these highly technical issues, and Qorvo rejected all of them. Qorvo's refusal to approve any of these managers materially prejudices and impairs Akoustis' ability to defend itself.

> **B.      There is No Good Cause to Allow Qorvo to Block All of Akoustis' Senior Managers When the Risk of New Harm is Minimal.**

In contrast to Akoustis' critical need to review the documents it produced with the persons who best understand its business and operations, Qorvo has failed to establish the good cause needed to restrict Akoustis from accessing these same documents under an AEO designation. Applying an AEO designation is "a drastic remedy," and Qorvo must prove that the "disclosure of which is likely to cause *significant harm*." (Protective Order (D.I. 57) at ¶5 (emphasis added)); *see Gillespie v. Charter Commc'ns,* 133 F. Supp. 3d 1195, 1201-02 (E.D. Mo. 2015) (because an AEO designation "prevents a party from reviewing documents with counsel and can hamper the ability of the party to present his or her case" it is considered a "drastic remedy."). Qorvo cannot meet this burden under the circumstances present here.

Qorvo claims that it risks future harm through the "further dissemination of the trade secrets to employees who have not yet reviewed those trade secrets," but nothing in its own 17-page expert declaration opines on this purported future harm nor does Qorvo offer any proof that

Public Verions

additional *significant* harm would arise in the future from the limited access that Akoustis proposes. (Ans. Br. (D.I. 203) at p. 12.); *see, generally,* Decl. of Shanfield (D.I. 205).)  It is further telling that Akoustis is not even identified as a primary competitor of Qorvo in Qorvo's own SEC filings (*see* Qorvo's 2022 Annual Report at p. 7, https://ir.qorvo.com/static-files/13bd98ab-b9a5-488a-8616-541db5e9de66). While Qorvo has repeatedly touted how large and vast its organization is, in an effort to limit discovery, that too has bearing here. With $9.87B market cap, any "significant" future harm to Qorvo would need to have some level of materiality and that too is entirely missing from Qorvo's response.  (Business Insider, Qorvo, Inc. (last visited June 1, 2023), https://markets.businessinsider.com/stocks/qrvo-stock).) Additionally, and in an effort to ensure it can prepare its defense, Akoustis has tailored its AEO Material access request in multiple ways to address Qorvo's objections:

- Akoustis is *not* seeking access to *any* AEO materials Qorvo produced;
- Akoustis is *only* seeking access to AEO materials produced by Akoustis;
- Further to the hearing on May 10, Akoustis agreed to limit such disclosure to a three-manager team (as opposed to a much broader part of the Company); and
- Additionally, to further narrow the dispute, Akoustis offered to provide access to just a single manager – David Aichele.

Correspondingly, Qorvo cannot show significant new harm necessary to justify its designation.

    **(1)    The AEO Materials at Issue are Limited to those AEO Documents that Were Produced by Akoustis.**

Qorvo sued Akoustis and claims that Akoustis: misappropriated, continues to misappropriate, and has benefitted from the AEO Materials. (*See, e.g.,* SAC at ¶83.) These same documents and their purported continued use are what Qorvo alleges as the basis for damages in this case. Therefore, Qorvo cannot establish any *new* "significant harm" from Akoustis seeing the very documents it is already accused of using. Qorvo has not shown any harm, and cannot do so, especially in connection with disclosure to the limited managers proposed by Akoustis. Separately, Courts broadly recognize that when documentation is the subject of the alleged misappropriation,

Public Verions

the risk of new harm through its use in the litigation is minimal. In *Water Tree Ventures, LLC v. Giles*, No. 18-cv-1421, 2019 WL 13162408, at \*4 (N.D. Fla. Apr. 26, 2019), the court stated:

> the potential harm Plaintiff could experience from disclosure of the documents with the less restrictive confidential designation appears to be minimal…. Plaintiff alleges it is entitled to damages due to Defendants' use of the information contained within the AEO Documents…. [t]hus disclosure of that same information to Defendants during discovery does not appear to pose some new or significant risk of harm.

Similarly, in *Core Lab'ys LP v. AmSpec,* No. 16-0526, 2017 WL 3585420, at \*3 (S.D. Ala. Aug. 18, 2017), the court rejected AEO designations where "Plaintiffs essentially accuse Defendants of having taken the information but do not want Defendants to be able to see the information Plaintiffs claim Defendants stole." As in *Water Tree* and *Core Lab'ys*, the documents Qorvo seeks to protect are the same ones that Akoustis produced in the litigation and Qorvo alleges Akoustis used.

