## ATTACHMENT A

### Definitions

1. "You" and "Your" mean Leah Giovan.

2. "Qorvo" means Qorvo, Inc. as well as its present or former subsidiaries, divisions, predecessor and predecessors-in-interest, affiliates, parents, any partnership, license agreement or joint venture to which it may be a party, and each of its past and present employees, agents, officers, directors, representatives, consultants, accountants and attorneys.

3. "Akoustis" means Akoustis Technologies, Inc. and Akoustis, Inc., collectively, as well as each of its agents, partners, associates, employees, representatives, or other persons acting or purporting to act on Akoustis Technologies, Inc. or Akoustis, Inc.'s behalf, as well as all of its present and former subsidiaries, divisions, or affiliates.

4. "Action" refers to the litigation initiated by Qorvo, Inc., styled *Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis Inc.*, No. 1:21-cv-01417 (D. Del.).

5. "BAW filters" refers to Bulk Acoustic Wave filters.

6. The term "Qorvo BAW Proprietary Information" refers to that term as defined in paragraph 22 of Qorvo's Second Amended Complaint (i.e., "Examples of Qorvo's confidential and proprietary information include, but are not limited to, technical expertise and know-how, such as BAW filter designs, specifications, development methods and techniques, material specifications, design tolerances, packaging, quality assurance and testing, manufacturing specifications, methods, and techniques; and business information, such as future product development and refinement plans, pricing information, cost information, marketing and sales strategies, internal organization structures, employee information, and capabilities, as well as

1

supplier lists, customer lists, contracts, demands, desires, and requirements related to the BAW filters (together referred to herein as the 'Qorvo BAW Proprietary Information').").

7. The term "Akoustis BAW Confidential Information" refers to Akoustis' inventions, products, processes, methods, techniques, formulas, technology, BAW filter and materials technology, acoustic resonators technology, acoustic wave filters technology, designs, drawings, engineering, hardware configuration information, compositions, compounds, projects, developments, plans, research data, clinical data, financial data, personnel data, computer programs, software, customer and supplier lists, and contacts at or knowledge of customers or prospective customers of Akoustis.

8. The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

9. "Third Party" means any person that is not Qorvo or Akoustis.

10. "Relate" or "relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

11. The term "Document" or "Documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication,

information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

12. The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

13. "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

3

14. The terms "and," "or" and "and/or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the request.

15. The terms "all," "any," or "each" encompass any and all of the matter discussed.

16. The term "including" means including, but not limited to.

17. The use of singular form includes plural and vice versa.

18. The use of present tense includes past tense and vice versa.

**Instructions**

A. Answers to these requests shall be preceded by the request to which it responds, answered separately, be made in writing and served upon the undersigned attorneys at Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036.

B. Each request is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

C. No part of a request shall be left unanswered merely because an objection has been interposed to another part of that request.

D. Full and complete responses to the following requests shall be provided, after a diligent and thorough investigation into all information within Your possession, custody, or control has been conducted. If a full and complete response to any request cannot be provided for any reason, respond to the request to the extent possible, specifying the portion of the request that cannot be answered, and provide whatever information can be provided regarding the unanswered portion.

E.      Documents produced in response to these requests are to be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request for production.

F.      Each document requested herein should be produced in its entirety without deletion or excision (except as qualified by the instruction regarding privilege, below) regardless of whether You consider the entire document to be relevant or responsive to these requests. If any document cannot be produced in full, then you should produce it to the extent possible, specifying the reasons for its inability to produce the remainder and stating what information, knowledge, or belief You have concerning the portion that it cannot produce. If you are aware of any document that is being withheld due to a protective order or a third-party confidentiality agreement (or believes that any document is being withheld on such basis), You should further state the affirmative steps you are taking to produce those documents.

G.      If you are aware that any document within the scope of these requests once existed but has been destroyed, You should make a statement to that effect, identify the document, and state the circumstances under which it was destroyed.

H.      If you are aware that a document within the scope of these requests once existed but has been lost or cannot be currently located, you should make a statement to that effect, identify the document, state who was last in possession of the document, the circumstances under which it was lost, and steps that have been taken to locate the document.

I.      If you object to any request or any portion of a request on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged communication, include an identification of:

    i. the nature of the privilege or protection claimed;

    ii. the person who made the communication, whether oral or in writing;

    iii. if the communication was oral, all persons present while the communication was made;

    iv. if the communication was written, the author, addressees, and any other recipients;

    v. the date and place of the communication; and

    vi. the general subject matter of the communication.

  J. These requests are continuing in nature. If you receive or otherwise become aware of information responsive to any request after you have served your responses to these requests, you must promptly supplement your responses to these requests to provide such information, as required by Federal Rule of Civil Procedure 26(e).

**Documents Requested**

  1. All agreements between You and Qorvo, including but not limited to confidentiality agreements, employment agreements, and agreements Related to the Action.

  2. All Documents that contain Qorvo BAW Proprietary Information.

  3. All Documents that contain Qorvo's confidential information.

  4. All Documents that contain Akoustis BAW Confidential Information.

  5. All Documents that contain Akoustis' confidential information.

  6. All Documents Related to Akoustis.

**Deposition Topics**

  1. Any Documents produced in response to the Document Requests.

  2. Your employment with Qorvo, including your hire, employment, and separation.

3. Your background in sourcing, including your duties and responsibilities at Qorvo.

4. Qorvo's competitors in the BAW filter space, including Qualcomm, Broadcom, Skyworks, Avago, Murata, and Akoustis.

5. Qorvo's BAW filters and BAW filter products, including any delays in the development of Qorvo's 5 GHz BAW filters and BAW filter products.

6. Any information obtained by Qorvo Related to Akoustis' BAW filters, including any consideration, analysis, and/or use by Qorvo of such information.

7. Qorvo's internal or external Communications Related to Akoustis, Akoustis' BAW filters, and/or Akoustis' technologies, including with actual or potential customers of Qorvo and/or Akoustis.

8. Qorvo's consideration and/or analysis of whether to purchase and/or use BAW filters manufactured by a Third Party, including Akoustis.

9. Qorvo's view of Akoustis, including Communications Related to acquiring Akoustis.

10. All Documents and Communications produced in this Action by any party or Third Party that refer or Relate to You.

11. Your Communications with Qorvo Related to the Action.

12. Your Communications with any Third Party Related to the Action.