Public Version

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417-JPM |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF DIANNE L. SWEENEY IN SUPPORT OF
DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S
MOTION FOR LEAVE TO AMEND ITS ANSWER TO ADD COUNTERCLAIM**

I, Dianne L. Sweeney, declare:

1. I am a Partner at the law firm of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and serve as counsel of record for the Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") in the above-captioned matter. I have personal knowledge of the facts stated herein, except those stated on information and belief, and if called upon, could and would testify competently to them. I submit this declaration in support of Akoustis' Motion for Leave to Amend its Answer to Add a Counterclaim.

2. The Court held a hearing on April 3, 2023. During the hearing, the Court heard argument from the parties regarding the case schedule, including the scope and timing of remaining discovery. In advance of that hearing, the parties submitted a joint letter in which Akoustis requested an extension of the then-scheduled close of fact discovery by approximately 9.5 months in light of the numerous new facts and claims added to the case by Qorvo's recently filed Second Amended Complaint, whereas Qorvo rejected that request and agreed to an extension of that deadline by only two months. (D.I. 173.) At the hearing, counsel for Qorvo represented that Qorvo's production "will be substantially complete by the end of April." (Ex. A (April 3, 2023 Hr'g Tr.) at 11:2-3.) Counsel for Qorvo subsequently repeated that representation twice. (*Id.* at 16:25-17:1 ("…like I said, by the end of April we will be done."), 28:18-19 ("As I said, by the end of April, we will have a substantial completion.").) At the time of the hearing, Qorvo had produced a total of 3,124 documents. Qorvo's counsel represented that Qorvo's remaining production would be minimal: "I anticipate about a thousand to be produced, trying to get out this week." (*Id.* at 17:6-8); "[b]ut the idea that Qorvo as the plaintiff is going to be produced [sic], fifty, sixty, 70,000 documents is just not accurate. That is not the case here." (*Id.* at 19:25-20:2). A true and accurate

copy of excerpts of the April 3, 2023 hearing transcript, with highlights added to referenced quotes, is attached hereto as **Exhibit A**.

3. Based on Pillsbury's litigation records for this matter, the summary tables below were prepared and provide a true and accurate record of the date of each production by Qorvo and the corresponding number of documents, pages and the Bates ranges for each production both before and after the hearing with the Court on April 3, 2023. While Qorvo represented that it would substantially complete its production of documents responsive to then-pending requests for production by the end of April and that it would produce approximately 1,000 additional documents, the tables below demonstrate that Qorvo did not substantially complete that production until June 2023 and produced more than 70,000 additional documents (totaling approximately 800,000 pages) after the April 3, 2023 hearing. Accordingly, more than 95% of the documents produced by Qorvo in this case were produced after the April 3 hearing (total documents produced after the hearing (70,327) divided by total documents produced by Qorvo (73,451) equals 95.8%). As to the 840,823 pages produced by Qorvo, 92.8% of the total pages of documents produced by Qorvo in this case were produced after the April 3 hearing.

| QORVO'S PRODUCTIONS BEFORE THE HEARING ON APRIL 3, 2023 | | | |
|---|---|---|---|
| Production Date | Document Count | Page Count | Bates Range |
| 3/24/2022 | 21 | 671 | QORVO_00000001 - QORVO_00000671 |
| 4/1/2022 | 1094 | 23861 | QORVO_00000672 - QORVO_00024532 |
| 5/23/2022 | 24 | 121 | QORVO_00024533 - QORVO_00024653 |
| 6/22/2022 | 1 | 294 | QORVO_00024654 - QORVO_00024947 |
| 7/26/2022 | 119 | 1304 | QORVO_00024948 - QORVO_00026251 |
| 9/8/2022 | 7 | 144 | QORVO_00026252 - QORVO_00026395 |
| 9/22/2022 | 244 | 3603 | QORVO_00026396 - QORVO_00029998 |
| 9/1/2022 | 217 | 4715 | QORVO_00029999 - QORVO_00034713 |
| 1/14/2023 | 117 | 4968 | QORVO_00034714 - QORVO_00039681 |
| 1/24/2023 | 1088 | 18946 | QORVO_00039682 - QORVO_00058627 |
| 2/1/2023 | 60 | 790 | QORVO_00058628 - QORVO_00059417 |
| 2/3/2023 | 1 | 1 | QORVO_00059418 |

Public Version

| QORVO'S PRODUCTIONS BEFORE THE HEARING ON APRIL 3, 2023 | | | |
|---|---|---|---|
| 2/21/2023 | 131 | 847 | QORVO_00059419 - QORVO_00060265 |
| **TOTALS:** | **3,124** | **60,265** | |

| QORVO'S PRODUCTION AFTER THE HEARING ON APRIL 3, 2023 | | | |
|---|---|---|---|
| Production Date | Document Count | Page Count | Bates Range |
| 4/7/2023 | 803 | 11549 | QORVO_00060266 - QORVO_00071814 |
| 4/7/2023 | 60 | 1755 | QORVO_00071815 - QORVO_00073569 |
| 4/14/2023 | 3891 | 49721 | QORVO_00073570 - QORVO_00123290 |
| 4/25/2023 | 5785 | 181918 | QORVO_00123291 - QORVO_00305208 |
| 4/29/2023 | 82 | 478 | QORVO_00305209 - QORVO_00305686 |
| 5/3/2023 | 17107 | 297439 | QORVO_00305687 - QORVO_00603125 |
| 5/3/2023 | 4816 | 18053 | QORVO_00603126 - QORVO_00621178 |
| 6/9/2023 | 37,783 | 219651 | QORVO_00621179 - QORVO_00840829 |
| **TOTALS:** | **70,327** | **780,564** | |

