Exhibit A

1

```
1           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE
2
   _____
3                               |
   QORVO, INC.,                 |
4                               |
          Plaintiff,            |
5                               |
   vs.                          |  NO. 21-CV-01417
6                               |
   AKOUSTIS TECHNOLOGIES,       |
7  INC., AND AKOUSTIS, INC.,    |
                                |
8         Defendants.           |
                                
9  _____

10

11

12        TRANSCRIPT OF THE SCHEDULING CONFERENCE

13                      BEFORE THE

14             HONORABLE JON P. MCCALLA

15

16

17                        MONDAY

18                   APRIL 3, 2023

19

20

21

22
                 TINA DuBOSE GIBSON, RPR
23                  OFFICIAL REPORTER
              FOURTH FLOOR FEDERAL BUILDING
24             MEMPHIS, TENNESSEE 38103

25
```

**UNREDACTED TRANSCRIPT**

```
 1           A P P E A R A N C E S
 2
        Appearing on behalf of the Plaintiff:
 3
             ROBERT M. MASTERS
 4           ROY JUNG
             Sheppard, Mullin, Richter & Hampton, LLP
 5           2099 Pennsylvania Avenue, NW, Suite 100
             Washington, DC  20006-6801
 6           (202) 747-1900

 7           JONATHAN DEFOSSE
             Sheppard, Mullin, Richter & Hampton, LLP
 8           1540 El Camino Real
             Menlo Park, California  94025
 9           (650) 815-2600

10           JEREMY A. TIGAN
             JACK BLUMENFELD
11           Morris, Nichols, Arsht & Tunnell LLP
             1201 North Market Street, 16th Floor
12           Wilmington, Delaware 19899-1347
             (302) 351-9106
13

14
        Appearing on behalf of the Defendants:
15
             DAVID A. JAKOPIN
16           DIANNE L. SWEENEY
             ROBERT M. FUHRER
17           THERESA A. ROOZEN
             DAVID L. STANTON
18           Pillsbury, Winthrop, Shaw, Pittman, LLP
             2550 Hanover Street
19           Palo Alto, California 94304-1115
             (650) 233-4500
20
             STEPHEN B. BRAUERMAN
21           Bayard, PA
             600 North King Street, Suite 400
22           Wilmington, Delaware 19801
             (302) 655-5000
23

24

25
```

**UNREDACTED TRANSCRIPT**

1 allowed? Those are things the party, frankly, hadn't come to
2 a conclusion on in the initial case management conference
3 because all parties agreed we should talk about things after
4 the claims construction.
5 But Qorvo has sent us a 30(b)(6) notice with over
6 50 topics. They've sent a host of other deposition notices.
7 We still don't have their documents. So there's going to be
8 a lot of work to both get the documents, then give us an
9 opportunity to actually read those documents, to understand
10 them, to consult with our experts, and do the work that needs
11 to be done for each of these at least 86 different events.
12 So I will pause there.
13 THE COURT: Sure. Sure. I understand.
14 Mr. Masters, we need to hear from you on these matters.
15 MR. MASTERS: Thank you, Your Honor. First and
16 foremost, Qorvo believes that the trial date of April of 2024
17 should be maintained by the Court. There is sufficient
18 leeway between now and then, and I think the Court even
19 anticipated maybe having to adjust some of those dates, but
20 we can still meet the April 24 -- April 2024 date.
21 But by and large, this case kind of reared its
22 head when we filed our original complaint. When we filed
23 that original complaint in October of 2021, Akoustis filed a
24 motion to dismiss. We amended the complaint at the
25 suggestion of the Court. They moved again to dismiss. And

```
 1   those motions to dismiss were based largely on us not
 2   identifying the trade secret or the confidential information
 3   that had been misused by these employees.
 4              Now, the employees are, one, Akoustis has known
 5   from October of 2021 because they were identified in their
 6   complaint, they were identified as ex-Qorvo employees, and
 7   they know exactly who those employees are and were at that
 8   time.
 9              It is clear -- it would be very surprising that
10   Akoustis did not, at that time, talk to each of those
11   Qorvo -- ex-Qorvo employees and talked to them about what
12   confidential information they may or may not have taken.
13              So since October 2021, I'll give them a couple of
14   months to have done their interviews of those employees.
15   They've known about this information.  Discovery proceeded
16   and has been going on.  Document discovery of, largely,
17   claims of unfair competition, the misuse of confidential
18   information, and the patent claims since 12-plus months.
19              It is in December of 2022 and January where
20   Akoustis doubled the production in terms of what they gave
21   us, and that is when they finally disclosed all of the Qorvo
22   trade secret information that they have in their files in the
23   e-mails that implicated their use and misuse of Qorvo's trade
24   secret information.
25              So on the one hand, it is Qorvo, us, who are
```

