## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

302 658 9200
302 658 3989 Fax

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

August 11, 2023

The Honorable Jon P. McCalla                                    *VIA ELECTRONIC FILING*
United States District Court
  for the Western District of Tennessee
Odell Horton Federal Building
167 North Main Street
Chambers Room 942, Courtroom 7
Memphis, TN  38103

Re:   *Qorvo, Inc. v. Akoustis Technologies, Inc., et al.*, C.A. No. 21-1417 (JPM)

Dear Judge McCalla:

Plaintiff Qorvo, Inc. ("Qorvo") writes to respectfully request the Court's assistance in addressing a dispute over the forensic inspection of the computer systems of Defendant Akoustis Technologies, Inc. ("Akoustis"). Qorvo respectfully requests that this issue be addressed during the discovery conference already scheduled for August 18, 2023 at 9:30 AM CT/10:30 AM ET.

In short, Qorvo requests that the Court require Akoustis to allow a forensic inspection of its computer systems pursuant to the protocol attached hereto as Exhibit A.

On May 5, 2023, Qorvo served its request to perform a forensic inspection of Akoustis's computer systems in connection with Qorvo's claims for misappropriation of trade secrets. Leading up to the request, discovery revealed that Akoustis is in possession of a very substantial volume of Qorvo confidential documents. Qorvo thus engaged an expert—Kevin Faulkner of Palo Alto Networks—to perform a forensic analysis to determine the nature and extent of Akoustis's use of Qorvo's confidential information. For example, Mr. Faulkner expects to examine when and where Qorvo files were saved to Akoustis's systems, who saved and accessed such files, how frequently the files were accessed, whether the files were used in connection with other Akoustis files, and whether employees at Akoustis deleted or attempted to delete Qorvo's confidential files after the filing of this lawsuit in an effort to conceal their misconduct.  As such, the inspection would involve both (i) a review of "document-like" files found on the forensic images (e.g., Word documents, PowerPoint document, Excel spreadsheets); and (ii) performing analytics and tests directed to determining the use of Qorvo's confidential files.

The Honorable Jon P. McCalla
August 11, 2023
Page 2

      During the Scheduling Conference on May 10, 2023, Akoustis agreed that a forensic inspection is not unusual in this type of case. *See* D.I. 199 at 6-7. But, since that time, Akoustis has raised a constantly-evolving series of objections with apparent the goal of obstructing the forensic inspection. This tactic is evident in Akoustis's most recent letter, dated August 9, 2023 (attached as Exhibit B), where Akoustis announced its latest series of objections:

- Despite previously agreeing that a forensic inspection is typical in this type of trade secret case, Akoustis pivoted 180-degrees to argue that an inspection "is <u>only</u> allowed when the demanding party can show actual evidence that the responding party failed to comply with its discovery obligations" and "Qorvo cannot meet this standard at all." Ex. B at 1-2. Akoustis's newfound position is meritless. Courts routinely order forensic inspections in trade secret cases where there is evidence that a defendant has possession of the plaintiff's confidential files. *See, e.g., IsoNova Techs. LLC v. OvaInnovatons, LLC*, No. 20-cv-0071, 2021 WL 7185227, at *2 (N.D. Iowa Jul. 28, 2021) ("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive."); *Safelite Group, Inc. v. Lockridge*, No. 21-cv-4558, 2023 WL 4747987, at *3 (S.D. Ohio July 25, 2023) ("In similar cases involving misappropriation claims, courts have permitted forensic imaging of electronic devices which may contain electronic data related to the alleged violation.").

- Akoustis argued that "procedures need to be put in place to safeguard against undue intrusiveness and protect confidentiality, privacy, and privilege issues." Ex. B at 3. But Qorvo already proposed two alternate procedures adopted by courts to address this exact concern—allowing Akoustis to review and segregate privileged materials either before Mr. Faulkner's review or before materials that Mr. Faulkner identifies are produced to Qorvo's counsel. *See, e.g., IsoNova Techs.*, 2021 WL 7185227, at *5 (review by defendant after expert but before production to plaintiff); *Extended Stay Am., Inc. v. Woodspring Hotels, LLC*, No. 16-cv-2744, 2017 WL 116871, at *2 (D. Kan. Jan. 12, 2017) (same).

- Akoustis argues that it should be entitled to conduct a "responsiveness review" and exclude information from the forensic images before the expert is permitted to perform his inspection. Ex. B at 4. There is no legal basis for this position, which appears to confuse a forensic inspection with identifying documents in response to a document request.

- Akoustis argues that Qorvo's request has an "unbridled scope" because it identifies a number of custodians, personal computers, and certain servers. Ex. B at 4. But every repository Qorvo identified has a specific nexus to evidence of misappropriation.

- Akoustis argues that Qorvo's expert must identify the specific "forensic inspection techniques" that he will perform so that Akoustis can approve those techniques in advance. Ex. B at 4. Again, there is no legal basis for that demand, which seeks to improperly limit the flexibility and judgment of the forensic expert to follow the threads of Akoustis's misappropriation.

The Honorable Jon P. McCalla
August 11, 2023
Page 3

- Akoustis also "reserves the right" to argue that the forensic inspection must be performed by a "third-party neutral." But that approach is not appropriate where, as here, a party has engaged a forensic expert who will testify at trial. *See IsoNova Techs.*, 2021 WL 7185227, at *3 ("The court agrees with IsoNova that it would be fundamentally unfair to hamstring its expert by requiring him to go through a third-party neutral for any tests he wished to perform, while Defendants' expert has free rein and full access to the images.").

Although Qorvo hoped to resolve this dispute without the Court's intervention, there is no more time to waste addressing Akoustis's continuously-changing objections in light of the impending close of fact discovery on October 16, 2023. Qorvo thus respectfully requests that the Court compel Akoustis to comply with the inspection protocol attached as Exhibit A.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT/lev
cc:   All Counsel of Record (via electronic mail)