# EXHIBIT A

## Forensic Inspection Protocol

1. Qorvo shall identify Akoustis custodians which Qorvo believes have information relevant to the use of Qorvo's confidential information.

2. Akoustis shall provide Qorvo's computer forensic expert with a list of any and all personal and business computers, network file servers and/or associated electronic or network file storage devices, smartphones, flash drives, and other electronic media (collectively, "Electronic Storage Systems") in Akoustis' possession custody or control that were used by, owned by, leased by, accessed by, and/or operated by the custodians identified by Qorvo.

3. Qorvo shall identify which Electronic Storage Systems it requests for forensic imaging and inspection. Akoustis' expert shall forensically image the identified Electronic Storage Systems using industry standard tools and techniques. The imaging shall commence on or before August 25, 2023 and complete by September 1, 2023. Prior to imaging, Akoustis shall describe its intended imaging process to Qorvo. If a dispute arises concerning the imaging process, then the counsel shall promptly confer in an effort to resolve the dispute.

4. Qorvo's expert and Akoustis shall retain the images in a secure environment and shall not release the images to any party unless permitted or required under Order/Agreement or provided for upon further Order/Agreement.

5. Qorvo's expert shall analyze, review and search data on the images for the purpose of locating and subsequently reporting on the following:

    a. Proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and trade secret disclosure.

    b. Items derivative of proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and trade secret disclosure.

    c. Any and all electronic communications between January 1, 2015 and the present including but not limited to emails, items attached to emails, chats, instant messaging and postings involving the individual Akoustis personnel identified in the Second Amended Complaint and involving Qorvo's Confidential Information.

    d. Any and all computer generated activity and artifacts (including but not limited to operating system and/or application generated logs, trace data, control structures, file or data fragments) as may be deemed relevant to the matter between January 1, 2015, and the present.

-2-

6.  After analyzing the images, Qorvo's expert shall specifically identify for Akoustis any data, files, or other materials he requests Akoustis to produce as part of the discovery record in this case. Akoustis shall have one week to review and produce the requested information to Qorvo subject to the terms of the Protective Order governing this case.  If Akoustis withholds any of the requested information from production on the basis of privilege, Akoustis must provide a log identifying the grounds for its assertion of privilege.  For avoidance of doubt, the parties agree that providing images to Qorvo's expert for inspection does not constitute a waiver of any applicable claims of privilege for communications captured in the images.

7.  Before the forensic images are provided to Qorvo's expert, Qorvo's counsel must file with the Court a declaration by Qorvo's expert in which he agrees not to communicate with Qorvo's counsel about document-like files (including word documents, emails, spreadsheets, and PowerPoint presentations) on the forensic images (or suggest their contents in any way) until Akoustis has had the opportunity to review the files for privilege as set forth in paragraph 6, above. The declaration must be sworn to under oath and shall contain a statement that Qorvo's expert submits himself to the jurisdiction of the Court for purposes of compliance with the Court's orders, including the court's exercise of its contempt power in the event of any noncompliance by the expert with this order or any other order the court may issue involving the forensic images and the information extracted from them.

8.  At the conclusion of the above-captioned matter, the images that have been retained shall be disposed of as determined by agreement of the parties or further order of the court.