Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:21-cv-01417-RGA |
| ) | |
| AKOUSTIS TECHNOLOGIES, INC. and ) | [ Public Version ] |
| AKOUSTIS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF DIANNE L. SWEENEY IN SUPPORT OF DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER TO ADD COUNTERCLAIM BASED ON NEWLY PRODUCED DOCUMENTS BY QORVO**

I, Dianne L. Sweeney, declare:

1. I am a partner at the law firm of Pillsbury Winthrop Shaw Pittman LLP and serve as counsel of record for the Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") in the above-captioned matter. I have personal knowledge of the facts stated herein, except those stated on information and belief, and if called upon, could and would testify competently to them. I submit this declaration in support of Defendants Akoustis' Reply in Support of its Motion for Leave to Amend to Its Answer to Add Counterclaim Based on Newly Produced Documents by Qorvo.

2. On April 8, 2022, Akoustis propounded its Request for Production of Documents, Set 1, Nos. 1-46 ("RFP Set 1"), on Plaintiff Qorvo, Inc. ("Qorvo"). Qorvo served its objections and responses to RFP Set 1 on May 23, 2022. True and correct copies of RFP Set 1 and Qorvo's objections and responses to RFP Set 1 are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Public Version

3. On May 5, 2022, Akoustis propounded Request for Production of Documents, Set 2, Nos. 47-113 ("RFP Set 2"). Qorvo served its objections and responses to RFP Set 2 on June 6, 2022. True and correct copies of RFP Set 2 and Qorvo's objections and responses to RFP Set 2 are attached hereto as **Exhibit C** and **Exhibit D**, respectively. The RFPs in this set included various topics related to Qorvo's unfair competition claim, including:

- "All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology." Exhibit C, RFP No. 47.

- "All documents or communications concerning or reflecting Akoustis' advertising, marketing, development, or manufacture of single crystal technology." *Id.* at RFP No. 48.

- "All documents and communications concerning or reflecting Akoustis' website." *Id.* at RFP No. 49.

- "All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to Akoustis, if any." *Id.* at RFP No. 55.

- "All documents and communications concerning or reflecting any request by Akoustis for disclosure of, or any effort by Akoustis to target or obtain, any Qorvo BAW Proprietary Information, if any." *Id.* at RFP No. 57.

- "All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by Akoustis." *Id.* at RFP No. 59.

- "All documents and communications concerning the alleged 'recruitment scheme' by Akoustis, as alleged in Qorvo's First Amended Complaint." *Id.* at RFP No. 63.

- "All documents and communications reflecting or concerning the separation from Qorvo of any ex-Qorvo employee hired by Akoustis, including documents and communications concerning the reason for such separations, any efforts by Qorvo to retain such employees, and any exit interview of each former Qorvo employee." *Id.* at RFP No. 71.

- "All documents and communications reflecting or concerning the disclosure of any alleged Qorvo BAW Proprietary Information by any ex-Qorvo employee hired by Akoustis, including any effort that Qorvo undertook to address any alleged disclosure." *Id.* at RFP No. 72.

- "All Qorvo BAW Proprietary Information that was made available to Qorvo employees that you allege was targeted or acquired by Akoustis by hiring former

        Qorvo employees."  *Id.* at RFP No. 81.

- "To the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication."  *Id.* at RFP No. 99.

- "All communications with or among members of your Board of Directors concerning Akoustis or this litigation."  *Id.* at RFP No. 100.

- "All draft or final studies, reports, or analyses relating to the BAW filter market, including any studies, reports, or analyses pertaining to market share, market demand, market segments, competition, or consumer surveys in or about the market for BAW filters."  *Id.* at RFP No. 105.

- "All draft or final studies, reports, tests, or analyses relating to single crystal BAW filters, including any studies, reports, tests, or analyses pertaining to engineering, manufacturing, functionality, viability, market share, market demand, market segments, competition, or consumer demand pertaining to single-crystal BAW filters."  *Id.* at RFP No. 106.

      4.      On December 9, 2022, Akoustis propounded Request for Production of Documents, Set 3, Nos. 114-155 ("RFP Set 3").  Qorvo served its objections and responses to RFP Set 3 on January 23, 2023.  True and correct copies of RFP Set 3 and Qorvo's objections and responses to RFP Set 3 are attached hereto as **Exhibit E** and **Exhibit F**, respectively.  The RFPs in this set also included various topics related to Qorvo's unfair competition claim and alleged damages in connection therewith, including:

- "All documents and communications by your customers and by your potential customers that reflect any factor(s) considered by any of your customers or potential customers in connection with their decision on whether to purchase BAW filter(s), including but not limited to, any internal marketing reviews or other summaries."  Exhibit E, RFP No. 122.

