# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QORVO, INC., ) | |
| ) | |
| ) | C.A. No. 21-1417-JPM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AKOUSTIS TECHNOLOGIES, INC. and ) | |
| AKOUSTIS, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 1-46)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis' counsel within 30 days after being served with these Requests for Production of Documents and Things ("Requests").

**DEFINITIONS**

As used herein and in all further request for production, unless specified otherwise, the terms listed below shall be defined below. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1.   The term "Defendant" or "Defendants" means one or more of the defendants in this action, including Akoustis Technology, Inc. and Akoustis, Inc.

1

2.  The term "you" and "your" means Plaintiff Qorvo, Inc.

3.  The term "asserted patents" or "patents-in-suit" means any one or all of the patents asserted against Defendants in this action, and includes without limitation U.S. Patent Nos. 7,522,018 and 9,35,755, as asserted, and their respective patent applications, and all predecessor patent applications from which these patents or patent applications claim priority, including all continuations, divisionals, and continuations-in-part.

4.  The term "related patents" means any foreign or domestic patents or patent applications that are a parent or child of any asserted patent, including continuation, divisional, or continuations-in-part applications, and any patents issuing therefrom, or related or counterpart patents or patent applications.

5.  The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

6.  The term "prior art" is used in these Requests as that phrase is generally understood in proceedings before the United States Patent & Trademark Office ("USPTO"), regardless of whether such subject matter was disclosed to the USPTO in connection with the application for the asserted patents. The term "prior art" also includes all information that was subject to a duty of disclosure to the USPTO with respect to one or more of the patent applications leading to the asserted patents and all information now known to you or to your attorneys that would have been subject to a duty of disclosure to the USPTO had that information been known to the named inventors or to you or your attorneys during the prosecution of the patent application(s) leading to the asserted patents. The term "prior art" also refers to, by way of example and without limitation, anything that constitutes prior art under any subsection of in 35 U.S.C. §§ 102 and 103, including, without limitation, any (1) publications, physical devices, prototypes, uses, sales, and offers for

sale and any document or thing evidencing or refuting any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated, contended or refuted as invalidating (or possibly invalidating), anticipating (or possibly anticipating) or making obvious (or possibly making obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art), (a) any claim of the asserted patents, (b) any claim pending during the prosecution of any patent application(s) leading to the asserted patents, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent or patent application (whether or not issued) derived from or related to the asserted patents, or (d) any claim of any foreign patent or claim pending at any time during the prosecution of any foreign patent application corresponding or relying to the asserted patents or any patent application(s) leading to the asserted patents.

7. The terms "inventor" or "inventors" mean those individuals who contributed in any way to the conception of the subject matter of at least one claim set forth in the asserted patents, including but not limited to the inventors listed on the face of the asserted patents.

8. The term "accused products" refers to Akoustis' accused bulk acoustic wave (BAW) products.

9. The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

10. The term "document" or "documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments,

or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

11. The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

12. The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

13. Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

14. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

15. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

16. The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

17. The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

18. The terms "including" and "includes" mean "including but not limited to."

## **INSTRUCTIONS**

1. You must immediately take reasonable steps, if not already undertaken, to preserve all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2. If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3. Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature. If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4. Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

    a. The type of document;

    b. The general subject matter of the document;

    c. The date of the document;

    d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee,

        custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the applicability of the privilege or protection claimed by you;

    e. The nature and basis of the privilege claimed;

    f. If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

    g. Any other information necessary to support the claim of privilege.

5. If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6. You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7. If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8. If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s). Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9. Documents and electronically stored information ("ESI") are to be produced in accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol"), if

finalized and entered as an order of the Court at the time of production. If the ESI Protocol has not been finalized and entered as an order of the Court at the time of production, then documents and ESI shall be produced as set forth in the undisputed terms and formatting requirements in the most recent draft of the ESI Protocol exchanged among the parties as of the date of these Requests, which terms and formatting requirements are incorporated by reference as if set forth in their entirety herein. Akoustis stands ready to meet and confer to discuss the best and most efficient way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules of this jurisdiction. You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1.**

For each of the asserted patents, please produce all documents and things concerning the preparation, filing, or prosecution of the patent, including all communications, meetings, and discussions in connection therewith, publications and prior art considered in connection therewith, and drafts of all documents and things created in connection therewith.

**REQUEST FOR PRODUCTION NO. 2.**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the asserted patents, including those relating to any known prior art or to the construction of any term or phrase in any claim thereof.

**REQUEST FOR PRODUCTION NO. 3.**

All documents and things concerning, or obtained as a result of, any patentability, validity, enforceability, or prior art search, study, analysis, or discussion relating to the subject matter of the asserted patents.

**REQUEST FOR PRODUCTION NO. 4.**

All documents and things concerning any comparison between any purported prior art and any claim of the asserted patents.

**REQUEST FOR PRODUCTION NO. 5.**

All documents and things concerning the determination of inventorship for any alleged invention claimed in the asserted patents, including the contribution of any inventors, as well as the contribution of any person not named as an inventor.

