# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QORVO, INC. | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. 21-1417-JPM |
| v. | ) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC. | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable

Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"),

Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first objections

and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc.

(collectively, "Akoustis" or "Defendants") First Set of Requests for Production (Nos. 1-46)

(collectively, the "Requests," and each, individually, a "Request").

**<u>GENERAL RESERVATIONS AND OBJECTIONS</u>**

Qorvo generally objects to Defendants' Requests as follows. These general objections shall

be incorporated by reference into each response below.

1.     Qorvo's responses are made solely for the purpose of this action.

2.     Qorvo's investigation and development of all facts and circumstances relating to this

action is ongoing.  By making the accompanying responses and objections to Defendants' Requests,

Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant or material to the subject matter of this action.

3.     Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

4.     Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

5.     Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document, or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files.  Qorvo will not otherwise

produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

6.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to the subject matter of this action.

7.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo.

9.      Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

10.     Qorvo objects to these Requests to the extent that they seek disclosure of Qorvo's trade secrets, proprietary or other confidential or competitively sensitive business and technical information, or personal information that is protected by statutory, constitutional, common law, or privacy rights.

11.      Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they seek production

of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties. Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.     Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.     Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.     Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.     Qorvo objects to these Requests to the extent that they seek for electronically stored information that is not reasonably accessible and available.

16.     Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

17.     Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

## <u>GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS</u>

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to the definition of "Defendant" or "Defendants" as the definition does not correctly reflect the Defendants of this action.  Qorvo also objects to the extent the definition seeks to require Qorvo to have independent knowledge relating to the identity of "any" of Akoustis' "parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers."

2.      Qorvo objects to Akoustis' definition of "you," "your" or "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

3.      Qorvo objects to Akoustis' definition of "prior art" as overly broad and vague to the extent the definition seeks to imply any prior art that predates the effective filing date of the "patents-in-suit" is relevant prior art.

4.      Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

5.      Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent the definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

6.      Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

7.      Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## **GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS**

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent the Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

2.      Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI.  Qorvo will adhere to the ESI Protocol in responding the Requests.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 1.**

For each of the asserted patents, please produce all documents and things concerning the preparation, filing, or prosecution of the patent, including all communications, meetings, and discussions in connection therewith, publications and prior art considered in connection therewith, and drafts of all documents and things created in connection therewith.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2.**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the asserted patents, including those relating to any known prior art or to the construction of any term or phrase in any claim thereof.

**RESPONSE:**

In addition to the General Objections, Qorvo object to Request No. 2 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7, 3.8, 4.1, and 4.2. Qorvo's response to this Request is without prejudice to the disclosures governed by the Local Patent Rules. Qorvo further objects to Request No. 2 as vague and ambiguous as a result of the phrases "concerning" and "relating to any known prior art."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the novelty, patentability, validity, scope, or

enforceability of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3.**

All documents and things concerning, or obtained as a result of, any patentability, validity, enforceability, or prior art search, study, analysis, or discussion relating to the subject matter of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 3 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents "relating to the subject matter of the asserted patents." Qorvo further objects to Request No. 3 as vague, ambiguous, and duplicative insofar as Request No. 3 seeks the same material as Request No. 2. Qorvo refers to its response to Request No. 2 for such materials. Qorvo further objects to Request No. 3 as vague, ambiguous, and unduly burdensome to the extent it requests all document "obtained as a result of . . . study, analysis, or discussion."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the novelty, patentability, validity, scope, or enforceability of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4.**

All documents and things concerning any comparison between any purported prior art and any claim of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 4 as vague, ambiguous, and duplicative insofar as Request No. 4 seeks the same material as Request No. 2. Qorvo refers to its response to Request No. 2 for such materials.

**REQUEST FOR PRODUCTION NO. 5.**

All documents and things concerning the determination of inventorship for any alleged invention claimed in the asserted patents, including the contribution of any inventors, as well as the contribution of any person not named as an inventor.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6.**

All documents and things authored by any inventor of the subject matter claimed in the asserted patents concerning such subject matter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 6 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents the inventors have authored concerning "the subject matter claimed in the asserted patents."

