# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AKOUSTIS TECHNOLOGIES, INC. and )<br>AKOUSTIS, INC., )<br>)<br>Defendants. ) | C.A. No. 21-1417-JPM |

### DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 47-113)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis' counsel within 30 days after being served with these Requests for Production of Documents and Things ("Requests").

### DEFINITIONS

As used herein and in all further requests for production, unless specified otherwise, the terms listed below shall be defined below. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1. The term "Defendant" or "Defendants" means one or more of the defendants in this action, including Akoustis Technology, Inc. and Akoustis, Inc.

1

2. The term "you" and "your" means Plaintiff Qorvo, Inc.

3. The term "First Amended Complaint" refers to the First Amended Complaint filed by Qorvo, Inc. on February 18, 2022 (D.I. 28).

4. The term "'786 patent" refers to U.S. Patent No. 10,256,786.

5. The term "Qorvo BAW Proprietary Information" refers to that term as defined in paragraph 20 of Qorvo's First Amended Complaint (*i.e.*, "Examples of Qorvo's confidential and proprietary information include, but are not limited to, technical expertise and know-how, such as BAW filter designs, specifications, development methods and techniques, material specifications, design tolerances, packaging, quality assurance and testing, manufacturing specifications, methods, and techniques; and business information, such as future product development and refinement plans, pricing information, cost information, marketing and sales strategies, internal organization structures, employee information, and capabilities, as well as supplier lists, customer lists, contracts, demands, desires, and requirements related to the BAW filters (together referred to herein as the 'Qorvo BAW Proprietary Information').").

6. The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

7. The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

8. The term "document" or "documents" means any original and every non-identical

copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

9. The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

10. The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

11. Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

12. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

13. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

14. The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

15. The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

16. The terms "including" and "includes" mean "including but not limited to."

## INSTRUCTIONS

1. You must immediately take reasonable steps, if not already undertaken, to preserve

all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2.  If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3.  Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature. If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4.  Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

   a. The type of document;

   b. The general subject matter of the document;

   c. The date of the document;

   d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the

          applicability of the privilege or protection claimed by you;

    e.   The nature and basis of the privilege claimed;

    f.   If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

    g.   Any other information necessary to support the claim of privilege.

5.    If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6.    You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7.    If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8.    If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s).  Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9.    Documents and electronically stored information ("ESI") are to be produced in accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol") filed on April 27, 2022.  Akoustis stands ready to meet and confer to discuss the best and most efficient way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules

of this jurisdiction. You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 47.**

All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology.

**REQUEST FOR PRODUCTION NO. 48.**

All documents or communications concerning or reflecting Akoustis' advertising, marketing, development, or manufacture of single crystal technology.

**REQUEST FOR PRODUCTION NO. 49.**

All documents and communications concerning or reflecting Akoustis' website.

**REQUEST FOR PRODUCTION NO. 50.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the '786 patent.

**REQUEST FOR PRODUCTION NO. 51.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the '786 patent.

**REQUEST FOR PRODUCTION NO. 52.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**REQUEST FOR PRODUCTION NO. 53.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the underlying preferred or alternative

7

applications of the '786 patent.

**REQUEST FOR PRODUCTION NO. 54.**

All documents and communications concerning or reflecting Akoustis' recruiting or hiring of any current or former Qorvo employee.

**REQUEST FOR PRODUCTION NO. 55.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to Akoustis, if any.

**REQUEST FOR PRODUCTION NO. 56.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to any third party, if any.

**REQUEST FOR PRODUCTION NO. 57.**

All documents and communications concerning or reflecting any request by Akoustis for disclosure of, or any effort by Akoustis to target or obtain, any Qorvo BAW Proprietary Information, if any.

**REQUEST FOR PRODUCTION NO. 58.**

All documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.

**REQUEST FOR PRODUCTION NO. 59.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by Akoustis.

**REQUEST FOR PRODUCTION NO. 60.**

All documents and communications concerning or reflecting any use of any Qorvo BAW

Proprietary Information by any third party, whether authorized or unauthorized by you.

