Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 47-113)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable

Local Civil Rules of the United States District Court for the District of Delaware ("Local

Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its

first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc.

(collectively, "Akoustis" or "Defendants") Second Set of Requests for Production (Nos. 47-113)

(collectively, the "Requests," and each, individually, a "Request").

**GENERAL RESERVATIONS AND OBJECTIONS**

Qorvo generally objects to Defendants' Requests as follows. These general objections

shall be incorporated by reference into each response below.

1.      Qorvo's responses are made solely for the purpose of this action.

2.      Qorvo's investigation and development of all facts and circumstances relating to

this action is ongoing.  By making the accompanying responses and objections to Defendants'

Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections

as to the admissibility of such responses into evidence in this action, or in any other proceedings,

on any and all grounds including, but not limited to, competency, relevancy, proportionality,

materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.      Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.      Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.      Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.      Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document,

or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

10.     Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they

seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties.  Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.   Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.   Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.   Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.   Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.   Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

## **GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS**

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to the definition of "Defendant" or "Defendants" as the definition does not correctly reflect the Defendants of this action.  Qorvo also objects to the extent the definition seeks to require Qorvo to have independent knowledge relating to the identity of "any" of Akoustis' "parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers."

2.      Qorvo objects to Akoustis' definition of "you," "your" or "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent Akoustis' definition seek material and information not within Qorvo Inc.'s possession, custody, or control.

3.      Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

4.      Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent Akoustis' definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

5.      Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality

limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

6.       Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## **GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS**

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.       Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent Akoustis' Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure and the Local Rules.

2.       Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI. Qorvo will adhere to the ESI Protocol in responding the Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 47.**

All documents reflecting or concerning communications with or about Akoustis' or Qorvo's customers, potential customers, investors, or potential investors and concerning Akoustis' single crystal technology.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 47 as vague, ambiguous, and incomprehensible to the extent it seeks documents "about . . . and concerning . . . ." Qorvo further objects to Request No. 47 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks Qorvo's communications concerning Akoustis' purported single crystal technology.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce responsive communications from Akoustis or Qorvo's customers, potential customers, investors, or potential investors concerning Akoustis' purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48.**

All documents or communications concerning or reflecting Akoustis' advertising, marketing, development, or manufacture of single crystal technology.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49.**

All documents and communications concerning or reflecting Akoustis' website.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 49 as seeking information already accessible to Akoustis to the extent it seeks documents "reflecting Akoustis' website."  Qorvo further objects to Request No. 49 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent the Request seeks any and all "communications concerning . . . Akoustis' website."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any communications from Akoustis or any customers, potential customers, investors, or potential investors concerning statements on Akoustis' website about Akoustis' purported single crystal technology to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 50 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 51 as overly broad, unduly burdensome, not relevant to any party's claim of defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52.**

All documents and communications concerning or reflecting Qorvo's knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 52 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53.**

All documents and communications concerning or reflecting Qorvo's customers' or potential customers' knowledge or understanding of the underlying preferred or alternative applications of the '786 patent.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 53 as overly broad, unduly burdensome, not relevant to any party's claim of defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54.**

All documents and communications concerning or reflecting Akoustis' recruiting or hiring of any current or former Qorvo employee.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 55.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to Akoustis, if any.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 56.**

All documents and communications concerning or reflecting any disclosure of Qorvo BAW Proprietary Information to any third party, if any.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 56 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57.**

All documents and communications concerning or reflecting any request by Akoustis for disclosure of, or any effort by Akoustis to target or obtain, any Qorvo BAW Proprietary Information, if any.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58.**

All documents and communications concerning or reflecting any request by any third party for disclosure of or any effort by any third party to obtain any Qorvo BAW Proprietary Information.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 58 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60.**

All documents and communications concerning or reflecting any use of any Qorvo BAW Proprietary Information by any third party, whether authorized or unauthorized by you.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 60 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61.**

As to any Qorvo BAW Proprietary Information you contend was disclosed to Akoustis, documents sufficient to show the identity of any other third party who had access to said Qorvo BAW Proprietary Information and the specific Qorvo BAW Proprietary Information that was provided to said third party.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62.**

As to any Qorvo BAW Proprietary Information that was disclosed to any third-party, documents sufficient to show the terms and conditions of such disclosure.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 62 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63.**

All documents and communications concerning the alleged "recruitment scheme" by Akoustis, as alleged in Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64.**

