# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 114-155)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis

Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request

that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis'

counsel within 30 days after being served with these Requests for Production of Documents and

Things ("Requests").

**DEFINITIONS**

As used herein and in all further requests for production, unless specified otherwise, the

terms listed below shall be defined below.  Insofar as a term is not explicitly defined, the meaning

to be used is the commonly accepted definition of the term.  Notwithstanding any definition set

forth below, each word, term, or phrase used in these Requests is intended to have the broadest

meaning permitted under the Federal Rules of Civil Procedure.  In these Requests, the following

terms are to be given their ascribed definitions:

1.      The term "Akoustis" means Defendants Akoustis Technologies, Inc. and Akoustis,

Inc.

1

2.      The terms "you" and "your" refer to Plaintiff Qorvo, Inc.

3.      The term "First Amended Complaint" refers to the First Amended Complaint filed by Qorvo, Inc. on February 18, 2022 (D.I. 28).

4.      The term "'786 patent" refers to U.S. Patent No. 10,256,786.

5.      The term "Qorvo BAW Proprietary Information" refers to that term as defined in paragraph 20 of Qorvo's First Amended Complaint (*i.e.*, "Examples of Qorvo's confidential and proprietary information include, but are not limited to, technical expertise and know-how, such as BAW filter designs, specifications, development methods and techniques, material specifications, design tolerances, packaging, quality assurance and testing, manufacturing specifications, methods, and techniques; and business information, such as future product development and refinement plans, pricing information, cost information, marketing and sales strategies, internal organization structures, employee information, and capabilities, as well as supplier lists, customer lists, contracts, demands, desires, and requirements related to the BAW filters (together referred to herein as the 'Qorvo BAW Proprietary Information').").

6.      The term "Qorvo BAW Filter Product" refers to any Qorvo BAW filter product that you contend (a) competes with one or more Akoustis BAW filter products and/or (b) practices the asserted patents.

7.      The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

8.      The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail,

text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

9.      The term "document" or "documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-

identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

10.     The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

11.     The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

12.     Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

13.     The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

14.     The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

15.     The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

16.     The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

17.     The terms "including" and "includes" mean "including but not limited to."

**INSTRUCTIONS**

1.     You must immediately take reasonable steps, if not already undertaken, to preserve all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2.     If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3.     Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature.  If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4.     Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

    a.   The type of document;

    b.   The general subject matter of the document;

    c.   The date of the document;

    d.   Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the

document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the applicability of the privilege or protection claimed by you;

e.  The nature and basis of the privilege claimed;

f.  If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

g.  Any other information necessary to support the claim of privilege.

5.      If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6.      You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7.      If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8.      If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s).  Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9.      Documents and electronically stored information ("ESI") are to be produced in

accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol") filed

on April 27, 2022.  Akoustis stands ready to meet and confer to discuss the best and most efficient

way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules

of this jurisdiction.  You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 114:**

Documents sufficient to show, on a quarterly basis, the financial information that you

maintain with respect to each Qorvo BAW Filter Product, including without limitation revenue,

units sold, location of sales, cost of goods sold (variable and fixed), profit before taxes (net of any

returns, allowances, or credits), and research and development investment and expenses.

**REQUEST FOR PRODUCTION NO. 115:**

Documents sufficient to show all sales of each Qorvo BAW Filter Product to each customer

by quarter.

**REQUEST FOR PRODUCTION NO. 116:**

Documents sufficient to show all sales of each Qorvo BAW Filter Product through each of

your distribution channels.

**REQUEST FOR PRODUCTION NO. 117:**

All documents reflecting your financial projections related to any Qorvo BAW Filter

Product.

**REQUEST FOR PRODUCTION NO. 118:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years

2021 and 2022 that "MP competes primarily with Broadcom Inc.; Murata Manufacturing Co., Ltd.;

NXP Semiconductors N.V.; Qualcomm Technologies, Inc.; and Skyworks Solutions, Inc.," to the

extent that such documents relate to any Qorvo BAW Filter Product.

**REQUEST FOR PRODUCTION NO. 119:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years 2019 and 2020 that "MP competes primarily with Broadcom Limited; Murata Manufacturing Co., Ltd.; Qualcomm Technologies, Inc.; and Skyworks Solutions, Inc.," to the extent that such documents relate to any Qorvo BAW Filter Product.

