Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 114-155)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis" or "Defendants") Third Set of Requests for Production (Nos. 114-155) (collectively, the "Requests," and each, individually, a "Request").

**<u>GENERAL RESERVATIONS AND OBJECTIONS</u>**

Qorvo generally objects to Defendants' Requests as follows. These general objections shall be incorporated by reference into each response below.

1.      Qorvo's responses are made solely for the purpose of this action.

2.      Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing.  By making the accompanying responses and objections to Defendants' Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, proportionality,

materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.     Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.     Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.     Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.     Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document,

or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.     Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.     Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.     Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

10.     Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they

seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties. Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.    Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.    Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.    Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.    Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.    Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its General Objections.

## <u>GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS</u>

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1. Qorvo objects to the definition of "Qorvo BAW Filter Product" as unduly burdensome to the extent it would require Qorvo to perform an infringement analysis to identify all products that practice (or do not practice) the claims of the asserted patents.

2. Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

3. Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent Akoustis' definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

4. Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

5. Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these

objections by reference in response to each of the discovery requests below:

1.     Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent Akoustis' Instructions impose any requirement or obligations beyond those required by or inconsistent with Federal Rules of Civil Procedure, the Local Rules, and ESI order (Dkt. 61).

2.     Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI. Qorvo will adhere to the ESI Protocol in responding the Requests.

<strong><u>OBJECTIONS AND RESPONSES TO REQUESTS</u></strong>

**REQUEST FOR PRODUCTION NO. 114:**

Documents sufficient to show, on a quarterly basis, the financial information that you maintain with respect to each Qorvo BAW Filter Product, including without limitation revenue, units sold, location of sales, cost of goods sold (variable and fixed), profit before taxes (net of any returns, allowances, or credits), and research and development investment and expenses.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "costs of goods sold (variable and fixed)," (ii) "profit before taxes (net of any returns, allowances, or credits)," and (iii) "research and development investment and expenses." Qorvo further objects to Request No. 114 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show unit sales of Qorvo BAW filters to the

extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 115:**

Documents sufficient to show all sales of each Qorvo BAW Filter Product to each customer by quarter.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 115 as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request seeks documents "sufficient to show sales." Qorvo further objects to Request No. 115 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show unit sales of Qorvo's BAW filters to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 116:**

Documents sufficient to show all sales of each Qorvo BAW Filter Product through each of your distribution channels.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "distribution channel." Further, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case to the extent it seeks documents specific to particular "distribution channels." Qorvo further objects to Request No. 116 as vague,

ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request seeks documents "sufficient to show sales." Qorvo further objects to Request No. 116 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 117:**

All documents reflecting your financial projections related to any Qorvo BAW Filter Product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 117 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests all documents reflecting "financial projections." Qorvo further objects that the term "financial projections" is vague, ambiguous, and subject to multiple meanings. Qorvo further objects that the scope of this request—"all documents relating" to financial productions—is vague, ambiguous, and potentially unlimited. Qorvo further objects to Request No. 117 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show projected unit sales of Qorvo's BAW filters to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 118:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years 2021 and 2022 that "MP competes primarily with Broadcom Inc.; Murata Manufacturing Co., Ltd.; NXP Semiconductors N.V.; Qualcomm Technologies, Inc.; and Skyworks Solutions, Inc.," to the extent that such documents relate to any Qorvo BAW Filter Product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks for "all documents" relied on or considered in stating that Qorvo's Mobile Products ("MP") compete primary with Broadcom, Murata, NXP, Qualcomm and Skyworks.  Qorvo further objects to Request No. 118 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 119:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years 2019 and 2020 that "MP competes primarily with Broadcom Limited; Murata Manufacturing Co., Ltd.; Qualcomm Technologies, Inc.; and Skyworks Solutions, Inc.," to the extent that such documents relate to any Qorvo BAW Filter Product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the

needs of the case to the extent it seeks for "all documents" relied on or considered in stating that Qorvo's Mobile Products ("MP") compete primarily with Broadcom, Murata, Qualcomm and Skyworks.  Qorvo further objects to Request No. 119 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 120:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Years 2017 and 2018 that "We compete primarily with the following companies: Analog Devices, Inc.; Broadcom Limited; M/A-COM Technology Solutions, Inc.; Murata Manufacturing Co., Ltd.; Northrop Grumman Corporation; Qualcomm Technologies, Inc.; Skyworks Solutions, Inc.; and Sumitomo Electric Device Innovations," to the extent that such documents relate to any Qorvo BAW Filter Product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks for "all documents" relied on or considered in stating that Qorvo's Mobile Products ("MP") compete primary with Analog Devices, Broadcom, M/A-COM, Murata, Northrop, Qualcomm, Skyworks, and Sumitomo.  Qorvo further objects to Request No. 120 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 121:**

