# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., <br><br> Defendants. | C.A. No. 21-1417-JPM |

## DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF QORVO, INC. (NOS. 156-179)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Qorvo") produce the following documents and things to Akoustis' counsel within 30 days after being served with these Requests for Production of Documents and Things ("Requests").

## DEFINITIONS

As used herein and in all further request for production, unless specified otherwise, the terms listed below shall be defined below. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1. The term "Defendant," "Defendants," and "Akoustis" means one or more of the defendants in this action, including Akoustis Technologies, Inc. and Akoustis, Inc.

2. The term "you," "your," and "Qorvo" means Plaintiff Qorvo, Inc.

3. The term "entity" means any corporation, company, firm, partnership, joint venture, association, governmental body or agency, or person other than a natural person.

4. The term "Qorvo Trade Secret" means each and every trade secret Qorvo alleges that Akoustis misappropriated, including but not limited to trade secret nos. 1-86, alleged in Qorvo's Second Amended Complaint, as well as any trade secret later asserted by Qorvo.

5. The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

6. The term "document" or "documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films,

graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

7. The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

8. The term "person" means any individual, natural person, or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

9. Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys,

consultants, accountants, and investment bankers.

10. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

11. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

12. The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

13. The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

14. The terms "including" and "includes" mean "including but not limited to."

## INSTRUCTIONS

1. You must immediately take reasonable steps, if not already undertaken, to preserve all documents responsive to these Requests and relevant to the subject matter involved in these proceedings, whether or not you intend to object to their production.

2. If any documents responsive to these Requests have become unavailable for production since the moment when you first anticipated this litigation, you must identify the documents or repositories that are no longer available, and you must describe the relevant circumstances.

3. Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing in nature. If, after producing requested documents and things, you obtain or become aware of any other responsive documents or things in your possession, custody, or control, then you must produce them to Akoustis.

4. Whenever in these Requests you are asked to identify or produce a document which you deem to be properly withheld from production—if you withhold any document based upon a claim of privilege (including the attorney-client privilege and the work product doctrine) or any other claim of immunity from discovery—you are to provide in writing the requisite information under Federal Rule of Civil Procedure 26(b)(5), including:

   a. The type of document;

   b. The general subject matter of the document;

   c. The date of the document;

   d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to access the applicability of the privilege or protection claimed by you;

   e. The nature and basis of the privilege claimed;

   f. If the privilege is claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorney(s); and

   g. Any other information necessary to support the claim of privilege.

5. If you contend that a portion of any document contains information that is immune from discovery, then you must produce the document with the immune portion redacted and describe the redacted portion in a privilege log.

6. You must produce documents as they are kept in the usual course of business or else organize and label them to correspond to the categories in these Requests.

7. If you object to the discovery of electronically stored information from any source on the ground that it is not reasonably accessible because of undue burden or cost, you must identify the inaccessible source, specifically describe the burden or cost of producing from it, and identify each individual request as to which that source contains responsive documents.

8. If you object to any individual request within these Requests, you must state with specificity the grounds for objecting to the request, including the reasons, and you must state whether any responsive materials are being withheld on the basis of your objection(s). Any objection to part of a request must specify the part that is objectionable and all responsive documents outside the scope of the objection must be produced.

9. Documents and electronically stored information ("ESI") are to be produced in accordance with the Agreement and Order on Document and E-Discovery ("ESI Protocol") filed on April 27, 2022. Akoustis stands ready to meet and confer to discuss the best and most efficient way to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Rules of this jurisdiction. You should contact the undersigned if you wish to meet and confer.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 156:**

All documents and communications in which Qorvo or a Qorvo employee sent a copy or version of, or otherwise shared the purported Qorvo confidential information contained in, the standalone documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735;

AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796;

AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926;

AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052;

AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165;

AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650;

AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272;

AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245;

AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176;

AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875;

AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984;

AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320;

AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271;

AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245;  AKTS_0002473;

AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[1]

**REQUEST FOR PRODUCTION NO. 157:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any party with which Qorvo or a Qorvo employee sent a copy or version of, or otherwise shared the purported Qorvo confidential information contained in, the standalone documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared

---

[1] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify. Qorvo should specify those documents and include them as part of this Request and its corresponding response.

with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984; AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[2]

**REQUEST FOR PRODUCTION NO. 158:**

All documents and communications in which Qorvo or a Qorvo employee sent or otherwise shared the purported Qorvo confidential information contained in the documents, emails, and/or the attachment(s) to the emails identified by Qorvo in response to Akoustis'

---

[2] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify, but Qorvo should specify those documents and include them as part of this Request and its corresponding response.

Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701; AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229; AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930; AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227; AKTS_00144764; AKTS_00145340; AKTS_00146872; AKTS_00146974; AKTS_00147049; AKTS_00147803; AKTS_00148379; AKTS_00148966; AKTS_00149378; AKTS_00149384; AKTS_00151224; AKTS_00151319; AKTS_00151389; AKTS_00152274; AKTS_00153399; AKTS_00154895; AKTS_00156056; AKTS_00156270; AKTS_00160453; AKTS_00160520; AKTS_00167236; AKTS_00014828; AKTS_00015704; AKTS_00016229; AKTS_00016450; AKTS_00016573; AKTS_00021573; AKTS_00025081; AKTS_00026258; AKTS_00026259; AKTS_00069739; AKTS_00075252; AKTS_00076079; AKTS_00076144; AKTS_00076443; AKTS_00076529; AKTS_00079444; AKTS_00079722; AKTS_00085800; AKTS_00086734; AKTS_00090796; AKTS_00090953; AKTS_00093001; AKTS_00093294; AKTS_00093618; AKTS_00105336; AKTS_00115835; AKTS_00117354; AKTS_00119375; AKTS_00124048; AKTS_00126132; AKTS_00138236; AKTS_00141718; AKTS_00144224; AKTS_00144565; AKTS_00144643; AKTS_00144704; AKTS_00144864; AKTS_00144876; AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270;

AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[3]

**REQUEST FOR PRODUCTION NO. 159:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any party with which Qorvo or a Qorvo employee shared the purported Qorvo confidential information contained in the documents, emails, and/or the attachment(s) to the emails identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701; AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229; AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930; AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227; AKTS_00144764; AKTS_00145340; AKTS_00146872; AKTS_00146974; AKTS_00147049; AKTS_00147803; AKTS_00148379; AKTS_00148966; AKTS_00149378; AKTS_00149384; AKTS_00151224; AKTS_00151319; AKTS_00151389; AKTS_00152274; AKTS_00153399; AKTS_00154895; AKTS_00156056; AKTS_00156270; AKTS_00160453; AKTS_00160520; AKTS_00167236; AKTS_00014828; AKTS_00015704; AKTS_00016229; AKTS_00016450; AKTS_00016573; AKTS_00021573; AKTS_00025081; AKTS_00026258; AKTS_00026259; AKTS_00069739; AKTS_00075252; AKTS_00076079; AKTS_00076144; AKTS_00076443; AKTS_00076529; AKTS_00079444; AKTS_00079722;

---

[3] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify. Qorvo should specify those documents and include them as part of this Request and its corresponding response.

AKTS_00085800; AKTS_00086734; AKTS_00090796; AKTS_00090953; AKTS_00093001; AKTS_00093294; AKTS_00093618; AKTS_00105336; AKTS_00115835; AKTS_00117354; AKTS_00119375; AKTS_00124048; AKTS_00126132; AKTS_00138236; AKTS_00141718; AKTS_00144224; AKTS_00144565; AKTS_00144643; AKTS_00144704; AKTS_00144864; AKTS_00144876; AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[4]

**REQUEST FOR PRODUCTION NO. 160:**

Documents and communications sufficient to show Qorvo's efforts to keep confidential any purported confidential Qorvo information identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121;

---

[4] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify. Qorvo should specify those documents and include them as part of this Request and its corresponding response.

AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644;

AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355;

AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237;

AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076;

AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341;

AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380;

AKTS_00148970; AKTS_00148984; AKTS_00149379; AKTS_00149386; AKTS_00151225;

AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057;

AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237;

AKTS_00167245;  AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701;

AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229;

AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930;

AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227;

AKTS_00144764; AKTS_00145340; AKTS_00146872; AKTS_00146974; AKTS_00147049;

AKTS_00147803; AKTS_00148379; AKTS_00148966; AKTS_00149378; AKTS_00149384;

AKTS_00151224; AKTS_00151319; AKTS_00151389; AKTS_00152274; AKTS_00153399;

AKTS_00154895; AKTS_00156056; AKTS_00156270; AKTS_00160453; AKTS_00160520;

AKTS_00167236; AKTS_00014828; AKTS_00015704; AKTS_00016229; AKTS_00016450;

AKTS_00016573; AKTS_00021573; AKTS_00025081; AKTS_00026258; AKTS_00026259;

AKTS_00069739; AKTS_00075252; AKTS_00076079; AKTS_00076144; AKTS_00076443;

AKTS_00076529; AKTS_00079444; AKTS_00079722; AKTS_00085800; AKTS_00086734;

AKTS_00090796; AKTS_00090953; AKTS_00093001; AKTS_00093294; AKTS_00093618;

AKTS_00105336; AKTS_00115835; AKTS_00117354; AKTS_00119375; AKTS_00124048;

AKTS_00126132; AKTS_00138236; AKTS_00141718; AKTS_00144224; AKTS_00144565; AKTS_00144643; AKTS_00144704; AKTS_00144864; AKTS_00144876; AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[5]

**REQUEST FOR PRODUCTION NO. 161:**

Documents and communications sufficient to show the independent value, if any, including how Qorvo determined the value, of any purported confidential Qorvo information disclosed in the documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650;

---

[5] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify. Qorvo should specify those documents and include them as part of this Request and its corresponding response.

AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272;

AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245;

AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176;

AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875;

AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984;

AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320;

AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271;

AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245; AKTS_00076365;

AKTS_00076656; AKTS_00083525; AKTS_00083701; AKTS_00083728; AKTS_00084640;

AKTS_00117498; AKTS_00137354; AKTS_00138229; AKTS_00138271; AKTS_00139271;

AKTS_00139318; AKTS_00141631; AKTS_00142930; AKTS_00143236; AKTS_00143669;

AKTS_00144075; AKTS_00144175; AKTS_00144227; AKTS_00144764; AKTS_00145340;

AKTS_00146872; AKTS_00146974; AKTS_00147049; AKTS_00147803; AKTS_00148379;

AKTS_00148966; AKTS_00149378; AKTS_00149384; AKTS_00151224; AKTS_00151319;

AKTS_00151389; AKTS_00152274; AKTS_00153399; AKTS_00154895; AKTS_00156056;

AKTS_00156270; AKTS_00160453; AKTS_00160520; AKTS_00167236; AKTS_00014828;

AKTS_00015704; AKTS_00016229; AKTS_00016450; AKTS_00016573; AKTS_00021573;

AKTS_00025081; AKTS_00026258; AKTS_00026259; AKTS_00069739; AKTS_00075252;

AKTS_00076079; AKTS_00076144; AKTS_00076443; AKTS_00076529; AKTS_00079444;

AKTS_00079722; AKTS_00085800; AKTS_00086734; AKTS_00090796; AKTS_00090953;

AKTS_00093001; AKTS_00093294; AKTS_00093618; AKTS_00105336; AKTS_00115835;

AKTS_00117354; AKTS_00119375; AKTS_00124048; AKTS_00126132; AKTS_00138236;

AKTS_00141718; AKTS_00144224; AKTS_00144565; AKTS_00144643; AKTS_00144704;

AKTS_00144864; AKTS_00144876; AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.[6]

**REQUEST FOR PRODUCTION NO. 162:**

Documents sufficient to show Qorvo's "commercially reasonable steps to maintain the confidentiality of documents containing Qorvo BAW Proprietary Information" as alleged in Qorvo's Second Amended Complaint at ¶23.

**REQUEST FOR PRODUCTION NO. 163:**

Documents sufficient to show which Qorvo Trade Secrets were protected by the password protection protocols identified in Qorvo's Second Amended Complaint at ¶ 24.

