# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QORVO, INC.,                                         )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )   C.A. No. 21-1417 (JPM)
                                                    )
AKOUSTIS TECHNOLOGIES, INC. and                     )
AKOUSTIS, INC.,                                     )
                                                    )
                    Defendants.                     )

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'**
**FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 156-179)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable

Local Civil Rules of the United States District Court for the District of Delaware ("Local

Rules"), Plaintiff Qorvo, Inc. ("Qorvo"), by and through its undersigned counsel, provides its

first objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc.

(collectively, "Akoustis" or "Defendants") Fourth Set of Requests for Production (Nos. 156-179)

(collectively, the "Requests," and each, individually, a "Request").

## <u>GENERAL RESERVATIONS AND OBJECTIONS</u>

Qorvo generally objects to Defendants' Requests as follows. These general objections

shall be incorporated by reference into each response below.

1.      Qorvo's responses are made solely for the purpose of this action.

2.      Qorvo's investigation and development of all facts and circumstances relating to

this action is ongoing.  By making the accompanying responses and objections to Defendants'

Requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections

as to the admissibility of such responses into evidence in this action, or in any other proceedings,

on any and all grounds including, but not limited to, competency, relevancy, proportionality,

materiality, and privilege.  Also, Qorvo makes the responses and objections without in any way implying that it considers the requests or responses be relevant, proportional, or material to the subject matter of this action.

3.      Qorvo's complete responses to multiple requests for production will depend, in part, on Qorvo first receiving complete responses to the discovery requests it has served on Akoustis.  For example, in multiple requests, Defendants seek production of documents concerning the specific Qorvo BAW Proprietary Information that Akoustis has obtained from former Qorvo employees.  Qorvo cannot know the full scope of what was disclosed until Akoustis completes its productions. Accordingly, before Qorvo can produce such information, Defendants must produce documents in response to Qorvo's requests reflecting the information that Akoustis has obtained from the former Qorvo employees.

4.      Qorvo expressly reserves the right to supplement or amend these responses as may be necessary or appropriate in accordance with the applicable rules, and reserves the right to clarify, revise, or correct any or all of the responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

5.      Qorvo objects to these Requests to the extent that they seek to impose upon Qorvo any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court Delaware, or any Orders of the Court.  Qorvo's responses shall be controlled by the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and Orders of the Court.

6.      Qorvo objects to these Requests to the extent they seek information, documents, and things subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law.  Any inadvertent production of information, document,

or thing shall not constitute a waiver of any privileges of Qorvo, and Qorvo reserves its rights to demand and obtain the return of any such document or thing, and all copies thereof.  Qorvo further objects to these Requests to the extent they require Qorvo to search for and reveal privileged information, documents, and things from Qorvo's files and Qorvo's attorneys' files. Qorvo will not otherwise produce any information, documents, or things, subject to the attorney-client privilege or work product doctrine or any other privilege or protection afforded by law.

7.      Qorvo objects to these Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not proportional to the needs of the action, and/or because the burden of expense of the requested discovery outweighs its likely benefit.  Such irrelevant information includes, but is not limited to, Requests that request information beyond the relevant temporal or geographic scope of this matter, and Requests that request information not relevant to any claim or defense in this action.

8.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they request information that is publicly available, not uniquely within the control of Qorvo, or is equally available to Defendants.

9.      Qorvo objects to these Requests as overly broad and unduly burdensome to the extent they seek information solely within the possession, custody, or control of persons or entities that are independent of Qorvo, Inc.

10.     Qorvo objects to these Requests as seeking discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.     Qorvo objects to these Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties, or they

seek production of documents containing information that Qorvo is not permitted to disclose pursuant to confidentiality obligations to third parties.  Qorvo will not provide any of this information without notice to and/or consent from the relevant third party (or parties).

12.    Qorvo objects to these Requests to the extent that they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitutes an improper and premature attempt to conduct discovery of expert opinion.

