**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY ALAN NICOL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Alan Nicol

("Nicol") hereby submits the following Objections and Responses to Qorvo, Inc.'s ("Qorvo")

Subpoena to Testify at a Deposition in a Civil Action ("Subpoena").

**GENERAL RESERVATIONS AND OBJECTIONS**

Mr. Nicol generally reserves his rights and objects to the Subpoena as follows.  These

reservations and objections ("General Objections") shall be incorporated by reference into each

individual response to a request for documents to be produced ("Request") below, in addition to

any specific objections ("Specific Objections") offered in response to a particular Request.

1.      Mr. Nicol is a third party.  He is not a party to this case and believes that the

proper sources of information are the parties to this case.  Mr. Nicol's responses are expressly

made subject to the parties' Stipulated Protective Order ("Protective Order") (D.I. 57), which

was provided with the Subpoena.

1

2.      The information provided in these responses is based on the information presently known and reasonably available to Mr. Nicol.  Mr. Nicol's responses are based on current information and materials currently in Mr. Nicol's possession, custody, or control.  Mr. Nicol reserves the right to supplement these responses without prejudice to Mr. Nicol.  Mr. Nicol also reserves the right to change, modify, or enlarge the following objections and/or responses based on additional information and/or further analysis.

3.      Mr. Nicol objects to the Requests to the extent they seek information, documents or things, including communications, and information that are protected by the attorney-client privilege, the work product immunity or any other applicable constitutional, statutory, or common law privilege, exemption, or immunity from discovery, including but not limited to those contained within the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable statute or case law.  To the extent any Request may be construed as calling for information protected by such privileges or doctrines, Mr. Nicol hereby makes a continuing objection to each and every Request.

4.      Mr. Nicol objects to the Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties or seek production of information or documents that Mr. Nicol is not permitted to disclose pursuant to confidentiality obligations to third parties.  Mr. Nicol will not provide any such information without notice to and/or consent of the relevant third party (or parties).

5.      Mr. Nicol objects to the Requests to the extent they seek information that is not related to the claims and defenses in this case, to the extent they are vague, ambiguous, overly broad, or unduly burdensome, and to the extent that they are not proportional to the needs of this case and place an undue burden on a third party.

2

6.      Mr. Nicol objects to the Requests to the extent they seek information from any person or entity other than Mr. Nicol.  Mr. Nicol's responses hereto are limited to his own documents and information based on a reasonable investigation.

7.      Mr. Nicol objects to the Requests to the extent they seek legal conclusions or present questions of pure law.

8.      By responding to these Requests, Mr. Nicol does not waive any objection that may be applicable to the use, for any purpose, of any information or documents provided in response, or to the admissibility, privilege, relevancy, authenticity, or materiality of any information relating to any issue in the case.  Mr. Nicol expressly reserves the right to object (i) to the use of these responses or the subject matter contained herein during any subsequent proceeding, including the trial of this or any other action; and (ii) on any ground to any Request for further responses to these or any other discovery requests involving or related to the subject matter of these Requests.  Mr. Nicol is willing to meet and confer on any and all objections and responses to these Requests, including objections to Qorvo's Definitions and Instructions.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Nicol objects to these Requests as vague and ambiguous, and unduly burdensome to the extent they fail to specify a relevant time period.  Mr. Nicol will conduct a reasonable search for documents used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis.

2.      Mr. Nicol objects to Qorvo's Definitions and Instructions to the extent they seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware, or any other applicable rule or order in this action.

3

3.    Mr. Nicol objects to Qorvo's definition of the terms "Nicol," "You," and "Your" to the extent it refers to a person other than Alan Nicol.  As used herein, "Mr. Nicol," "Nicol," "You," and "Your" means only Alan Nicol.

4.    Mr. Nicol objects to Qorvo's definition of the term "Qorvo" to the extent it refers to any entity or person other than Qorvo, Inc.  As used herein, "Qorvo" means Qorvo, Inc.

5.    Mr. Nicol objects to Qorvo's definition of the term "Akoustis," as vague and overly broad and to the extent it purports to include entities or persons other than Akoustis Technologies, Inc. and Akoustis, Inc.  As used in these responses, "Akoustis," means Akoustis Technologies, Inc. and Akoustis, Inc.

