IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**STIPULATION AND ORDER CONCERNING
FORENSIC INSPECTION PROTOCOL**

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court that the Parties shall proceed with the forensic inspection of Defendants' computer systems according to the following protocol:

1. On or before August 18, 2023, Qorvo shall identify Akoustis up to 15 custodians which Qorvo believes have information relevant to the use of Qorvo's confidential information.

2. On or before August 23, 2023, Akoustis shall provide Qorvo's computer forensic expert, Kevin Faulkner of Palo Alto Networks, with a list of any and all personal and business computers network file servers and/or associated electronic or network file storage devices, smartphones, flash drives, and other electronic media (collectively, "Electronic Storage Systems") in Akoustis' possession custody or control that were used by, owned by, leased by, accessed by, and/or operated by the custodians identified by Qorvo.

3. On or before August 25, 2023, Qorvo shall identify which Electronic Storage Systems it requests for forensic imaging and inspection.

4. Akoustis' expert shall forensically image the identified Electronic Storage Systems using industry standard tools and techniques. Prior to imaging, Akoustis shall describe its intended imaging process to Qorvo, or, if the imaging is already complete, describe the imaging process that was used. If a dispute arises concerning the imaging process, then the counsel shall promptly confer in an effort to resolve the dispute.

5. Akoustis shall ship password-protected copies of the selected images directly to Qorvo's expert no later than September 1, 2023, with the corresponding

password(s) to be sent under separate cover. All images and their contents are designated as Attorneys' Eyes Only pursuant to the Protective Order entered in this case, D.I. 57. Along with the forensic images, Akoustis will provide Qorvo's expert a list of its in-house and outside counsel names, email addresses and telephone numbers.

6. Qorvo's expert shall retain the images in a secure environment. Qorvo's expert shall not (a) copy the images or their contents to any mobile device, (b) access the images or their contents over a public WiFi network unless protected by an encrypted virtual private network (VPN); or (c) email the images or their contents to any person. Qorvo's expert shall (d) make the minimal number of copies of the images and its contents necessary for his analysis, (e) store the images and their contents on a single, secure server, and (f) ensure the images and their contents are encrypted in transit and at rest. The foregoing restrictions apply to the handling of the images and content thereof. Once materials are produced pursuant to paragraph 10, the Protective Order shall govern the handling of those produced materials.

7. Qorvo's expert shall not release or disclose the images or any of their contents to any other person or party unless permitted or required under this Order, or if required under separate Court Order or Agreement of the parties in this case. Qorvo's expert will ensure that no foreign person receives access to the images or their contents. If Qorvo's expert is requested or required by law, regulation, or legal or regulatory process, outside this litigation, to disclose the images or any of their contents, he shall give Akoustis prompt prior written notice of such request or requirement so that that Akoustis may seek an appropriate protective order or other remedy.

8. In the event that Qorvo, its counsel or its expert learn or have cause to believe that Akoustis' images or their contents have been accessed by any unauthorized party, Qorvo shall immediately notify Akoustis of this in writing and shall cooperate in Akoustis' efforts to determine the source of the unauthorized access, to recover the images if necessary, and to minimize the damage from the unauthorized release or access.

9. Qorvo's expert shall analyze, review and search data on the images for the purpose of locating and subsequently reporting on the following:

   a. Proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and trade secret disclosure.

   b. Items derivative of proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential

        Information described in Qorvo's Second Amended Complaint and trade secret disclosure.

    c.    Any and all electronic communications between January 1, 2015 and the present including but not limited to emails, items attached to emails, chats, instant messaging and postings involving the individual Akoustis personnel identified in the Second Amended Complaint and involving Qorvo's Confidential Information.

    d.    Any and all computer generated activity and artifacts (including but not limited to operating system and/or application generated logs, trace data, control structures, file or data fragments) as may be deemed relevant to the matter between January 1, 2015, and the present.

10. By September 28, 2023 and after analyzing the images, Qorvo's expert shall specifically identify for Akoustis any data, files, or other materials from among the images that he requests Akoustis to produce as part of the discovery record in this case.

11. By October 16, 2023, Akoustis shall review and produce the requested information to Qorvo subject to the terms of the Protective Order governing this case. If Akoustis withholds any of the requested information from production on the basis of privilege or personal privacy, Akoustis must provide a log identifying the grounds for its assertion of privilege or privacy objection.

12. Pursuant to Federal Rule of Evidence 502(c), the parties agree that providing images to Qorvo's expert for inspection does not constitute a waiver of any applicable claims of privilege for communications captured in the images. Pursuant to Rule 502(e), the Court orders that no privilege or protection is waived by disclosure connected with the delivery of images or documents to Qorvo's expert, or by the work of Qorvo's expert with respect to any images or documents delivered by Akoustis.

13. Before the forensic images are provided to Qorvo's expert, Qorvo's counsel must file with the Court a declaration by Qorvo's expert in which he agrees (a) not to share with Qorvo's counsel or communicate with Qorvo's counsel about document-like files on the forensic images (including word documents, emails, spreadsheets, PowerPoint presentations, instant messages, and PDFs) or any contents of the forensic images reflecting interactions involving Akoustis' in-house or outside counsel (or suggest their contents in any way), until Akoustis has produced the files as set forth in paragraph 10, above; (b) not to disclose or discuss with Qorvo any documents he reviews or analyzes as part of the forensic inspection that Akoustis does not produce as set forth in paragraph 10, including any documents withheld by Akoustis on the basis of its objections; and (c) that he acknowledges that Akoustis' documents are being provided on an Attorneys' Eyes Only basis pursuant to the Protective Order in this case. The declaration must be sworn to under oath and shall contain a statement that Qorvo's expert submits himself to the jurisdiction

of the Court for purposes of compliance with the Court's orders, including the court's exercise of its contempt power in the event of any noncompliance by the expert with this order or any other order the court may issue involving the forensic images and the information extracted from them. Also, before the forensic images are provided, Qorvo's expert will execute Attachment A, the Acknowledgement and Agreement to be Bound, to the Protective Order in this case. DE 57.

14. At the conclusion of the above-captioned matter, Qorvo's expert shall dispose of or return any images or documents that have been retained as determined by agreement of the parties or further order of the Court.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BAYARD, P.A. |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ Ronald P. Golden III* |
| Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com | Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| *Attorneys for Plaintiff Qorvo, Inc.* | *Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* |

August 23, 2023

SO ORDERED, this 24th day of August, 2023.

/s/Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE