Public Version

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF QORVO, INC.'S REQUEST FOR INSPECTION TO DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Qorvo, Inc. requests that Defendants Akoustis Technologies, Inc. and Akoustis, Inc. allow Qorvo's computer forensic expert to inspect, image, copy, test, or sample electronically stored information on any and all computers, network file servers and/or associated electronic or network file storage devices used by, owned by, or in the possession custody or control of the current and former Akoustis employees, officers, directors, agents, and/or representatives accused of misappropriating Qorvo's Confidential Information.  Such inspection, copying, testing, and/or sampling of electronically stored information shall include, but not be limited to, the taking of a forensic image of any and all relevant portions of each such computer, network file server and/or associated electronic or network file storage device in accordance with the Proposed Electronic Data Forensic Protocol attached as Exhibit "A."

Notwithstanding paragraph 4 of the Proposed Electronic Data Forensic Protocol attached as Exhibit "A" to this demand, the inspection and imaging shall take place within 30 days after the service of this Rule 34 Request on a date, time and location agreed to among the parties.

## INSTRUCTIONS

1.      If any requested item is unavailable to Akoustis, please provide Qorvo with a response stating separately and fully for each item that the item is unavailable along with the name and address of the custodian of the item.

2.      If any requested item does not exist or has been destroyed, lost, misplaced, or stolen, please identify the item or items in your response and state separately and fully for each item that the item does not exist, has been destroyed, has been lost, has been misplaced, or has been stolen.

3.      These inspection demands are limited to the any and all computers, network file servers and/or associated electronic or network file storage devices used by, owned by, or in the possession custody or control of Akoustis at any time during the period from January 1, 2015 until present.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these inspection demands is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these inspection demands, the following terms are to be given their ascribed definitions:

1.      The term "Akoustis" means, individually and collectively, defendants Akoustis Technologies, Inc. and Akoustis, Inc.

2.      The term "Akoustis employees at issue" shall mean, individually and collectively:

        a.      Ali Bawangaonwala;

        b.      Ya Shen a/k/a Annia Shen;

        c.      Westbrook Hosse a/k/a Brook Hosse;

        d.      Colin Hunt;

Public Version

e.      Daeho Kim;

f.      Dave Aichele;

g.      David Dyer;

h.      David Breton;

i.      Michael David Hodge a/k/a Dave Hodge;

j.      Doug Stewart;

k.      Holly Johnson;

l.      Jeff Shealy;

m.      Jerry Gray;

n.      Joel Morgan;

o.      Joonbum Kwon;

p.      Ken Fallon;

q.      Kenneth Boller a/k/a Ken Boller;

r.      Lora Shealy;

s.      Maria Lehmann;

t.      Mary Winters;

u.      Pat Lewis;

v.      Rama Vetury;

w.      Robert Dry;

x.      Rohan Houlden;

y.      Saurabh Gupta;

z.      SJ Kim;

aa.      Steven Li;

Public Version

Public Version

bb.  Tim Hossain;

cc.  Todd Bender;

dd.  Wendy Wright; and

ee.  William Brian Schmid.

3.      The term "Confidential Information" shall mean sensitive commercial information relating to the conduct of Qorvo's business that is not publicly available.

4.      The term "Qorvo" means plaintiff Qorvo, Inc.

5.      The term "Second Amended Complaint" means the complaint in the above-captioned action filed on or about February 8, 2023 by Qorvo in the United States District Court for the District of Delaware, along with any further amended complaints.

6.      The terms "and," and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in context.

7.      The term "include" means "includes, but not limited to."  The term "including" means "including, but not limited to."

8.      The use of singular form of a noun or pronoun shall include, within its meaning, plural form of a noun or pronoun so used, and vice versa.

9.      The use of present tense shall include past tenses, unless otherwise specifically indicated in this discovery request.

## INSPECTION DEMANDS

1.      Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to inspect, copy, test, or sample the requested electronically stored information on any and all network file servers and/or associated electronic or network file storage devices used by, owned by, or in the possession custody or control of the current and former Akoustis employees, officers,

Public Version

and/or directors accused of misappropriating Qorvo's Confidential Information, as alleged in

Qorvo's Second Amended Complaint, including Akoustis':



2.      Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to

inspect, copy, test, or sample electronically stored information on any and all personal and business

(i) computers, (ii) tablets, (iii) smart phones or mobile phones with text messaging or electronic

mail capabilities, and (iv) local data storage devices (DVDs, CDs, thumb/flash drives, external

drives) of each Akoustis' employees at issue has used or has owned at any time during the period

from January 1, 2015 until present, in the possession custody or control of Akoustis.

3.      Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to inspect, copy, test, or sample electronically stored information on any and all personal and business (i) e-mail accounts, and (ii) network data storage platforms (Dropbox, Google Drive, Box) each Akoustis' employees at issue has used or has owned at any time from January 1, 2015 to the present.

4.      Qorvo hereby demands that imaging of hard drives be preserved pending Akoustis' completion of the inspection demands set forth above. This includes all computers, tablets, smart phones or mobile phones, personal e-mail accounts, as well as data storage devices/platforms and network servers that Akoustis' employees, officers, directors, agents, and/or representatives have used at any time from January 1, 2015 to the present.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

James C. Wald
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

May 5, 2023

Public Version

# EXHIBIT A

**Sheppard**Mullin

Sheppard, Mull n, R chter & Hampton LLP
1901 Avenue of the Stars, Su te 1600
Los Angeles, Cal forn a 90067 6055
310.228.3700 ma n
310.228.3701 fax
www.sheppardmull n.com

310.228.6143 d rect
jwald@sheppardmull n.com

May 5, 2023

**VIA ELECTRONIC MAIL**

David L. Stanton
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
david.stanton@pillsburylaw.com

Re:    *Qorvo, Inc. v. Akoustis Technologies et al*., No. 1:21-01417-JPM – Proposed Protocol for
       Inspection of Akoustis' Electronic Data

Dear David:

This letter proposes the following protocol for Qorvo's forensic inspection of Akoustis' electronic
data:

   1.  Akoustis shall provide Qorvo's computer forensic expert access to any and all
       personal and business computers, network file servers and/or associated electronic
       or network file storage devices, smartphones, flash drives, and other electronic
       media in Akoustis' possession custody or control that were used by, owned by,
       leased by, and/or operated by any current and/or former Akoustis employees,
       officers, directors, agents, and/or representatives accused of misappropriating
       Qorvo's Confidential Information, as alleged in Qorvo's Second Amended Complaint
       and the trade secret disclosure statement of May 1, 2023.

   2.  Qorvo's expert and Akoustis shall create an inventory itemizing the materials
       identified in paragraph 1 above that are produced by Akoustis.

   3.  The imaging to be conducted as set forth in paragraphs 1 and 2 above shall
       commence on June 5, 2023, with the imaging to continue until completed and shall
       take place at the following location(s):

       a.  Akoustis located at 9805 Northcross Center Court, Suite A, Huntersville,
           North Carolina, 28078 during the hours of 9:00 am ET to 5:00 pm ET;
           and

       b.  Any additional location(s) to which the parties agree.

       If a dispute arises between the experts concerning the imaging process, then the
       experts shall notify counsel who shall promptly confer in an effort to resolve the
       dispute.

Public Version

Dav d L. Stanton
May 5, 2023
Page 2

4. Qorvo's expert shall make available to Akoustis, at Akoustis' cost, an exact copy of all images.

5. Qorvo's expert and Akoustis shall retain the images in a secure environment and shall not release the images to any party unless permitted or required under Order/Agreement or provided for upon further Order/Agreement.

6. Qorvo's expert shall analyze, review and search data on the images for the purpose of locating and subsequently reporting on the following:

   a.  Proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and the trade secret disclosure statement of May 1, 2023.

   b. Items derivative of proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and the trade secret disclosure statement of May 1, 2023.

   c. Any and all electronic communications between January 1, 2015 and the present including but not limited to emails, items attached to emails, chats, instant messaging and postings involving the individual Akoustis personnel identified in the Second Amended Complaint and involving Qorvo's Confidential Information.

   d. Any and all computer generated activity and artifacts (including but not limited to operating system and/or application generated logs, trace data, control structures, file or data fragments) as may be deemed relevant to the matter between January 1, 2015, and the present.

7. At the conclusion of the above-captioned matter, the images that have been retained shall be disposed of as determined by agreement of the parties or further order of the court.

Sincerely,

James C. Wald

James C. Wald
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:     (all by email)
        Dianne Sweeney, Esq.
        Ryan Selness, Esq.
        Robert Masters, Esq.
        Jonathan DeFosse, Esq.

Public Version

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                          *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                              *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
Ryan Selness, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Theresa A. Roozen, Esquire                             *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Shani Rivaux, Esquire                                    *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL  33131
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*


                                    */s/ Jeremy A. Tigan*
                                    _____

                                    Jeremy A. Tigan (#5239)

Public Version

# EXHIBIT B

Public Version

Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QORVO, INC.,                                   )
                                               )
              Plaintiff,                       )    C.A. No. 21-1417-JPM
                                               )
       v.                                      )
                                               )
AKOUSTIS TECHNOLOGIES, INC. and                )
AKOUSTIS, INC.,                                )
                                               )
              Defendants.                      )

**DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR INSPECTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, and Local

Rule 26.2, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis" or

"Defendants") hereby submit the following Objections and Responses to Qorvo, Inc.'s ("Plaintiff"

or "Qorvo") Requests for Inspection (also referred to as "Request(s)").

**GENERAL RESERVATIONS AND OBJECTIONS**

Akoustis generally reserves its rights and objects to Qorvo's Requests as follows. These

reservations and objections ("General Objections") shall be incorporated by reference into each

individual response to a Request below, in addition to any specific objections ("Specific

Objections") offered in response to a particular Request:

1.      Akoustis' responses and productions are expressly made subject to the parties'

Stipulated Protective Order ("Protective Order") (D.I. 57).

2.      Akoustis has not completed its investigation of the facts relating to this case, has

not completed its factual preparation for trial, and has not received the benefit of expert opinion

and analysis. Additionally, Akoustis has not been reasonably free to consult with its counsel about

1

Public Version

Qorvo's alleged trade secrets due to Qorvo's AEO designation of various materials produced by Akoustis that Qorvo now claims as its AEO information.  The information provided in these responses is based on the information presently known and reasonably available to Akoustis after review of existing discovery and a reasonable investigation.  Akoustis' responses are based on current information and materials currently in Akoustis' possession, custody or control including the current state of the pleadings.  Because Akoustis' investigation is continuing and discovery is ongoing, additional documents responsive to these Requests may be identified before trial. Akoustis reserves the right to introduce at trial, or other proceedings related to this action, information or documents not identified in response to these Requests, which become known or available to Akoustis or should the relevance of known information and documents become apparent after the date of these responses.  Akoustis reserves the right to supplement these responses and/or to otherwise make available to Qorvo such information and documents at appropriate points throughout this litigation and without prejudice to Akoustis.  Akoustis also reserves the right to change, modify, or enlarge the following objections and/or responses based on amendments to pleadings, additional information, further analysis, and/or in light of other events in the litigation.  Akoustis' production of a particular document is not an admission that it is responsive to any particular Request.

