IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., <br><br> Defendants. | Case No. 1:21-cv-01417-JPM |

### ORDER

The Court held a Discovery Disputes Hearing on August 22, 2023 (the "Hearing"). Based on discussions held during the Hearing, the following is **ORDERED**:

1. Defendant's Motion to Re-Designate the Second Amended Complaint Marked Attorneys' Eyes Only to Confidential (ECF No. 183) is **DENIED**.

2. Defendant is allowed to share the Second Amended Complaint (ECF No. 125) as well as Exhibits C-2, C-3, D-2, D-3, E-2, F-2, G-2, H2, I-2, J-2, J-3, K-2, L-3, M-1, and N-1 with Mr. Aichele as long as he agrees to be bound to the Protective Order (ECF No. 283).

3. In granting Mr. Aichele access to the Second Amended Complaint and the aforementioned Exhibits, the Court recognizes the need for a Senior Executive, familiar with Defendant's technology, to participate in shaping their defense strategy, and to prepare a 30(b)(6) witness. At the same time, the Court understands

Plaintiff's need for protecting their trade secrets, and as such Mr. Aichele is only granted access to Exhibits that were previously in Defendant's possession.

4. Defendant's Motion for Leave to Amend Answer to Add Counterclaim (ECF No. 24) is **DENIED**.

5. The decision of whether to grant a motion to amend is within the Court's discretion. See In re Frank, 239 F. 709, 710 (3d Cir. 1917). The Supreme Court has held that leave to amend should be freely granted if (1) there is no undue delay, bad faith, or dilatory motive on the part of the moving party; (2) granting leave is not unfairly prejudicial to the non-moving party; and (3) the amendment would not be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

6. Here Defendants requested to amend their answer less than three months before the close of fact discovery and over three months after the deadline to amend pleadings has passed. Considering the amount of time left, granting such request would either have an adverse effect on the current timeline thus prejudicing the Plaintiff by further delaying the resolution of a case filed nearly two years ago, or would highly prejudice Plaintiff's ability to mount a defense against any crossclaims. Furthermore, as the Court highlighted during the Hearing, this claim can properly be brought and litigated as a separate claim.

7. During the Hearing the Parties discussed an anticipated Motion to Strike Qorvo's Untimely Disclosure of Trade Secrets. Based on the discussed arguments and declarations submitted by both parties (ECF Nos. 302, 305), the Court will not strike

Qorvo's disclosure. As was discussed during the Hearing, the Court expects Qorvo to significantly reduce its trade secret claims by the close of fact discovery.

8. The Fact discovery deadline is extended until November 15, 2023. No other deadlines are impacted.

9. Defendant's request for deposition of Qorvo's CEO is **DENIED**.

**SO ORDERED**, this 1st day of September, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE