PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-01417-JPM |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. | ) |
| | ) PUBLIC VERSION |
| Defendants. | ) |

**DECLARATION OF JONATHAN DEFOSSE REGARDING PLAINTIFF'S SUPPLEMENTAL TRADE SECRET DISCLOSURES**

I, Jonathan DeFosse, declare as follows:

1.  I am an attorney at the law firm of Sheppard, Mullin, Richter & Hampton LLP and counsel for Plaintiff in this matter. I am an active member of the Bar for the District of Columbia and admitted *pro hac vice* to practice in the District of Delaware. I make this Declaration based on personal knowledge and would testify competently to the matters herein if called to do so.

2.  On May 1, 2023, Qorvo served Plaintiff Qorvo, Inc.'s Identification of Trade Secrets (the "Trade Secret Disclosure"). The purpose of this disclosure was to identify, with reasonable particularity, the trade secrets that Qorvo accused Defendants Akoustis Technologies, Inc. and Akoustis, Inc. of misappropriating. Attached as **Exhibit A** is a true and correct copy of excerpt of Plaintiff's May 1 Identification of Trade Secrets.

3.  The Trade Secret Disclosure identified 71 groups of trade secrets that Akoustis was accused of misappropriating. The Trade Secret Disclosure also provided citations to exemplary documents reflecting those trade secrets.

PUBLIC VERSION

4. In serving the Trade Secret Disclosure, Qorvo expressly reserved the right to supplement its identification of trade secrets based on further analysis of materials produced during discovery:

> This identification of trade secrets is based on the discovery received from Defendants Akoustis Technologies, Inc. and Akoustis, Inc. ('Defendants' or 'Akoustis') and the investigation Qorvo has been able to conduct as of today's date. Qorvo's investigation is ongoing, as are fact and expert discovery. Thus, Qorvo reserves the right to supplement this identification of trade secrets.

Exhibit A at 1.

5. Discovery in this case continued after service of the Trade Secret Disclosure. For example:

- Qorvo continued to review and analyze documents that Akoustis produced, including documents produced on April 28, 2023 (on Friday, three days before the Trade Secret Disclosure).

- Qorvo reviewed documents produced by a third party witness (Dr. David Hodge) on June 15, 2023.

- Qorvo conducted depositions of two former Akoustis employees—Dr. Hodge and Dr. Annia Shen—on July 11 and 12, 2023, respectively.

6. As a result of its continuing investigation, Qorvo discovered additional evidence of Akoustis's trade secret misappropriation. For example:

- Akoustis's document production on April 28, 2023 included eight documents evidencing the misappropriation of Qorvo's trade secrets: AKTS_00416926; AKTS_00413593; AKTS_00407943; AKTS_00413328; AKTS_00407978; AKTS_00422332; AKTS_00409963; AKTS_00407943.

- Dr. Hodge produced three documents on June 15, 2023 evidencing the misappropriation of Qorvo's trade secrets: HODGE_000206; HODGE_000212; HODGE_000244.

- Dr. Hodge testified concerning these documents on July 11, 2023. Dr. Hodge explained that Akoustis's Chief Product Officer circulated hard copies of confidential Qorvo documents for use by engineers at Akoustis. *See* Exhibit B, 61:15-25. Attached as **Exhibit B** is a true and correct copy of excerpt of deposition transcript of Michael Hodge, II, dated July 11, 2023.

PUBLIC VERSION

- Dr. Shen testified on July 12, 2023 that Akoustis was internally circulating documents reflecting Qorvo's "secret sauce" related to finishing ("trimming") bulk acoustic wave filters. *See* Exhibit C, 21:1-5 ("I just remember, like, this is kind of like their [Qorvo's] secret sauce. Like, we shouldn't be passing that around."). Attached as **Exhibit C** is a true and correct copy of excerpt of deposition transcript of Ya Annia Shen, dated July 12, 2023.

7. The evidence referenced in paragraph 6, above, arguably related to trade secret groups that Qorvo already identified in its Trade Secret Disclosure. But Qorvo decided for the sake of clarity that the best course would be to serve a supplemental trade secret disclosure. Qorvo made this supplemental disclosure consistent with the Court's prior guidance regarding the need for full disclosure and Qorvo's obligation to supplement under Rule 26(e).

8. On July 25, 2023, Qorvo served its Supplemental Identification of Trade Secrets (the "Supplemental Trade Secret Disclosure"). The Supplemental Trade Secret Disclosure listed eleven new trade secret groups (Numbers 72 and 74-83).

