# EXHIBIT B



**PUBLIC VERSION**

# Transcript of Michael Hodge, II

**Date:** July 11, 2023
**Case:** Qorvo, Inc. -v- Akoustis Technologies, Inc., et al.

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
www.planetdepos.com

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

```
 1                  UNITED STATES DISTRICT COURT
 2                           For the
 3                    DISTRICT OF DELAWARE
 4
 5    QORVO, INC.,
 6          Plaintiff,              Case No.
 7    V.                            1:21 cv 01417 JPM
 8    AKOUSTIS TECHNOLOGIES, INC.
 9    And AKOUSTIS,
10          Defendants.
11                                  /
12
13                    ■■■ PUBLIC VERSION ■■■
14
15                The deposition of MICHAEL HODGE, II, taken
16    at the instance of the Defendants pursuant to stipulations
17    contained herein; the reading and signing of the deposition
18    reserved before Tamika Burnette, Certified Court Reporter,
19    at 9:00 a.m., on July 11, 2023, at 10130 Perimeter Parkway,
20    Suite 200, Charlotte, North Carolina  28216.
21
22
23
24
25
```

**PUBLIC VERSION**

Transcript of Michael Hodge, II
Conducted on July 11, 2023                                2

```
1                    APPEARANCE PAGE
2
3    ON BEHALF OF THE PLAINTIFF:
4    SHEPPARD MULLIN RICHTER & HAMPTON, LLP
5    BY:   Mr. Jonathan DeFosse, Esquire
6          2099 Pennsylvania Avenue, Northwest
7          Suite 100
8          Washington, DC  20006
9          (202) 747 1900
10         Jdefosse@sheppardmullin.com
11
12   SHEPPARD MULLIN RICHTER & HAMPTON, LLP
13   BY:   Mr. Eric K. Gill, Esquire
14         12275 El Camino Real
15         Suite 200
16         San Diego, California  92130
17         (858) 720 8900
18         Egill@sheppardmullin.com
19
20
21
22
23
24
25
```

```
 1                APPEARANCE PAGE CONTINUED

 2

 3   ON BEHALF OF THE DEFENDANT:

 4   PILLSBURY WINTHROP SHAW PITTMAN, LLP

 5   BY:  Mr. David A. Jakopin, Esquire

 6        2550 Hanover Street

 7        Palo Alto, California  94304

 8        (650) 233 4790

 9        David.jakopin@pillsburylaw.com

10

11   PILLSBURY WINTHROP SHAW PITTMAN, LLP

12   BY:  Ms. Theresa A. Roozen, Esquire

13        1200 Seventeenth Street, Northwest

14        Washington, DC  20036

15        (202) 663 8185

16        Theresa.roozen@pillsburylaw.com

17

18   ALSO PRESENT:

19   Melody Adair, Videographer

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 1 | A. Yes. | 10:33:55 |
| 2 | Q. Yes. And what is | 10:33:56 |
| 3 | MR. JAKOPIN: Objection. Vague and | 10:33:58 |
| 4 | ambiguous. I'm sorry. | 10:33:59 |
| 5 | MR. DEFOSSE: Sure. | 10:34:02 |
| 6 | MR. JAKOPIN: I should have let you | 10:34:06 |
| 7 | finished. | 10:34:07 |
| 8 | MR. DEFOSSE: No. It was my fault; I | 10:34:08 |
| 9 | started to talk before the objection was done. | 10:34:10 |
| 10 | Q. BY MR. DEFOSSE: So what is the significance of | 10:34:12 |
| 11 | testing in the context of a BAW filter product? | 10:34:13 |
| 12 | MR. JAKOPIN: Objection. Vague and | 10:34:14 |
| 13 | ambiguous. | 10:34:15 |
| 14 | THE WITNESS: Yes. I had discussed earlier | 10:34:17 |
| 15 | about, you know, testing the part for compliance with a | 10:34:19 |
| 16 | specification that a customer may have. Now I'm talking | 10:34:21 |
| 17 | about performance specifications. There's also testing | 10:34:25 |
| 18 | now, since we're on the subject of qualification, | 10:34:28 |
| 19 | there's also qualification testing. That's a different | 10:34:31 |
| 20 | set of tests, right? | 10:34:35 |
| 21 | So that's testing, like I said, ▮▮▮▮ | 10:34:35 |
| 22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 10:34:38 |
| 23 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 10:34:41 |
| 24 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 10:34:43 |
| 25 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 10:34:47 |

