# EXHIBIT F

**Roy Jung**

| | |
|---|---|
| **From:** | Jonathan DeFosse |
| **Sent:** | Wednesday, August 9, 2023 10:02 AM |
| **To:** | Roozen, Theresa A.; Jack Blumenefeld; Eric Gill; JTigan@morrisnichols.com; Robert Masters; Roy Jung; Timothy Cremen; Zachary Alper; LegalTm-Qorvo-Akoustis |
| **Cc:** | Jakopin, David A.; Stanton, David; Sweeney, Dianne L.; rgolden@bayardlaw.com; sbrauerman@bayardlaw.com; Selness, Ryan; Rivaux, Shani; Rose, Meri L. |
| **Subject:** | RE: Qorvo v. Akoustis - Trade Secret Supplementation |

Dear Theresa,

Thank you for your email.

I am unclear as to whether you are requesting a meet-and-confer and, if so, for what purpose. We are, of course, available and willing to discuss issues with you. But it will be helpful if you can more precisely frame the motion/relief that Akoustis intends to seek. Also, we would appreciate receiving any authority that Akoustis believes will support the positions it will take so that we can fully consider the issues.

As to other assertions in your email, we disagree that we are "conflating" any issues. As discovery moves forward, we have supplemented (and will continue to supplement) our disclosures, including the trade secret disclosures, based on evidence that is identified supporting Qorvo's claims. Such supplementation is intended to <u>benefit</u> Akoustis by placing it on notice of the evidence on which Qorvo may rely. As an example, we deposed David Hodge on July 11, 2023. He testified that a high-level Akoustis executive distributed hard copies of confidential Qorvo presentations and instructed Mr. Hodge and another Akoustis engineer to use those presentations to assist Akoustis in developing products. We supplemented the trade secret disclosures in view of the misappropriation Mr. Hodge described in his deposition. We are unaware of any authority that would prohibit Qorvo from making such supplemental disclosures, nor any authority requiring Qorvo to seek permission from the Court to do so.

We also disagree with the assertion that Qorvo must narrow the trade secrets at this stage of the case. As you know, we are still waiting for Akoustis to produce additional documents, Akoustis has not yet allowed the forensic inspection of its computer systems, and Qorvo has yet to depose any current Akoustis employees and other former employees who were deeply involved in the theft of Qorvo's trade secrets.

Finally, we are unclear what issue you are attempting to raise with respect to the timing of Qorvo's document production. Akoustis's trade secret RFPs were served on February 15, 2023. Qorvo undertook a massive effort to collect and review materials in response to those requests and was able to produce a substantial quantity of information in less than four months. By way of comparison, Akoustis took nine months to substantially complete its "rolling" production in response to Qorvo's RFPs. Moreover, the volume and timing of Qorvo's production was the basis for the Court extending the close of fact discovery to October 2023 during the Scheduling Conference on May 10.

Please let me know if Akoustis is requesting a meet-and-confer and we can find a time to schedule the call.

Best Regards,
Jon

---

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Wednesday, August 9, 2023 9:02 AM
**To:** Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack Blumenefeld <Jbbefiling@mnat.com>; Eric Gill <EGill@sheppardmullin.com>; JTigan@morrisnichols.com; Robert Masters <RMasters@sheppardmullin.com>; Roy Jung

&lt;rjung@sheppardmullin.com&gt;; Timothy Cremen &lt;TCremen@sheppardmullin.com&gt;; Zachary Alper &lt;zalper@sheppardmullin.com&gt;; LegalTm-Qorvo-Akoustis &lt;LegalTm-Qorvo-Akoustis@sheppardmullin.com&gt;
**Cc:** Jakopin, David A. &lt;david.jakopin@pillsburylaw.com&gt;; Stanton, David &lt;david.stanton@pillsburylaw.com&gt;; Sweeney, Dianne L. &lt;dianne@pillsburylaw.com&gt;; rgolden@bayardlaw.com; sbrauerman@bayardlaw.com; Selness, Ryan &lt;ryan.selness@pillsburylaw.com&gt;; Rivaux, Shani &lt;shani.rivaux@pillsburylaw.com&gt;; Rose, Meri L. &lt;meri@pillsburylaw.com&gt;
**Subject:** RE: Qorvo v. Akoustis - Trade Secret Supplementation

Jon,

You are conflating the issues at hand.  While Qorvo certainly has Rule 26 disclosure obligations, the trade secret identification relates to an Order entered by the Court requiring the disclosure of Qorvo's trade secrets no later than May 1.  The issue here is there was a Court ordered deadline to identify trade secrets with reasonable particularity. That date was by Court Order and was over four months after Akoustis substantially completed its production of documents and was part and parcel of the Court agreeing to the existing scheduling order for discovery.   In fact, many of these documents upon which Qorvo seeks to rely were produced long before Jan. 2023.  Identifying "new" trade secrets almost three months after the deadline for documents you have had since November 2022, is unreasonable and in violation of the Court's order.

