# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.,<br><br>Defendants. | C.A. No. 21-1417-JPM |

## NOTICE OF SUBPOENA TO EERO, LLC

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure and applicable Local Rules, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") by and through their attorneys, intends to serve the subpoena attached hereto as Exhibit A on Eero, LLC. The subpoena attached as Exhibit A requests that Eero, LLC produce documents, information, and things described in Attachment A, and such documents, information, and things shall be produced at the date and location specified in the subpoena, or at another mutually agreeable date and/or location.

Dated: August 29, 2023

| | |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP | BAYARD, P.A. |
| | |
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | */s/ Ronald P. Golden III*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| David L. Stanton<br>725 S. Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* |
| Theresa A. Roozen<br>1200 Seventeenth St. NW<br>Washington, DC 20036<br>(202) 663-8025<br>theresa.roozen@pillsburylaw.com | |
| Shani Rivaux<br>600 Brickell Avenue, Suite 3100<br>Miami, FL 33131<br>(786) 913-4900<br>shani.rivaux@pillsburylaw.com | |
| *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* | |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-01417-JPM   Document 330   Filed 09/12/23   Page 5 of 12 PageID #: 16209

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

### **Definitions**

1. "You" and "Your" mean Eero LLC and its present or former subsidiaries, divisions, predecessor and predecessors-in-interest, affiliates, parents, any partnership, license agreement or joint venture to which it may be a party, and each of its past and present employees, agents, officers, directors, representatives, consultants, accountants and attorneys.

2. "Qorvo" means Qorvo, Inc. as well as its present or former subsidiaries, divisions, predecessor and predecessors-in-interest, affiliates, parents, any partnership, license agreement or joint venture to which it may be a party, and each of its past and present employees, agents, officers, directors, representatives, consultants, accountants and attorneys.

3. "Akoustis" means Akoustis Technologies, Inc. and Akoustis, Inc., collectively, as well as each of its agents, partners, associates, employees, representatives, or other persons acting or purporting to act on Akoustis Technologies, Inc. or Akoustis, Inc.'s behalf, as well as all of its present and former subsidiaries, divisions, or affiliates.

4. "Action" refers to the litigation initiated by Qorvo, Inc., styled *Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis Inc.*, No. 1:21-cv-01417 (D. Del.).

5. "BAW filters" refers to Bulk Acoustic Wave filters and/or Bulk Acoustic Wave filter products.

6. "DR filters" refers to Dielectric Resonator filters and/or Dielectric Resonator filter products.

7. "SAW filters" refers to Surface Acoustic Wave filters and/or Surface Acoustic Wave filter products.

8. The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual,

1

company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

9. The terms "Relate" and "Relating to" mean consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

10. The terms "Document" and "Documents" mean any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, email, Communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of

documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

11. The term "thing" or "things" has the broadest meaning prescribed in Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a Document, in your possession, custody, or control.

12. The term "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

13. The terms "and," "or" and "and/or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the request.

14. The terms "all," "any," or "each" encompass any and all of the matter discussed.

15. The term "including" means including, but not limited to.

16. The use of singular form includes plural and vice versa.

17. The use of present tense includes past tense and vice versa.

**Instructions**

A. Answers to these requests shall be preceded by the request to which it responds, answered separately, be made in writing and served upon the undersigned attorneys at Bayard P.A., 600 N. King Street, Suite 400, Wilmington, DE 19899.

  B. Each request is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

  C. No part of a request shall be left unanswered merely because an objection has been interposed to another part of that request.

  D. Full and complete responses to the following requests shall be provided, after a diligent and thorough investigation into all information within Your possession, custody, or control has been conducted. If a full and complete response to any request cannot be provided for any reason, respond to the request to the extent possible, specifying the portion of the request that cannot be answered, and provide whatever information can be provided regarding the unanswered portion.

  E. Documents produced in response to these requests are to be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request for production.

  F. Each Document requested herein should be produced in its entirety without deletion or excision (except as qualified by the instruction regarding privilege, below) regardless of whether You consider the entire Document to be relevant or responsive to these requests. If any Document cannot be produced in full, then you should produce it to the extent possible, specifying the reasons for its inability to produce the remainder and stating what information, knowledge, or belief You have concerning the portion that You cannot produce. If You are aware of any Document that is being withheld due to a protective order or a third-party confidentiality agreement (or believe that any Document is being withheld on such basis), You should further state the affirmative steps You are taking to produce those Documents.

G. If You are aware that any Document within the scope of these requests once existed but has been destroyed, You should make a statement to that effect, identify the Document, and state the circumstances under which it was destroyed.

H. If You are aware that a Document within the scope of these requests once existed but has been lost or cannot be currently located, You should make a statement to that effect, identify the Document, state who was last in possession of the Document, the circumstances under which it was lost, and steps that have been taken to locate the Document.

I. If You object to any request or any portion of a request on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5). If your objection is on the ground that the answer would reveal the substance of a privileged Communication, include an identification of:

   i. the nature of the privilege or protection claimed;

   ii. the person who made the Communication, whether oral or in writing;

   iii. if the Communication was oral, all persons present while the Communication was made;

   iv. if the Communication was written, the author, addressees, and any other recipients;

   v. the date and place of the Communication; and

   vi. the general subject matter of the Communication.

J. These requests are continuing in nature. If you receive or otherwise become aware of information responsive to any request after you have served your responses to these requests, you must promptly supplement your responses to these requests to provide such information, as required by Federal Rule of Civil Procedure 26(e).

**Documents Requested**

1. All Documents related to Communications with Qorvo, including with RF Associates North, Inc. or any other sales representative acting on Qorvo's behalf, from January 1, 2019 through the present, related to any RF filter (e.g., BAW filter, SAW filter, DR filter), including any comparative marketing materials provided by Qorvo.

2. All Documents related to Communications with Qorvo, including with RF Associates North, Inc. or any other sales representative acting on Qorvo's behalf, related to Akoustis, including any materials provided by Qorvo related to the Action.

3. All Documents related to Communications with Qorvo, including with RF Associates North, Inc. or any other sales representative acting on Qorvo's behalf, related to single crystal BAW filters and/or whether the crystal structure of the piezoelectric layer of any RF filter affected any of Your purchasing decisions related to any RF filter.

4. Documents related to or constituting your assessment and/or comparison of vendors for BAW filters, SAW filters, or DR filters for Your use in Wi-Fi products including Akoustis, Qorvo, Skyworks, Qualcomm, Broadcom, Murata and EMWorks.

5. Documents sufficient to show all commercially relevant reasons for purchasing any BAW filters, SAW filters, or DR filters from any person other than Akoustis.

6. To the extent not otherwise provided, Documents sufficient to show all commercially relevant reasons for purchasing or not purchasing the QPQ1903 and/or QPQ1904 BAW filters from Qorvo.

7. To the extent not otherwise provided, Documents sufficient to show all commercially relevant reasons for purchasing or not purchasing the AKF1252 and/or AKF1256 BAW filters from Akoustis.

8.      To the extent not otherwise produced, Documents sufficient to show any of Your comparisons of any Akoustis BAW filter to any Qorvo BAW filter.

4885-4438-4632.v1