# **<u>Exhibit 2</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **JURY TRIAL DEMANDED** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between Plaintiff, Qorvo Inc. ("Qorvo") and Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis"), by and through their respective attorneys of record, as follows ("Party" refers, individually, to (a) Qorvo or (b) Akoustis; "Parties" refers, collectively, to each Party):

**1.      Purpose.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.      Scope.** All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, or any portion thereof, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "Documents"), shall be subject to this Order as set forth below. As there is a presumption in favor

1

of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. **Form and Timing of Designation.** A Party may designate Documents as confidential and restricted from disclosure under this Order, pursuant to the procedures set forth herein ("Protected Material"). A Party designates Documents as Protected Material by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the Documents. When a tangible object is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation, including any information copied or extracted from protected Documents; (2) all copies, excerpts, summaries, or compilations of protected Documents; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal the contents of protected Documents. When electronically stored information is produced on physical media or via online transfer, and where the electronically stored information cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media and/or the electronic container (e.g., zip folder) in which such electronically stored information is produced shall be marked with the applicable designation. The Party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the Parties may agree temporarily to designate original Documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original Documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The

copies of Documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of Documents for protection under this Order does not mean that the Document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Each Party that designates Protected Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For purposes of producing documents in response to requests for production, the Parties may designate an entire single document at the highest level of confidentiality to which any portion of the document is entitled and the Parties shall not be required to separately designate individual pages of a contiguous document at a lower level of confidentiality, even if those pages viewed in isolation do not warrant the same confidentiality level. To the extent there is good cause for a specific document to be redacted so as to create a lower confidentiality version of the document, the Parties agree to meet and confer in good faith to attempt to resolve any disagreement over such redactions.

4. **<u>Documents Which May be Designated CONFIDENTIAL</u>.** Any Party may designate Documents as CONFIDENTIAL upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure, in each case through a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

5. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any Party may designate Documents as ATTORNEYS EYES ONLY upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating Party.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such on the record, before the close of the deposition, hearing, or other proceeding, or in writing within two business days after the conclusion of the deposition, hearing, or other proceeding. The entire testimony transcript shall be protected under the terms of this Order for thirty (30) days following receipt of the final testimony transcript, during which time the designating Party shall identify the specific portions of the testimony that are CONFIDENTIAL or ATTORNEYS EYES ONLY. Only those specific portions of the testimony that are designated for protection within the 30 days after receipt of the final transcript shall be covered by the provisions of this Stipulated Protective Order. Alternatively, if it is impractical to identify specific portions of testimony that are CONFIDENTIAL or ATTORNEYS EYES ONLY, a designating Party may specify that the entire testimony transcript shall be treated as CONFIDENTIAL or ATTORNEYS EYES ONLY. The use of a Document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or ATTORNEYS EYES ONLY. Transcripts containing testimony designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall have an obvious legend on the title page that the transcript contains Protected Material.

7. **Inadvertent Failures to Designate**. If timely corrected by the Designating Party following discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such

4

material. Upon notice of a correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and the producing Party must promptly reproduce the information or items with the proper designation. If the receiving Party contends the correction is not timely then the parties shall meet and confer and if there is no informal resolution, the receiving Party may seek an order to de-designate the material at issue.

**8.** **Protection of Protected Material**. Each receiving Party shall treat the other parties' documents with the same standard of care with which the receiving Party treats and protects its own confidential and proprietary documents or pursuant the standard set forth in this Agreement, whichever is greater.

**(a)** **Storage and Handling.** All Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Electronic documents shall be stored in a manner where proper authentication credentials are required for access. In addition to those provisions provided for elsewhere in this Order, the following security measures shall also apply to those types of Protected Material that the following persons are authorized to receive: (1) for Outside Counsel, paralegals, and support staff working under the direction of Outside Counsel, the user's network credentials for their employer's network shall be deemed proper authentication credentials; (2) for In-House Counsel and their support staff, any received Protected Material shall be maintained in a manner where access is limited to only In-House Counsel and their support staff and where employees outside the legal department are not permitted access to the Protected Material; (3) for receiving Party reviewers and their support staff, any received Protected Material shall be maintained in a manner where access is limited to only the receiving Party reviewers and their support staff and where other employees (except In-House Counsel and their support staff) are not permitted access to the Protected Material; and (4) for Consultants and Experts, and their support staff, any received Protected Material shall be stored by the Consultants and Exports only on password-protected media or accounts. No Protected Materials will be accessed or reviewed over open, unsecure or public wireless networks without the use of secure socket layer ("SSL") tunneling, a virtual private network conduit ("VPN") or similarly secure networking technology

5

in place. To the extent Protected Material of another Party is disclosed to any Party herein, as set forth in Section 8(b)(2), below, the following handling rules apply: Any electronic transmissions of such Protected Material to or from the receiving Party shall be encrypted with at least 128-bit file encryption prior to any upload or transfer, and the transmission shall be made in a secure manner. Further, at no time shall Protected Material of another Party be stored by the receiving Party or transmitted electronically to or from the receiving Party in a manner in which the materials are present in unencrypted form on any server in their "at rest" state.

