██████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 21-1417 (JPM) |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **PUBLIC VERSION** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR
MONETARY AND ADVERSE INFERENCE
SANCTIONS FOR CONTEMPT AND SPOLIATION**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: October 5, 2023**
**Public Version Filed: October 16, 2023**

███████████████████████████████████

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS ......................................................................................... 3

     A.    The Court Enters Order on Document and E-Discovery Requiring Preservation of Evidence ............................................................................................................3

     B.    The Parties Identify Kwon and Morgan as Persons Likely to Have Relevant Information ........................................................................................................3

     C.    Discovery Indicates that Kwon and Morgan Were Involved in the Misappropriation of Qorvo's Trade Secrets ......................................................4

     D.    Court Orders Forensic Inspection of Akoustis Computers .....................................6

     E.    Qorvo Requests Inspection of Computers Belonging to Kwon and Morgan .........7

     F.    ████████████████████████████ ..................................................7

III.   LEGAL STANDARDS ............................................................................................. 9

IV.   ARGUMENT ........................................................................................................... 9

     A.    The Jury Instructions Should Include an Adverse Inference Regarding ███████ ..................................................................................................9

          1.    Adverse Inference Sanctions are Appropriate in the Case ...................... 10

          2.    The Surrounding Circumstances Support Finding Intentional Destruction of Evidence ......................................................................... 12

          3.    Alternatively, Sanctions are Appropriate Under Rule 37(e)(1) Because Qorvo Has Been Prejudiced.................................................... 15

     B.    Akoustis Should Also Be Sanctioned for Contempt of Court Orders ..................17

     C.    Monetary Sanctions Are Also Appropriate...........................................................18

V.    CONCLUSION...................................................................................................... 19

███████████████████████████

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accurso v. Infra-Red Servs., Inc.*,
169 F. Supp. 3d 612 (E.D. Pa. 2016) .......................................................................12

*Bistrian v. Levi*,
448 F. Supp. 3d 454 (E.D. Pa. 2020) ...............................................................15, 16

*Bull v. UPS*,
665 F.3d 68 (3d Cir. 2012)........................................................................................10

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)......................................................................................................9

*CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*,
CA No. 17-320 (MN), 2019 WL 1118099 (D. Del. Mar. 11, 2019) .......................15

*Cox v. UPS*,
753 Fed. App'x 103 (3d Cir. 2018)............................................................................9

*Delay v. Dollar Energy Fund*,
No. 21-cv-1037, 2023 WL 3177961 (W.D. Pa. May 1, 2023) ................................12

*First Sr. Fin. Grp. LLC v. Watchdog*,
No. 12-cv-1247, 2014 WL 1327584 (E.D. Pa. Apr. 3, 2014)............................13, 14

*Folino v. Hines*,
CV No. 17-1584, 2018 WL 5982448 (W.D. Pa. Nov. 14, 2018) ............................14

*Giles v. Dep't of Correction*,
No. 16-cv-1035, 2017 WL 1434266 (D. Del. Apr. 20, 2017) .................................10

*GN Netcom, Inc. v. Plantronics, Inc.*,
No. CV 12-1318, 2016 WL 3792833 (D. Del. July 12, 2016) ..........................12, 14

*Harris v. City of Philadelphia*,
47 F.3d 1311 (3d Cir. 1995)......................................................................................19

*IOENGINE LLC v. Paypal Holdings, Inc.*,
No. CV 18-452-WCB, 2022 WL 1443867 (D. Del. May 3, 2022) ....................15, 17

*Lawn Doctor, Inc. v. Rizzo*,
646 Fed. App'x 195 (3d Cir. 2016)...........................................................................18

ii

*Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*,
    886 F. Supp. 2d 466 (D. Del. 2012), *aff'd*, No. 07-cv-127, 2014 WL 545440
    (D. Del. Feb. 7, 2014) ...........................................................................................9, 10, 13, 15

*McAbee v. McAbee*,
    277 Fed. App'x 223 (3d Cir. 2008)...............................................................................19

*Micron Tech., Inc. v. Rambus Inc.*,
    917 F. Supp. 2d 300 (D. Del. Jan. 2, 2013) ..................................................................12

