# Exhibit T
# (Sealed in Its Entirety)

# Exhibit U
# (Sealed in Its Entirety)

# Exhibit V

**Roy Jung**

| | |
|---|---|
| **From:** | Stanton, David <david.stanton@pillsburylaw.com> |
| **Sent:** | Friday, August 25, 2023 7:43 PM |
| **To:** | James Wald |
| **Cc:** | Sweeney, Dianne L.; Selness, Ryan; Roozen, Theresa A.; Jakopin, David A.; Steve B. Brauerman; rgolden@bayardlaw.com; Tigan, Jeremy A.; LegalTm-Qorvo-Akoustis |
| **Subject:** | RE: Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems |
| **Attachments:** | Akoustis - In-House and Outside Counsel 4893-4475-8395 v.1.xlsx; Akoustis - 15 Custodian Electronic Storage Systems 4894-2667-8395 v.1.xlsx |

Hi James,

I'm attaching the list of Electronic Storage Systems for the 15 identified custodians. ███████████████

Also attached is a list of Akoustis' in-house and outside counsel.

Please forward these materials to Mr. Faulkner.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Friday, August 25, 2023 9:07 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; rgolden@bayardlaw.com; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems

David,

Paragraph 2 of yesterday's Court Order (D.I. 299) states:

2.   On or before August 23, 2023, Akoustis shall provide Qorvo's computer forensic expert, Kevin Faulkner of Palo Alto Networks, with a list of any and all personal and business computers network file servers and/or associated electronic or network file storage devices, smartphones, flash drives, and other electronic media (collectively, "Electronic Storage Systems") in Akoustis' possession custody or control that were used by, owned by, leased by, accessed by, and/or operated by the custodians identified by Qorvo.

Mr. Faulkner has not received Akoustis' list described above.  Please email the list as soon as possible.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

## SheppardMullin

1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.



# Exhibit W

**Roy Jung**

| | |
|---|---|
| **From:** | Stanton, David <david.stanton@pillsburylaw.com> |
| **Sent:** | Wednesday, August 30, 2023 6:48 PM |
| **To:** | James Wald |
| **Cc:** | Sweeney, Dianne L.; Selness, Ryan; Roozen, Theresa A.; Jakopin, David A.; Steve B. Brauerman; rgolden@bayardlaw.com; Tigan, Jeremy A.; LegalTm-Qorvo-Akoustis |
| **Subject:** | RE: Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi James,



Please provide Mr. Faulkner's shipping address.

Thanks,

David

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Sunday, August 27, 2023 8:10 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; rgolden@bayardlaw.com; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** RE: Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems

David,

Thank you for forwarding the list of electronic storage systems.  Mr. Faulkner reviewed the list and requested a forensic image of each identified item.

We also wanted to raise a couple of issues concerning the list:



Finally, we intend to file Mr. Faulkner's declaration tomorrow.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

-------- Original message --------
From: "Stanton, David" <david.stanton@pillsburylaw.com>
Date: 8/25/23 4:45 PM (GMT-08:00)
To: James Wald <JWald@sheppardmullin.com>
Cc: "Sweeney, Dianne L." <dianne@pillsburylaw.com>, "Selness, Ryan" <ryan.selness@pillsburylaw.com>, "Roozen, Theresa A." <theresa.roozen@pillsburylaw.com>, "Jakopin, David A." <david.jakopin@pillsburylaw.com>, "Steve B. Brauerman" <SBrauerman@bayardlaw.com>, rgolden@bayardlaw.com, "Tigan, Jeremy A." <JTigan@morrisnichols.com>, LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
Subject: RE: Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems

Hi James,

I'm attaching the list of Electronic Storage Systems for the 15 identified custodians.

Also attached is a list of Akoustis' in-house and outside counsel.

Please forward these materials to Mr. Faulkner.

Thanks,

David

**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** James Wald <JWald@sheppardmullin.com>
**Sent:** Friday, August 25, 2023 9:07 AM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Sweeney, Dianne L. <dianne@pillsburylaw.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Steve B. Brauerman <SBrauerman@bayardlaw.com>; rgolden@bayardlaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>
**Subject:** Qorvo v. Akoustis - List of Akoustis' Electronic Storage Systems

David,

Paragraph 2 of yesterday's Court Order (D.I. 299) states:

> 2. On or before August 23, 2023, Akoustis shall provide Qorvo's computer forensic expert, Kevin Faulkner of Palo Alto Networks, with a list of any and all personal and business computers network file servers and/or associated electronic or network file storage devices, smartphones, flash drives, and other electronic media (collectively, "Electronic Storage Systems") in Akoustis' possession custody or control that were used by, owned by, leased by, accessed by, and/or operated by the custodians identified by Qorvo.

