Public Version

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 21-1417-JPM |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S OPPOSITION TO QORVO, INC.'S MOTION FOR MONETARY AND ADVERSE INFERENCE SANCTIONS FOR CONTEMPT AND SPOLIATION

Public Version

PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
Ryan Selness
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com
ryan.selness@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

Robert C. F. Pérez
Riccardo Macchiarol
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd., Ste. 1400
McLean, VA 22102
(703) 770-7900
robert.perez@pillsburylaw.com
ric.macchiaroli@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

Public Version

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.   RELEVANT FACTS ........................................................................................... 3

III.   ARGUMENT ...................................................................................................... 6

    A.   Qorvo's Burden on its Motion Requires Clear and Convincing Evidence. ............ 6

    B.   Qorvo Has Not Proven Bad Faith or an Intent to Deprive. ..................................... 6

        1.   Bad Faith is Required for Spoliation Sanctions in the Third Circuit. ......... 6

        2.   Bad Faith Is Required for Loss of ESI Sanctions Under Rule 37(e)(2)...... 7

        3.   Qorvo Has Not Met Its Burden of Proving Bad Faith. .............................. 8

    C.   Qorvo's Motion Fails Because Akoustis Reasonably Preserved Its ESI. ............... 9

    D.   Qorvo's Conclusory Statements and Speculation Do Not Prove Prejudice. ........ 11

    E.   Qorvo Has Not Proven that Akoustis Disobeyed a Court Order. ......................... 14

    F.   Any Remedy Must Be Commensurate with Actual, Proven Prejudice ................ 15

    G.   Qorvo Is Not Entitled to Monetary Sanctions ...................................................... 19

IV.   CONCLUSION ................................................................................................. 19

i

Public Version

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*In re 710 Long Ridge Rd. Operating Co. II, LLC*,
   637 F. Supp. 3d 161 (D.N.J. 2022), Rev'd and vacated, No. 22-3046, 2023 WL 3116434 (3d
   Cir. Apr. 27, 2023) ................................................................................................................15

*Bistrian v. Levi*,
   448 F. Supp. 3d 454 (E.D. Pa. 2020) ...................................................................................12

*Bull v. United Parcel Services, Inc.*,
   665 F.3d 68 (3d Cir. 2012) ...............................................................................................6, 7

*Cal Dive Intern., Inc. v. M/V Tzimin (ex Stena Seahorse)*,
   127 F.R.D. 213 (S.D. Al. 1989) ......................................................................................15, 16

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ...............................................................................................................12

*CIGNEX Datamatics, Inc. v. Lam Research Corp.*,
   C.A. No. 17-320 (MN), 2019 WL 1118099 (D. Del. March 11, 2019) ......................10, 12, 17

*Cost v. Borough of Dickson City*,
   858 F. App'x 514 (3d Cir. 2021) ..........................................................................................15

*Cost v. Borough of Dickson City, Pennsylvania*,
   142 S. Ct. 464, 211 L. Ed. 2d 281 (2021) ............................................................................15

*Fowler v. Tenth Planet, Inc.*,
   --- F. Supp. 3d ---, Civil No. 1:21-cv-02430-JRR, 2023 WL 3569816 (D. Md. May 19, 2023)
   ................................................................................................................................................6

*International Financial Co., LLC v. Jabali-Jeter*,
   Civil Action No. 18-cv-2120, 2019 WL 2268961 (E.D. Pa. May 28, 2019) ...........................6

*IOENGINE LLC v. Paypayl Holdings, Inc.*,
   Civil Action No. 18-452-WCB, 2022 WL 1443867 (D. Del. May 3, 2022) ......................7, 10

*Securities and Exchange Commission v. Liberty*,
   589 F. Supp. 3d 469 (E.D. Pa. 2022) ...................................................................................15

*Miracle Industries, Inc. v. Getty Petroleum Corp.*,
   Civ. A. No. 90-4283, 1992 WL 301268 (E.D. Pa. Oct. 16, 1992) .........................................16

Public Version

*In re Wechsler*,
    121 F.Supp.2d 404 (D. Del. 2000) ...................................................................................10, 13

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure,
    Procedure 37 ............................................................................................................ *passim*

