IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR
MONETARY AND ADVERSE INFERENCE
SANCTIONS FOR CONTEMPT AND SPOLIATION**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA 90067
(310) 228-3700

Confidential Version Filed: November 10, 2023
Public Version Filed: November 22, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## **TABLE OF CONTENTS**

                                                                                                                        **Page**

I.     Akoustis Advances the Wrong Burden of Proof .................................................................. 1

II.    Evidentiary Sanctions are Warranted Under Rule 37(e)(1) ................................................. 1

        A.     Akoustis did not take reasonable steps to preserve the laptops ............................. 2

        B.     Destroying the Laptops Prejudiced Qorvo ............................................................. 4

                1.     ■■■■■■■ Data is Not a Substitute for Computer Hard Drives ........ 4

                2.     Akoustis Personnel Frequently Saved Their Files Locally ......................... 5

                3.     The Bui Declaration is Not Relevant .......................................................... 6

                4.     Kwon's Testimony Confirms the Importance of the Laptops ................... 6

        C.     The Requested Evidentiary Sanctions are Necessary .............................................7

III.   An Adverse Inference Sanction Is Warranted Under Rule 37(e)(2) .................................... 7

        A.     Akoustis Acted in Bad Faith When it Destroyed the Laptops ................................8

                1.     Akoustis Took Affirmative Steps to Destroy the Computers ..................... 8

                2.     Akoustis Destroyed or Hid Evidence Throughout the Case ....................... 8

        B.     Courts Have Awarded Adverse Inference Sanctions in Similar Cases ....................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Calsep, Inc. v. Intellgient Petroleum Software Sols., LLC*,
No. 19-CV-1118, 2021 WL 1729169 (S.D. Tex. Apr. 29, 2021)............................................5

*Czuchaj v. Conair Corp.*,
No. 13-CV-1901, 2016 WL 4130946 (S.D. Cal. May 3, 2016)..................................................8

*Delay v. Dollar Energy Fund*,
No. 21-CV-1037, 2023 WL 3177961 (W.D. Pa. May 1, 2023)..........................................1, 7

*DVComm, LLC v. Hotwire Commc'ns, LLC*,
No. CV 14-5543, 2016 WL 6246824 (E.D. Pa. Feb. 3, 2016)....................................................1

*Folino v. Hines*,
No. 17-1584, 2018 WL 5982448 (W.D. Pa. Nov. 14, 2018)..............................................9, 10

*Fowler v. Tenth Planet, Inc.*,
No. 21-CV-02430, 2023 WL 3569816 (D. Md. May 19, 2023).................................................1

*Franklin v. Shelby Cnty. Bd. of Educ.*,
No. 20-CV-02812, 2021 WL 6066673 (W.D. Tenn. Sept. 28, 2021).........................................2

*Friedman v. Philadelphia Parking Auth.*,
No. CV 14-6071, 2016 WL 6247470 (E.D. Pa. Mar. 10, 2016).................................................1

*GN Netcom, Inc. v. Plantronics, Inc.*,
930 F.3d 76 (3d. Cir. 2019).......................................................................................................10

*Int'l Financial Co., LLC v. Jabali-Jeter*,
No. 18-CV-2120, 2019 WL 2268961 (E.D. Pa. May 28, 2019)................................................1

*IOENGINE LLC v. Paypal Holdings, Inc.*,
No. 18-452, 2022 WL 1443867 (D. Del. May 3, 2022) ............................................................7

*Leidig v. Buzzfeed, Inc.*,
No. 16 Civ. 542, 2017 WL 6512353 (S.D.N.Y. Dec. 19, 2017)................................................2

*Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*,
886 F. Supp. 2d 466 (D. Del. 2012)...........................................................................................4

*Micron Tech., Inc. v. Rambus Inc.*,
917 F. Supp. 2d 300 (D. Del. Jan. 2, 2013) ...............................................................................7

