IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>                Plaintiff,<br><br>      v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>                Defendants. | Case No. 1:21-01417-JPM<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PUBLIC VERSION** |

**DECLARATION OF KEVIN T. FAULKNER IN SUPPORT OF PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR MONETARY AND ADVERSE INFERENCE SANCTIONS FOR CONTEMPT AND SPOLIATION**

I, Kevin T. Faulkner, declare as follows:

    1.    I am a Vice President in the Unit 42 Security Consulting group at Palo Alto Networks, Inc. I am designated as Plaintiff Qorvo, Inc.'s ("Qorvo") expert to conduct a forensic inspection in the above captioned matter. I make this Declaration based on personal knowledge and would testify competently to the matters herein if called to do so. I provide this Declaration in support of Qorvo's Reply Brief in support of its Motion for Monetary and Adverse Inference Sanctions for Contempt and Spoliation.

    2.    I have reviewed Defendants Akoustis Technologies, Inc.'s and Akoustis, Inc.'s (collectively, "Akoustis") Opposition to Qorvo's Motion for Monetary and Adverse Inference Sanctions for Contempt and Spoliation (D.I. 372) (the "Opposition"), as well as the accompanying declarations of Jerry Bui (D.I. 374) (the "Bui Declaration") and Anthony Nixon (D.I. 377) (the "Nixon Declaration"). Based on my review of the Bui Declaration and Nixon Declaration, and based on my review of the data produced by Akoustis to date pursuant to the

-2-

Forensic Inspection Protocol (D.I. 299), I find some of the statements in the Bui Declaration and Nixon Declaration to be inaccurate, misleading, and/or inconsistent with the forensic data I have reviewed in this case. I hereby respond to some of the statements made in the Bui Declaration and Nixon Declaration.

**The Bui Declaration**

3. Paragraphs 16 and 17 of the Bui Declaration describe the various categories of forensic data produced for Joonbum Kwon and Joel Morgan and which Akoustis states was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 299).

4. Paragraph 18(i) of the Bui Declaration states that Akoustis has produced: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" However, for the past several weeks, I have been unable to access the Akoustis-issued laptop for custodian Pat Lewis because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. On the morning of November 10, 2023, Akoustis's counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Given

the timing of this disclosure, I have not had an opportunity to analyze Lewis's computer. So, through the date of the filing of this declaration, I have only been able to access company-issued computers for 12 of the 15 custodians requested by Qorvo.

5. Paragraph 21 of the Bui Declaration states: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Bui makes similar statements in Paragraph 23. However, the focus of Qorvo's Motion, and my initial declaration in support of that Motion, concerns documents saved locally on Morgan and Kwon's computers which *were not* backed up ▇▇▇▇▇. As described further below, my review of the computers for the other Akoustis custodians shows ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇s which were not backed up ▇▇▇▇. Filesystem metadata would not be available in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and Paragraphs 21 and 23 of the Bui Declaration fail to address those types of documents.

6. Paragraph 23 of the Bui Declaration states: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Mr. Bui again appears to be referring to documents saved in more than one location, such as e-mail files which are backed up ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In my experience, files saved locally on a

computer, even if copies of the same files are available elsewhere, have value to a forensic investigation as they can provide additional context to how a user was accessing, changing, saving, and using a document.

7.   Paragraph 24 of the Bui Declaration states: "  The focus of Qorvo's Motion and my initial supporting declaration is regarding documents and data saved locally on the Kwon and Morgan computers which are not backed up ▮▮▮▮▮▮▮. Mr. Bui does not dispute that there may be scenarios where documents and data reside solely on a computer hard drive. As described further below, in connection with my review of the Akoustis computers for the other Akoustis custodians, I discovered ▮▮▮▮▮ ▮▮▮▮▮▮▮ documents which were saved locally on the computer hard drives and not backed ▮▮▮▮▮▮▮▮▮▮▮▮

**The Nixon Declaration**

8.   Paragraph 3 of the Nixon Declaration states:  These statements are contrary to my review of the Akoustis-issued computers for other Akoustis custodians. There is substantial evidence that Akoustis

employees ███████████████████████████████████████████████████

███████████████ .

