## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION REGARDING EXPERT DISCOVERY, FEDERAL RULE OF CIVIL PROCEDURE 56 AND DAUBERT MOTION PRACTICE AND SCHEDULE

Pursuant to the Court's directive, Plaintiff Qorvo, Inc. ("Qorvo") and Defendants Akoustis Technologies, Inc. and Akoustis, Inc.'s (collectively "Defendants") respectfully submit this motion regarding expert discovery and dispositive and Daubert motion practice:

### Joint Proposal

- The parties jointly propose to combine all Federal Rule of Civil Procedure 56 motions brought by the parties into a single brief that does not exceed 30 pages, with any opposition brief similarly limited to 30 pages.

- The parties jointly propose that that Court impose a combined page limitation on dispositive and Daubert motions such that a party may not exceed 50 total pages of briefing in support of or opposition to such motions.

- The parties jointly move for leave to conduct one expert deposition—of Akoustis' expert, Dr. Michael Lebby—on January 31, 2024, five days after the close of expert discovery. Allowing Dr. Lebby's deposition to proceed out-of-time will not affect any of the other deadlines in this case, including those addressed below.

### Akoustis' Request Concerning Schedule on Daubert Motions

- Akoustis respectfully requests that the Court set a schedule for Daubert motions, with motions submitted on February 9 and responses filed on February 24. Qorvo opposes Akoustis' request to set a schedule for FRE 703/*Daubert* motions.

Lead and local counsel for the parties met and conferred by phone on January 8, 2024.

**AKOUSTIS' POSITION:**

The District of Delaware's default 20-page limit on motion briefs will not allow Akoustis to challenge the claims that it believes can and should be disposed of on partial summary judgment (trade secret misappropriation under the DTSA and North Carolina law, false advertising under the Lanham Act, unfair competition under North Carolina law, and civil RICO). Additionally, the Delaware District Judges routinely extend the 20-page limit for summary judgment in their scheduling orders. Akoustis would be able to present this motion with a 30-page opening brief, or a 20-page opening brief and up to 10 pages for a separate statement that complies with W. Tenn. Civ. L.R. 56.1. (For the Court's convenience, dispositive motions are due February 1 and responses due February 19.)

The Scheduling Order does not mention FRE 703/*Daubert* motions and, contrary to Qorvo's suggestion below the parties never had an understanding about when these motions would be filed. While the parties exchanged expert reports at the end of last year, the parties have not taken any expert depositions, which will necessarily factor into FRE 703/*Daubert* motions and may indeed provide additional bases for such motions. Given the close of expert discovery on January 26, 2024, Akoustis proposes that any FRE 703/*Daubert* motions be filed two weeks later, on February 9, with responses filed on February 23 – 21 days before the March 15, 2024 hearing on dispositive motions that could also address FRE 703 motions. Akoustis does not seek to change any dates in the existing Scheduling Order.

**QORVO'S POSITION**

Qorvo opposes the request to modify the briefing schedule for *Daubert* motions. Although the Scheduling Order (D.I. 198) does not expressly refer to *Daubert* motions, Qorvo believes the Court's intent (and the understanding of the parties) was that *Daubert* motions would be due on

February 1, 2024. This deadline was set to allow time for opposition briefing (due February 19, 2024) in advance of the March 15, 2023 hearing on dispositive motions. This schedule is also necessary to allow the Court time to address *Daubert* motions in advance of the trial date (May 6, 2024). While Akoustis argues that expert discovery closes shortly before the deadline for dispositive motions, the schedule nonetheless provides the parties adequate time to prepare any *Daubert* motions. In particular, Akoustis received Qorvo's opening expert reports on November 21, 2023. Qorvo's (single) rebuttal report was served on December 20, 2023. As such, under the existing schedule, Akoustis will have had more than ten weeks to prepare *Daubert* motions challenging Qorvo's opening expert opinions and more than six weeks to challenge Qorvo's rebuttal expert opinion. The request that the Court shorten the time to consider *Daubert* motions so that Akoustis has additional time to prepare such motions is not warranted.

Dated: January 19, 2023

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BAYARD, P.A. |
| /s/ Jeremy A. Tigan | /s/ Ronald P. Golden III |
| Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com | Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |