IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>      Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>      Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED** |

## THE AKOUSTIS DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, defendants Akoustis Technologies, Inc. and Akoustis Inc. ("Akoustis" or the "Akoustis Defendants") respectfully move the Court for an Order granting partial summary judgment for Defendants on the following counts:

    1.    <u>Counts VI, VIII, and IX</u>, alleging that Akoustis misappropriated and conspired to misappropriate Plaintiff Qorvo Inc.'s ("Qorvo") trade secrets. Qorvo has failed to identify the asserted trade secrets with sufficient particularity, and with 104 asserted trade secrets, defies the Court's intent that Qorvo limit its asserted trade secrets to a number that can be reasonably tried to a jury.

    2.    <u>Count III</u>, alleging a false advertising claim under the Lanham Act based on Akoustis' statements regarding its "single crystal technology." Akoustis has not made false statements regarding that technology and the record is devoid of evidence that customers were or would likely be confused by any statements.

    3.    <u>Count V</u>, alleging that Akoustis engaged in unfair competition under North Carolina law by misappropriating trade secrets, false advertising, and "poaching" former Qorvo

- 1 -

- 2 -

employees. In addition to the reasons set forth above, the record makes plain that no "poaching" occurred; rather Akoustis hired the best people for the job.

4. <u>Count VII</u>, alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Qorvo cannot show viable predicate acts, the existence of a distinct RICO enterprise, or any damages for the claim.

5. <u>Count II</u>, alleging patent infringement. To the extent this claim is directed to Akoustis' alternative design products, Qorvo did not amend its Infringement Contentions to include the alternative design products.

6. <u>Count IV</u>, alleging a patent marking violation. Qorvo has dropped this claim.

The grounds for this motion are set forth in its brief in support, declarations, and exhibits, concurrently filed.

Dated:  February 1, 2024

OF COUNSEL:

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
Squire Patton Boggs (US) LLP
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Respectfully submitted,

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*