# EXHIBIT 1

# REDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**QORVO'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO AKOUSTIS' FIRST SET OF INTERROGATORIES (NOS. 1–9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo" or "Plaintiff"), by and through its undersigned counsel, provides its second supplemental objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc.'s (collectively, "Akoustis" or "Defendants") First Set of Interrogatories (Nos. 1–9) (collectively, the "Interrogatories," and each, individually, an "Interrogatory").

**GENERAL RESERVATIONS AND OBJECTIONS**

Qorvo generally objects to Defendants' Interrogatories as follows. These general objections shall be incorporated by reference into each response below.

1. Qorvo's responses are made solely for the purpose of this action.

2. Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing. By making the accompanying responses and objections to Defendants' requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and

AKTS_00042030; AKTS_00042038; AKTS_00234713; AKTS_00082917; AKTS_00084688; AKTS_00084690; AKTS_00084894; AKTS_00084938; AKTS_00085155; AKTS_00085218; QORVO_00024064; AKTS_00115703; QORVO_0002487; QORVO_00024177; AKTS_00221192; QORVO_00023998; QORVO_00024006; QORVO_00024051; AKTS_00222250; QORVO_00024321; AKTS_00225178; QORVO_00024194; AKTS_00226591; QORVO_00023954; QORVO_00024317; QORVO_00023696; QORVO_00024206; AKTS_00119678; QORVO_00023637; QORVO_00023670; AKTS_00224122; QORVO_00023693; AKTS_00227080; QORVO_00023806; AKTS_00125763; QORVO_00024198; QORVO_00024233; AKTS_00024404; AKTS_00046299; AKTS_00137673; AKTS_00086739; AKTS_00089152; AKTS_00078630; AKTS_00078904; AKTS_00076285; AKTS_00076371; AKTS_00077548; AKTS_00076386; AKTS_00085589; AKTS_00076703; AKTS_00076886; AKTS_00076890; AKTS_00077192; AKTS_00149068; AKTS_00084938; AKTS_00080810; AKTS_00000883; AKTS_00000884; AKTS_00002062; AKTS_00002124; AKTS_00138517; AKTS_00082603; AKTS_00085626; AKTS_00077245; AKTS_00143612.

**INTERROGATORY NO. 9.**

Describe in detail any support for your allegation in paragraph 118 of the First Amended Complaint that, among other things, Akoustis falsely marked the Accused Products with purpose or intent to deceive the public that the Accused Products were covered by U.S. Patent No. 10,256,786 in violation of 35 U.S.C. § 292; including all documents supporting your contentions; and the persons most knowledgeable of the facts and evidence that establish or support your contentions.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Interrogatory No. 9 as including multiple subparts. Qorvo further objects to Interrogatory No. 9 as vague, ambiguous, and unduly burdensome to the extent it purports to require Qorvo to "[d]escribe in detail" (i) every document

23

that supports "your contentions" and (ii) every person "most knowledgeable" of any "facts or evidence" that support "your contentions."

Subject to and without waiving the foregoing objections, Qorvo responds as follows:

U.S. Patent No. 10,256,786 (the "'786 patent") requires a single crystal piezoelectric layer. For example, the '786 patent is titled: "Communication Filter Using Single Crystal Acoustic Resonator Devices." The independent claims of the '786 patent require piezoelectric layers, and the disclosure of the '786 patent make clear that the recited piezoelectric layers are single crystal. Akoustis is aware of the difference between single crystal piezoelectric layers and polycrystalline piezoelectric layers. For example, as discussed in response to Interrogatory No. 8, Akoustis commonly refers to the purported benefits of single crystal technology. Examples can be found at the following Bates numbers: QORVO_00000647-671; QORVO_00000716-718; QORVO_00007004-7006; QORVO_00018752-18771; QORVO_00000583-586; QORVO_00000720-722; QORVO_00023609-23616. Despite knowing the difference between single crystal and polycrystalline structures, Akoustis nonetheless marks polycrystalline products as practicing the '786 patent. Exemplary documents reflecting this false marking can be found at the following Bates numbers: QORVO_00007020-00007103.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (July 21, 2023):**

Pursuant to the Court's order on claim construction (D.I. 152), Qorvo is no longer pursuing its claim for false patent marking.

24

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | /s/ Jeremy A. Tigan |
| OF COUNSEL:<br><br>Robert M. Masters<br>Jonathan R. DeFosse<br>Timothy P. Cremen<br>Roy D. Jung<br>SHEPPARD, MULLIN, RICHTER<br>   & HAMPTON LLP<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC  20006-6801<br>(202) 747-1900<br><br>Eric K. Gill<br>Zachary Alper<br>Theodore Mayer<br>SHEPPARD, MULLIN, RICHTER<br>   & HAMPTON LLP<br>12275 El Camino Real, Suite 100<br>San Diego, CA  92130-4092<br>(858) 720-8900<br><br>James C. Wald<br>SHEPPARD, MULLIN, RICHTER<br>   & HAMPTON LLP<br>1901 Avenue of the Stars, 16th Floor<br>Los Angeles, CA  90067<br>(310) 228-3700<br><br>July 21, 2023 | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Plaintiff Qorvo, Inc.* |