# EXHIBIT 7

# REDACTED PUBLIC VERSION

██████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.,<br><br>Defendants. | C.A. No. 21-1417-JPM |

**DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S FIFTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis" or "Defendants") hereby submit the following Fifth Supplemental Responses to Qorvo, Inc.'s ("Plaintiff" or "Qorvo") First Set of Interrogatories (also referred to as "Request(s)").

**PRELIMINARY STATEMENT**

1. Defendants have not completed their investigation of the facts relating to this case, nor have they completed their factual preparation for trial or received the benefit of expert opinion and analysis. The information provided in these responses is based on the information presently known and reasonably available to Defendants after review of existing discovery and a reasonable investigation. Defendants' responses are based on current information and materials currently in Defendants' possession, custody or control including the current state of the pleadings including the First Amended Complaint which has been challenged under Rule 12. Because Defendants' investigation is continuing and discovery has just begun, additional documents responsive to these Requests may be identified before trial. Defendants reserve their

1

information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows: To the extent this Request seeks information on the opinion(s) of counsel as a defense, this Request is premature pursuant to LPR 2.3(c). As to the remainder of the Request, Akoustis incorporates its response to Interrogatory No. 5 regarding knowledge of the Patents-in-Suit. Akoustis further notes that there is a pending motion to dismiss the allegations of willful infringement for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Akoustis further notes that Akoustis has not filed its answer to the FAC. Akoustis reserves the right to amend the response as needed based on any clarity and understanding as to the timing of the Request or scope of the Request in view of the fact that it is Qorvo's burden to properly plead and prove willfulness.

**INTERROGATORY NO. 8:** Identify any acceptable non-infringing alternative(s) available to You as to the Patents-in-Suit and, for each non-infringing alternative, provide: (a) the specific patent and claim element(s) that you contend are not met by the non-infringing alternative; (b) the date when the non-infringing alternative became available to You or will become available to you; (c) all evidence showing that the non-infringing alternative would be acceptable to consumers; (d) any difference in performance between each Accused Product and its non-infringing alternative; (e) the cost associated with implementing the non-infringing alternative; (f) the time needed to implement the non-infringing alternative; and (g) any other information You contend is relevant to the evaluation of the non-infringing alternative.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis objects to the Request as including multiple subsets of Requests.  Akoustis further objects to the reference to "the specific patent and claim element(s)" as vague, ambiguous, and confusing, and objects to the suggestion that any non-infringing alternative must have been made available to Akoustis or differ in performance from the Accused Products.  To the extent the Request seeks attorney-client privileged information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  As to any non-privileged analysis of any acceptable non-infringing alternative(s), the Request is premature pursuant to LPR 2.3(a).  Akoustis further contends that the Accused Products qualify as non-infringing alternatives as further detailed in its non-infringement contentions.  Akoustis further contends that, for the '018 Patent, by way of example, a product where the electro-acoustic resonator includes a top electrode layer with the same thickness as the bottom electrode layer, would qualify as a non-infringing alternative.  Akoustis further contends that, for the '755 Patent, by way of example, a product with a BAW Acoustic Wave resonator with an outer region where the one or more material layers on the second surface of the piezoelectric adjacent to the second electrode is the same thickness (n=1) as the passivation layer within the active region, would qualify as a non-infringing alternative.  Akoustis reserves the right to amend the response as needed based on any clarity and understanding as to the timing of the Request and scope of the

19

Request, especially in view of the fact that it is Qorvo's burden to prove damages, including any claim for a reasonable royalty as a basis for damages. Finally, Akoustis notes that issues relating to non-infringing alternatives can be reserved for expert discovery relating to damages.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies bates number production AKTS_00022006 responsive to Interrogatory No. 8, subject to the Stipulated Protective Order. Although Akoustis maintains that the Accused Products do not infringe the Patents-in-Suit, Akoustis further contends that the non-infringing alternative designs identified in the above referenced production (designated as Variation A and B), ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Akoustis already possesses the required equipment and materials needed to bring these non-infringing alternative products to market; and these non-infringing alternative products would be acceptable to customers and/or potential customers as a replacement to the Accused Products. Akoustis further notes that various companies including Broadcom Corporation, Murata Manufacturing Co., Ltd., Qorvo, Skyworks Solutions Inc., Taiyo Yuden Co. Ltd., and Qualcomm Incorporated are part of the RF (radio frequency) component supplier market and that Akoustis and Qorvo compete or are likely to compete with these and other companies in efforts to sell products to companies that procure filters or internally source filters.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (07/21/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the document starting at Bates AKTS_00439078 as responsive to Interrogatory No. 8, subject to the Stipulated Protective Order. Although Akoustis maintains that the Accused Products do not infringe the Patents-in-

20

Suit, Akoustis further contends that variations of the above-identified non-infringing alternative designs for AKF-1252 and AKF-1256 products (AKTS-SAMP_0030 – 31) were provided to Qorvo's counsel on January 6, 2023 without any confidentiality restrictions. These were sold in commerce. The non-infringing alternative designs for A10655 and A10155 (AKTS-SAMP_0032 – 35) were provided to Qorvo's counsel on March 29, 2023, some samples were provided with confidentiality restrictions.[1] AKTS-SAMP_0034 was also sold in commerce. These samples further evidence that there exists acceptable non-infringing alternatives for each of the Patents-in-Suit.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (10/18/2023):**

Subject to the objections set forth above, Akoustis further responds to note that there are several third-party non-infringing alternatives, including but not limited to: Qualcomm's B8381, Qualcomm's B8380, Qualcomm's B8385, Qualcomm's B8387, Qualcomm's B8377, Cirocomm Technology Corp.'s 01152351J41F110, Glead Electronics' DFD5235S180DC, and Glead Electronics' DFD5697S360DC.

