# EXHIBIT 8

# REDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) **DEMAND FOR JURY TRIAL** |
|         Defendants. | ) |

### **PLAINTIFF'S FINAL INFRINGEMENT CONTENTIONS**

Pursuant to the Court's Scheduling Order and the Local Patent Rules for the Western District of Tennessee ("LPRs"), Qorvo, Inc. ("Plaintiff" or "Qorvo") hereby provides its Final Infringement Contentions under LPR 3.8 and LPR 3.1 against Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Defendants" or "Akoustis") in the above-captioned case. These disclosures and contentions are made with respect to United States Patent Nos. 7,522,018 (the "'018 Patent") and 9,735,755 (the "'755 Patent") (collectively, the "Asserted Patents" or "Patents-in-Suit"), and solely for purposes of this action.

### I.   ASSERTED CLAIMS AND ACCUSED PRODUCTS (LPR 3.1(A), (B))

Qorvo asserts Akoustis infringes claims 1-3, 6, 10, and 12-14 of the '018 Patent and claims 1-7, 9-16, and 18 of the '755 Patent (collectively, the "Asserted Claims") pursuant to 35 U.S.C. § 271(a). Akoustis infringes claims 1-3, 6, 10, and 12-14 of the '018 Patent and claims 1-7, and 9 of the '755 Patent at least by making, using, selling, or offering to sell in the United States, without authority, the Accused Products. Akoustis infringes claims 10-16 and 18 of the '755 Patent at least by using the claimed methods to fabricate the Accused Products.

The Accused Products include each of the bulk acoustic wave ("BAW") filters identified at https://akoustis.com/products/filters/applications/all-products/.

| Part # | Description | Application | Center Freq. (MHz) | Bandwidth (MHz) | Typical Insertion Loss (dB) | Package | Size (mm) |
|---|---|---|---|---|---|---|---|
| A10149 | 4.9 GHz 5G Coexistence BAW Filter | Infrastructure | 4850 | 100 | 1.8 | Ceramic | 2.5 x 2.0 x 0.8 |
| A10155 | 5.5 GHz WiFi 6E Coexistence BAW Filter | WiFi | 5502.5 | 665 | 1.7 | Laminate | 3.5 x 3.5 x 1.4 |
| A10156 | 5.6 GHz WiFi 6E Coexistence BAW Filter | WiFi | 5600 | 725 | - | Laminate | 3.5 x 3.5 x 1.41 |
| A10165 | 6.5 GHz WiFi 6E Coexistence BAW Filter | WiFi | 6535 | 1180 | 1.7 | Laminate | 3.5 x 3.5 x 1.74 |
| A10235 | 3.5 GHz 5G Coexistence BAW Filter | Infrastructure | 3500 | 200 | 1.3 | Ceramic | 2.5 x 2.0 x 0.8 |
| A10252 | 5.2 GHz WiFi Coexistence BAW Filter | WiFi | 5250 | 160 | 1.3 | Laminate | 2.5 x 2.0 x 1.0 |
| A10256 | 5.6 GHz WiFi Coexistence BAW Filter | WiFi | 5665 | 345 | 1.6 | Laminate | 2.5 x 2.0 x 1.0 |
| A10266 | 6.6 GHz WiFi 6E Coexistence BAW Filter | WiFi | 6600 | 1020 | - | Laminate | 3.5 x 3.5x1.72 |
| A10335 | 3.5 GHz 5G Coexistence BAW Filter | Infrastructure | 3450 | 300 | 1.2 | Ceramic | 2.5 x 2.0 x 0.8 |
| AKF-1252 | 5.2 GHz RF BAW Filter | WiFi | 5250 | 160 | 1.7 | Laminate | 2.5 x 2.0 x 1.0 |
| AKF-1256 | 5.6 GHz RF BAW Filter | WiFi | 5665 | 345 | 1.9 | Laminate | 2.5 x 2.0 x 1.0 |
| AKF-1336 | 3.6 GHz CBRS Bandpass BAW Filter | Infrastructure | 3625 | 150 | 1.5 | Ceramic | 2.5 x 2.0 x 0.8 |
| AKF-1938 | 3.83GHz Bandpass BAW Filter | Defense/General | 3830 | 100 | 1.8 | Ceramic | 2.5 x 2.0 x 0.8 |

Akoustis, https://akoustis.com/products/filters/applications/all-products/ (visited June 13, 2023).

