# EXHIBIT 11

# REDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Case No. 1:21-cv-01417-JPM

_____

QORVO, INC.,

Plaintiff,

v.

AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.

Defendants.

_____

EXPERT REPORT AND DISCLOSURE OF

MELISSA A. BENNIS

Submitted November 21, 2023

█████████████████████████

Case 1:21-cv-01417-JPM   Document 450-11   Filed 02/08/24   Page 3 of 6 PageID #: 18716
United States District Court for the District of Delaware
Case No. 1:21-cv-01417-JPM

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.



In order to identify which Ex-Qorvo employees were actually poached by Akoustis, I reviewed historical employee directory information produced by Akoustis. According to this information, Akoustis has hired at least 43 employees that formerly worked at Qorvo or its predecessors, TriQuint and RFMD.[249] After analyzing this data further, at least 29 of these 43 employees appear to have gone directly from positions at Qorvo to positions at Akoustis with no gaps in their employment history.[250] As such, these were the employees that I considered as potentially being poached by Akoustis. However, after further consideration of the evidence produced in this matter and conversations with Leslie Stoddard, Human Resources Connect Analyst at Qorvo, I understand that 10 of these employees were either terminated from their positions at

---

[247] ▒▒▒▒▒ (AKTS_00179476-AKTS_00179549 at AKTS_00179496).

[248] ▒▒▒▒▒ (AKTS_00179476-AKTS_00179549 at AKTS_00179524).

[249] Akoustis Employee Information (AKTS_01200287-AKTS_01200303).

[250] Akoustis Employee Information (AKTS_01200287-AKTS_01200303); Exhibit 4, Schedule 2.1.



Case 1:21-cv-01417-JPM   Document 450-11   Filed 02/08/24   Page 4 of 6 PageID #: 18717
United States District Court for the District of Delaware
Case No. 1:21-cv-01417-JPM

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.

Qorvo or are otherwise are not applicable for this analysis. For example, according to the deposition testimony of Mr. Bender, he was actually considering a position at a different company and was planning to leave Qorvo prior to being offered a position at Akoustis.[251] Thus, as a result, I ultimately identified a total of 19 employees that Akoustis directly poached from Qorvo.[252] The last step of my analysis involved comparing the positions of each of these employees at Qorvo to the positions identified in the KPMG valuation. Based on discussions with Ms. Stoddard, I understand that, of the 19 total poached employees, four would be the equivalent of a Project Manager, three would be the equivalent of a Senior Sales Manager, 11 would be the equivalent of a Senior Product Engineer, and one would be the equivalent of a Coordinator and Documentation Specialist. Applying the Assembly Cost per Employee identified in the KPMG valuation to the total number of poached employees results in a total damages estimate to Qorvo of ▮▮▮▮▮▮, as displayed in the chart below:[253]



### C. Basis and Reasoning for Patent Infringement Damages Opinion

Below I address key factors and considerations that I believe would form the basis for the negotiations for a hypothetical license to the patents-in-suit.

I understand that if Akoustis is found to have infringed one or more claims of the patents-in-suit, Qorvo (as sole owner of the patents-in-suit) is entitled to recover "damages adequate to compensate for the

---

[251] Deposition of Todd Bender, dated September 12, 2023, p. 23.

[252] See Exhibit 4, Schedules 2 and 2.1.

[253] See Exhibit 4, Schedule 2.

Case 1:21-cv-01417-JPM   Document 450-11   Filed 02/08/24   Page 5 of 6 PageID #: 18718
United States District Court for the District of Delaware
Case No. 1:21-cv-01417-JPM

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.



## VII. Conclusion

As discussed throughout my report, based on my understanding of the facts and circumstances in this matter, and assuming liability, it is my opinion that damages should be calculated as follows:

**Opinion I**: As a result of Akoustis' trade secret misappropriation, Akoustis has been unjustly enriched by virtue of being able to enter into the market and achieve revenue and profit prematurely. Assuming a head start advantage of 55 months, Akoustis has been unjustly enriched by at least ▮▮▮▮.

**Opinion II**: As a result of Akoustis' unfair competition, Qorvo has suffered damages and Akoustis has been unjustly enriched to the detriment of Qorvo. Specifically, with respect to the confidential information, Akoustis has been unjustly enriched by virtue of being able to enter into the market and achieve revenue and profit prematurely. Assuming a head start advantage of 55 months, Akoustis has been unjustly enriched by at least ▮▮▮▮. With respect to Akoustis' false advertising, Qorvo is owed damages of ▮▮▮▮ in the form of the cost of corrective advertising. Last, with respect to Akoustis' poaching of Qorvo's employees, Qorvo is owed damages of ▮▮▮▮ in the form of the cost to recruit, hire, and train additional employees.

**Opinion III**: A hypothetical negotiation for the use of the patents-in-suit would have resulted in a reasonable royalty of 1% applied to Akoustis' Accused Product revenue. Applying this royalty rate to Akoustis' Accused Product revenue for the period October 5, 2021 through June 30, 2024 results in reasonable royalty damages of ▮▮▮▮.

United States District Court for the District of Delaware
Case No. 1:21-cv-01417-JPM

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.

Prejudgment Interest

I understand that the decision to award prejudgment interest is a matter for the Court to determine. However, unless otherwise instructed, I would ordinarily expect to calculate prejudgment interest at the average annual prime rate, compounded annually. I typically calculate prejudgment interest at the prime rate based upon my understanding that the prime rate is often chosen by federal judges in patent infringement matters.

***********

My report, with supporting exhibits, is contained herein, and presents a summary of my opinion and the bases and reasons therefor as of this date. To the extent any additional information is produced by the parties or their experts, I will be prepared to incorporate any such additional information into my report, or otherwise to amend or supplement my report as appropriate.

This report is to be used only for the purpose of this litigation and may not be published or used for any other purpose without prior written consent.

By:

*/s/ Melissa A. Bennis*

Melissa A. Bennis
November 21, 2023