# EXHIBIT 18

# REDACTED PUBLIC VERSION



# Transcript of Colin Hunt

**Date:** October 10, 2023
**Case:** Qorvo, Inc. -v- Akoustis Technologies, Inc., et al.

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
www.planetdepos.com

Transcript of Colin Hunt
Conducted on October 10, 2023

1 (1 to 4)

```
                              1
 1         IN THE UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF DELAWARE
 3   QORVO, INC.,                )
 4                               )
 5         Plaintiff,            )
 6                               )
 7      vs.                      ) Case No.
 8                               ) 21-1417 JPM
 9   AKOUSTIS TECHNOLOGIES, INC., and )
10   AKOUSTIS, INC.,             )
11                               )
12         Defendants.           )
13   --------------------------------)
14
15
16
17
18                  30(b)(1)
19       VIDEOTAPED DEPOSITION OF COLIN HUNT
20              SAN DIEGO, CALIFORNIA
21             TUESDAY, OCTOBER 10, 2023
22                   9:03 A.M.
23   Stenographically reported by:
24   Kayla Lotstein
25   California CSR No. 13916, CRR, RPR, CRC
```

```
                              2
 1         IN THE UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF DELAWARE
 3
 4   QORVO, INC.,                )
                                 )
 5         Plaintiff,            )
                                 )
 6      vs.                      ) Case No.
                                 ) 21-1417 JPM
 7   AKOUSTIS TECHNOLOGIES, INC., and )
     AKOUSTIS, INC.,             )
 8                               )
           Defendants.           )
 9   --------------------------------)
10
11
12
13       VIDEOTAPED DEPOSITION OF COLIN HUNT taken on
         behalf of Plaintiff, at 9:03 a.m., Tuesday,
14       October 10, 2023, at 11682 El Camino Real,
         Suite 200, San Diego, California, before Kayla
15       Lotstein, Certified Shorthand Reporter No.
         13916 of the State of California, pursuant to
16       Notice.
17
18
19
20
21
22
23
24
25
```

```
                              3
 1   APPEARANCES OF COUNSEL:
 2      FOR PLAINTIFF:
 3         SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
           BY:  ERIC K. GILL, ESQ.
 4         Egill@sheppardmullin.com
           BY:  ZACHARY ALPER, ESQ.
 5         Zalper@sheppardmullin.com
           12275 El Camino Real
 6         Suite 100
           San Diego, California 92130
 7
 8      FOR DEFENDANTS:
 9         PILLSBURY WINTHROP SHAW PITTMAN, LLP
           BY:  DAVID STANTON, ESQ.
10         725 South Figueroa Street
           36th Floor
11         Los Angeles, California 90017
           David.stanton@pillsburylaw.com
12         (213) 488-7271
13
14   Also Present:
15      Allan Heifetz, Videographer
16
17
18
19
20
21
22
23
24
25
```

```
                              4
 1                    INDEX
 2   WITNESS:  COLIN HUNT
 3                 EXAMINATIONS
 4                                         Page
 5     By Mr. Gill                          12
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

105
1  engineer?
2   A   I do not.
3   Q   Did you ever talk to Qorvo engineers to try to
4  get information from them?
5   A   No.
6   Q   You can set that one aside.
7       During your time at Akoustis, has Akoustis
8  made any commercial sales of any single crystal filters?
9   A   I don't really -- I don't know because we
10 market it with both single and polycrystal.  So I'm not
11 a hundred percent sure which ones are single and which
12 ones aren't as a sales guy.
13  Q   So do you know, for particular Akoustis
14 filters, are you familiar enough to know whether there
15 are single-crystal and polycrystalline variants of those
16 filters?
17  A   I know that there's two different versions,
18 yes.
19  Q   And when you're marketing a filter to a
20 customer, do you know which variant you're marketing to
21 that customer?
22  A   Not all the time, no.
23  Q   But sometimes you do?
24  A   Sometimes, yeah.
25  Q   And how would you get that information?

106
1   A   That would be from Dave.
2   Q   So -- so Mr. --
3   A   Mr. Aichele.
4   Q   Mr. Aichele would tell you this particular
5  filter uses single-crystal technology?
6   A   If I asked, yes.  But only if I asked.
7   Q   And would that be part of the information you
