# EXHIBIT 21

# REDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### QORVO'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO AKOUSTIS' FIRST SET OF INTERROGATORIES (NOS. 1–9)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff Qorvo, Inc. ("Qorvo" or "Plaintiff"), by and through its undersigned counsel, provides its third supplemental objections and responses to Defendants Akoustis Technologies, Inc. and Akoustis, Inc.'s (collectively, "Akoustis" or "Defendants") First Set of Interrogatories (Nos. 1–9) (collectively, the "Interrogatories," and each, individually, an "Interrogatory").

### GENERAL RESERVATIONS AND OBJECTIONS

Qorvo generally objects to Defendants' Interrogatories as follows. These general objections shall be incorporated by reference into each response below.

1.      Qorvo's responses are made solely for the purpose of this action.

2.      Qorvo's investigation and development of all facts and circumstances relating to this action is ongoing.  By making the accompanying responses and objections to Defendants' requests, Qorvo does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and

████████████████████████████████████████

identification of all individuals or organizations who have ever licensed, or been offered a license, to the asserted patents, the identification of any license, settlement, or other agreements, including any draft agreements or negotiations, whether finalized or not, relating to licensing of the asserted patents, the dates of any licensing, or offers, and the amounts of any royalties or other payments exchanged; and identify person(s) with knowledge of the foregoing and documents concerning the foregoing.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Interrogatory No. 6 as including multiple subparts.  Qorvo further objects to Interrogatory No. 6 as vague and ambiguous to the extent it seeks a description of "facts and circumstances sufficient to detail" various matters related to licensing the asserted patents.  Qorvo further objects to Interrogatory No. 6 as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks identification of any person that has any knowledge of "the foregoing."

Subject to and without waiving the foregoing objections, Qorvo responds as follows:

███████████████████████████████████████████████.

**INTERROGATORY NO. 7.**

Describe in detail any and all damages sought in this litigation and the factual and legal basis for Qorvo's contention that it is entitled to such damages including, without limitation, the amount and nature of the alleged damages (i.e., whether a reasonable royalty or lost profits and the amounts of each); the theories, assumptions and calculations used to determine the alleged damages; all documents supporting your contentions; and the person(s) most knowledgeable of the facts and evidence that establishes or supports your contentions.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Interrogatory No. 7 as including multiple subparts.  Qorvo further objects to Interrogatory No. 7 to the extent it seeks the disclosure of any expert opinion on damages.  Qorvo expressly reserves the right to disclose an expert opinion on damages at the time specified under the Federal Rules of Civil Procedure and any scheduling order governing this action.  Qorvo further objects to Interrogatory No. 7 as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to require

Qorvo to "[d]escribe in detail" every document supporting any of Qorvo's contentions on damages. Qorvo further objects to Interrogatory No. 7 as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to require Qorvo to "[d]escribe in detail" any person that is "most knowledgeable" about any "facts or evidence" that in any way support Qorvo's contentions on damages.

Subject to and without waiving the foregoing objections, Qorvo responds as follows: The amount of each category of damages cannot be provided until Qorvo obtains discovery from Defendants. At the appropriate time and in accordance with the appliable rules and scheduling order, Plaintiff will rely on expert analysis and opinions based on the experience and knowledge of the expert(s), discovery in this action, and other relevant information, which has not been completed. Plaintiff intends to seek damages permitted by statute, including the following categories of damages:

| Category of Damages/Nature of Injury | Computation |
|---|---|
| Reasonable royalties under 35 U.S.C. § 284 for Akoustis' infringement of U.S. Patent Nos. 9,735,755 (the "'755 patent"), and 7,522,018 (the "'018 patent"). | Plaintiff expects to compute reasonable royalties based on the framework set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Information necessary to calculate these reasonable royalties is not reasonably available to Plaintiff at this stage of the litigation, including sales and financial information that must be provided by Akoustis during discovery. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |

