IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | UNDER SEAL |
| ) | Case No. 1:21-cv-01417-JPM |
| v. ) | |
| ) | |
| AKOUSTIS TECHNOLOGIES, INC., and ) | |
| AKOUSTIS, INC., ) | |
| ) | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Plaintiff Qorvo, Inc.'s ("Qorvo") Motion for Sanctions filed on October 5, 2023, as well as the accompanying Opening Brief in Support and Declarations. (ECF Nos. 348-50.) Defendants Akoustis Technologies, Inc. ("Akoustis Technologies") and Akoustis, Inc. ("Akoustis Inc.") (collectively "Akoustis") filed their Response and the accompanying Declarations on October 27, 2023. (ECF Nos. 372-7.) Plaintiff filed its Reply and the accompanying Declarations on November 10, 2023. (ECF Nos. 398-400.) The Court held a hearing (the "Hearing") on this matter on November 20, 2023, and the official transcript of the Hearing was filed on November 25, 2023. (ECF No. 422.) Based on the analysis below, the Motion is **DENIED**.

**I.     BACKGROUND**

  **A.  Factual Background of the Case**

This is a civil action for patent infringement of one or more of the claims of U.S. Patent No. 7,522,018 (the "'018 Patent") and U.S. Patent No. 9,735,755 (the "'755 Patent). (ECF No.

125.) Qorvo also brings false advertising claims under 15 U.S.C. § 1125(a) and false patent marking claims under 35 U.S.C. § 292 relating to U.S. Patent No. 10,256,786 (the "'786 Patent"). (Id.) Qorvo also brings claims for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1, misappropriation of trade secrets under both federal law 18 U.S.C. § 1832 and state law N.C. Gen Stat. § 66-152, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1961, and civil conspiracy under state law. (Id.)

### B. Procedural Background of the Case

Qorvo filed the original complaint in this action on October 4, 2021. (ECF No. 1.) Since then, Qorvo has filed the First Amended Complaint ("FAC") on February 18, 2022 (ECF No. 28) and the Second Amended Complaint ("SAC") on February 8, 2023. (ECF No. 125.) On March 15, 2023, Akoustis filed their Answer to the SAC. (ECF No. 158.)

### C. Facts Relevant to the Instant Motion

Joonbum Kwon ("Kwon") is a former Qorvo employee who worked as an engineer at Qorvo's fabrication facility in Richardson, Texas." (ECF No. 359 at PageID 16953; ECF No. 348 at PageID 16395.) Akoustis hired Kwon in their New York fabrication facility, and his employment began on June 26, 2017. (Id.) ███████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████

Joel Morgan ("Morgan") worked as a Quality Manager at Qorvo from November 2008 to March 2015. (ECF No. 359 at PageID 16953; ECF No. 348 at PageID 16395.) Akoustis hired Morgan as Director of Quality in 2017 and he was promoted to the Vice President of Quality in 2019. (Id.) ███████████████████████████████████████████████

██████████

██████

Qorvo accuses Kwon and Morgan of misappropriation of Qorvo's trade secrets. (ECF No. 359 at PageID 16954-6; ECF No. 348 at PageID 16396-8.)

    i.  *Key Dates*

The table below summarizes key dates in the alleged spoliation of ESI:

| DATE | EVENT |
|---|---|
| October 4, 2021 | Qorvo files the instant action (ECF No. 1) |
| October 8, 2021 | Akoustis issues a litigation hold notice (ECF No. 389 at PageID 17392; ECF No. 372 at PageID 17281) |
| October 21, 2021 | Litigation hold communicated to Akoustis IT (ECF No. 389 at PageID 17392; ECF No. 372 at PageID 17281) |
| February 18, 2022 | Qorvo files First Amended Complaint (FAC) – identifying Kwon as one of former employees with confidential information (ECF No. 359 at PageID 16953-4; ECF No. 348 at PageID 16396-8) <br><br> Akoustis updates the litigation hold to include Kwon and Morgan (ECF No. 389 at PageID 17392; ECF No. 372 at PageID 17281) |
| February 21, 2022 | New litigation hold communicated to Akoustis IT (ECF No. 389 at PageID 17392; ECF No. 372 at PageID 17281) |
| April 27, 2022 | The Court enters a discovery order (ECF No. 61) |
| ████████ | ████████████████████████████████████ |
| ████████ | ████████████████████████████████████ |
| ████████ | ████████████████████████████████████ |
| February 8, 2023 | Qorvo files their second amended complaint (SAC) – referencing Kwon and Morgan and their involvement in the misappropriation of Qorvo's trade secrets (ECF No. 359 at PageID 16954; ECF No. 348 at PageID 16396) |
| May 5, 2023 | Qorvo submits a request for inspection of physical devices of relevant Akoustis employees (ECF No. 389 at PageID 17393; ECF No. 372 at PageID 17282) |

