# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-1417-JPM |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC. | ) |
| Defendants. | ) |
| | ) **REDACTED - PUBLIC VERSION** |
| | ) Original Filing Date: February 20, 2024 |
| | ) Redacted Filing Date: March 8, 2024 |
| | ) |

## DECLARATION OF KEVIN T. FAULKNER IN SUPPORT OF QORVO'S OPPOSITION TO AKOUSTIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Kevin T. Faulkner, declare as follows:

1. I am a Vice President in the Unit 42 Security Consulting group at Palo Alto Networks, Inc. I have been retained by Plaintiff Qorvo, Inc. ("Qorvo") as an independent expert consultant to conduct a forensic inspection in the above-captioned matter.

2. I have prepared an expert report regarding the performed forensic inspection in the above-captioned matter. Attached as **Exhibit A** is a true and correct copy of excerpts of the report and appendices to the report.

3. The statements and opinions set forth in my report are true and accurate based on my personal knowledge and professional experience. My report accurately reflects the facts and circumstances described therein. If called to testify, I could and would competently testify to these statements and opinions.

4. I expect to testify at trial in this action regarding the statements and opinions set forth in my report, as well as on any other issues for which I have submitted or will submit opinions in this action.

5. I make this Declaration based on my personal knowledge, experience, and my professional judgment. I am over 18 years of age and, if called to do so, would testify competently to the matters herein.

### I. INSPECTED ELECTRONIC STORAGE SYSTEMS

6. In accordance to the Court's August 24, 2023 order (D.I. 299), I performed a forensic inspection of certain electronic devices imaged and produced by Akoustis Inc. Members of my team at Palo Alto Networks also assisted in performing the inspection under my supervision.

7. I understand that Qorvo identified 15 custodians at Akoustis that Qorvo requested to be included in the forensic inspection (the "Akoustis Custodians").

8. On August 25, 2023, I received a spreadsheet prepared by Akoustis listing electronic storage systems of the 15 custodians that Qorvo identified. Based on the spreadsheet, it was determined that Akoustis no longer had possession of the company-issued laptops for two of the custodians—Joonbum Kwon and Joel Morgan.

9. Upon further inspection, it later became apparent that Akoustis did not preserve and/or produce certain removable media used by the identified custodians. For example, one of the custodians—Rohan Houlden—used an external hard drive to store files in a folder titled "Qorvo laptop." While I identified evidence that Mr. Houlden had attached and transferred files from this external hard drive to his Akoustis computer, Akoustis did not produce the hard drive itself.

10. For another custodian—Pat Lewis—Akoustis produced an image of the custodian's computer that was encrypted and therefore inaccessible. Despite numerous requests, Akoustis did not provide the password to unlock and access Mr. Lewis's computer until

November 10, 2023. At that stage, I did not have sufficient time to perform a forensic analysis of Mr. Lewis's computer prior to the close of discovery and the deadline for serving initial expert reports.

11. Ultimately, I was able to perform a forensic inspection of the company-issued computers for 12 of the Akoustis Custodians. Further information on the devices that I inspected can be found in Appendix E to my expert report.

## II. SUMMARY OF INSPECTION FINDINGS

12. In connection with performing my forensic analysis, I received a list identifying more than 1,500 documents identified as containing Qorvo confidential information (the "Qorvo Confidential Documents"). That list is reproduced as Appendix C to my expert report.

13. As one part of my analysis, I searched for incidents of more than 1,500 confidential documents on the devices and in the files of the Akoustis Custodians. The number of incidents of a file—e.g., how many times it was saved, where it was saved, how many times it was circulated—is evidence of the extent to which Akoustis was interacting with the confidential documents. *See* Ex. A, ¶¶17-20, ¶¶130-139; *see also e.g.*, ¶¶29-33, ¶¶140-151.

14. I determined that the Akoustis Custodians had 9,438 file records of Qorvo Confidential Documents. *See* Ex. A, ¶20.

15. I also determined that Ex. 127 (AKTS_00197071), a filed named "2015 Market Portfolio Analysis_Investments rev Final.pptx" was copied to Mr. Houlden's computer on September 21, 2016, at 01:05:04 PM. *See* Ex. A, ¶152.

16. I also determined that Ex. 128 (AKTS_00203690), a filed named "Wi-Fi Connectivity Strategy Review rev11.pptx" was copied to Mr. Houlden's computer on September 21, 2016, at 01:05:02 PM. *See* Ex. A, ¶238.

17. In addition to searching for incidents of the Qorvo Confidential Documents, I also examined the electronic devices I received for evidence that Akoustis had obtained possession of other Qorvo files. As part of that analysis, I determined that one of the Akoustis Custodians—Rama Vetury, who was a former employee at Qorvo—obtained seven computer backups of his Qorvo computers dating May 30, 2014 to January 4, 2015. The Qorvo files that Mr. Vetury obtained comprise 279 GB of data, which is a significant amount of data. Ex. A, ¶21. For context, my report in its PDF format, excluding appendices, was a little over 1.1MB in size. This means over 250,000 copies of my report would be equivalent to the 279 GB of Qorvo files that Mr. Vetury obtained.

18. I also determined that two Akoustis Custodians—Mr. Vetury and Todd Bender, who were also former Qorvo employees—retained large volumes of their Qorvo emails when they joined Akoustis. Ex. A, ¶238. Mr. Bender retained archives that include more than 320,000 unique Qorvo emails. *Id.* Mr. Vetury retained archives that include more than 175,000 unique Qorvo emails. *Id.*

19. In sum, as a result of the forensic inspection, I identified nearly 500,000 unique Qorvo emails, plus 279 GB of additional data from Qorvo computers, in addition to the Qorvo Confidential Documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 20, 2024.

_____
Kevin T. Faulkner

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 20, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA 94304-1216<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)