# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

302 658 9200
302 658 3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@morrisnichols.com

April 4, 2024

The Honorable Jon P. McCalla  *VIA ELECTRONIC FILING*
United States District Court
  for the Western District of Tennessee
Odell Horton Federal Building
167 North Main Street
Chambers Room 942, Courtroom 7
Memphis, TN  38103

Re:  <u>Qorvo, Inc. v. Akoustis Technologies, Inc., et al.</u>, C.A. No. 21-1417 (JPM)

Dear Judge McCalla:

We write in response to the Court's request to provide supplemental authority for the trade secret damages analysis Qorvo's damages expert, Melissa Bennis, performed. The economic and judicial authority set forth below supports admitting her testimony.

Ms. Bennis's damages analysis valued the monetary benefit that Akoustis obtained as a result of misappropriating Qorvo's trade secrets. Qorvo's technical expert, Dr. Stanley Shanfield, determined that Akoustis misappropriated a wide range of trade secrets from Qorvo, resulting in a 55-month head start in entering and competing in the market. D.I. 469, Ex. A (Part 3) (Shanfield Rpt.), ¶510. Akoustis has not sought to exclude Dr. Shanfield's opinion.

Based on Dr. Shanfield's assessment that Akoustis entered the market 55 months early, Ms. Bennis determined that the most appropriate (and conservative) way to estimate the benefit to Akoustis would be to calculate the time value of money—i.e., the value to Akoustis of receiving cash flows 55 months earlier in time. D.I. 484, Ex. A (Bennis Rpt.), pp. 37-41. This does not "disgorge" Akoustis's revenue. Instead, it recognizes the benefit Akoustis received from having use of cash 55 months earlier than it otherwise would have realized.

The time value of money calculation—also referred to as a "present value" calculation—is a well-established methodology that economists use to determine the value of receiving a cash flow immediately as opposed to in the future. By way of example, the present value methodology that Ms. Bennis applied is described in *Essentials of Financial Management*, published by Liverpool University Press:

The Honorable Jon P. McCalla
April 4, 2024
Page 2

$$\text{Present Value} = \frac{CF_t}{(1+r)^t}$$

Here, we are said to have taken some future cash flow and discounted it back to time zero.

More formally, in order to find the present value of some future cash flow, we multiply the cash flow by the discount factor:

$$DF = \frac{1}{(1+r)^t}$$

$$PV = DF \times C_t = \frac{C_t}{(1+r)^t}$$

Declaration of Jennifer Klein Ayers ("Ayers Decl."), Ex. A, JASON LAWS, ESSENTIALS OF FINANCIAL MGMT. 53 (2018).

There are numerous other secondary sources recognizing both the economic benefit of the time value of money and the methodology that Ms. Bennis used to calculate that economic benefit. *See, e.g., id.*, Ex. B, CHRISTIAN SZYLAR, RISK MGMT. UNDER UCITS III/IV: NEW CHALLENGES FOR THE FUND INDUS. 254 (2010) ("Present value PV: The current value of a future sum of money or stream of cash flows, given a specified rate of return. Future cash flows are discounted at the discount rate, and the higher the discount rate, the lower the present value of the future cash flows."); *id.*, Ex. C, Mohammad Rahman, *Time Value of Money: A Case Study on Its Concept and Its Application in Real Life Problems*, 1-1 Int'l J. of Rsch. In Finance and Mgmt. 18 (2018) (stating that "[p]resent Value is a series of future payment[s] or future value discounted at a rate of interest up to the current date to reflect the time value of money"); *id.*, Ex. D, Catherine Cote, *Time Value of Money (TVM): A Primer*, Harv. Bus. Sch. Online (June 16, 2022), https://online.hbs.edu/blog/post/time-value-of-money (last visited Apr. 4, 2024) ("The Time value of money (TVM) is a core financial principle that states a sum of money is worth more now than in the future" and providing the formula for calculating present value: "[I]f you know the money's future value (for instance, a sum that's expected three years from now), you can use the following version of the formula to solve for its present value: PV = FV/[1 + (i/n)]$^{(n \times t)}$."). As Qorvo set forth in its brief (D.I. 482), courts have also widely accepted use of time value of money calculations in assessing damages. *See also Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 866, 869 (8th Cir. 2004) (upholding jury award based upon revenue in case for misappropriation of trade secrets where expert used discounted cash flow method to value revenue streams).

As reflected in the secondary sources cited above, the time value of money methodology is based on cash flows. In this case, the cash flows are the revenues Akoustis received 55 months earlier in time. Importantly, the references submitted by Qorvo confirm that costs are irrelevant to determining the economic benefit of the time value of money. Whether or how a person uses the money that it receives today does not diminish the economic benefit of receiving that money immediately (as opposed to in the future). Indeed, one premise of the time value of money methodology is that receiving money immediately allows a person the immediate use of that money rather than seeking a different source of financing. *E.g.*, D.I. 484, Ex. A (Bennis Rpt.), pp. 39-40; Ayers Decl., Ex. D ("In this example, the present value of Project A's returns is greater than Project B's because Project A's will be received one year sooner. In that year, you could

invest the $2 million in other revenue-generating activities, put it into a savings account to accrue interest, or pay expenses without risk."). As such, it is incorrect to assert (as Akoustis has) that costs are relevant to calculating the time value of money or would diminish the benefit that Akoustis obtained from receiving cash flows 55 months early. Regardless of how Akoustis used the cash flows, the economic benefit of receiving those cash flows 55 months early remains **exactly the same**. D.I. 484, Ex. A (Bennis Rpt.), pp. 39-40.

While costs do not have any impact on the time value of money calculation, costs **could** be **separately** relevant to determine the overall benefit that a party receives from misappropriating trade secrets. For example, if Akoustis incurred additional or increased costs as a result of its misappropriation, that could be relevant to a damages calculation. More specifically, such additional costs could be offset against the time value of money benefit that Akoustis received. Conversely, if a defendant reduces its costs as a result of misappropriating trade secrets, the value of the avoided costs would be an additional benefit to the defendant that would increase the overall damages owed. *Sabre GLBL, Inc. v. Shan*, 779 Fed. App'x 843, 848 & n.1 (3d Cir. 2019) (identifying avoided costs as "development costs [the defendant] avoided as a result of [the] misappropriation").

Here, Ms. Bennis determined (based on Dr. Shanfield's opinion) that Akoustis had **avoided costs** as a result of misappropriating Qorvo's trade secrets. *E.g.*, D.I. 484, Ex. A (Bennis Rpt.), p. 41. In other words, in addition to the benefit of receiving cash flows 55 months early, Akoustis also **lowered** its expenses by misappropriating Qorvo's trade secrets. Because Akoustis **avoided costs** by misappropriating Qorvo's trade secrets, the only impact of accounting for Akoustis's costs would be to **increase** the damages owing to Qorvo—i.e., the economic value of the avoided costs would be added to the economic value of the benefit of receiving cash flows early. *Id.*

In short, the methodology for Ms. Bennis's damages model is well-established in economic literature (and case law). Ms. Bennis could revise her damages calculations to also assess the impact of the trade secret misappropriation on Akoustis's costs. But that revision would: (i) be separate from and have no impact on the time value of money calculation that Ms. Bennis performed; and (ii) result in **increasing** the total damages at issue in this case because Akoustis avoided costs by misappropriating Qorvo's trade secrets.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc:   All Counsel of Record (via CM/ECF and e-mail)