IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

## **TABLE OF CONTENTS**

1.    Introduction to the Role of the Jury .................................................................. 1

2.    Overview of the Case........................................................................................ 2

3.    United States Patents........................................................................................ 4

4.    Evidence............................................................................................................ 5

5.    Burdens of Proof .............................................................................................. 7

6.    Witnesses .......................................................................................................... 9

7.    Expert Testimony ............................................................................................ 10

8.    Deposition Testimony ..................................................................................... 11

9.    Interrogatories ................................................................................................. 12

10.   Admitted Facts ................................................................................................ 13

11.   Demonstrative Exhibits................................................................................... 14

12.   Bench Conferences and Recesses ................................................................... 15

13.   Note-Taking .................................................................................................... 16

14.   Duty of the Jury .............................................................................................. 18

15.   Conduct of the Jury ......................................................................................... 19

16.   Course of the Trial .......................................................................................... 21

17.   Trial Schedule ................................................................................................. 22

1.      <u>**Introduction to the Role of the Jury**</u>

Members of the jury: now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence you will hear. Also, because this case involves patents, I will give you some preliminary instructions regarding patents. I will give you more detailed instructions on the law at the end of the trial.

You will hear evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You, and only you, will be the judges of the facts. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. It is important that you perform your duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

2.      **Overview of the Case**

As you heard during voir dire, the Plaintiff in this case is Qorvo, Inc. You will hear it referred to as "Plaintiff" or "Qorvo."

The defendants are Akoustis Technologies, Inc. and Akoustis, Inc. You will hear them referred to as "Defendants" or collectively as "Akoustis."

The technology and products at issue in this case relate to bulk acoustic wave filters, or BAW filters, which are used in advanced radio frequency filtering solutions for wireless devices, as well as radar and communications systems.

Qorvo is a company that develops and sells products for wireless and wired connectivity. Qorvo BAW filters provide high-power, high-frequency, and ultra-wideband solutions for the Wi-Fi, 5G mobile, automotive, defense, and other markets.

Akoustis is a BAW filter company. It targets high-power, high-frequency, and ultra-wideband solutions for the Wi-Fi, 5G mobile, automotive, defense, and other markets.

Qorvo and Akoustis are competitors in the BAW filter market.

Qorvo contends that it possesses trade secrets that Akoustis misappropriated and used as part of its business. Qorvo also contends that Akoustis has infringed two if its patents, U.S. Patent No. 7,522,018 and U.S. Patent No. 9,735,755. You will hear these referred to as the '018 and '755 patents, respectively, the Asserted Patents, and/or the Patents-In-Suit. Qorvo alleges that Akoustis has directly infringed claims 1 and 12 of the '018 patent, and claims 9 and 10 of the '755 patent. Qorvo also alleges that Akoustis falsely advertised certain aspects of its BAW filters. Qorvo also alleges that Akoustis engaged in unfair and deceptive trade practices and engaged in a civil conspiracy.

Akoustis denies Qorvo's allegations. Specifically, Akoustis denies that Qorvo possesses any Qorvo materials that qualify as trade secrets, that it did not use what Qorvo alleges to be trade

secrets, and that it engaged in no false advertising, no unfair and deceptive trade practices, and no civil conspiracy. Akoustis contends that Qorvo failed to file its trade secret and unfair and deceptive trade practices claims within the time required by the law to do so. Akoustis denies that it has infringed any of Qorvo's patents and contends that Qorvo's patents are invalid.

During the trial, the parties will offer testimony and evidence to familiarize you with technology involved with the asserted trade secrets and Asserted Patents.

At the end of trial, you must decide, among other things, whether Qorvo has proven that it possesses trade secrets that were misappropriated by Akoustis, and whether Akoustis infringed the asserted patent claims. You must also decide whether Qorvo has proven that Akoustis engaged in false advertising, unfair and deceptive trade practices, or civil conspiracy. You must also decide whether Qorvo's patents are valid and whether it brought its trade secret and unfair and deceptive trade practices claims within the time required by the law . Based on your findings, you will decide whether Qorvo has proven that it is entitled to any monetary damages and, if it is,  how much monetary damages should be awarded to Qorvo.

3.     **United States Patents**

As I just mentioned, this case involves patents, which is an area unfamiliar to many people. To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.


*[The video will be played.]*

4.    **Evidence**

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Certain things are not evidence, and must not be considered by you. I will list those things for you now:

1.  Statements, arguments, questions, and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received into evidence are not evidence.

3.  Objections are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection to a question or an exhibit, you must ignore the question or the exhibit. If I overrule an objection and allow the matter into evidence, treat the testimony or document as you would any other evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

4.  You should not consider testimony and documents I have excluded or stricken from the record and not admitted into evidence or told you to disregard.

