IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] VOIR DIRE**

Good morning, ladies and gentlemen. My name is District Judge Jon P. McCalla, and I will be the judge presiding over the jury selection for a trial in a civil case for which a jury is about to be drawn. I will also be the judge presiding over the trial itself.

I am going to ask you some questions, the purpose of which is to: (1) enable the Court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to what are called peremptory challenges, that is, challenges that counsel can make to a potential juror without giving any reason.

Before I ask any questions, I am going to ask my Courtroom Deputy to swear the jury panel to answer all questions truthfully. (To Deputy, Please swear the panel).

You each have a list of the questions that I am also going to read out loud. If any of you answer "yes" to any of the questions that I ask, make a note of that on the list. At the end of the questions, my Courtroom Deputy will ask some of you to take seats in the jury box and, after that, I may ask those of you who answered "yes" to one or more questions to come back into the jury room to discuss your answers with the lawyers and me.

We are having jury selection today, but this trial will begin on Monday May 6, 2024. And once it begins, the presentation of evidence case may last up to 10 days – through Friday of next week. The trial will be timed, so the attorneys have to complete their trial presentations within those ten days. Jury deliberations, however, may require you to be here longer than the scheduled 10 days. Our trial days will run approximately from 9:00 a.m. to 4:30 p.m. each day.

My questions:

1. What is your name?

2. What is your city of residence?

3. Have you ever lived in North Carolina? Charlotte?

4. What is your highest level of education?

5. What is your current occupation; who is your employer; and what do you do at work? If you are not currently employed, what was your previous job and employer?

6. What is the occupation of the other adults in your household, and for whom do they currently work?

7. Does the schedule that I have just mentioned present a special problem for any of you?

8. The Plaintiff in this case is Qorvo, Inc., which I will refer to as Plaintiff or Qorvo. Qorvo has sued the Defendants, Akoustis Technologies, Inc. and Akoustis, Inc. I will refer to them collectively as "Defendants" or "Akoustis." Qorvo asserts claims against Defendants for misappropriation of trade secrets, patent infringement, false advertising, unfair competition, and civil conspiracy. Defendants deny those claims. Have any of you heard or read anything about this case?

9. Have you or anyone in your immediate family or close friends had any dealings with, or been employed by, any of these companies?

10. Do you possess any opinions about any of these companies that might make it difficult for you to be a fair and impartial juror in this case?

11. Are you aware of any other lawsuits involving either of these companies?

12. The lawyers and law firms involved in this case are:

**For Plaintiff:**

*Morris, Nichols, Arsht & Tunnell LLP*

    Jack Blumenfeld

    Jeremy Tigan

    Anthony Raucci

*Sheppard, Mullin, Richter & Hampton LLP*

    Robert Masters

    Jonathan DeFosse

    Timothy Cremen

    Roy Jung

    Kazim Naqvi

    Eric Gill

    Zachary Alper

    Jennifer Klein Ayers

    James Wald

    Thomas Carr

    Trevor Quist

    Theodore Mayer

**For Defendants:**

*Bayard, P.A.*

    Stephen Brauerman

    Ronald Golden

*Squire Patton Boggs LLP*

    Ronald Lemieux

    David Elkins

    Victoria Smith

    Xiaomei Cai

    Rachael Harris

    Matthew Stanford

*Pillsbury Winthrop Shaw Pittman LLP*

    David Jakopin

    Dianne Sweeney

    David Stanton

    Robert Fuhrer

    Ryan Selness

    Theresa Roozen

    Shani Rivaux

    Robert C. F. Perez

    Riccardo Macchiaroli

Do any of you or anyone in your immediate family or close friends know of, had any dealings with or been employed by any of the law firms or people that I have just named?

13. The individuals who may appear as witnesses in this case are:

**For Plaintiff:**

Robert Aigner

Shannon Beach

Michael Boyd

Steven "Eric" Creviston

Gernot Fattinger

Rob Kincaid

Michael Lysse

Todd Martin

Scott Morris

Kevin Schoenrock

Gayle Talaby

Tony Testa

Leah Giovan

John Bravman

Melissa Bennis

Kevin Faulkner

Helge Heinrich

R. Cuyler Robinson

Stanley Shanfield

**For Defendants:**

    Joonbum Kwon

    David Aichele

    Todd Bender

    Adam Cowan

    Robert Dry

    Colin Hunt

    Michael "Dave" Hodge

    Rohan Houlden

    Holly Johnson

    Daeho Kim

    Anthony Nixon

    Michael Ortiz

    Ya "Annia" Shen

    Jeffrey Shealy

    Rama Vetury

    Mary Winters

    Robert Darveaux

    Carlyn Irwin

    Michael Lebby

    Clark Nguyen

Are you or anyone in your immediate family or close friends related to, or personally acquainted with, any of those individuals?

14. Have you, or anyone close to you, ever worked for a company that makes, manufacturers, markets, or sells acoustic wave filters or semiconductors?

15. Have you or anyone close to you worked in telecommunications including making, selling or using telecom products?

16. Have you, or anyone close to you, ever worked in engineering, computer engineering, computer science, or computer programming, Wi-Fi technology, 5G technology, information systems or technology, or software engineering or software development?

17. Have you ever left an employer and joined a competitor?

18. Have you, or any company you worked for, been involved in a dispute over the use of trade secrets or confidential information?

19. Do you or your employer have any experience with trade secrets?

20. Do you have any strong feelings about trade secrets and how that information is protected?

21. Have you or anyone in your immediate family or close friends had any experience with patents, patent law, patented technology, or the United States Patent and Trademark Office?

22. Do you have any opinions about patents, patent rights, or the United States Patent and Trademark Office that might make it difficult for you to be a fair and impartial juror in this case?

23. Do you think companies should be able to obtain patent protection for technologies or products they invent?

24. Have you or anyone in your immediate family or close friends ever had a job that required signing a non-disclosure or non-compete agreement in a business context? And by that, I

mean a contract or agreement that prevents you (or your immediate family member or close friend) from disclosing confidential trade secrets or proprietary business information.

25. Do you have any opinions about confidentiality, non-disclosure or non-compete agreements that might make it difficult for you to be a fair and impartial juror in this case?

26. Do you have any formal education or training or have you worked in any of the following fields:

- Law
- Accounting/Finance
- Telecommunication for mobile devices
- Wi-Fi Technology
- 5G Technology
- Biology
- Chemistry
- Physics
- Mathematics
- Engineering

27. Do you have any strong positive or negative opinions about companies with foreign branches, affiliates, or operations that might make it difficult for you to be a fair and impartial juror in this case?

28. This case may involve a request for money damages. Do you have any strong beliefs or feelings about money damages that would impact your decision on whether to award money damages?

29. Under certain circumstances, the law allows what are called exemplary or punitive damages to make an example of, or to punish, a corporation or to deter others from engaging in similar conduct. Do you have any strong opinions about punitive damages that might make it difficult for you to be a fair and impartial juror in this case?

30. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?

    a. What was the lawsuit about?

    b. What was your role?

    c. How did it get resolved?

31. Have you ever served as a juror in a lawsuit?

    a. What type of case?

    b. Were you the foreperson?

    c. Was a verdict reached?

32. Is there anything, such as poor vision, difficulty hearing, difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

33. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

34. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

35. Do you know any of the other potential jurors that are in the room, or have you had any relationship with any of the other potential jurors before today?

36. Do you know of any other matter that you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or that you

think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?