IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|               Plaintiff, | ) ) ) |
| v. | )   C.A. No. 21-1417 (JPM) ) |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) ) ) |
|               Defendants. | ) |

**[AKOUSTIS' PROPOSED] SPECIAL VERDICT FORM**

# INSTRUCTIONS

When answering the following questions and completing this Verdict Form, please follow the directions provided on each page that follows and the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used in this Verdict Form:

1. "Plaintiff" and "Qorvo" both refer to Plaintiff Qorvo, Inc.

2. "Defendants" and "Akoustis" both collectively refer to defendants Akoustis Technologies, Inc. and Akoustis, Inc.

3. "Asserted Patents" refers collectively to U.S. Patent No. 7,522,018 and U.S. Patent No. 9,735,755.

4. "'018 Patent" refers to U.S. Patent No. 7,522,018.

5. "'755 Patent" refers to U.S. Patent No. 9,735,755.

## QUESTIONS AND ANSWERS

We, the jury, unanimously find as follows:

### TRADE SECRET MISAPPROPRIATION UNDER
### THE DEFEND TRADE SECRETS ACT AND
### THE NORTH CAROLINA TRADE SECRET ACT

**For each of the ALLEGED TRADE SECRETS that Plaintiff Qorvo presented at trial, please answer the following questions as instructed in this section:**

**Question No. 1(a):**

For **ALLEGED TRADE SECRET NO. 1** set forth below, answer question 1(a):

ALLEGED TRADE SECRET NO. 1:  [Plaintiff to complete this box by stating its ALLEGED TRADE SECRET NO. 1 that it intends to try to the jury with reasonable particularity in accordance with [the Court's Order/Instruction]

Do you find that Qorvo has proven by a preponderance of the evidence that Qorvo possessed ALLEGED TRADE SECRET NO. 1 at the time of the alleged misappropriation?

Yes\_\_\_
No\_\_\_

**Question No. 1(b):**
Do you find that Qorvo has proven by a preponderance of the evidence that ALLEGED TRADE SECRET NO. 1 is a trade secret, in that it is different from both (a) matters of general knowledge in the trade and (b) the special knowledge of persons skilled in the trade?

Yes\_\_\_
No\_\_\_

**Question No. 1(c):**
Do you find that Qorvo has proven by a preponderance of the evidence that ALLEGED TRADE SECRET NO. 1 has independent economic value from the fact that it is not generally known or not readily ascertainable by proper means?

Yes\_\_\_
No\_\_\_

**Question No. 1(d):**

Do you find that Qorvo has proven by a preponderance of the evidence that Qorvo took reasonable measures to keep ALLEGED TRADE SECRET NO. 1 secret?

Yes___
No___

*ANSWER QUESTION 1(e) BELOW ONLY IF YOU ANSWERED "YES" TO EACH QUESTION 1(a)-(d) ABOVE.  OTHERWISE DO NOT ANSWER THE REMAINING QUESTIONS REGARDING THIS TRADE SECRET AND MOVE ON TO THE NEXT ALLEGED TRADE SECRET PRESENTED AT TRIAL BY QORVO.*

**Question No. 1(e):**
Do you find that Qorvo has proven by a preponderance of the evidence that Akoustis possessed ALLEGED TRADE SECRET NO. 1 without proper authorization?

Yes___
No___

**Question No. 1(f):**
Do you find that Qorvo has proven by a preponderance of the evidence that Akoustis used ALLEGED TRADE SECRET NO. 1?

Yes___
No___

*ANSWER QUESTION 1(g) BELOW ONLY IF YOU ANSWERED "YES" TO EITHER QUESTIONS 1(e) OR 1(f). OTHERWISE DO NOT ANSWER THE REMAINING QUESTIONS REGARDING THIS TRADE SECRET , AND MOVE ON TO THE NEXT ALLEGED TRADE SECRET PRESENTED AT TRIAL BY QORVO.*

**Question No. 1(g):**
Do you find that Akoustis has proven by a preponderance of the evidence that Qorvo knew or with reasonable diligence should have known of Akoustis' possession or use of ALLEGED TRADE SECRET NO. 1 on or before October 3, 2018?

