# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-01417-JPM |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) |
|     Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON VALIDITY

Before the Court is Plaintiff's Motion for Summary Judgment on the Validity of U.S. Patent Nos. 7,522,018 and 9,735,755; Defendants' Response, and Plaintiff's Reply. (ECF Nos. 444-445, 463, 487.) Plaintiff seeks a ruling of summary judgment holding that Claims 1 and 12 of U.S. Patent No. 7,522,018 are not invalid under 35 U.S.C. §§ 112, 102, or 103; and Claims 9 and 10 of U.S. Patent No. 9,735,755 are not invalid under 35 U.S.C. §§ 112, 102, or 103. (ECF No. 444 at PageID 17902.)

### I.  BACKGROUND

This is a civil action for alleged patent infringement, false advertising, unfair and deceptive trade practices, and other related claims. Qorvo filed a complaint in this action on October 4, 2021. (ECF No. 1.) A First Amended Complaint ("FAC") and Second Amended Complaint ("SAC") were filed on February 18, 2022 and February 8, 2023 respectively. (ECF Nos. 28, 125.) Akoustis filed their Answer to the SAC on March 15, 2023. (ECF No. 158.)

Qorvo alleges patent infringement of one or more claims of U.S. Patent No 7,522,018 (the "'018 Patent'") and U.S. Patent No. 9,735,755 (the "'755 Patent") by Akoustis. (ECF No. 125.) Qorvo also alleges that Akoustis engaged in unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1, misappropriation of trade secret under 18 U.S.C. § 1832 and N.C. Gen. Stat. § 66-152, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1961, and civil conspiracy under state law. (Id.) Qorvo also brings false advertising claims under 15 U.S.C. § 1125(a) and false patent marking claims under 35 U.S.C. § 292 relating to U.S. Patent No. 10,256,786 (the "'786 Patent"). (Id.) Qorvo's RICO and false patent marking claims were dismissed at the summary judgment stage. (ECF No. 545.)

The Court issued a Claim Construction Order on March 15, 2023 construing terms in the '755 patent, but not construing any terms in the '018 patent. (ECF No. 152.) Akoustis' Final Invalidity and Unenforceability Contentions ("FIC") were served on June 15, 2023. (ECF No. 234.) Defendants served their expert report on invalidity, from Dr. Clark Nguyen, on November 21, 2023. (ECF No. 414.) Plaintiff served their expert report on validity, from Dr. John C. Bravman, on December 20, 2023. (ECF No. 424.) The '018 and '755 patents "relate to structural features of Bulk Akoustis Wave ("BAW") resonators used in RF filters found in wireless devices. (ECF No. 445 at PageID 17911.)

II. **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To create a genuine issue of material fact, the nonmovant must do more than present *some* evidence on an issue it asserts is disputed." Avia Grp. Int'l Inc. v.

L.A. Gear Cal. Inc., 853 F.2d 1557, 1560 (Fed. Cir. 1988) (emphasis original). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence [of the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986). The Federal Circuit "has [] emphasized that 'summary judgment is as appropriate in a patent case as in any other.'" Avia, 853 F.2d at 1561. Judges ruling on a motion for summary judgment "view the evidence presented through the prism of the substantive evidentiary burden." Anderson, 477 U.S. at 254. While the movant bears the burden of demonstrating the absence of all genuine issues of material fact, "the burden is not as heavy as some decisions have held." Avia, 853 F.2d at 1560. A moving party need not produce evidence of absence, but rather may discharge their burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Patent claims are presumed valid. 35 U.S.C. § 282 (1982). Parties seeking to demonstrate invalidity must do so by clear and convincing evidence. Microsoft Corp. v. i4i Ltd., 564 U.S. 91, 112-13 (2011). "Validity is a question of law." Avia, 853 F.2d at 1562 (citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966)). The burden of establishing a patent as invalid is on the challenger, who must "establish facts, by clear and convincing evidence, which persuasively lead to the conclusion of invalidity." Id. "[S]ilence leaves untouched at this stage what the statute presumes, namely, that a patent is valid." Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1270 (Fed. Cir. 1985).

