IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REVISED MOTION FOR EXEMPTION OF PERSONS FROM THE
DISTRICT OF DELAWARE'S MAY 15, 2023 STANDING ORDER
ON PERSONAL DEVICES**

Plaintiff Qorvo, Inc. hereby moves for an order to exempt certain persons from the District of Delaware's May 15, 2023 Standing Order on Procedures Regarding the Possession and Use of Cameras and Personal Electronic Devices by Visitors to the J. Caleb Boggs Federal Building and United States Courthouse (the "May 15, 2023 Standing Order"). In support of this Motion, Plaintiff states as follows:

1.      The May 15, 2023 Standing Order provides procedures to regulate the possession and use of personal electronic devices by visitors to the J. Caleb Boggs Federal Building and United States Courthouse, which require *inter alia* for visitors to place personal electronic devices in a locked pouch provided by U.S. marshals. Paragraph 4 of the May 15, 2023 Standing Order provides for certain exemptions to the Standing Order.

2.      A jury trial is scheduled in this case the weeks of May 6 and May 13, 2024, in Courtrooms 2A and 4A.

3.      Courtroom setup for the trial is scheduled for Friday, May 3.

4.     Plaintiff requests that Roy D. Jung, counsel, be allowed to bring his electronic devices into the Courtroom. Mr. Jung has been admitted pro hac vice in this matter but does not have access to a state-issued bar card.

5.     Plaintiff requests that paralegals Mildred De La Rosa, Stephanie Limbaugh and Melissa Patrick, all of Sheppard, Mullin, Richter & Hampton LLP, be allowed to bring their electronic devices into the Courtroom to assist with pretrial materials, as well as to communicate with trial team members outside of Court when necessary. Each of these individuals has executed the Acknowledgement and Agreement to Be Bound required by the governing Protective Order. However, they do not meet the exemptions listed in Paragraph 4 of the May 15, 2023 Standing Order.

6.     Plaintiff requests that their trial technology support consultants Darren Bookbinder, of Decision Quest, and Brock Faison, of Trialex, be allowed to bring their electronic devices into the Courtroom to facilitate the presentation of trial exhibits, demonstratives, and other evidence. Each of these individuals has executed the Acknowledgement and Agreement to Be Bound required by the governing Protective Order. However, they do not meet the exemptions listed in Paragraph 4 of the May 15, 2023 Standing Order.

7.     Plaintiff requests that Steven E. Creviston, witness and Plaintiff representative, Dr. Stanley Shanfield, expert witness and Melissa Bennis, also an expert witness, be allowed to bring their electronic devices into the Courtroom. These individuals are expected to be present significant portions of trial and need to remain in contact given outside business obligations. Each of these individuals has executed the Acknowledgement and Agreement to Be Bound required by the governing Protective Order. However, they do not meet the exemptions listed in Paragraph 4 of the May 15, 2023 Standing Order.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order to exempt the above-named persons from the District of Delaware's May 15, 2023 Standing Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

May 2, 2024

SO ORDERED, this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE