# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC. <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. <br><br> Defendants. | C.A. No. 21-1417 (JPM) <br><br><br> **JURY TRIAL DEMANDED** |

## SUPPLEMENTAL BRIEF OF THE AKOUSTIS DEFENDANTS' REGARDING EMPLOYEE POACHING OPINION OF MELISSA A. BENNIS

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

███████████████████████████████████████████

Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis") respectfully submit this supplemental brief in response to the Court's Order that the parties address "additional briefing of no more than five pages on whether Ms. Bennis' poaching opinions are based on sufficient facts and data, or reliably applied to the facts of the case given the disparity in size and timeline between the ███ report used and the company and times in question." (D.I. 553 at 11.)

All of the relevant record facts are recited in Akoustis' opening brief and evidence (D.I. 457-458) and reply brief (D.I. 491) in support of its motion to exclude certain of Ms. Bennis' damages opinions – including that part of her damages opinion regarding the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") based on employee poaching. Ms. Bennis spoke with Leslie Stoddard, Qorvo's Human Resources Connect Analyst about the "potentially … poached" Qorvo employees "with no gaps in their employment history." (D.I. 458 Ex. A (Bennis Expert Report) at 49.) She spoke with Ms. Stoddard after asking Qorvo's counsel to speak with someone in Qorvo's Human Resources Group. (*Id.* Ex. B (Bennis Depo.) at 97:7-10.) But she refrained from seeking any information from Qorvo about its own costs incurred in replacing allegedly poached employees because she deemed the ███ so "relevant":

> Q. Did you seek any information from Qorvo directly regarding its own costs in that it incurs in replacing employees of these various positions that are identified in your report?
>
> A. I, again, didn't make an attempt to calculate Qorvo's actual losses given the existence of this very relevant report as produced by Akoustis with respect to what it would cost to replace these specific types of employees as performed by ███. So I took comfort in the fact that this was I thought, again, an analysis that was right on point for purposes making a reasonable damages assessment should liability be found for employee poaching here.

(*Id.* at 97:11-24.) Ms. Bennis acknowledged that she could have had the information had she asked:

███████████████████████████████████████

Q. So you're engaged on Qorvo's behalf, right?

A. Yes.

Q. You had access to information from the company client through Qorvo's counsel, correct?

A. Generally speaking, yes.

Q. So for each Qorvo employee allegedly poached by Akoustis who was replaced, don't you think Qorvo would have information with which to calculate the actual costs of replacing her or him?

A. Perhaps.

(*Id.* at 100:11-22.)

Put simply, Ms. Bennis made a calculated decision not to conduct any analysis of the differences between RFMi and Qorvo to test whether using the ███ valuation of RFMi's workforce was a reliable proxy for Qorvo's actual damages from alleged employee poaching. (*See id.* at 97:25-101:5.) As a result of her decision, to paraphrase the Court's Order, Ms. Bennis' poaching opinions are based on *in*sufficient facts and data, and is *not* reliably applied to the facts of the case given the disparity in size and timeline between the ███ report used and the company and times in question." Her poaching opinions should accordingly be excluded from trial.

- 3 -

Dated: May 2, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Respectfully submitted,

*/s/ Ronald P. Golden III*
   Stephen B. Brauerman (#4952)
   Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*