IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., <br><br> Defendants. | **PUBLIC VERSION** <br><br> C.A. No. 21-1417 (JPM) <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF QORVO, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO EXCLUDE THE
<u>POACHING DAMAGES OPINIONS OF MELISSA A. BENNIS</u>**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: May 2, 2024
Public Version Filed May 6, 2024**

The Court's April 30, 2024 Order (D.I. 533) requests supplemental briefing to address whether a valuation that Defendant Akoustis Technologies, Inc. commissioned from ███ provides a reliable foundation for Ms. Bennis' opinions regarding Qorvo's "poaching" damages when: (1) it is undisputed that Akoustis and Qorvo are companies of different sizes and (2) it is also undisputed that the alleged "poaching" behavior began before 2021. For the reasons set forth below, Ms. Bennis' reliance on the ███ valuation of workforce replacement costs is reasonable.

As a threshold matter, Rule 702 does not require an expert's opinion to have an unassailable foundation. As the Third Circuit has explained, the question is not "whether a particular scientific opinion has the best foundation, or even whether the opinion is supported by the best methodology or unassailable research. Rather, the test is whether the 'particular opinion is based on valid reasoning and reliable methodology.'" *In re TMI Litigation*, 193 F.3d 613, 665 (3d Cir. 1999) (quoting *Kannankeril v. Terminix International Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)). While this standard "is higher than bare relevance," the Third Circuit has repeatedly "emphasize[d] that the standard is not that high." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 745 (3d Cir. 1994); *In re TMI Litigation*, 193 F.3d 613, 664 (3d Cir. 1999) ("we cautioned that the standard for determining reliability is not that high') (internal citation and quotations omitted); *Main Street Mort. v. Main Street Bancorp.*, 158 F. Supp. 2d 510, 516 (E.D. Pa. 2001) ("The standard for determining reliability 'is not that high.' The main goal is to exclude so-called 'junk science' and ensure that expert testimony is based on sound methods and valid procedures.").

"Experts are [also] granted wide latitude in determining what data is needed to reach a conclusion." *Rullo v. Univ. of Pittsburgh-of Commonwealth Sys. of Higher Educ.*, 520 F. Supp.

1

3d 685, 692 (W.D. Pa. 2021). Evaluating the propriety of such data is a question for the jury and goes to the weight of the evidence, not the admissibility of the opinion. *Apotex, Inc. v. Cephalon, Inc.*, 321 F.R.D. 220, 233 (E.D. Pa. 2017) ("an expert's reliance on [allegedly] faulty information is a matter to be explored on cross-examination; it does not go to admissibility"). Similarly, experts need not employ perfect analogies, and where such imperfection exists, the proper method of raising those critiques is through cross examination. *Main Street Mort.*, 158 F. Supp. 2d at 516 ("Biddick attempted to analogize Main Street Mortgage to publicly traded companies in the same business sector. Such an analogy may not be perfect, but it is sufficiently reliable to be admissible under Rule 702. [] Defendant is free to challenge Biddick's method for calculating lost profits through cross examination and retaining its own damages expert."). In other words, "[a]n expert's opinion may still be based on 'good grounds' even if we think there are better grounds for some alternative conclusion." *Id.*, at 514.

The ▮▮▮▮ valuation provides "good grounds" upon which Ms. Bennis may rely. First, although it is undisputed that the alleged "poaching" behavior began before 2021, the median hire date for the 19 employees included in Ms. Bennis's analysis is **May 4, 2020**. In fact, Akoustis hired the majority of the poached employees from 2019-2021.[1]

---

[1] *See* D.I 483, Ex. Q, Akoustis Employee Information (AKTS_01200287-AKTS_01200303), as cited in Exhibit 4, Schedule 2.1 to the Expert Report and Disclosure of Melissa A. Bennis (identifying the hire date of each employee included in Bennis Exhibit 4, Schedule 2.1).

| Year | No. Hired |
|---|---|
| 2015 | 1 |
| 2016 | 0 |
| 2017 | 3 |
| 2018 | 2 |
| 2019 | 3 |
| 2020 | 5 |
| 2021 | 3 |
| 2022 | 0 |
| 2023 | 2 |

| | |
|---|---|
| Earliest Hire Date | 08/31/2015 |
| Latest Hire Date | 07/17/2023 |
| Median Hire Date | 05/04/2020 |

███ valuation of RFMi's assembled work force was made as of October 2021. Ex. A, at AKTS_00179477. Accordingly, Ms. Bennis' reliance upon the valuation is not unreasonable when 11 of the 19 employees included in her analysis were hired between 2019 and 2021. *Nat. Bank of Chicago v. Jefferson Mortg. Co.*, 576 F.2d 479, 494-495 (3d Cir. 1978) ("While the fact of damage must be established with reasonable certainty, the precise amount need not be shown with mathematical precision so long as the court can arrive at an intelligent estimate without speculation or conjecture."); *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704, 2022 WL 3021560, at *17 (D. Del. July 29, 2022) ("Whether the expert "relied on the best data in forming his opinions is a question for the jury.").

Second, the difference between the parties' sizes does not render ███ replacement cost valuation an unreliable foundation for Ms. Bennis' opinions. The evidence shows that: (1) RFMi "designs and manufactures low power radio frequency products, which include . . . BAW products," (Ex. A, at AKTS_00179483), (2) ███ valuation of the replacement cost of RFMi's assembled workforce was based, in part on "training costs and loss of productivity" if employees with expertise in the design and manufacture of BAW filters left Akoustis (i.e., the "implicit cost of assembling a workforce,") (*id.*, AKTS_00179496) and (3) Akoustis

3

intentionally targeted Qorvo's employees because "Qorvo and Akoustis use a very similar project management process, and it would be . . . an easy transition for somebody coming from [Qorvo] into the process that they use from an environment standpoint." D.I. 483, Ex. P, 41:16-42:1. Accordingly, Ms. Bennis testified and otherwise opined that ▅▅▅▅ assessment of how much it would cost Akoustis to replace project managers, sales managers, and product engineers with expertise in radio frequency products is a reasonable proxy for the cost to Qorvo to do the same. *See* D.I., 458, Ex. A, pp. 48-50; Ex. B, Bennis Dep. (95:18-96:10, 97:11-100:11); *see also Intellectual Ventures I LLC v. Check Point Software Tecs. Ltd.*, 215 F. Supp. 3d 314, 323-324 (D. Del. 2014) (stating "any objections to the type or data considered or the thoroughness of the analysis go the weight of the evidence[,]" which are suited for cross examination); *Financialapps, LLC v. Envestnet, Inc.*, No. 19-1337, 2023 WL 6037242, *9 (D. Del. Sept. 13, 2023) ("the disagreements Defendants have with these choices go to weight rather than admissibility.").

The Court should admit Ms. Bennis' opinion testimony regarding Qorvo's "poaching" damages. Ms. Bennis reasonably relied upon ▅▅▅▅ valuation and intentionally excluded from her analysis employees that left Qorvo for Akoustis under circumstances where they would not be replaced (i.e., interns and/or employees who left Qorvo due to a reduction in force). D.I., 458, Ex. A, Schedule 2.1. To the extent Akoustis wishes to argue that Ms. Bennis' should have accounted for differences between RFMi and Qorvo—e.g., differences in size, differences in time frame— those are prototypical issues for cross-examination that should be evaluated by the jury.

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

May 2, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 2, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA  94304-1216<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Xiaomei Cai, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 E. Camelback Road, Suite 700<br>Phoenix, AZ  85016<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Rachael A. Harris, Esquire<br>Matthew A. Stanford, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, DC  20037<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)