IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF QORVO, INC.'S BENCH MEMORANDUM IN OPPOSITION TO
AKOUSTIS'S RULE 50(a) MOTION REGARDING REMEDIES RECOVERABLE
UNDER THE UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

May 13, 2024

Qorvo respectfully submits this bench memorandum in further opposition to Defendants' Rule 50(a) motion arguing that there was not sufficient evidence to support a finding of actual injury to plaintiff under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 et seq. ("UDTPA"), based on Akoustis stealing Qorvo's confidential information and trade secrets.

Akoustis argues that Qorvo cannot recover under the UDTPA because Qorvo has not established "actual injury." But the theft of Qorvo's intellectual property and use of that intellectual property to compete with Qorvo in the market is a prototypical example of actual injury. As the North Carolina Court of Appeals has explained in the context of addressing the irreparable injury prong of an injunction request, "[t]he very nature of a trade secret mandates that misappropriation will have significant and continuous long-term effects. The party wronged may forever lose its competitive business advantage." *Barr-Mullin, Inc. v. Browning*, 108 N.C. App. 590, 597 (N.C. Ct. App. 1993); *cf. Elite Transit Sols. v. Cunningham*, No. 20-cv-1549, 2021 WL 6286384, at *6 (W.D. Pa. Dec. 6, 2021) ("The Third Circuit has held that under the DTSA, '[b]y statutory definition, trade secret misappropriation is harm.' It is the loss of the 'exclusive use of trade secret information, which is a real and redressable harm.'") (citing *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 913 (3d Cir. 2021)); *Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1455 (M.D.N.C. 1996) ("The very nature of a trade secret mandates that misappropriation will have significant and continuous long-term effects. The party wronged may forever lose its competitive business advantage or, at the least, a significant portion of its market share."). This is precisely why "[m]isappropriation of trade secrets constitutes an unfair or deceptive act or practice as a matter of law." *Grout Dr. Glob. Franchise Corp. v. Groutman, Inc.*, No. 7:14-CV-105-BO, 2015 WL 2353698, at *5 (E.D.N.C. May 15, 2015).

Akoustis also appears to suggest that Qorvo cannot establish "actual injury" because Qorvo's damages model is based on an unjust enrichment theory—i.e., requiring Akoustis to disgorge its ill-gained benefits. But, again, courts in North Carolina have repeatedly recognized that such disgorgement is proper under the UDTPA. *Glover Const. Co., Inc. v. Sequoia Services, LLC*, No. 18 CVS 1900, 2022 WL 834083, at *10 (N.C. Super. Mar. 15, 2022) ("Court of Appeals and federal courts applying North Carolina law have…recognized disgorgement as a permissible remedy for a violation of Chapter 75."); *Sunbelt Rentals, Inc. v. Head Engquist Equip*, 174 N.C. App. 49 (N.C. Ct. App. 2005) (affirming award of damages by noting that "value of benefit defendants received" is one of the "different types of damages permitted under the UDTPA."); *Tradewinds Airlines, Inc. v. C-S Aviation Servs.*, 222 N.C. App. 834, 850, 733 S.E.2d 162 (2012) ("[T]he fact finder in…unfair and deceptive trade practices claims has broad discretion in awarding damages to insure that the plaintiff is made whole and the wrongdoer does not profit from its conduct.").

In its email submission to the Court on this issue, Akoustis cited *GE Betz, Inc. v. Conrad*, 231 N.C. App. 214, 752, S.E.2d 634 (2013), but that case supports Qorvo's position.  There, in connection with the plaintiff's trade secret misappropriation claim, the court noted that "GE was entitled to recover as damages either its lost profits or the profits garnered by Zee, and it elected to disgorge Zee of its profits." Accordingly, in connection with the parallel UDTPA claim, the court recognized that "the fact finder in [an] unfair and deceptive trade [sic.] practices claim[] has broad discretion in awarding damages to insure that the plaintiff is made whole *and the wrongdoer does not profit from its conduct.*"  *Id.* at 239 (quoting *Tradewinds*, 733 S.E.2d at 174) (emphasis added).  The court "used what figures it had to determine the improper benefit Zee gained from the transactions with the carve-outs." *Id*.

Akoustis also relies on *Citibank USA, Nat'l Ass'n v. Ragsdale*, No. 4:06-CV-00071-FL, 2009 WL 10705209 (E.D.N.C. Jan. 30, 2009). That case did not involve any trade secret misappropriation claim, and the court merely held that the plaintiff was not entitled to judgment under the UDTPA as a matter of law because the jury concluded that the defendant's alleged intentional inducement did not cause actual damages. *Id*. at *14. Nowhere does *Citibank* hold that damages based on unjust enrichment or disgorgement cannot constitute actual injury under the UDTPA.

For these reasons, and the reasons articulated by Qorvo's counsel at trial, Akoustis's Rule 50(a) motion regarding Qorvo's UDTPA claim should be denied.

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

May 13, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*