# EXHIBIT A

## N.C.P.I. - Civil 103.30

**North Carolina Pattern Jury Instructions for Civil Cases  >  PART I. GENERAL  >  Chapter 3. General Agency Instructions**

## 103.30 AGENCY ISSUE--CIVIL CONSPIRACY (ONE DEFENDANT)[1]

> NOTE WELL: This instruction is to be used only where civil conspiracy is alleged[2] to associate the defendant with others[3] for the purpose of establishing joint and several liability. There is no independent claim for civil conspiracy alone.[4] To create joint and several liability by reason of conspiracy, there must be injury or damage caused by an overt or wrongful act,[5] done by a conspirator, pursuant to the common scheme and in furtherance of the conspiracy.[6]

This issue reads: "Did (*name defendant*) conspire with (*name all alleged co-conspirators*) or any one or more of them to (*state object(s) of conspiracy*)?"

> NOTE WELL: Select one bracketed paragraph depending on whether the defendant conspired to do an unlawful act, or conspired to do a lawful act in an unlawful way.

---

[1] Where there are multiple defendants, the fact of conspiracy between any alleged co-conspirator and each defendant should be determined separately. Thus, there should be an issue submitted as to each defendant's conspiracy with another. *See* N.C.P.I.-Civil 103.31 (Agency Issue-Civil Conspiracy) (Multiple Defendants).

[2] In many instances, conspiracy is not pleaded from the outset. The basis for a conspiracy may develop as facts are revealed at trial. In such event and provided there is no timely objection, the pleadings may be deemed amended to conform to the evidence. N.C. Gen. Stat. § 1A-1, Rule 15(b).

[3] Conspiracy may exist between parties or between a party and a non-party. All that is required is that one member of the conspiracy be a party to the action. Burton v. Dixon, 259 N.C. 473, 477, 131 S.E.2d 27, 30 (1963).

[4] "Accurately speaking, there is no such thing as a civil action for conspiracy." *Reid v. Ho/den*, 242 N.C. 408, 414, 88 S.E.2d 125, 130 (1995) (quoting 11 Am.Jur. 577, Conspiracy, sec. 45.). A cause of action for civil conspiracy "does no more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts of one may be admissible against all." Henry v. Deen, 310 N.C. 75, 87, 310 S.E.2d 326, 334 (1984) (first citing Shope v. Boyer, 269 N.C. 401, 150 S.E.2d 771 (1966); then citing Muse v. Morrison, 234 N.C. 195, 66 S.E.2d 783 (1951)).

[5] The terms "overt act" and "wrongful act" are used interchangeably. *Compare* Reid v. Holden, 242 N.C. at 415, 88 S.E.2d at 130 ("To create civil liability for conspiracy there must have been an overt act ....") *with* Holt v. Holt, 232 N.C. 497, 500, 61 S.E.2d 448, 451 (1950) ("To create civil liability for conspiracy, a wrongful act resulting in injury ... must be done ....").

[6] "A civil action for conspiracy is an action for damages resulting from acts committed by one or more of the conspirators pursuant to the formed conspiracy, rather than the conspiracy itself." Burton v. Dixon, 259 N.C. at 476, 131 S.E.2d at 30. Damages for which recovery may be sought are limited to those proximately caused by specific overt or wrongful acts done "as a part of and in furtherance of the common object." *See* Muse, 234 N.C. at 198, 66 S.E.2d at 785 (damages must be those resulting from "acts so done").

[The plaintiff contends, and the defendant denies, that the defendant and (*name all alleged co-conspirators*) conspired to do an unlawful act, that is (*state claim*). I instruct you, members of the jury, that (*state claim*) is an unlawful act. Thus, if you have answered the (*state number*) issue "Yes" in favor of the plaintiff, you must consider whether the (*name all alleged co conspirators*) or any one or more of them conspired with the defendant to (*state claim*).]

