**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF DELAWARE**

| | |
|---|---|
| QORVO, INC.<br><br>        Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>        Defendants. | C.A. No. 21-1417 (JPM)<br><br><br><br>**JURY TRIAL DEMANDED** |

**THE AKOUSTIS DEFENDANTS' BENCH MEMORANDUM RELATED TO**
**THE JURY INSTRUCTIONS FOR CIVIL CONSPIRACY**

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

Defendants Akoustis Technologies, Inc. and Akoustis, Inc. ("Akoustis") respectfully submit this bench memorandum in support of their objections to the inclusion of the civil conspiracy instructions to the jury.  Submitting the claim to the jury under these circumstances would be highly prejudicial under FRE 403 and confusing to the jury. Any remedies Qorvo can recover under a theory of civil conspiracy are wholly duplicative of and subsumed by the underlying claim for trade secret misappropriating.

Civil conspiracy does not provide an independent claim for relief.  It is merely a way to create joint and several liability for the underlying substantive claim.  "The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all." *Shope v. Boyer*, 268 N.C. 401, 405, 150 S.E.2d 771, 774 (1966).   Thus, civil conspiracy cannot alone be the basis of the recovery; rather "recovery must be on the basis of sufficiently alleged wrongful overt acts" of the underlying torts. *Washington v. Wells Fargo Bank, Nat'l Ass'n*, No. 1:22-CV-764, 2023 WL 415483, at *4 (M.D.N.C. Jan. 25, 2023). To that end, courts will dismiss conspiracy claims, while recognizing the right of a defendant to pursue the "**remedy of** joint and several liability under a theory of civil conspiracy" if applicable.  *Mason v. Health Mgmt. Assocs. LLC*, No. 3:10-CV-472-KDB-DSC, 2019 WL 7708877, at *5 (W.D.N.C. Sept. 5, 2019) (emphasis added), *report and recommendation adopted*, 421 F. Supp. 3d 237 (W.D.N.C. 2019).

As the case law recognizes, civil conspiracy creates a potential remedy, not a separate cause of action for which a single defendant may seek additional monetary recovery above what is awarded for the underlying tort.  But here, any remedy to which Qorvo is entitled is the same with or without inclusion of the civil conspiracy claim.  The remedies Qorvo could seek to recover from

its conspiracy claim is wholly subsumed by and is duplicative of any recoverable remedy under the North Carolina Trade Secrets Protection Act.  *See* N.C. Gen. Stat. Ann. § 66-154.

Qorvo's continued pursuit of this claim appears to hinge on its desire to interject inflammatory claims of "conspiracy" into this case.  This would be highly prejudicial to Akoustis and confusing for the jury.  There is no need for the jury to determine whether such conspiracy exists or whether this secondary theory of recovery is viable, when the conspiracy claim is premised on the underlying state trade secret misappropriation and this trial does not name any of the alleged co-conspirators as defendants. Rather, Qorvo likely wants to include this claim in an effort to inflame the jury with charges of "conspiracy" for a joint and several remedy it does not need.  The Court should not allow such gamesmanship and should instead focus the jury's attention to the substantive claims at issue here.

For the foregoing reasons, Akoustis respectfully objects to the inclusion of the civil conspiracy jury instructions and requests that the Court not submit to the jury Count IX for Civil Conspiracy.

Dated:  May 14, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Respectfully submitted,

/s/ *Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*