IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-01417-JPM ) ) |
| AKOUSTIS TECHNOLOGIES, INC., and AKOUSTIS, INC., | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' RULE 50(A) MOTION RELATED TO DAMAGES FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER NORTH CAROLINA LAW**

At the close of Plaintiff's case, Defendants' made two oral Motions pursuant to Federal Rule of Civil Procedure 50(a). The Court denied the first motion, which related to a Daubert/Fed. R. Civ. P. 702 challenge to Plaintiffs' Trade Secret Damages Experts, but reserved ruling on the second. Plaintiff submitted written briefing. (ECF No. 587.)

Defendants' 50(a) motion argued that there is insufficient evidence to support a finding of actual injury to Plaintiff under the North Carolina Unfair and Deceptive Trade Practices Act. See N.C. Gen. Stat. § 75-1.1 et seq. (1985) ("UDTPA"); (ECF No. 587 at PageID 28614). For the reasons discussed below, Defendants' 50(a) motion is **GRANTED IN PART AND DENIED IN PART**. There is sufficient evidence to support a finding of actual injury for the purpose of liability under the UDTPA, but insufficient evidence to support any compensable damages under the UDTPA.

I.   **STANDARD**

Judgment as a matter of law pursuant to a Rule 50(a) motion is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. Fed. R. Civ. P. 50(a)(1). "Entry of a judgment as a matter of law is a 'sparingly' invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Amgen Inc. v. Hospira, 336 F.Supp.3d 333 (D. Del. 2018) (quoting Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted)).

II. **ANALYSIS**

A claim for unfair or deceptive acts or practices under the UDTPA requires "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 653 S.E.2d 393, 399 (N.C. 2007). Misappropriation of trade secrets may form the basis of a claim under the UDTPA "if the misappropriation satisfies the three required elements [which] form an unfair trade practices claim." Am. Air Filter Co. v. Price, 2018 WL 3466952, 2017 NCBC LEXIS 73 (July 10, 2018). "[A]n award of actual damages is not required to support a finding that plaintiffs were injured by the acts complained of." Estate of Hurst v. Moorehead I, LLC, 228 N.C.App. 571, 578 (2013) (citing Strates Shows, Inc. v. Amusements of Am., Inc., 184 N.C.App. 455, 462, 646 S.E.2d 418, 424 (2007)). "Actual injury may include the loss of the use of specific and unique property, the loss of any appreciated value of the property, and any other such elements of damages as may have been shown by the evidence." Coley v. Champion Home Builders Co., 162 N.C.App. 163, 590 S.E.2d 20, 22 (2004). Loss of trade secrets is an example of this kind of injury for liability purposes. See Barr-Mullin v. Browning, 108 N.C. App. 590, 597 (N.C. App. 1993). North

2

Carolina courts have upheld liability findings even where juries have awarded only nominal damages.  See id.; Am. Air Filter Co., 2018 WL 3466952 at *11.

The categories of damages cognizable under the UDTPA, however, are more limited than those cognizable under the federal Defend Trade Secrets Act.  "'Treble damages are assessed automatically upon a violation of [UDTPA]' pursuant to N.C. Gen.Stat. § 75-16." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 165 (4th Cir. 2012) (quoting Walker v. Branch Banking & Trust Co., 133 N.C.App. 580, 515 S.E.2d 727, 731 (1999)).  The UDTPA's language on damages specifically links damages to actual injury to Plaintiff.  N.C. Gen.Stat. § 75-16.  North Carolina Courts have allowed for disgorgement of profits by defendants to serve as damages where they are proxies for injury by plaintiff, but has not recognized head start benefits to the Defendants as such a proxy.  The Fourth Circuit, summarizing North Carolina law, noted that even disgorging lost products from products "deceptively similar" to Plaintiffs' was "not perfect" as a measure of damages under the UDTPA, but were "sufficient" under certain circumstances.  See Belk, 679 F.3d at 168; Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 145, 149 (4th Cir. 1987).  The Fourth Circuit noted that limiting Plaintiff's damages to the profits made by Defendants on infringing product was preferable to "having a fact finder [otherwise] assess damages with little guidance." Polo Fashions, 816 F.2d at 149.

Plaintiffs are not required to show exact dollar amounts with mathematical precision, but must prove damages to a reasonable certainty.  Story Parchment Co. v. Paterson Parchment Co., 282 U.S. 555 (1931); see also Whiteside Estates, Inc. v. Highlands Cove, LLC, 145 N.C. App. 449, 462, 553 S.E.2d 431, 440 (2001).  Lost profits and "lost market share resulting from defendants' accelerated market entry" have been held to be permissible bases for damages under the UDTPA when sales were made in the same geographic area and of the same products.  Sunbelt

Rentals v. Head & Enquist Equipment, L.L.C., 174 N.C.App. 49 (2005).  But no North Carolina law suggests that *Defendants'* benefits from accelerated market entry alone are a proper basis to determine the injury to Plaintiff, or are even a reasonable proxy for lost profits or lost market share by the Plaintiff.  Head start damages calculate the benefit to Defendant from having certain profits (or, in this case, revenues) earlier than they would have.  But there is no evidence in the record that those revenues otherwise would have gone to Plaintiffs, or that they resulted in any expansion of market share at Plaintiffs' expense.  As such, head start benefits are not a proxy for the damage to Plaintiff, and would put the jury in a position of "assess[ing] damages with little guidance."  Polo Fashions, 816 F.2d at 149.

Loss of trade secrets is an injury under the UDTPA's liability provision.  But loss of trade secrets alone is an insufficient basis for the jury to award damages under the bases understood by the UDTPA where Plaintiffs have not shown they suffered compensable harm.  Plaintiffs base their damages assessment exclusively on the DTSA's head start benefit damages provision. Plaintiffs' sole damages expert does not reference North Carolina law in her report, and only opines that the damages under North Carolina law would be in the same amount as those calculated under the DTSA.  This analysis, however, conflates the North Carolina Trade Secret Protection Act ("NCTSPA"), which is largely duplicative of the federal DTSA, with the UDTPA, which is not. Plaintiff has not provided any evidence that they lost market share or suffered lost profit because of Defendants' alleged misappropriation.   Indeed, while there is testimony that the Parties are competitors, there is no evidence in the record that they compete in the same geographic area, for the same customers at each others' expense.

4

III.     **CONCLUSION**

Because Plaintiff's only basis for proving damages to a reasonable certainty is inconsistent with the damages cognizable under the UDTPA, the Defendants' 50(a) Motion is **GRANTED IN PART AND DENIED IN PART**. The jury has no reasonable basis to find compensable damages under the UDTPA, but has sufficient basis to find injury.

**IT IS SO ORDERED**, this 14th day of May, 2024.

                                          /s/ Jon P. McCalla
                                          JON P. McCALLA
                                          UNITED STATES DISTRICT JUDGE