The authority Qorvo cited fails to address a key issue–these are Akoustis-produced documents. In the cases cited by Qorvo, the allegations were not for misappropriation of information, and the information at issue *had not been previously produced* by the party seeking to lift the AEO designation, leaving the courts in those cases to evaluate concerns about an "inadvertent disclosure."[3] This distinction is critical. ***Akoustis has never sought, as part of this arrangement, access to any Qorvo-produced documents identified as AEO***.

---

[3] The cases cited by Qorvo are inapposite because the documents there were not the subject of the misappropriation claim and/or were not produced by the party opposing the AEO designation (most cases related to a seeking a discovery protective order). Indeed, several of the cases cited by Qorvo relate to the respective *plaintiffs* seeking in-house experts to review the *defendants'* trade secrets – the documents were not the subject of a misappropriation claim. *See, e.g., R.R. Donnelley & Sons Co. v. Quark, Inc.*, No. CIVA 06-032, 2007 WL 61885 (D. Del. Jan. 4, 2007) (patent infringement claims); *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20 (D. Del. 1988) (patent infringement claims); *Tailored Lighting, Inc. v. Osram Sylvania Prods.*, 236 F.R.D. 146 (W.D.N.Y. 2006) (patent infringement claims); *Liveware Publ'g, Inc. v. Best Software, Inc.*, 252 F. Supp. 2d 74 (D. Del. 2003) (contract and copyright claims); *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 299 F.R.D. 498 (W.D. Va. 2014) (patent infringement claims). Here, there is a misappropriation claim, and Akoustis only seeks to share the Akoustis produced documents Qorvo claims were misappropriated by Akoustis.

**(2)      The Documents at Issue Are, At Least, Several Years Old.**

Qorvo fails to address the significant age of the AEO Materials. Most of the documents are several years old, minimizing any risk of potential harm. (*See* Sweeney Decl. at ¶12.) As documents age, they are less likely to cause competitive injury. *See, e.g., Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 111 F.R.D. 326, 331 (D. Del. 1986); *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-cv-2681-HLT-KGG, 2022 WL 16948592, at *2-3 (D. Kan. Nov. 15, 2022) ("The documents are several years old which weakens […the] arguments that they will cause competitive harm.").[4] Courts have found that the age of a document is sufficient to disqualify an AEO designation. *See Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125, at *7 (W.D. Mich. Feb. 9, 2009) ("Defendant's contention that its historical pricing information is a trade secret or confidential information, however, does not withstand scrutiny."); *see also Defazio v. Hollister, In*c., No. CIV S-04-1358 DFL GGH, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007). The passage of time is significant because BAW filter technology quickly becomes outdated.[5] Nothing in Qorvo's opposition presents anything to the contrary much less how these documents could present new value "in the 'now.'" *Defazio*, 2007 WL 2580633, at *2.

**C.      Akoustis' Compelling Need to View the Documents it Produced During the Litigation Outweighs the Minimal Risk of New Harm to Qorvo.**

**(1)      Akoustis Needs Informed Management Participation in Order to Prepare its Defense.**

---

[4] Qorvo's authorities also confirm that the age of the information impacts the assessment of the potential harm. In *JamSports & Ent., LLC v. Paradama Prods., Inc.*, No. 02 C 2298, 2005 WL 14917, at *3 (N.D. Ill. Jan. 3, 2005), the Court held that certain documents should not be designated "confidential," let alone AEO, when they predated the lawsuit by several years. The Court explained "[i]t is difficult to see…how reduction to ordinary 'confidential' status of older information–at a minimum, information for years predating the filing of the lawsuit in 2002–would cause harm to [Plaintiff.]" *Id.*

[5] "We operate in a competitive industry generally characterized by rapid advances in technology and new product introductions." (Qorvo's 2022 Annual Report at p. 7, https://ir.qorvo.com/static-files/13bd98ab-b9a5-488a-8616-541db5e9de66).

Qorvo ignores the due process implications. As explained above and in the Opening Brief,

it cannot be disputed that the AEO designations significantly impede Akoustis' access to evidence

that relate to a core dispute: whether Akoustis misappropriated Qorvo's documents, used them to

its benefit and to harm Qorvo, and "continues" to use them. Here, the Court must balance Qorvo's

interest in confidentiality against Akoustis' need for this information. Qorvo is seeking to prevent

Akoustis from reasonably addressing the exact issues Qorvo is advancing in this litigation. As a

result, Akoustis cannot test Qorvo's claims. Only Akoustis—not its attorneys, nor its experts—

can determine the accuracy of the factual allegations. As this Court noted, "we probably need to

at least allow consultation with one of the two key people that they've been working with in terms

of the case…." (Ex. B at 48:5-14.)