4.      Counsel for Akoustis diligently reviewed these late-produced documents. Based on my review of Pillsbury's time records for this matter, between April 7, 2023 through July 14, 2023, more than half a dozen lawyers for Akoustis expended more than 1,800 hours in connection with the review and analysis of the documents produced by Qorvo. This required counsel for Akoustis to expand the number of attorneys working on the matter to ensure timely review of Qorvo's productions, which remains in progress. In conjunction with and following that review and analysis, counsel for Akoustis (including myself) also conducted further diligence and investigation into various documents produced by Qorvo that contain information pertaining to Akoustis.

5.      It was during this review of documents produced by Qorvo between April 7 and June 9, 2023 that led counsel for Akoustis to identify the vast majority of the evidence that supports

the proposed Counterclaim.  Counsel for Akoustis then immediately prepared the proposed Counterclaim against Qorvo for unfair competition under North Carolina law.  A true and correct copy of the proposed Counterclaim is attached hereto as **Exhibit B**.

6.  After preparing the proposed Counterclaim, my colleague David Jakopin shared a draft of it with counsel for Qorvo, on July 18, 2023 and asked if Qorvo would stipulate to filing of Akoustis' proposed Counterclaim.  Qorvo made the same request (to stipulate to the filing of Qorvo's proposed Second Amended Complaint) to Akoustis just a few months earlier, when Qorvo heavily amended its claims to add extensive new facts and claims based on discovery that Qorvo said it had received from Akoustis between September 2022 and January 2023.  Akoustis stipulated to that request, and Qorvo thereafter filed its Second Amended Complaint (D.I. 125) on the basis of that stipulation.  Nevertheless, on July 20, 2023, counsel for Qorvo responded that Qorvo would oppose Akoustis' Motion for Leave to file the Counterclaim.  Attached as **Exhibit C** is a true and correct copy of that email exchange.

7.  On July 21, 2023, I participated in a meet and confer with counsel for Qorvo and they reiterated that Qorvo opposed the Motion.  When asked, Qorvo's counsel stated that timing and futility were its bases for opposing the Motion.  As to timing, I noted that Akoustis had only recently received the documents that formed the basis for its proposed Counterclaim.  But Qorvo's counsel asserted that it would oppose the Motion on the basis of "case timing" because the Court made it clear that it had set the trial date and would not move it, and that fact discovery would end in October.  As to futility, Qorvo's counsel asserted without explanation that Akoustis' proposed Counterclaim fails to state a claim.

8.  The documents that form the basis of Akoustis' proposed Counterclaim, which are identified in the proposed Counterclaim, were almost exclusively produced after the April 3, 2023

hearing. Based on Pillsbury's litigation records in this matter, the table below provides a true and correct summary of the timing of Qorvo's production of each Qorvo document that is referenced in the Counterclaim with respect to the April 3, 2023 hearing, in the order in which they first appear in the proposed Counterclaim:

| Qorvo's Documents Identified in Counterclaim | Produced *After* April 3, 2023[1] |
|---|---|
| QORVO_00598852 – QORVO_00598853 | √ |
| QORVO_00137868 | √ |
| QORVO_00121598 | √ |
| QORVO_00066572 – QORVO_00066574 | √ |
| QORVO_00135187 | √ |
| QORVO_00172624 | √ |
| QORVO_00126815 – QORVO_00126816 | √ |
| QORVO_00065438 – QORVO_00065439 | √ |
| QORVO_00066585 – QORVO_00066586 | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| QORVO_00065724 – QORVO_00065732 | √ |
| QORVO_00061519 – QORVO_00061520 | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| QORVO_00061700 – QORVO_00061701 | √ |
| QORVO_00135651 | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| QORVO_00032598 – QORVO_00032600 | |
| QORVO_00109228 – QORVO_00109229 | √ |
| QORVO_00076871 | √ |
| QORVO_00064000 – QORVO_00064003 | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| ▇▇▇▇▇▇▇▇▇▇ | √ |
| QORVO_00028313 – QORVO_00028316 | |
| QORVO_00133852 – QORVO_00133854 | √ |

---

[1] As further seen in the Counterclaim (Exhibit B) itself, the two documents that Qorvo produced before the April 3, 2023 hearing provide relevant context for the material allegations of the Counterclaim that were produced by Qorvo after the hearing.

Public Version

| Qorvo's Documents Identified in Counterclaim | Produced *After* April 3, 2023[1] |
|---|---|
| QORVO_00652846 – QORVO_00652847 | √ |
| QORVO_00122459 – QORVO_00122464 | √ |
| QORVO_00060992 | √ |
| QORVO_00105416 – QORVO_00105417 | √ |
| QORVO_00063831 – QORVO_00063833 | √ |

9. As to the status of discovery, neither party has taken any depositions of any current party employees, including depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of July, 2023.

/s/ Dianne L. Sweeney
Dianne L. Sweeney