1  starting to process this information.  But also the document
2  discovery is nearly complete and will be substantially
3  complete by the end of April.
4          And then we want to move to depositions.  We've
5  served our deposition notices.  We're ready to go now.  And
6  we believe those depositions could be done by July of what we
7  propose, 2023, July 10.  And that's where we are right now.
8  I mean, the document discovery is beyond us.
9          Now, you know, there's talk about the size of
10 this second amended complaint being 1,400 pages or so.  Look,
11 we could have done a notice pleading and said there's a
12 misuse of trade secrets.  Then they would have served an
13 interrogatory, we would have identified these trade secrets.
14 But we put them in the second amended complaint as a way to
15 kind of move the case forward, and so they knew from the
16 beginning what documents we're talking about.  And, again,
17 they know.  They've known about these documents.
18         So we think the request for a two-month extension
19 is sufficient for us to get the depositions done.  There are
20 a number of issues; but, again, they're evolving within the
21 general framework of the original complaint, which was patent
22 claims on the one hand, nonpatent claims, essentially the
23 unfair competition claims.
24         We now have the evidence to support the unfair
25 competition claim.  We have the evidence now for the trade

```
 1   those is always a bit of a trick to that.
 2            But let me just add one other point, and I
 3   mentioned it as one of the foundational problems that we have
 4   at this point in the letter.  The second amended complaint
 5   has been designated as AEO.  So at this point, our team has
 6   not been able to sit down and have a conversation with
 7   management or the board about these allegations.
 8            We've met and conferred with Qorvo on this.
 9   We've resolved the issue of what the public version should
10   be.  We've not resolved how we get this, you know, basic
11   charging document, which we dispute has trade secrets in it.
12            But, in any case, you know, how we get this in
13   front of our client so we can inform them of these
14   allegations, so we can prepare for discovery, they have
15   30(b)(6) topics that we can't even talk with the witness
16   about.  So we plan to file a motion on that point next week,
17   but we see a lot of discovery work to be done long before
18   we're at depositions.  Unfortunately, I think we're going to
19   need the Court's guidance on some of those things.
20            THE COURT:  Let me ask Mr. Masters.  I need to
21   understand.  You obviously have a lot more -- many more
22   documents to produce, right?
23            MR. MASTERS:  We have documents to produce, yes,
24   Your Honor.  I mean, we are responding to -- we're producing
25   documents this week; and, like I said, by the end of April we
```

1  will be done.  This is responding to Akoustis', I think, last
2  few sets of requests for productions.  So, yes, we do have
3  those documents to produce.
4          THE COURT:  What -- how many are we talking
5  about?
6          MR. MASTERS:  Well, I anticipate about a thousand
7  to be produced, trying to get out this week.  But beyond
8  that, I'm not -- I mean, there will be more documents.  Your
9  Honor, I really can't put a number on it right now.  Again,
10 Akoustis is in possession of a large number of our trade
11 secret information.  They have those documents.  And, yes, we
12 get them from our files, we're going to produce back the same
13 document that we find in our files, if we haven't done that
14 already, but I can't give you a top number on it.  I mean,
15 there will be more.
16         MS. SWEENEY:  I can speak to that issue a little
17 bit.  So we were -- we thought, as of last week, we would be
18 filing a motion to compel on our first and second set of
19 RFPs.  Production has not even happened as to those RFPs,
20 which were issued last spring.  We had, I think, a productive
21 discussion.  As part of that discussion, the hope was that
22 Qorvo would have those documents produced by May.
23         But this isn't an issue of Akoustis finds a
24 document, and then Qorvo produces the same document back.
25 That's not the right analysis.  Once a document is produced