- "Documents and communications sufficient to show the performance and technology differences between BAW filters sold by Qorvo and BAW filters sold by Qorvo's competitors."  *Id.* at RFP No. 125.

- "Documents and communications sufficient to show Qorvo's BAW filter market share from January 1, 2010 to the present."  *Id.* at RFP No. 126.

- "All documents constituting comparative sales and marketing materials about Qorvo's BAW filters, including comparative sales and/or marketing matrixes,

comparative advertisements, and collateral provided to customers about Qorvo's BAW filters and the BAW filter marketplace." *Id.* at RFP No. 128.

- "All documents constituting SWOT (i.e., Strengths, Weaknesses, Opportunities and Threats) analyses to the extent that such documents relate to any Qorvo BAW Filter Product, regardless of whether such analyses were developed by Qorvo or other persons." *Id.* at RFP No. 129.

- "All documents constituting studies of the BAW filter market, regardless of whether such studies were developed by Qorvo or other persons." *Id.* at RFP No. 130.

- "All documents and communications sufficient to show post-production quality considerations (including complaints by customers) with respect to any Qorvo BAW Filter Product sold by Qorvo, including summary quality reports and customer feedback reports." *Id.* at RFP No. 131.

- "All documents and communications between you and your actual or potential customers concerning Akoustis." *Id.* at RFP No. 150.

- "All documents and communications between you and your actual or potential customers concerning Akoustis' technology, including Akoustis' single crystal technology." *Id.* at RFP No. 151.

- "To the extent not otherwise provided, all documents and communications between you and your actual or potential customers concerning the use of single crystal technology in connection with BAW filters." *Id.* at RFP No. 152.

5. On February 15, 2023, Akoustis propounded Request for Production of Documents, Set 4, Nos. 156-179 ("RFP Set 4"). Qorvo served its objections and responses to RFP Set 4 on March 17, 2023. True and correct copies of RFP Set 4 and Qorvo's objections and responses to RFP Set 4 are attached hereto as **Exhibit G** and **Exhibit H**, respectively. The RFPs in this set generally related to any disclosures of Qorvo's alleged trade secrets or confidential information to third parties, confidentiality agreements between Qorvo and third parties related to any such disclosures, the independent economic value of Qorvo's alleged trade secrets, and Qorvo's efforts to maintain the confidentiality of its alleged trade secrets and confidential information. *See* Exhibit G.

6. In response to RFP Set 2 as well as RFP Set 3 and RFP Set 4, which also contained

various requests related to Qorvo's unfair competition claim, Qorvo made the following general objection:

> *Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis. For example, in multiple request, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees. Qorvo cannot know the full scope of what was disclosed until Akoustis completes its production. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.*

Exhibit D at p. 2, General Objection No. 3 (emphasis added); *see also* Exhibits F and H at p. 2, General Objection No. 3 (same). After Qorvo served its objections and responses to RFP Set 2, the parties had extended discussions around the appropriate scope of discovery given that Qorvo's claim was for the alleged misappropriation of unspecified Qorvo BAW Proprietary Information. Essentially, Qorvo asserted that it could not identify what types of information would be at issue until Akoustis first produced its documents that related to Qorvo. To resolve this quagmire and move discovery and the case forward, Akoustis agreed to a phased approach to discovery (i.e., first Akoustis would produce its responsive documents and then once Qorvo had those documents and could see the issues in dispute it would, in turn, identify and produce its responsive documents). This, in turn, allowed the parties to identify the issues, avoid producing masses of irrelevant materials, and avoid unnecessary Court intervention.