**REQUEST FOR PRODUCTION NO. 6.**

All documents and things authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter.

**REQUEST FOR PRODUCTION NO. 7.**

All documents and things concerning the conception, research, testing, design, development, reduction to practice (actual or constructive) and/or diligence concerning the subject matter of each claim of the asserted patents, including the timing thereof and the contributions of those involved.

**REQUEST FOR PRODUCTION NO. 8.**

All documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including the first written description and/or drawings, publication, promotion, advertisement, offer, sale, availability to the public, and public use of such subject matter, as well as all purportedly experimental uses of such subject matter.

**REQUEST FOR PRODUCTION NO. 9.**

All documents and things concerning the ownership or assignment of any rights in the asserted patents.

**REQUEST FOR PRODUCTION NO. 10.**

All documents and things concerning any diligence, investigation, or research performed by or for you regarding your acquisition of the asserted patents.

**REQUEST FOR PRODUCTION NO. 11.**

All documents and things that concern, show, or support any contention, position, or argument by you that any claim of the asserted patents is non-obvious in whole or in part because of any secondary consideration.

**REQUEST FOR PRODUCTION NO. 12.**

All documents and things concerning any praise, criticism, or discussion of the significance of any alleged inventions in the asserted patents, including any industry analysis, commentary, identification of, or recognition of any particular deficiency or need to which any alleged invention claimed in the asserted patents is directed.

**REQUEST FOR PRODUCTION NO. 13.**

All documents and things related to your consideration to sue any party based on the asserted patents, including your efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents.

**REQUEST FOR PRODUCTION NO. 14.**

All documents and things related to your decision to sue Akoustis and the timing thereof, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint in this litigation.

**REQUEST FOR PRODUCTION NO. 15.**

Documents sufficient to show the dates upon which you knew each of the purported "facts" or factual allegations in your complaint in this action, as well as the source for each such factual

allegation.

**REQUEST FOR PRODUCTION NO. 16.**

All documents and things concerning your first awareness of each accused product.

**REQUEST FOR PRODUCTION NO. 17.**

All documents and things concerning, supporting, or contradicting your allegation, if any, that Akoustis had knowledge of the asserted patents prior to the filing of the complaint in this action.

**REQUEST FOR PRODUCTION NO. 18.**

All documents and things produced to you in response to a subpoena in this action or relating to the asserted patents.

**REQUEST FOR PRODUCTION NO. 19.**

All documents comprising, memorializing, or concerning any sworn statement about the asserted patents, including affidavits, declarations, trial and deposition testimony of any inventors of the asserted patents, attorneys involved in the prosecution of the asserted patents, any person you expect to call as a witness in this action, any expert retained by any party in any lawsuit involving the asserted patents, and any person regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you.

**REQUEST FOR PRODUCTION NO. 20.**

All agreements between you or on your behalf and any person who is expected to be or is a witness, consultant, collaborator, or assistant in providing factual or expert assistance in this action or with respect to the asserted patents, as well as all documents and things reflecting payments made in connection thereto.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and things that comprise, concern, refer to or relate to any license, covenant not to sue, agreement, settlement, understanding, or transfer of rights concerning the asserted patents, including any offer to enter into the above, or negotiations in connection therewith.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and things relied upon or related to the asserted patents, including any served in, or produced in other litigations, such as expert reports, contentions, discovery responses, and deposition transcripts, concerning infringement, invalidity, or the appropriate damages for alleged infringement of the asserted patents, including any documents relating to negotiated or proposed licenses or knowledge of and details relating to non-infringing alternative products.

**REQUEST FOR PRODUCTION NO. 23.**

All documents and things upon which you intend to rely in attempting to demonstrate infringement by Akoustis, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint and infringement contentions in this litigation.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis.

**REQUEST FOR PRODUCTION NO. 25.**

All documents and things concerning the characteristics of a person having ordinary skill in the art concerning the technical subject matter of the asserted patents, including the amount and type of education, field of study, work experience, job titles and responsibilities, or any other relevant factors.

**REQUEST FOR PRODUCTION NO. 26.**

All documents and things concerning any communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used, sold, or offered for sale by Akoustis, whether or not the product is an accused product.

**REQUEST FOR PRODUCTION NO. 27.**

All documents and things provided by you to any third party concerning any allegation of infringement of any claim of the asserted patents, including as it relates to any of Akoustis' potential or actual products.

**REQUEST FOR PRODUCTION NO. 28.**

Documents sufficient to show your corporate organizational structure, including your relationship to any parent entities and subsidiary entities.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to show the structure of any and all your departments responsible for technological advancement, creation, innovation, inventing, engineering, research, and development, and/or intellectual property, as well as an identification of any supervisors of each such department, along with those who report to each such supervisor, at any time that the technology corresponding to the asserted patents was in development.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and things that concern or show the structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

**REQUEST FOR PRODUCTION NO. 31.**

All documents and things concerning your BAW filter products that you allege practice and or fall within the scope of the claims of the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including documents and things describing the products' structure and operation, such as designs, circuit schematics, netlists, hardware description language files, source code, technical specifications, user manuals, prototypes, device layouts, and fabrication and manufacturing specifications, as well as development methods and techniques, material specifications, design tolerances, packaging, and quality of assurance and testing of such products, denoting which of the asserted patents each product corresponds to.