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 7.**

All documents and things concerning the conception, research, testing, design, development, reduction to practice (actual or constructive) and/or diligence concerning the subject matter of each claim of the asserted patents, including the timing thereof and the contributions of those involved.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 7 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents, including testing, design, and development concerning "the subject matter of each claim of the asserted patents."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8.**

All documents and things concerning the timing of any activities concerning the subject matter of the asserted patents, including the first written description and/or drawings, publication, promotion, advertisement, offer, sale, availability to the public, and public use of such subject matter, as well as all purportedly experimental uses of such subject matter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 8 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents concerning the "timing" of "any activities concerning the subject matter of the asserted patents." Qorvo further objects to

Request No. 8 as overly broad and unduly burdensome to the extent it would require Qorvo to perform an analysis comparing the unspecified "activities" to the unspecified "subject matter of the asserted patents" to identify responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 9**

All documents and things concerning the ownership or assignment of any rights in the asserted patents.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

All documents and things concerning any diligence, investigation, or research performed by or for you regarding your acquisition of the asserted patents.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

All documents and things that concern, show, or support any contention, position, or argument by you that any claim of the asserted patents is non-obvious in whole or in part because of

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-11-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

any secondary consideration.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 11 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7 or 3.8. Qorvo further objects to Request No. 11 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents. Qorvo's response to Request No. 11 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

All documents and things concerning any praise, criticism, or discussion of the significance of any alleged inventions in the asserted patents, including any industry analysis, commentary, identification of, or recognition of any particular deficiency or need to which any alleged invention claimed in the asserted patents is directed.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 12 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents. Qorvo's response to Request No. 12 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity

as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13.**

All documents and things related to your consideration to sue any party based on the asserted patents, including your efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 13 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks documents related to "efforts to identify an attorney, investigator, or other agent to investigate or pursue potential claims for infringement of the asserted patents."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents reflecting Qorvo's consideration of potential claims of infringement of the asserted patents.

**REQUEST FOR PRODUCTION NO. 14.**

All documents and things related to your decision to sue Akoustis and the timing thereof, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint in this litigation.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 14 as unduly

burdensome not relevant to any party's claim or defense, and not proportional to the needs of the case. Request No. 14 is expressly drafted to encompass materials created in anticipation of litigation, which are protected under the attorney-client privilege and attorney work product doctrines. Akoustis' goal in pursuing this Request is to increase Qorvo's litigation costs by forcing Qorvo to create a log of litigation-related privileged materials. In typical cases, parties agree to waive privilege logs for such materials. Qorvo agreed to do so with respect to documents Akoustis created in investigation of the claims in this litigation. Akoustis, however, has refused to waive the logging requirement for Qorvo and has, instead, served this Request expressly directed to privileged materials. Qorvo believes Akoustis' efforts to increase Qorvo's litigation costs make this case "exceptional" under 35 U.S.C. § 285, thus, Qorvo reserves its right to seek such fees incurred in responding to Request No. 14 under § 285. Accordingly, an award of attorneys' fees incurred in logging litigation-related privileged materials to Qorvo will be justified.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15.**

Documents sufficient to show the dates upon which you knew each of the purported "facts" or factual allegations in your complaint in this action, as well as the source for each such factual allegation.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 15 as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks documents concerning every factual

allegation in the 142-paragraph Amended Complaint, including allegations that are not reasonably in dispute and information that is equally available to Defendants.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 16.**

All documents and things concerning your first awareness of each accused product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 16 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks documents concerning Qorvo's awareness of the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 17.**

All documents and things concerning, supporting, or contradicting your allegation, if any, that Akoustis had knowledge of the asserted patents prior to the filing of the complaint in this action.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18.**

All documents and things produced to you in response to a subpoena in this action or relating to the asserted patents.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19.**