**REQUEST FOR PRODUCTION NO. 61.**

As to any Qorvo BAW Proprietary Information you contend was disclosed to Akoustis, documents sufficient to show the identity of any other third party who had access to said Qorvo BAW Proprietary Information and the specific Qorvo BAW Proprietary Information that was provided to said third party.

**REQUEST FOR PRODUCTION NO. 62.**

As to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.

**REQUEST FOR PRODUCTION NO. 63.**

All documents and communications concerning the alleged "recruitment scheme" by Akoustis, as alleged in Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 64.**

All documents and communications concerning the allegations in paragraph 54 of Qorvo's First Amended Complaint, including all documents and communications consisting of or relating to the Qorvo Product Engineer's reporting of the alleged incident to his or her supervisor.

**REQUEST FOR PRODUCTION NO. 65.**

A full and complete copy of the corporate yield page described in paragraph 54 of Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 66.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any information found on Qorvo's corporate yield page referenced in paragraph 54 of Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 67.**

All documents and communications concerning the December 2021 issue of Wireless Watch described in paragraph 64 of Qorvo's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 68.**

All documents and communications concerning or reflecting any public statements that indicate Akoustis obtained Qorvo BAW Proprietary Information.

**REQUEST FOR PRODUCTION NO. 69.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.

**REQUEST FOR PRODUCTION NO. 70.**

All documents and communications concerning or reflecting Qorvo's agreements with any ex-Qorvo employee hired by Akoustis, including copies of all such agreements.

**REQUEST FOR PRODUCTION NO. 71.**

All documents and communications reflecting or concerning the separation from Qorvo of any ex-Qorvo employee hired by Akoustis, including documents and communications concerning the reason for such separations, any efforts by Qorvo to retain such employees, and any exit interview of each former Qorvo employee.

**REQUEST FOR PRODUCTION NO. 72.**

All documents and communications reflecting or concerning the disclosure of any alleged Qorvo BAW Proprietary Information by any ex-Qorvo employee hired by Akoustis, including any effort that Qorvo undertook to address any alleged disclosure.

**REQUEST FOR PRODUCTION NO. 73.**

All documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis.

**REQUEST FOR PRODUCTION NO. 74.**

All documents and communications concerning the rate of employee turnover at Qorvo.

**REQUEST FOR PRODUCTION NO. 75.**

All documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers.

**REQUEST FOR PRODUCTION NO. 76.**

All documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee.

**REQUEST FOR PRODUCTION NO. 77.**

All documents and communications concerning or reflecting Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing.

**REQUEST FOR PRODUCTION NO. 78.**

All documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**REQUEST FOR PRODUCTION NO. 79.**

Documents sufficient to identify the names, titles, roles and responsibilities, of all current

or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**REQUEST FOR PRODUCTION NO. 80.**

All document and communications reflecting any training, education, policies or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance or the authorized use of computer systems, networks, or documents.

**REQUEST FOR PRODUCTION NO. 81.**

All Qorvo BAW Proprietary Information that was made available to Qorvo employees that you allege was targeted or acquired by Akoustis by hiring former Qorvo employees.

**REQUEST FOR PRODUCTION NO. 82.**

All Qorvo BAW Proprietary Information that Robert Dry had access to or was aware of as Qorvo's Director of Infrastructure and Defense Packaging business that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 83.**

All Qorvo BAW Proprietary Information that David Breton had access to or was aware of as Qorvo's Manager of BAW Research and Development that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 84.**

All Qorvo BAW Proprietary Information that Guillermo Moreno had access to or was aware of as a Senior BAW Design Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 85.**

All Qorvo BAW Proprietary Information that William Schmid had access to or was aware of as a Senior RF Test Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 86.**

All Qorvo BAW Proprietary Information that Kindra Lane had access to or was aware of as a Senior NPI Planner at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 87.**

All Qorvo BAW Proprietary Information that Wendy Wright had access to or was aware of as a Senior Business Analyst at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 88.**