All documents and communications concerning the allegations in paragraph 54 of Qorvo's First Amended Complaint, including all documents and communications consisting of or relating to the Qorvo Product Engineer's reporting of the alleged incident to his or her supervisor.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65.**

A full and complete copy of the corporate yield page described in paragraph 54 of Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 66.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any information found on Qorvo's corporate yield page referenced in paragraph 54 of Qorvo's First Amended Complaint.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 66 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67.**

All documents and communications concerning the December 2021 issue of Wireless Watch described in paragraph 64 of Qorvo's First Amended Complaint.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68.**

All documents and communications concerning or reflecting any public statements that indicate Akoustis obtained Qorvo BAW Proprietary Information.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69.**

All documents and communications concerning or reflecting any disclosure by Qorvo to any customer, potential customer, media, or other third party concerning any of Qorvo's Wi-Fi 6E 6GHz products.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 69 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 70.**

All documents and communications concerning or reflecting Qorvo's agreements with any ex-Qorvo employee hired by Akoustis, including copies of all such agreements.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 71.**

All documents and communications reflecting or concerning the separation from Qorvo of any ex-Qorvo employee hired by Akoustis, including documents and communications concerning the reason for such separations, any efforts by Qorvo to retain such employees, and any exit interview of each former Qorvo employee.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 72.**

All documents and communications reflecting or concerning the disclosure of any alleged Qorvo BAW Proprietary Information by any ex-Qorvo employee hired by Akoustis, including any effort that Qorvo undertook to address any alleged disclosure.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 73.**

All documents and communications concerning Qorvo's hiring of employees to replace any ex-Qorvo employee hired by Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 73 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 74.**

All documents and communications concerning the rate of employee turnover at Qorvo.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 74 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 75.**

All documents and communications concerning or reflecting Qorvo's policies or procedures concerning recruiting or hiring employees subject to confidentiality or non-disclosure agreements with such employees' former employers.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 75 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 76.**

All documents and communications concerning or reflecting Qorvo's planned or actual evaluation, recruitment or hiring of any current or former Akoustis employee.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 76 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77.**

All documents and communications concerning or reflecting Qorvo's efforts to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology engineering, marketing, logistics, supply chain, product development, testing or manufacturing.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 77 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78.**

All documents and communications reflecting or concerning Qorvo's use of third-party or in-house recruiters to identify, recruit or hire personnel with prior expertise or experience in BAW filter technology, including personnel with skills in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 78 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79.**

Documents sufficient to identify the names, titles, roles and responsibilities, of all current or former Qorvo employees, who had prior experience or expertise, before joining Qorvo, in BAW filter technology, including personnel with prior experience in engineering, marketing, logistics, supply chain, product development, testing or manufacturing of BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 79 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 80.**

All document and communications reflecting any training, education, policies or procedures received by any of the former Qorvo employees named or referenced in the First Amended Complaint with respect to data security, confidentiality, data management, information governance or the authorized use of computer systems, networks, or documents.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 80 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 81.**

All Qorvo BAW Proprietary Information that was made available to Qorvo employees that you allege was targeted or acquired by Akoustis by hiring former Qorvo employees.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 82.**

All Qorvo BAW Proprietary Information that Robert Dry had access to or was aware of as Qorvo's Director of Infrastructure and Defense Packaging business that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83.**

All Qorvo BAW Proprietary Information that David Breton had access to or was aware of as Qorvo's Manager of BAW Research and Development that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 84.**

All Qorvo BAW Proprietary Information that Guillermo Moreno had access to or was aware of as a Senior BAW Design Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85.**

All Qorvo BAW Proprietary Information that William Schmid had access to or was aware of as a Senior RF Test Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 86.**

All Qorvo BAW Proprietary Information that Kindra Lane had access to or was aware of as a Senior NPI Planner at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 87.**

All Qorvo BAW Proprietary Information that Wendy Wright had access to or was aware of as a Senior Business Analyst at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 88.**

All Qorvo BAW Proprietary Information that Paul Makowenskyj had access to or was aware of as a Senior Customer Quality Engineer at Qorvo that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 89.**

All Qorvo BAW Proprietary Information that Tony Espinoza had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 90.**

All Qorvo BAW Proprietary Information that Ali-Imran Bawangaonwala had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 91.**

All Qorvo BAW Proprietary Information that Todd Bender had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 92.**

All Qorvo BAW Proprietary Information that Shawn Gibb had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 93.**

All Qorvo BAW Proprietary Information that David Hodge had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 94.**

All Qorvo BAW Proprietary Information that Rohan Houlden had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95.**