**REQUEST FOR PRODUCTION NO. 120:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years 2017 and 2018 that "We compete primarily with the following companies: Analog Devices, Inc.; Broadcom Limited; M/A-COM Technology Solutions, Inc.; Murata Manufacturing Co., Ltd.; Northrop Grumman Corporation; Qualcomm Technologies, Inc.; Skyworks Solutions, Inc.; and Sumitomo Electric Device Innovations," to the extent that such documents relate to any Qorvo BAW Filter Product.

**REQUEST FOR PRODUCTION NO. 121:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Year 2016 that "We compete primarily with the following companies: Analog Devices, Inc.; Broadcom Limited; M/A-COM Technology Solutions, Inc.; Murata Manufacturing Co., Ltd.; Qualcomm Technologies, Inc.; Raytheon Company; Skyworks Solutions, Inc.; and Sumitomo Electric Device Innovations," to the extent that such documents relate to any Qorvo BAW Filter Product.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and communications by your customers and by your potential customers that reflect any factor(s) considered by any of your customers or potential customers in connection with their decision on whether to purchase BAW filter(s), including but not limited to, any internal

marketing reviews or other summaries.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and communications related to any factors that affect your retention of Qorvo BAW Filter Product customers, including without limitation the cost of changing BAW filter suppliers, the lifecycle of customer products incorporating BAW filters sold by Qorvo and its competitors, the pricing of BAW filters sold by Qorvo and its competitors, performance and technology differences between BAW filters sold by Qorvo and its competitors, and quality considerations (including complaints by customers) with respect to BAW filters sold by Qorvo and its competitors.

**REQUEST FOR PRODUCTION NO. 124:**

Documents and communications sufficient to show the pricing of BAW filters sold by Qorvo and one or more of its competitors.

**REQUEST FOR PRODUCTION NO. 125:**

Documents and communications sufficient to show the performance and technology differences between BAW filters sold by Qorvo and BAW filters sold by Qorvo's competitors.

**REQUEST FOR PRODUCTION NO. 126:**

Documents and communications sufficient to show Qorvo's BAW filter market share from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 127:**

Documents and communications sufficient to show BAW filter market share of any BAW filter entity from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 128:**

All documents constituting comparative sales and marketing materials about Qorvo's

BAW filters, including comparative sales and/or marketing matrixes, comparative advertisements, and collateral provided to customers about Qorvo's BAW filters and the BAW filter marketplace.

**REQUEST FOR PRODUCTION NO. 129:**

All documents constituting SWOT (i.e., Strengths, Weaknesses, Opportunities and Threats) analyses to the extent that such documents relate to any Qorvo BAW Filter Product, regardless of whether such analyses were developed by Qorvo or other persons.

**REQUEST FOR PRODUCTION NO. 130:**

All documents constituting studies of the BAW filter market, regardless of whether such studies were developed by Qorvo or other persons.

**REQUEST FOR PRODUCTION NO. 131:**

All documents and communications sufficient to show post-production quality considerations (including complaints by customers) with respect to any Qorvo BAW Filter Product sold by Qorvo, including summary quality reports and customer feedback reports.

**REQUEST FOR PRODUCTION NO. 132:**

Documents and communications sufficient to show the average length of your retention of Qorvo BAW Filter Product customers.

**REQUEST FOR PRODUCTION NO. 133:**

Documents and communications sufficient to show the length of time each Qorvo BAW Filter Product was used in each Qorvo customer's design.

**REQUEST FOR PRODUCTION NO. 134:**

Documents sufficient to show your Qorvo BAW Filter Product manufacturing capacity on a quarterly basis from 2015 to present.

**REQUEST FOR PRODUCTION NO. 135:**

All documents and communications related to your decision to acquire, in or around the

first quarter of fiscal year 2017, an additional wafer fabrication facility in Farmers Branch, Texas.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and communications related to any cost incurred to develop, acquire, or

otherwise obtain any Qorvo BAW Proprietary Information that you contend was disclosed to or

obtained by Akoustis in any way.

**REQUEST FOR PRODUCTION NO. 137:**

All financial information, documents, agreements and understandings, including but not

limited to license and other intracompany agreements, between you and any of your subsidiaries,

parent companies, or other affiliates, related to the use of any Qorvo BAW Proprietary Information

by such subsidiary, parent company, or other affiliate.