All documents you relied on or considered in stating in your Form 10-K for Fiscal Year 2016 that "We compete primarily with the following companies: Analog Devices, Inc.; Broadcom Limited; M/A-COM Technology Solutions, Inc.; Murata Manufacturing Co., Ltd.; Qualcomm Technologies, Inc.; Raytheon Company; Skyworks Solutions, Inc.; and Sumitomo Electric Device Innovations," to the extent that such documents relate to any Qorvo BAW Filter Product.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks for "all documents" relied on or considered in stating that Qorvo's Mobile Products ("MP") compete primary with Analog Devices, Broadcom, M/A-COM, Murata, Qualcomm, Raytheon, Skyworks, and Sumitomo. Qorvo further objects to Request No. 121 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and communications by your customers and by your potential customers that reflect any factor(s) considered by any of your customers or potential customers in connection with their decision on whether to purchase BAW filter(s), including but not limited to, any internal marketing reviews or other summaries.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "potential customers," (ii) "decision on whether to purchase," (iii) "BAW filter," and (iv) "internal marketing reviews or other summaries." Further, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents and communications relating to any factor that any customer or potential customer may have considered in connection with purchasing BAW filters.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged any market reports and customer surveys related to Qorvo's BAW filters to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and communications related to any factors that affect your retention of Qorvo BAW Filter Product customers, including without limitation the cost of changing BAW filter suppliers, the lifecycle of customer products incorporating BAW filters sold by Qorvo and its competitors, the pricing of BAW filters sold by Qorvo and its competitors, performance and technology differences between BAW filters sold by Qorvo and its competitors, and quality considerations (including complaints by customers) with respect to BAW filters sold by Qorvo and its competitors.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "retention," (ii) "BAW filter suppliers," (iii) "lifecycle of customer products incorporating BAW filters," (iv) "performance and technology differences," and (v) "quality considerations." Qorvo also objects to the Request as

overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" relating to undefined "factors that affect …retention" of Qorvo BAW Filter Product customers.  Qorvo further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks any documents or communications that are in any way related to any "factor" that might have an impact on customer retention.  Such a request is nearly unlimited in scope.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 124:**

Documents and communications sufficient to show the pricing of BAW filters sold by Qorvo and one or more of its competitors.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the extent it seeks materials concerning "BAW filters sold by Qorvo *and* one or more of its competitors."   Further, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case to the extent it seeks pricing information.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

Documents and communications sufficient to show the performance and technology differences between BAW filters sold by Qorvo and BAW filters sold by Qorvo's competitors.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "performance and technology differences."

Further, Qorvo objects to the Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim of defense to the extent it seeks materials comparing "BAW filters sold by Qorvo and BAW filters sold by Qorvo's competitors" other than Akoustis.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show "performance and technology differences" (to the extent Qorvo understands that term) between Qorvo BAW filters and Akoustis' BAW Filters to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 126:**

Documents and communications sufficient to show Qorvo's BAW filter market share from January 1, 2010 to the present.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "Qorvo's BAW filter market share."  Further, Qorvo objects to the Request that requested information is beyond the relevant temporal scope of this case.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show Qorvo's BAW filter market share from October 4, 2015 to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 127:**

Documents and communications sufficient to show BAW filter market share of any BAW filter entity from January 1, 2010 to the present.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "BAW filter market share."  Further, Qorvo objects to the Request to the extent that it seeks information beyond the relevant temporal scope of this case.  Qorvo also objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks for "document and communications" sufficient to show market share of "any BAW filter entity."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show Qorvo's BAW filter market from October 4, 2015 to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 128:**

All documents constituting comparative sales and marketing materials about Qorvo's BAW filters, including comparative sales and/or marketing matrixes, comparative advertisements, and collateral provided to customers about Qorvo's BAW filters and the BAW filter marketplace.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "documents constituting comparative sales and marketing materials," (ii) "marketing matrixes," and (iii) "collateral provided to customers." Further, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defenses, and not proportional to the needs of the case to the extent it seeks documents comparing Qorvo's BAW filters generally to "the BAW filter marketplace." Further, Qorvo objects to the Request to the extent that it seeks information beyond the relevant temporal scope of this case.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged marketing materials about Qorvo's BAW filters, within a reasonable timeframe, to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 129:**

All documents constituting SWOT (i.e., Strengths, Weaknesses, Opportunities and Threats) analyses to the extent that such documents relate to any Qorvo BAW Filter Product, regardless of whether such analyses were developed by Qorvo or other persons.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 129 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged SWOT analyses of the asserted patents to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 130:**