**REQUEST FOR PRODUCTION NO. 164:**

Documents sufficient to show which Qorvo Trade Secrets were subject to "limit[ed] electronic access to certain confidential/proprietary documents and information to only authorized need-to-know Qorvo employees" as alleged in Qorvo's Second Amended Complaint at ¶ 24.

**REQUEST FOR PRODUCTION NO. 165:**

Documents sufficient to show Qorvo's "IT system" and how the "IT systems … detect misuse and/or theft of confidential information" as alleged in Qorvo's Second Amended Complaint at ¶ 24.

---

[6] Akoustis notes that the following documents identified by Qorvo in its response to Akoustis Interrogatory Nos. 10 and 11 are missing two digits: AKTS_0002473; AKTS_0016554. Akoustis cannot determine which documents Qorvo intended to identify. Qorvo should specify those documents and include them as part of this Request and its corresponding response.

**REQUEST FOR PRODUCTION NO. 166:**

All documents that mention or relate to when Qorvo's "IT systems" "detect[ed] [the] misuse and/or theft of confidential information" of any of the Qorvo Trade Secrets as alleged in Qorvo's Second Amended Complaint at ¶ 24.

**REQUEST FOR PRODUCTION NO. 167:**

All documents and communications for each document that Qorvo alleges contains a Qorvo Trade Secrets in which Qorvo or a Qorvo employee sent a copy or version of a Qorvo document containing a Qorvo Trade Secret, or otherwise shared the purported Qorvo confidential information and/or Qorvo Trade Secret with a third party.

**REQUEST FOR PRODUCTION NO. 168:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any third party with which Qorvo or a Qorvo employee shared a copy or version of, or otherwise disclosed the substance of, a Qorvo Trade Secret.

**REQUEST FOR PRODUCTION NO. 169:**

Documents and communications sufficient to show all efforts Qorvo undertook to keep each Qorvo Trade Secret secret or confidential.

**REQUEST FOR PRODUCTION NO. 170:**

Documents and communications sufficient to show the independent value, if any, of each Qorvo Trade Secret, including all documents Qorvo relied upon in determining that value.

**REQUEST FOR PRODUCTION NO. 171:**

All engineering logs and documents sufficient to show when each Qorvo Trade Secret was created.

**REQUEST FOR PRODUCTION NO. 172:**

Documents and communications sufficient to show who created each Qorvo Trade Secret.

**REQUEST FOR PRODUCTION NO. 173:**

Documents and communications sufficient to show who had access to each Qorvo Trade Secret.

**REQUEST FOR PRODUCTION NO. 174:**

Documents and communications sufficient to show whether Qorvo was aware that employees stored Qorvo Trade Secrets on laptops and/or workstations.

**REQUEST FOR PRODUCTION NO. 175:**

Documents and communications sufficient to show what steps, if any, Qorvo took if it was aware that employees stored Qorvo Trade Secrets on laptops and/or workstations.

**REQUEST FOR PRODUCTION NO. 176:**

Documents and communications sufficient to show where and how each version of a Qorvo Trade Secret was stored by Qorvo.

**REQUEST FOR PRODUCTION NO. 177:**

All protocols or procedures for developing, storing and protecting any trade secret at Qorvo.

**REQUEST FOR PRODUCTION NO. 178:**

All employee training materials, including manuals, guidelines, handbooks, videos webinars, scripts, notifications or course material, that relate to developing, protecting or otherwise handling any Qorvo Trade Secret.

**REQUEST FOR PRODUCTION NO. 179:**

All documents and communications sent to or from any of the former Qorvo employees

identified in the Second Amended Complaint that relate to developing, protecting or otherwise handling any trade secret at Qorvo.

Dated: February 15, 2023

| PILLSBURY WINTHROP SHAW PITTMAN LLP | BAYARD, P.A. |
|---|---|
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | */s/ Ronald P. Golden III*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900<br>robert.fuhrer@pillsburylaw.com | *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* |
| David L. Stanton<br>725 S. Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | |
| Theresa A. Roozen<br>1200 Seventeenth Street NW<br>Washington, DC 20036<br>(202) 663-8000<br>theresa.roozen@pillsburylaw.com | |
| *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* | |