13.    Qorvo objects to these Requests as overly broad, unduly burdensome, and harassing to the extent that they purport to require Qorvo to search Qorvo facilities and inquire of Qorvo employees other than those facilities and employees that would reasonably be expected to have responsive information.

14.    Qorvo objects to these Requests to the extent that they seek legal conclusions or present questions of pure law.

15.    Qorvo objects to these Requests to the extent they do not define a relevant time period and that Akoustis seeks to cover an unlimited time period.

16.    Qorvo objects to these Requests to the extent that they seek "any" or "all" material or information concerning a particular topic or topics when less than "any" or "all" material or information is either necessary or material to the claims or defenses in this action.

The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Qorvo reserves the right to refrain from providing information, in accordance with its general objections.

## **GENERAL OBJECTIONS TO AKOUSTIS' DEFINITIONS**

Qorvo makes the following objections to Akoustis' definitions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to Akoustis' definition of "communication" or "communications" as overly broad, unduly burdensome, and not proportional to the needs of this action to the extent the definition seeks material and information not within Qorvo's possession, custody, or control.

2.      Qorvo objects to Akoustis' definition of "document" or "documents" as vague, ambiguous, overly broad, and unduly burdensome to the extent Akoustis' definition for these terms exceeds the scope of these terms as defined under Rule 34 of the Federal Rules of Civil Procedure.

3.      Qorvo objects to Akoustis' definition of "refer," "relate," "respecting," or "concerning" as vague, overly broad, unduly burdensome, and not proportional to the extent they seek to include "referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request" without any proportionality limitations.  Qorvo further objects to the extent the definition seeks to require Qorvo to make a legal conclusion to properly respond.

4.      Qorvo reserves the right to supplement or amend its responses as may be necessary or appropriate in accordance with the applicable Rules, and reserves the right to clarify, revise, or correct any or all of its responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

## **GENERAL OBJECTIONS TO AKOUSTIS' INSTRUCTIONS**

Qorvo makes the following objections to Akoustis' Instructions, and incorporates these objections by reference in response to each of the discovery requests below:

1.      Qorvo objects to each Akoustis' Instruction as unduly burdensome to the extent Akoustis' Instructions impose any requirement or obligations beyond those required by or

inconsistent with Federal Rules of Civil Procedure, the Local Rules, and ESI order (D.I. 61).

2.      Qorvo objects to Akoustis' Instruction No. 7 to the extent it purports to require Qorvo to "describe the burden or cost" of producing ESI. Qorvo will adhere to the ESI Protocol in responding the Requests.

## **OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 156:**

All documents and communications in which Qorvo or a Qorvo employee sent a copy or version of, or otherwise shared the purported Qorvo confidential information contained in, the standalone documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984;

AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "copy or version," and (ii) "standalone documents." Qorvo further objects to Request No. 156 as unduly burdensome to the extent it seeks all internal communications concerning the trade secrets found in the listed documents. Qorvo understands the "clarity" statement to mean that Request No. 156 is seeking communications with third parties.   Qorvo further objects to Request No. 156 as unduly burdensome and not proportional to the needs of the case to the extent it would require Qorvo to identify each and every communication with third parties that contains any Qorvo confidential information, even confidential information beyond the Qorvo Trade Secrets that Qorvo accuses Akoustis of misappropriating in order to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to identify third parties (if any) with whom documents corresponding to those identified in response to Akoustis' Interrogatory Nos. 10 and 11 were shared by Qorvo (if any).

**REQUEST FOR PRODUCTION NO. 157:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any party with which Qorvo or a Qorvo employee sent a copy or version of, or otherwise shared the

purported Qorvo confidential information contained in, the standalone documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984; AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245; AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.