6.    Mr. Nicol objects to the definition "Confidential Information" as overly broad, vague, ambiguous, and confusing.  The definition is so inadequately formed that it provides no meaningful notice to Mr. Nicol and would require Mr. Nicol to speculate as to what information Qorvo considers and treats as sensitive commercial information.  Additionally, Mr. Nicol does not know what information Qorvo has, in fact, kept confidential.  Mr. Nicol will construe this term to mean Qorvo information that originated from Qorvo, regardless of whether it is confidential, but excludes information that solely relates to Mr. Nicol's own human resources file, *e.g.* Mr. Nicol's tax forms, pay stubs, and things of that nature.

7.    Mr. Nicol objects to Qorvo's definition of "identify," insofar as it purports to indicate a written interrogatory response and is not applicable in connection with these Requests. In construing the term "identify" in these Requests, Mr. Nicol will apply its common definition, "to establish or indicate who or what (someone or something) is."

7.    Mr. Nicol objects to Qorvo's definition of "Document(s)," including reference to the "same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure" as vague,

ambiguous, and confusing, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Mr. Nicol further objects to the definition of this term to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware, or any other applicable rule or order in this action, including Rule 45 of the Federal Rules of Civil Procedures which provides that the "person responding need not provide discovery of electronically stored information from sources that the person identifies as not *reasonably accessible because of undue burden or cost*."  Fed. R. Civ. P. 45(e)(1)(D) (emphasis added). Mr.  Nicol will interpret Document(s) to mean emails, attachments to emails, user-created electronic documents (Word, PowerPoint, Excel, PDFs, etc.), text messages, and chats. In responding to the Subpoena, Mr. Nichol will conduct a search of reasonably accessible sources where responsive documents are likely to be found. He will not search deleted files, computer slacks space, or file fragments.

8.      Mr. Nicol objects to Qorvo's definition of "Communication(s)" as vague, ambiguous, and confusing, including reference to "conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Mr. Nicol further objects to the definition of this term to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware, or any other applicable rule or order in this action, including Rule 45 of the Federal Rules of Civil Procedures which provides that the "person responding need not provide discovery of electronically stored information from sources that the

person identifies as not *reasonably accessible because of undue burden or cost*."  Fed. R. Civ. P. 45(e)(1)(D) (emphasis added).  Mr.  Nicol will interpret Communication(s) to mean written communications, such as text messages, emails, and chats.

9.      Mr. Nicol objects to Qorvo's definitions of "reflect," "reflecting," "relate to," "refer to," "relating to," and "referring to" as compound, vague, ambiguous, overbroad, and confusing.  For instance, all of these terms, including "relating to," also mean "referring to."  Mr. Nicol further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  The definition is further objectionable to the extent it causes Mr. Nicol to speculate as to the meaning.  Mr. Nicol interprets these terms to mean "referring to, describing, or otherwise discussing in any way the subject matter in a request."

11.      Mr. Nicol objects to each and every Instruction that requires Mr. Nicol to produce documents in any particular format or with particular information to the extent the instruction seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware, or any other applicable rule or order in this action, including Rule 45 of the Federal Rules of Civil Procedures which provides that the person responding produce documents as they are kept in the ordinary course of business.  Fed. R. Civ. P. 45(e)(1)(A).

12.      Mr. Nicol objects to each and every Instruction that purports to require Mr. Nicol to produce documents without redactions.

13.      Mr. Nicol objects to identifying, summarizing, or otherwise addressing any documents that may have existed but no longer exist, were at some point in time destroyed, or are no longer in Mr. Nicol's possession, custody, or control.

6

14.     Mr. Nicol objects to logging any privileged communications or other privileged material as unnecessary and overly burdensome for a non-party.

15.     Mr. Nicol objects to each and every Instruction insofar as it purports to indicate a written interrogatory response and is not applicable in connection with these Requests. *See e.g.* Subpoena at p. 5 of 10, ¶ 7 ("If, after conducting a reasonable investigation, a full answer cannot be provided for any request for the production of Documents, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, and what efforts were made to obtain the unavailable documents or information.").

## RESPONSES TO REQUESTS FOR PRODUCTION[1]

### Request for Production No. 1:

All Documents and Communications relating to Akoustis hiring, engaging or contracting You, or attempting to hire, engage or contract You, to perform any services for or on behalf of Akoustis, including but not limited to all offers and agreements for You to work and/or perform services for or on behalf of Akoustis.