3.      Any representation to the effect that Akoustis will produce for inspection responsive, non-privileged documents or things should not be construed as an admission that responsive, non-privileged documents or things actually exist.  Rather, it should be construed simply as a representation that Akoustis will produce for inspection responsive, non-privileged documents or things should any be found based upon a reasonable search.  Akoustis makes these responses and objections without in any way implying that the Requests or responses are considered relevant or material to the subject matter of this action, and Akoustis' responses herein shall not constitute an agreement with or acquiescence to any Request, definition, or instruction that contains inaccurate, incomplete, or misleading descriptions of the facts, events, or pleadings

2

Public Version

Public Version

underlying in this action.

4.      Akoustis objects to the Requests to the extent they seek information, documents or things, including communications, and information that are protected by the attorney-client privilege, the work product immunity, the consulting expert exemption from discovery, the common interest or joint defense privilege, the mediation or settlement privilege, or any other applicable constitutional, statutory, or common law privilege, exemption, or immunity from discovery, including but not limited to those contained within the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable statute or case law.  To the extent any Request may be construed as calling for information protected by such privileges or doctrines, Akoustis hereby makes a continuing objection to each and every Request.

5.      Akoustis objects to the Requests to the extent they infringe upon the privacy rights of other persons, and to the extent they seek documents of a confidential or proprietary nature including, without limitation, trade secrets, commercially sensitive information, and confidential financial information, in particular, Akoustis reserves the right to object and/or reserve production based on any third-party confidentiality obligations.

6.      Akoustis objects to the Requests to the extent they seek information that is not related to the claims and defenses in this case, to the extent they are not proportional to the needs of this case, to the extent they are vague, ambiguous, overly broad, or unduly burdensome, and to the extent that the burden of expense of the requested discovery outweighs its likely benefit on the ground that such Requests seek materials beyond the permissible scope of discovery under Fed. R. Civ. Proc. 26(b)(1).

7.      Akoustis objects to the Requests to the extent they seek information from any person or entity other than Akoustis.  Akoustis' responses hereto are limited to its own documents and information based on a reasonable investigation.

8.      Akoustis objects to the Requests to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third-parties, or seek production of

3

Public Version

information or documents that Akoustis is not permitted to disclose pursuant to confidentiality obligations to third-parties.  Akoustis will not provide any such information or documents without notice to and/or consent from the relevant third-party (or parties).

9.　　Akoustis objects to the Requests to the extent they are cumulative and duplicative of Qorvo's Requests for Production and/or the documents and information already produced by Akoustis.

10.　　Akoustis objects to the Requests to the extent they seek discovery of information that is available through other means that are less burdensome or more appropriate than through these Requests.

11.　　Akoustis objects to the Requests to the extent they seek discovery of information or materials within the scope of Fed. R. Civ. P. 26(b)(4)(A), and thus constitute an improper and premature attempt to conduct discovery of expert opinion.

12.　　Akoustis objects to the Requests to the extent they seek legal conclusions or present questions of pure law.

13.　　Akoustis objects to these Requests to the extent they seek documents and things that are not reasonably accessible and available.

14.　　By responding to these Requests, Akoustis does not waive any objection that may be applicable to the use, for any purpose, of any information or documents provided in response, or to the admissibility, privilege, relevancy, authenticity, foundation, materiality of any information relating to any issue in the case.  Akoustis expressly reserves the right to object (i) to the use of these responses or the subject matter contained herein during any subsequent proceeding, including the trial of this or any other action; and (ii) on any ground to any Request for further responses to these or any other discovery requests involving or related to the subject matter of these Requests.  Akoustis is willing to meet and confer on any and all objections and responses to these Requests, including objections to Qorvo's Definitions and Instructions.

Public Version

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Akoustis objects to the Requests to the extent they call for inspection of documents or things within 30 days of the date of the Requests.  Akoustis will make documents or things available for inspection as it completes its investigations, in accordance with any agreement of the parties, in compliance with the Federal Rules of Civil Procedure, and consistent with the Scheduling Order as amended (*see, e.g.*, D.I. 23, 198).  Akoustis also objects to any Requests that seek information prematurely in view of the Court's Scheduling Order and the Local Rules.

2.      Akoustis objects to these Requests as vague and ambiguous and unduly burdensome to the extent they fail to specify a relevant time period, and further objects to the extent any Request purports to seek information or documents beyond the time limitations on damages set forth in 35 U.S.C. § 286.  Akoustis objects to these Requests to the extent any Request seeks information more than 6 years preceding the initiation of patent infringement claims against any products readied for production and/or offered or otherwise available for sale, and Akoustis has responded to these Requests based on that understanding.

3.      Akoustis objects to Qorvo's Definitions, Instructions, and proposed Protocol (Exhibit A to the Requests) to the extent they seek to impose obligations beyond those permitted by, or are inconsistent with, the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware, or the terms of the Protective Order or the ESI Protocol.

4.      Akoustis objects to the Instructions and proposed Protocol (Exhibit A to the Requests) to the extent they require burdensome expenses and obligations.  Akoustis further objects to the extent they purport to require Akoustis to identify each item that is unavailable or require Akoustis to make available documents not in Akoustis' possession, custody, or control.

5.      Akoustis objects to the Instructions and proposed Protocol (Exhibit A to the Requests) to the extent they require Akoustis to search any location that is not reasonably accessible to Akoustis.

6.      Akoustis objects to proposed Protocol (Exhibit A to the Requests) as overly burdensome and not proportional to the claims and defenses of this case.  Akoustis will work in good faith to set up a process that is reasonable and is appropriately tailored to the needs of this litigation.

7.      Akoustis objects to Qorvo's definition of the term "Akoustis employees at issue" as vague and overly broad to the extent it includes some of the identified employees but not others. As used in these responses, Akoustis employees at issue shall mean all of the employees identified by Qorvo in its Definitions section, Paragraph 2 unless otherwise specified.

8.      Akoustis objects to Qorvo's definition of "Confidential Information" as overly broad, vague, ambiguous, and confusing. The definition is so inadequately formed that it provides no meaningful notice to Akoustis. Akoustis will not respond to any Request regarding "Confidential Information," based on Qorvo's proposed definition.

## REQUESTS FOR INSPECTION

### Request for Inspection No. 1:

Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to inspect, copy, test, or sample the requested electronically stored information on any and all network file servers and/or associated electronic or network file storage devices used by, owned by, or in the possession custody or control of the current and former Akoustis employees, officers, and/or directors accused of misappropriating Qorvo's Confidential Information, as alleged in Qorvo's Second Amended Complaint, including Akoustis':

Public Version



**Response to Request for Inspection No. 1:**

In addition to the General Objections, Akoustis objects to the definition of the term Confidential Information and reincorporates its objection to this definition. Akoustis objects on the basis that the phrases and terms "the requested electronically stored information," "any and all network file servers and/or associated electronic or network file storage devices," "used by," "owned by," "the current and former Akoustis employees, officers, and/or directors accused of misappropriating Qorvo's Confidential Information,"

Public Version

███████████████  ████  ████  ████  ████  █ █ █  ████  ████  ████  ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ are vague and ambiguous.  Akoustis notes

that the Request does not define the phrase "current and former Akoustis employees, officers,

and/or directors accused of misappropriating Qorvo's Confidential Information" and Akoustis

interprets this phrase to mean only those individuals identified in the definition of Akoustis

employees at issue.

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████  ██  ████████████  ████████████████  ████  ████  ██

████████████████████████████████████████████████████████

██████████████████████████████████ Akoustis further objects on the

grounds that the Request calls for irrelevant, voluminous, duplicative, cumulative, inaccessible

and/or incremental information that is unduly burdensome and harassing to identify and produce,

entailing effort and cost not reasonably proportional to the needs of this case. Akoustis objects to

the extent it calls for attorney work product and/or confidential and privileged information as well

as any other applicable privilege, privacy, immunity, or protection.  Akoustis also objects on the

basis that this Request is overly broad, unduly burdensome, and not proportional to the needs of

the case.  Akoustis further objects to the extent it seeks information or documents not in Akoustis'

possession, custody, or control, including personal equipment of its employees.   Akoustis objects

to this Request as seeking documents that are subject to third-party confidentiality restrictions.

Subject to and without waiving the foregoing specific and General Objections, Akoustis

agrees to meet and confer with Qorvo about the scope of this Request and to work in good faith to

identify a third-party neutral and to establish a protocol for a reasonable inspection concerning

relevant information, including the proper parameters for such inspection.

**Request for Inspection No. 2:**

Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to inspect,

copy, test, or sample electronically stored information on any and all personal and business (i)

computers, (ii) tablets, (iii) smart phones or mobile phones with text messaging or electronic mail

capabilities, and (iv) local data storage devices (DVDs, CDs, thumb/flash drives, external drives)

of each Akoustis' employees at issue has used or has owned at any time during the period from

January 1, 2015 until present, in the possession custody or control of Akoustis.

**Response to Request for Inspection No. 2:**

In addition to the General Objections, Akoustis objects to the definition of the term

Akoustis employees at issue and reincorporates its objections to these definitions.  Akoustis objects

on the basis that the phrase and terms "local data storage devices (DVDs, CDs, thumb/flash drives,

external drives)" are vague and ambiguous.

Public Version

██████████████████████████████████████████████████████████████████████

██████████████ █████████ ████████ ███████ ██████████ ███ ████████ █████████ ████████ ██

██████████████████████████████████████████████████████████████████████

██████████████████████████████████ Akoustis further objects on the

grounds that the Request calls for irrelevant, voluminous, duplicative, cumulative, inaccessible

and/or incremental information that is unduly burdensome and harassing to identify and produce,

entailing effort and cost not reasonably proportional to the needs of this case. Akoustis objects to

the extent it calls for attorney work product and/or confidential and privileged information as well

as any other applicable privilege, privacy, immunity, or protection.  Akoustis also objects on the

basis that this Request is overly broad, unduly burdensome, and not proportional to the needs of

the case.  Akoustis further objects to the extent it seeks information or documents not in Akoustis'

possession, custody, or control, including personal equipment of its employees.  Akoustis objects

to this Request as seeking documents that are subject to third-party confidentiality restrictions.

Subject to and without waiving the foregoing specific and General Objections, Akoustis

agrees to meet and confer with Qorvo about the scope of this Request and to work in good faith

identify a third-party neutral and to establish a protocol for a reasonable inspection concerning

relevant information, including the proper parameters for such inspection.

**Request for Inspection No. 3:**

Qorvo demands that Akoustis grant Qorvo's computer forensic expert access to inspect,

copy, test, or sample electronically stored information on any and all personal and business (i) e-

mail accounts, and (ii) network data storage platforms (Dropbox, Google Drive, Box) each

Akoustis' employees at issue has used or has owned at any time from January 1, 2015 to the present.

Public Version

**Response to Request for Inspection No. 3:**

In addition to the General Objections, Akoustis objects to the definition of the term Akoustis employees at issue and reincorporates its objections to these definitions. Akoustis objects on the basis that the phrase and terms "network data storage platforms" are vague and ambiguous.