9. In his declaration, Mr. Stanton endeavors to create the impression that Qorvo's Supplemental Trade Secret Disclosure cited evidence that was largely produced in September and November 2022. *See* D.I. 302, ¶3. This is not correct. Only one trade secret group—Group 83—cited documents produced in September/November 2022. All of the remaining trade secret groups cited discovery materials that were produced too late to be cited in the May 1, 2023 Trade Secret Disclosure:

| Trade Secret Group | Description | Date of Document Production/Deposition |
|---|---|---|
| 72 | Packaging Design and Development | April 28, 2023 |
| 73 | Omitted, not used | N/A |
| 74 | Acoustic Technology Design, Development, and Strategy | April 28, 2023 |
| 75 | ▮▮▮▮▮ Models for BAW Filters | April 28, 2023 |
| 76 | Design and Layout of BAW Resonators | April 28, 2023 |

PUBLIC VERSION

| Trade Secret Group | Description | Date of Document Production/Deposition |
|---|---|---|
|  |  | June 15, 2023 |
|  |  | July 11, 2023 |
| 77 | Inductor Design | April 28, 2023 |
| 78 | New SAW Resonator Concept | April 28, 2023 |
| 79 | Design and Development of QPQ1901Q | June 15, 2023 |
|  |  | July 11, 2023 |
| 80 | Filter Trimming Process | April 28, 2023 |
|  |  | July 12, 2023 |
| 81 | Requirements for Device Assembly | April 28, 2023 |
| 82 | Qualification of Packages, Printed Circuit Boards, and Mounted Die | April 28, 2023 |
| 83 | Frequency Response (S-Parameter) Measurements for BAW Filters | September 2022 |
|  |  | November 2022 |

10. As reflected above, the documents cited in connection with Trade Secret Groups 72 and 74-82 could not have been cited in the May 1, 2023 Trade Secret Disclosure.

11. With respect to Trade Secret Group 77, Mr. Stanton declares that the substance in AKTS_00413328 and AKTS_00016343 are the same. *See* D.I. 302, at 3 n.2. This is not correct as the two documents are materially different. *Compare* Exhibit D at 3-17 *with* Exhibit E. Attached as **Exhibit D** is a true and correct copy of a document bearing Bates number AKTS_00413328, which was produced by Akoustis. Attached as **Exhibit E** is a true and correct copy of a document bearing Bates number AKTS_00016343, which was produced by Akoustis.

12. With respect to Trade Secret Group 83, the proposed amendment merely identifies additional examples of measurement data associated with Qorvo's 5 GHz narrowband filters misappropriated by Akoustis. Qorvo already identified the relevant trade secrets in connection with Trade Secret Group 40 and made this supplemental disclosure simply to identify

additional examples of Akoustis's misappropriation relating to the same category as that set forth in connection with Trade Secret Group 40. Qorvo made this supplemental disclosure consistent with the Court's prior guidance regarding the need for full disclosure and Qorvo's obligation to supplement under Rule 26(e).

13. With respect to Trade Secret Groups 76 and 79, Mr. Stanton declares that documents cited from Dr. Hodge's production in June 2023 were also previously produced by Akoustis on January 27, 2023. *See* D.I. 302, ¶3. Mr. Stanton fails to acknowledge, however, that Dr. Hodge provided key context for these documents during his deposition on July 11, 2023. In particular, Dr. Hodge testified that a high-level Akoustis executive—Akoustis's Chief Product Officer—was circulating hard copies of Qorvo confidential documents and asking engineers to review those materials and meet to discuss the contents:

> Well, then – you know, it's – it was shortly after Rowland Holden [[sic] Rohan Houlden, Akoustis's Chief Product Officer] joined the company. So this would have been the fall of 2016. He – he and I were sharing an office at the time, and then he handed me these documents one day and asked me to review them. At the time he and I were having weekly lunch meetings on Friday, and he asked me to review them and then he wanted to talk about them at one of our lunch meetings and you know, what I knew about them.

Exhibit B, 61:15-25.

14. Mr. Stanton's declaration does not identify any prejudice to Akoustis from the Supplemental Trade Secret Disclosure. At the time Qorvo served the Supplemental Trade Secret Disclosure, there were nearly three months remaining in the fact discovery period and no party witness had been deposed. The first deposition of a party witness is scheduled for August 30, 2023 and will be taken by Qorvo of an Akoustis witness. As such, Akoustis will have had the Supplemental Trade Secret Disclosure for five weeks before the first party deposition. The first depositions of Qorvo witnesses are scheduled for the end of September. As such, under the

current schedule, Akoustis will have had the Supplemental Trade Secret Disclosure for two months prior to deposing any Qorvo witness.

15. Between August 3 and 9, 2023, the parties exchanged correspondence concerning Qorvo's Supplemental Trade Secret Disclosure. *See* Exhibit F. As part of the correspondence, Qorvo explained that it supplemented its Trade Secret Disclosure consistent with Rule 26(e) and that such supplementation was intended to benefit Akoustis by placing it on notice of evidence that Qorvo may cite to support its claims. Qorvo has similarly supplemented its initial disclosures and interrogatory responses, both of which further identify documents supporting Qorvo's claims.

16. Qorvo has asked Akoustis to provide any authority that would support its position that a party in a trade secret case is prohibited from serving supplemental trade secret disclosures. *See* Exhibit F at 1 ("Also, we would appreciate receiving any authority that Akoustis believes will support the positions it will take so that we can fully consider the issues."). Akoustis did not provide any such authority in response to Qorvo's request. Qorvo is not aware of any authority that would suspend the normal operation of Rule 26(e) in trade secret cases or otherwise bar a plaintiff from supplementing the identification of misappropriated trade secrets as a result of evidence obtained during discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 28, 2023.

               */s/ Jonathan R. DeFosse*
               Jonathan DeFosse