```
1              Usually these are defined in    there's       10:34:51
2   national standards that are usually called JEDEC          10:34:54
3   standards.                                                10:34:58
4                                                             10:35:00
5                                                             10:35:04
6                                                             10:35:06
7                                                             10:35:09
8                                                             10:35:12
9                                                             10:35:15
10                                                            10:35:17
11         Q.  BY MR. DEFOSSE:  Did you ever come across      10:35:18
12  Qorvo's confidential information while you were working  10:35:26
13  at Akoustis?                                              10:35:28
14              MR. JAKOPIN:  Objection.  Vague and           10:35:31
15  ambiguous.                                                10:35:35
16              THE WITNESS:  Are you asking about            10:35:36
17  documents that are marked "Qorvo confidential," that I    10:35:38
18  knew for sure were Qorvo confidential or...               10:35:41
19         Q.  BY MR. DEFOSSE:  So let's start with    I'll   10:35:44
20  modify the question.                                      10:35:46
21         A.  Okay.                                          10:35:46
22         Q.  Thank you for asking.                          10:35:47
23         A.  Yes.                                           10:35:49
24         Q.  Did you ever come across confidential Qorvo    10:35:50
25  documents while you were working at Akoustis?             10:35:52
```

| | | |
|---|---|---|
| 1 | A. So I saw -- so I had the one that I -- there | 10:35:54 |
| 2 | was one document that I submitted as part of my subpoena | 10:35:58 |
| 3 | -- I'm sorry, it was actually -- it was a packet of | 10:36:01 |
| 4 | three different documents that were stapled together. | 10:36:05 |
| 5 | That was given to me one time to review. At the same | 10:36:08 |
| 6 | time, I saw a similar document, but I never took | 10:36:12 |
| 7 | possession of it. I just saw it. It was given to | 10:36:15 |
| 8 | another individual in the company. And then, other than | 10:36:18 |
| 9 | that, I can't think of any other documents that I saw | 10:36:21 |
| 10 | that were marked "Qorvo confidential" or "proprietary." | 10:36:24 |
| 11 | Q. Okay. For the -- for the packet of documents, | 10:36:34 |
| 12 | those are the documents that you referenced in Exhibit | 10:36:37 |
| 13 | Number 3? | 10:36:40 |
| 14 | A. Yes. | 10:36:40 |
| 15 | Q. Okay. For the -- and how did you come into | 10:36:40 |
| 16 | possession of those three documents? | 10:36:45 |
| 17 | A. Well, then -- you know, it's -- it was shortly | 10:36:49 |
| 18 | after Rowland Holden joined the company. So this would | 10:36:51 |
| 19 | have been the fall of 2016. He -- he and I were sharing | 10:36:55 |
| 20 | an office at the time, and then he handed me these | 10:37:01 |
| 21 | documents one day and asked me to review them. | 10:37:06 |
| 22 | At the time he and I were having weekly | 10:37:09 |
| 23 | lunch meetings on Friday, and he asked me to review them | 10:37:11 |
| 24 | and then he wanted to talk about them at one of our | 10:37:15 |
| 25 | lunch meetings and, you know, what I knew about them. | 10:37:19 |

| | | |
|---|---|---|
| 1 | Q. Okay. And you mentioned that there was another | 10:37:22 |
| 2 | occasion where you saw | 10:37:25 |
| 3 | A. Yes. | 10:37:26 |
| 4 | Q.  a Qorvo document, but you didn't take | 10:37:27 |
| 5 | possession of it? | 10:37:31 |
| 6 | A. (Nodding yes.) | 10:37:32 |
| 7 | Q. Can you tell me what that was? | 10:37:33 |
| 8 | A. Same time period, it was a   Rowland gave a | 10:37:35 |
| 9 | packet of documents to a technician. That document had | 10:37:38 |
| 10 | details about the PCB boards and the connectors used for | 10:37:42 |
| 11 | building prototype filters. So it defined, like, the | 10:37:47 |
| 12 | lines, you know, that you would draw the traces, the | 10:37:52 |
| 13 | launch, the dimensions of the connector. That sort of | 10:37:55 |
| 14 | thing. | 10:38:00 |
| 15 | Q. And who was the technician who Mr. Holden | 10:38:00 |
| 16 | provided that document to? | 10:38:07 |
| 17 | A. David Dyer. | 10:38:08 |
| 18 | Q. Could you spell that? | 10:38:10 |
| 19 | A. David, D A V I D, and Dyer is D Y E R. | 10:38:11 |
| 20 | Q. And what was Mr. Dyer's role at Akoustis? | 10:38:16 |
| 21 | A. He was the guy I was referencing earlier, | 10:38:19 |
| 22 | mentioned earlier when I said early on, you asked me how | 10:38:19 |
| 23 | many CAD engineers we had. So he   he was hired to be | 10:38:23 |
| 24 | a technician to work in the test lab at Akoustis, and | 10:38:25 |
| 25 | then he was also, whenever things were slow in the lab, | 10:38:25 |

CERTIFICATE OF NOTARY PUBLIC

I, Melody Adair, Notary Public, do hereby certify that the aforementioned witness was sworn before me at the aforemention location, and that I am neither counsel for, related to, nor employed by any of the parties to this case and have no interest, financial or otherwise, in its outcome.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal this 25th day, of July, 2023.

My Commission Expires: May 16, 2028

Melody Adair, Notary Public
for the State of North Carolina

PUBLIC VERSION

Transcript of Michael Hodge, II
Conducted on July 11, 2023                    231