The purpose of the trade secret disclosures is to form the scope of discovery.  Qorvo cannot unilaterally add new trade secret claims.  To the extent you seek to amend your trade secret disclosures, in light of the deadline in the Court's Amended Scheduling Order, leave of Court is necessary.

Additionally, it has been more than 3 months since Qorvo represented to the Court that it would be narrowing down the issues in order to meet the scheduling deadlines.  Not only has Qorvo failed to narrow down the disclosures, it is now attempting to expand the disclosures without the Court's permission.  To compound the issues, Qorvo produced 95% of its production after the hearing with the Court in April, including 50% in June.

To the extent you believe that there is good cause for amending your trade secret disclosure at this stage, we are available to meet and confer.

Best,
Theresa


**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

---

**From:** Jonathan DeFosse &lt;JDeFosse@sheppardmullin.com&gt;
**Sent:** Thursday, August 3, 2023 3:38 PM
**To:** Roozen, Theresa A. &lt;theresa.roozen@pillsburylaw.com&gt;; Jack Blumenefeld &lt;Jbbefiling@mnat.com&gt;; Eric Gill &lt;EGill@sheppardmullin.com&gt;; JTigan@morrisnichols.com; Robert Masters &lt;RMasters@sheppardmullin.com&gt;; Roy Jung &lt;rjung@sheppardmullin.com&gt;; Timothy Cremen &lt;TCremen@sheppardmullin.com&gt;; Zachary Alper &lt;zalper@sheppardmullin.com&gt;; LegalTm-Qorvo-Akoustis &lt;LegalTm-Qorvo-Akoustis@sheppardmullin.com&gt;
**Cc:** Jakopin, David A. &lt;david.jakopin@pillsburylaw.com&gt;; Stanton, David &lt;david.stanton@pillsburylaw.com&gt;; Sweeney, Dianne L. &lt;dianne@pillsburylaw.com&gt;; rgolden@bayardlaw.com; sbrauerman@bayardlaw.com; Selness, Ryan &lt;ryan.selness@pillsburylaw.com&gt;; Rivaux, Shani &lt;shani.rivaux@pillsburylaw.com&gt;; Rose, Meri L. &lt;meri@pillsburylaw.com&gt;
**Subject:** RE: Qorvo v. Akoustis - Trade Secret Supplementation

Hi Theresa,

Thank you for your email.

Qorvo supplemented (and will continue to supplement) its disclosures in this case based on its ongoing review and analysis of discovery. We made the supplementation promptly after identifying the relevance of the supplemental materials, as envisioned by Rule 26(e).

We will not "withdraw" or "amend" our disclosures. Moreover, we reserve the right (and recognize the obligation under Rule 26) to provide additional supplementation as discovery continues.

We disagree with the assertion that supplemental disclosures 2.5 months before the close of fact discovery and before any party depositions are taken would warrant an extension of the discovery schedule. Finally, Qorvo expects Akoustis to provide "corollary supplementation" according to the requirements of Rule 26.

Best Regards,
Jon

---

**From:** Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>
**Sent:** Thursday, August 3, 2023 2:21 PM
**To:** Jack Blumenefeld <Jbbefiling@mnat.com>; Eric Gill <EGill@sheppardmullin.com>; JTigan@morrisnichols.com; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Robert Masters <RMasters@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Zachary Alper <zalper@sheppardmullin.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Cc:** Jakopin, David A. <david.jakopin@pillsburylaw.com>; Stanton, David <david.stanton@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; rgolden@bayardlaw.com; sbrauerman@bayardlaw.com; Selness, Ryan <ryan.selness@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Rose, Meri L. <meri@pillsburylaw.com>
**Subject:** Qorvo v. Akoustis - Trade Secret Supplementation

Jon,
We received Qorvo's supplemental trade secret identification. Qorvo alleges that the reason for the supplementation is that documents were produced right before or after the May 1, 2023 deadline. While we are still reviewing this new identification, it appears that the documents cited by Qorvo were largely produced by Akoustis last year – specifically in November 2022. We also note that for the Hodge documents that Qorvo references and suggests they were first produced in April 2023, Qorvo failed to account for the fact that these are duplicative of documents that were produced by Akoustis much earlier than April 2023.

Supplementation based on documents produced 8+ months ago is certainly untimely. Such supplementation is also at odds with Qorvo's own representations that it would be limiting the scope of the trade secrets it put at issue in May.

In light of the above, we ask that Qorvo review its supplemental trade secret information and advise Akoustis if it will withdraw or amend its identification. If Qorvo intends to stand on its supplemental identification as served, please advise what good cause Qorvo believes it has for this supplementation on a per trade secret basis.

Akoustis reserves its rights in this regard, including to seek an appropriate extension of the discovery cutoff to address Qorvo's newly added trade secret allegations. We also anticipate that any corollary supplementation by Akoustis will be accepted without objection.

Best,
Theresa

**Theresa A. Roozen** | Senior Associate
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW | Washington, DC 20036-3006
t +1.202.663.8185
theresa.roozen@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES
MIAMI  NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH
SACRAMENTO  SAN DIEGO  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  **WASHINGTON, DC**



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.