**(b)** **Protected Materials Designated CONFIDENTIAL.** Protected Materials designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Materials designated CONFIDENTIAL to any person or entity, except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Protected Materials that have been designated CONFIDENTIAL:

(1) <u>Outside Counsel of Record</u>. Outside counsel of record for the Parties and employees and agents of outside counsel of record to whom it is reasonably necessary to disclose the information for the preparation and trial of the action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(2) <u>Parties</u>. The officers, directors, and employees (including in-house counsel) of the Parties to whom it is reasonably necessary to disclose the information for the preparation and trial of the action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(3) <u>The Court</u>. The Court and its personnel.

(4) <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions.

6

(5)     Persons Creating or Receiving Documents. Any person who authored or recorded the designated Document and any person who has previously seen the designated Document.

(6)     Employees of the Producing Party. Any employee of the Party that has designated the Document as CONFIDENTIAL.

(7)     Consultants and Experts. A person with specialized knowledge or experience in a matter pertinent to the litigation who is not a current employee of a Party, who has not been an employee of a Party for at least 24 months and who is not anticipated to become an employee of a Party ("Qualified Person"), provided that each such Qualified Person has also been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, pursuant to the requirements of Section 9, but only after such person has completed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(8)     Professional Document Processing Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, clerical preparation of exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, including graphics professionals who create graphic materials or demonstratives and who are providing more than clerical or copying services. In the case of a Professional Document Processing Vendor, a single Exhibit A, "Acknowledgment and Agreement to Be Bound," must be executed by a corporate representative of the Professional Document Processing Vendor prior to disclosure of the Protected Materials.

(9)     Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall complete the "Acknowledgment and Agreement to

7

Be Bound" that is attached hereto as Exhibit A and provide the same to the producing Party before access is given.

**(c)  Protected Material Designated ATTORNEYS EYES ONLY.** Protected Material ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Material designated ATTORNEYS EYES ONLY to any person or entity, except as set forth in subparagraphs 8(b)(1) and (3)-(9) set forth above.

**(d)  Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized access to or disclosure of Documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e)  Copies.** All copies of Documents designated for protection under this Order, or any individual portion of such a Document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of Documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated Documents or otherwise disclose the substance of the designated Documents.

**9.  Disclosure to Experts and Consultants.** Trial counsel desiring to disclose Protected Materials to experts or consultants specified in Paragraph 8(b)(7) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such expert or consultant. Such curriculum vitae, or other disclosure materials provided therewith, shall identify all current and former employers and/or consulting engagements within the ten (10) years prior to the date of such disclosure, as

well as a list of the cases in which the person has testified at deposition or trial within the last five (5) years[1]. No Protected Materials shall be disclosed to such expert or consultant attorney until after the expiration of a five (5) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that five (5) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Protected Materials to such expert or consultant except by mutual agreement of the parties or further order of the Court. All objections must be made in writing and for good cause and must state the reasons for such objections. If opposing counsel objects to disclosure to the person within such five (5) business day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court pursuant to Paragraph 8(h) of the Scheduling Order. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the person in question until the Court resolves the objection.

**10.** **Filing of Protected Material Under Seal.** Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Any briefs, transcripts, exhibits, depositions, or documents that are filed with the Court and that comprise, embody, summarize, or quote from documents or tangible things designated as CONFIDENTIAL or ATTORNEYS EYES ONLY material shall be sealed, unless the Parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal. To the extent physical copies of documents containing Protected Material are filed or lodged, those physical copies must be placed in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of this action, and a legend in substantially the following form:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL OR CONFIDENTIAL – OUTSIDE COUNSEL ONLY PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with opposing counsel regarding any such engagement.

9

**11.** **<u>Challenges by a Party to a Designation for Protection Under this Order</u>.**

**(a)** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any Party or non-Party with standing to object (hereafter "challenging Party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting Party shall have an obligation to meet and confer with the designating Party to make a reasonable effort to resolve the objection by agreement, in accordance with Local Rule 7.1.1. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any Documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the Documents and the nature of the agreement.