*Monolithic Power Sys., Inc. v. Intersil Corp.*,
    No. CV 16-1125, 2018 WL 6075046 (D. Del. Nov. 19, 2018) ......................................15

*National Association of Radiation Survivors v. Turnage*,
    115 F.R.D. 543 (N.D. Cal. 1987)..................................................................................16

*Orion Drilling Co., LLC v. EQT Prod. Co.*,
    826 Fed. App'x 204 (3d Cir. 2020)............................................................................9, 10

*Orion Drilling Co., LLC v. EQT Prod. Co.*,
    No. CV 16-1516, 2019 WL 4273861 (W.D. Pa. Sept. 10, 2019), *aff'd*, 826 F.
    App'x 204 (3d Cir. 2020) .............................................................................................14

*Robin Woods Inc. v. Woods*,
    28 F.3d 396 (3d. Cir. 1994)..........................................................................................18

*Roe v. Operation Rescue*,
    54 F.3d 133 (3d Cir. 1995)...........................................................................................17

*Spallone v. United States*,
    493 U.S. 265 (1990).......................................................................................................9

*United States v. Chabot*,
    681 Fed. App'x 134 (3d Cir. 2017)...............................................................................17

*Washington v. Grace*,
    533 Fed. App'x 68 (3d Cir. 2013).................................................................................17

*In re Wechsler*,
    121 F. Supp. 2d 404 (D. Del. 2000)..............................................................................16

**Rules**

Fed. R. Civ. P. 37 ..................................................................................................................9

Fed. R. Civ. P. 37(b) ...........................................................................................................19

Fed. R. Civ. P. 37(b)(2).................................................................................................18, 19

iii

███████████████████████████████

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................18, 19

Fed. R. Civ. P. 37(b)(2)(C) ......................................................................................18

Fed. R. Civ. P. 37(e) ................................................................................................12

Fed. R. Civ. P. 37(e)(1) ..................................................................................... *passim*

Fed. R. Civ. P. 37(e)(2) ..................................................................................... *passim*

███████████████████████████████████████

## I.   INTRODUCTION

Qorvo has been forced to file this motion for sanctions because Akoustis destroyed company-issued laptops belonging to two key employees—Joonbum Kwon ("Kwon") and Joel Morgan ("Morgan")—destroying relevant information found on those laptops.

Pursuant to the Forensic Inspection Protocol entered on August 24, 2023 (D.I. 299), Qorvo requested images of the electronic devices of 15 Akoustis employees, including Kwon and Morgan. ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████ Moreover, Kwon and Morgan are not merely peripheral witnesses—they are former Qorvo employees who possessed, used, and disclosed Qorvo's trade secrets for Akoustis's benefit. ██████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████ The types of information permanently spoliated include data showing how Kwon and Morgan used and transmitted Qorvo's trade secrets

and confidential information, including: (i) what information Kwon and Morgan stored on their computers; (ii) when external devices were connected to the computers; (iii) when and how data was downloaded to external devices; (iv) when and how certain files were simultaneously accessed and modified; and (v) when and what types of files were deleted. Given Kwon and Morgan's involvement in the misappropriation of Qorvo's trade secrets, these artifacts are important to Qorvo's claims and Qorvo has suffered substantial prejudice from Akoustis's destruction of evidence. The significance of the spoliation is highlighted by recent revelations that other former Qorvo employees working at Akoustis made copies of Qorvo email accounts and at least one Qorvo computer and then used their Akoustis computers to store those Qorvo materials. If Kwon or Morgan engaged in similar conduct, the evidence of that conduct will now have been destroyed.

Pursuant to Rule 37(e)(2), as well as the Court's inherent civil contempt authority, Qorvo respectfully requests adverse inference sanctions in the form of: (i) an instruction to the jury that the data destroyed from the laptops of Kwon and Morgan was unfavorable to Akoustis; and (ii) an order precluding Akoustis from submitting evidence that Kwon or Morgan did not possess, use, or disclose Qorvo's trade secrets or confidential information. Such adverse inference sanctions are the only way to remedy the substantial prejudice that Qorvo has suffered from Akoustis's destruction of evidence. In the alternative, pursuant to Rule 37(e)(1), the Court should permit Qorvo to address the spoliation at trial and instruct the jury how to evaluate such spoliation. In addition, Qorvo also respectfully requests monetary sanctions for the fees and costs incurred in connection with the adjudication of this Motion.