Mr. Faulkner has not received Akoustis' list described above.  Please email the list as soon as possible.

Regards,

**James Wald**
+1 310-228-6143 | direct
JWald@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

# Exhibit X

**Roy Jung**

| | |
|---|---|
| **From:** | Kazim Naqvi |
| **Sent:** | Sunday, September 3, 2023 5:31 PM |
| **To:** | Stanton, David |
| **Cc:** | Steve Brauerman; Ronald P. Golden III; Nicholas Talarowski; Jakopin, David A.; Sweeney, Dianne L.; Jeremy A. Tigan; Roy Jung; Jonathan DeFosse; Jack B. Blumenfeld; LegalTm-Qorvo-Akoustis; Rose, Meri L.; Fuhrer, Robert M.; Robert Masters; Rivaux, Shani; Roozen, Theresa A.; Timothy Cremen; Pérez, Robert C.; Zachary Alper; Eric Gill; Selness, Ryan |
| **Subject:** | Qorvo/Akoustis - Preservation Issues |

Dear Counsel:

██████████████████████████████████████████████████████████████████████████ Qorvo intends to promptly file a motion seeking relief for Akoustis's failure to preserve evidence. Please provide your availability to meet and confer on these issues in the afternoon on September 5-7.

**Background:**

As you know, a duty to preserve evidence arises when there is knowledge of a potential claim. *Winters v. Textron, Inc.*, 187 F.R.D. 518 (M.D. Pa. 1999). Indeed, in the ESI Order filed on April 27, 2022, each party agreed that it "has undertaken steps to preserve materials reasonably related to this matter." (D.I. 61 at 2.) The only carve-out from preservation obligations is set forth in Section IV of the ESI Order. (*Id*. at 3.)

█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████

██████ Moreover, Qorvo's First Amended Complaint (filed February 18, 2022) and Second Amended Complaint (filed on February 8, 2023) both reference Joonbum Kwon by name in multiple places. (FAC, ¶¶63, 126; SAC, ¶¶ 74, 212). ██████████████ And Qorvo identified Mr. Morgan has a person likely to have discoverable information in Qorvo's supplemental initial disclosures.

█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████

**Spoliation of Relevant Data:**



So that we can better understand these issues before seeking relief from the Court, we ask that you provide the following information in advance of our meet and confer:

- The exact departure dates for Kwon and Morgan.
- 

**Mobile Devices:**

"[A]n employer has 'control' of a current employee and the legal right to obtain business communications from a current employee regardless of whether the communication is located on a personal cell phone."  *Matter of Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *3 (N.D. Fla. Aug. 5, 2021). "Courts have repeatedly found that employers have control over their employees and can be required to produce documents [and other tangible objects] in their employees' possession." *Shim-Larkin v. City of New York*, No. 16-cv-6099 (AJN/KNF), 2019 WL 5198792, at *10 (S.D.N.Y. Sept. 16, 2019).

Federal courts around the country have required the production of data from personal mobile devices or e-mail accounts, finding that an employer had possession, custody or control over such data. *See Shim-Larkin*, 2019 WL 5198792, at *10 (finding that the defendant employer had control over its employee's work-related text messages stored on that employee's personal cell phone and thus had an obligation to take affirmative steps to preserve said text messages); *Benefield v. MStreet Entm't, LLC*, No. 3:13-cv-1000, 2016 WL 374568, at *6 (M.D. Tenn. Feb. 1, 2016) (same); *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 234-235 (D. Minn. 2019) (finding the defendant company, in addition to its two principals, had an obligation to preserve work-related text messages located on the principals' personal cell phones); See State Farm Mutual Automobile Ins. Co. v. Precious Physical Therapy, 2020 WL 7056039, at * 5 (E. D. Mich. Dec. 2, 2020) (granting motion to compel production of emails from employees' personal email accounts); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2972806, at *2 (N.D. Cal. July 12, 2017) ("Otto Trucking must produce responsive documents in the custody, control or possession of its officers.... It cannot hide responsive documents simply because these officers' work for Otto Trucking was done using their personal email accounts."); *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) ("The Court acknowledges, however, that a company's officer or agent should not be able to avoid the rules of discovery by using personal email, which is in the custody and control of that officer or agent, for work purposes.").