████████████████████████████████████ Public Version ████████████████████████████████████

## I.    INTRODUCTION

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████ These alternate sources of discovery remain available to Plaintiff Qorvo, Inc. ("Qorvo"), comprising over ██████ electronic files for custodian Kwon and over ██████ electronic files for custodian Morgan. Declaration of Jerry Bui in Support of Akoustis' Opposition to Qorvo's Motion, filed concurrently herewith ("Bui Dec."), ¶¶ 16-17. On top of this, Qorvo's forensic examiner received the full set of electronic images and the entire M365 accounts for thirteen other custodians—containing approximately ██████ electronic files comprising over ██████ of user generated data—and he received exports of the M365 data for the 15 custodians, comprising a total of ██████ of compressed email, chats and OneDrive data, and no fewer than ██████ files. Bui Dec. at ¶ 18. Additionally, Qorvo itself has received over ██████ pages of document discovery and at least ██████ native files produced by Akoustis during discovery in this case. Declaration of David Stanton in Support of Akoustis' Opposition to Qorvo's Motion, filed concurrently herewith ("Stanton Dec."), ¶ 2. This wealth of discovery provides extensive opportunities for Qorvo to evaluate to find the

███████████████████████ Public Version ███████████████████████

information its seeks about the use, access, creation, modification of documents. Bui Dec. at ¶¶ 20-24. This record does not support a finding of bad faith, and in the context of Akoustis' extraordinary discovery efforts and the massive volumes of electronically stored information ("ESI") that Akoustis has preserved and produced, Qorvo has not suffered any actual prejudice.

████████████████████████████████████████████████████

████ Presented with the applicable facts during meet and confer, Qorvo refused to discuss a suitable remedy, and instead demanded that Akoustis consent to an adverse inference instruction or face a motion for contempt and bad faith. Akoustis explained that such harsh penalties were not available on this record, either under Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") or under the law of the Third Circuit. But once it had confirmed that Akoustis would not agree to its unreasonable terms, Qorvo promptly ended the meet and confer call, and this Motion for Monetary and Adverse Inference Sanctions for Contempt and Spoliation ("Motion") (D.I. 347) followed. Stanton Dec. at ¶ 6.

While seeking extreme sanctions, Qorvo's Motion incorrectly applies the law and relies on unsubstantiated, conclusory, and inflammatory statements that fail to satisfy Qorvo's high burden of proof. In particular, absent "clear and convincing" evidence of bad faith, intent to deprive, failure to take reasonable steps to preserve ESI, and a sufficiently prejudicial loss, Qorvo is not entitled to **any** sanctions. Perfection is not the standard in civil discovery. Akoustis' efforts have been meaningful and extensive, and there is zero evidence of bad faith. ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ .

Even if the Court were to find some prejudice, it is minimal at most, and any remedy would need to be commensurate. These circumstances and the array of alternate sources of discovery do not

Public Version

justify either presenting this unfortunate accident to the jury, an adverse inference instruction, or an order prohibiting Akoustis from introducing evidence in support of its defenses, as Qorvo seeks. Even a financial payment would be inappropriate, especially given Qorvo's failure to reasonably meet and confer. At most, if Qorvo demonstrated that its ability to advance its claims had been materially impaired by loss of the two laptops, it may have been entitled to additional discovery, but the Motion does not make this showing. Therefore, Akoustis respectfully requests that the Court deny Qorvo's Motion in its entirety.

## II.     RELEVANT FACTS

Qorvo filed this action on October 4, 2021 and filed its amended complaint on February 18, 2022. Akoustis issued a litigation hold notice on October 8, 2021, which was communicated to the IT Department on October 21, 2021. Declaration of Anthony Nixon in Support of Akoustis' Opposition to Qorvo's Motion, filed concurrently herewith ("Nixon Dec."), ¶ 6. The notice was updated on February 18, 2022 to include Morgan and Kwon as newly added custodians, among others, and this was communicated to the IT Department on February 21, 2022. *Id.* at ¶ 7. Production of ESI and documents proceeded thereafter, with the Court issuing a stipulated Agreement and Order on Document and E-Discovery ("Discovery Order") on April 27, 2022, addressing topics including the parties' preservation obligations, sources of potentially relevant information, and procedures for producing ESI. D.I. 61. Akoustis began producing documents and ESI that same month and has now produced over ███████ pages and over ██████ native files. Stanton Dec. at ¶2. Prior to its May 5, 2023 Request for Inspection, Qorvo had not indicated its intent to seek forensic imaging. *Id.* at ¶3. Qorvo also had not objected to the sources of ESI produced by Akoustis or filed any motions to compel. *Id.*