*Montoya v. Orange Cnty. Sheriff's Dep't.*,
  No. SACV 11-1922, 2013 WL 12347292 (C.D. Cal. Oct. 15, 2013) ......................................... 8

*Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*,
  No. CV 18-1997, 2021 WL 2788432 (E.D.N.Y. July 2, 2021) ................................................... 7

*Nuvasive, Inc. v. Day*,
  No. 19-10800, 2021 WL 9059745 (D. Mass. Aug. 23, 2021) .................................................. 10

*Scalia v. KP Poultry, Inc.*,
  No. CV193546, 2020 WL 6694315 (C.D. Cal. Nov. 6, 2020) .................................................. 10

*Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*,
  75 F.4th 1290 (11th Cir. 2023) ................................................................................................. 10

*Small v. Univ. Med. Ctr.*,
  No. 13-CV-0298, 2018 WL 3795238 (D. Nev. Aug. 9, 2018) ............................................. 7, 8

*Zubulake v. UBS Warburg LLC*,
  229 F.R.D. 422 (S.D.N.Y. 2004) ..................................................................................... 2, 3, 8

**Rules**

Fed. R. Civ. P. 37 ............................................................................................................................ 1

Fed. R. Civ. P. 37(e) ....................................................................................................................... 1

Fed. R. Civ. P. 37(e)(1) ...................................................................................................... 1, 2, 4, 7

Fed. R. Civ. P. 37(e)(2) .................................................................................................................. 7

Fourteen months after Qorvo filed this case, Akoustis destroyed the laptops of two employees at the center of Akoustis's scheme to misappropriate Qorvo's trade secrets. As a result, wide swaths of evidence concerning the activities of these employees is forever lost. For the reasons set forth below, Akoustis's efforts to evade sanctions for destroying the laptops lack merit and should be rejected.

## I.   Akoustis Advances the Wrong Burden of Proof

Contrary to Akoustis's assertion that Qorvo must establish spoliation by "clear and convincing evidence," courts have recognized "there is no clear answer" as to the appropriate burden of proof under Rule 37(e). *See, e.g., Delay v. Dollar Energy Fund*, No. 21-CV-1037, 2023 WL 3177961, at *6 (W.D. Pa. May 1, 2023). Moreover, multiple courts in this Circuit have applied a preponderance of the evidence standard, and have refused to apply the clear and convincing standard because it "may, contrary to the purposes of Rule 37, allow the spoliator to benefit from its conduct." *Friedman v. Philadelphia Parking Auth.*, No. CV 14-6071, 2016 WL 6247470, at *6 (E.D. Pa. Mar. 10, 2016); *see also DVComm, LLC v. Hotwire Commc'ns, LLC*, No. CV 14-5543, 2016 WL 6246824, at *6 (E.D. Pa. Feb. 3, 2016).[1] In any event, the Court need not resolve the applicable standard under Rule 37 in this case. As set forth below, Qorvo has presented clear and convincing evidence of spoliation.

## II.   Evidentiary Sanctions are Warranted Under Rule 37(e)(1)

Sanctions are available under Rule 37(e)(1) if "[1] electronically stored information that

---

[1] The out-of-circuit cases that Akoustis cites do not support imposing a "clear and convincing" standard here. In *Fowler v. Tenth Planet, Inc.*, No. 21-CV-02430, 2023 WL 3569816, at *7 (D. Md. May 19, 2023), the court applied the higher standard to determine whether the movant was entitled to terminating sanctions. Qorvo does not seek terminating sanctions here. In *Int'l Financial Co., LLC v. Jabali-Jeter*, No. 18-CV-2120, 2019 WL 2268961, at *11 (E.D. Pa. May 28, 2019), the court applied the higher standard in resolving a motion for contempt, not sanctions under Rule 37(e).

should have been preserved in the anticipation or conduct of litigation is lost [2] because a party failed to take reasonable steps to preserve it, [3] it cannot be restored or replaced through additional discovery," and [4] the court finds "prejudice to another party from loss of the information." Fed. R. Civ. P 37(e)(1). Akoustis does not dispute that it should have preserved the Kwon and Morgan laptops. Nor does Akoustis dispute that it is impossible to restore or replace the destroyed information. Instead, Akoustis argues that it took "reasonable steps" to preserve the laptops and Qorvo has not suffered any prejudice. Both arguments lack merit.