9. In connection with my review of the devices produced by Akoustis pursuant to the Forensic Inspection Protocol (D.I. 299), I have reviewed and analyzed the computers for the following 11 of the 15 custodians requested by Qorvo: Aichele, Bender, Davis, Dry, Dyer, Gray, Houlden, Kim, Shealy, Vetury, Winters (the "Akoustis Computers"). As addressed in the Motion and my initial supporting Declaration, the computers for Morgan and Kwon have not been produced by Akoustis. I have been unable to access the computer for Lewis because until November 10, 2023, Akoustis was unable to provide a BitLocker Recovery Password. And, I have not yet analyzed the computer for Wright.

10. I analyzed the Akoustis Computers to determine the volume of files saved locally to those computers which were not backed up to OneDrive, and therefore those locally saved copied of files would only be accessible through the computer hard drives themselves. In performing this analysis on the Akoustis Computers, my team applied the following parameters:

- Only looked for files with the following 20 file type extensions, (.s2p, .doc, .docx, .ppt, .pptx, .xls, .xlsx, .xlsm, .pdf, .dwg, .dxf, .pps, .one, .mpp, .vsd, .vsdx, .csv, .pages, .numbers, .keynote), as these file types are commonly used by users on the Akoustis Computers.

- Excluded any files with "OneDrive" in their folder path as they may have been synchronized to OneDrive.

- Excluded files that appeared to be part of computer programs or the internal workings of the computer rather than actual user-created files, such as any files in the folder paths "\Program Files\," "\Program Files (x86)\," "\ProgramData\," and "\Windows\."

- Identified two categories of locally saved files stored outside of ▮ 1) "in-user profile"; and 2) "outside user profile." In-user profile documents, such as documents in a custodian's "Downloads" folder, indicate they are files attributable to that particular custodian. Outside user profile documents may potentially include local files not directly attributable to any one custodian.

11. A chart reflecting the volume of locally saved files not backed up to ▮ for each of the 11 custodians is as follows:

| Custodian | In-User Profile | Outside User Profile | Total |
|---|---|---|---|
| Aichele | | | |
| Bender | | | |
| Davis | | | |
| Dry | | | |
| Dyer | | | |
| Gray | | | |
| Houlden | | | |
| Kim | | | |
| Shealy | | | |
| Vetury | | | |
| Winters | | | |
| **Grand Total** | | | |

12. As reflected in the table above, each of the Akoustis Computers I analyzed had a large volume of locally saved "in-user profile" documents which were not backed up to

OneDrive. In total, for the Akoustis Computers, there were ▮▮▮ locally saved "in-user profile" documents not backed up to OneDrive, and ▮▮▮ total locally saved documents not backed up to OneDrive.

13. Many of the locally-saved files which were not backed up to OneDrive also directly relate to Qorvo confidential information and the trade secrets that Qorvo has asserted in this case. I have reviewed Qorvo's Supplemental Trade Secret Identification dated July 25, 2023, which contains citations to documents Qorvo contends constitute its trade secrets which have been misappropriated by Akoustis. In my review of the Akoustis Computers, I found dozens of locally-saved files that constitute or relate to the asserted trade secrets, and which were not backed up to OneDrive. I discovered ▮ such files for Houlden, ▮ files for Dry, ▮ files for Bender, ▮ files for Vetury, and ▮ files for Kim. For example, some of the names of files which were not backed up to OneDrive include: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2023.

Kevin T. Faulkner

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 10, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>Ryan Selness, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA  94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Robert C.F. Pérez, Esquire<br>Riccardo Macchiaroli, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA  22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017-5524<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |

Theresa A. Roozen, Esquire  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
1200 Seventeenth Street, NW  
Washington, DC  20036-3006  
*Attorneys for Defendants Akoustis*  
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

Shani Rivaux, Esquire  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
600 Brickell Avenue, Suite 3100  
Miami, FL  33131  
*Attorneys for Defendants Akoustis*  
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

Ronald S. Lemieux, Esquire  
David S. Elkins, Esquire  
Victoria Q. Smith, Esquire  
SQUIRE PATTON BOGGS (US) LLP  
1841 Page Mill Road, Suite 150  
Palo Alto, CA  94304-1216  
*Attorneys for Defendants Akoustis*  
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)