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the document starting at Bates AKTS_00682278, AKTS_00682279, AKTS_00439072 as responsive to Interrogatory No. 8, subject to the Stipulated Protective Order. Although Akoustis maintains that the Accused Products do not infringe the Patents-in-Suit, Akoustis further contends that it provided a a samples of the A10161 (AKTS-SAMP_0036), which does not infringe the '018 patent, to Qorvo's counsel on September 6, 2023 on an Attorneys Eyes Only – Subject to Protective order

---

[1] AKTS-SAMP_0032 was provided as Confidential; AKTS-SAMP_0033 was provided on an Attorneys' Eyes Only basis; AKTS-SAMP_0034 was provided without confidentiality restrictions; and AKTS-SAMP_0035 was provided on an Attorneys' Eyes Only basis.

21

basis. Akoustis also provided a non-infringing sample to Qorvo's counsel, a sample of A10156 (AKTS-SAMP_037), on October 10, 2023 on an Attorneys Eyes Only – Subject to Protective order basis.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (11/14/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the documents starting at Bates AKTS_00679991 and AKTS_00780833 as responsive to Interrogatory No. 8, subject to the Stipulated Protective Order.

**INTERROGATORY NO. 9:** Identify all evidence of (a) royalty rates and/or lump sum payments You have paid for the use of patents, including an identification of all licenses related in any way to the development, manufacture, use, or sale of any product identified in response to Interrogatory No. 1, and (b) the portion of the profit or the selling price of a product, including any product identified in response to Interrogatory No. 1, that may be customary to pay to allow use of inventions analogous to the inventions of the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law. Akoustis objects to the Request as including multiple subsets of Requests. Akoustis objects to Qorvo's reference to royalties for "use of [any] patents" and "identification of all licenses related *in any way* to the development, manufacture, use, or sale of any product identified in response to Interrogatory No. 1" and "the portion of the profit or the selling price of *a[ny] product*, including any product identified in response to Interrogatory No. 1, that may be customary to pay to allow use of inventions analogous to the inventions of the Patents-in-Suit" as

22

vague, ambiguous, and confusing, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case. Akoustis notes that issues relating to rates paid by a licensee for the use of *other patents comparable to the patent in suit* may be generally reserved for expert discovery relating to damages.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows: Akoustis withholds responding to the current Request and reserves the right to respond, as needed, based on any proper limitation to licenses for patents comparable to the Patents-in-Suit.

**INTERROGATORY NO. 10:** Identify by name, model number, and any other Identifying Indicia all past and current Akoustis products that You have sold or offered for sale that include a single crystal piezoelectric layer, and for each such product, identify (a) the date each product was first offered for sale, (b) the date each product was last offered for sale, (c) the number of units sold, (d) the sale date for each product sold, (e) the customer(s) who purchased each such product, and (f) the revenues generated from the sales of each product.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law. Akoustis limits its response to information in the 6 years prior to the original complaint as further described above. Akoustis objects to the Request as including multiple subsets of Requests. Akoustis challenges the materiality and proportionality of the scope of the Request in view of the fact that Qorvo does not accuse any Akoustis products containing single crystal piezoelectric layers.

23

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows: See Response to Interrogatory No. 1, specifically AKF-1435.  Other products in early development were initially designed and tested to include a single crystal piezoelectric layer, such as the AKF-1252 and AKF-1938 products identified in response to Interrogatory No. 1, but the finalized products sold or offered for sale included a polycrystalline piezoelectric layer.  Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and/or ESI Protocol, documents will be produced to show the details of sales or offers of sales of Akoustis products containing single crystal piezoelectric layers.  Akoustis reserves the right to amend the response and/or production as needed based on any clarity and understanding as to the scope of the Request, especially in view of the fact that Qorvo does not implicate Akoustis' single crystal products.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 10, subject to the Stipulated Protective Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (10/18/2022):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis hereby references AKTS_00021024.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (11/9/2022):**

A▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dated: November 14, 2023

OF COUNSEL:

PILLSBURY WINTHROP SHAW PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
Ryan Selness
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com
ryan.selness@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

Riccardo Macchiaroli
Robert C. F. Pérez
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd., Ste. 1400
McLean, VA 22102
(703) 770-7900
ric.macchiaroli@pillsburylaw.com

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.*

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1941 Page Mill Road, Suite 150
Palo Alto, CA 94304
Ronald.Lemieux@squirepb.com
David.Elkins@squirepb.com
Victoria.Smith@squirepb.com

*Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.*

robert.perez@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*