The Accused Products also include the AKF-1950 BAW Filter previously identified at https://akoustis.com/products/filters/applications/all-products/ as of February 17, 2022.

2



The Accused Products also include each of the products listed by Akoustis in response to Qorvo's Interrogatory No. 1, reproduced below.

> **INTERROGATORY NO. 1:** Identify by name, model number, and any other Identifying Indicia any Akoustis products that You identify as a bulk acoustic wave filter or that is, use, or include one or more such bulk acoustic wave filter(s), including each Accused Product, and for each product, identify (a) the date it was first made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, (b) the date it was last made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, and (c) the three individuals having the most knowledge of its design, development, marketing, manufacture, testing, and sales.

\* \* \*

> Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows: Akoustis has sold and/or offered for sale the following identified Akoustis bulk acoustic wave filter products, including the twelve (12) bulk acoustic wave filter products identified by Qorvo as accused "Akoustis BAW Filters":
>
> AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

This listing includes A10130-4, A10154, A10158, A10160, A10166, A10238, A10249, AKF-1125D, AKF 1125U, AKF-1335, AKF-1435, which are not currently listed on Akoustis' web page.

Thus, the complete list of Accused Products includes at least the following: A10130-4, A10149, A10154, A10155, A10156, A10158, A10160, A10165, A10166, A10235, A10238,



The Accused Products also include each of the products listed by Akoustis in response to Qorvo's Interrogatory No. 1, reproduced below.

> **INTERROGATORY NO. 1:** Identify by name, model number, and any other Identifying Indicia any Akoustis products that You identify as a bulk acoustic wave filter or that is, use, or include one or more such bulk acoustic wave filter(s), including each Accused Product, and for each product, identify (a) the date it was first made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, (b) the date it was last made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, and (c) the three individuals having the most knowledge of its design, development, marketing, manufacture, testing, and sales.

\* \* \*

> Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows: Akoustis has sold and/or offered for sale the following identified Akoustis bulk acoustic wave filter products, including the twelve (12) bulk acoustic wave filter products identified by Qorvo as accused "Akoustis BAW Filters":
>
> AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

This listing includes A10130-4, A10154, A10158, A10160, A10166, A10238, A10249, AKF-1125D, AKF 1125U, AKF-1335, AKF-1435, which are not currently listed on Akoustis' web page.

Thus, the complete list of Accused Products includes at least the following: A10130-4, A10149, A10154, A10155, A10156, A10158, A10160, A10165, A10166, A10235, A10238,

A10249, A10252, A10256, A10266, A10335, AKF-1125D, AKF 1125U, AKF-1252, AKF-1256, AKF-1336, AKF-1335, AKF-1435, AKF-1938, AKF-1950.

Akoustis may also be infringing the Asserted Claims by making, using, selling, offering for sale, or importing (whether alone or in concert with others, including their subsidiaries) other unidentified, reasonably similar, or complementary devices or products. For example, certain potentially infringing devices may not yet have been identified through discovery such that Qorvo can properly identify them as an Accused Product herein. To the extent such other products (or Akoustis' associated activities) infringe the Asserted Claims in substantially the same manner as set forth in the attached Exhibits A and B, Qorvo asserts that Akoustis infringes the Asserted Claims in connection with those products (and associated activities) as well.

**II.    INFRINGEMENT CHARTS (LPR 3.1(C), (E))**

Attached Exhibit A sets forth, in exemplary fashion and by way of illustration only, where each element of each Asserted Claim of the '018 Patent may be found in the Accused Products. Attached Exhibit B sets forth, in exemplary fashion and by way of illustration only, where each element of each Asserted Claim of the '755 Patent may be found in the Accused Products (or how each method element is performed).