8  would deliver to the customer?
9   A   No, because people aren't too interested
10 whether it's single or polycrystal.  They just want the
11 performance.
12      MR. GILL:  Okay.  Can we go off the record for a
13 minute.
14      THE VIDEOGRAPHER:  We're going off the record at
15 11:48.
16      (Recess was taken at 11:48 a.m. until
17      11:51 a.m.)
18      THE VIDEOGRAPHER:  We're back on the record at
19 11:51 a.m.
20      (Whereupon Exhibit 644 was marked for
21      identification.)
22 BY MR. GILL:
23  Q   Mr. Hunt, you've been handed what's marked as
24 Exhibit 644.  It's an e-mail exchange bearing production
25 No. AKTS_00105898.

107
1       Do you see that?
2   A   Yes.
3   Q   And the top e-mail is an e-mail from Shane
4  O'Neal to you dated May 13th, 2021; correct?
5   A   Yes.
6   Q   Do you recognize this e-mail?
7   A   It looks familiar.
8   Q   Okay.  Who's Mr. O'Neal?
9   A   He was one of the sales reps for Akoustis.
10  Q   Outside sales rep?
11  A   Yes.  He works for Disman Bakner.
12  Q   D-i-s-m-a-n --
13  A   Yeah.
14  Q   -- B-a-k-n-e-r; correct?
15  A   Correct.
16  Q   In the second e-mail down, you sent an e-mail
17 to Rajesh Koganti, K-o-g-a-n-t-i, of CommScope; correct?
18  A   Yes.
19  Q   And in that e-mail, you introduce Mr. Tony
20 Espinoza, who was a new Akoustis employee; correct?
21  A   Yes.
22  Q   Akoustis hired Mr. Espinoza from Qorvo?
23  A   I think so.
24  Q   And he wasn't the first employee Akoustis
25 hired from Qorvo, was he?

108
1   A   No.
2   Q   And he wasn't the last; correct?
3   A   I don't know on that one.
4   Q   Okay.  In response to your introduction to
5  Mr. Espinoza, Mr. O'Neal tells you to keep grabbing all
6  the good Qorvo guys and bring them onboard; correct?
7   A   Yes.
8   Q   In other words, continue hiring talented
9  engineers from Qorvo; correct?
10      MR. STANTON:  Objection.  Lacks foundation.  Calls
11 for speculation.  Document speaks for itself.
12      THE WITNESS:  The good guys from Qorvo, not
13 necessarily engineers.
14 BY MR. GILL:
15  Q   Okay.  Any good guys from Qorvo; correct?
16  A   Yeah.
17  Q   All right.
18      MR. GILL:  Pass the witness.  Pass the witness.
19      MR. STANTON:  Oh, I have no questions.
20      MR. GILL:  Okay.  Thank you, Mr. Hunt.
21      THE WITNESS:  Thank you.
22      THE VIDEOGRAPHER:  This concludes the videotaped
23 deposition of Colin Hunt.  We're going off the record at
24 11:54 a.m.
25      (A discussion was held off the record.)

109

1  THE VIDEOGRAPHER: We're back on the record.
2  MR. GILL: We just want to designate the transcript
3  as attorneys' eyes only. That's it.
4  THE VIDEOGRAPHER: Okay. This marks the end of the
5  deposition of Colin Hunt. We're going off the record at
6  11:55 a.m.
7  THE STENOGRAPHER: And, Counsel, for the
8  stenographic record, would either of you like a rough
9  draft or certified copy?
10 MR. GILL: Yeah, I think we do want rough.
11 (Proceedings concluded at 11:55 a.m.)

110

1  STATE OF CALIFORNIA    )
2                         ) ss.
3  COUNTY OF ORANGE       )
4
5
6
7    I, the undersigned, say that I have read the
8  foregoing deposition, and I declare, under penalty of
9  perjury, that the foregoing is a true and correct
10 transcript of my testimony contained therein.
11    EXECUTED this _____ day of _____,
12 2023, at _____, California's.
13
14
15
16    _____
            COLIN HUNT

111

1  BE IT KNOWN that the foregoing proceedings were taken
2  before me; that the witness before testifying was duly
3  sworn to testify to the whole truth; that the foregoing
4  pages are a full, true and accurate record of the
5  proceedings, all done to the best of my skill and
6  ability; that the proceedings were taken down by me in
7  stenographic shorthand and thereafter reduced to print
8  under my direction.
9
10    I CERTIFY that I am in no way related to any
11 of the parties hereto, nor am I in any way
12 interested in the outcome thereof.
13
14    ( ) Review and signature requested.
15    ( ) Review and signature waived.
16    (x) Review and signature neither requested
17 nor waived.
18
19    IN WITNESS WHEREOF, I have subscribed my name
20 this 17th day of October, 2023.
21
22    *Kayla Lotstein*
23
24    Kayla Lotstein, California CSR No. 13916
25