| | |
|---|---|
| Profits Plaintiff would have made if Akoustis had not infringed the '755 patent and '018 patent | Plaintiff expects to compute lost profits according to the test set forth in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978). Plaintiff currently calculates lost profits to be no less than ██ ███ Information necessary to fully calculate lost profits is not reasonably available to Plaintiff at this stage of the litigation, including sales and financial information that must be provided by Akoustis during discovery. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Enhanced damages for willful infringement | Plaintiff will compute enhanced damages for willful infringement pursuant to 35 U.S.C. § 284 as three times the damages Plaintiff has suffered. |
| Disgorgement of profits Akoustis obtained as a result of its false advertising | Plaintiffs will compute profits according to 15 U.S.C. § 1117 by showing Akoustis' sales. Plaintiff will also ask the Court to enhance the profits award to fully compensate Plaintiffs for the false advertising, including the reputational harm that Plaintiff has suffered. Information necessary to determine Akoustis' sales is not reasonably available to Plaintiff at this stage of the litigation and must be provided by Akoustis during discovery. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Profits Plaintiff would have made if Akoustis had not engaged in false patent marking | Plaintiff currently calculates lost profits to be no less than ████. Information necessary to fully calculate lost profits is not reasonably available to Plaintiff at this stage of the litigation, including sales and financial information that must be provided by Akoustis during discovery. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |

| | |
|---|---|
| Disgorgement of the benefits Akoustis obtained from using Qorvo's confidential information in violation of N.C.G.S. § 75-1 | Plaintiff will seek the disgorgement of any benefits Akoustis has obtained from the use of Qorvo's confidential information, including any cost savings arising from the use of Qorvo's confidential information and any unjust gains Akoustis captured as a result of using the confidential information. Information necessary to determine the amount of disgorgement is exclusively in the possession of Akoustis and therefore is not reasonably available to Plaintiff at this stage of the litigation. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Exemplary damages for Akoustis' violation of N.C.G.S. § 75-1 | Plaintiff will compute exemplary damages as three times the total damages, costs, and fees. Plaintiff reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Attorneys fees, costs, and expenses | Plaintiff will compute the amount of the attorneys fees, costs, and expenses based on the reasonable fees, costs, and expenses incurred in connection with this litigation. Plaintiff cannot calculate those amounts—which will be incurred in the future—at this stage of the litigation. |

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (July 21, 2023)**

Subject to and without waiving the foregoing objections in the previous response to interrogatory No. 7, Qorvo additionally responds as follows:

| Category of Damages/Nature of Injury | Computation |
|---|---|
| Reasonable royalties under 35 U.S.C. § 284 for Akoustis' infringement of the '755 patent and '018 patent | Qorvo expects to compute reasonable royalties based on the framework set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Qorvo reserves the right to supplement this response after receiving the necessary discovery. |

| Category of Damages/Nature of Injury | Computation |
|---|---|
| Enhanced damages for willful infringement | Qorvo will compute enhanced damages for willful infringement pursuant to 35 U.S.C. § 284 as three times the damages Qorvo has suffered.  Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Disgorgement of profits Akoustis obtained as a result of its false advertising | Qorvo will compute profits according to 15 U.S.C. § 1117 by showing Akoustis' sales. Qorvo will also ask the Court to enhance the profits award to fully compensate Qorvo for the false advertising, including the reputational harm that Qorvo has suffered. Information necessary to determine Akoustis' sales is not reasonably available to Qorvo at this stage of the litigation and must be provided by Akoustis during discovery. Qorvo reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Disgorgement of the benefits Akoustis obtained from using Qorvo's confidential information in violation of N.C.G.S. § 75-1 | Qorvo will seek the disgorgement of any benefits Akoustis has obtained from the use of Qorvo's confidential information, including any cost savings arising from the use of Qorvo's confidential information and any unjust gains Akoustis captured as a result of using the confidential information. Information necessary to determine the amount of disgorgement is exclusively in the possession of Akoustis and therefore is not reasonably available to Qorvo at this stage of the litigation. Qorvo reserves the right to supplement this disclosure after receiving the necessary discovery. |
| Exemplary damages for Akoustis' violation of N.C.G.S. § 75-1 | Qorvo will compute exemplary damages as at least three times the total damages, costs, and fees.  Qorvo reserves the right to supplement this response as fact and expert discovery progress. |