| | |
|---|---|
| August 18, 2023 | Qorvo identifies individuals for whom it wants forensic data produced, including Kwon and Morgan (ECF No. 359 at PageID 16957; ECF No. 348 at PageID 16399) |
| August 24, 2023 | The Court enters the Forensic Inspection Protocol, which allows Qorvo to identify 15 custodians for which Akoustis shall provide forensic images of all electronic storage systems (ECF No. 299) |
| ■ | ■ |
| ■ | ■ |
| ■ | ■ |
| ■ | ■ |
| September 8, 2023 | Parties meet and confer (ECF No. 359 at PageID 16958; ECF No. 348 at PageID 16400) |
| September 13, 2023 | Qorvo advises Akoustis about filing the instant Motion (ECF No. 359 at PageID 16958; ECF No. 348 at PageID 16400) |
| September 19, 2023 | Parties meet and confer for the second time (ECF No. 359 at PageID 16958; ECF No. 348 at PageID 16400) |

    *ii.*    *Standard Operating Procedures and Discovery Productions*



███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████

As of October 27, 2023, when Akoustis filed its Response to the instant Motion, Akoustis produced ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████

      *iii.*    *Akoustis' Litigation Hold for the Instant Action*

Upon initiating the litigation hold ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████ The litigation hold included: ████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████

      *iv.*    *The Loss/Destruction of Kwon and Morgan's Laptops*

      █████████████████████████████████████████

███████████████████████████████████████████████████████████████

5

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) ("FRCP 37(e)") allows a court to sanction a party for failing to preserve electronically stored information ("ESI") under certain circumstances and provides a framework for determining the appropriate sanctions when a court finds requisite prejudice or intent to deprive another party of the lost ESI.  See FED. R. CIV. P. 37(e).  The Court may sanction a party for ESI spoliation under FRCP 37(e) if: (1) a duty to preserve ESI existed; (2) the party failed to take reasonable steps to preserve ESI, which resulted in the loss of ESI; (3) the ESI cannot be restored or replaced through additional discovery.  Id.; CIGNEX Datamatics, Inc. v. Lam Rsch. Corp., No. CV 17-320 (MN), 2019 WL 1118099, at *4 (D. Del. Mar. 11, 2019) ("Before turning to the requirements of subsections (e)(1) and (e)(2), the Court must first address the threshold issues of Rule 37(e) – i.e., whether [spoliating party] should have preserved [ESI at issue] because litigation was ongoing or anticipated, whether [spoliating party] failed to take reasonable steps to preserve the [ESI at issue], and whether the lost information cannot be restored or replaced via other discovery.")   These are threshold issues that determine if FRCP 37(e) should apply.  Before the court may institute sanctions, however, the court must find that

either (1) the loss of ESI caused prejudice to the other party (FRCP 37(e)(1)); or (2) the spoliating party acted with intent to deprive or in bad faith (FRCP 37(e)(2)).  FED. R. CIV. P. 37(e)(1)-(2); CIGNEX Datamatics, 2019 WL 1118099 at *4.

### A. Intent to Deprive/Showing of Bad Faith Is Required Under FRCP 37(e)(2)

Under FRCP 37(e)(2), a party must show that "the [spoliating] party acted with the intent to deprive another party of the information's use in the litigation." FED. R. CIV. P. 37(e)(2).  The showing of intent to deprive or bad faith is therefore required for sanctions under FRCP 37(e)(2). Id.; see also FED. R. CIV. P. 37, 2015 Advisory Committee Notes on Subdivision (e)(2) (noting that subdivision (e)(2) was specifically enacted to provide a uniform standard in federal court for employing serious measures, such as an adverse jury inference, only in instances where there is a finding that the party acted with intent to deprive, and not in instances of negligence or even gross negligence).  To determine if intent to deprive/bad faith existed, the court must find that the spoliating party "intentionally destroyed or lost ESI." CIGNEX Datamatics, 2019 WL 1118099 at *2; see also GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82 (3d Cir. 2019); Micron Tech., Inc. v. Rambus Inc., 645 F.3d 1311, 1326 (Fed. Cir. 2011) (holding that "[t]o make a determination of bad faith, the district court must find that the spoliating party intended to impair the ability of the potential defendant to defend itself.") (citations omitted).