5. Anything you see or hear about this case outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

5.    **Burdens of Proof**

In any legal action, facts must be proven to a required standard of evidence known as the "burden of proof." Here, there are two different burdens of proof. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence." Your verdict depends on whether you find certain facts have been proven either by a preponderance of the evidence or clear and convincing evidence

Qorvo contends that Akoustis misappropriated Qorvo's trade secrets, infringed two its patents, and engaged in false advertising, unfair and deceptive trade practices, and civil conspiracy. Akoustis denies these allegations. Qorvo has the burden of proving its case by a preponderance of the evidence. This means Qorvo has to produce evidence which, when considered in light of all the facts, leads you to believe that what Qorvo claims is more likely true than not. To put it differently, if you were to put Akoustis' evidence on the opposite side of the scale, the evidence supporting Qorvo's claims would have to make the scales tip to its side. If the scale reflects that the two sides are equal or tips in favor of Akoustis, you must find for Akoustis.

Akoustis contends that Qorvo did not file its trade secret misappropriation and unfair and deceptive trade practices claims in this case within the time required by the law. Akoustis must prove this defense by a preponderance of the evidence. Akoustis also contends that all of the asserted patent claims are invalid. Akoustis has the burden of proving that the asserted claims are invalid by "clear and convincing evidence." Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is a higher burden of proof than proof by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof, and it applies only to criminal cases. It does not apply in civil cases such as this. You should therefore not consider that burden of proof in this case.

**6.** <u>**Witnesses**</u>

You are the sole judges of each witness's credibility. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

This instruction applies to all witnesses, including expert witnesses.

**7.** **<u>Expert Testimony</u>**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business, and is permitted to state their opinion on technical subject matter related to that special skill or knowledge. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the other factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate given all the other evidence in the case.

You are free to accept or reject the testimony of experts just as with any other witness.

**8.** __Deposition Testimony__

I will now talk about the form of some of the evidence you will hear during trial. You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**9.**     <u>**Interrogatories**</u>

You may hear answers that the parties gave in response to written questions submitted by the other side. The written questions are called "interrogatories." The written answers were given in writing, and under oath, before the trial.

Interrogatory answers are entitled to the same consideration and are to be judged, insofar as possible, in the same way as other evidence.

10.    **<u>Admitted Facts</u>**

The parties have stipulated and agreed that certain facts are admitted as true, and those admitted facts may be read to you during trial. You must treat these admitted facts as having been proven for purposes of this case.

11.    **<u>Demonstrative Exhibits</u>**

Certain charts, summaries, and figures may be shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts, summaries, and figures are called "demonstrative exhibits" or just "demonstratives" and are used for convenience. They are not themselves evidence or proof of any facts. If a demonstrative does not correctly reflect the facts shown by the evidence in this case, you should disregard it and determine the facts from the documents, testimony, or other underlying evidence. Demonstratives are not admitted into evidence and should not be considered as evidence.

**12.** **<u>Bench Conferences and Recesses</u>**

During the trial it may become necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, sometimes called a sidebar, or by calling a recess. Please understand that while you are waiting, the Court and the lawyers are working and the parties are being charged for the time, i.e., the time spent comes out of their total trial time. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence that govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a lawyer's request for a sidebar. Do not consider my granting or denying a request for a sidebar conference as any indication of my opinion of the case or of what your verdict should be.

13.   **Note-Taking**

Before trial starts, you will be given a notebook that includes a notepad and a pen. If you wish, you may, but are not required to, take notes to help you remember what witnesses said. Notes may be helpful to you because at the end of the trial; you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. Therefore, you should pay close attention to the testimony as it is given.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case. Do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory. You should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

During the trial, documents or other physical items may be received into evidence. At the present, however, you will not be supplied with a list of exhibits which are received in evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.

No one will read your notes but you. Your notes will be destroyed after the trial is over.

**14.**    **Duty of the Jury**

It will be your duty to decide from the evidence which party is entitled to a verdict in its favor. From the evidence, you will decide what the facts are. You are entitled to consider the evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions from facts established by the evidence. You will then apply those facts to the law that I give you in these and the other instructions. In that way, you will reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree or disagree with the law stated in the instructions.

Do not allow sympathy or prejudice to influence you. The law requires that your verdict be unaffected by anything except the evidence, your common sense, and the law stated in these and other instructions.

Anything that I may say or do during the trial must not be taken by you as an indication of what I think of the evidence or what I think your verdict should be.

15.   **Conduct of the Jury**

Now a few words about your conduct as jurors, which you heard previously during jury selection.

First, during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply may not talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, please bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way. By that, I mean that if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family

and friends. You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on what used to be called Twitter, through any blog or website, through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, you should not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

16.     __Course of the Trial__

The case will begin shortly.

First, Qorvo's counsel may make an opening statement outlining its case. Next Akoustis' counsel may make an opening statement outlining its case. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the opening statements, the parties will present their evidence. Qorvo will go first and present witnesses that support its claims, and Akoustis may cross-examine those witnesses. When Qorvo is finished, Akoustis may present evidence, and Qorvo may cross-examine any witnesses presented by Akoustis. Both parties may also present rebuttal witnesses and evidence.

After all the evidence is presented, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you. Then I will give you instructions on the law and describe for you the matters you must resolve.

After that you will retire to the jury room to deliberate on your verdict.

17.     **Trial Schedule**

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to ten (10) business days to try, between now and Friday, May 17, 2024.

The trial will normally begin each day at 9:00 A.M, will go until around 12:30 P.M., when there will be about a forty-five-minute break for lunch, before continuing until 4:30 or 4:45 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means that I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by next Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.