Yes___
No___

*ANSWER QUESTION 1(h) BELOW ONLY IF YOU ANSWERED "NO" TO QUESTION 1(g). OTHERWISE DO NOT ANSWER THE REMAINING QUESTIONS REGARDING THIS TRADE SECRET AND MOVE ON TO THE NEXT ALLEGED TRADE SECRET PRESENTED AT TRIAL BY QORVO.*

**Question No. 1(h)**
Did Qorvo prove by a preponderance of the evidence that it was injured by Akoustis' possession of ALLEGED TRADE SECRET NO. 1?

Yes\_\_\_
No\_\_\_

**Question No. 1(i)**

Did Qorvo prove by a preponderance of the evidence that it was injured by Akoustis' use of ALLEGED TRADE SECRET NO. 1?

Yes\_\_\_
No\_\_\_

*ANSWER QUESTION NO 1(j) BELOW ONLY IF YOU ANSWERED "YES" TO QUESTION 1(i) ABOVE. OTHERWISE DO NOT ANSWER THE REMAINING QUESTIONS REGARDING THIS TRADE SECRET AND MOVE ON TO THE NEXT ALLEGED TRADE SECRET PRESENTED AT TRIAL BY QORVO.*

**Question No. 1(j)**

What amount of damages, if any, did Qorvo prove by a reasonable certainty that it is entitled to recover for the use of ALLEGED TRADE SECRET NO. 1?

$_____.

**Question No. 1(k):**

Did Qorvo prove by a preponderance of the evidence that Akoustis' misappropriation of ALLEGED TRADE SECRET NO. 1 was willful and malicious?

Yes\_\_\_
No\_\_\_

*AFTER YOU HAVE ANSWERED ALL APPLICABLE SECTION 1 QUESTIONS FOR EACH ALLEGED TRADE SECRET PRESENTED AT TRIAL BY QORVO, PLEASE PROCEED TO QUESTION 2(a).*

==[QUESTIONS 1(a) THROUGH 1(k) WOULD BE REPEATED FOR EACH ALLEGED TRADE SECRET RAISED AT TRIAL BY PLAINTIFF QORVO]==

## CIVIL CONSPIRACY

**Question 2(a):**
Do you find that Qorvo has proven by a preponderance of the evidence that Akoustis acted with a common purpose to do an unlawful act with the following?

- Rohan Houlden, formerly the General Manager of Qorvo's Wireless Connectivity Group, prior to Mr. Houlden's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Robert Dry, formerly Director of Infrastructure and Defense Packaging at Qorvo, prior to Mr. Dry's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Todd Bender, formerly a Senior Tax Manager at Qorvo, prior to Mr. Bender's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Rama Vetury, formerly a Technical Manager at Qorvo's predecessor company, RFMD, prior to Dr. Vetury's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Ahmad Abdelmajid, formerly a Director of Wireless Connectivity Application Engineering at Qorvo;  
  Yes\_\_\_  No\_\_\_

- Alan Nicol, formerly a Staff Product Engineer at Qorvo  
  Yes\_\_\_  No\_\_\_

***ANSWER QUESTION 2(b) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(a). OTHERWISE DO NOT ANSWER QUESTION 2(b), AND MOVE ON TO QUESTION 3(a).***

**Question No. 2(b):**
Do you find that Qorvo has proven by a preponderance of the evidence that Akoustis performed an overt act in pursuance of the common purpose with the following?

- Rohan Houlden, formerly the General Manager of Qorvo's Wireless Connectivity Group, prior to Mr. Houlden's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Robert Dry, formerly Director of Infrastructure and Defense Packaging at Qorvo, prior to Mr. Dry's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Todd Bender, formerly a Senior Tax Manager at Qorvo, prior to Mr. Bender's employment at Akoustis;  
  Yes\_\_\_  No\_\_\_

- Rama Vetury, formerly a Technical Manager at Qorvo's predecessor company, RFMD, prior to Dr. Vetury's employment at Akoustis;  Yes___ No___

- Ahmad Abdelmajid, formerly a Director of Wireless Connectivity Application Engineering at Qorvo;  Yes___ No___

- Alan Nicol, formerly a Staff Product Engineer at Qorvo  Yes___ No___

***ANSWER QUESTION 2(c) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(b). OTHERWISE DO NOT ANSWER QUESTION 2(c), AND MOVE ON TO QUESTION 3(a).***

**Question No. 2(c):**
Do you find that Qorvo has proven by a preponderance of the evidence that Akoustis caused injury to Qorvo by performing the overt act with the following?