III. **ANALYSIS**

### a. *Enablement, Indefiniteness, the Written Description Requirement, and Anticipation*

Plaintiff argues that Akoustis cannot show invalidity based on non-enablement because neither the Final Invalidity Contentions nor Dr. Nguyen's report address undue experimentation or the *Wands* factors. (ECF No. 455 at PageID 17913.) They similarly argue that Akoustis cannot show invalidity for indefiniteness because it has provided no evidence that the claims in question would not be understood with "reasonable certainty," and provided "no expert testimony supporting any indefiniteness position." (ECF No. 445 at PageID 17915. (citing Invista N. Am. v. M&G USA Corp., 951 F. Supp. 2d 626, 652 (D. Del. 2013)).) Plaintiff argues that Akoustis cannot prove by clear and convincing evidence that the claims in question lacked written description when Dr. Nguyen's report does not advance contentions for lack of written description, and the Final Invalidity Contentions at most "vaguely assert" a written description invalidity basis for the '018 patent without providing any analysis of whether the inventors "possessed" the claimed invention at the time of filing. (ECF No. 445 at PageID 17916.) Plaintiff also argues that Akoustis cannot show the claims are anticipated, as while their expert examines some elements of the claim purportedly disclosed within the four corners of a document, they have not met the requirements of disclosing all the elements of the claim, arranged as in the claim. (ECF No. 445 at PageID 17917 (citing Cheese Sys. Inc. v. Tetra Pak Cheese & Powder Sys., Inc., 725 F.3d 1341, 1351 (Fed. Cir. 2013)).)

Defendants do not respond to any of these arguments. (ECF No. 463.) Accordingly, as the party with the burden of proving invalidity, they cannot be said to have met that burden at the summary judgment stage. Because Plaintiff's Motion properly identifies deficiencies in the Final Invalidity Contentions and Expert Reports, and because Defendants do not oppose

Summary Judgment on these issues, Plaintiff's Motion is **GRANTED**. Akoustis cannot show the Asserted Claims are invalid under:

1. 35 U.S.C. § 112 for lack of enablement;
2. 35 U.S.C. § 112 for indefiniteness;
3. 35 U.S.C. § 112 for lack of written description; or
4. 35 U.S.C. § 102 as anticipated.

    b. *Obviousness*

Plaintiff's only opposed Motion for Summary Judgment urges the Court to find that Akoustis cannot show the asserted claims are invalid under 36 U.S.C. § 103(a) because Akoustis has not applied the Graham factors or provided any evidence of a motivation to combine the prior art. (ECF No. 445 at PageID 17921.)

Defendants counter that there are factual disputes that foreclose summary judgment. Their alleged factual disputes are:

1. Whether a person of skill in the art with general knowledge of the field of acoustic filters would have understood WO '740 to teach increasing bandwidth by using a top electrode that is thinner than the bottom electrode, thus rendering element 1[c] of the '018 patent obvious; (ECF No. 463 at PageID 20360 (citing Spigen Korea Co., Ltd. v. Ultraproof, Inc., 955 F.3d 1379, 1384 (Fed. Cir. 1985)).)
2. Whether the combination of DE 10241425 (DE '425) in view of Hashimoto, K. "*RF Bulk Acoustic Wave Filters for Communications*" (2009) ("Hashimoto") would render Claims 9 and 10 of the '755 patent obvious. (ECF No. 463 at PageID 20363.)

"Obviousness under 35 U.S.C. § 103(a) is ultimately a legal question, based on underlying factual determinations." Esai Co. Ltd. v. Dr. Reddy's Lab'ys, Ltd., 533 F.3d 1353

(Fed. Cir. 2008) (citing Richardson-Vicks Inc. v. Upjohn Co., 122 F.3d 1476, 1479 (Fed. Cir. 1997)). "The factual determinations underpinning the legal conclusions of obviousness include 1) the scope and content of the prior art, 2) the level of ordinary skill in the art, 3) the differences between the claimed invention and the prior art, and 4) evidence of secondary factors, also known as objective indicia of non-obviousness." Id. (citing Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966)).

"A patent composed of several elements is not proved obvious merely by demonstrating that each element was, independently, known in the prior art." KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 418 (2007). "The diversity of inventive pursuits and of modern technology counsels" against limiting obviousness analysis to "a formalistic conception of the words teaching, suggestion, and motivation, or by overemphasis on the importance of published articles and the explicit content of issued patents." Id. at 420. A determination of obviousness requires, however, a showing that an ordinary artisan would be "motivated to combine the prior art to achieve the claimed invention;" and that "there would have been a reasonable expectation of success in doing so." In re Warsaw Orthopedic, Inc., 832 F.3d 1327, 1333 (Fed. Cir. 2015); Pers. Web Techs., LLC v. Apple, Inc., 848 F.3d 987, 991 (Fed. Cir. 2017). Obviousness based on similarity can be proven by identification of a motivation that would have led a person of ordinary skill in the art to combine known elements to achieve the claimed element. KSR Intern., 500 U.S. at 417. Obviousness can also be proven by "noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." Id. at 420. It can also be shown "[w]here there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions." Id. at 421. While these pressures or motivation need not be explicit, even when they are implicit