[The plaintiff contends, and the defendant denies, that the defendant and (*name all alleged co-conspirators*) conspired to do a lawful act in an unlawful way. An act, while lawful in and of itself, may be done with an intent or purpose which makes it unlawful.[7] I instruct you, members of the jury, that (*state act or acts*) [is] [are] not, in and of [itself] [themselves], unlawful. However, if (*state act or acts*) [was] [were] done with the purpose or intent[8] to (*state object of offense*), then while the act(s) may be lawful in and of [itself] [themselves], this purpose or intent would make [it] [them] unlawful.[9] Thus, if you have answered the (*state number*) issue "Yes" in favor of the plaintiff, you must consider whether the (*name all alleged co-conspirators*) or any one or more of them conspired with the defendant to (*state act or acts*) with the purpose or intent to (*state object of offense*).]

On this issue the plaintiff has the burden of proof. Thus, in order to prove[10] that defendant is liable by reason of conspiracy, the plaintiff must satisfy you, by the greater weight of the evidence, of the existence of the following three things:

First, that (*name all alleged co-conspirators*) or any one or more of them agreed with (*name defendant*) [to do an unlawful act] [to do a lawful act in an unlawful way], and

Second, that one or more of the parties to the agreement then committed an overt act in furtherance of the aims of the agreement,[11] and

Third, that the act(s) committed in furtherance of the aims of the agreement proximately caused [injury] [damage] to the plaintiff.[12]

---

[7] Stated simply, "[t]he plan may make the parts unlawful." *Swift & Co. v. United States, 196 U.S. 375, 396 (1904)* ("The most innocent and constitutionally protected of acts or omissions may be made a step in a criminal plot, and if it is a step in a plot, neither its innocence nor the Constitution is sufficient to prevent the punishment of the plot by law." (citing *Aikens v. Wisconsin, 195 U.S. 194, 196 (1904))*).

[8] For an instruction on intent, see N.C.P.I.-Civil 101.46.

[9] This charge would typically be used where intentional torts are alleged. An example might be the tort of abuse of process as presented in *Chatham Estates v. American National Bank, 171 N.C. 579, 88 S.E. 783 (1916)*. In that case (which did not involve conspiracy issues), the plaintiff claimed that defendant had abused legal process by bringing an action and filing a *lis pendens* notice on his property. While the act of filing a notice of *lis pendens* is lawful, if done "for the purpose of injuring and destroying the credit and business of another ...", it is an offense. *Id., 171 N.C. at 582, 88 S.E. at 784*; *accord Whyburn v. Norwood, 47 N.C. App. 310, 267 S.E.2d 374 (1980)*. In instructing the jury where a conspiracy issue is present, the court might say:

> I instruct you, members of the jury, that the filing of a notice of *lis pendens* is not, in and of itself, unlawful. However, if the filing of the notice of *lis pendens* was done with the purpose or intent to injure and destroy the credit and business of another, while the act may be lawful in and of itself, this purpose or intent will make it unlawful.

[10] In cases where there is an evidentiary basis for a conspiracy, certain rules of evidence are brought into play, most notably the hearsay exception set forth at *N.C. Gen. Stat. § 8C-1, Rule 801(d)(E)*.

[11] *Evans v. GMC Sales, Inc., 268 N.C. 544, 546, 151 S.E.2d 69, 71 (1966)*; *Curry v. Staley, 6 N.C. App. 165, 167, 169 S.E.2d 522, 523 (1969)*. *Cf. McNeil v. Hall, 220 N.C. 73, 74, 16 S.E.2d 456, 457 (1941)* (If the acts complained of are not wrongful or illegal, then absent any intimidation or coercion, no agreement to commit the lawful acts can be called an illegal and wrongful conspiracy.).

I will now explain each of these requirements.