Various courts have confirmed that preventing a company in Akoustis' position from

reasonably accessing materials it is accused of misappropriating will result in prejudice. (Opening

Br. (D.I. 184) at pp. 17-19.) Not a single case cited in Qorvo's Answering Brief addresses the issue

here: the AEO Materials were produced by Akoustis, and Akoustis is already accused of harming

Qorvo through the alleged use of these very documents and adoption of their contents in Akoustis'

business operations. In contrast, the cases cited in Akoustis' Opening Brief addressed the precise

question at issue here and support Akoustis' position. (*Id.*) When the purported confidential

information is the substance of the alleged misappropriation, the possible harm is outweighed by

the undue prejudice to the defendant in not being able to prepare its case. *See Core Lab'ys LP v.*

*AmSpec, LLC*, No. 16-cv-00526-CG-N, 2017 WL 6945580, at *3 (S.D. Ala. July 12, 2017), *aff'd*

2017 WL 3585420, at *1, *3 (S.D. Ala. Aug. 18, 2017).

Qorvo attempted—albeit unsuccessfully—to distinguish only one of Akoustis' cases. (*See*

Ans. Br. (D.I. 203) at 16, n. 7 (discussing *Water Tree Ventures,* 2019 WL 13162408).) While

Qorvo claims that it is allowing "employees involved in the alleged misappropriation" access to

Public Verions

the documents, Qorvo is only starting a truism from the Protective Order, which permits a sender or identified recipient of an email or other document to see an email that he or she previously authored or received. (D.I. 57, ¶8(b)(5), (c).) Qorvo ignores that the identified individual recipients of the alleged trade secrets are a minor part of Qorvo's alleged misappropriation claim, which allege widespread use and adoption by Akoustis, and not a single individual recipient of an alleged trade secret is even named in the SAC. (SAC (D.I. 125) at ¶61). Nor does the recipient of an alleged trade secret necessarily have responsibility for Akoustis' defense of this action, or sufficient comprehension of Akoustis' business to put the disputed information in context. Qorvo's protestations are particularly meaningless where many of the exhibits have no specific recipient, some employees have left Akoustis,[6] and the overall allegations are about a broader use of the AEO Materials *by Akoustis* for the last nine years. (e.g., whether Akoustis was built on Qorvo's alleged data, whether Akoustis obtained the information elsewhere and whether these documents have any applicability in the context of Akoustis' business operations or BAW filter designs.) Unlike the managers for whom Akoustis seeks access, these individuals are not in the position to address the significance of these documents to Akoustis and its product development much less make litigation recommendations to its Board. Akoustis needs managers with relevant knowledge to understand Qorvo's claims in order to have a fair and reasonable opportunity to defend itself.

     **(2)**     **Qorvo Should Not Be Permitted to Use these Designations as a Sword and a Shield.**

---

[6] Certain key witnesses in Qorvo's allegations, such as former Qorvo and Akoustis employee Rohan Houlden, are no longer with the Akoustis.  Approximately 20 of the 78 (25%) AEO Materials at issue were located only on Mr. Holden's  laptop, meaning Qorvo's position would prevent Akoustis from having any employee review of 25% of AEO Materials. The percentage is nearly 30% once you remove the nine documents that Qorvo no longer claims as AEO as noted in its Answering Brief. (Ans. Br. (D.I. 203), p. 10, n.6.).

Qorvo's Answering Brief shuffles between claiming that (1) Akoustis' management was so involved in the alleged misappropriation that they cannot review the documents and (2) no one in Akoustis' management can see these documents due to the threat of some unspecified future harm. (*Compare* Ans. Br. (D.I. 203) at p. 5 *with id.* at pp. 12-13.) Similarly, Qorvo alleges that Akoustis *built its company* on the AEO Materials (SAC at ¶61) – but seeks to prevent Akoustis' own management team from testing the accuracy of those allegations by excluding the very individuals who built and run the company.