1  that and that, you know, a set of terms would be coming, but
2  we don't have those yet.  This is truly at a nascent stage
3  for the second amended complaint.
4          MR. MASTERS:  Your Honor, may I respond?
5          THE COURT:  Sure.
6          MR. MASTERS:  Qorvo has produced documents to
7  those first and second sets, and we used search terms that we
8  gave to Akoustis about a year ago.  And then it was only four
9  months later, Akoustis came back to us and said, we don't
10 like those search terms, you got to change them.  And they
11 have been writing letters to us, and we've been responding
12 since October.  And yes, last week, on a Wednesday afternoon,
13 we had a meet and confer, and we talked through some of these
14 issues.
15         So I find it difficult to believe that they have
16 a real concern with our production -- and I'm not talking
17 about the most recent request, the first and second -- when
18 this issue has been lingering apparently since October, and
19 they've never moved to compel.  So when we had the meet and
20 confer, we've offered to do some more searching for them to
21 try to compromise and get this case moving, and we will
22 produce some more documents that are responsive to that first
23 and second set, but also the primary is the third and fourth
24 set that deal with the more recent trade secret claims.
25         But the idea that Qorvo as the plaintiff is going

**UNREDACTED TRANSCRIPT**

```
 1   to be produced, fifty, sixty, 70,000 documents is just not
 2   accurate.  That is not the case here.
 3              THE COURT:  Well, let's go through something
 4   that we have -- I don't know that we have talked about, maybe
 5   we did some time ago, which is -- well, the patent rules work
 6   in a certain way.  The nonpatent issues in the case should
 7   really be subject to a 26(a)(1) disclosure process, and you
 8   may have been thinking that way; and that's good, if you
 9   have.  If you haven't been thinking that way, then we do need
10   to talk about that.
11              So have you been thinking about that,
12   Mr. Masters?  I'm going to actually have to impose a clear
13   26(a)(1) disclosure requirement as to all of the
14   nonpatent-related materials.  That's pretty obvious.  Have we
15   got a deadline on that? because the 26(a)(1) -- I can't quite
16   tell where we're going on that.
17              That will mean that if you do not produce
18   materials, you will not be allowed to use them at trial if
19   it's a non-26 -- if it's a nonpatent issue.  Now, let's go
20   back and let you bring me up to date because I need to know
21   what you've done, and you may have addressed that.
22              MR. MASTERS:  Well, we have served supplemental
23   disclosures about two to three weeks ago, Your Honor.
24              THE COURT:  Sure.
25              MR. MASTERS:  And, again, we're still processing
```

```
 1   where the relevant material may reside, but I need a plan
 2   that is going to get a lot -- is going to get everything,
 3   basically, that Qorvo might use at trial to support any of
 4   its claims.  That needs to be produced.  I take it that
 5   hasn't happened yet, right?
 6              MR. MASTERS:  Well, in large part, it has been
 7   produced, Your Honor.  The last set of requests for
 8   production from Akoustis came after we filed the second
 9   amended complaint, and we're responding to those now.
10              THE COURT:  I'm not really interested in what
11   they have produced.
12              MR. MASTERS:  I guess what I'm saying is --
13              THE COURT:  I'm interested in what you have
14   produced, and I'm interested in have you produced it with an
15   eye toward if I don't produce this, I will never be able,
16   under any circumstance, essentially, not quite any, to use
17   this at trial.  Has that happened?
18              MR. MASTERS:  As I said, by the end of April, we
19   will have a substantial completion.  Everything that --
20              THE COURT:  I think the answer is no -- excuse
21   me.  I think you're saying, no, you have not done that.
22   Please say either yes or no.  I just need to know.
23              MR. MASTERS:  We have not, Your Honor.
24              THE COURT:  Okay.  No, that's okay.  That's okay.
25   Because you didn't understand that was your requirement.  So
```

1  C E R T I F I C A T E

2

3

4        I, TINA DuBOSE GIBSON, do hereby certify that the

5  foregoing 41 pages are, to the best of my knowledge, skill

6  and abilities, a true and accurate transcript from my

7  stenotype notes of the scheduling conference hearing held on

8  the 3rd day of April, 2023, in the matter of:

9

10 QORVO, INC.

11 vs.

12 AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.

13

14

15 Dated this 6th day of April, 2023.

16

17

18

19              S/Tina DuBose Gibson
                _____
20              TINA DuBOSE GIBSON, RPR
                Official Court Reporter
21              United States District Court
                Western District of Tennessee
22

23

24

25

**UNREDACTED TRANSCRIPT**