7. Accordingly, in the summer of 2022, Akoustis began an extensive document collection process and then began a series of rolling document productions. The table below shows that progression and the volume of materials produced by Akoustis:

| Month | Akoustis Document Production Count |
|---|---|
| *Pre-August 2022* | *4,434* |

**Public Version**

| Month | Akoustis Document Production Count |
|---|---|
| August 2022 | 1,593 |
| September 2022 | 13,443 |
| October 2022 | 0 |
| November 2022 | 14,852 |
| December 2022 | 0 |
| January 2023 | 29,829 |
| **TOTAL (As of Jan. 2023)** | **64,151** |

By the end of January 2023, Akoustis had produced more than 64,000 documents while Qorvo had produced only 2,932 documents, more than 1,100 of which were part of Qorvo's initial disclosures (and thus not in response to Akoustis' RFPs). In February 2023, Qorvo produced another 192 documents and filed its Second Amended Complaint (D.I. 125, the "SAC"), identifying some of the Qorvo BAW Proprietary Information that Qorvo alleged was at issue in this case. The table below shows the volume of materials produced by Qorvo before and after April 2023:

| Month | Qorvo Document Production Count |
|---|---|
| *Pre-April 2023* | *3,124* |
| April 2023 | 10,621 |
| May 2023 | 21,923 |
| June 2023 | 37,783 |
| July 2023 | 240 |
| **TOTAL (April-July 2023)** | **73,931** |

8.  In light of the nature of this discovery process, including Qorvo's General Objection No. 3 to RFP Set 2 and the resulting phased approach to discovery, Qorvo's April-June 2023 document productions included documents responsive to RFP Set 2 (served by Akoustis in May 2022) as well as documents responsive to RFP Set 3 (served in December 2022). The documents in Akoustis' proposed counterclaim that were produced between April and June 2023

6

do not appear to be responsive to RFP Set 4 which, as noted above, generally relates to disclosures of Qorvo's alleged trade secrets and confidential information to third parties, related confidentiality agreements, the independent economic value of Qorvo's alleged trade secrets, and Qorvo's efforts to maintain the confidentiality of its alleged trade secrets and confidential information.

9.  While I understand that Qorvo argues that Akoustis was not diligent in seeking leave to add its counterclaim in July 2023 after working to review the 70,327 documents that Qorvo produced between April and June 2023, that is not accurate. As described in my moving declaration, as of July 14, more than half a dozen lawyers for Akoustis had devoted more than 1,800 hours to reviewing the 70,000-plus documents produced by Qorvo between April and June 2023. Separately, Qorvo appears to be holding itself to a different standard. Qorvo recently asserted that it was diligent in seeking to expand its trade secret claim in July 2023 after working to review fewer than 5,000 documents that it claims Akoustis first produced between April and June 2023. In an April 5, 2023 Amended Scheduling Order, the Court ordered Qorvo to serve its "Identification to Defendants of any Trade Secret(s) on Which its Claims are Based with Reasonable Particularity" by May 1, 2023. (D.I. 178 at p. 2.) Qorvo served its first Identification of Trade Secrets on May 1, 2023. Then, on July 25, 2023, Qorvo served its Supplemental Identification of Trade Secrets (the "July 25, 2023 TS Supplement"). Qorvo's July 25, 2023 TS Supplement stated, among other things:

> On April 28, 2023, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. ("Defendants" or "Akoustis") produced over ***2,800 documents*** and on May 3, 2023, Akoustis produced over ***1,660 documents***. Akoustis produced more documents on May 27, 2023 and June 20, 2023. Furthermore, third party Michael Hodge produced documents on June 9, 2023 and June 12, 2023, and was deposed on July 11, 2023. Qorvo also took the deposition of Ya Annia Shen on July 12, 2023. ***Plaintiff Qorvo, Inc. ("Plaintiff" or "Qorvo") diligently reviewed these documents and testimony, and has identified additional trade secrets***

7

> *misappropriated by Akoustis.* Accordingly, Qorvo hereby supplements its May 1, 2023 Identification of Trade Secrets to identify additional trade secrets Akoustis has misappropriated. This Supplemental Identification of Trade Secrets is based on the discovery received from Akoustis to date and the investigation Qorvo has been able to conduct as of today's date. Qorvo's investigation is ongoing, including with respect to the above documents, as are fact and expert discovery. Thus, Qorvo reserves the right to further supplement its identification of trade secrets.

July 25, 2023 TS Supplement at p. 1 (emphasis added). A true and correct copy of an excerpt of Qorvo's July 25, 2023 TS Supplement is attached hereto as **Exhibit I**. While Akoustis believes that copies of most of the documents added to Qorvo's July 25, 2023 TS Supplement were, in fact, first produced in November 2022, even if Qorvo is correct, then they are suggesting it is reasonable to review 5,000 documents and create a related pleading in a three-month period (without any associated motion). Here, Akoustis reviewed more than ten times that number of documents and produced a counterclaim and related motion in a comparable amount of time.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of August, 2023.

> */s/ Dianne L. Sweeney*
> Dianne L. Sweeney

8