**REQUEST FOR PRODUCTION NO. 32.**

All documents and things concerning the sales of your BAW filter products that you allege practice the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including sales and business information, such as future product development and refinement plans, pricing information, costs, marketing and sales strategies, supplier lists, contracts, specifications and requirements, denoting which of the asserted patents the sales information corresponds to.

**REQUEST FOR PRODUCTION NO. 33.**

All documents and things related to BAW filter products that compete with your products, that you allege practice (or alternatively do not practice) the asserted patents—other than those of Akoustis—as well as your knowledge thereof, including any analysis of any product that potentially infringes any of the asserted patents.

**REQUEST FOR PRODUCTION NO. 34.**

All documents and things related to your knowledge of the marketplace, including the costs and drivers for why your prices are set where they are.

**REQUEST FOR PRODUCTION NO. 35.**

All documents concerning any valuation of the asserted patents, including but not limited to, any royalty rate for the invention described in the asserted patents, and any technologies that Plaintiff contends are comparable to the technology of the asserted patents, including, without limitation, documents concerning any industry royalty rate, any royalty rate suggested by a standards setting organization, or any royalty rate paid as part of a license or settlement agreement, including the parties that agreed to the royalty rate, the time when the royalty rate was set, and the amount of the royalty rate; and identify all documents, communications and things on which Plaintiff relies to establish or support such royalty rate(s), the identities of payors and payees of the royalty rate(s), any assignments of the asserted patents involving such royalty rate(s), and the persons most knowledgeable of the facts and evidence pertaining to such royalty rate(s).

**REQUEST FOR PRODUCTION NO. 36.**

All documents and things supporting or concerning your allegations that Akoustis has induced others to infringe the asserted patents in violation of 35 U.S.C. § 271(b).

**REQUEST FOR PRODUCTION NO. 37.**

All documents supporting, refuting, or concerning your allegations that Akoustis's alleged infringement of the asserted patents was and continues to be willful and deliberate.

**REQUEST FOR PRODUCTION NO. 38.**

All documents relating to any communications in which any person was notified of, or accused of infringing, the asserted patents, including notice letters, demand letters, presentations,

claim charts, or other correspondence.

**REQUEST FOR PRODUCTION NO. 39.**

All documents and things supporting, refuting, or concerning your allegation that Akoustis's had the requisite knowledge of the asserted patents and knowledge of infringement of the asserted patents to support your willful and induced infringement claims.

**REQUEST FOR PRODUCTION NO. 40.**

All personnel and employment history files for each of the inventors of the asserted patents, including resumes or curriculum vitae, any employment agreements, and any agreements relating to intellectual property rights.

**REQUEST FOR PRODUCTION NO. 41.**

All personnel and employment history files for each of the former Qorvo employees hired by Akoustis that you contend did or may have disclosed Qorvo confidential information, including any employment agreements, and any agreements relating to intellectual property rights or non-disclosure of confidential information.

**REQUEST FOR PRODUCTION NO. 42.**

All documents relating to the development, reduction to practice, or testing of any subject matter described or claimed in the Patent-in-Suit or any Related Patents, including, but not limited to, engineering and laboratory notebooks, logbooks, record books, memorandum, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, or other files.

**REQUEST FOR PRODUCTION NO. 43.**

All documents and things related to BAW filter products of Broadcom, Skyworks and Resonant, including documents illustrating your knowledge thereof and any analysis regarding the

structure and/or operation of such products, including any reverse engineering done on such products.

**REQUEST FOR PRODUCTION NO. 44.**

All documents related to whether the purported invention claimed by the Patents-in-Suit are nonobvious, including but not limited to documents related to copying, long felt but unsolved need, failure of others, commercial success, unexpected results created by the claimed purported invention, unexpected properties of the claimed purported invention, licenses showing industry respect for the purported invention, and skepticism of skilled artisans before the purported invention.

**REQUEST FOR PRODUCTION NO. 45.**

All documents, including publications, articles, advertisements, trade show materials, and promotional literature, or awards or other recognition discussing the purported inventions claimed by the Patents-in-Suit, or any actual or potential BAW filter products that would embody the purported inventions claimed by the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 46.**

All documents and things identified or requested to be identified in response to the Akoustis First Set of Interrogatories.

Dated: April 8, 2022

| | |
|---|---|
| PILLSBURY WINTHROP<br>SHAW PITTMAN LLP | BAYARD, P.A.<br><br>*/s/ Ronald P. Golden III* |
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900<br>robert.fuhrer@pillsburylaw.com | *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* |
| David L. Stanton<br>725 S. Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | |
| *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* | |