All documents comprising, memorializing, or concerning any sworn statement about the asserted patents, including affidavits, declarations, trial and deposition testimony of any inventors of the asserted patents, attorneys involved in the prosecution of the asserted patents, any person you expect to call as a witness in this action, any expert retained by any party in any lawsuit involving the asserted patents, and any person regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 19 as vague and ambiguous to the extent it seeks all documents "regarding the relevant technology acquired, invented, produced, manufactured, marketed, sold, or used by you." Qorvo further objects to Request No. 19 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any document "comprising, memorializing, or concerning any sworn statement" about any "relevant technology." Qorvo further objects to Request No. 19 as vague and ambiguous because it is compound, incomprehensible and confusingly worded. This makes it impossible to determine documents Defendants seek and which of the clauses of the Request are narrowing as opposed to expanding the Request. Qorvo further objects to Request No. 19 to the extent it seeks publicly available documents that are equally available to Defendants.

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-16-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents reflecting sworn statements concerning the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20.**

All agreements between you or on your behalf and any person who is expected to be or is a witness, consultant, collaborator, or assistant in providing factual or expert assistance in this action or with respect to the asserted patents, as well as all documents and things reflecting payments made in connection thereto.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 20 as overly broad, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks information concerning any "consultant, collaborator, or assistant."  Qorvo further objects to Request No. 20 to the extent it is seeks materials protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure.  Qorvo will adhere to Rule 26 in disclosing expert testimony.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and things that comprise, concern, refer to or relate to any license, covenant not to sue, agreement, settlement, understanding, or transfer of rights concerning the asserted patents, including any offer to enter into the above, or negotiations in connection therewith.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-17-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-46)

non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and things relied upon or related to the asserted patents, including any served in, or produced in other litigations, such as expert reports, contentions, discovery responses, and deposition transcripts, concerning infringement, invalidity, or the appropriate damages for alleged infringement of the asserted patents, including any documents relating to negotiated or proposed licenses or knowledge of and details relating to non-infringing alternative products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 22 as vague, ambiguous and incomprehensible to the extent it seeks documents "relied upon . . . the asserted patents."  Qorvo further objects to Request No. 22 as vague, ambiguous, overly broad and unduly burdensome to the extent the Request seeks all documents "related to the asserted patents."  Qorvo further objects to Request No. 22 to the extent it seeks documents that are equally available to Defendants.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents referring to the asserted patents that were produced or served in other litigations to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23.**

All documents and things upon which you intend to rely in attempting to demonstrate infringement by Akoustis, including all documents and things identified or referenced in, or considered, relied upon, reviewed, or discussed during the preparation of your complaint and

infringement contentions in this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any accused product or of any product made, offered for sale, or sold by Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 24 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to cover any "analysis or examination" of any Akoustis product.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 25.**

All documents and things concerning the characteristics of a person having ordinary skill in the art concerning the technical subject matter of the asserted patents, including the amount and type of education, field of study, work experience, job titles and responsibilities, or any other relevant factors.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 25 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents that in any way concern a

person of ordinary skill in the art.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 26.**

All documents and things concerning any communication, meetings, or discussion between you and any third party concerning Akoustis or any product made, used, sold, or offered for sale by Akoustis, whether or not the product is an accused product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 26 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it purports to seek any document reflecting any discussion or communication about Akoustis or its products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 27.**

All documents and things provided by you to any third party concerning any allegation of infringement of any claim of the asserted patents, including as it relates to any of Akoustis' potential or actual products.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28.**

Documents sufficient to show your corporate organizational structure, including your relationship to any parent entities and subsidiary entities.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to show the structure of any and all your departments responsible for technological advancement, creation, innovation, inventing, engineering, research, and development, and/or intellectual property, as well as an identification of any supervisors of each such department, along with those who report to each such supervisor, at any time that the technology corresponding to the asserted patents was in development.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and things that concern or show the structure, function, or operation of, or that constitute embodiments of, any alleged invention disclosed or claimed in the asserted patents, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 30 as vague and ambiguous to the extent it seeks documents concerning "embodiments" of the alleged invention. Qorvo refers Akoustis to the asserted patents for identification of the structure, function, and operation of those "embodiments."  Qorvo further objects to Request No. 30 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice the inventions of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 30 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns the "structure, function, or operation" of products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 31.**