All Qorvo BAW Proprietary Information that Paul Makowenskyj had access to or was aware of as a Senior Customer Quality Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 89.**

All Qorvo BAW Proprietary Information that Tony Espinoza had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 90.**

All Qorvo BAW Proprietary Information that Ali-Imran Bawangaonwala had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 91.**

All Qorvo BAW Proprietary Information that Todd Bender had access to or was aware of

that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 92.**

All Qorvo BAW Proprietary Information that Shawn Gibb had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 93.**

All Qorvo BAW Proprietary Information that David Hodge had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 94.**

All Qorvo BAW Proprietary Information that Rohan Houlden had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 95.**

All Qorvo BAW Proprietary Information that Joonbum Kwon had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 96.**

All Qorvo BAW Proprietary Information that John Myrick had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 97.**

All Qorvo BAW Proprietary Information that Ya Shen had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 98.**

All Qorvo BAW Proprietary Information that Mitali Pathak had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**REQUEST FOR PRODUCTION NO. 99.**

To the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication.

**REQUEST FOR PRODUCTION NO. 100.**

All communications with or among members of your Board of Directors concerning Akoustis or this litigation.

**REQUEST FOR PRODUCTION NO. 101.**

All documents and communications concerning the potential or actual value, business, or advantages of Akoustis, including any documents concerning or reflecting Akoustis as a possible acquisition or merger target, describing any synergies or differences between Qorvo and Akoustis, or comparing or contrasting Akoustis with Qorvo or any other entity involved in BAW filter technology.

**REQUEST FOR PRODUCTION NO. 102.**

All documents and communications comprising, concerning or reflecting publications or presentations by Akoustis or its employees about BAW filter technology, including but not limited to single crystal BAW filters.

**REQUEST FOR PRODUCTION NO. 103.**

All documents that reflect or relate to any investigation of the allegations in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 104.**

Organizational charts sufficient to show the names, positions, titles, duties, roles, and reporting relationships of all officers, employees, and other personnel involved in, or supervising those involved in, the design, development, operation, manufacture, testing, marketing, offer for

sale, or sale of any Qorvo BAW filter.

**REQUEST FOR PRODUCTION NO. 105.**

All draft or final studies, reports, or analyses relating to the BAW filter market, including any studies, reports, or analyses pertaining to market share, market demand, market segments, competition, or consumer surveys in or about the market for BAW filters.

**REQUEST FOR PRODUCTION NO. 106.**

All draft or final studies, reports, tests, or analyses relating to single crystal BAW filters, including any studies, reports, tests, or analyses pertaining to engineering, manufacturing, functionality, viability, market share, market demand, market segments, competition, or consumer demand pertaining to single-crystal BAW filters.

**REQUEST FOR PRODUCTION NO. 107.**

All documents relating to any products that compete with any Qorvo BAW Filter, including any analyses of the strengths or weaknesses of other products compared to any Qorvo BAW filter.

**REQUEST FOR PRODUCTION NO. 108.**

All documents identified in your complaint (including any amendments thereto) or used, relied on or considered in drafting your complaint and any amendments thereto.

**REQUEST FOR PRODUCTION NO. 109.**

All documents identified in your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting your initial disclosures.

**REQUEST FOR PRODUCTION NO. 110.**

All documents you received in response to any subpoenas propounded by you in connection with this case.

**REQUEST FOR PRODUCTION NO. 111.**

All documents identified in your responses to all Interrogatories and or used, relied on, or considered by you in drafting your responses to interrogatories.

**REQUEST FOR PRODUCTION NO. 112.**

All documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

**REQUEST FOR PRODUCTION NO. 113.**

Documents sufficient to describe all your electronic data and document retention policies.

Dated: May 5, 2022

| | |
|---|---|
| PILLSBURY WINTHROP<br>SHAW PITTMAN LLP | BAYARD, P.A. |
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | */s/ Ronald P. Golden III*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900<br>robert.fuhrer@pillsburylaw.com | *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* |
| David L. Stanton<br>725 S. Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | |
| *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* | |