All Qorvo BAW Proprietary Information that Joonbum Kwon had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 96.**

All Qorvo BAW Proprietary Information that John Myrick had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 97.**

All Qorvo BAW Proprietary Information that Ya Shen had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98.**

All Qorvo BAW Proprietary Information that Mitali Pathak had access to or was aware of that you contend was targeted, acquired or used by Akoustis.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 99.**

To the extent not otherwise provided, all communications between Qorvo and any person employed by Akoustis at the time of the communication.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 99 as overly broad and unduly burdensome to the extent it purports to seek all communications between Qorvo and Akoustis on any topic regardless of relevance to the subject matter of this case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 100.**

All communications with or among members of your Board of Directors concerning Akoustis or this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 101.**

All documents and communications concerning the potential or actual value, business, or advantages of Akoustis, including any documents concerning or reflecting Akoustis as a possible acquisition or merger target, describing any synergies or differences between Qorvo and Akoustis, or comparing or contrasting Akoustis with Qorvo or any other entity involved in BAW filter technology.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 101 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 102.**

All documents and communications comprising, concerning or reflecting publications or presentations by Akoustis or its employees about BAW filter technology, including but not limited to single crystal BAW filters.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 102 as overly broad and unduly burdensome to the extent the Request asks Qorvo to search for and produce Akoustis "publications or presentations" that are equally available to Defendants.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 103.**

All documents that reflect or relate to any investigation of the allegations in the First Amended Complaint.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 103 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case. Request No. 103 is expressly drafted to encompass materials created in

anticipation of litigation, which are protected under the attorney-client privilege and attorney work product doctrines. Akoustis' goal in pursuing this Request is to increase Qorvo's litigation costs by forcing Qorvo to create a log of litigation-related privileged materials. In typical cases, parties agree to waive privilege logs for such materials. Qorvo agreed to do so with respect to documents Akoustis created in investigation of the claims in this litigation. Akoustis, however, has refused to waive the logging requirement for Qorvo and has, instead, served this Request expressly directed to privileged materials. Qorvo believes Akoustis' efforts to increase Qorvo's litigation costs make this case "exceptional" under 35 U.S.C. § 285, thus, Qorvo reserves its right to seek such fees incurred in responding to Request No. 103 under § 285. Accordingly, an award of attorneys' fees incurred in logging litigation-related privileged materials to Qorvo will be justified.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 104.**

Organizational charts sufficient to show the names, positions, titles, duties, roles, and reporting relationships of all officers, employees, and other personnel involved in, or supervising those involved in, the design, development, operation, manufacture, testing, marketing, offer for sale, or sale of any Qorvo BAW filter.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 105.**

All draft or final studies, reports, or analyses relating to the BAW filter market, including any studies, reports, or analyses pertaining to market share, market demand, market segments, competition, or consumer surveys in or about the market for BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106.**

All draft or final studies, reports, tests, or analyses relating to single crystal BAW filters, including any studies, reports, tests, or analyses pertaining to engineering, manufacturing, functionality, viability, market share, market demand, market segments, competition, or consumer demand pertaining to single-crystal BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 107.**

All documents relating to any products that compete with any Qorvo BAW Filter, including any analyses of the strengths or weaknesses of other products compared to any Qorvo BAW filter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 107 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 108.**

All documents identified in your complaint (including any amendments thereto) or used, relied on or considered in drafting your complaint and any amendments thereto.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 108 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your complaint and any amendments thereto." Qorvo further objects to the extent Request No. 108 is directed to harassing Qorvo and increasing Qorvo's litigation costs by requiring Qorvo to log litigation-related privileged documents. For the same reasons set forth in response to Request No. 103, Qorvo reserves the right to seek an award of attorneys fees incurred in responding to Request No. 108.

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in the Complaint to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 109.**

All documents identified in your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting your initial disclosures.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 109 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your initial disclosures."

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in its initial disclosures to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 110.**

All documents you received in response to any subpoenas propounded by you in connection with this case.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111.**

All documents identified in your responses to all Interrogatories and or used, relied on, or considered by you in drafting your responses to interrogatories.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 111 as vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks any documents "used, relied or considered in drafting your responses to interrogatories."

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents identified in its interrogatory responses to the extent such documents are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 112.**

All documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 112 as vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving the foregoing general or specific objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 113.**

Documents sufficient to describe all your electronic data and document retention policies.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce any non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

June 6, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                          *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                              *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*
_____

Jeremy A. Tigan (#5239)