**REQUEST FOR PRODUCTION NO. 138:**

All financial information, documents, agreements and understandings, including but not

limited to license other intracompany agreements, between you and any of your subsidiaries,

parent companies, or other affiliates, related to the use of any Qorvo BAW Filter Product by such

subsidiary, parent company, or other affiliate.

**REQUEST FOR PRODUCTION NO. 139:**

All documents and communications with third parties that contain any Qorvo BAW

Proprietary Information that you contend was acquired by, used by, or otherwise wrongly obtained

by or disclosed to Akoustis.

**REQUEST FOR PRODUCTION NO. 140:**

Documents and communications sufficient to show any confidentiality agreements and/or

related restrictions, between Qorvo and any third party, pertaining to any Qorvo BAW Filter Product or any Qorvo BAW Proprietary Information.

**REQUEST FOR PRODUCTION NO. 141:**

All communications with Akoustis and any other documents concerning any alleged actual or potential usage of any Qorvo BAW Proprietary Information prior to the filing of the complaint in this matter.

**REQUEST FOR PRODUCTION NO. 142:**

All documents and communications concerning any former Qorvo employee's actual or potential usage of any Qorvo BAW Proprietary Information in any way that you contend relates to Akoustis.

**REQUEST FOR PRODUCTION NO. 143:**

All documents and communications concerning any alleged actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**REQUEST FOR PRODUCTION NO. 144:**

All documents and communications concerning any alleged actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**REQUEST FOR PRODUCTION NO. 145:**

All documents and communications concerning any damage caused to Qorvo by any alleged actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**REQUEST FOR PRODUCTION NO. 146:**

To the extent not otherwise provided, all documents and communications related to each and every shortcut in your assertion that "Akoustis pursued a series of shortcuts to compete in the market for thin-film bulk acoustic wave ("BAW") filters" (DE 41 at p. PDF 6).

**REQUEST FOR PRODUCTION NO. 147:**

To the extent not otherwise provided, all documents and communications related to your assertion that "Akoustis raided Qorvo employees to obtain confidential information to shortcut the time and investment normally required to enter the market for BAW filters" (DE 41 at p. PDF 13).

**REQUEST FOR PRODUCTION NO. 148:**

To the extent not otherwise provided, all documents and communications related to your assertion about "Akoustis' efforts to obtain confidential information from Qorvo's corporate yield page in late 2020" (DE 41 at p. PDF 18).

**REQUEST FOR PRODUCTION NO. 149:**

To the extent not otherwise provided, all documents and communications related to your assertion about "injury to Qorvo from Akoustis' scheme—i.e., Akoustis has used Qorvo's confidential information to shortcut the time to enter the market and to unfairly compete with Qorvo for sales" (DE 41 at p. PDF 23).

**REQUEST FOR PRODUCTION NO. 150:**

All documents and communications between you and your actual or potential customers concerning Akoustis.

**REQUEST FOR PRODUCTION NO. 151:**

All documents and communications between you and your actual or potential customers concerning Akoustis' technology, including Akoustis' single crystal technology.

**REQUEST FOR PRODUCTION NO. 152:**

To the extent not otherwise provided, all documents and communications between you and your actual or potential customers concerning the use of single crystal technology in connection with BAW filters.

**REQUEST FOR PRODUCTION NO. 153:**

All documents and communications that you contend show any type of confusion or other deception in the marketplace about Akoustis or the use of single crystal technology in connection with BAW filters.

**REQUEST FOR PRODUCTION NO. 154:**

All documents and communications that you contend show any misleading information in the marketplace about Akoustis or the use of single crystal technology in connection with BAW filters.

**REQUEST FOR PRODUCTION NO. 155:**

All documents and communications that you contend show any injury to Qorvo in connection with any Akoustis single crystal technology advertisements including, but not limited to, any declining sales, loss of good will or loss of one or more customers.

Dated:  December 9, 2022

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

 *Attorneys for Akoustis Technologies, Inc.*
 *and Akoustis, Inc.*

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

 *Attorneys for Akoustis Technologies, Inc. and*
 *Akoustis, Inc.*

15