All documents constituting studies of the BAW filter market, regardless of whether such studies were developed by Qorvo or other persons.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "constituting studies of the BAW filter market."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist,

and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 131:**

All documents and communications sufficient to show post-production quality considerations (including complaints by customers) with respect to any Qorvo BAW Filter Product sold by Qorvo, including summary quality reports and customer feedback reports.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrase "post-production quality considerations." Further, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case to the extent it seeks information concerning quality "considerations" of Qorvo products. Qorvo further objects to Request No. 131 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged customer surveys sufficient to show customers' feedback of Qorvo's BAW filters to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 132:**

Documents and communications sufficient to show the average length of your retention of Qorvo BAW Filter Product customers.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "retention." Qorvo further objects to Request No. 132 as unduly burdensome to the extent it would require Qorvo to perform an analysis to

17

identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects that the "average length" of "retention" of Qorvo's customers is not relevant to any claim or defense and therefore the Request is unduly burdensome, overly broad, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 133:**

Documents and communications sufficient to show the length of time each Qorvo BAW Filter Product was used in each Qorvo customer's design.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Request No. 133 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects that the "length of time each Qorvo BAW Filter Product is used in each Qorvo customer's design" is not relevant to any claim or defense and therefore the Request is unduly burdensome, overly broad, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 134:**

Documents sufficient to show your Qorvo BAW Filter Product manufacturing capacity on a quarterly basis from 2015 to present.

**RESPONSE:**

In addition to the General Objections, Qorvo to Request No. 134 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice

(or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.  Qorvo further objects that the Request is unduly burdensome, overly broad, not relevant to any party's claim or defense and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 135:**

All documents and communications related to your decision to acquire, in or around the first quarter of fiscal year 2017, an additional wafer fabrication facility in Farmers Branch, Texas.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and communications related to any cost incurred to develop, acquire, or otherwise obtain any Qorvo BAW Proprietary Information that you contend was disclosed to or obtained by Akoustis in any way.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents and communications" related to any cost incurred to "develop, acquire, or otherwise obtain any Qorvo BAW Proprietary Information."  Qorvo further objects to the Request to the extent it seeks the premature disclosure of expert opinions and related materials concerning

19

damages. Qorvo's response to the Request is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning damages as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order. Qorvo reserves the right to supplement this Request in due course.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce—including after Akoustis completes production of all documents and communications related to any Qorvo BAW Proprietary Information that was disclosed to or obtained by Akoustis—non-privileged documents sufficient to show costs incurred to develop, acquire, or otherwise obtain any Qorvo BAW Proprietary Information that was disclosed to or obtained by Akoustis to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 137:**

All financial information, documents, agreements and understandings, including but not limited to license and other intracompany agreements, between you and any of your subsidiaries, parent companies, or other affiliates, related to the use of any Qorvo BAW Proprietary Information by such subsidiary, parent company, or other affiliate.

**RESPONSE:**

In addition to the General Objections, Qorvo objects that Request No. 137 does not seek information relevant to any claim or defense in this litigation. Qorvo further objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "financial information," and (ii) "understandings."  Further, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all financial information, documents, agreements, and understandings" concerning any Qorvo BAW Proprietary Information regardless whether it was obtained by Akoustis.

Based on the foregoing general and specific objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 138:**

All financial information, documents, agreements and understandings, including but not limited to license other intracompany agreements, between you and any of your subsidiaries, parent companies, or other affiliates, related to the use of any Qorvo BAW Filter Product by such subsidiary, parent company, or other affiliate.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "financial information," (ii) "understandings," (iii) "license other intracompany agreements," and (iv) "use of any Qorvo BAW Filter Product." Further, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case to the extent it seeks for "[a]ll financial information, documents, agreements and understandings" of undefined "use of any Qorvo BAW Filter Product." Qorvo further objects to the Request as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Based on the foregoing general and specific objections, Qorvo will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 139:**

All documents and communications with third parties that contain any Qorvo BAW Proprietary Information that you contend was acquired by, used by, or otherwise wrongly obtained by or disclosed to Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any claim or defense and not proportional to the needs of the case to the extent it seeks "all documents and communications" containing any Qorvo BAW Proprietary Information that Qorvo contends was acquired by, used by, or otherwise wrongly obtained by or disclosed to Akoustis.

Subject to and without waiving the foregoing general objections, Qorvo agrees to meet and confer concerning the scope of this Request.