**RESPONSE:**

      In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: (i) "copy or version," and (ii) "standalone

documents." Qorvo further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it would require Qorvo to collect and produce each and every nondisclosure agreement with any third party exposed to any Qorvo confidential information, even confidential information beyond the Qorvo Trade Secrets that Qorvo accuses Akoustis of misappropriating in order to identify potentially responsive documents.  Qorvo further objects that the following statement is vague and ambiguous in the context of Request No. 157: "For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at. . . ."

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show applicable nondisclosure agreements between Qorvo and any third party with whom Qorvo shared one or more of the documents corresponding to those identified in response to Akoustis' Interrogatory Nos. 10 and 11, if any.

**REQUEST FOR PRODUCTION NO. 158:**

All documents and communications in which Qorvo or a Qorvo employee sent or otherwise shared the purported Qorvo confidential information contained in the documents, emails, and/or the attachment(s) to the emails identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076365;  AKTS_00076656;  AKTS_00083525; AKTS_00083701;  AKTS_00083728;  AKTS_00084640;  AKTS_00117498;  AKTS_00137354; AKTS_00138229;  AKTS_00138271;  AKTS_00139271;  AKTS_00139318;  AKTS_00141631;

AKTS_00142930; AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175;

AKTS_00144227; AKTS_00144764; AKTS_00145340; AKTS_00146872; AKTS_00146974;

AKTS_00147049; AKTS_00147803; AKTS_00148379; AKTS_00148966; AKTS_00149378;

AKTS_00149384; AKTS_00151224; AKTS_00151319; AKTS_00151389; AKTS_00152274;

AKTS_00153399; AKTS_00154895; AKTS_00156056; AKTS_00156270; AKTS_00160453;

AKTS_00160520; AKTS_00167236; AKTS_00014828; AKTS_00015704; AKTS_00016229;

AKTS_00016450; AKTS_00016573; AKTS_00021573; AKTS_00025081; AKTS_00026258;

AKTS_00026259; AKTS_00069739; AKTS_00075252; AKTS_00076079; AKTS_00076144;

AKTS_00076443; AKTS_00076529; AKTS_00079444; AKTS_00079722; AKTS_00085800;

AKTS_00086734; AKTS_00090796; AKTS_00090953; AKTS_00093001; AKTS_00093294;

AKTS_00093618; AKTS_00105336; AKTS_00115835; AKTS_00117354; AKTS_00119375;

AKTS_00124048; AKTS_00126132; AKTS_00138236; AKTS_00141718; AKTS_00144224;

AKTS_00144565; AKTS_00144643; AKTS_00144704; AKTS_00144864; AKTS_00144876;

AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125;

AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873;

AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836;

AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270;

AKTS_0002473; AKTS_0016554, and in any documents subsequently identified by Qorvo in a

supplemental response to Interrogatory No. 10 or 11.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and

ambiguous as to the meaning of the terms/phrases: "the purported Qorvo confidential

information." Qorvo further objects to Request No. 158 as unduly burdensome to the extent it

seeks all internal communications concerning all the trade secrets found in the listed documents. Qorvo understands the "clarity" statement to mean that Request No. 158 is seeking communications with third parties. Qorvo further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it would require Qorvo to identify each and every communication with third parties that contains any Qorvo confidential information, even confidential information beyond the Qorvo Trade Secrets that Qorvo accuses Akoustis of misappropriating to identify potentially responsive documents.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to identify third parties (if any) with whom documents corresponding to those identified in response to Akoustis' Interrogatory Nos. 10 and 11 were shared by Qorvo (if any).