---

[1] This is referred to as "Documents to be Produced" in the Subpoena.

**Response to Request for Production No. 1:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that include the term "Akoustis" that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 2:**

All Documents and Communications concerning Your role, job description, terms of employment or engagement, or responsibility at Akoustis, including but not limited to any services You performed for or on behalf of Akoustis.

**Response to Request for Production No. 2:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.  Mr. Nicol

objects to this Request as overbroad because it seeks all documents and communications, rather than documents sufficient to show.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that include the term "Akoustis" that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 3:**

All Documents and Communications constituting, referring or relating to any agreement You and Akoustis entered into.

**Response to Request for Production No. 3:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects to this Request as duplicative of at least Request for Production No. 1.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.  Mr. Nicol also objects to this Request as overbroad because it seeks all documents and communications, rather than documents sufficient to show.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that include the term "Akoustis" that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr.

9

Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 4:**

All Documents and Communications involving the email address of glenview_7@yahoo.com concerning Qorvo or Akoustis, including but not limited to all Documents attached to emails to or from glenview_7@yahoo.com.

**Response to Request for Production No. 4:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," "Qorvo," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case, in particular with respect to the request that Mr. Nicol produce "all Documents attached to emails to or from glenview_7@yahoo.com."  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that include the terms "Akoustis" and/or "Qorvo" that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 5:**

All Documents and Communications referring to the technical knowledge of current or former Qorvo employees in connection with You or Akoustis hiring, attempting to hire,

potentially hiring, or considering hiring such employees.

**Response to Request for Production No. 5:**

In addition to the previously stated General Objections, Mr. Nicol objects to the

definition of the terms "Documents," "Communications," "Qorvo," and "Akoustis" and

reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this

Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and

therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this

Request seeks information protected by the attorney-client, work product, or other privilege

basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a

reasonable search for documents that include the term ("Akoustis" AND "Qorvo") dated from

2015 to the present, and he will produce responsive, non-privileged documents within these

search parameters, if any, that are responsive to this Request.

**Request for Production No. 6:**

All Documents and Communications listing or identifying current or former Qorvo

employees who You or anyone at Akoustis were considering recruiting for employment by

Akoustis, regardless of whether such employees were offered a position with Akoustis, and all

Documents and Communications relating or referring to the foregoing Documents and

Communications.

**Response to Request for Production No. 6:**

In addition to the previously stated General Objections, Mr. Nicol objects to the

definition of the terms "Documents," "Communications," "Qorvo," and "Akoustis," and

reincorporates his objections to these definitions.  Mr. Nicol also objects to this Request as vague

and subjective to the extent it requires Mr. Nicol to determine what "anyone at Akoustis" was considering.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that include the term ("Akoustis" AND "Qorvo") dated from 2015 to the present, and he will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 7:**

All Documents and Communications including, containing, and/or referring expressly or impliedly to, Confidential Information.

**Response to Request for Production No. 7:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Confidential Information," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that the phrase and terms "referring… impliedly to" are vague and ambiguous.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having

12

originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 8:**

All Documents bearing the word "Qorvo," including but not limited to Documents bearing the words "confidential" and/or "proprietary" and/or any other designation indicating that Qorvo intended the Documents to be non-public, confidential, and/or proprietary, and all Communications relating or referring to such Documents.

**Response to Request for Production No. 8:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Qorvo," and "Communications," and reincorporates his objections to these definitions.  Mr. Nicol also objects to this Request as vague, ambiguous, and calling for speculation as Mr. Nicol has no way to know what information or documents Qorvo "intended" to be "non-public, confidential, and/or proprietary," or did, in fact, keep confidential. Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

13

**Request for Production No. 9:**

All Documents and Communications relating or referring to efforts by any person to obtain or use Confidential Information while You were employed by, or working for, Akoustis or when you were considering working for Akoustis.

**Response to Request for Production No. 9:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," "Confidential Information," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.   Mr. Nicol also objects to this Request as a duplicate of Request No. 7.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 10:**

All Communications between You when employed by, or working for, Akoustis and Persons who were employed by Qorvo at the time of the Communications.

**Response to Request for Production No. 10:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Communications," "Qorvo," and "Akoustis," and reincorporates his

objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for communications with Qorvo employees during the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 11:**

All Documents and Communications relating to steps taken by You to store any Qorvo Documents on a person [*sic*] device or share drive while you were employed by Qorvo.