Akoustis further objects on the grounds that the Request calls for irrelevant, voluminous, duplicative, cumulative, inaccessible and/or incremental information that is unduly burdensome and harassing to identify and produce, entailing effort and cost not reasonably proportional to the needs of this case. Akoustis objects to the extent it calls for attorney work product and/or confidential and privileged information as well as any other applicable privilege, privacy, immunity, or protection. Akoustis also objects on the basis that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Akoustis further objects to the extent it seeks information or documents not in Akoustis' possession, custody, or control, including personal equipment of its employees. Akoustis objects to this Request as seeking documents that are subject to third-party confidentiality restrictions.

Subject to and without waiving the foregoing specific and General Objections, Akoustis agrees to meet and confer with Qorvo about the scope of this Request and identify a third-party

11

Public Version

neutral and to establish a protocol for a reasonable inspection concerning relevant information, including the proper parameters for such inspection.

**Request for Inspection No. 4:**

Qorvo hereby demands that imaging of hard drives be preserved pending Akoustis' completion of the inspection demands set forth above. This includes all computers, tablets, smart phones or mobile phones, personal e-mail accounts, as well as data storage devices/platforms and network servers that Akoustis' employees, officers, directors, agents, and/or representatives have used at any time from January 1, 2015 to the present.

**Response to Request for Inspection No. 4:**

In addition to the General Objections, Akoustis objects on the basis that the phrase and terms "imaging of hard drives be preserved pending Akoustis' completion of the inspection demands set forth above," "data storage devices/platforms and network servers," "agents," and "representatives" are vague and ambiguous.



Akoustis further objects on the grounds that the Request calls for irrelevant, voluminous, duplicative, cumulative, inaccessible and/or incremental information that is unduly burdensome and harassing to identify and produce,

12

Public Version

Public Version

entailing effort and cost not reasonably proportional to the needs of this case. Akoustis objects to the extent it calls for attorney work product and/or confidential and privileged information as well as any other applicable privilege, privacy, immunity, or protection.  Akoustis also objects on the basis that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case.  Akoustis further objects to the extent it seeks information or documents not in Akoustis' possession, custody, or control, including personal equipment of its employees.  Akoustis objects to this Request as seeking documents that are subject to third-party confidentiality restrictions.

Subject to and without waiving the foregoing specific and General Objections, Akoustis agrees to meet and confer with Qorvo about the scope of this Request and to work in good faith to identify a third-party neutral and to establish a protocol for a reasonable inspection concerning relevant information, including the proper parameters for such inspection.

Dated:  June 5, 2023.

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com

Robert M. Fuhrer
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
(703) 770-7900
robert.fuhrer@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW,
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

14

EXHIBIT C

Public Version

**Sheppard**Mullin

Sheppard, Mun, Rchter & Hampton LLP
1901 Avenue of the Stars, Sute 1600
Los Angees, Caforna 90067 6055
310.228.3700 man
310.228.3701 fax
www.sheppardmun.com

310.228.6143 drect
jwad@sheppardmun.com

June 13, 2023

**VIA ELECTRONIC MAIL**

Theresa A. Roozen
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
theresa.roozen@pillsburylaw.com

Re:   *Qorvo, Inc. v. Akoustis Technologies et al.*, No. 1:21-01417-JPM – Akoustis' Objections
      and Responses to Plaintiff's Requests for Inspection

Dear Theresa:

We write to addresses deficiencies in Defendants Akoustis Technologies, Inc. and Akoustis,
Inc.'s Objections and Responses to Plaintiff's Requests for Inspection, dated June 5, 2023.
Aside from containing boilerplate objections throughout their responses,[1] Akoustis refuses to
allow the forensic inspection to proceed unless Qorvo agrees to use a jointly retained forensic
expert.

Akoustis cannot unilaterally require that the parties retain the same forensic expert, even as a
neutral third party. *See*, *e.g.*, *Cenveo Corp. v. Slater*, No. CIV.A.06-CV-2632, 2007 WL 442387,
at *2 (E.D. Pa. Jan. 31, 2007) (allowing the "plaintiff to select an expert to oversee the imaging
of all of defendants' computer equipment").  The Court has already indicated that a jointly
retained expert is not required.  *See* Transcript of the Status Conference Before the Honorable
Jon P. McCalla, dated May 10, 2023, at 7:20-23 ("it's not unusual for" the plaintiff to retain a
forensic expert, but "both parties" can jointly retain a forensic expert *when they "agree"*)
(emphasis added).  Qorvo does not agree to a jointly retained neutral expert here.

We look forward to our scheduled meet and confer by Zoom today (6/13) at 4pm EDT, with local
counsel present, where we can address Akoustis' concerns.

---

[1] Akoustis' includes boilerplate as its general objections, which Akoustis argues are waived in
other discovery letters.  Akoustis also includes boilerplate as its specific responses, which
consist of the same copied and pasted paragraphs for each request.

Public Version

Theresa Roozen
June 13, 2023
Page 2

Sincerely,

*James C. Wald*

James C. Wald
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:     (all via email)
        Dianne Sweeney, Esq.
        David Stanton, Esq.
        Ryan Selness, Esq.
        Jonathan DeFosse, Esq.
        legaltm-qorvo-akoustis@sheppardmullin.com

Public Version

# EXHIBIT D



Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524 | tel 213.488.7100 | fax 213.629.1033

David Stanton
tel: +1.213.488.7271
david.stanton@pillsburylaw.com

June 29, 2023

VIA E-MAIL

James C. Wald
Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067-6055

> Re:   **Qorvo, Inc. v. Akoustis Technologies et al., No. 1:21-01417-JPM-
> Akoustis's Objections and Responses to Plaintiff's Requests for
> Inspection**

Dear James:

I write in response to your June 13, 2023 correspondence and in follow up to our June
13, 2023 video conference regarding Qorvo's Request for Inspection to Akoustis.
This letter includes Akoustis' proposed protocol for the further forensic examination
of Akoustis' information storage systems.

We continue to believe that having the parties agree on a third-party neutral from the
outset would be the most efficient, and frankly common, approach in matters between
competitors.  Given Qorvo's refusal to agree to a third-party neutral, we have worked
to identify, as an accommodation to Qorvo, parameters that are acceptable to Akoustis
without the intervention of such a court-appointed third-party neutral.

Qorvo demands that its own expert be granted unfettered access to all personal and
company computers, network servers, and all other storage media used, owned, leased
or operated by no fewer than 31 current and former Akoustis employees over an
eight-year period, from 2015 to 2023. ████████████████████████████████████
██████████████████████████████████████ Qorvo demands that each of these
systems be imaged in its entirety, and that all of these images—virtually the entire
Akoustis IT infrastructure and data network—be turned over to an expert engaged by
Qorvo, presumably through its outside counsel, Sheppard Mullin. Qorvo then
demands that its outside counsel and their expert be permitted to run whatever
searches and to review whatever documents they select to locate "Qorvo's
Confidential Information," alleged in the Second Amended Complaint, and listed in

James C. Wald
June 29, 2023
Page 2

Qorvo's Identification of Trade Secrets, plus any communications "involving Qorvo's Confidential Information," and "all computer generated activity and artifacts … as may be deemed relevant to the matter between January 1, 2025 and the present." As previously discussed, Qorvo's definition of confidential information alone has no boundaries and could include virtually any information at Akoustis.

This type of unbounded inspection demand is unreasonable in scope, cost and intrusiveness. It is not warranted by the circumstances of this case, the Rules of Civil Procedure, or applicable case law. It does not address the limitations on the discovery to information that is relevant and reasonably proportional or include any steps to prevent the disclosure of information that is privileged or protected from disclosure. It also overlooks Akoustis' regulatory and third-party non-disclosure obligations, including ITAR restrictions and NDAs. For these reasons and more, and as further discussed below, Akoustis cannot agree to Qorvo's demands.

As for the circumstances of this case, Akoustis has cooperated throughout the document discovery process and will continue to do so. It voluntarily produced the documents cited in the Second Amended Complaint and in Qorvo's Identification of Trade Secrets, pursuant to the parties' agreed-upon ESI Protocol and without controversy or any motions to compel. Qorvo has identified no significant deficiencies in Akoustis' production pursuant to the ESI Protocol, which have been voluminous. Akoustis even voluntarily expanded its search terms and identified an additional person of interest who was identified through its documents review. Moreover, Akoustis agreed during our prior meet and confers to turn over documents identified through the agreed-upon search parameters if they related to Qorvo, *regardless of whether a particular document reflected information Qorvo could claim was confidential or trade secret*. Akoustis complied with that agreement, and when Qorvo-related documents were uncovered, they were produced.

As discussed during our video conference, Akoustis is willing to expand these prior good-faith efforts to conduct additional searches, and it has agreed to provide significant transparency to Qorvo to ensure this work is performed appropriately and to avoid controversy between the parties regarding the methodologies employed. Therefore, and to the extent Qorvo's inspection demand merely seeks to compel *further* production of documents responsive to Qorvo's outstanding document requests, this is a matter for meet and confer, which it can be handled through an expansion of the search parameters previously negotiated by the parties.

Beyond this, Akoustis and Qorvo share a common purpose in identifying and purging any alleged Qorvo Confidential Information from Akoustis' systems, even before a determination has been made that any particular documents are trade secrets or have

James C. Wald
June 29, 2023
Page 3

been protected as confidential by Qorvo (which Akoustis disputes).



From Akoustis' perspective, it makes the most sense for this preservation, identification, and investigation effort take place one time, collaboratively between the parties, and not twice, unilaterally by each side.  This type of cooperation would avoid redundancy and misinterpretation, minimize controversies and costs, and ensure a fair, balanced and valid process undertaken with a single set of forensic tools employed by a single team to avoid discrepancies and scope creep.  To facilitate this, we again reiterate our request that Qorvo agree upon a third-party neutral to oversee the process.

On the other hand, Qorvo's proposed unilateral protocol widely oversteps what is permitted under the Federal Rules of Civil Procedure.  Rule 34(a) allows parties to request that another party produce and permit the inspection of designated documents or ESI. The rule does not give the requesting party the right search through all of a responding parties' records. Yet that is effectively what Qorvo proposes. As the Advisory Committee note makes clear, courts are to guard against this kind of "undue intrusiveness."

> The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

James C. Wald
June 29, 2023
Page 4

Rule 34, Advisory Committee Note.

The authority cited in your June 13 letter does not justify the unilateral fishing expedition and unfettered access that Qorvo seeks. In *Cenveo Corp. v. Slater*, No. CIV.A.06-CV-2632, 2007 WL 442387, at *2 (E.D. Pa. Jan. 31, 2007), the core issue was simply which side should conduct certain computer imaging, and the plaintiff's expert was not permitted to review any documents. That court narrowly permitted plaintiff's expert to oversee forensic imaging of certain hard drives, to confirm active and deleted documents were recovered from the mirror images, but the plaintiff's expert was directed to then deliver those materials *to the defendants* along with certain metadata. Thereafter, the defendants—as responding parties—were instructed to "review the recovered materials for privilege and responsiveness, supplement defendants' responses to plaintiff's discovery requests, and send to plaintiff's counsel all non-privileged responsive documents along with a privilege log…." *Id.* at *3. Similarly, it is Akoustis, as responding party, not Qorvo or Qorvo's expert, who should be performing the responsiveness and privilege review of Akoustis' materials identified through any forensic imaging process. Further, such search and review efforts should be limited to agree-upon search term hits, excluding documents Akoustis has already reviewed for responsiveness in this case. This has been the parties' agreed-upon practice under their ESI Protocol, and there is no justification for diverging from that process now.