```
 1                CERTIFICATE OF REPORTER
 2
 3        STATE OF CALIFORNIA  )
 4                             )
 5        COUNTY OF LOS ANGELES)
 6
 7             I, TAMIKA M. BURNETTE, hereby certify
 8   that the foregoing proceedings were taken before me at
 9   the time and place therein designated; that a review of
10   the transcript was requested, and that the foregoing
11   pages numbered 1 through 229 are a true and correct
12   record of the aforesaid proceedings.
13             I further certify that I am not a relative,
14   employee, attorney or counsel of any of the parties, nor
15   am I a relative or employee of any of the parties'
16   attorneys or counsel connected with the action, nor am I
17   financially interested in the action.
18                    Tamika Burnette
19
20             DATED this 25th day of July, 2023
21
22                  TAMIKA M. BURNETTE
23             CERTIFIED COURT REPORTER, RPR, CSR 14502
24
25
```

```
 1                    COURT REPORTER DISCLOSURE
 2              Pursuant to Article 10.B of the Rules and
 3    Regulations of the Board of Court Reporting of the
 4    Judicial Council of California which states:  "Each
 5    court reporter shall tender a disclosure form at the
 6    time of the taking of the deposition stating the
 7    arrangements made for the reporting services of the
 8    certified court reporter, by the court reporter's
 9    employer, or the referral source for the deposition,
10    with any party to the litigation, counsel to the parties
11    or other entity.  Such form shall be attached to the
12    deposition transcript."  I make the following
13    disclosure:
14              I am a California Certified Court
15    Reporter.  I am here as a representative of Planet
16    Depos.  Planet Depos contacted to provide court
17    reporting services for the deposition.  Planet Depos
18    will not be taking this deposition under any contract
19    that is prohibited by O.C.G.A. 91128(c).
20              Planet Depos has no contract/agreement to
21    provide court reporting services with any party to the
22    case, any counsel in the case, or any reporter or
23    reporting agency from whom a referral might have been
24    made to cover this deposition.  Planet Depos will charge
25    its usual and customary rates to all parties in the
```

**PUBLIC VERSION**

Transcript of Michael Hodge, II
Conducted on July 11, 2023

233

```
1    case, and a financial discount will not be given to any
2    party to this litigation.
3                    Tamika M. Burnette, RPR, CSR14502
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**PUBLIC VERSION**

Transcript of Michael Hodge, II
Conducted on July 11, 2023

234

```
 1              INSTRUCTIONS TO WITNESS
 2
 3        Please read your deposition over carefully and
 4   make any necessary corrections.  You should state the
 5   reason the in the appropriate space on the errata sheet
 6   for any corrections that are made.
 7        After doing so, please sign the errata sheet
 8   and date it.  You are signing same subject to the
 9   changes you have noted on the errata sheet, which will
10   be attached to your deposition.
11        It is imperative that you return the original
12   errata sheet to the deposing attorney within thirty (30)
13   days receipt of the deposition transcript by you.  If
14   you fail to do so, the deposition transcript may be
15   deemed to be accurate and may be used in court.
16
17
18
19
20
21
22
23
24
25
```

```
1                    E R R A T A
2
3    PAGE      LINE           CHANGE
4
5    Reason for
6    Change:
7
8    Reason for
9    Change:
10
11   Reason for
12   Change:
13
14   Reason for
15   Change:
16
17   Reason for
18   Change:
19
20   Reason for
21   Change:
22
23
24
25
```

```
1                ACKNOWLEDGEMENT OF DEPONENT
2
3          I,                      , do hereby certify
4    that I have read the foregoing pages        to
5           and that the same is a correct transcript of
6    the answers given by me to the questions therein
7    propounded, except for corrections or changes in form or
8    substances, if any, noted in the attached Errata Sheet.
9
10
11   Date                    Signature
12
13       Subscribed and sworn before me this       day of
14                  , 2023.
15
16   My Commission
17   Expires:
18                Notary Public.
19
20
21
22
23
24
25
```