**(b)** If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality within 21 calendar days of the Parties agreeing that the meet and confer process will not resolve their dispute, unless the Parties agree in writing upon a longer time period to file and serve such motion. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion including the required declaration within 21 calendar days (or within the agreed upon time period) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

**(c)** The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

**12.     Action by the Court.** Applications to the Court for an order relating to any Documents designated for protection under this Order shall be by motion under the Local Rules of this District, and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

**13.     Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public, and there will be no restrictions on the use at trial of any Document designated for protection under this Order. If a Party intends to present at trial Documents designated for protection under this Order, or information derived therefrom, such Party shall provide advance notice to the Party designating the Documents for protection under this Order at least seven (7) business days before the commencement of trial by identifying the Documents or information at issue as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the Party designating the Document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

**14.     Obligations on Conclusion of Litigation.**

    **(a)     Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)     Return of Documents Designated for Protection Under this Order.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, and upon written request of the producing Parties, all Protected Material under this Order, including copies shall be returned to the producing Party unless: (1) the Protected Material has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to Protected Material bearing the notations, summations, or other mental

11

impressions of the receiving Party, that Party elects to destroy the source Documents and certifies to the producing Party that it has done so. Notwithstanding the above requirements to return or destroy Protected Material, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain Protected Material under this Order. Further, counsel may retain attorney work product, attorney working files, and emails that include, reference, excerpt, or attach Protected Material designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Protected Materials under this Order.

   **(c)**   **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**15.**   **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

  **(a)**   promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

  **(b)**   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

  **(c)**   cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or ATTORNEYS EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's written permission. The designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

**16.** **A Non-Party's Protected Material Sought To Be Produced in This Litigation.** The terms of this Order are applicable to information produced by a non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY". Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

**17.** **Unauthorized Disclosure of Protected Material.** If a receiving Party learns that, by inadvertence or otherwise, it has disclosed or provided access to Protected Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

**18.** **Inadvertent Production of Privileged or Work-Product Protected Material.** The production of privileged or work-product protected Documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Should any Party inadvertently produce privileged or work-product protected Documents, that Party shall upon discovery promptly notify all receiving Parties of the inadvertent production ("Clawback Notification"), and provide a privilege log for the subject materials. Upon receipt of a Clawback Notification, the receiving Parties must promptly delete or return all copies of the subject materials—including all natives and images, including from their copies of the affected production deliverable, from any document review databases or other repositories in

13

which they have been copied or stored, must destroy any hard copies that have been printed, and must take reasonable efforts to retrieve and destroy any copies that have been circulated. No Party or Counsel may examine or make any further use of Documents subject to a Clawback Notification.

**19.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**20.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise, until such time as the Court may rule on a specific Document or issue.

**21.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED,** this 14th day of April, 2022.

                                                  /s/ Jon P. McCalla
                                                HONORABLE JON P. MCCALLA
                                                UNITED STATES DISTRICT JUDGE

**WE SO MOVE/STIPULATE
and agree to abide by
terms of this Order.**

Dated: April 12, 2022

| | |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Jeremy A. Tigan* |
| Robert M. Masters<br>Jonathan R. DeFosse<br>Timothy P. Cremen<br>SHEPPARD, MULLIN, RICHTER<br>  & HAMPTON LLP<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC 20006<br>(202) 747-1900 | Jack B. Blumenfeld (#1014)\|<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com |
| Trevor J. Quist<br>SHEPPARD, MULLIN, RICHTER<br>  & HAMPTON LLP<br>1540 El Camino Real<br>Menlo Park, CA 94025<br>(650) 815-2600 | *Attorneys for Plaintiff Qorvo, Inc.* |

Dated: April 12, 2022

| | |
|---|---|
| | BAYARD, P.A. |
| OF COUNSEL: | */s/ Ronald P. Golden III* |
| David A. Jakopin<br>Dianne L. Sweeney<br>PILLSBURY WINTHROP SHAW<br>  PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500 | Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>PILLSBURY WINTHROP SHAW<br>  PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900 | *Attorneys for Defendants Akoustis<br>Technologies, Inc. and Akoustis, Inc.* |

David L. Stanton
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
725 S. Figueroa St.
36th Floor
Los Angeles, CA 90266
(213) 488-7100

**ATTACHMENT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) **JURY TRIAL DEMANDED** |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Protected Material designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material or any information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

1

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

2