██████████████████████████████

## II.    STATEMENT OF FACTS

### A.    The Court Enters Order on Document and E-Discovery Requiring Preservation of Evidence

On April 27, 2022, the Court entered the Discovery Order. (D.I. 61). The Discovery Order confirmed the Parties' obligations to preserve evidence relevant to this case. For example, the Parties were required to (i) undertake steps "to preserve materials reasonably related to this matter"; and (ii) to "disclose categories or sources of information responsive to discovery requests that they have reason to believe have not been preserved or should not be preserved." (*Id.* at 2.) The Discovery Order also set forth the specific categories of documents that the parties were not required to preserve—e.g., ephemeral data, system or executable files.

### B.    The Parties Identify Kwon and Morgan as Persons Likely to Have Relevant Information

Joonbum Kwon is a former Qorvo employee who worked as an engineer at Qorvo's fabrication facility in Richardson, Texas. (Declaration of Jonathan DeFosse ("DeFosse Decl."), Ex. A.)  On June 26, 2017, Akoustis hired Kwon to work at its fabrication facility in New York. (*Id.*, Ex. B.)  Joel Morgan worked as a Quality Manager at Qorvo from November 2008 to March 2015. (*Id.*, Ex. C.)  Akoustis hired Morgan in 2017 as its Director of Quality. (*Id.*) Morgan was promoted to the Vice President of Quality in 2019. (*Id.*)

From the outset of this litigation, the parties were aware that Kwon and Morgan were persons likely to have materials reasonably related to this matter. On October 4, 2021, Qorvo filed the Complaint in this action alleging that Akoustis had targeted former Qorvo employees in an attempt to obtain confidential information. (*See, e.g.*, D.I. 1, ¶¶46-58.) On February 18, 2022, Qorvo filed the First Amended Complaint ("FAC") reiterating the allegation that Akoustis had hired former Qorvo employees to obtain Qorvo's confidential information. (*See, e.g.*, D.I. 28, ¶¶46-67.) The FAC specifically identified Kwon as among the former Qorvo employees at issue

3

███████████████████████████████████

in this case. (*Id*., ¶63.) On February 8, 2023, Qorvo filed the Second Amended Complaint ("SAC") setting forth its allegations of trade secret misappropriation. (*See, e.g.*, D.I. 125, ¶¶78-153.) The SAC specifically references Kwon and Morgan and their involvement in the misappropriation of Qorvo's trade secrets in several places. (*See id*., ¶¶74, 85, 91, 92, 97, 133, 212.) Qorvo also identified Kwon and Morgan as witnesses that may have relevant information in its initial and supplemental disclosures. (DeFosse Decl., Ex. D (Feb. 23, 2022 Initial Disclosures) at 6 (identifying Kwon); Ex. E (Mar. 15, 2023 First Supplemental Disclosures) at 6-7 (identifying Kwon and Morgan); Ex. F (May 3, 2023 Second Supplemental Initial Disclosures) at 7-8 (identifying Kwon and Morgan).)

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████

C.   **Discovery Indicates that Kwon and Morgan Were Involved in the Misappropriation of Qorvo's Trade Secrets**

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████





**D.      Court Orders Forensic Inspection of Akoustis Computers**

On August 24, 2023, the Court entered the Forensic Inspection Protocol. (D.I. 299.) The

Protocol provided, in relevant part that: (1) Qorvo would identify 15 custodians who Qorvo

believes have information relevant to the use of Qorvo's trade secrets and confidential information;

██████████████████████████████████████

and (2) Akoustis would provide Qorvo with forensic images of all electronic storage systems in Akoustis's possession, custody, or control used by those custodians. (*See id.*)

### E.    Qorvo Requests Inspection of Computers Belonging to Kwon and Morgan

In compliance with the Forensic Inspection Protocol, on August 18, 2023, Qorvo identified the custodians for whom it wanted forensic data produced, including Kwon and Morgan. (DeFosse Decl., ¶23.) As reflected above, Kwon and Morgan were specifically selected due to their significant involvement in misappropriating Qorvo's trade secrets. Inspection of their computers was relevant to discover: 1) the extent to which Kwon and Morgan possessed, used, and disclosed Qorvo's trade secrets and confidential information; 2) the means by which Kwon and Morgan possessed, used, and disclosed Qorvo's trade secrets and confidential information (e.g., use of external hard drives); and 3) the extent to which Kwon and Morgan deleted any information relevant to this lawsuit, including Qorvo's trade secrets and confidential information.