**Substantial Relief Available to Qorvo:**

The potential spoliation issues laid out above are serious. These issues are heightened in a trade secret misappropriation case, where forensic analysis, data transfer, and deletion of data are of paramount importance.  Qorvo reserves its right to seek all available remedies.

"Sanctions are appropriate when there is evidence that a party's spoliation threatens the integrity of [the court]." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Sanctions serve three functions: a remedial function (by restoring the aggrieved party to its original position), a punitive function, and a deterrent function. *Id*. Potential sanctions for spoliation include dismissal or the entry of judgment, preclusion of evidence, an adverse or spoliation inference, and awarding of costs. *See, e.g., Computer Assocs. Int'l v. Am. Fundware, Inc.*, 133 F.R.D. 166, 170 (D.Colo. 1990) (concluding that no sanction short of default judgment would adequately punish the spoliator and deter like-minded litigants); *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 276 (2007) (precluding both cross-examination of plaintiff's expert and introduction of defense expert as a sanction for spoliation by defense); *Travelers Prop. & Cas. Co. v. Cooper Crouse–Hinds, LLC*, No. 05–CV–6399, 2007 WL 2571450, at *12 (E.D. Pa. Aug. 31, 2007) (ordering an adverse inference jury instruction in lieu of judgment for defense as a sanction for plaintiff's spoliation of evidence); *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 77–78 (S.D.N.Y.1991) (awarding costs, including attorney fees, for destruction of evidence).

Akoustis has also not complied with several of the Court's orders, including but not limited to, the ESI Order and the Forensic Inspection Protocol, which gives rise to potential sanctions for contempt. Qorvo reserves all rights and remedies, and intends to promptly move for relief after the Parties have had an opportunity to meet and confer on the foregoing issues.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

# Exhibit Y

**Roy Jung**

| | |
|---|---|
| **From:** | Kazim Naqvi |
| **Sent:** | Wednesday, September 13, 2023 11:59 AM |
| **To:** | Stanton, David |
| **Cc:** | Steve Brauerman; Ronald P. Golden III; Nicholas Talarowski; Jakopin, David A.; Sweeney, Dianne L.; Jeremy A. Tigan; Roy Jung; Jonathan DeFosse; Jack B. Blumenfeld; LegalTm-Qorvo-Akoustis; Rose, Meri L.; Robert Masters; Rivaux, Shani; Roozen, Theresa A.; Timothy Cremen; Pérez, Robert C.; Zachary Alper; Eric Gill; Selness, Ryan; Macchiaroli, Ric |
| **Subject:** | RE: Qorvo/Akoustis - Preservation Issues |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

David:

This follows up from our meet and confer last week on the below-referenced issues. Qorvo intends to file a Motion for Contempt, Monetary Sanctions, and Adverse Inference Sanctions, seeking at least the following relief:

- Monetary sanctions in the amount of attorneys' fees incurred to file the Motion through the hearing (to be determined); and

- █████████████████████████████████████████████████

Qorvo reserves the right to seek additional relief.

Please provide your availability to meet and confer a final time before we file our motion, with local counsel present, in the afternoons on September 19 or 20.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Kazim Naqvi
**Sent:** Friday, September 8, 2023 7:50 PM
**To:** 'Stanton, David' <david.stanton@pillsburylaw.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jeremy A. Tigan <JTigan@morrisnichols.com>; Roy Jung <RJung@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack B. Blumenfeld <jblumenfeld@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Rose, Meri L. <meri@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A.

<theresa.roozen@pillsburylaw.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Pérez, Robert C. <robert.perez@pillsburylaw.com>; Zachary Alper <ZAlper@sheppardmullin.com>; Eric Gill <EGill@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Macchiaroli, Ric <ric.macchiaroli@pillsburylaw.com>
**Subject:** RE: Qorvo/Akoustis - Preservation Issues

David:

Thanks for the phone call earlier today. This e-mail briefly summarizes what we discussed.



We will evaluate these issues and follow up with you next week. Thank you and have a nice weekend.