3

Public Version

On May 5, 2023, 19 months after initiating this lawsuit, Qorvo served a demand for forensic inspection of the physical devices associated with Akoustis employees. Stanton Dec. at ¶ 4. The parties were unable to negotiate a mutually agreeable inspection protocol, and the Court ordered the forensic examination of fifteen Akoustis custodians on August 24, 2023. D.I. 299. ■■■■

███████████████████████ Public Version ████████████████████████

████████████████████. *Id.* at ¶ 5; Bui Decl. at ¶¶ 15-18. The total amount of data made available

to the forensic examiner consists of over ███████████ user-generated files comprising more than ████

███████ of user-generated data. Bui Dec. at ¶ 18. This includes the M365 emails and email

attachments, calendar appointments, chats, and synchronized OneDrive documents for Morgan

and Kwon. *Id.* at ¶¶ 16-17.

███████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████ Nixon Dec. at ¶¶ 7-12; Spickler Dec. at ¶¶ 4-6; Leuer Dec. at ¶¶ 4-5.

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████ at ¶ 6-7.

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████ Spickler Dec.

5



at ¶ 4; Nixon Dec. at ¶ 5. ███████████████████████████████

██████████████████████████████████████████████████████

████████████████████ █████ Spickler Dec. at ¶ 4. ████████████

██████████████████████████████████████████████████████

█████████████ Nixon Dec. at ¶ 13.

## III.   ARGUMENT

### A.   Qorvo's Burden on its Motion Requires Clear and Convincing Evidence.

It is undisputed that the burden of proof for a party seeking sanctions is "clear and convincing" evidence. *Fowler v. Tenth Planet, Inc.*, --- F. Supp. 3d ---, Civil No. 1:21-cv-02430-JRR, 2023 WL 3569816, at *7 (D. Md. May 19, 2023) ("The burden of proof is on the party seeking sanctions, and the standard of proof…appears to be 'clear and convincing evidence'"); *International Financial Co., LLC v. Jabali-Jeter*, Civil Action No. 18-cv-2120, 2019 WL 2268961, at *11 (E.D. Pa. May 28, 2019) (elements of a civil contempt order must be proven by clear and convincing evidence); *see also* Motion at 12 (noting moving party's burden under Third Circuit law and Rule 37(e)) and 17 (identifying burden of proof on motion for civil contempt is clear and convincing evidence).

### B.   Qorvo Has Not Proven Bad Faith or an Intent to Deprive.

#### 1.   Bad Faith Is Required for Spoliation Sanctions in the Third Circuit.

As Qorvo cites in its Motion, Third Circuit law is clear that spoliation occurs only where "there has been actual suppression or withholding of evidence." Motion at 9, citing *Orion Drilling Co., LLC v. EQT Prod. Co.*, 826 Fed. App'x. 204, 216 (3d Cir. 2020); *Bull v. United Parcel Services, Inc.*, 665 F.3d 68, 79 (3d Cir. 2012), citing *Brewer v. Quaker State Oil Refining Corp.*,

---

[1] The IT employee who processed Kwon's laptop is no longer employed with Akoustis. Nixon Dec. at ¶ 10.

Public Version

72 F.3d 326, 334 (3d Cir. 1995) ("For the spoliation rule to apply…it must appear that there has

been an actual suppression or withholding of the evidence."). "Withholding requires intent," and

therefore "a finding of bad faith is pivotal to a spoliation determination." *Bull v. United Parcel*,

665 F.3d at 79, citing *Brewer v. Quaker*, 72 F.3d at 334. Qorvo has presented no evidence, much

less clear or convincing evidence, on which the Court could find Akoustis acted in bad faith. To

the contrary, this is an accidental loss, which does not give rise to **any** unfavorable inference:

> No unfavorable inference arises when the circumstances indicate that the document
> or article in question has been lost or accidentally destroyed…Such a presumption
> or inference arises [] only when the spoliation or destruction of evidence was
> intentional, and indicates fraud and a desire to suppress the truth, and **it does not
> arise where the destruction was a matter of routine with no fraudulent intent**.