### A.  Akoustis did not take reasonable steps to preserve the laptops

Akoustis argues that it took "reasonable steps" because it "promptly issued a litigation hold notice" and made efforts to preserve various repositories of data **other than** the Kwon and Morgan laptops. Opp. 10-11. Akoustis argues that the destruction of the Kwon and Morgan laptops was "accidental," resulting from a failure to "perfectly execute[]" the litigation hold. *Id*. at 11. These arguments are legally and factually deficient.

First and foremost, the mere fact that Akoustis issued a litigation hold is insufficient to prove it took reasonable steps to preserve data. Courts have routinely held that "the Rule requires compliance with a litigation hold," not merely issuance of one. *Franklin v. Shelby Cnty. Bd. of Educ.*, No. 20-CV-02812, 2021 WL 6066673, at *5 (W.D. Tenn. Sept. 28, 2021). Furthermore, courts have equated the failure to take reasonable steps to "roughly a negligence standard." *See Leidig v. Buzzfeed, Inc.*, No. 16 Civ. 542, 2017 WL 6512353, at *10 (S.D.N.Y. Dec. 19, 2017).

The well-known *Zubulake* line of cases is instructive. The *Zubulake* court held:

> Once a "litigation hold" is in place, ***a party and her counsel must make certain that all sources of potentially relevant information are identified and placed "on hold,"*** to the extent required in Zubulake IV. To do this***, counsel must become fully familiar with her client's document retention policies, as well as the client's data retention architecture***. This will invariably ***involve speaking with information technology personnel, who can explain system-wide backup procedures and the actual (as opposed to theoretical) implementation of the firm's recycling policy***.

2

> It will also involve communicating with the "key players" in the litigation, in order to understand how they stored information.

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) (emphasis added).

The *Zubulake* court further explained: "it is not sufficient to notify all employees of a litigation hold and expect that the party will then retain and produce all relevant information. Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Id*.

Here, Akoustis's Opposition confirms the unreasonable nature of its efforts to preserve the laptops. First, Akoustis admits that it failed to provide the hold notice to IT personnel responsible for processing employee computers at its headquarters and primary manufacturing facility.[2] Instead, Akoustis sent the notice ***only to*** Anthony Nixon, a senior executive in Akoustis's IT department. Nixon admittedly did not circulate it to any other IT personnel. Opp. 5. Second, Akoustis admits that Nixon failed to implement ***processes*** to ensure that custodial laptops were not destroyed. Instead of flagging Kwon and Morgan's files with information that would prevent data destruction, Nixon relied upon his ***personal observation*** of "tickets" generated when an employee departs the company. Nixon Decl., ¶ 9. Unsurprisingly, this unreasonable and negligent process failed to work when Nixon became busy and experienced a medical issue. *Id*. ¶¶ 9-10. Indeed, Leuer admits that "[w]hen Kwon left Akoustis in the fall of 2022 . . . there were no special circumstances surrounding the processing of Mr. Kwon's laptop. There were no communication or instructions of how to handle Mr. Kwon's laptop and I am aware of no special review of the contents of Mr. Kwon's laptop before it was reimaged." Leuer Decl., ¶ 4. Spickler states the same

---

[2] Akoustis also seeks to create the impression that Kwon and Morgan were working at satellite offices and therefore returned their computers to "local" IT personnel. Opp. 5. Kwon worked at Akoustis's primary manufacturing facility in New York. Leuer Decl., ¶ 2;  Morgan worked at Akoustis's headquarters in North Carolina. Spickler Decl., ¶¶ 2, 4; D.I. 125 (SAC), ¶¶ 3-4.