Qorvo asserts that, under the proper construction of the Asserted Claims (including the Court's constructions in its March 15, 2023 Claim Construction Order (D.I. 152)), each limitation of the Asserted Claims is literally present in the Accused Products (or literally performed during their manufacture). To the extent any limitation is found not to be literally present (or performed), or to the extent Akoustis argues any limitation is not literally present in the Accused Products (or performed during their manufacture), Qorvo asserts that such limitation is present under the doctrine of equivalents because there are insubstantial differences between the corresponding

4

structure (or method) and features of the Accused Products (or method) and the elements of the Asserted Claims, and/or the relevant structures and features of the Accused Products (or method of manufacture) perform substantially the same function in substantially the same way to yield substantially the same result as those claim elements.

To the extent any claim element is governed by 35 U.S.C. § 112(6) and the corresponding structure of the Accused Product identified in these charts for that element was not available at the time the relevant claim issued, Qorvo also asserts that such corresponding structure is at least an equivalent structure under the doctrine of equivalents.

### III.   INDIRECT INFRINGEMENT (LPR 3.1(D))

Akoustis infringes each of the Asserted Claims pursuant to 35 U.S.C. § 271(b) by inducing its infringement by third parties at least by actively and knowingly inducing its customers and/or other end users to, literally or under the doctrine of equivalents, make, use, sell, and/or offer for sale in the United States, and/or import into the United States, products incorporating the Accused Products which utilize the inventions recited in the Asserted Claims.

Specifically, Akoustis induces infringement of the Asserted Claims by, for example, publishing instructions on its website instructing third parties on how and where to use the Accused Products. *See, e.g.*, QORVO_00000606-QORVO_00000607; QORVO_00000001-QORVO_00000006. These instructions include recommendations for customers of the Accused Products on how to solder and package the Accused Products as part of customer systems. *See, e.g.*, QORVO_00000606 ("Apply solder paste carefully on each pad using a dispensing system"); QORVO_00000006 ("Recommended Solder Profile[.]"). Akoustis' intent is further demonstrated by PCB diagrams published on its website that instruct customers on PCB metal, solder mask, and stencil pattern layouts for implementing the Accused Products in infringing systems. *See, e.g.*,

5

QORVO_00000001; QORVO_00000002; QORVO_00000004 (showing package drawing and PCB mounting pattern); QORVO_00000606 ("Akoustis Solder Application Notes[:] . . . [c]lean and prepare PCB[; a]pply solder paste[; p]lace component[; r]eflow and inspect[.]"). Akoustis further induces infringement by providing wide-ranging support to its customers on how to incorporate the Accused Products into customer products. *See, e.g.*, AKTS_00089774-AKTS_00089776; AKTS_00142407-AKTS_00142410; AKTS_00177807-AKTS_00177864.

Akoustis has had knowledge of the Asserted Patents, Asserted Claims, and Akoustis' infringement thereof, at least because its Ex-Qorvo BAW Employees, including former executives of Qorvo who are now executives of Akoustis, knew of the Asserted Patents and Asserted Claims and brought that knowledge to Akoustis. *See, e.g.*, QORVO_00071818-QORVO_00071820; AKTS_00034613. Moreover, Akoustis has participated in a wide-ranging theft of Qorvo's trade secret information as described in Qorvo's February 8, 2023 *Second Amended Complaint* (D.I. 125) and May 1, 2023 *Identification of Trade Secrets*. Part of that theft was of information regarding Qorvo's patent strategy (*see*, *e.g.*, AKTS_00205039 at 13), including knowledge of the Asserted Patents. Akoustis also has known and knows that its customers' use, sale, and offering for sale of the Accused Products constitutes infringement of the Asserted Claims for at least the reasons in the preceding section. To the extent it is required to be shown, direct infringement related to Akoustis' inducement can be any of those identified in the preceding section.