| Category of Damages/Nature of Injury | Computation |
| --- | --- |
| Damages sufficient to compensate Qorvo for Akoustis' trade secret misappropriation under N.C.G.S. §§ 66-152 et seq. and/or under the Defense of Trade Secrets Act (18 U.S.C. §1832 et seq.) | Qorvo expects to compute damages for the misappropriation of its trade secrets based on the actual loss caused by the misappropriation, Akoustis's unjust enrichment, and/or a reasonable royalty for the unauthorized use and disclosure of the trade secrets. Qorvo currently expects that the actual loss damages will be computed, at least in part, on lost sales and price erosion. Qorvo currently expects that the unjust enrichment damages will be computed, at least in part, based on avoided costs (including research and development costs) and the head start that Akoustis has obtained in producing and marketing its products. Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Exemplary and punitive damages in view of Akoustis' violations of N.C.G.S. §§ 66-152 et seq. | Qorvo will compute exemplary and punitive damages as a multiple of the total damages, costs, and fees.  Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Exemplary and punitive damages in view of Akoustis' violations of the Defense of Trade Secrets Act (18 U.S.C. § 1832 et seq.) | Qorvo will compute exemplary and punitive damages as at least two times the total damages, costs, and fees.  Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Damages sufficient to compensate Qorvo for Akoustis' violations of 18 U.S.C. § 1961 and for its wrongful acts pursuant to a conspiracy in violation of North Carolina Law | Qorvo expects to compute such damages. Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Exemplary damages and punitive damages in view of Akoustis' wrongful acts committed pursuant to a conspiracy in violation of North Carolina Law | Qorvo will compute exemplary and punitive damages as a multiple of the total damages, costs, and fees.  Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |

| Category of Damages/Nature of Injury | Computation |
|---|---|
| Treble and punitive damages in view of Akoustis' violation of 18 U.S.C. § 1961 | Qorvo will seek treble and punitive damages under 18 U.S.C. § 1961 of at least three times the total damages, costs, and fees. Qorvo's investigation is ongoing, as is fact and expert discovery, and Qorvo reserves the right to supplement this response. |
| Attorneys' fees, costs, and expenses | Qorvo will compute the amount of the attorneys' fees, costs, and expenses based on the reasonable fees, costs, and expenses incurred in connection with this litigation. Qorvo cannot calculate those amounts—which include fees, costs, and expenses that will be incurred in the future—at this stage of the litigation. Qorvo reserves the right to supplement this response. |

**INTERROGATORY NO. 8.**

Describe in detail support for your allegations in the First Amended Complaint that Akoustis' false or misleading representations that its BAW filters are "single crystal" are material, including because they are likely to influence or has actually influenced the purchasing decisions of the target customers; including all documents supporting your contentions; and the persons most knowledgeable of the facts and evidence that establish or support your contentions.

**RESPONSE:**

In addition to the General Objections, Qorvo objects to Interrogatory No. 8 as including multiple subparts. Qorvo further objects to Interrogatory No. 8 to the extent it seeks the premature disclosure of expert opinions concerning the materiality of Akoustis' false statements. Qorvo expressly reserves the right to provide expert disclosures on this topic in accordance with the deadlines set by the Federal Rules of Civil Procedure and any scheduling order issued in this action. Qorvo further objects to Interrogatory No. 8 to the extent it seeks information that is equally accessible to Akoustis, including, for example, the many communications and assertions that Akoustis has made concerning the crystalline structure of its products. Qorvo objects to Interrogatory No. 8 as vague, ambiguous, and unduly burdensome to the extent it purports to

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

August 16, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*