### B. Showing of Prejudice Is Required Under 37(e)(1)

FRCP 37(e)(1) "contemplates the award of a lesser sanction than an adverse inference in cases not involving bad faith or intentional misconduct." IOENGINE LLC v. Paypal Holdings, Inc., No. CV 18-452-WCB, 2022 WL 1443867, at *7 (D. Del. May 3, 2022). "In those situations, the court 'may order measures no greater than necessary to cure the prejudice' upon a finding of 'prejudice to another party from loss of the information.'" Id. (citing FED. R. CIV. P. 37(e)(1)).

"Prejudice to opposing parties requires a showing the spoliation 'materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of his case.'" Magnetar Techs. Corp. v. Six Flags Theme Park Inc., 886 F. Supp. 2d 466, 481 (D. Del. 2012) (citing Micron Technology, 645 F.3d at 1328).

### C. Contempt of Court Orders

"It is well-settled that a court has discretion to issue sanctions for failure to comply with discovery orders." Washington v. Grace, 533 Fed. App'x 68, 72 (3d Cir. 2013). To prevail on a motion for civil contempt, a party must show by clear and convincing evidence: "(1) that a valid order of the court existed, (2) that [the contemnor] had knowledge of the order, and (3) that [the contemnor] disobeyed the order." Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995). Once the moving party establishes these elements, the burden shifts to the alleged contemnor to establish a present inability to comply with the order in question. United States v. Chabot, 681 Fed. App'x 134, 136 (3d Cir. 2017) ("Once the movant establishes these elements, the alleged contemnor must produce the summoned records. If he refuses to do so, the burden of production shifts to the alleged contemnor to establish a present inability to comply with the order in question.").

### D. Standard of Proof

Third Circuit Courts have recognized "there is no clear answer" as to the appropriate burden of proof under FRCP 37(e). See, e.g., Delay v. Dollar Energy Fund, No. 21-CV-1037, 2023 WL 3177961, at *6 (W.D. Pa. May 1, 2023). Elements of the civil contempt order, on the other hand, must be proven by clear and convincing evidence. International Financial Co., LLC v. Jabali-Jeter, No. 18-cv-2120, 2019 WL 2268961, at *11 (E.D. Pa. May 28, 2019).

### III.   ANALYSIS

#### E.   Threshold Issues Under FRCP 37(e)

Because the standard of proof applicable to FRCP 37(e) in the Third Circuit is unclear, the Court applies the lower "preponderance of the evidence" standard throughout the FRCP 37(e) analysis. Since the movants fail to meet this lower standard, they would likewise fail even if a higher standard was applicable.

As previously mentioned, the Court may sanction a party for ESI spoliation under FRCP 37(e) if: (1) a duty to preserve ESI existed; (2) the party failed to take reasonable steps to preserve ESI, which resulted in the loss of ESI; and (3) the ESI cannot be restored or replaced through additional discovery. FED. R. CIV. P. 37(e); CIGNEX Datamatics, 2019 WL 1118099 at *4. The Court first analyzes those threshold issues to determine whether further analysis of intent to deprive/bad faith under FRCP 37(e)(2) and prejudice under FRCP 37(e)(1) is necessary.

*i.   Duty to Preserve ESI Existed*

"A party has a duty to preserve evidence it knows or reasonably should know is relevant to the action. The duty to preserve evidence begins when litigation is pending or reasonably foreseeable." Magnetar Techs, 886 F. Supp. 2d at 480. Here it is clear, and neither party disputes, that a duty to preserve existed for information relating to Kwon and Morgan. (See generally ECF No. 372; 389.) "Not only was litigation foreseeable, it was also pending and Akoustis was already under Court order to preserve all relevant evidence and identify any evidence that it could not preserve." (ECF No. 359 at PageID 16960; 348 at PageID 16402.) The Court finds that duty to preserve images of the Kwon and Morgan electronic devices existed.

*i.   Akoustis Failed to Take Reasonable Steps to Preserve ESI*

The second threshold question under FRCP 37(e) asks the court to determine if the spoliating party took reasonable steps to preserve the lost ESI. "The rule applies only if the

9

information was lost because the party failed to take reasonable steps to preserve the information." FED. R. CIV. P. 37, 2015 Advisory Committee Notes on subdivision (e). While the rule does not require perfection in an execution of a litigation hold, Akoustis fell far short of this standard in its implementation. (Id.)