- Rohan Houlden, formerly the General Manager of Qorvo's Wireless Connectivity Group, prior to Mr. Houlden's employment at Akoustis;  Yes___ No___

- Robert Dry, formerly Director of Infrastructure and Defense Packaging at Qorvo, prior to Mr. Dry's employment at Akoustis;  Yes___ No___

- Todd Bender, formerly a Senior Tax Manager at Qorvo, prior to Mr. Bender's employment at Akoustis;  Yes___ No___

- Rama Vetury, formerly a Technical Manager at Qorvo's predecessor company, RFMD, prior to Dr. Vetury's employment at Akoustis;  Yes___ No___

- Ahmad Abdelmajid, formerly a Director of Wireless Connectivity Application Engineering at Qorvo;  Yes___ No___

- Alan Nicol, formerly a Staff Product Engineer at Qorvo  Yes___ No___

***ANSWER QUESTION 2(d) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(c). OTHERWISE DO NOT ANSWER QUESTION 2(d), AND MOVE ON TO QUESTION 3(a).***

**Question No. 2(d):**
Do you find that Qorvo has proven by a preponderance of the evidence that actual damage to Qorvo was caused by the conspiracy?

Yes___
No___

*ANSWER QUESTIONS 2(e) AND 2(f) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(d). OTHERWISE DO NOT ANSWER QUESTIONS 2(e) OR 2(f), AND MOVE ON TO QUESTION 3(a).*

**Question No. 2(e):**
Do you find that Qorvo has proven by a preponderance of the evidence that Qorvo has been harmed by the conspiracy in a way that is separate from any harm that may have been caused to Qorvo by any alleged trade secret misappropriation?

Yes___
No___

**Question No. 2(f):**
Do you find that Akoustis has proven by a preponderance of the evidence that Qorvo knew or with reasonable diligence should have been known the facts underlying Qorvo's civil conspiracy claim or before October 3, 2018?

Yes___
No___

## FALSE ADVERTISING

**Question No. 3(a):**
Did Qorvo prove by a preponderance of the evidence that Akoustis' statement that it used "single crystal technology" was literally false?

Yes___
No___

*ANSWER QUESTION 3(b) ONLY IF YOU ANSWERED "YES" TO QUESTION 3(a). OTHERWISE DO NOT ANSWER QUESTION NUMBER 3(b), AND MOVE ON TO QUESTION 4(a).*

**Question No. 3(b):**
Did Qorvo prove by a preponderance of the evidence that its single crystal technology statements actually deceived any customers?

Yes___
No___

*ANSWER QUESTION 3(c) ONLY IF YOU ANSWERED "YES" TO QUESTION 3(b). OTHERWISE DO NOT ANSWER QUESTION 3(c), AND MOVE ON TO QUESTION 4(a).*

**Question No. 3(c):**
Did Qorvo prove by a preponderance of the evidence that Akoustis' single crystal technology statements influenced the purchasing decisions of any customers in interstate commerce?
Yes___
No___

*ANSWER QUESTION 3(d) ONLY IF YOU ANSWERED "YES" TO QUESTION 3(c). OTHERWISE DO NOT ANSWER QUESTION 3(d), AND MOVE ON TO QUESTION 4(a).*

**Question No. 3(d):**
Did Qorvo prove by a preponderance of the evidence that Qorvo was injured as a result of Akoustis' single crystal technology statements?

Yes___
No___

*ANSWER QUESTION 3(e) ONLY IF YOU ANSWERED "YES" TO QUESTION 3(d). OTHERWISE DO NOT ANSWER QUESTION 3(e), AND MOVE ON TO QUESTION 4(a).*

**Question No. 3(d):**
What damages, if any, did Qorvo prove by a preponderance of the evidence it is entitled to for Akoustis' false advertising under the Lanham Act?