6

"rejections on obviousness grounds cannot be supported by mere conclusory statements; instead, there must be *some* articulated reasoning with *some* rational underpinning to support the legal conclusion of obviousness." Alza Corp v. Mylan Lab'ys, 464 F.3d 1286, 1291 (quoting In re Kahn, 441 F.3d 977, 987-88 (Fed. Cir. 2006)).

Akoustis argues that the declaration of their expert, Dr. Nguyen, necessarily creates a question of material fact for the jury on summary judgment. The Supreme Court, however, has held that expert testimony alone is sufficient to hold open an issue of material fact when the record is sufficiently developed. KSR Intern., 550 U.S. at 426-27. A jury cannot reasonably find motivation to support obviousness when testimony "fails to explain why a person of ordinary skill in the art would have combined elements from specific references in the way the claimed invention does." ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., 694 F.3d 1312, 1327-1328 (Fed. Cir. 2012). While Akoustis argues that Dr. Nguyen's report provides evidence of *how* a person of skill in the art would have combined prior art references, it reads narrowly the Federal Circuit and Supreme Court's requirements for testimony as to *why* a person of skill in the art would have combined the prior art references. (See, e.g., ECF No. 463.) While Akoustis cites KSR Int'l. for the proposition that "the Graham factors are not the only way to show why a POSITA would have combined two prior art references," and Alza for the proposition that "motivation to combine may be implicit in the prior art and based on the general knowledge of the POSITA[,]" neither case permits a finding of obviousness when there is no evidence of motivation to combine. (See ECF No. 487 at PageID 23410.)

Dr. Nguyen's report primarily focuses on enablement in the case of the '018 patent; and prior art, enablement, and indefiniteness in the case of the '755 patent. (ECF No. 446-1 at PageID 18011-12.) In his discussion of standards, Dr. Nguyen reiterates the overbroad reading

7

taken by Akoustis—that "[o]bviousness can . . . be based on a combination of references that discloses all limitations of the claimed invention, either expressly or inherently." (ECF No. 446-1 at PageID 18022); but see KSR Intern. at 418. While Dr. Nguyen then recites more accurate legal standards for obviousness, it is apparent that he read them disjunctively with the broad principle quoted above. His written analysis on anticipation and obviousness of the '018 patent argues only that the principle of using a thinner top electrode and thicker bottom electrode were well-known in the field, but provides no explanation as to *why* a person of ordinary skill in the art would have combined any prior teachings. (ECF No. 446-1 at PageID 18028-29.) The same is true of his written analysis on anticipation and obviousness of the '755 patent, and of the claim charts attached to his report. (ECF No. 446-1 at PageID 18041.) There is no mention of market pressures, no mention of a known problem, and no mention that a person of ordinary skill in the art *would* be motivated to combine the listed elements. At best, the report states that, in the case of the '018 patent, a person of ordinary skill in the art "will undoubtedly *understand* that changes to *any* of the electrode thicknesses . . . will *affect* BAW performance." (ECF No. 446-1 at PageID 18028.) Even without the report, the prior art itself provides no explicit motivation to combine—and Akoustis has not produced any evidence that would support an inherent motivation to combine.

Akoustis' "disputed" facts cannot succeed in carrying their burden. Akoustis has not presented any material in the record which suggests that they would be able to show motivation to combine and depends instead on an overly broad reading of case law at odds with Supreme Court precedent. They therefore cannot meet their burden to show invalidity by clear and convincing evidence. No reasonable jury could, on the current record, find the '018 or '755

patents invalid for obviousness. As a result, Plaintiff's Motion for Summary Judgment is **GRANTED.**

IV. **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Summary Judgment is **GRANTED.** Claim 1 and 12 of U.S. Patent No. 7,522,018 are not invalid under 35 U.S.C. §§ 112, 102, or 103; and Claims 9 and 10 of U.S. Patent No. 9,735,755 are not invalid under 35 U.S.C. §§ 112, 102, or 103.

**IT IS SO ORDERED**, this 2nd day of May, 2024.

       /s/ Jon P. McCalla
       JON P. McCALLA
       UNITED STATES DISTRICT JUDGE