<u>First</u>, the plaintiff must prove that (*name all alleged co-conspirators*) or any one or more of them agreed with (*name defendant*) to do an unlawful act or to do a lawful act in an unlawful way. Such an agreement is called a conspiracy. A conspiracy is a combination of two or more persons to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means. There can be no conspiracy unless more than one person is There may be more than one proximate cause of [an injury] [damage]. Therefore, the party seeking damages need not prove that the overt act(s) involved. The very word "conspiracy" means "together with someone else." In other words, a conspiracy is a kind of partnership or joint enterprise in which each member becomes the agent of every other member with respect to the common plan, and each member is held responsible for the acts of or statements made by any other member made or done in furtherance of the common plan.[13] The essence of a conspiracy is an unlawful combination to violate or to disregard the law.[14]

---

[12] *Coleman v. Shirlen, 53 N.C. App. 573, 577, 281 S.E.2d 431, 433 (1981)* (abrogated on other grounds).

[13] *Henry v. Deen, 310 N.C. 75, 87, 310 S.E.2d 316, 334 (1984)* (The complainant must not only show conspiracy, but that injury resulted as well.); *Holt v. Holt, 232 N.C. 497, 61 S.E.2d 448 (1950)*. *See also State v. Lee, 277 N.C. 205, 208, 176 S.E.2d 765, 770 (1970)*.

[14] "If two or more persons conspire or agree to engage in an unlawful enterprise, each is liable for acts committed by any of them in furtherance of the common design and the manner or means used in executing the common design; the fact that one conspirator is the instigator and dominant actor is immaterial on the question of guilt of the other." *Curry, 6 N.C. App. at 169, 169 S.E.2d at 524*. *See* ABA Section of Antitrust Law, *Model Jury Instructions in Civil Antitrust Cases*, 2016 Edition, Ch. 2 A-1 (2016).

In appropriate cases, the instruction may be supplemented as follows:

> The basis of a conspiracy is an agreement or understanding between two or more persons. An agreement or understanding between two or more persons exists when they share a commitment to a common scheme. To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person can become a member without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the charged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove a conspiracy existed, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.
>
> A conspiracy may be formed without all parties coming to an agreement at the same time *[such as where competitors separately accept invitations to participate in a plan to restrain trade]*. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by plaintiff were agreed upon to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the conspiracy were actually members. It is the agreement or understanding to restrain trade [*in the way alleged by plaintiff*] that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.
>
> Plaintiff may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.
>
> Direct evidence of an agreement may not be available, and therefore a conspiracy also may be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without any agreement among them, then there would not be a conspiracy.
>
> In determining whether an agreement or understanding between two or more persons has been proved, you must view the evidence as a whole and not piecemeal.

Second, the plaintiff must prove that one or more of the parties to the agreement committed an overt act in furtherance of the aims of the agreement. An overt act is an act which could be neutral in its character, but which is evidence of affirmative action showing an intent to accomplish or further the objects of the alleged conspiracy. It is not necessary for the plaintiff to prove that all or any one of the aims of the agreement was accomplished.[15] The plaintiff must show, however, that one or more of the parties to the agreement performed at least one act in furthering or trying to effect the agreement.

And Third, the plaintiff must prove that the overt act(s) committed in furtherance of the conspiracy [was] [were] a proximate cause of [injury] [damage] to the plaintiff.

Proximate cause is a real cause--a cause without which the claimed [injury] [damage] would not have occurred, and one which a reasonably careful and prudent person could foresee would probably produce such [injury] [damage] or some similar injurious result. [was] [were] the sole proximate cause of the [injury] [damage]. The plaintiff must prove, by the greater weight of the evidence, only that the overt act(s) [was] [were] one of the proximate causes.

Finally, with respect to this issue, on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that [an overt act] [overt acts] taken in furtherance of a conspiracy to which (*name defendant*) and (*name all alleged co-conspirators*) or any one or more of them [was] [were] a party proximately caused [injury] [damage] to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of (*name defendant*).

North Carolina Pattern Jury Instructions for Civil Cases
Copyright © 2020 North Carolina Conference of Superior Court Judges, All Rights Reserved

---

**End of Document**

---

*Id.*

[15] *See State v. Potter, 252 N.C. 312, 313, 113 S.E.2d 573, 574 (1960)*.