The Protective Order may not be used as a sword and a shield. *See DIRTT Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DPB, 2020 WL 6263039, at *2 (D. Utah Oct. 23, 2020) (holding it would be unfair to allow discovery responses on theft of trade secrets without out allowing defendant to test the assertion). Qorvo cannot be allowed to waive the AEO designation to examine Akoustis personnel in its case-in-chief but deny Akoustis that same access to prepare its defense. It is extraordinarily unfair, for example, for Qorvo to exclude certain Akoustis managers from understanding the claims in discovery but then question them at trial. Even now, Qorvo concurrently seeks 30(b)(6) testimony from Akoustis on its trade secrets claims while denying Akoustis access to the very materials that compromise those allegations. Akoustis' due process rights require that it be given an opportunity to conduct an investigation and respond to these allegations.

**D.      There is a Protective Order in Place to Prevent Any Possible Future Harm.**

Even if the concern of a risk of "further dissemination" is sufficient, it still cannot justify the wholesale exclusion of Akoustis' management. This concern is more properly addressed through the Protective Order and the narrow resolution proposed by Akoustis—one to three managers with access to the AEO Materials and only for purposes of this litigation. (Protective Order (D.I. 57) at ¶8(b).)

### III.    CONCLUSION

For the foregoing reasons, Akoustis respectfully request that the Court grant Akoustis'

Motion and permit Mr. Aichele, Mr. Kamran, and Ms. Winters access to the AEO Materials.

Dated: June 2, 2023

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

Theresa A. Roozen
1200 Seventeenth St. NW
Washington, DC 20036
(202) 663-8025
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

BAYARD, P.A.


*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

11

## CERTIFICATE OF SERVICE

I certify that counsel of record is being served on June 2, 2023, with a copy of this document via email.

/s/ *Stephen B. Brauerman*
Stephen B. Brauerman (#4952)

**Briefs, Responses and Replies**
1:21-cv-01417-JPM Qorvo, Inc. v.
Akoustis Technologies, Inc. et al

PATENT


## U.S. District Court

## District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Brauerman, Stephen on 6/2/2023 at 3:35 PM EDT and filed on 6/2/2023
**Case Name:**          Qorvo, Inc. v. Akoustis Technologies, Inc. et al
**Case Number:**        1:21-cv-01417-JPM
**Filer:**              Akoustis Technologies, Inc.
                        Akoustis, Inc.
**Document Number:** 224

**Docket Text:**
**[SEALED] REPLY BRIEF re [183] MOTION to Compel *Defendants' Motion to Re-Designate the Second Amended Complaint Marked Attorneys' Eyes Only to Confidential* filed by Akoustis Technologies, Inc., Akoustis, Inc.. (Attachments: # (1) Certificate of Service)(Brauerman, Stephen)**


**1:21-cv-01417-JPM Notice has been electronically mailed to:**

David A. Jakopin     david.jakopin@pillsburylaw.com, docket@pillsburylaw.com

David L. Stanton     david.stanton@pillsburylaw.com, irene.hooper@pillsburylaw.com

Dianne L. Sweeney     dianne@pillsburylaw.com, meri@pillsburylaw.com

Jack B. Blumenfeld     Jbbefiling@mnat.com, jblumenfeld@mnat.com

Jeremy A. Tigan     JTigan@morrisnichols.com, jatefiling@mnat.com

Jonathan R. DeFosse     jdefosse@sheppardmullin.com

Robert M. Fuhrer     robert.fuhrer@pillsburylaw.com, piyuli.jain@pillsburylaw.com

Robert M. Masters     rmasters@sheppardmullin.com, mrpatrick@sheppardmullin.com

Ronald P. Golden , III     rgolden@bayardlaw.com, dchase@bayardlaw.com, ntalarowski@bayardlaw.com

Ryan Selness     ryan.selness@pillsburylaw.com, meri@pillsburylaw.com

Shani Rivaux     shani.rivaux@pillsburylaw.com, soraya.garcia@pillsburylaw.com

Stephen B. Brauerman     sbrauerman@bayardlaw.com, dchase@bayardlaw.com, ntalarowski@bayardlaw.com, tdevine@bayardlaw.com

Theresa A. Roozen     theresa.roozen@pillsburylaw.com

Timothy P. Cremen     tcremen@sheppardmullin.com

**1:21-cv-01417-JPM Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/2/2023] [FileNumber=5235660-0]
[1b07c907ab8a31005e1aa335cbcf9c179fc1d8cbc3e0e31967c515cc397bb9f836d0
311a5fdba79c28bbd453b2d620d2cda5e2456fe9466d2a2096a735fa5d5c]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/2/2023] [FileNumber=5235660-1]
[e2d6379d9511903773eed46dc345a1c51b8e18e46fc422ce5d52431a208cc0eb394b
4fdf00979bb7d16d0e0121f8c0ff460cb875e590ca7e4d0bee94a52ed9ab]]