All documents and things concerning your BAW filter products that you allege practice and or fall within the scope of the claims of the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including documents and things describing the products' structure and operation, such as designs, circuit schematics, netlists, hardware description language files, source code, technical specifications, user manuals, prototypes, device layouts, and fabrication and manufacturing specifications, as well as development methods and techniques, material specifications, design tolerances, packaging, and quality of assurance and testing of such products, denoting which of the asserted patents each product corresponds to.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 31 as overly broad and unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters. Qorvo further objects to Request No. 31 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents. Qorvo further objects to Request No. 31 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 32.**

All documents and things concerning the sales of your BAW filter products that you allege practice the asserted patents (or alternatively do not practice or fall within the scope of the claims of the asserted patent), including sales and business information, such as future product development and refinement plans, pricing information, costs, marketing and sales strategies, supplier lists, contracts, specifications and requirements, denoting which of the asserted patents the sales information corresponds to.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 32 as overly broad and unduly burdensome to the extent it seeks all documents concerning all Qorvo BAW filters. Qorvo further objects to Request No. 32 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-23-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION (NOS. 1-46)

of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects to Request No. 32 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 33.**

All documents and things related to BAW filter products that compete with your products, that you allege practice (or alternatively do not practice) the asserted patents—other than those of Akoustis—as well as your knowledge thereof, including any analysis of any product that potentially infringes any of the asserted patents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 33 as overly broad and unduly burdensome to the extent it seeks all documents concerning all competing BAW filters. Qorvo further objects to Request No. 33 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects to Request No. 33 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 34.**

All documents and things related to your knowledge of the marketplace, including the costs

and drivers for why your prices are set where they are.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 34 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents "related you your knowledge of the marketplace." Qorvo further objects to Request No. 34 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks all documents related in any way to costs or prices.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged market or pricing studies for the BAW filter market to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35.**

All documents concerning any valuation of the asserted patents, including but not limited to, any royalty rate for the invention described in the asserted patents, and any technologies that Plaintiff contends are comparable to the technology of the asserted patents, including, without limitation, documents concerning any industry royalty rate, any royalty rate suggested by a standards setting organization, or any royalty rate paid as part of a license or settlement agreement, including the parties that agreed to the royalty rate, the time when the royalty rate was set, and the amount of the royalty rate; and identify all documents, communications and things on which Plaintiff relies to establish or support such royalty rate(s), the identities of payors and payees of the royalty rate(s), any assignments of the asserted patents involving such royalty rate(s), and the persons most knowledgeable of the facts and evidence pertaining to such royalty rate(s).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36.**

All documents and things supporting or concerning your allegations that Akoustis has induced others to infringe the asserted patents in violation of 35 U.S.C. § 271(b).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37.**

All documents supporting, refuting, or concerning your allegations that Akoustis's alleged infringement of the asserted patents was and continues to be willful and deliberate.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38.**

All documents relating to any communications in which any person was notified of, or accused of infringing, the asserted patents, including notice letters, demand letters, presentations, claim charts, or other correspondence.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 38 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks all documents "relating to" notifications of infringement and "other correspondence."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged communications in which any person was notified of, or accused of infringing, the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39.**

All documents and things supporting, refuting, or concerning your allegation that Akoustis's had the requisite knowledge of the asserted patents and knowledge of infringement of the asserted patents to support your willful and induced infringement claims.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40.**

All personnel and employment history files for each of the inventors of the asserted patents, including resumes or curriculum vitae, any employment agreements, and any agreements relating to intellectual property rights.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 40 as not relevant to any

party's claim or defense, and not proportional to the needs of the case to the extent it seeks all

personnel and employment history files and employment agreements of the inventors.