**REQUEST FOR PRODUCTION NO. 140:**

Documents and communications sufficient to show any confidentiality agreements and/or related restrictions, between Qorvo and any third party, pertaining to any Qorvo BAW Filter Product or any Qorvo BAW Proprietary Information.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "related restrictions." Further, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "documents and communications" concerning "any confidentiality agreement and/or related restrictions" "pertaining to any Qorvo BAW Filter Product." Qorvo further objects to Request No. 140 as unduly burdensome to the extent it would require Qorvo to perform an analysis to identify all products that practice (or do not practice) the claims of the asserted patents in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, and subject to Qorvo's ability to obtain proper consents from third parties, Qorvo will produce non-privileged confidentiality agreements entered into between Qorvo and third parties that pertain

to Qorvo BAW Proprietary Information (that was disclosed to or obtained by Akoustis), that are responsive to this Request, to the extent such documents exist, and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 141:**

    All communications with Akoustis and any other documents concerning any alleged actual or potential usage of any Qorvo BAW Proprietary Information prior to the filing of the complaint in this matter.

**RESPONSE:**

    In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, not relevant to any claim or defense and not proportional to the needs of the case to the extent it seeks "and any other documents concerning" any alleged actual or potential usage of any Qorvo BAW Proprietary Information.

    Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged communications responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 142:**

    All documents and communications concerning any former Qorvo employee's actual or potential usage of any Qorvo BAW Proprietary Information in any way that you contend relates to Akoustis.

**RESPONSE:**

    Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents and communications responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 143:**

    All documents and communications concerning any alleged actual or potential usage of

any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague, ambiguous, and overly broad as to the meaning of the term/phrase: "in any way affiliated with Akoustis."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 144:**

All documents and communications concerning any alleged actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**RESPONSE:**

This Requests is identical to Request No. 143.  Qorvo incorporates by reference its objections and responses to Request No. 143.

**REQUEST FOR PRODUCTION NO. 145:**

All documents and communications concerning any damage caused to Qorvo by any alleged actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests "all documents and communications" concerning "any damage caused to Qorvo" because of "actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis."

24

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show damages caused to Qorvo because of "actual or potential usage of any Qorvo BAW Proprietary Information by anyone employed by or in any way affiliated with Akoustis" to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 146:**

To the extent not otherwise provided, all documents and communications related to each and every shortcut in your assertion that "Akoustis pursued a series of shortcuts to compete in the market for thin-film bulk acoustic wave ("BAW") filters" (DE 41 at p. PDF 6).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 147:**

To the extent not otherwise provided, all documents and communications related to your assertion that "Akoustis raided Qorvo employees to obtain confidential information to shortcut the time and investment normally required to enter the market for BAW filters" (DE 41 at p. PDF 13).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 148:**

To the extent not otherwise provided, all documents and communications related to your assertion about "Akoustis' efforts to obtain confidential information from Qorvo's corporate

yield page in late 2020" (DE 41 at p. PDF 18).

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 149:**

To the extent not otherwise provided, all documents and communications related to your assertion about "injury to Qorvo from Akoustis' scheme—i.e., Akoustis has used Qorvo's confidential information to shortcut the time to enter the market and to unfairly compete with Qorvo for sales" (DE 41 at p. PDF 23).

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request to the extent it seeks the premature disclosure of expert opinions and related materials concerning damages. Qorvo's response to the Request is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning damages as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.  Qorvo reserves the right to supplement this Request in due course.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 150:**

All documents and communications between you and your actual or potential customers concerning Akoustis.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as overly broad,

unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case to the extent it seeks "all documents and communications" relating to "Akoustis."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents are also responsive to Request Nos. 151-155, but otherwise will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 151:**

All documents and communications between you and your actual or potential customers concerning Akoustis' technology, including Akoustis' single crystal technology.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the term/phrase "Akoustis' technology." Further, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" relating to undefined "Akoustis' technology."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 152:**

To the extent not otherwise provided, all documents and communications between you and your actual or potential customers concerning the use of single crystal technology in connection with BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce

non-privileged documents responsive to this Request to the extent such documents exist and are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 153:**

All documents and communications that you contend show any type of confusion or other deception in the marketplace about Akoustis or the use of single crystal technology in connection with BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 154:**

All documents and communications that you contend show any misleading information in the marketplace about Akoustis or the use of single crystal technology in connection with BAW filters.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to this Request to the extent they are within Qorvo's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 155:**

All documents and communications that you contend show any injury to Qorvo in connection with any Akoustis single crystal technology advertisements including, but not limited to, any declining sales, loss of good will or loss of one or more customers.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to the Request to the extent it seeks the premature disclosure of expert opinions and related materials concerning damages. Qorvo's

response to the Request is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning damages as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order.  Qorvo reserves the right to supplement this Request in due course.  Further, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests "all documents and communications" concerning "any injury to Qorvo" because of "any Akoustis single crystal technology advertisements."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show injury caused to Qorvo" because of "any Akoustis single crystal technology advertisements" to the extent they are within Qorvo's possession, custody, or control.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

January 23, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                          *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                              *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Theresa A. Roozen, Esquire                             *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)