**REQUEST FOR PRODUCTION NO. 159:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any party with which Qorvo or a Qorvo employee shared the purported Qorvo confidential information contained in the documents, emails, and/or the attachment(s) to the emails identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701; AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229; AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930; AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227; AKTS_00144764; AKTS_00145340; AKTS_00146872;

AKTS_00146974; AKTS_00147049; AKTS_00147803; AKTS_00148379; AKTS_00148966;

AKTS_00149378; AKTS_00149384; AKTS_00151224; AKTS_00151319; AKTS_00151389;

AKTS_00152274; AKTS_00153399; AKTS_00154895; AKTS_00156056; AKTS_00156270;

AKTS_00160453; AKTS_00160520; AKTS_00167236; AKTS_00014828; AKTS_00015704;

AKTS_00016229; AKTS_00016450; AKTS_00016573; AKTS_00021573; AKTS_00025081;

AKTS_00026258; AKTS_00026259; AKTS_00069739; AKTS_00075252; AKTS_00076079;

AKTS_00076144; AKTS_00076443; AKTS_00076529; AKTS_00079444; AKTS_00079722;

AKTS_00085800; AKTS_00086734; AKTS_00090796; AKTS_00090953; AKTS_00093001;

AKTS_00093294; AKTS_00093618; AKTS_00105336; AKTS_00115835; AKTS_00117354;

AKTS_00119375; AKTS_00124048; AKTS_00126132; AKTS_00138236; AKTS_00141718;

AKTS_00144224; AKTS_00144565; AKTS_00144643; AKTS_00144704; AKTS_00144864;

AKTS_00144876; AKTS_00145203; AKTS_00146178; AKTS_00146624; AKTS_00146925;

AKTS_00147125; AKTS_00147152; AKTS_00147814; AKTS_00147969; AKTS_00148869;

AKTS_00148873; AKTS_00151889; AKTS_00152143; AKTS_00152442; AKTS_00152833;

AKTS_00152836; AKTS_00155097; AKTS_00155718; AKTS_00155914; AKTS_00157649;

AKTS_00166270; AKTS_0002473; AKTS_0016554, and in any documents subsequently

identified by Qorvo in a supplemental response to Interrogatory No. 10 or 11.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and

ambiguous as to the meaning of the terms/phrases: "the purported Qorvo confidential

information contained in the documents." Qorvo further objects to this Request as unduly

burdensome and not proportional to the needs of the case to the extent it would require Qorvo to

collect and produce each and every nondisclosure agreement with any third party exposed to any

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417
(D. Del.)

-12-

PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FOURTH SET OF
REQUESTS FOR PRODUCTION (NOS. 156-179)

Qorvo confidential information, even confidential information beyond the Qorvo Trade Secrets that Qorvo accuses Akoustis of misappropriating," in order to identify potentially responsive documents. Qorvo further objects that the following statement is vague and ambiguous in the context of Request No. 159: "For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at. . . ."

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show applicable nondisclosure agreements between Qorvo and any third party with whom Qorvo shared one or more of the documents corresponding to those identified in response to Akoustis' Interrogatory Nos. 10 and 11, if any.

**REQUEST FOR PRODUCTION NO. 160:**

Documents and communications sufficient to show Qorvo's efforts to keep confidential any purported confidential Qorvo information identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644;

-13-

AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355;

AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237;

AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076;

AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341;

AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380;

AKTS_00148970; AKTS_00148984; AKTS_00149379; AKTS_00149386; AKTS_00151225;

AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057;

AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237;

AKTS_00167245; AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701;

AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229;

AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930;

AKTS_00143236; AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227;

AKTS_00144764; AKTS_00145340; AKTS_00146872; AKTS_00146974; AKTS_00147049;

AKTS_00147803; AKTS_00148379; AKTS_00148966; AKTS_00149378; AKTS_00149384;

AKTS_00151224; AKTS_00151319; AKTS_00151389; AKTS_00152274; AKTS_00153399;

AKTS_00154895; AKTS_00156056; AKTS_00156270; AKTS_00160453; AKTS_00160520;

AKTS_00167236; AKTS_00014828; AKTS_00015704; AKTS_00016229; AKTS_00016450;

AKTS_00016573; AKTS_00021573; AKTS_00025081; AKTS_00026258; AKTS_00026259;