**Response to Request for Production No. 11:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Qorvo," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 12:**

All Documents and Communications relating to steps taken by You, after your employment with Qorvo ended, to keep any hard copies of Qorvo Documents obtained while you were employed by Qorvo.

**Response to Request for Production No. 12:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Qorvo," and reincorporates his objections to these definitions. Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case. Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 13:**

All Documents and Communications relating to You deciding to use or considering using information You accessed or otherwise obtained using Qorvo's computer systems, where such deciding or considering occurred while you were employed by, or working for, Akoustis or when you were considering working for Akoustis.

**Response to Request for Production No. 13:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," "Qorvo," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 14:**

All Documents obtained directly or indirectly from Qorvo and all Communications relating to such Documents.

**Response to Request for Production No. 14:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Qorvo," and reincorporates his objections to these definitions.  Mr. Nicol also objects to this Request because whether a document was "indirectly obtained from Qorvo," to the extent that phrase can be understood, is impracticable and may be indeterminable.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case. By way of non-limiting example, this Request as written improperly encompasses potentially every document and communication Mr. Nicol received from Qorvo (or its predecessor) during his entire term of employment, whether or not related in

any way to his engagement with Akoustis.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 15:**

All Documents referring to Qorvo explicitly or implicitly and all Communications relating to such Documents.

**Response to Request for Production No. 15:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," and "Qorvo," and reincorporates his objections to these definitions.  Mr. Nicol also objects to this Request because whether a communication "implicitly" refers to Qorvo, to the extent that term can be understood, is impracticable and may be indeterminable.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  By way of non-limiting example, this Request as written improperly encompasses wholly unrelated documents and communications, such as Qorvo's own press releases.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.   Mr. Nicol also objects to this Request as duplicative of at least Request for Production No. 14.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

**Request for Production No. 16:**

All Documents and Communications relating to the allegations that Qorvo has asserted against Akoustis in the Second Amended Complaint, attached hereto as Exhibit B.

**Response to Request for Production No. 16:**

In addition to the previously stated General Objections, Mr. Nicol objects to the definition of the terms "Documents," "Communications," "Qorvo," and "Akoustis," and reincorporates his objections to these definitions.  Mr. Nicol also objects on the basis that the phrase and terms "allegations that Qorvo has asserted against Akoustis" are vague and ambiguous.  Mr. Nicol also objects on the basis that this Request is overbroad, unbounded in time, not tailored to the parties' claims and defenses, and therefore not proportional to the needs of this case.  Mr. Nicol also objects to the extent this Request seeks information protected by the attorney-client, work product, or other privilege basis.  Mr. Nicol also objects to this Request as unduly burdensome and impracticable to the extent it requires him, as a third party, to determine whether a document or communication is "relating to" one or more of the allegations set forth in the 277 paragraphs of the Second Amended Complaint, numerous of which are partially or completely redacted.

Subject to his stated objections, Mr. Nicol responds as follows: Mr. Nicol will conduct a reasonable search for documents that mention, relate to, or can reasonably be identified as having

originated from Qorvo that were used, accessed, relied upon, or considered by Mr. Nicol in the course of his engagement with Akoustis. Mr. Nicol will produce responsive, non-privileged documents within these search parameters, if any, that are responsive to this Request.

Dated: August 21, 2023

PILLSBURY WINTHROP                    BAYARD, P.A.
SHAW PITTMAN LLP

David A. Jakopin                      /s/ Ronald P. Golden III
Dianne L. Sweeney                     Stephen B. Brauerman (#4952)
Ryan Selness                          Ronald P.  Golden III (#6254)
2550 Hanover Street                   600 N. King Street, Suite 400
Palo Alto, CA 94304-1115             Wilmington, Delaware 19801
(650) 233-4500                        (302) 655-5000
david.jakopin@pillsburylaw.com       sbrauerman@bayardlaw.com
dianne@pillsburylaw.com              rgolden@bayardlaw.com
ryan.selness@pillsburylaw.com

                                      *Attorneys for Akoustis Technologies, Inc. and*
Robert M. Fuhrer                      *Akoustis, Inc.*
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
Robert C.F. Pérez
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com
robert.perez@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc. and*
*Akoustis, Inc.*

21