During our June 13 discussion, Qorvo also objected to a proposed third-party neutral to oversee both Qorvo's forensic inspection and ███████████████████ on the ground that Qorvo did not want to split the fees ██████████████████████████ ███████████████████ To that end, and to the extent Qorvo refuses a collaborative process, its forensic investigation should be limited to a scope that is proportional to the needs of this case pursuant to Rule 26(a). In particular, the number of images to be inspected and repositories to be searched should be limited to those most relevant and probative to the parties' claims and defenses. This reasonable constraint is reflected in the following proposal.

<u>Akoustis' Proposed Forensic Imaging and Inspection Protocol</u>

The following is intended to outline a process, rather than anticipate every nuance of that process, and we expect the parties will further meet and confer to define the particulars. Once agreed to, the final protocol shall be submitted to the Court for approval:

Step 1 – Identification of custodians

James C. Wald
June 29, 2023
Page 5

- Qorvo shall identify up to eight custodians to be subject to this inspection.

Step 2 – Identification of custodian devices and repositories.

- For each of the identified custodians, Akoustis shall identify the company-issued devices and repositories assigned to that custodian, including laptop/desktop computers, external drives, Microsoft 365 repositories, company-issued mobile devices and data backups or archives. This identification will include a detailed description of each piece of computer equipment, including the name of the manufacturer of the equipment and its model number and serial number, along with the name of the hard drive manufacturer and its model number and serial number, wherever possible.

Step 3 – Imaging

- FTI to perform bit-level imaging or other forensically sound capture of custodian's data using industry standard tools to the extent not already imaged.  Qorvo's expert to reasonable vet the forensic imaging performed by FTI.  Parties to meet and confer over any dispute regarding the sufficiency of the imaging process.

- FTI to document the chain of custody for any copies and images drawn from the equipment, and Akoustis to provide such materials to Qorvo.

Step 4 – Laptop/M365 Search Terms

- Parties to negotiate appropriate scope of search terms to be applied to identify Qorvo information and any documents pertaining to its distribution or use on laptops and Microsoft 365 data. These search terms shall include relevant document extensions and file types and shall be developed through good-faith meet and confer supported by the disclosure and review of search term hits reports to evaluate proportionality and scope.

    o FTI to index and search relevant file types from the captured laptop images for proposed terms.

    o FTI to run proposed terms for M365 using Purview.

    o FTI to provide document hit reports for further discussion among the parties.

James C. Wald
June 29, 2023
Page 6

Step 5 –Laptop and M365 Searches

- Once the parties have agreed upon a reasonable set of search terms:

  o FTI to run the agreed upon search terms on relevant file types from the laptop images.

  o FTI to employ Purview to run agreed-upon search terms against M365 data (eMail, OneDrive, Teams) associated with the targeted custodians.

  o FTI to use Magnet Axiom on forensic images to generate a list of artifacts hitting on the agreed-upon laptop image search terms.

Step 6 – Document Review

- FTI to provide all laptop and M365 search term hits to Akoustis family complete, including the Axiom case file of artifacts hitting on the laptop search terms, to review for responsiveness and privilege.

- Akoustis' review to exclude hash equivalents of documents Akoustis has already reviewed for responsiveness in privilege in this case.

- Responsiveness for purposes of this review shall mean documents that refer or relate to information originating from Qorvo, or the distribution, use, adoption, deletion of such information, or its incorporation into Akoustis documents.

Step 7 – Document Production and Privilege Log

- Akoustis to produce all responsive documents that are properly discoverable, including the Axiom case file materials, as well as a privilege log, which describes the nature of any privileged documents or communications in a manner that, without revealing information that is privileged or protected, will enable Qorvo to assess the applicability of the privilege or protection claimed.

Step 8 – Engineering Server

- ███████████████████████████████████████

James C. Wald
June 29, 2023
Page 7

- Search parameters specific to the server, including relevant folder paths, to be developed according to the iterative process identified above (i.e., Qorvo and Akoustis to propose terms, FTI to run terms and provide reports, and parties to negotiate a final set.)

- Once server search terms have been agreed upon and run, Akoustis to review hits, family complete, for responsiveness and privilege, as above; however, Akoustis may identify server materials by folder path, file type or other categories that do not warrant eyes-on review, or only warrant random sampling, based on the number or type of hits involved.

Step 8 – Further Examination.

- Qorvo may identify particular documents of interest and disclose further forensic analysis sought to evaluate the use, distribution or deletion of these specific materials.

- Parties to meet and confer regarding scope and extent of additional steps, which may include further imaging or forensic inspections.

Step 10 – Disputes

- Parties agree to meet and confer in good faith to avoid motion practice in developing a process that is reasonable in scope, cost, transparency and disruption to Akoustis' business.

- Parties to seek Court's approval to submit any disputes for informal input from the Court prior to filing noticed motions.

We expect that are details of the foregoing proposal to be worked out through further meet and confer, and we are available for a video conference on this topic on Monday, July 3 or Wednesday, July 5.

Regards,

David L. Stanton

James C. Wald
June 29, 2023
Page 8


cc:     Dianne Sweeney, Esq.
          Theresa A. Roozen, Esq.
          Ryan Selness, Esq.
          Jonathan DeFosse, Esq.
          legaltm-qorvo-akoustis@sheppardmullin.com

Public Version

# EXHIBIT E

Public Version

| | |
|---|---|
| **From:** | James Wald |
| **To:** | Stanton, David; Roozen, Theresa A. |
| **Cc:** | Sweeney, Dianne L.; Rose, Meri L.; Selness, Ryan; Rivaux, Shani; Jakopin, David A.; Robert Masters; Jonathan DeFosse; Timothy Cremen; Tigan, Jeremy A.; LegalTm-Qorvo-Akoustis |
| **Subject:** | RE: Qorvo v. Akoustis: ████████████ |
| **Date:** | Monday, July 17, 2023 10:22:14 AM |

David,

I am following up on my email, below.  What is your availability to meet and confer this week regarding the proposed inspection protocol?  Tomorrow or Wednesday are best so the parties can hopefully work through these issues sooner rather than later.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** James Wald
**Sent:** Thursday, July 13, 2023 10:44 AM
**To:** 'Stanton, David' <david.stanton@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ████████████████████

David,

Thank you for emailing Akoustis' counterproposal for the inspection protocol.  Unfortunately, the proposed dates for a meet and confer did not work.  What is your availability to meet and confer during the rest of this week/early next week?

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Stanton, David <david.stanton@pillsburylaw.com>
**Sent:** Thursday, June 29, 2023 1:16 PM
**To:** James Wald <JWald@sheppardmullin.com>; Roozen, Theresa A.
<theresa.roozen@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>;
Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>;
Jakopin, David A. <david.jakopin@pillsburylaw.com>; Robert Masters
<RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy
Cremen <TCremen@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ███████████████████████

Hi James,

Please see the attached correspondence regarding Qorvo's inspection demand and Akoustis'
proposed protocol.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, June 13, 2023 11:49 AM
**To:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ███████████████████████

Public Version

Theresa,

Please see the attached letter in anticipation of today's meet and confer.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** James Wald
**Sent:** Tuesday, June 13, 2023 9:19 AM
**To:** 'Roozen, Theresa A.' <theresa.roozen@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ███████████████

Theresa,

Yes, we are available then.  We look forward to meeting with you by Zoom today at 1 p.m. PT/ 4 p.m.
ET.  I will circulate a calendar invitation shortly.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Friday, June 9, 2023 2:25 PM

**To:** James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ████████████████████████

James,

We are not available at that time on Monday.  However, we are available on Tuesday at 1 p.m. PT/ 4
p.m. ET. Please let us know if that time works for you.

Best,
Theresa

**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Thursday, June 8, 2023 7:46 PM
**To:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ████████████████████████

Theresa,

Unfortunately, our local counsel is unavailable on Friday.  Does Monday at 4 p.m. ET/1 p.m. PT work,
instead?  We can provide an update as to Akoustis' Requests for Production to Qorvo, Set 3, then, as
well.

Regards,

**James Wald**

+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Wednesday, June 7, 2023 4:39 PM
**To:** James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ███████████████

James,

Apologies for the delayed response.  We can be available with local counsel on Friday at 11:30 a.m.
ET/8:30 a.m. PT.  Please let us know if that time works for you and your team, including local
counsel.

Additionally, in the absence of a response to Ryan's May 15 meet-and-confer summary email by
tomorrow, we would like to add a status update on Qorvo's responses to Akoustis' Requests for
Production to Qorvo, Set 3 to the agenda.  We have received no response or update from Qorvo
since the meet and confer on those RFPs, which was almost four weeks ago.

Best,
Theresa

**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, June 6, 2023 3:13 PM
**To:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan

<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: █████████████████████████

Theresa,

Thank you for your email.

We reviewed Akoustis' response to Qorvo's inspection request, but still have concerns.

Please let me know whether you are available to meet and confer tomorrow (6/7) at 4pm EDT or Thursday (6/8) at 2:30pm EDT with local counsel present.

We would also like to further discuss CAD and simulation data issues then.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Monday, June 5, 2023 4:26 PM
**To:** James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: █████████████████████████

James,

Thank you for your letter. We believe that our response to the Request for Inspections may provide the information sought. If you still would like to have a meet and confer, please let us know a few dates and times in which you are available this week.

Best,
Theresa

**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Thursday, June 1, 2023 4:23 PM
**To:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ██████████████████

Theresa,

Please see the attached response.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

## SheppardMullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Wednesday, May 31, 2023 2:39 PM
**To:** James Wald <JWald@sheppardmullin.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L.
<dianne@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Jakopin, David A.
<david.jakopin@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: ██████████████████

James,

Please see the attached letter.

Best,
Theresa

**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, May 23, 2023 2:06 PM
**To:** Sweeney, Dianne L. <dianne@pillsburylaw.com>
**Cc:** Stanton, David <david.stanton@pillsburylaw.com>; Selness, Ryan
<ryan.selness@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan
DeFosse <JDeFosse@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis: ████████████████████████

Dear Dianne,

Please see the attached letter regarding ██████████████████████████████████

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or
confidential. If you received this transmission in error, please notify the sender by reply e-mail and
delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the
individual or entity to which they are addressed and may contain information that is legally

privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT F

Public Version

| | |
|---|---|
| **From:** | James Wald |
| **To:** | Stanton, David |
| **Cc:** | Jakopin, David A.; Rivaux, Shani; Selness, Ryan; Rose, Meri L.; Tigan, Jeremy A.; Robert Masters; Jonathan DeFosse; Timothy Cremen; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Subject:** | Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23) |
| **Date:** | Wednesday, July 26, 2023 10:00:18 AM |
| **Attachments:** | Exhibit A - Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23).docx |

Dear David,

Further to our meet-and-confer on July 21, 2023, we have made revisions to Qorvo's proposed inspection protocol, including to clarify how Akoustis may assert privilege over materials that the forensic expert identifies for production based on his analysis.