### F.    ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



The parties telephonically met and conferred on September 8, 2023.

. (Declaration of Kevin Faulkner ("Faulkner Decl."), ¶¶4-5.)

On September 13, 2023, Qorvo advised Akoustis that it intended to file the instant Motion, and would seek monetary sanctions and adverse inference sanctions. (DeFosse Decl., ¶26; Ex. Y.) The parties conferred a final time on September 19, 2023, but were unable to reach any resolution. (*Id.*, ¶26.)

███████████████████████████████████

### III.    LEGAL STANDARDS

The inherent authority to impose sanctions is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). Federal courts also "have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990).  Federal Rule of Civil Procedure 37 "authorizes a list of sanctions for situations when a party fails to obey an order to provide or permit discovery." *Cox v. UPS*, 753 Fed. App'x 103, 106 (3d Cir. 2018).

### IV.    ARGUMENT

#### A.    The Jury Instructions Should Include an Adverse Inference Regarding ██████████████████████

"A party has a duty to preserve evidence it knows or reasonably should know is relevant to the action. The duty to preserve evidence begins when litigation is pending or reasonably foreseeable." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 480 (D. Del. 2012), *aff'd*, No. 07-cv-127, 2014 WL 545440 (D. Del. Feb. 7, 2014). "Spoliation refers to the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Id.* "Spoliation of evidence occurs where: (1) the evidence was in the party's control, (2) the evidence is relevant to the claims or defenses in the case, (3) there has been actual suppression or withholding of evidence, and (4) the duty to preserve the evidence was reasonably foreseeable to the party." *Orion Drilling Co., LLC v. EQT Prod. Co.*, 826 Fed. App'x 204, 216 (3d Cir. 2020).

"Evidence of spoliation may give rise to sanctions[, which] include: dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference,

referred to as the spoilation inference; fines; and attorneys' fees and costs." *Giles v. Dep't of Correction*, No. 16-cv-1035, 2017 WL 1434266, at *5 (D. Del. Apr. 20, 2017).

The factors for determining the appropriate sanction are: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Bull v. UPS*, 665 F.3d 68, 68 n.5 (3d Cir. 2012).

### 1.    Adverse Inference Sanctions are Appropriate in the Case

"A common sanction for spoilation is for a court to apply an inference, which allows a trier of fact to receive the fact of the document's non-production or destruction, as evidence that the party preventing production did so out of the fear that the contents were harmful to its interests." *Magnetar Techs.*, 886 F. Supp. 2d at 481. An adverse inference instruction for spoilation is appropriate where a party is in control of relevant evidence and disposes of such evidence during the pendency of litigation or shortly before litigation is filed. *See Orion Drilling Co., LLC v. EQT Prod. Co.*, 826 Fed. App'x 204, 216-18 (3d Cir. 2020) (affirming adverse inference instruction where agent of plaintiff knew of the legal dispute between the parties and, just days before the case was filed, threw out notes regarding the disputed incident which the agent categorized as "junk"); *Magnetar Techs.*, 886 F. Supp. 2d at 481 ("Inference [was] a possible sanction for spoilation" where after litigation had commenced, plaintiff destroyed documents in a warehouse under its control as part of routine procedure because "[t]here is no requirement for sanction that the party actively concealed, destroyed or withheld evidence-neglect is sufficient.").

Here, it is undisputed that Akoustis had a duty to preserve all relevant data regarding Kwon and Morgan. Not only was litigation foreseeable, it was pending and Akoustis was already under Court order to preserve all relevant evidence and identify any evidence that it could not preserve.

███████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████   Thus, the threshold factors for the imposition of adverse inference

sanctions have been met here.