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**SheppardMullin**
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Stanton, David <david.stanton@pillsburylaw.com>
**Sent:** Wednesday, September 6, 2023 4:04 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jeremy A. Tigan <JTigan@morrisnichols.com>; Roy Jung <rjung@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack B. Blumenfeld <jblumenfeld@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Rose, Meri L. <meri@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Pérez, Robert C. <robert.perez@pillsburylaw.com>; Zachary Alper <zalper@sheppardmullin.com>; Eric Gill <EGill@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>; Macchiaroli, Ric <ric.macchiaroli@pillsburylaw.com>
**Subject:** RE: Qorvo/Akoustis - Preservation Issues

Hi Kazim,

The Akoustis team is available to meet and confer on these matters either tomorrow between 5-6PM ET or sometime between 1-4PM ET on Friday.

Thanks,

P.S.  Please include Mr. Macchiaroli, copied here, on your emails on this subject; and please remove Mr. Fuhrer from your distribution list, as he is no longer assigned to this case.

---

**From:** Stanton, David <david.stanton@pillsburylaw.com>
**Sent:** Tuesday, September 5, 2023 10:38 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jeremy A. Tigan <JTigan@morrisnichols.com>; Roy Jung <rjung@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack B. Blumenfeld <jblumenfeld@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Rose, Meri L. <meri@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Pérez, Robert C. <robert.perez@pillsburylaw.com>; Zachary Alper <zalper@sheppardmullin.com>; Eric Gill <EGill@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** RE: Qorvo/Akoustis - Preservation Issues

We received your email from Sunday and will get back to you on our availability to meet and confer.


**David Stanton** | Partner
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524
t +1.213.488.7271 | m +1.310.480.9102
david.stanton@pillsburylaw.com | website bio

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, September 5, 2023 10:35 PM
**To:** Stanton, David <david.stanton@pillsburylaw.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jeremy A. Tigan <JTigan@morrisnichols.com>; Roy Jung <rjung@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack B. Blumenfeld <jblumenfeld@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Rose, Meri L. <meri@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Pérez, Robert C. <robert.perez@pillsburylaw.com>; Zachary Alper <zalper@sheppardmullin.com>; Eric Gill <EGill@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** RE: Qorvo/Akoustis - Preservation Issues

Counsel:

I am following up on my e-mail below, which has not received a response. Please provide your availability to confer this week.

Thanks,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Kazim Naqvi
**Sent:** Sunday, September 3, 2023 2:31 PM
**To:** 'Stanton, David' <david.stanton@pillsburylaw.com>
**Cc:** Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Jakopin, David A. <david.jakopin@pillsburylaw.com>; Sweeney, Dianne L. <dianne@pillsburylaw.com>; Jeremy A. Tigan <JTigan@morrisnichols.com>; Roy Jung <RJung@sheppardmullin.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Jack B. Blumenfeld <jblumenfeld@morrisnichols.com>; LegalTm-Qorvo-Akoustis <LegalTm-Qorvo-Akoustis@sheppardmullin.com>; Rose, Meri L. <meri@pillsburylaw.com>; Fuhrer, Robert M. <robert.fuhrer@pillsburylaw.com>; Robert Masters <RMasters@sheppardmullin.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Roozen, Theresa A. <theresa.roozen@pillsburylaw.com>; Timothy Cremen <TCremen@sheppardmullin.com>; Pérez, Robert C. <robert.perez@pillsburylaw.com>; Zachary Alper <ZAlper@sheppardmullin.com>; Eric Gill <EGill@sheppardmullin.com>; Selness, Ryan <ryan.selness@pillsburylaw.com>
**Subject:** Qorvo/Akoustis - Preservation Issues

Dear Counsel:

████████████████████████████████████████████████ Qorvo intends to promptly file a motion seeking relief for Akoustis's failure to preserve evidence. Please provide your availability to meet and confer on these issues in the afternoon on September 5-7.

**Background:**

As you know, a duty to preserve evidence arises when there is knowledge of a potential claim. *Winters v. Textron, Inc.*, 187 F.R.D. 518 (M.D. Pa. 1999). Indeed, in the ESI Order filed on April 27, 2022, each party agreed that it "has undertaken steps to preserve materials reasonably related to this matter." (D.I. 61 at 2.) The only carve-out from preservation obligations is set forth in Section IV of the ESI Order. (*Id.* at 3.)