*Id*., citing *Brewer v. Quaker*, 72 F.3d at 334 and 29 Am.Jur.2d Evidence § 177 (emphasis added).

Mere negligence in failing to preserve a tiny fraction of the information made available to Qorvo

through discovery also does not justify any sanction under the court's inherent authority.

*IOENGINE LLC v. Paypayl Holdings, Inc.*, Civil Action No. 18-452-WCB, 2022 WL 1443867, at

*6 (D. Del. May 3, 2022), citing *State Farm Fire & Cas. Co. v. Cohen*, No. CV 19-1947, 2020

WL 5369626, at *7 (E.D. Pa. Sept. 8, 2020) and *Bull v. United Parcel*, 665 F.3d at 79 and n. 13

("negligence is not sufficient to justify a sanction for spoliation under the court's inherent

authority").

2.    Bad Faith Is Required for Loss of ESI Sanctions Under Rule 37(e)(2).

Similarly, Qorvo has failed to present any evidence establishing, under Rule 37(e)(2), that

"the party acted with the intent to deprive another party of the information's use in the litigation."

Fed. R. Civ. Proc. 37(e)(2). Again, as Qorvo cites in its Motion, "[a] showing of bad faith is

**required** for sanctions under Rule 37(e)(2)." Motion at 12 (emphasis added), citing *Accurso v.

Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 618 (E.D. Pa. 2016) (noting that when requesting an

Public Version

adverse inference, it remains the burden of the moving party to show that ESI was destroyed in "bad faith"); *see also* Fed. R. Civ. P. 37, 2015 Advisory Committee Notes on subdivision (e)(2) (noting that subdivision (e)(2) was specifically enacted to provide a standard uniform in federal court for using serious measures, such as an adverse jury inference, only in instances where there is a finding that the party acted with intent to deprive, and not in instances of negligence or even gross negligence). Qorvo continues: "'To make a determination of bad faith, the court must find that the spoliating party "intended to impair the ability of the potential defendant to defend itself."'" *Id.*, citing *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 315 (D. Del. 2013). Without this finding, which Qorvo has not proven, Rule 37(e)(2) does not apply.

### 3.    Qorvo Has Not Met Its Burden of Proving Bad Faith.

Qorvo has not met its burden of proof to show, either with clear and convincing evidence or otherwise, that Akoustis acted with bad faith. In attempting to establish Akoustis' intent, Qorvo cites only circumstantial evidence and relies on conclusory statements, pointing to the timing of the loss of the data and the fact that Kwon and Morgan were previously identified custodians. Akoustis does not dispute the mistake, but it is not bad faith, and Qorvo has shown nothing beyond the loss of some data that should have been retained. Relying on "these circumstances," Qorvo contends that it is "reasonable to infer that Akoustis intentionally destroyed the evidence." Motion at 13. This is not probative of anything and certainly not "clear and convincing" evidence of wrongful intent.

8

These circumstances do not rise to the level of bad faith required for a spoliation determination under Third Circuit law or sanctions under Rule 37(e)(2). This is clearly demonstrated by contrast with the clear and convincing evidence of bad faith found in the cases upon which Qorvo's Motion relies. In *Folino v. Hines*, CV No. 17-1584, 2018 WL 5982448 (W.D. Pa. Nov. 14, 2018), for instance, defendant wiped three devices that were the **only** evidence that could determine the issue in the case ("there is no other evidence that exists which can prove liability for the underlying claim"), **after** defendant agreed to accept an offer to negotiate a settlement contingent upon forensic examination of those devices (the devices were wiped clean a month after acceptance of the offer and a day prior to defendant's execution of a settlement agreement whereby she agrees to the forensic examination). At *2, 4. By contrast here, there is an abundance of other potential evidence available to Qorvo and the forensic examination was not demanded until six months after the laptops were processed. In *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76 (3d. Cir. 2019), the Senior Vice President of defendant had explicitly instructed employees to delete certain emails after the lawsuit was filed and despite the litigation hold. At 80. Even after defendant's general counsel took actions in response to the initial deletions to try to recover the deleted emails, the Vice President continued to instruct employees to delete emails and further deleted over 40% of his own emails, even "double-deleting" them by emptying his deleted-files folder. *Id*. No such level of bad faith intent to destroy exists in this case, and, upon discovery of its errors, Akoustis IT has taken action to ensure that no further inadvertent loss occurs.