3

regarding Morgan's laptop. Spickler Decl., ¶ 4. ***That is precisely why Akoustis should be sanctioned.*** The destruction of two critical laptops for key witnesses identified by and/or disclosed to Akoustis fourteen months after Qorvo sued Akoustis was, at a minimum, negligent. Companies cannot blindly issue litigation holds and pray data is retained. They, and their counsel, must take concrete steps and institute processes to ensure those holds are followed. Akoustis and its counsel intentionally failed to implement such processes. Sanctions are warranted under Rule 37(e)(1)

### B. Destroying the Laptops Prejudiced Qorvo

A finding of prejudice requires a party to "come forward with plausible, concrete suggestions as to what the lost evidence might have been" and a showing that its loss "materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of the case." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 481 (D. Del. 2012). Qorvo's Motion does precisely that.

#### 1. [REDACTED] Data is Not a Substitute for Computer Hard Drives

Akoustis argues that the availability of [REDACTED] data for Kwon and Morgan negates any prejudice to Qorvo. Opp. 12-13. This is simply not true. There is no dispute that the [REDACTED] data would not capture any local documents which are not backed up to [REDACTED]. Faulkner Decl., ¶ 5; Bui Decl., ¶ 24. Akoustis seeks to side-step this issue by arguing that one of its employees, Spickler, has an unwritten practice of identifying whether any user-created files saved outside of the synchronized folder structure exist on the laptop. Opp. 6; Spickler Decl. ¶ 4. This is insufficient to save Akoustis from sanctions. Not only is such a statement impossible to prove given that the underlying data is deleted, it lacks credibility. As set forth below, non-testimonial, electronic evidence proves that every Akoustis custodian whose computer has been inspected in this case saved [REDACTED] of files locally which were not backed up to [REDACTED]. Faulkner Decl. ¶¶ 9-12. Second, even if Spickler's recollection is accurate, it

4

applies solely to Morgan's laptop, and not Kwon's. Spickler Decl. ¶ 4. And in any event, Akoustis still destroyed forensic artifacts, including system logs and other types of data available on Morgan's laptop. D.I. 350 (Faulkner Decl.) ¶¶ 4-5.

Akoustis has not and cannot demonstrate that no relevant data was permanently lost. Indeed, the most likely place for an employee to store data that *he/she is not supposed to have* is locally on a computer hard drive (and not a corporate network), as each of Akoustis's other custodians subject to forensic inspection did. The fact that Akoustis backed up *some* of the laptops' content is insufficient to avoid sanctions.

### 2. Akoustis Personnel Frequently Saved Their Files Locally

Akoustis complains that Qorvo must show that it "actually—not just potentially—has been deprived of 'important evidence related to misappropriation.'" Opp. 13. This is not the law. Indeed, this argument makes no sense because it is *impossible* to prove without access to data Akoustis destroyed. *See Calsep, Inc. v. Intellgient Petroleum Software Sols., LLC*, No. 19-CV-1118, 2021 WL 1729169, at *8 (S.D. Tex. Apr. 29, 2021) (Because "[d]efendants permanently deleted data and consequently the contents and volume of the deleted data is not knowable" it "is unfair to require Plaintiffs to prove that the deleted data would have been favorable to them.").

Regardless, there is no dispute that many other Akoustis's other employees who stole Qorvo's data stored large volumes of relevant information on their computers in folders that were not backed up. This creates the reasonable inference that Kwon and Morgan, who possessed, used, and disclosed large volumes of Qorvo confidential information, did the same. *See* Mot. 4-6.

In fact, *all eleven* of the laptops that Qorvo forensically examined had large volumes of locally-saved files not backed up to Akoustis's ▓▓▓. Faulkner Decl., ¶¶ 9-12. Kevin Faulkner, Qorvo's forensic expert, determined ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.*, ¶¶ 11-12. This

5

fact is all the more remarkable because in his analysis Mr. Faulkner sought to identify only 20 file type extensions[3], and excluded non user-affiliated files. *Id.*, ¶ 10. Simply put, there is ample evidence that Akoustis destroyed relevant information that affected the substantial rights of Qorvo and is prejudicial to the presentation of the case.