## IV. WILLFUL INFRINGEMENT (LPR 3.1(G))

Based on the information currently available to Qorvo, as of the introduction of the Accused Products and before this action, Akoustis knew of the Asserted Patents, Asserted Claims, and Akoustis' infringement thereof for at least the reasons in the preceding sections. Despite this knowledge, Akoustis brought the Accused Products to market, and has maintained the Accused

Products on the market, in bad faith. Akoustis' bad faith is further demonstrated by its wide-ranging theft of trade secrets described in Qorvo's February 8, 2023 *Second Amended Complaint* (D.I. 125) and May 1, 2023 *Identification of Trade Secrets*.

## V. PRIORITY (LPR 3.1(F))

Qorvo further asserts that the Asserted Claims of the '018 Patent claim priority to both International Application (Patent Cooperation Treaty) No. PCT/IB03/05675, filed December 4, 2003, and European Patent Application No. EP 02258613, filed December 13, 2002, and are entitled to the filing date of both of these applications. Qorvo further asserts that the Asserted Claims of the '755 Patent claim priority to United States Provisional Patent Application No. 62/207,702, filed August 20, 2015, and are entitled to the filing date of August 20, 2015.

## VI. RESERVATIONS

Fact discovery in this case is scheduled to close October 16, 2023. As such, Qorvo's investigation of the Accused Products and matters disclosed herein is ongoing. Moreover, Akoustis has yet to produce information believed to be relevant to an infringement analysis of the Asserted Claims, including (but not limited to) Computer Aided Design (CAD) files and testing and simulation data for each Accused Product. Qorvo contends that this information reflects further evidence to show the structure and relevant functions and properties of the Accused Products. In view of the above, these contentions are made according to documents and information produced by Akoustis, and/or reasonably publicly-available information regarding the Accused Products available to Qorvo at this time. Qorvo reserves the right to supplement, amend, or alter these contentions after further discovery including Akoustis' production of information referenced above, and/or after Akoustis and/or third parties produce other documents or things related to the Accused Products.

Akoustis has responded to Qorvo's Interrogatory No. 8 by stating that it has not implemented alternative designs and no product using any alternative design (i.e., AKTS_00022006) is "yet in the market."[1] And Qorvo is not otherwise aware that any such alternative designs have been implemented in any Accused Product. To the extent Akoustis changes the design of any Accused Product and/or Qorvo becomes aware of any changes to the design of any Accused Product, Qorvo reserves the right to supplement, amend, or alter these contentions to address any such new design.

These final contentions are made based on: (i) the Court's constructions of particular terms of the Asserted Claims (*see* D.I. 152), which are incorporated herein; and (ii) Qorvo's plain and ordinary interpretation of the remaining terms. Qorvo reserves the right to supplement, amend, or alter these contentions if, for example, the Court modifies its constructions and/or construes any additional terms.

Qorvo also reserves the right to supplement, amend, or alter these disclosures consistent with the LPRs and Rule 26(e) of the Federal Rules of Civil Procedure, including to identify additional infringing products identified during discovery.

---

[1] Defendants Akoustis Technologies, Inc. and Akoustis Inc.'s First Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1, 2, 3, 4, 8, and 10) at 19.

8

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jeremy A. Tigan* |
| Robert M. Masters | _____ |
| Jonathan R. DeFosse | Jack B. Blumenfeld (#1014) |
| Timothy P. Cremen | Jeremy A. Tigan (#5239) |
| Roy D. Jung | 1201 North Market Street |
| SHEPPARD, MULLIN, RICHTER | P.O. Box 1347 |
| & HAMPTON LLP | Wilmington, DE  19899-1347 |
| 2099 Pennsylvania Avenue, NW, Suite 100 | (302) 658-9200 |
| Washington, DC  20006-6801 | jblumenfeld@morrisnichols.com |
| (202) 747-1900 | jtigan@morrisnichols.com |
|  | *Attorneys for Plaintiff Qorvo, Inc.* |

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

June 15, 2023

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>Ryan Selness, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA 90017-5524<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Theresa A. Roozen, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street, NW<br>Washington, DC 20036-3006<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |

Shani Rivaux, Esquire  VIA ELECTRONIC MAIL
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL  33131
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)