Although Akoustis implemented a litigation hold shortly after the filing of the instant action, and diligently updated that hold as new information surfaced, ███████████████ ███████████████████████████████████████████████████████ ██████████ See supra Section I(C)(i). ████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████ (ECF No. 372 at PageID 17283; ECF No. 389 at PageID 17394.) ████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████ (ECF No. 413 at PageID 17615.) ████████ ████████████ should not render a litigation hold nonoperative. Thus, the Court holds that Akoustis failed to take reasonable steps to preserve the ESI at issue.

    *i.*  *The ESI Cannot Be Restored or Replaced*

Sanctions under Rule 37(e) are inappropriate where defendant failed to show that missing ESI "cannot be restored or replaced through additional discovery" <u>Monolithic Power Sys., Inc. v. Intersil Corp.</u>, No. 16-1125-LPS, 2018 WL 6075046, at *3 (D. Del. Nov. 19, 2018). Here, Qorvo argues that the destruction of the Kwon and Morgan ████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

10

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (ECF No. 348 at PageID 16403; ECF No. 359 at PageID 16961.) In response, Akoustis argues that Qorvo has received ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and that other data can be discovered through other means such as depositions, side-by-side document comparisons, evaluations of other custodian's activities or documents, or alternate sources of information from any of the fifteen (15) custodians. (ECF No 372 at PageID 1729-1; ECF No 389 at PageID 17401-2.) In reply, Qorvo argues that during his deposition ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (ECF No 398 at PageID 17477-8; ECF No. 418 at PageID 17654-5.)

Although the evidence necessary to show that Akoustis employees misappropriated Qorvo's trade secrets can be found in the side-by-side document comparisons, evaluations of other custodian's activities or documents, or alternate sources of information such as the abundant data Akoustis produced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the specific information not backed up to M365 accounts cannot be recovered. Given that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that information is also unlikely to come to light through depositions. The Court thus holds that the ESI at issue cannot be recovered or replaced.

The Court having found that Qorvo has met the burden of proof on all three threshold questions under FRCP 37(e), now turns to the specific requirements of FRCP 37(e)(2) and FRCP (e)(1).

F. **Intent to Deprive/Bad Faith Under FRCP 37(e)(2)**

Before a court can award sanctions under FRCP 37(e)(2), the moving party must show that "the [spoliating] party acted with the intent to deprive another party of the information's use in the litigation." FED. R. CIV. P. 37(e)(2). Qorvo argues that "[t]he circumstances here indicate that Akoustis intentionally destroyed the evidence on the laptops of Morgan and Kwon[,]" because (1)

11

Akoustis was under court order (ECF No. 61) to preserve relevant data; (2) ███████████████████████████████████████████████████ and (3) the vast nature and scope of the destruction clearly shows bad faith.  (ECF No. 348 at PageID 16404-5; ECF No. 359 at PageID 16962-3.)  In response, Akoustis admits that a mistake was made, but argues ███████████████████████████████████████████ ███████████████ does not show any bad faith.  (ECF No 372 at PageID 17286-7; ECF No. 389 at PageID 17397-8.)

Qorvo's conclusory statements regarding clear circumstances showing bad faith or intent to deprive, do not show that the lost ESI was destroyed in bad faith.  Qorvo fails to show that Akoustis' destruction of Kwon and Morgan laptops was an intentional destruction and not simply a mistake █████████████████████████████████████████████ ██████████████████████████████████ the fact that "Qorvo's forensic examiner received the full set of electronic images and the entire M365 accounts for thirteen other custodians[,]" and the amount of ████████████████████████████████████ all indicate that no bad faith destruction took place.  (ECF No. 372 at PageID 17297; ECF No. 389 at PageID 17390.)

The laptops were destroyed 14 months after this litigation was filed, but five months before Qorvo ever submitted a request for inspection of physical devices.  (ECF No. 389 at PageID 17393; ECF No. 372 at PageID 17282.)  The destruction took place ██████████████████████ ███████████████████████████████████████████████████ █████████████████  (ECF No. 413 at PageID 17515.)  Although, as the Court noted, the deletion arose from a far from perfect implementation of a litigation hold, this does not amount to showing of bad faith.