$_____

## UNFAIR AND DECEPTIVE TRADE PRACTICES

**Question No. 4(a):**
Do you find that Qorvo has proven by the preponderance of evidence that Akoustis has engaged in one or more of the following activities?

(1)  making false statements that all of Akoustis' BAW filters use "single crystal" technology.

Yes___
No___

(2)  recruiting large numbers of Qorvo employees as part of a scheme to obtain Qorvo's confidential information.

Yes___
No___

(3)  misappropriating Qorvo's trade secrets.

Yes___
No___


***ANSWER 4(b) ONLY IF YOU ANSWERED "YES" TO ANY QUESTIONS UNDER 4(a). OTHERWISE DO NOT ANSWER QUESTION 4(b), AND MOVE ON TO QUESTION 5(a).***

**Question No. 4(b):**
If you find that Akoustis engaged in any of the conduct in Question 4(a), do you find that Qorvo has proven by the preponderance of evidence that any of that conduct is an unfair or deceptive act separate and apart from the independent claims asserted for:

(1)  making false statements under the Lanham Act that all of Akoustis' BAW filters use "single crystal" technology.

Yes___
No___

(2)  recruiting large numbers of Qorvo employees as part of a scheme to obtain Qorvo's confidential information.

Yes___
No___

(3)   misappropriating Qorvo's trade secrets.

Yes___
No___


***ANSWER QUESTION 4(c) ONLY IF YOU ANSWERED "YES" TO ANY QUESTIONS UNDER 4(b). OTHERWISE DO NOT ANSWER QUESTION 4(c), AND MOVE ON TO QUESTION 5(a).***

**Question No. 4(c):**
Do you find that Qorvo has proven by the preponderance of the evidence that any of the following conduct was either "in commerce" or that it "affected commerce?

(1) making false statements under the Lanham Act that all of Akoustis' BAW filters use "single crystal" technology.

Yes___
No___

(2)   recruiting large numbers of Qorvo employees as part of a scheme to obtain Qorvo's confidential information.

Yes___
No___

(3)   misappropriating Qorvo's trade secrets.

Yes___
No___

***ANSWER QUESTION 4(d) ONLY IF YOU ANSWERED "YES" TO ANY QUESTIONS UNDER 4(c). OTHERWISE DO NOT ANSWER QUESTION 4(d), AND MOVE ON TO QUESTION 5(a).***

**Question No. 4(d):**
Do you find that Qorvo has proven by the preponderance of the evidence that any of the following activities that you have found Akoustis engaged in was the proximate cause of an actual injury to Qorvo separate and apart from the independent claims asserted for:

(1)   making false statements under the Lanham Act that all of Akoustis' BAW filters use "single crystal" technology.

Yes___
No___

(2) recruiting large numbers of Qorvo employees as part of a scheme to obtain Qorvo's confidential information.

Yes\_\_\_
No\_\_\_

(3) misappropriating Qorvo's trade secrets.

Yes\_\_\_
No\_\_\_

***ANSWER QUESTION 4(e) ONLY IF YOU ANSWERED "YES" TO ANY QUESTIONS UNDER 4(d). OTHERWISE DO NOT ANSWER QUESTION NUMBER 4(e), AND MOVE ON TO QUESTION 5(a).***

**Question No. 4(e):**
Do you find that Akoustis has proven by a preponderance of the evidence that Qorvo knew or with reasonable diligence should have been known the facts underlying Qorvo's unfair and deceptive trade practices claim on or before October 3, 2018?

Yes\_\_\_
No\_\_\_

***ANSWER QUESTION 4(f) ONLY IF YOU ANSWERED "NO" TO QUESTION 4(d). OTHERWISE DO NOT ANSWER QUESTION NUMBER 4(f), AND MOVE ON TO QUESTION 5(a).***

**Question No. 4(f):**
What damages, if any, did Qorvo prove by a preponderance of the evidence it is entitled to for any of the following acts that Akoustis' engaged in, and which is **not** already covered by the damages awarded in response to questions 1(k), 2(f) or 3(d)?

(1) making false statements that all of Akoustis' BAW filters use "single crystal" technology:
$_____

(2) recruiting large numbers of Qorvo employees as part of a scheme to obtain Qorvo's confidential information:
$_____

(3) misappropriating Qorvo's trade secrets:
$_____

## PATENT INFRINGEMENT

**Question No. 5(a):**

      Do you find that Qorvo has proven by a preponderance of the evidence that the claims of the '018 or the '755 Patents have been infringed?

| Patent Claim | Yes | No |
|---|---|---|
| '018 Patent, Claim 1 | | |
| '018 Patent, Claim 12 | | |
| '755 Patent, Claim 9 | | |
| '755 Patent, Claim 10 | | |

*ANSWER QUESTION 5(b) ONLY IF YOU ANSWERED "YES" FOR AT LEAST ONE PATENT CLAIM LISTED IN QUESTION 5(a). OTHERWISE DO NOT ANSWER QUESTION THE REMAINING QUESTIONS STARTING WITH 5 AND PROCEED DIRECTLY TO THE PAGE TITLED "UNANIMOUS VERDICT."*

**Question No. 5(b) (obvious):**

Do you find that Akoustis has proven by clear and convincing evidence that any claims of the '018 or '755 Patents allegedly infringed by Akoustis are invalid as obvious in view of the prior art and the knowledge possessed by someone of ordinary skill in the relevant profession or industry?

| Patent Claim | Yes | No |
|---|---|---|
| '018 Patent, Claim 1 | | |
| '018 Patent, Claim 12 | | |
| '755 Patent, Claim 9 | | |
| '755 Patent, Claim 10 | | |

*ANSWER QUESTION NUMBER 5(c) ONLY IF YOU ANSWERED "YES" FOR AT LEAST ONE PATENT CLAIM LISTED IN QUESTION NUMBER 5(a) and "NO" FOR THAT SAME CLAIM IN QUESTION 5(b). OTHERWISE, DO NOT ANSWER QUESTION NUMBER 5(c) AND PROCEED DIRECTLY TO THE PAGE TITLED "UNANIMOUS VERDICT."*

**Question No. 5(c):**

Did Qorvo prove by a preponderance of the evidence that Akoustis' infringement of the '018 or '755 patent was willful?

| Patent Claim | Yes | No |
|---|---|---|
| '018 Patent, Claim 1 | | |
| '018 Patent, Claim 12 | | |
| '755 Patent, Claim 9 | | |
| '755 Patent, Claim 10 | | |

***ONLY ANSWER THE FOLLOWING QUESTION 5(d) IF YOU ANSWERED "YES" TO ANY PART OF QUESTION 5(a), AND "NO" TO QUESTION 5(b) REGARDING THAT SAME CLAIM.  THAT IS, IF YOU FOUND THAT AKOUSTIS INFRINGED ONE OR MORE OF THE ASSERTED CLAIMS, BUT THAT SAME CLAIM WAS INVALID AS OBVIOUS IN QUESTION 5(b), DO NOT ANSWER QUESTION 5(d) AND PROCEED DIRECTLY TO THE PAGE TITLED "UNANIMOUS VERDICT."  IF YOU ANSWERED "YES" TO ANY PART OF QUESTION 5(a) AND "NO" TO THAT SAME CLAIM IN QUESTION 5(b), THEN PROCEED TO QUESTION 5(d).***

**Question No. 5(d) (damages)**

What do you find is the amount of damages, if any, that should be paid to Qorvo for each Asserted Patent, if it was infringed, to compensate for the damages caused by Akoustis' infringement?

'018 Patent: $_____
'755 Patent: $_____

## **UNANIMOUS VERDICT**

*Upon reaching a unanimous verdict on each question above, each juror must sign below.*

We, the jury, unanimously agree to the answers to the above questions and return them under the instructions of this Court as our verdict in this case.

[INSERT SIGNATURE BLOCKS FOR JURORS]

Dated: _____