Subject to and without waiving the foregoing general and specific objections, Qorvo will

produce any non-privileged resumes, *curriculum vitae*, and intellectual property rights agreements

for the inventors of the asserted patents to the extent such documents exist and are within Qorvo's

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41.**

All personnel and employment history files for each of the former Qorvo employees hired by

Akoustis that you contend did or may have disclosed Qorvo confidential information, including any

employment agreements, and any agreements relating to intellectual property rights or non-

disclosure of confidential information.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 41 as vague, ambiguous,

overly board, unduly burdensome, not relevant to any party's claim or defense, and not proportional

to the needs of the case to the extent it seeks "employment history files."

Subject to and without waiving the foregoing general objections, Qorvo will produce any

non-privileged employment and confidentiality agreements responsive to this Request to the extent

such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42.**

All documents relating to the development, reduction to practice, or testing of any subject

matter described or claimed in the Patent-in-Suit or any Related Patents, including, but not limited

to, engineering and laboratory notebooks, logbooks, record books, memorandum, design reviews,

progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, or other files.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 42 as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks documents relating to "any subject matter described or claimed in the Patent-in-Suit or any Related Patents." Qorvo further objects to Request No. 42 as vague, ambiguous, and duplicative insofar as Request No. 42 seeks the same material as Request No. 7. Qorvo refers to its response to Request No. 7 for such materials.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents concerning the conception and reduction to practice of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43.**

All documents and things related to BAW filter products of Broadcom, Skyworks and Resonant, including documents illustrating your knowledge thereof and any analysis regarding the structure and/or operation of such products, including any reverse engineering done on such products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 43 as not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it concerns products other than the accused products.

Based on the foregoing general and specific objections, Qorvo will not produce documents

responsive to the Request.

**REQUEST FOR PRODUCTION NO. 44.**

All documents related to whether the purported invention claimed by the Patents-in-Suit are nonobvious, including but not limited to documents related to copying, long felt but unsolved need, failure of others, commercial success, unexpected results created by the claimed purported invention, unexpected properties of the claimed purported invention, licenses showing industry respect for the purported invention, and skepticism of skilled artisans before the purported invention.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 44 to the extent it seeks the disclosure of materials governed by the Local Patent Rules 3.7 or 3.8.  Qorvo further objects to Request No. 44 to the extent it seeks the premature disclosure of expert opinions and related materials concerning the validity of the asserted patents.  Qorvo's response to Request No. 44 is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning validity as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45.**

All documents, including publications, articles, advertisements, trade show materials, and promotional literature, or awards or other recognition discussing the purported inventions claimed by the Patents-in-Suit, or any actual or potential BAW filter products that would embody the purported

inventions claimed by the Patents-in-Suit.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 45 as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents discussing the inventions of the asserted patents to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46.**

All documents and things identified or requested to be identified in response to the Akoustis First Set of Requests.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 46 as vague, ambiguous, overly broad and unduly burdensome to the extent it requests all documents "identified or requested in Akoustis' First Set of Interrogatories."  Qorvo further incorporates by reference the general and specific objections raised in response to Akoustis' First Set of Interrogatories.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to the Request.

Dated:  May 23, 2022

                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                         */s/ Robert M. Masters*
                         Jack B. Blumenfeld (#1014)|
                         Jeremy A. Tigan (#5239)
                         1201 North Market Street
                         P.O. Box 1347
                         Wilmington, DE 19899
                         (302) 658-9200
                         jblumenfeld@morrisnichols.com
                         jtigan@morrisnichols.com

                         *Attorneys for Plaintiff*

**OF COUNSEL:**

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2645

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on May 23, 2022, a true and correct copy of the foregoing was served to all counsel of record via e-mail.


Dated:  May 23, 2022


                   By: */s/ Roy Jung* _____
                         Roy Jung