AKTS_00069739; AKTS_00075252; AKTS_00076079; AKTS_00076144; AKTS_00076443;

AKTS_00076529; AKTS_00079444; AKTS_00079722; AKTS_00085800; AKTS_00086734;

AKTS_00090796; AKTS_00090953; AKTS_00093001; AKTS_00093294; AKTS_00093618;

AKTS_00105336; AKTS_00115835; AKTS_00117354; AKTS_00119375; AKTS_00124048;

AKTS_00126132; AKTS_00138236; AKTS_00141718; AKTS_00144224; AKTS_00144565;

AKTS_00144643; AKTS_00144704; AKTS_00144864; AKTS_00144876; AKTS_00145203;

AKTS_00146178; AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152;

AKTS_00147814; AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889;

AKTS_00152143; AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097;

AKTS_00155718; AKTS_00155914; AKTS_00157649; AKTS_00166270; AKTS_0002473;

AKTS_0016554, and in any documents subsequently identified by Qorvo in a supplemental

response to Interrogatory No. 10 or 11.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and

ambiguous as to the meaning of the terms/phrases: "efforts" and "purported confidential Qorvo

information." Qorvo further objects to this Request as unduly burdensome and not proportional

to the needs of the case to the extent it would require Qorvo to collect and produce documents

and communications sufficient to show Qorvo's efforts to keep confidential any purported

confidential Qorvo information in the subject documents, even confidential information beyond

the Qorvo Trade Secrets that Qorvo accuses Akoustis of misappropriating in order to identify

potentially responsive documents.  Qorvo further objects that the following statement is vague

and ambiguous in the context of Request No. 160: "For clarity, Akoustis is seeking all

documents shared with and communications with a third party that contain any purported Qorvo

confidential information in the documents produced at. . . ."

Subject to and without waiving the foregoing general and specific objections, based on a

reasonable search and to the extent they exist, Qorvo will produce non-privileged documents and

communications sufficient to show Qorvo's efforts to keep confidential the Qorvo Trade Secrets.

**REQUEST FOR PRODUCTION NO. 161:**

Documents and communications sufficient to show the independent value, if any, including how Qorvo determined the value, of any purported confidential Qorvo information disclosed in the documents identified by Qorvo in response to Akoustis' Interrogatory Nos. 10 and 11 as "reflecting the confidential information that Akoustis has misappropriated from Qorvo." For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at: AKTS_00076366; AKTS_00076658; AKTS_00083526; AKTS_00083704; AKTS_00083735; AKTS_00083737; AKTS_00083755; AKTS_00083773; AKTS_00083777; AKTS_00083796; AKTS_00083820; AKTS_00083851; AKTS_00083872; AKTS_00083903; AKTS_00083926; AKTS_00083949; AKTS_00083973; AKTS_00083997; AKTS_00084023; AKTS_00084052; AKTS_00084075; AKTS_00084091; AKTS_00084121; AKTS_00084143; AKTS_00084165; AKTS_00084187; AKTS_00084211; AKTS_00084644; AKTS_00084648; AKTS_00084650; AKTS_00117516; AKTS_00117520; AKTS_00137355; AKTS_00138230; AKTS_00138272; AKTS_00139319; AKTS_00141632; AKTS_00143237; AKTS_00143238; AKTS_00143245; AKTS_00143246; AKTS_00143672; AKTS_00144076; AKTS_00144091; AKTS_00144176; AKTS_00144229; AKTS_00144277; AKTS_00145341; AKTS_00145342; AKTS_00146875; AKTS_00147805; AKTS_00147806; AKTS_00148380; AKTS_00148970; AKTS_00148984; AKTS_00149379; AKTS_00149386; AKTS_00151225; AKTS_00151231; AKTS_00151320; AKTS_00152275; AKTS_00154896; AKTS_00156057; AKTS_00156063; AKTS_00156271; AKTS_00156275; AKTS_00160225; AKTS_00167237; AKTS_00167245; AKTS_00076365; AKTS_00076656; AKTS_00083525; AKTS_00083701; AKTS_00083728; AKTS_00084640; AKTS_00117498; AKTS_00137354; AKTS_00138229; AKTS_00138271; AKTS_00139271; AKTS_00139318; AKTS_00141631; AKTS_00142930; AKTS_00143236;

AKTS_00143669; AKTS_00144075; AKTS_00144175; AKTS_00144227; AKTS_00144764;

AKTS_00145340; AKTS_00146872; AKTS_00146974; AKTS_00147049; AKTS_00147803;

AKTS_00148379; AKTS_00148966; AKTS_00149378; AKTS_00149384; AKTS_00151224;

AKTS_00151319; AKTS_00151389; AKTS_00152274; AKTS_00153399; AKTS_00154895;

AKTS_00156056; AKTS_00156270; AKTS_00160453; AKTS_00160520; AKTS_00167236;

AKTS_00014828; AKTS_00015704; AKTS_00016229; AKTS_00016450; AKTS_00016573;

AKTS_00021573; AKTS_00025081; AKTS_00026258; AKTS_00026259; AKTS_00069739;

AKTS_00075252; AKTS_00076079; AKTS_00076144; AKTS_00076443; AKTS_00076529;

AKTS_00079444; AKTS_00079722; AKTS_00085800; AKTS_00086734; AKTS_00090796;

AKTS_00090953; AKTS_00093001; AKTS_00093294; AKTS_00093618; AKTS_00105336;

AKTS_00115835; AKTS_00117354; AKTS_00119375; AKTS_00124048; AKTS_00126132;

AKTS_00138236; AKTS_00141718; AKTS_00144224; AKTS_00144565; AKTS_00144643;

AKTS_00144704; AKTS_00144864; AKTS_00144876; AKTS_00145203; AKTS_00146178;

AKTS_00146624; AKTS_00146925; AKTS_00147125; AKTS_00147152; AKTS_00147814;

AKTS_00147969; AKTS_00148869; AKTS_00148873; AKTS_00151889; AKTS_00152143;

AKTS_00152442; AKTS_00152833; AKTS_00152836; AKTS_00155097; AKTS_00155718;

AKTS_00155914; AKTS_00157649; AKTS_00166270; AKTS_0002473; AKTS_0016554, and

in any documents subsequently identified by Qorvo in a supplemental response to Interrogatory

No. 10 or 11.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and

ambiguous as to the meaning of the terms/phrases: "independent value." Qorvo objects to the

Request to the extent it seeks the premature disclosure of expert opinions and related materials

-17-

concerning damages. Qorvo's response to the Request is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order. Qorvo reserves the right to supplement this Request in due course.  Qorvo further objects that the following statement is vague and ambiguous in the context of Request No. 161: "For clarity, Akoustis is seeking all documents shared with and communications with a third party that contain any purported Qorvo confidential information in the documents produced at. . . ."

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show the independent economic value of the Qorvo Trade Secrets.

**REQUEST FOR PRODUCTION NO. 162:**

Documents sufficient to show Qorvo's "commercially reasonable steps to maintain the confidentiality of documents containing Qorvo BAW Proprietary Information" as alleged in Qorvo's Second Amended Complaint at ¶23.

**RESPONSE:**

In addition to the general objections, Qorvo objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request seeks documents sufficient to show commercially reasonable steps taken by Qorvo to maintain the confidentiality of all documents containing Qorvo BAW Proprietary Information, including documents containing Qorvo BAW Proprietary Information that Qorvo has not accused Akoustis of misappropriating.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents

*Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 21-CV-01417 (D. Del.)

-18-

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 156-179)

sufficient to show Qorvo's "commercially reasonable steps to maintain the confidentiality of documents" that contain "Qorvo BAW Proprietary Information" that Qorvo accuses Akoustis of misappropriating.

**REQUEST FOR PRODUCTION NO. 163:**

Documents sufficient to show which Qorvo Trade Secrets were protected by the password protection protocols identified in Qorvo's Second Amended Complaint at ¶ 24.

**RESPONSE:**

Subject to and without waiving its general objections, Qorvo will produce non-privileged documents responsive to Request No. 163 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 164:**

Documents sufficient to show which Qorvo Trade Secrets were subject to "limit[ed] electronic access to certain confidential/proprietary documents and information to only authorized need-to-know Qorvo employees" as alleged in Qorvo's Second Amended Complaint at ¶ 24.

**RESPONSE:**

Subject to and without waiving its general objections, Qorvo will produce non-privileged documents responsive to Request No. 164 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 165:**

Documents sufficient to show Qorvo's "IT system" and how the "IT systems … detect misuse and/or theft of confidential information" as alleged in Qorvo's Second Amended Complaint at ¶ 24.

**RESPONSE:**

In addition to the general objections, Qorvo further objects to the Request as overly broad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, including at least to the extent it requires Qorvo to show "how" its IT Systems operate to detect misuse and/or theft of confidential information as opposed to "that" its IT Systems operate to detect misuse and/or theft of confidential information alleged in Qorvo's Second Amended Complaint.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show that Qorvo has "IT systems" in place that may be used to detect activities indicative of "misuse and/or theft of confidential information" as alleged in Qorvo's Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 166:**

All documents that mention or relate to when Qorvo's "IT systems" "detect[ed] [the] misuse and/or theft of confidential information" of any of the Qorvo Trade Secrets as alleged in Qorvo's Second Amended Complaint at ¶ 24.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "mention," "relate," and "to when." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including at least to the extent it requires Qorvo to collect and produce all documents that more generally relate to Qorvo's IT systems' protection of any and all Qorvo confidential information.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents sufficient to show that Qorvo has "IT systems" in place that may be used to detect activities indicative of "misuse and/or theft of confidential information."

**REQUEST FOR PRODUCTION NO. 167:**

All documents and communications for each document that Qorvo alleges contains a Qorvo Trade Secrets in which Qorvo or a Qorvo employee sent a copy or version of a Qorvo document containing a Qorvo Trade Secret, or otherwise shared the purported Qorvo confidential information and/or Qorvo Trade Secret with a third party.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "documents and communications for each document that Qorvo alleges contains a Qorvo Trade Secrets," "copy," "version," "containing," "or otherwise shared" and "Qorvo confidential information."

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged communications sufficient to show relevant occasions on which a confidential document (corresponding to the documents identified in response to Akoustis' Interrogatory Nos. 10 and 11) was shared with a third party (if any).

**REQUEST FOR PRODUCTION NO. 168:**

Documents sufficient to show all nondisclosure agreements between Qorvo and any third party with which Qorvo or a Qorvo employee shared a copy or version of, or otherwise disclosed the substance of, a Qorvo Trade Secret.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "shared," "copy," "version," and "otherwise disclosed the substance of."

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show applicable nondisclosure agreements between Qorvo and any third party with whom Qorvo shared one or more of the documents corresponding to those identified in response to Akoustis' Interrogatory Nos. 10 and 11, if any.

**REQUEST FOR PRODUCTION NO. 169:**

Documents and communications sufficient to show all efforts Qorvo undertook to keep each Qorvo Trade Secret secret or confidential.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "all efforts," "undertook," "keep," and "secret or confidential."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to Request No. 169 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 170:**

Documents and communications sufficient to show the independent value, if any, of each Qorvo Trade Secret, including all documents Qorvo relied upon in determining that value.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "independent value." Qorvo further objects to the Request to the extent it seeks the premature disclosure of expert opinions and related materials concerning damages. Qorvo's response to the Request is without prejudice to the disclosures governed by the Local Patent Rules or Qorvo's right to disclose expert opinions concerning damages as set forth in the Federal Rules of Civil Procedure and the governing Scheduling Order. Qorvo reserves the right to supplement this Request in due course.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documents sufficient to show the independent economic value of Qorvo Trade Secrets, and the documents relied upon to determine such independent economic value.

**REQUEST FOR PRODUCTION NO. 171:**

All engineering logs and documents sufficient to show when each Qorvo Trade Secret was created.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "engineering logs."

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to Request No. 171 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 172:**

Documents and communications sufficient to show who created each Qorvo Trade Secret.

**RESPONSE:**

Subject to and without waiving the foregoing general objections, Qorvo will produce non-privileged documents responsive to Request No. 172 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 173:**

Documents and communications sufficient to show who had access to each Qorvo Trade Secret.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Qorvo to produce documents showing every Qorvo employee who ever had the ability to access any Qorvo Trade Secrets.

Based on the foregoing objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 174:**

Documents and communications sufficient to show whether Qorvo was aware that employees stored Qorvo Trade Secrets on laptops and/or workstations.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "stored," "laptops" and "workstations." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including at least to the extent its reference to "laptops" and/or "workstations" is not limited to the former Qorvo employees' (who later joined Akoustis') personal "laptops" and/or "workstations."

Based on the foregoing objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 175:**

Documents and communications sufficient to show what steps, if any, Qorvo took if it was aware that employees stored Qorvo Trade Secrets on laptops and/or workstations.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "steps," "stored," "laptops" and "workstations." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including at least to the extent (1) its reference to "laptops" and/or "workstations" is not limited to the former Qorvo employees' (who later joined Akoustis) personal "laptops" and/or "workstations" and (2) it requires Qorvo to collect and produce documents sufficient to show all steps taken, irrespective of whether or not such steps were taken to regain or restore control and/or confidentiality of such Qorvo Trade Secrets.

Based on the foregoing objections, Qorvo will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 176:**

Documents and communications sufficient to show where and how each version of a Qorvo Trade Secret was stored by Qorvo.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "each version." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Qorvo will produce non-privileged documents responsive to Request No. 176 to the extent such documents exist and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 177:**

All protocols or procedures for developing, storing and protecting any trade secret at Qorvo.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "protocols," "procedures for developing," and "storing." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including at least to the extent (1) it refers to "any trade secret" at Qorvo more generally, as opposed to Qorvo Trade Secrets specifically, and (2) it calls for documents without any temporal relevance to the issues in this case.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce documents sufficient to show Qorvo's written policies for protecting confidential information constituting Qorvo Trade Secrets.

**REQUEST FOR PRODUCTION NO. 178:**

All employee training materials, including manuals, guidelines, handbooks, videos webinars, scripts, notifications or course material, that relate to developing, protecting or otherwise handling any Qorvo Trade Secret.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "employee training materials," "videos webinars," "scripts," "notifications," "course material," and "handling." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce documents sufficient to show Qorvo's written policies and employment materials applicable to protecting Qorvo Trade Secrets.

**REQUEST FOR PRODUCTION NO. 179:**

All documents and communications sent to or from any of the former Qorvo employees identified in the Second Amended Complaint that relate to developing, protecting or otherwise handling any trade secret at Qorvo.

**RESPONSE:**

In addition to the general objections, Qorvo objects to the Request as vague and ambiguous as to the meaning of the terms/phrases: "otherwise handling." Qorvo further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is seeking information concerning communications about "developing" trade secrets.

Subject to and without waiving the foregoing general and specific objections, based on a reasonable search and to the extent they exist, Qorvo will produce non-privileged documentation provided to the identified former Qorvo employees concerning Qorvo's instructions as to the handling of trade secrets within the scope of their employment with Qorvo.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA  94025
(650) 815-2600

March 17, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                          *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                              *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Theresa A. Roozen, Esquire                             *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)