Could you let us know whether Akoustis will now agree to the protocol? If not, could you please give us times on July 28, 2023 that would work for a final meet-and-confer on this issue with Delaware counsel present?

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Public Version**

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

310.228.6143 direct
jwald@sheppardmullin.com

~~May~~ July 2~~5~~6, 2023

**VIA ELECTRONIC MAIL**

David L. Stanton
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
david.stanton@pillsburylaw.com

Re:   *Qorvo, Inc. v. Akoustis Technologies et al.*, No. 1:21-01417-JPM – Proposed Protocol for
        Inspection of Akoustis' Electronic Data

Dear David:

This letter proposes the following protocol for Qorvo's forensic inspection of Akoustis' electronic
data:

1.  Qorvo shall identify Akoustis custodians which Qorvo believes have relevant
    information or likely have relevant information.  Those custodians may include, but
    are not necessarily limited to, the individuals identified in Qorvo's Second Amended
    Complaint and the trade secret disclosure statement of May 1, 2023.

~~1.~~2.    Akoustis shall provide Qorvo's computer forensic expert with a list of a~~access to~~
    ~~any and all~~ personal and business computers, network file servers and/or associated
    electronic or network file storage devices, smartphones, flash drives, and other
    electronic media (collectively, "Electronic Storage Systems") in Akoustis' possession
    custody or control that were used by, owned by, leased by, accessed by, and/or
    operated by the custodians identified by Qorvo~~any current and/or former Akoustis~~
    ~~employees, officers, directors, agents, and/or representatives accused of~~
    ~~misappropriating Qorvo's Confidential Information, as alleged in Qorvo's Second~~
    ~~Amended Complaint and the trade secret disclosure statement of May 1, 2023~~.

~~2.~~  ~~Qorvo's expert and Akoustis shall create an inventory itemizing the materials~~
    ~~identified in paragraph 1 above that are produced by Akoustis.~~ shall identify which
    Electronic Storage Systems it requests for forensic imaging and inspection.
    Akoustis' expert shall forensically image the identified Electronic Storage Systems
    using industry standard tools and techniques.

~~3.~~  ~~The~~ imaging ~~to be conducted as set forth in paragraphs 1 and 2 above~~ shall
    commence on or before Ju~~ly~~ne 5~~31~~, 2023~~ with the imaging to continue until~~
    ~~completed and shall take place at the following location(s):~~

David L. Stanton
~~May~~ July 2~~5~~6, 2023
Page 2

4. a. Akoustis located at 9805 Northcross Center Court, Suite A, Huntersville, North Carolina, 28078 during the hours of 9:00 am ET to 5:00 pm ET; and

5.3. b. Any additional location(s) to which the parties agree.

Prior to imaging, Akoustis shall describe its intended imaging process to Qorvo. If a dispute arises ~~between the experts~~ concerning the imaging process, then the ~~experts shall notify~~ counsel ~~who~~ shall promptly confer in an effort to resolve the dispute.

6. Qorvo's expert shall make available to Akoustis, at Akoustis' cost, an exact copy of all images and identify all other information it seeks to provide to Qorvo.

Akoustis may object to the information identified by Qorvo's expert as attorney-client privileged or attorney work product, withhold that information, identify it on a privilege log, and produce the privilege log to Qorvo's counsel within one week of receiving such electronic information from Qorvo's expert. To the extent Qorvo disputes any of the designations, the parties shall meet and confer within one more week in an attempt to resolve their dispute before seeking Court intervention. To the extent a file is privileged file is inadvertently produced, Akoustis may demand that Qorvo destroy the electronic information and without waiver of privilege (i.e., a clawback).

Formatted: Indent: Left: 0.75", No bullets or numbering

7.4. Qorvo's expert and Akoustis shall retain the images in a secure environment and shall not release the images to any party unless permitted or required under Order/Agreement or provided for upon further Order/Agreement.

8.5. Qorvo's expert shall analyze, review and search data on the images for the purpose of locating and subsequently reporting on the following:

a. Proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and the trade secret disclosure statement of May 1, 2023.

b. Items derivative of proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and the trade secret disclosure statement of May 1, 2023.

c. Any and all electronic communications between January 1, 2015 and the present including but not limited to emails, items attached to emails, chats, instant messaging and postings involving the individual Akoustis personnel identified in the Second Amended Complaint and involving Qorvo's Confidential Information.

d. Any and all computer generated activity and artifacts (including but not limited to operating system and/or application generated logs, trace data,

Public Version

David L. Stanton
May July 2~~5~~6, 2023
Page 3

control structures, file or data fragments) as may be deemed relevant to the matter between January 1, 2015, and the present.

6. After analyzing the ~~data obtained from Akoustic~~images, Qorvo's expert shall specifically identify for Akoustis any data, files, or other materials he requests Akoustis to produce as part of the discovery record in this case. Akoustis shall produce the requested information to Qorvo subject to the terms of the Protective Order governing this case. If Akoustis withholds any of the requested information from production on the basis of privilege, Akoustis must provide a log identifying the grounds for its assertion of privilege. For avoidance of doubt, the parties agree that providing images to Qorvo's expert for inspection does not constitute a waiver of any applicable claims of privilege for communications captured in the images.

~~the parties shall promptly meet and confer if Qorvo requests additional information, consistent with the steps identified above.~~

~~9.~~7.     At the conclusion of the above-captioned matter, the images that have been retained shall be disposed of as determined by agreement of the parties or further order of the court.

Sincerely,

James C. Wald
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:     (all by email)
        Dianne Sweeney, Esq.
        Ryan Selness, Esq.
        Robert Masters, Esq.
        Jonathan DeFosse, Esq.

-3-

# EXHIBIT G

| From: | Stanton, David |
|---|---|
| To: | James Wald; Jonathan DeFosse |
| Cc: | Jakopin, David A.; Rivaux, Shani; Selness, Ryan; Rose, Meri L.; Tigan, Jeremy A.; Robert Masters; Timothy Cremen; Roy Jung; LegalTm-Qorvo-Akoustis |
| Subject: | RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23) |
| Date: | Wednesday, August 2, 2023 1:34:33 PM |

Hi James.  Hi Jon.

The revised protocol you offer would still have Qorvo's agent obtain unfettered access to Akoustis' hard drive images and other data repositories, including the personal accounts and devices of its employees, to conduct a sweeping review of all the text contents of their documents and communications, including an unbounded review for "Items derivative of proprietary, trade secret, intellectual property or other property belonging to, owned by, entrusted to, created in whole or in part by Qorvo including, but not limited to, the Confidential Information described in Qorvo's Second Amended Complaint and the trade secret disclosure statement of May 1, 2023."  Among other things this would still amount to a waiver of privileges and confidentiality rights with respect to these materials, a broad intrusion on the personal privacy interests of Akoustis employees, and it would be highly disruptive and expose Akoustis' most sensitive data to unnecessary risk.  Your revised proposal also does not address the unilateral collaboration and *ex parte* communications between Qorvo's counsel and the forensic examiner, which comparable inspection protocols overseen by a third-party neutral would prohibit.  Your revisions do not, therefore, address Akoustis' many concerns, and, unless Qorvo is willing to make further significant changes, we think the parties remain at an impasse..

Please let us know if you think a further meet and confer on this is still warranted.  In particular, Akoustis remains open to proceeding with a third-party neutral to conduct the forensic examination, and we would welcome further discussion in that regard. We do not want to cut short any realistic opportunity to reach an amicable agreement if Qorvo thinks this is a possibility, but we also think the parties have each made good faith efforts to work this out, and, so long as Qorvo insists on its unilateral approach, that the parties remain too far apart to resolve this matter on their own and that it will need to be briefed to the Court.

Due to the extreme prejudice that Qorvo's proposal would have upon the privileges and privacy interests of Akoustis and its employees, Akoustis intends to ask the Court to schedule a fully noticed motion on this matter, so the Court has an opportunity to fully consider the facts and the law in this sensitive area.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102

david.stanton@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, August 1, 2023 11:39 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Stanton, David
<david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters
<RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung
<rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

Further to our emails below, please advise when you are available to meet and confer tomorrow
(8/2) or Thursday (8/3) with Delaware counsel present.

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, July 28, 2023 6:38 AM
**To:** James Wald <JWald@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters
<RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung
<rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

I am following-up on James's email below to see whether you have reviewed the proposed changes
to the inspection protocol and whether they address the privilege concerns you raised on the call
last week.  If not, we would like to find a time to meet-and-confer today to see whether the parties

can resolve their differences.

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Wednesday, July 26, 2023 12:57 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L.
<meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters
<RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy
Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Dear David,

Further to our meet-and-confer on July 21, 2023, we have made revisions to Qorvo's proposed
inspection protocol, including to clarify how Akoustis may assert privilege over materials that the
forensic expert identifies for production based on his analysis.

Could you let us know whether Akoustis will now agree to the protocol?  If not, could you please give
us times on July 28, 2023 that would work for a final meet-and-confer on this issue with Delaware
counsel present?

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or
confidential. If you received this transmission in error, please notify the sender by reply e-mail and
delete the message and any attachments.

Public Version

EXHIBIT H

**Public Version**

| | |
|---|---|
| **From:** | Jonathan DeFosse |
| **To:** | Stanton, David |
| **Cc:** | Jakopin, David A.; Rivaux, Shani; Selness, Ryan; Rose, Meri L.; James Wald; Tigan, Jeremy A.; Robert Masters; Timothy Cremen; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Subject:** | RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23) |
| **Date:** | Thursday, August 3, 2023 12:49:37 PM |

Dear David-

Thank you for the discussion today concerning Qorvo's request for inspection.  Without going into the details of our lengthy back-and-forth, I understand that we agreed to the following next steps:

1. We will check with our forensic expert to determine whether we can provide an overview of the forensic analysis/techniques he will use in inspecting the images.

2. You will check with your client on whether either of the following will be an acceptable way to move forward with the inspection:

    a. Option 1: The inspection will proceed as set forth in the latest version of our protocol, with the clarification that our expert will not have any "*ex parte*" communications concerning the materials found on the images except for those materials that Akoustis has reviewed and produced.

    b. Option 2: Before the images are provided to Qorvo's expert for inspection, Akoustis will have the opportunity to review the images and sequester/remove privileged material.

You agreed that you would have a response to us on item #2 by August 8.

Best Regards,
Jon

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, August 1, 2023 11:39 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

Further to our emails below, please advise when you are available to meet and confer tomorrow

**Public Version**

(8/2) or Thursday (8/3) with Delaware counsel present.

Regards,

**James Wald**
+1 310-228-6143 | direct
[JWald@sheppardmullin.com](JWald@sheppardmullin.com) | [Bio](Bio)

**Sheppard**Mullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
[www.sheppardmullin.com](www.sheppardmullin.com) | [LinkedIn](LinkedIn) | [Twitter](Twitter)

---

**From:** Jonathan DeFosse <[JDeFosse@sheppardmullin.com](JDeFosse@sheppardmullin.com)>
**Sent:** Friday, July 28, 2023 6:38 AM
**To:** James Wald <[JWald@sheppardmullin.com](JWald@sheppardmullin.com)>; Stanton, David <[david.stanton@pillsburylaw.com](david.stanton@pillsburylaw.com)>
**Cc:** Jakopin, David A. <[david.jakopin@pillsburylaw.com](david.jakopin@pillsburylaw.com)>; Rivaux, Shani
<[shani.rivaux@pillsburylaw.com](shani.rivaux@pillsburylaw.com)>; Selness, Ryan <[ryan.selness@pillsburylaw.com](ryan.selness@pillsburylaw.com)>; Rose, Meri L.
<[meri@pillsburylaw.com](meri@pillsburylaw.com)>; Tigan, Jeremy A. <[JTigan@morrisnichols.com](JTigan@morrisnichols.com)>; Robert Masters
<[RMasters@sheppardmullin.com](RMasters@sheppardmullin.com)>; Timothy Cremen <[TCremen@sheppardmullin.com](TCremen@sheppardmullin.com)>; Roy Jung
<[rjung@sheppardmullin.com](rjung@sheppardmullin.com)>; LegalTm-Qorvo-Akoustis <[LegalTm-Qorvo-](LegalTm-Qorvo-)
[Akoustis@sheppardmullin.com](Akoustis@sheppardmullin.com)>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

I am following-up on James's email below to see whether you have reviewed the proposed changes
to the inspection protocol and whether they address the privilege concerns you raised on the call
last week.  If not, we would like to find a time to meet-and-confer today to see whether the parties
can resolve their differences.

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

---

**From:** James Wald <[JWald@sheppardmullin.com](JWald@sheppardmullin.com)>
**Sent:** Wednesday, July 26, 2023 12:57 PM
**To:** Stanton, David <[david.stanton@pillsburylaw.com](david.stanton@pillsburylaw.com)>
**Cc:** Jakopin, David A. <[david.jakopin@pillsburylaw.com](david.jakopin@pillsburylaw.com)>; Rivaux, Shani
<[shani.rivaux@pillsburylaw.com](shani.rivaux@pillsburylaw.com)>; Selness, Ryan <[ryan.selness@pillsburylaw.com](ryan.selness@pillsburylaw.com)>; Rose, Meri L.
<[meri@pillsburylaw.com](meri@pillsburylaw.com)>; Tigan, Jeremy A. <[JTigan@morrisnichols.com](JTigan@morrisnichols.com)>; Robert Masters
<[RMasters@sheppardmullin.com](RMasters@sheppardmullin.com)>; Jonathan DeFosse <[JDeFosse@sheppardmullin.com](JDeFosse@sheppardmullin.com)>; Timothy
Cremen <[TCremen@sheppardmullin.com](TCremen@sheppardmullin.com)>; Roy Jung <[rjung@sheppardmullin.com](rjung@sheppardmullin.com)>; LegalTm-

Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Dear David,

Further to our meet-and-confer on July 21, 2023, we have made revisions to Qorvo's proposed inspection protocol, including to clarify how Akoustis may assert privilege over materials that the forensic expert identifies for production based on his analysis.

Could you let us know whether Akoustis will now agree to the protocol?  If not, could you please give us times on July 28, 2023 that would work for a final meet-and-confer on this issue with Delaware counsel present?

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio


**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT I



Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524 | tel 213.488.7100 | fax 213.629.1033

David Stanton
tel: +1.213.488.7271
david.stanton@pillsburylaw.com

August 9, 2023

VIA E-MAIL

James C. Wald
Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067-6055

Jonathan DeFosse
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801

**Re:** **Qorvo, Inc. v. Akoustis Technologies, Inc. et al., No. 1:21-01417-JPM-Akoustis's Objections and Responses to Plaintiff's Request for Inspection**

Dear James and Jon:

I write to follow up on our August 3 discussion regarding Qorvo's Request for Inspection to Akoustis.  In particular, and as you requested, I write to provide the case law upon which Akoustis relies in maintaining its objections to the unbridled, expansive, unilateral inspection of Akoustis proposed by Qorvo.  Akoustis remains willing to meet and confer, but the applicable precedent strongly supports the view that any forensic inspection of Akoustis devices would be most appropriately conducted by a third-party neutral, pursuant to a mutually agreeable protocol that is proportional in scope.  As previously addressed in Akoustis' June 5, 2023 Objections and Responses to the Request for Inspection and in my June 28, 2023 letter, Qorvo's Request for Inspection is unwarranted by the circumstances of this case, the Rules of Civil Procedure, or applicable case law, and is unreasonable in scope and intrusiveness.

Federal courts have said many times that a request to inspect and image a party's computers, servers, and the like is considered an "extraordinary remedy" that is <u>only</u> allowed when the demanding party can show actual evidence that the responding party failed to comply with its discovery obligations.  *See, e.g., IHS Global Limited v.*

4865-3907-0838

James C. Wald
Jonathan DeFosse
August 9, 2023
Page 2

*Trade Data Monitor LLC*, No. 2:18-cv-01025-DCN, 2019 WL 7049687 (D.S.C. Dec. 23, 2019) (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) among others); *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, No. 20 CV 7404, 2022 WL 2316228 (N.D. Ill. June 28, 2022); *Calyon v. Mizuho Securities USA Inc.*, No. 07CIV02241RODF, 2007 WL 1468889 (S.D. N.Y. May 18, 2007); *Source One Direct, Inc. v. Digitas, Inc.*, No. 1:11-CV-01262-JEC-AJB, 2011 WL 13319641 (N.D. Ga. June 29, 2011); *Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006).  This is true even in trade secret cases.  The mere fact that a trade secret claim has been asserted "does not give [requesting party] free reign to examine all of [responding party's] electronic devices."  *FCA US LLC v. Bullock,* 329 F.R.D. 563, 568 (E.D. Mich. Jan. 18, 2019).

Qorvo cannot meet this standard at all.  It cannot show that Akoustis has failed to comply with its discovery obligations.  It has not exhausted other less intrusive means of discovery to obtain the ESI.  There is no evidence that Akoustis does not have the expertise, ability, or willingness to produce the ESI sought.  On the contrary, Akoustis has offered and continues to offer in good faith and the spirit of cooperation to work with Qorvo to identify mutually acceptable parameters to conduct a reasonable inspection of Akoustis' sources of relevant ESI.  When faced with such circumstances, federal courts have overwhelmingly denied a party's request to inspect and image.

The astounding scope of Qorvo's Request for Inspection is further ground for Akoustis' objections.  The right to inspect under the Federal Rules of Civil Procedure "is not meant to create a routine right of direct access to a party's electronic information system… Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."  Fed. R. Civ. P. 34 Advisory Committee note to 2006 amendment.  Courts will deny a request that "casts too wide a net" like Qorvo's does here: Qorvo seeks unfettered access to all personal and company computers, network servers, and all other storage media used, owned, leased or operated by no fewer than 31 current and former Akoustis employees over an eight-year period, from 2015 to 2023.  *See, e.g., Tireboots by Universal Canvas, Inc.,* 2022 WL 2316228 at *1-3 ("Plaintiff's request is not proportional to the needs of the case because a forensic examination would necessarily involve the examination and collection of more information than is required to support Plaintiff's claims.  Simply put, '[t]he discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest.'").

Courts have also rejected requests to image and inspect to the extent they put at risk the responding party's confidentiality and privacy interests.  Where a request seeks to

James C. Wald
Jonathan DeFosse
August 9, 2023
Page 3

image sources that contain individuals' personal information and documents—as would certainly be the case here given the demand to access all personal computers and devices in addition to the company's—the court's interest in preserving confidentiality and privacy rights outweighs the requesting party's desire for broad access. *List Industries, Inc. v. Umina*, Case No. 3:18-cv-199, 2019 WL 1933970 (S.D. Ohio May 1, 2019); *see also FCA US LLC v. Bullock*, 329 F.R.D. at 569 ("the Court finds that [responding party's] privacy concerns also weigh against permitting imaging of [her] devices"; also citing that imaging is not "proportional to the needs of the case").

At a minimum, procedures need to be put in place to safeguard against undue intrusiveness and protect confidentiality, privacy, and privilege interests of the responding party. *See, e.g., Ameriwood Indus., Inc.*, 2006 WL 3825291 at *5 (establishing a "three-step imaging, recovery, and disclosure process [which] provides the requesting party sufficient access to information that is not reasonably accessible and ensures the process does not place an undue burden on the responding party").

Further, the protocol for forensic inspection must be mutually acceptable to both parties; the requesting party is not entitled to unilaterally set the conditions of the inspection. *See, e.g., Advante Intern. Corp. v. Mintel Learning Technology*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006); *Brocade Communications Systems, Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, 2012 WL 70428, at *3 (N.D. Cal. Jan. 9, 2012). In the absence of an agreement, the court will impose a protocol. *Id.* This extends to selecting the expert who will conduct the inspection and imaging. *Id.*

Numerous courts have rejected a party's request to use its own expert to conduct the inspection it demanded and instead ordered that the inspection and imaging be conducted by a neutral, third-party expert. *See, e.g., Advante Intern. Corp.*, 2006 WL 3371576, at *1; *Brocade Communications Systems, Inc.*, 2012 WL 70428, at *3; *Source One Direct, Inc. v. Digitas,* 2011 WL 13319641 at *6; *Calyon v. Mizuho Securities,* 2007 WL 1468889; *Genworth Financial Wealth Management,* 267 F.R.D. 443; *M-I L.L.C. v. Stelly*, Civil Action No. H-09-1552, 2011 WL 12896025 (S.D. Tex. Nov. 21, 2011). In some cases, courts have even ordered that the inspection and imaging be performed by the <u>responding party's own expert before</u> the data is turned over to the requesting party's expert. *See, e.g., Audio Visual Innovations, Inc. v. Burgdolf*, NO. 13-10372, 2014 WL 505565 (E.D. Mich. Feb. 3, 2014); *List Industries, Inc. v. Umina*, 2019 WL 1933970.

James C. Wald
Jonathan DeFosse
August 9, 2023
Page 4

With that background, Akoustis maintains its objections to the expansive unilateral inspection by Qorvo's expert, but we are willing to further meet and confer.  First, we appreciate Qorvo's agreement to allow Akoustis to review for privilege any materials identified by Qorvo's forensic expert prior to them being disclosed to or discussed with Qorvo's counsel.  This is an important and essential aspect of any inspection protocol, but so is a pre-disclosure opportunity for Akoustis to review any such materials for relevance.  *See, e.g., Ameriwood Indus., Inc.*, 2006 WL 3825291 at *5; *Genworth Financial Wealth Management, Inc.*, 267 F.R.D. at 449; *Cenveo Corp. v. Slater*, 2007 WL 442387 at *3.  Akoustis maintains its position that a responsiveness review should be part of the pre-disclosure evaluation of any materials the expert identifies before they are shared with or discussed with Qorvo's counsel.

Akoustis also remains concerned with the breadth and unbridled scope of Qorvo's demand, particularly (a) the number of custodians identified in the inspection demand, (b) the demand that imaging and inspection include personal devices and accounts of Akoustis employees, (c) the demand that Akoustis create and turn over a forensic image of its 24-terabyte engineering server, which would be hugely burdensome and disruptive; and (d) the attempt to bring other non-probative systems within the scope of the inspection.  These were all considerations in Akoustis' counterproposal, but Qorvo has not explicitly responded to them.  Please let us know whether Qorvo will agree to limit its proposed inspection to company-owned devices of a more limited number of Akoustis employees, and whether Qorvo will agree to use StoredIQ to run keywords on the Engineering Server in lieu of forensic imaging.  Akoustis objects to the forensic examination of other systems, but we are willing to meet and confer about them if the information uncovered by the forensic examination of the devices demonstrates their relevance.

Further, we asked that Qorvo identify the forensic inspection techniques that its expert wants to apply to the device images, so we can evaluate those measures for appropriateness to determine whether they are agreeable.  So far, Qorvo has not specified the steps that it wants to apply during the proposed inspection.  These specifics are important, because the precision of those techniques will directly impact proportionality and determine the number of resulting documents that would require pre-disclosure review.  Relatedly, merely indexing documents and applying search terms is already a protocol covered by the parties' ESI Protocol and should not be part of the proposed forensic inspection, and it would also not be appropriate to require Akoustis to undertake a wholesale review of search term hits that it has already reviewed.  Please let us know the particular steps your expert plans to undertake, so Akoustis can respond to them.

James C. Wald
Jonathan DeFosse
August 9, 2023
Page 5

As for the use of Qorvo's forensic expert rather than a third-party neutral, the case
law does not support this, and Akoustis reserves the right to right to so argue with the
Court.  Nevertheless, as an accommodation and in an effort to resolve the matter
amicably, Akoustis is willing to agree to this, provided the parties have agreed upon a
detailed inspection protocol and Akoustis' own expert is able to observe the work of
Qorvo's expert in order to ensure the requirements of the agreed-upon inspection
protocol are followed.  Please let us know if this would be agreeable.

We are available to further meet and confer about this on Friday, August 11 if Qorvo
would like to continue the discussion and craft a mutually agreeable and well-defined
protocol.


Regards,

David L. Stanton

EXHIBIT J

Public Version

| From: | Jonathan DeFosse |
|---|---|
| To: | Stanton, David |
| Cc: | Jakopin, David A.; Rivaux, Shani; Selness, Ryan; Rose, Meri L.; James Wald; Tigan, Jeremy A.; Robert Masters; Timothy Cremen; Roy Jung; LegalTm-Qorvo-Akoustis |
| Subject: | RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23) |
| Date: | Thursday, August 10, 2023 7:42:43 PM |
| Attachments: | Qorvo - Letter to Court re Forensic Inspection, 4881-3497-8934 v 1.docx |

Hi David-

Further to the below, please find the attached draft summary of Qorvo's position.

Best Regards,
Jon

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, August 9, 2023 9:02 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Re: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

Thank you for your letter. Unfortunately, we are going around in circles on this. Moreover, it seems that Akoustis's strategy is to run out the clock, as evidenced by the fact that half of your letter is now dedicated to arguing that a forensic inspection is not appropriate here, despite Akoustis agreeing that an inspection is appropriate on May 10. We also object to the continually evolving objections/roadblocks that Akoustis has raised in an effort to bog this request down.

We will move forward with submitting a letter to the Court on Friday requesting that this issue be addressed on August 18. We will plan to have a draft of our position to you by the end of the day tomorrow so that Akoustis can insert its position.

Best Regards,
Jon

On Aug 9, 2023, at 8:03 PM, Stanton, David <david.stanton@pillsburylaw.com> wrote:

**Public Version**

Hello,

Please see the attached correspondence.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, August 9, 2023 7:07 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters
<RMasters@sheppardmullin.com>; Timothy Cremen
<TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol
(Revised 7-26-23)

Dear David,

We did not receive a response from you yesterday on the effort to reach an agreement
on the inspection protocol.  Unless we hear otherwise from you, we will assume that
Akoustis has rejected the proposed compromises and, accordingly, we will move
forward with preparing a dispute letter to submit to the Court on Friday.

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Jonathan DeFosse
**Sent:** Thursday, August 3, 2023 3:49 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>

**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <RJung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Dear David-

Thank you for the discussion today concerning Qorvo's request for inspection.  Without going into the details of our lengthy back-and-forth, I understand that we agreed to the following next steps:

1. We will check with our forensic expert to determine whether we can provide an overview of the forensic analysis/techniques he will use in inspecting the images.

2. You will check with your client on whether either of the following will be an acceptable way to move forward with the inspection:

    1. Option 1: The inspection will proceed as set forth in the latest version of our protocol, with the clarification that our expert will not have any "*ex parte*" communications concerning the materials found on the images except for those materials that Akoustis has reviewed and produced.

    2. Option 2: Before the images are provided to Qorvo's expert for inspection, Akoustis will have the opportunity to review the images and sequester/remove privileged material.

You agreed that you would have a response to us on item #2 by August 8.

Best Regards,
Jon

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, August 1, 2023 11:39 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung

Public Version

<[rjung@sheppardmullin.com](mailto:rjung@sheppardmullin.com)>; LegalTm-Qorvo-Akoustis <[LegalTm-Qorvo-Akoustis@sheppardmullin.com](mailto:LegalTm-Qorvo-Akoustis@sheppardmullin.com)>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

Further to our emails below, please advise when you are available to meet and confer tomorrow (8/2) or Thursday (8/3) with Delaware counsel present.

Regards,

**James Wald**
+1 310-228-6143 | direct
[JWald@sheppardmullin.com](mailto:JWald@sheppardmullin.com) | Bio

**SheppardMullin**

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
[www.sheppardmullin.com](http://www.sheppardmullin.com) | LinkedIn | Twitter

**From:** Jonathan DeFosse <[JDeFosse@sheppardmullin.com](mailto:JDeFosse@sheppardmullin.com)>
**Sent:** Friday, July 28, 2023 6:38 AM
**To:** James Wald <[JWald@sheppardmullin.com](mailto:JWald@sheppardmullin.com)>; Stanton, David <[david.stanton@pillsburylaw.com](mailto:david.stanton@pillsburylaw.com)>
**Cc:** Jakopin, David A. <[david.jakopin@pillsburylaw.com](mailto:david.jakopin@pillsburylaw.com)>; Rivaux, Shani <[shani.rivaux@pillsburylaw.com](mailto:shani.rivaux@pillsburylaw.com)>; Selness, Ryan <[ryan.selness@pillsburylaw.com](mailto:ryan.selness@pillsburylaw.com)>; Rose, Meri L. <[meri@pillsburylaw.com](mailto:meri@pillsburylaw.com)>; Tigan, Jeremy A. <[JTigan@morrisnichols.com](mailto:JTigan@morrisnichols.com)>; Robert Masters <[RMasters@sheppardmullin.com](mailto:RMasters@sheppardmullin.com)>; Timothy Cremen <[TCremen@sheppardmullin.com](mailto:TCremen@sheppardmullin.com)>; Roy Jung <[rjung@sheppardmullin.com](mailto:rjung@sheppardmullin.com)>; LegalTm-Qorvo-Akoustis <[LegalTm-Qorvo-Akoustis@sheppardmullin.com](mailto:LegalTm-Qorvo-Akoustis@sheppardmullin.com)>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

I am following-up on James's email below to see whether you have reviewed the proposed changes to the inspection protocol and whether they address the privilege concerns you raised on the call last week.  If not, we would like to find a time to meet-and-confer today to see whether the parties can resolve their differences.

Best Regards,
Jon

**Jonathan DeFosse**
**SheppardMullin** | Washington

Public Version

+1 202-747-1932 | ext. 21932

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Wednesday, July 26, 2023 12:57 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Dear David,

Further to our meet-and-confer on July 21, 2023, we have made revisions to Qorvo's proposed inspection protocol, including to clarify how Akoustis may assert privilege over materials that the forensic expert identifies for production based on his analysis.

Could you let us know whether Akoustis will now agree to the protocol?  If not, could you please give us times on July 28, 2023 that would work for a final meet-and-confer on this issue with Delaware counsel present?

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you

Public Version

have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

<20230808 - Letter to J. Wald and J. DeFosse RE Forensic Inspection 4886-5695-9094 v.1.pdf>

Public Version

**VIA CM/ECF**

Honorable Jon Phipps McCalla
Odell Horton Federal Building
167 North Main Street
Chambers Room 942
Memphis, TN 38103

RE:   *Qorvo, Inc. v. Akoustis Technologies, Inc., et al.*, C.A. No. 21-1417-JPM

Dear Judge McCalla:

The parties in the above-referenced case submit this joint letter requesting the Court's assistance in addressing the parties' dispute concerning the forensic inspection of Defendant Akoustis Technologies, Inc.'s computer system. The parties respectfully request that this issue be addressed during the discovery conference already scheduled for August 18, 2023 at 9:30 AM CT/10:30 AM ET.

***Summary of Qorvo's Position Concerning the Forensic Inspection***

Qorvo requests that the Court compel Akoustis to allow forensic inspection of its computer systems pursuant to the protocol attached hereto as Exhibit A.

On May 5, 2023, Qorvo served a request to perform a forensic inspection of Akoustis's computer systems in connection with Qorvo's claims for misappropriation of trade secrets. Leading up to the request, discovery revealed that Akoustis is in possession of a very substantial volume of Qorvo confidential documents. Qorvo thus engaged an expert—Kevin Faulkner of Palo Alto Networks—to perform a forensic analysis to determine the nature and extent of Akoustis's use of Qorvo's confidential information. For example, Mr. Faulkner expects to examine when Qorvo files were saved to Akoustis's systems, how frequently the files were accessed, whether the files were used in connection with other Akoustis files, and whether employees at Akoustis attempted to delete Qorvo's confidential files after the filing of this lawsuit in an effort to conceal their misconduct. As such, the inspection would involve both (i) a review of "document-like" files found on the forensic images; and (ii) performing analytics and tests directed to determining the use of Qorvo's confidential files.

During the Scheduling Conference on May 10, 2023, Akoustis agreed that a forensic inspection is not unusual in this type of case. *See* D.I. 199 at 6-7. But, since that time, Akoustis has raised a constantly-evolving series of objections with the goal of obstructing the forensic inspection. This tactic is evident in Akoustis's most recent letter, dated August 9, 2023 (attached as Exhibit B), where Akoustis announced its latest series of objections:

- Despite previously agreeing that a forensic inspection is typical in this type of trade secret case, Akoustis pivoted 180-degrees to argue that and inspection "is <u>only</u> allowed when the demanding party can show actual evidence that the responding party failed to comply with its discovery obligations" and "Qorvo cannot meet this standard at all." Ex. B at 1-2. Akoustis's newfound position is exceedingly meritless. *See, e.g., IsoNova Techs. LLC v.*

*OvaInnovatons, LLC*, No. 20-cv-0071, 2021 WL 7185227, at *2 (N.D. Iowa Jul. 28, 2021) ("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive."); *Safelite Group, Inc. v. Lockridge*, No. 21-cv-4558, 2023 WL 4747987, at *3 (S.D. Ohio July 25, 2023) ("In similar cases involving misappropriation claims, courts have permitted forensic imaging of electronic devices which may contain electronic data related to the alleged violation.")

- Akoustis argued that "procedures need to be put in place to safeguard against undue intrusiveness and protect confidentiality, privacy, and privilege issues." Ex. B at 3. But Qorvo already proposed two alternate procedures adopted by courts to address this exact concern—allowing Akoustis to review and segregate privileged materials either before Mr. Faulkner's review or before materials Mr. Faulkner identifies are produced to Qorvo's counsel. *See, e.g., IsoNova Techs.*, 2021 WL 7185227, at *5 (review by defendant after expert but before production to plaintiff); *Extended Stay America, Inc. v. Woodspring Hotels, LLC*, No. 16-cv-2744, 2017 WL 116871, at *2 (D. Kan. Jan. 12, 2017) (same).

- Akoustis argues that it should be entitled to conduct a "responsiveness review" and exclude information from the forensic images before the expert is permitted to perform his inspection. Ex. B at 4. There is no legal basis for this position, which appears to confound a forensic inspection with responding to document requests.

- Akoustis argues that that Qorvo's request has an "unbridled scope" because it identifies a number of custodians, personal computers, and certain servers. Ex. B at 4. But every repository Qorvo identified has a specific nexus to evidence of misappropriation.

- Akoustis argues that Qorvo's expert must identify the specific "forensic inspection techniques" that he will perform so that Akoustis can approve those techniques in advance. Ex. B at 4. Again, there is no legal basis for that demand (*see id.*), which seeks to improperly limit the flexibility and creativity of the forensic expert to follow the threads of Akoustis's misappropriation.

- Akoustis also "reserves the right" to argue that the forensic inspection must be performed by a "third-party neutral." But that approach is not appropriate where, as here, a party has engaged a forensic expert who will testify at trial. *See IsoNova Techs.*, 2021 WL 7185227, at *3 ("The court agrees with IsoNova that it would be fundamentally unfair to hamstring its expert by requiring him to go through a third-party neutral for any tests he wished to perform, while Defendants' expert has free rein and full access to the images.").

While Qorvo hoped to resolve this dispute without the Court's intervention, there is no more time to waste addressing Akoustis's continuously-changing objections in light of the impending close of fact discovery on October 16, 2023. Qorvo thus respectfully requests that the Court compel Akoustis to comply with the inspection protocol attached as Exhibit A.

.

# EXHIBIT K

| | |
|---|---|
| **From:** | Stanton, David |
| **To:** | Jonathan DeFosse |
| **Cc:** | Jakopin, David A.; Rivaux, Shani; Selness, Ryan; Rose, Meri L.; James Wald; Tigan, Jeremy A.; Robert Masters; Timothy Cremen; Roy Jung; LegalTm-Qorvo-Akoustis |
| **Subject:** | RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23) |
| **Date:** | Friday, August 11, 2023 12:40:53 PM |

Jon,

When we spoke last Thursday about the forensic inspection, I explained that I was in Michigan visiting my father for his 80th birthday, returning on Tuesday.  I was consequently tied up with family commitments and unable to get a response to you until Wednesday.  That response included the case law support for Akoustis' positions which you explicitly requested.  Additionally, we sought to meet and confer with you about the scope and protocol for the proposed inspection, reiterated our offer to have it be conducted by a third-party neutral, and even offered to have it be an inspection run by your expert, provided it could be observed by ours.  Qorvo rejected those proposals without any discussion, terminated the meet and confer, and now—on an entirely artificial and unilateral timeline—threatens to send a detailed *ex parte* communication to the Court, an improper procedure to which Akoustis vehemently objects.

Both sides are aware that the Court is on holiday and there is no reason to turn this into a fire drill on a Friday afternoon.  Akoustis has agreed to provide a response on Monday morning, and we will do so.  The parties can submit their joint letter that same day.  Additionally, our respective local counsel have discussed and agreed to submitting a broader agenda to alert the Court to several items that need to be discussed at the forthcoming hearing.  That letter can also be submitted on Monday, and it can make reference to (or incorporate) the parties' submission on the forensic inspection issue.

Please let us know whether you will agree to this approach.

-David

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, August 11, 2023 11:18 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

David,

Public Version

Thank you for your email.  Unfortunately, we are not willing to wait until Monday to make this submission.  When we spoke last Thursday, I made it clear that we intended to proceed in manner that would result in having this dispute submitted to the Court by today.  At that time, the primary issue was whether Akoustis could accept either of the procedures we proposed to address Akoustis's privilege concerns (see below).  You committed to have an answer to us by Tuesday on that issue, which provided the parties enough time to present the dispute to the Court.  Instead, you waited until after 8:00 pm ET Wednesday night to send a five-page letter raising myriad new issues, including disputing the availability of a forensic inspection. As a result of your delay and assertion of new issues, we were forced to work late into the night yesterday to get you a draft of our position statement. Now, at mid-day, you assert that Akoustis needs more than three days to prepare a summary of its position (despite having just written a five-page letter raising all of its most recent objections).

Under these circumstances, we will go forward with submitting our letter today.

Best Regards,
Jon

---

**From:** Stanton, David <david.stanton@pillsburylaw.com>
**Sent:** Friday, August 11, 2023 1:50 PM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi Jon,

This is received.  We will provide Akoustis' insert by 10AM Pacific on Monday.

-David

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Thursday, August 10, 2023 7:42 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>

Public Version

**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David-

Further to the below, please find the attached draft summary of Qorvo's position.

Best Regards,
Jon

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, August 9, 2023 9:02 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Re: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

Thank you for your letter. Unfortunately, we are going around in circles on this. Moreover, it seems that Akoustis's strategy is to run out the clock, as evidenced by the fact that half of your letter is now dedicated to arguing that a forensic inspection is not appropriate here, despite Akoustis agreeing that an inspection is appropriate on May 10. We also object to the continually evolving objections/roadblocks that Akoustis has raised in an effort to bog this request down.

We will move forward with submitting a letter to the Court on Friday requesting that this issue be addressed on August 18. We will plan to have a draft of our position to you by the end of the day tomorrow so that Akoustis can insert its position.

Best Regards,
Jon

On Aug 9, 2023, at 8:03 PM, Stanton, David <david.stanton@pillsburylaw.com> wrote:

Hello,

Please see the attached correspondence.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Wednesday, August 9, 2023 7:07 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters
<RMasters@sheppardmullin.com>; Timothy Cremen
<TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol
(Revised 7-26-23)

Dear David,

We did not receive a response from you yesterday on the effort to reach an agreement
on the inspection protocol.  Unless we hear otherwise from you, we will assume that
Akoustis has rejected the proposed compromises and, accordingly, we will move
forward with preparing a dispute letter to submit to the Court on Friday.

Best Regards,
Jon

**Jonathan DeFosse**
**Sheppard**Mullin | Washington
+1 202-747-1932 | ext. 21932

---

**From:** Jonathan DeFosse
**Sent:** Thursday, August 3, 2023 3:49 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; James Wald <JWald@sheppardmullin.com>;
Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters

<RMasters@sheppardmullin.com>; Timothy Cremen
<TCremen@sheppardmullin.com>; Roy Jung <RJung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol
(Revised 7-26-23)

Dear David-

Thank you for the discussion today concerning Qorvo's request for inspection.  Without
going into the details of our lengthy back-and-forth, I understand that we agreed to the
following next steps:

1. We will check with our forensic expert to determine whether we can provide an
   overview of the forensic analysis/techniques he will use in inspecting the images.

2. You will check with your client on whether either of the following will be an
   acceptable way to move forward with the inspection:

   1. Option 1: The inspection will proceed as set forth in the latest version of
      our protocol, with the clarification that our expert will not have any *ex
      parte*" communications concerning the materials found on the images
      except for those materials that Akoustis has reviewed and produced.

   2. Option 2: Before the images are provided to Qorvo's expert for
      inspection, Akoustis will have the opportunity to review the images and
      sequester/remove privileged material.

You agreed that you would have a response to us on item #2 by August 8.

Best Regards,
Jon

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Tuesday, August 1, 2023 11:39 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Stanton, David
<david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A.
<JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>;
Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung
<rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-
Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol
(Revised 7-26-23)

Public Version

Hi David,

Further to our emails below, please advise when you are available to meet and confer tomorrow (8/2) or Thursday (8/3) with Delaware counsel present.

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**SheppardMullin**

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>
**Sent:** Friday, July 28, 2023 6:38 AM
**To:** James Wald <JWald@sheppardmullin.com>; Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised 7-26-23)

Hi David,

I am following-up on James's email below to see whether you have reviewed the proposed changes to the inspection protocol and whether they address the privilege concerns you raised on the call last week.  If not, we would like to find a time to meet-and-confer today to see whether the parties can resolve their differences.

Best Regards,
Jon

**Jonathan DeFosse**
**SheppardMullin |** Washington
+1 202-747-1932 | ext. 21932

**From:** James Wald <JWald@sheppardmullin.com>

**Public Version**

**Sent:** Wednesday, July 26, 2023 12:57 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Rivaux, Shani
<shani.rivaux@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>;
Rose, Meri L. <meri@pillsburylaw.com>; Tigan, Jeremy A.
<JTigan@morrisnichols.com>; Robert Masters <RMasters@sheppardmullin.com>;
Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Timothy Cremen
<TCremen@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; LegalTm-
Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis: Proposed Electronic Forensic Inspection Protocol (Revised
7-26-23)

Dear David,

Further to our meet-and-confer on July 21, 2023, we have made revisions to Qorvo's
proposed inspection protocol, including to clarify how Akoustis may assert privilege
over materials that the forensic expert identifies for production based on his analysis.

Could you let us know whether Akoustis will now agree to the protocol?  If not, could
you please give us times on July 28, 2023 that would work for a final meet-and-confer
on this issue with Delaware counsel present?

Regards,
**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error, please notify the
sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the
use of the individual or entity to which they are addressed and may contain
information that is legally privileged, confidential and exempt from disclosure. If you
are not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this message, or any attachment, is strictly prohibited. If you
have received this message in error, please notify the original sender or the Pillsbury
Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by
telephone and delete this message, along with any attachments, from your computer.
Nothing in this message may be construed as a digital or electronic signature of any

Public Version

employee of Pillsbury Winthrop Shaw Pittman. Thank you.

<20230808 - Letter to J. Wald and J. DeFosse RE Forensic Inspection 4886-5695-9094 v.1.pdf>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Public Version

# EXHIBIT L



AKTS_00439044



AKTS_00439045

Public Version



AKTS_00439046