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████

    The entire purpose of the Forensic Inspection Protocol was to provide Qorvo with access

to electronic devices used by specific custodians who had been identified as possessing, using,

and/or disclosing Qorvo's trade secrets. █████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

## 2.   The Surrounding Circumstances Support Finding Intentional Destruction of Evidence

Under Rule 37(e)(2), where a court finds that a "party acted with the intent to deprive another party of the information's use in the litigation may . . . instruct the jury that it may or must presume the information was unfavorable to the party." A showing of bad faith is required for sanctions under Rule 37(e)(2). *Accurso v. Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 618 (E.D. Pa. 2016) (amendment to Rule 37(e) "does not appear to have substantively altered the moving party's burden, in this Circuit, of showing that ESI was destroyed in 'bad faith' when requesting an adverse inference"). "To make a determination of bad faith, the court must find that the spoliating party 'intended to impair the ability of the potential defendant to defend itself.'" *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 315 (D. Del. Jan. 2, 2013). "Because courts are unable to examine [a party's] head to confirm [whether they] acted in bad faith, courts look to circumstantial evidence to determine intent." *Delay v. Dollar Energy Fund*, No. 21-cv-1037, 2023 WL 3177961, at *9 (W.D. Pa. May 1, 2023). Where evidence was destroyed in bad faith, "the burden shifts to the spoliating party to show lack of prejudice. A bad faith spoliator carries a heavy burden to show lack of prejudice because [a] party who is guilty of intentionally [destroying] documents . . . should not easily be able to excuse the misconduct by claiming that the vanished documents were of minimal import." *GN Netcom, Inc. v. Plantronics, Inc.*, No. CV 12-1318, 2016 WL 3792833, at *6 (D. Del. July 12, 2016).

The circumstances here indicate that Akoustis intentionally destroyed the evidence on the laptops of Morgan and Kwon. At the outset of this case, Akoustis was under court order to preserve relevant data. (D.I. 61.) Akoustis listed Kwon and Morgan in its own disclosures as being then-current employees who possessed relevant data, as well as laptop computers being a relevant source of data. (DeFosse Decl., Ex. G at 8.) ████████████████████████████████



*See First Sr. Fin. Grp. LLC v. Watchdog*, No. 12-cv-1247, 2014 WL 1327584, at *8 (E.D. Pa. Apr. 3, 2014) ("[A] reckless disregard for the consequences of an intentional and conscious destruction of evidence, previously specially preserved for purposes of subsequent litigation, at a time when litigation is necessarily foreseeable, may constitute bad faith.").

The nature and scope of the destruction also supports a finding that Akoustis intentionally destroyed evidence. ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Further, the employees at issue are two central figures in the misappropriation of Qorvo's trade secrets—Akoustis substantially prejudiced Qorvo as described in detail in Part IV.A.3, below. Indeed courts in this Circuit routinely infer intent based on a responding party's neglect of its duty to preserve evidence and the potential prejudice to the moving party. *See Magnetar Techs.*, 886 F. Supp. 2d at 481 ("Inference [was] a possible sanction for spoliation" where after litigation had commenced, plaintiff destroyed documents in a warehouse under its control as part of routine procedure because "[t]here is no requirement for sanction that the party actively concealed, destroyed or withheld evidence-neglect is sufficient.") ("Although the instant matter does not involve the typical intentional withholding of the documents as is routinely involved for an inference, G & T's control of the documents and the potential prejudice to defendants, makes an inference a possible sanction

████████████████████████████

for spoliation."); *Folino v. Hines*, CV No. 17-1584, 2018 WL 5982448, at *3 (W.D. Pa. Nov. 14, 2018) ("The Court concludes that Defendant Ly acted with an intent to deprive Plaintiff of the data on the Devices. The Devices were in Defendant Ly's possession, only an intentional action could have reset the iPads and wiped the computer, and the destruction of the data occurred at a point in time where she was acutely aware of its importance to Plaintiff."); *Watchdog*, 2014 WL 1327584, at *8-9 (finding bad faith and intentionality where a computer was completely wiped and had software reinstalled because the party "knew with absolute certainty that the Plaintiffs sought the information on the target computer" and "[t]here was no question that actual suppression of evidence has been effectuated by someone in this case.").

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ These sanctions are appropriate and consistent with adverse inferences issued by courts in similar circumstances. *See GN Netcom*, 2016 WL 3792833, at *14 (finding spoliation of ESI and ordering "instructions to the jury that it may draw an adverse inference that emails destroyed by Plantronics would have been favorable to GN's case and/or unfavorable to Plantronics' defense."); *Orion Drilling Co., LLC v. EQT Prod. Co.*, No. CV 16-1516, 2019 WL 4273861, at *32 (W.D. Pa. Sept. 10, 2019), *aff'd*, 826 F. App'x 204 (3d Cir. 2020) (finding spoliation and "instructed the jury that it "[m]ay infer that evidence not preserved or destroyed by Orion was relevant to this case, would have been unfavorable to Orion and favorable to EQT. Whether this finding is important to you in reaching a verdict in this case is for you to decide. You may choose to find that it is determinative, somewhat determinative or not at all determinative in reaching your verdict.").

████████████████████████████████████

**3.      Alternatively, Sanctions are Appropriate Under Rule 37(e)(1) Because Qorvo Has Been Prejudiced**

Under Rule 37(e)(1), if "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery***, the court upon finding prejudice to another party from loss of the information***, may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P 37 (e)(1) (emphasis added). To obtain sanctions under Rule 37(e)(1), the moving party merely needs to demonstrate prejudice and does not need to show bad faith by the spoliating party. *See Bistrian v. Levi*, 448 F. Supp. 3d 454, 477 (E.D. Pa. 2020) ("If prejudice required showing bad faith, Rule 37(e)(1) would collapse into Rule 37(e)(2)"); *IOENGINE LLC v. Paypal Holdings, Inc.*, No. CV 18-452-WCB, 2022 WL 1443867, at *7 (D. Del. May 3, 2022) (imposing sanctions under Rule 37(e)(1) solely based on prejudice). A finding of prejudice requires a party to "come forward with plausible, concrete suggestions as to what the lost evidence might have been" and a showing that its loss "materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of the case." *Magnetar Techs.*, 886 F. Supp. 2d at 481 (internal quotation marks omitted). "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." *Monolithic Power Sys., Inc. v. Intersil Corp.*, No. CV 16-1125, 2018 WL 6075046, at *1 (D. Del. Nov. 19, 2018). "Rule 37(e)(1) does not impose a burden on any party to either prove or disprove prejudice – rather, the Court is to use its discretion to assess whether prejudice exists from the loss of ESI (including which party should bear the burden)." *CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*, CA No. 17-320 (MN), 2019 WL 1118099, at *4 (D. Del. Mar. 11, 2019).

████████████████████████████████████

████████████████████████████████████



(Faulkner Decl., ¶¶4-5.) In cases such as this, the forensic artifacts on computers related to external device connection and activity, file access and modification, and deletion of data, hold important evidence related to misappropriation. (*Id.*, ¶5.)

Under Rule 37(e)(1), Qorvo has demonstrated substantial prejudice and there is no remedy to cure the prejudice other than an ability for Qorvo to address the spoliation at trial. *See In re Wechsler*, 121 F. Supp. 2d 404, 421 (D. Del. 2000) ("Of course, when a party is denied any opportunity to examine the evidence, [prejudice] would automatically be satisfied."); *National Association of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal. 1987) ("Obviously, the relevance of and resulting prejudice from destruction of documents cannot be clearly ascertained because the documents no longer exist. Under the circumstances, [Defendants] can hardly assert any presumption of irrelevance as to the destroyed documents.").

For the reasons above, allowing Qorvo to address the spoliation at trial and instructing the jury how to evaluate such spoliation is an appropriate remedy under Rule 37(e)(1). *See Bistrian*, 448 F. Supp. 3d at 478 (remedies available under Rule 37(e)(1) "include[] striking certain

███████████████████████████████████████

evidence, permitting 'evidence and argument to the jury regarding the loss of information,' and instructing the jury as to how to evaluate the loss of information, among other things"); *IOENGINE LLC*, 2022 WL 1443867, at *8 (D. Del. May 3, 2022) ("I will permit PayPal and Ingenico to offer evidence of the MediKey's disappearance as a sanction under Rule 37(e)(1) to cure any prejudice resulting from the MediKey's disappearance.").

### B.   Akoustis Should Also Be Sanctioned for Contempt of Court Orders

"It is well-settled that a court has discretion to issue sanctions for failure to comply with discovery orders." *Washington v. Grace*, 533 Fed. App'x 68, 72 (3d Cir. 2013). To prevail on a motion for civil contempt, a party must show by clear and convincing evidence: "(1) that a valid order of the court existed, (2) that [the contemnor] had knowledge of the order, and (3) that [the contemnor] disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). Once the moving party establishes these elements, the burden shifts to the alleged contemnor to establish a present inability to comply with the order in question. *United States v. Chabot*, 681 Fed. App'x 134, 136 (3d Cir. 2017) ("Once the movant establishes these elements, the alleged contemnor must produce the summoned records. If he refuses to do so, the burden of production shifts to the alleged contemnor to establish a present inability to comply with the order in question.").

Here, all three factors to establish contempt of the Discovery Order (D.I. 62) and the Forensic Inspection Protocol (D.I. 299) are met. There can be no dispute that these are valid Court Orders, and that Akoustis had knowledge of them. ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

███████████████████████████████████████

Therefore, Akoustis should also be sanctioned under Rule 37(b)(2)(A) and the Court's inherent authority to issue contempt sanctions for failure to comply with the Court orders. Qorvo respectfully requests that the following facts be deemed established and Akoustis be prohibited from opposing or submitting evidence to rebut these facts:

- ████████████████████████████████████

  █████████████████

█ █████████████████████████

█ ██████████████████████

### C.    Monetary Sanctions Are Also Appropriate

Qorvo should also be awarded reasonable attorneys' fees and costs for this motion. Damages are available in civil contempt proceedings "to compensate for losses sustained by the [contemnor's] disobedience." *Lawn Doctor, Inc. v. Rizzo*, 646 Fed. App'x 195, 198 (3d Cir. 2016). "It is well established that attorneys' fees are authorized as an element of damages that could be asserted against the contemnor." *Id.* Courts recognize that "only with an award of attorneys' fees can [the moving party] be restored to the position it would have occupied had [the contemnors] complied" with the court order. *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d. Cir. 1994).[1] Willfulness is not "a prerequisite to an award of attorneys' fees against the violator of an injunction." *Id.*

To the extent the Court is not prepared to impose monetary sanctions on Akoustis for civil contempt, it should impose them under Rule 37(b)(2).  Pursuant to Rule 37(b)(2)(C), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees,

---

[1] "Just as attorneys' fee awards are remedial and designed to compensate complainants for losses incurred as a result of the contemnors' violations, so too are awards to cover the other expenses involved in demonstrating violations." *Robin Woods*, 28 F.3d at 401.

████████████████████████████████████████████

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *McAbee v. McAbee*, 277 Fed. App'x 223, 227 (3d Cir. 2008).  Courts may impose discovery sanctions pursuant to Rule 37(b)(2) as long as: "first, any sanction must be just; second, the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Discovery Order and Forensic Inspection Protocol fall under Rule 37(b) because they are orders that require the production of documents and other evidence. Qorvo is entitled to monetary sanctions in the alternative under Rule 37(b).

## V.    CONCLUSION

For the foregoing reasons, Qorvo respectfully requests the following relief:

1.      Under Rule 37(e)(2) and the Court's inherent power to impose contempt sanctions,

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

2.      Alternatively, under Rule 37(e)(1), an order that Qorvo is permitted to address the spoliation at trial and instructions from the Court on how the jury may evaluate such spoliation;

3.      Under Rule 37(b)(2)(A) and the Court's inherent power to impose contempt sanctions, an order that the following facts be deemed established and Akoustis is prohibited from opposing or submitting evidence against these facts: ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ and

4.      Under Rule 37(b) and the Court's inherent power to impose contempt sanctions, an award of monetary sanctions for reasonable attorneys' fees and costs in making this motion.

████████████████████████████

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

October 5, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 5, 2023, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                        *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
Ryan Selness, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert C.F. Pérez, Esquire                       *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                        *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Theresa A. Roozen, Esquire                          *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*


Shani Rivaux, Esquire                               *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL  33131
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*


                              */s/ Jeremy A. Tigan*
                              _____
                              Jeremy A. Tigan (#5239)