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

 Moreover, Qorvo's First Amended Complaint (filed February 18, 2022) and Second Amended Complaint (filed on February 8, 2023) both reference Joonbum Kwon by name in multiple places. (FAC, ¶¶63, 126; SAC, ¶¶ 74,

4

212)

████████████████████████████████████████████ And Qorvo identified Mr. Morgan has a person likely to have discoverable information in Qorvo's supplemental initial disclosures.



**Spoliation of Relevant Data:**

So that we can better understand these issues before seeking relief from the Court, we ask that you provide the following information in advance of our meet and confer:

- The exact departure dates for Kwon and Morgan.
- ████████████████████████████████████████

**Mobile Devices:**

"[A]n employer has 'control' of a current employee and the legal right to obtain business communications from a current employee regardless of whether the communication is located on a personal cell phone."  *Matter of Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *3 (N.D. Fla. Aug. 5, 2021). "Courts have repeatedly found that employers have control over their employees and can be required to produce documents [and other tangible objects] in their employees' possession." *Shim-Larkin v. City of New York*, No. 16-cv-6099 (AJN/KNF), 2019 WL 5198792, at *10 (S.D.N.Y. Sept. 16, 2019).

Federal courts around the country have required the production of data from personal mobile devices or e-mail accounts, finding that an employer had possession, custody or control over such data. *See Shim-Larkin*, 2019 WL 5198792, at *10 (finding that the defendant employer had control over its employee's work-related text messages stored on that employee's personal cell phone and thus had an obligation to take affirmative steps to preserve said text messages); *Benefield v. MStreet Entm't, LLC*, No. 3:13-cv-1000, 2016 WL 374568, at *6 (M.D. Tenn. Feb. 1, 2016) (same); *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 234-235 (D. Minn. 2019) (finding the defendant company, in addition to its two principals, had an obligation to preserve work-related text messages located on the principals' personal cell phones); See State Farm Mutual Automobile Ins. Co. v. Precious Physical Therapy, 2020 WL 7056039, at * 5 (E. D. Mich. Dec. 2, 2020) (granting motion to compel production of emails from employees' personal email accounts); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2972806, at *2 (N.D. Cal. July 12, 2017) ("Otto Trucking must produce responsive documents in the custody, control or possession of its officers.... It cannot hide responsive documents simply because these officers' work for Otto Trucking was done using their personal email accounts."); *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) ("The Court acknowledges, however, that a company's officer or agent should not be able to avoid the rules of discovery by using personal email, which is in the custody and control of that officer or agent, for work purposes.").

█████████████████████████████████████████████████████████████████████████████

**Substantial Relief Available to Qorvo:**

The potential spoliation issues laid out above are serious. These issues are heightened in a trade secret misappropriation case, where forensic analysis, data transfer, and deletion of data are of paramount importance.  Qorvo reserves its right to seek all available remedies.

"Sanctions are appropriate when there is evidence that a party's spoliation threatens the integrity of [the court]." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Sanctions serve three functions: a remedial function (by restoring the aggrieved party to its original position), a punitive function, and a deterrent function. *Id.* Potential sanctions for spoliation include dismissal or the entry of judgment, preclusion of evidence, an adverse or spoliation inference, and awarding of costs. *See, e.g., Computer Assocs. Int'l v. Am. Fundware, Inc.*, 133 F.R.D. 166, 170 (D.Colo. 1990) (concluding that no sanction short of default judgment would adequately punish the spoliator and deter like-minded litigants); *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 276 (2007) (precluding both cross-examination of plaintiff's expert and introduction of defense expert as a sanction for spoliation by defense); *Travelers Prop. & Cas. Co. v. Cooper Crouse–Hinds, LLC*, No. 05–CV–6399, 2007 WL 2571450, at *12 (E.D. Pa. Aug. 31, 2007) (ordering an adverse inference jury instruction in lieu of judgment for defense as a sanction for plaintiff's spoliation of evidence); *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 77–78 (S.D.N.Y.1991) (awarding costs, including attorney fees, for destruction of evidence).

Akoustis has also not complied with several of the Court's orders, including but not limited to, the ESI Order and the Forensic Inspection Protocol, which gives rise to potential sanctions for contempt. Qorvo reserves all rights and remedies, and intends to promptly move for relief after the Parties have had an opportunity to meet and confer on the foregoing issues.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles,  CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

# Exhibit Z
# (Redacted in Its Entirety)