### C.    Qorvo's Motion Fails Because Akoustis Reasonably Preserved Its ESI.

For a party's loss of ESI to be sanctionable **<u>at all</u>** under Rule 37(e), it must have "failed to

take reasonable steps to preserve the ESI." *CIGNEX Datamatics, Inc. v. Lam Research Corp.*, C.A.

No. 17-320 (MN), 2019 WL 1118099, at *2 (D. Del. March 11, 2019). This element is a threshold

inquiry for Rule 37(e) to apply in the first place. In enacting Rule 37(e), the Advisory Committee

noted that "The rule applies **only if** the information was lost because the party failed to take

reasonable steps to preserve the information." Fed. R. Civ. Proc. 37, 2015 Advisory Committee

Notes on subdivision (e) (emphasis added). Rule 37(e) thus states that only "**If** electronically stored

information that should have been preserved in the anticipation or conduct of litigation is lost

because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced

through additional discovery…" are remedies under subparts (1) or (2) available. Fed. R. Civ.

Proc. 37(e) (emphasis added). Thus, the Court must first find that Akoustis failed to take reasonable

steps to preserve documents before it can consider relief under Rule 37(e). *See IOENGINE LLC v.

Paypal*, 2022 WL 1443867 at *6 ("With respect to Rule 37(e), I must decide whether [the parties]

took reasonable steps to preserve the [evidence sought]."). As the Advisory Committee notes,

"This rule recognizes that 'reasonable steps' to preserve suffice; it does not call for perfection."

Moreover, routine, good-faith operation of an electronic information system, as occurred here, is

a relevant factor for the court to consider:

> Due to the ever-increasing volume of electronically stored information and the
> multitude of devices that generate such information, **perfection in preserving all
> relevant electronically stored information is often impossible**. As under the
> current rule, the routine, good-faith operation of an electronic information system
> would be a relevant factor for the court to consider in evaluating whether a party
> failed to take reasonable steps to preserve lost information…

*Id.* (emphasis added); *see also In re Wechsler*, 121 F.Supp.2d 404, 420 (D. Del. 2000), citing

*Baliotis v. McNeil*, 870 F. Supp. 1285, 1290 (M.D. Pa. 1994) ("the scope of the duty to preserve

evidence is not boundless").

    As described above and in the supporting declarations of the Akoustis IT personnel filed

10

Public Version

concurrently herewith, Akoustis promptly issued a litigation hold notice, promptly updated the notice to include custodians Morgan and Kwon, and the hold was reasonably implemented by Akoustis IT. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████. As the Advisory Committee also noted in its comments to Rule 37(e), "Another factor in evaluating the reasonableness of preservation efforts is proportionality." Fed. R. Civ. Proc. 37, 2015 Advisory Committee Notes on subdivision (e). For those types of ESI that are primarily the focus of litigation holds and discovery—emails, chats, documents, and other electronic files—Akoustis' efforts were sufficient. ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

### D.   Qorvo's Conclusory Statements and Speculation Do Not Prove Prejudice.

Because Qorvo has not met its burden of proof as to spoliation under Third Circuit law or to obtain any sanctions under Rule 37(e)(2), Qorvo's only possible avenue top redress a significant loss of ESI would be under Rule 37(e)(1).[2] But as just discussed, Qorvo has not met the threshold

---

[2] Qorvo also seeks sanctions for contempt and under Rule 37(b)(2)(A) for disobeying a court order, which Akoustis addresses below, but its only grounds for sanctions involving the loss or ESI are under Rule 37(e)(1) and (2), or perhaps the Court's inherent authority. Akoustis notes that there is a split of authority that the Third Circuit has not

Public Version

requirement for Rule 37(e) to apply in the first place, because there is no evidence of a failure to reasonably preserve and produce documents. In addition, Qorvo has not met the second requirement of Rule 37(e)(1), because it has failed to provide any evidence, and certainly no clear and convincing evidence, to prove an actual, as opposed to a merely speculative, prejudice or harm.

The Motion recognizes that the Third Circuit requires any party seeking sanctions to show that the loss of the evidence "materially affected the substantial rights of the adverse party and is prejudicial to the presentation of the case." Motion at 15, citing *Magnetar Techs.*, 886 F. Supp. 2d at 481. "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." Motion at 15, citing *Monolithic Power Sys., Inc. v. Intersil Corp.*, No. CV 16-1125, 2018 WL 6075046, at *1 (D. Del. Nov. 19, 2018); *see also* Fed. R. Civ. Proc. 37 2015 Advisory Committee Notes on Subdivision (e)(1) (stating the same). In the Court's assessment of prejudice, "the abundance of preserved information may appear sufficient to meet the needs of all parties," and it is reasonable to require the party seeking remedy under Rule 37(e) to prove prejudice. Fed. R. Civ. Proc. 37 2015 Advisory Committee Notes on Subdivision (e)(1).

The Motion falls far short of meeting Qorvo's burden of providing actual prejudice. It offers no evidence that Qorvo's case has been weakened, or to show the likelihood that materially relevant information would have been found on the laptops that was unavailable elsewhere, which could have proven facts that could not be demonstrated through other means such as deposition

---

resolved as to whether a Court may deviate from Rule 37(e) and use its inherent authority to address the loss or destruction of ESI. The Advisory Committee Notes state the rule "forecloses reliance on inherent authority or state law to determine when certain measures should be used" when ESI is lost that should have been preserved. *See* Fed. R. Civ. Proc. 37(e) Advisory Committee Notes to 2015 Amendment. The Supreme Court, however, has made clear that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *see also CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*, No. CV 17-320 (MN), 2019 WL 1118099, at *3 (D. Del. Mar. 11, 2019); *Bistrian v. Levi*, 448 F. Supp. 3d 454, 464–65 (E.D. Pa. 2020).

Public Version

testimony, side-by-side document comparisons, evaluations of other custodian's activities or documents, or alternate sources of information from Kwon, Morgan or others. To meet its burden, Qorvo was required to show that its rights were substantially affected by the loss of the physical laptops, and that evaluation must consider the importance of the lost data relative to the abundance of preserved information, which the Motion fails to do. ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████      ██████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████. Likewise, the Motion does not prove that available evidence is insufficient to "meet the needs of Qorvo" in establishing its claims. Qorvo's conclusory statements about a **potential** loss, i.e., that certain metadata **might** have been probative, cannot satisfy the requirements of the statute.[4] Indeed, there are may alternate sources of information available to Qorvo that could be leveraged to make determinations about a documents

---

[3] For instance, Qorvo alleges in its Motion (at 8) and the supporting Faulkner declaration (¶¶ 4-5) that filesystem metadata showing dates and times of file interaction is no longer available due to the loss of the laptops, but this data remains available in the ████████████████████████████. Bui Dec. at ¶¶ 21 ("A simple inspection of any of these OneDrive documents will show that the Date Created, Date Modified, and Last Access Date values are forensically intact, reflecting their original values.").

[4] Qorvo misstates dicta from the *In re Wechsler*, 121 F. Supp. 2d 404 (D. Del. 2000) case in its Motion. At p. 16. Qorvo use of the bracketed "[prejudice]" in the quote "Of course when a party is denied any opportunity to examine the evidence, [prejudice] would automatically be satisfied" is inaccurate. The actual quote from the opinion reads: "Of course, when a party is denied any opportunity to examine the evidence, this test would automatically be satisfied." 121 F. Supp. 2d at 421. "This test" appears to refer to a party's degree of fault or personal responsibility in destroying evidence rather than prejudice, which is discussed in the section after the quote, starting on page 422 of the opinion.

Public Version

creation, access, use, transfer, receipt, modification, or deletion. Bui. Dec. at ¶ 23. Moreover, it is rare for ESI to reside solely in one location. *Id*. at ¶ 24. Qorvo has not shown that the information it seeks was unavailable elsewhere or could not be derived in any other way.

### E.    Qorvo Has Not Proven that Akoustis Disobeyed a Court Order.

In perhaps its biggest overreach, Qorvo attempts to obtain the extreme sanction of an order prohibiting Akoustis from wholesale defending itself against critical aspects of Qorvo's claims by alleging contempt of a court order.[5] ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ The Court's April 27, 2022 Discovery Order generally directed the parties to "preserve materials reasonably related to this matter" and to "disclose categories or sources of information responsive to discovery requests that they have reason to believe have not been preserved or should not be preserved." D.I. 61. Akoustis reasonably complied. *Id.* ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[5] Qorvo's requests "that the following facts be deemed established and that **Akoustis be prohibited from opposing or submitting evidence to rebut these facts**: Kwon and Morgan possessed, used, and disclosed Qorvo's trade secrets and confidential information; Akoustis destroyed laptops of Kwon and Morgan; and the deleted files were unfavorable to Akoustis." Qorvo Motion at 18 (emphasis added).

Public Version

██████.[6] As the Third Circuit has explained, "Persons may not be placed at risk of contempt unless they have been given specific notice of the norm to which they must pattern their conduct." *In re 710 Long Ridge Rd. Operating Co. II, LLC,* 637 F. Supp. 3d 161, 186 (D.N.J. 2022)[7], citing *Inmates of Allegheny Cty. Jail v. Wecht*, 754 F.2d 120, 129 (3d Cir. 1985). "For that reason, civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous…any ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." *Id*. (internal citations omitted); *see also Securities and Exchange Commission v. Liberty*, 589 F. Supp. 3d 469, 482 (E.D. Pa. 2022) ("In contempt cases…ambiguities and omissions in orders redound to the benefit of the person charged with contempt"). Qorvo has failed to demonstrate contempt of a court order.

### F.      Any Remedy Must Be Commensurate with Actual, Proven Prejudice

Qorvo's requested sanction for its contempt claim would bar Akoustis from opposing as well as submitting evidence to rebut facts that address the contention that Akoustis' former employees' possessed, used, and disclosed "Qorvo's trade secrets and confidential information." Such an onerous penalty is entirely unjustified here. "[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Cost v. Borough of Dickson City*, 858 Fed. App'x. 514, 516 (3d Cir. 2021)[8], citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (quotation marks and citation omitted); *see also Cal Dive Intern., Inc. v. M/V*

---

[6] In fact, the Discovery Order specifically does not prohibit "the following actions taken in the ordinary course of business: (1) routine maintenance, operation, or replacement of computer systems or equipment.…" D.I. 61 at p. 2, Section II.

[7] Rev'd and vacated, No. 22-3046, 2023 WL 3116434 (3d Cir. Apr. 27, 2023) (as to preliminary injunction issued).

[8] Cert. denied sub nom. *Cost v. Borough of Dickson City, Pennsylvania*, 142 S. Ct. 464, 211 L. Ed. 2d 281 (2021).

*Tzimin (ex Stena Seahorse)*, 127 F.R.D. 213, 215 (S.D. Al. 1989) ("The exclusion of available evidence is a severe remedy raising substantial constitutional questions of due process."). "The outright denial of a right to introduce evidence is a sanction which should be imposed with the greatest circumspection, suggesting as always the desirability of limiting the sanction to the least destructive forms." *Cal Dive Intern., Inc.*, 127 F.R.D. at 215.

Similarly, while Rule 37(b)(2)(A) lists as a possible remedy an order prohibiting the disobedient party from supporting or opposing a designated claim or defense, a party moving for this sanction "should be required to show that the nonmoving party willfully disregarded a court's order and acted in bad faith." *Miracle Industries, Inc. v. Getty Petroleum Corp.*, Civ. A. No. 90-4283, 1992 WL 301268, at *3 (E.D. Pa. Oct. 16, 1992) (denying defendant's motion for sanctions under Rule 37(b)(2), including an order prohibiting plaintiff from introducing evidence of certain alleged damages, because the court found that plaintiff did not willfully disregarded a discovery order and did not act in bad faith). There is no evidence of any willful or flagrant disregard of a court order, or of bad faith intent on the part of Akoustis. Therefore, the Court may not impose any extreme sanction.

Furthermore, such a dispositive sanction would allow Qorvo to bypass having to prove whether any Qorvo information allegedly possessed, used by, or disclosed to Kwon or Morgan constitutes "trade secrets and confidential information," legal determinations that are cornerstone to Qorvo's claims. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████This requested sanction is a blatant overreach and by no means authorized under any

16

legal authority.

In the case of accidental loss or destruction of ESI, and if (and only if) "…a finding of prejudice is made, the court is authorized to employ measures 'no greater than necessary to cure the prejudice.'" Fed. R. Civ. Proc. 37 2015 Advisory Committee Notes on Subdivision (e)(1). By its express terms, any remedy under Rule 37(e)(1) may be only curative, not penal. As the Advisory Committee warns, "Care must be taken…to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation." *Id*. In other words, the severe sanctions for contempt or under Rule 37(e)(2)—including the type of adverse jury inference or disposition of an affirmative defense sought by Qorvo—are **unavailable** under Rule 37(e)(1). The Advisory Committee specifically identifies an order "precluding a party from offering any evidence in support of the central or only claim or defense in the case" as an inappropriate measure under subdivision (e)(1). *Id*.

The Third Circuit has similarly identified three factors for the Court to consider in determining what measures are appropriate in response to a spoliation claim: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and will serve to deter such conduct in the future." *Magnetar Techs. Corp.*, 886 F. Supp. 2d at 480-81, citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *CIGNEX Datamatics, Inc.*, 2019 WL 1118099 at *2 (also citing *Schmid* factors). Courts use discretion in imposing sanctions, but are to "choose 'the least onerous sanction corresponding to the willfulness of the act and the prejudice suffered by the victim.'" *Magnetar Techs. Corp.*, 886 F. Supp. 2d at 480-81, citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d at 79.

17

Public Version

and neither adverse jury instructions nor an order prohibiting Akoustis from presenting evidence in support of its defenses would be available under Rule 37(e)(1). Even permitting Qorvo to instruct the jury on how to evaluate the "spoliation"—a conclusion that Qorvo has not proven—would be a penalty that far exceeds any possible prejudice in this case. Additionally, Qorvo has already deposed Kwon and has the opportunity to depose Morgan under penalty of perjury, and can question them about their document retention practices, as well as inquiring as to when and how they may have accessed, deleted, or used certain documents and files.

Public Version

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████ If Qorvo's Motion had proven

a gap in its ability to advance its claims—which the Motion does not do—this situation might have

warranted some additional discovery. But since the Motion fails to meet the applicable burden of

proof, even this recourse would be excessive.

### G.    Qorvo Is Not Entitled to Monetary Sanctions

Qorvo also seeks monetary sanctions for its contempt and failure to comply with a court

order claim under Rule 37(b)(2). Because Qorvo fails to establish a claim for contempt and failure

to comply with a court order, it is also not entitled to the remedy of monetary sanctions ██████

███████████████████████████████████

████████████████████ Additionally, given Qorvo's failure to reasonably meet

and confer, and the expense that Akoustis has already been put to in opposing this Motion, no

further monetary penalty is warranted.

## IV.    CONCLUSION

For the foregoing reasons, Akoustis respectfully requests that the Court deny Qorvo's

Motion.

Public Version

Dated:  October 27, 2023


PILLSBURY WINTHROP
SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
Ryan Selness
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com
ryan.selness@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

Robert C. F. Pérez
Riccardo Macchiarol
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd., Ste. 1400
McLean, VA 22102
(703) 770-7900
robert.perez@pillsburylaw.com
ric.macchiaroli@pillsburylaw.com

   *Attorneys for Akoustis Technologies, Inc.*
   *and Akoustis, Inc.*

BAYARD, P.A.


*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

   *Attorneys for Akoustis Technologies, Inc. and*
   *Akoustis, Inc.*

20

Public Version

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on October 27, 2023, copies of the attached document were served via electronic mail on all counsel of record.

_/s/ Ronald P. Golden III_
Ronald P. Golden III