### 3. The Bui Declaration is Not Relevant

In an effort to show that certain data from Kwon and Morgan is still available to Qorvo, Akoustis submits a Declaration of Jerry Bui, Akoustis's forensic consultant. Mr. Bui does not (and cannot) dispute that Akoustis destroyed all documents contained on the laptops *except* for those backed up ▮▮▮▮▮ Faulkner Decl., ¶¶ 5-6. Moreover, Bui does not dispute that there may be scenarios where documents and data reside solely on a hard drive. *Id.*, ¶ 7. In fact, Mr. Bui acknowledges this distinct possibility. *Id*. Mr. Faulkner proved as much during his examination of the laptops Akoustis did preserve. *Id.*, ¶¶ 9-12. In a nutshell, Bui opines simply that Qorvo has access to metadata related to the documents that Akoustis did not destroy. This is not relevant to Qorvo's Motion, which is predicated on data that Akoustis destroyed. *Id.*, ¶¶ 5-7.

### 4. Kwon's Testimony Confirms the Importance of the Laptops

Qorvo deposed Kwon to determine if, among other things, he could provide information regarding his now-destroyed Akoustis laptop. Kwon testified that he could not recall: (a) a single employee he worked with (Naqvi Decl., Ex. A, 38:9-13); (b) any project he worked on at Akoustis (*e.g., id.*, 46:10-16, 127:19-22); (c) whether he used or referenced any Qorvo documents in drafting trimming procedures (*e.g., id.*, at 64:18-80:22); (d) how he performed trimming at Akoustis (*id.*, 134:18-20, 135:22-24, 154:12-19) ; (e) whether Akoustis did or did not use any Confidential Qorvo Information (*e.g., id.*, 69:11-13, 93:17-19, 134:9-17, 154:2-5, 159:19-22); and (f) any differences

---

[3] They are: .s2p, .doc, .docx, .ppt, .pptx, .xls, .xlsx, .xlsm, .pdf, .dwg, .dxf, .pps, .one, .mpp, .vsd, .vsdx, .csv, .pages, .numbers, .keynote. *Id.*, ¶ 10.

between Qorvo and Akoustis's trim process (*e.g.*, i*d.*, 127:23-128:4).[4] Kwon's refusal to provide any meaningful testimony underscores Qorvo's prejudice.

### C. The Requested Evidentiary Sanctions are Necessary

Qorvo's requested sanction under Rule 37(e)(1) is appropriate and proportional to Qorvo's prejudice. Under this Rule, Qorvo seeks to address spoliation at trial and permit the jury to evaluate it. The jury should know that Akoustis destroyed the laptops of two key witnesses more than a year after Qorvo sued Akoustis, and can draw its own inferences about the spoliation. Contrary to Akoustis's arguments, courts routinely award similar remedies under Rule 37(e)(1). *See IOENGINE LLC*, No. 18-452, 2022 WL 1443867, at *8 (D. Del. May 3, 2022) ("I will permit PayPal and Ingenico to offer evidence of the MediKey's disappearance as a sanction under Rule 37(e)(1) to cure any prejudice resulting from the MediKey's disappearance.").

## III. An Adverse Inference Sanction Is Warranted Under Rule 37(e)(2)

Qorvo is also entitled to an adverse inference because the circumstantial evidence proves that Akoustis had a bad faith intent to impair Qorvo's ability to prosecute its case. *See, e.g.*, *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 315 (D. Del. Jan. 2, 2013); *Delay v. Dollar Energy Fund*, No. 21-cv-1037, 2023 WL 3177961, at *9 (W.D. Pa. May 1, 2023) ("[b]ecause courts are unable to examine [a party's] head to confirm [whether they] acted in bad faith, courts look to circumstantial evidence to determine intent"); *Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*, No. CV 18-1997, 2021 WL 2788432, at *12 (E.D.N.Y. July 2, 2021) ("[a] court may infer that a party acted with an intent to deprive on the basis of circumstantial evidence"); *Small v. Univ. Med. Ctr.*, No. 13-CV-0298, 2018 WL 3795238, at *60 (D. Nev. Aug. 9, 2018) (bad faith found and adverse inference granted when executives failed to notify key custodians and IT staff to take appropriate

---

[4] All exhibit citations to lettered exhibits are to the exhibits to the Declaration of Kazim Naqvi ("Naqvi Decl."), unless otherwise indicated.

7

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

steps to ensure ESI was not lost, destroyed, or modified); *Czuchaj v. Conair Corp.*, No. 13-CV-1901, 2016 WL 4130946, at *1–2 (S.D. Cal. May 3, 2016) (bad faith found and adverse inference granted when the IT department received the litigation hold but did not implement processes to retain data); *Montoya v. Orange Cnty. Sheriff's Dep't*, No. CV 11-1922, 2013 WL 12347292, at *7 (C.D. Cal. Oct. 15, 2013) (bad faith found and adverse inference granted when defendant failed to notify the individual responsible for collecting faulty products and products were destroyed).

### A. Akoustis Acted in Bad Faith When it Destroyed the Laptops

#### 1. Akoustis Took Affirmative Steps to Destroy the Computers

To argue no bad faith, Akoustis relies on the declarations of two local IT personnel, who state that they did not know about the litigation hold notice for this case and were not aware of any requirements to preserve the Kwon and Morgan laptops. Spickler Decl. ¶¶ 4-5; Leuer Decl. ¶¶ 4-5. Akoustis's VP of Information Technology, however, acknowledges that he "received the litigation hold related to the Qorvo lawsuit on October 21, 2021." Nixon Decl. ¶ 6. Akoustis's legal team and its head of IT were aware of the litigation hold at the outset of this lawsuit. Yet, for reasons which cannot be explained, Nixon intentionally chose "not circulate the litigation hold to anyone else[.]" *Id.* ¶ 7. As demonstrated in *Zubulake*, the issuance of a litigation hold is insufficient, and both Akoustis and its counsel must take detailed and specific measures to ensure its compliance. This circumstantial evidence is indicative of bad faith. *See, e.g., Small*, 2018 WL 3795238, at *60.

#### 2. Akoustis Destroyed or Hid Evidence Throughout the Case

Moreover, the spoliation of Kwon's and Morgan's laptops did not occur in a vacuum, but is simply the latest effort by Akoustis to withhold and/or evade discovery. For example:

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Qorvo only learned of that

8

information as a result of Mr. Faulkner's forensic inspection.

- ███████████████████████████████████████. *Id.* Again, Akoustis did not produce those inboxes during discovery and Qorvo only learned of these files from the recent forensic inspection.

- Until today, November 10, 2023, Akoustis failed to ███████████ ████████████████████████████████████ Pat Lewis.[5] Faulkner Decl., ¶ 4.

- Key Akoustis witnesses have developed selective amnesia to evade questions during deposition. Kwon is discussed above. As additional examples, Rohan Houlden, Akoustis's Chief Product Officer, first testified that he did not use Qorvo documents at Akoustis. Naqvi Decl., Ex. C, 50:17-51:23. Even after he was shown more than ██████████████ ████████████████████, Houlden testified he did not recognize or recall any of those documents, *and even testified that his wife or children may have been the ones sending those files*. *Id.*, 141:2-18. Similarly, Dave Aichele, Akoustis's VP of Business Development, testified he never used Qorvo documents at Akoustis. *Id.*, Ex. D, 60:17-23. Even after he was shown █████████████████ Qorvo documents from his own Akoustis files (including an e-mail from an Akoustis sales manager stating that he was using his ██████████████████████████████ ████████████████████████), Aichele claimed not to recall those documents. *Id.*, 197:12-202:13.

These repeated acts of obfuscation demonstrate a pattern of intent to deprive Qorvo of relevant information in discovery.

**B.   Courts Have Awarded Adverse Inference Sanctions in Similar Cases**

Akoustis's attempt to distinguish two of Qorvo's cases cited in the Motion lacks merit. Opp. 9. In *Folino v. Hines*, just like here, two iPads and a laptop computer were wiped of all data in the middle of the lawsuit. No. 17-1584, 2018 WL 5982448, at *1 (W.D. Pa. Nov. 14, 2018). The court determined defendant acted with an intent to deprive because the "[d]evices were in Defendant Ly's possession, only an intentional action could have reset the iPads and wiped the

---

[5] Akoustis repeatedly asserts that it has produced devices for 13 of the 15 custodians identified for inclusion in the forensic inspection. Because Mr. Faulkner could not access the computer for Lewis until November 10, 2023, these statements were incorrect at the time Akoustis made them.

computer, and the destruction of the data occurred at a point in time where she was acutely aware of its importance to Plaintiff." *Id*. at *3. The court also took issue with the fact that "the wiping of the hard drive were performed after Defendant Ly knew how important the evidence on those Devices was to Plaintiff and his lawsuit." *Id*. *Folino* is on all fours with the facts before this Court.

*GN Netcom, Inc. v. Plantronics, Inc.* is also on point. The defendant's executive deleted large volumes of e-mails while litigation was pending. 930 F.3d 76, 80 (3d. Cir. 2019). There, like here, "[d]uring depositions, Plantronics executives . . . were either forgetful or dishonest." *Id*. at 81. The court issued "a permissive adverse inference instruction to the jury at trial, fine[d] Plantronics three million dollars, and order[ed] it to pay GN's spoliation-related fees." *Id*.

Furthermore, courts routinely award adverse inference sanctions in similar circumstances where litigation hold notices are issued, but not followed. *See Scalia v. KP Poultry, Inc.,* No. CV193546, 2020 WL 6694315, at *6 (C.D. Cal. Nov. 6, 2020) (adverse jury instruction granted where defendant failed to comply with litigation hold letters); *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312-14 (11th Cir. 2023) (adverse inference sanctions affirmed: "But even with an active litigation hold—and then active litigation—Skanska did not back up its employees' cell phones. Nor did it suspend its ordinary cell phone data destruction policies—not even for known electronic data custodians . . . Skanska had an active litigation hold, but took no steps to implement it."); *Nuvasive, Inc. v. Day*, No. 19-10800, 2021 WL 9059745, at *7 (D. Mass. Aug. 23, 2021) (awarding adverse where defendant had been put on notice by a litigation hold to preserve electronic evidence, but shortly thereafter lost all his text messages "when data was transferred from his old to his new phone.").

The overwhelming evidence proves that Akoustis violated its duty to preserve relevant information in bad faith. Qorvo is entitled to an adverse inference.

10

███████████████████████████

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Jeremy A. Tigan (#5239) |
| Robert M. Masters | 1201 North Market Street |
| Jonathan R. DeFosse | P.O. Box 1347 |
| Timothy P. Cremen | Wilmington, DE  19899-1347 |
| Roy D. Jung | (302) 658-9200 |
| SHEPPARD, MULLIN, RICHTER | jblumenfeld@morrisnichols.com |
|    & HAMPTON LLP | jtigan@morrisnichols.com |
| 2099 Pennsylvania Avenue, NW, Suite 100 |  |
| Washington, DC  20006-6801 | *Attorneys for Plaintiff Qorvo, Inc.* |
| (202) 747-1900 |  |

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

November 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 10, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>Ryan Selness, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA  94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert C.F. Pérez, Esquire<br>Riccardo Macchiaroli, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA  22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017-5524<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Theresa A. Roozen, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street, NW<br>Washington, DC  20036-3006<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Shani Rivaux, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>600 Brickell Avenue, Suite 3100<br>Miami, FL  33131<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA  94304-1216<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)