Finally, Qorvo argues that "the spoliation of Kwon's and Morgan's laptops did not occur in a vacuum but is simply the latest effort by Akoustis to withhold and/or evade discovery." (ECF No. 398 at PageID 17479; ECF No. 418 at PageID 17657.) ███████████████████████████████████████████████████████████████████████████████████████ (ECF No. 398 at PageID 17480; ECF No. 418 at PageID 17658.)  These instances, however, do not demonstrate bad faith relating to the destruction of Kwon and Morgan laptops, especially ████████████████████████████ ███████

The Court holds that Qorvo has failed to meet its burden of proof under FRCP 37(e)(2), and thus any relief available under this section is **DENIED**.

### G. Prejudice Under FRCP 37(e)(1)

To warrant sanctions under FRCP(e)(1), the loss of evidence must "materially affect the substantial rights of the adverse party and [be] prejudicial to the presentation of the case." Magnetar Techs., 886 F. Supp. 2d at 481.  "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation."  Monolithic Power, 2018 WL 6075046 at *1.  In a court's assessment of prejudice, "the abundance of preserved information may appear sufficient to meet the needs of all parties."  FED. R. CIV. P. 37 2015 Advisory Committee Notes on Subdivision (e)(1).

In the instant Motion Qorvo provides ████████████████████████████ ████████████████████████████████████████████████████████████████████████████ (ECF No. 348 at PageID 16396-8; ECF No. 359 at PageID 16954-6.)  In spite of that, ████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

13

███████████████████████████████████ (ECF No 348 at PageID 16497-8; ECF 359 at PageID 16965-6.)

Qorvo further argues that the M365 data is not a substitute for Computer hard drives, and that their experts review for the other thirteen custodians shows that Akoustis personnel frequently saved their files locally.[2] The Court does not doubt that the lost ESI cannot be replaced by the data available to Qorvo via M365. The loss of a subset of ESI, however, is insufficient to show that Qorvo is prejudiced in presentation of their case. ████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████ Further, Qorvo has not argued that ██████████████████████████████████████████████

████████████████████████ is insufficient to show trade secret misappropriation. Qorvo's own motion lists █████████████████████████████

████████████ (ECF No. 348 at PageID 16396-8; ECF No. 359 at PageID 16954-6.) This, in light of Akoustis' ██████████████████████████████████████████,

demonstrates that the loss of ESI does not prejudice Qorvo's ability to present its case.

The Court holds that Qorvo failed to meet its burden of proof for showing prejudice under FRCP 37(e)(1), and thus any relief available under this section is **DENIED**.

---

[2] "Kevin Faulkner, Qorvo's forensic expert, determined there were more than 455,000 files locally saved to [] eleven custodians' laptops which were not backed up to OneDrive." (ECF No. 398 at PageID 17476; ECF No. 418 at PageID 17654.)

H.  **Contempt of Court Orders**

To prevail on a motion for civil contempt, a party must show by clear and convincing evidence: "(1) that a valid order of the court existed, (2) that [the contemnor] had knowledge of the order, and (3) that [the contemnor] disobeyed the order." Operation Rescue, 54 F.3d at 137.

Only the April 27, 2022 Discovery Order (ECF No. 61) ("Discovery Order") was entered when the destruction of ESI took place. The Discovery Order generally directs the parties to "preserve materials reasonably related to this matter" and to "disclose categories or sources of information responsive to discovery requests that they have reason to believe have not been preserved or should not be preserved." (ECF No. 61 at PageID 636.) The Forensic Inspection Protocol targeting laptop data specifically was not entered until August 24, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 299.) The key question is whether Akoustis disobeyed the Discovery Order through the destruction of Kwon and Morgan's laptops.

In retrospect, Kwon and Morgan's laptops could have been reasonably related to the matter under the Discovery Order.  Qorvo, however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 372 at PageID 17292; ECF No. 389 at PageID 17403.) "Persons may not be placed at risk of contempt unless they have been given specific notice of the norm to which they must pattern their conduct." In re 710 Long Ridge Rd. Operating Co. II, LLC, 637 F. Supp. 3d 161, 186 (D.N.J. 2022) (citing Inmates of Allegheny Cty. Jail v. Wecht, 754 F.2d 120, 129 (3d Cir. 1985)). "For that reason, civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous…any ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." Id. (internal citations omitted).

15

Here, it is not sufficiently clear based on the course of discovery that Kwon and Morgan's laptop data fell under the purview of the Discovery Order. The Court therefore holds that Akoustis is not in contempt of the Discovery Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Qorvo's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED**, this 22nd day of February, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE