IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |

**PLAINTIFF QORVO, INC.'S BENCH MEMORANDUM REGARDING FINAL JURY INSTRUCTION RELATING TO "USE" OF A TRADE SECRET**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

May 15, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

Qorvo respectfully submits this bench memorandum regarding the final jury instructions related to "Use" of a Trade Secret. Qorvo respectfully submits that the Court should not strike any of the currently proposed language in the final jury instruction related to "Use".

The first portion highlighted by the Court is the following:

> "Examples of 'use' that fall within this definition include employing a trade secret in manufacturing or production or relying on the trade secret to assist or accelerate research and development. The unauthorized use need not extend to every aspect or feature of the trade secret; use of any substantial portion of the secret is sufficient to subject the actor to liability. Similarly, the actor need not use the trade secret in its original form. Thus, an actor is liable for using the trade secret with independently created improvements or modifications if the result is substantially derived from the trade secret."

Several federal courts have held that "use" of a trade secret includes the descriptions of "use" proposed above, including courts which adopt the precise language from the Restatement (Third) of Unfair Competition, § 40. *See Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 450-51 (5th Cir. 2007) ("any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant[.] ... Thus, marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, relying on the trade secret to assist or accelerate research or development, or soliciting customers through the use of information that is a trade secret ... all constitute 'use.'") (quoting Restatement (Third) of Unfair Competition, § 40); *Oakwood Laboratories v. Thanoo*, 999 F.3d 892, 910 (3d. Cir. 2021) ("the "use" of a trade secret encompasses all the ways one can take advantage of trade secret information to obtain an economic benefit, competitive advantage, or other commercial value, or to accomplish a similar exploitative purpose"); *02 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1072 (N.D. Cal. 2005) ("[I]nternal experimentation with trade secret information can constitute use. ... Employing the confidential information in manufacturing, production, research or development, marketing goods that embody the trade secret, or soliciting customers through the

use of trade secret information, all constitute use." (internal quotations omitted)); *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, No. 5:15-CV-01370-EJD, 2018 WL 6242090, at *3 (N.D. Cal. Nov. 29, 2018) ("an actor is liable for using the trade secret with independently created improvements or modifications if the result is substantially derived from the trade secret.") (quoting Restatement (Third) of Unfair Competition, § 40); *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1292–93 (11th Cir. 2003) ("The unauthorized use need not extend to every aspect or feature of the trade secret; use of any substantial portion of the secret is sufficient to subject the actor to liability. Similarly, the actor need not use the trade secret in its original form.") (quoting Restatement (Third) of Unfair Competition, § 40).

The second portion highlighted by the Court is the following: "But you may find that possession of the trade secrets, or the circumstances surrounding the possession of the trade secrets, are circumstantial evidence of 'use.'"

Federal courts also support this proposition. *See SKF USA Inc. v. Bjerkness*, No. 08 C 4709, 2010 WL 3155981, at *8 (N.D. Ill. Aug. 9, 2010) ("Defendants' theft of thousands of computer files is circumstantial evidence that they intended to use SKF's trade secrets to accomplish the diversion."); *Liebert Corp. v. Mazur*, 357 Ill.App.3d 265, 281 (Ill. App. Ct. 2005); ("The fact that Mazur attempted to destroy any indication of his downloading activities when plaintiffs filed suit also suggests improper acquisition."); *Aon Risk Servs. Companies, Inc. v. Alliant Ins. Servs., Inc.*, 415 F. Supp. 3d 843, 848 (N.D. Ill. 2019) (granting TRO and finding "use" of trade secrets where it was "undisputed that certain Defendant Employees took sensitive information prior to leaving for Alliant," "Defendants Lubas and Brusek downloaded large amounts of documents to USB drives in October 2019 prior to their departure," and "Lubas and Brusek had no reason to download sensitive documents to USB drives when they could have accessed them through Aon's VPN

network"); *RKI, Inc. v. Grimes*, 177 F.Supp.2d, 866–68, 875 (N.D. Ill. 2001) (determining that the defendant had misappropriated his employer's trade secrets based in part on circumstantial evidence that the defendant downloaded 60 megabytes of the company's data to his home computer two days before resigning and then suspiciously deleted the information).

For these reasons, the Court should maintain and issue the proposed jury instruction regarding "use" of a trade secret in full:

```
To prove "use" of a trade secret, Qorvo must prove by a
preponderance of the evidence that Akoustis used the alleged trade
secrets without Qorvo's consent.

"Use" has a broad definition in trade secret law.  As a
general matter, any exploitation of a trade secret that is likely
to result in injury to the trade secret owner or enrichment to the
defendant is a "use."  [Examples of "use" that fall within this
definition include employing a trade secret in manufacturing or
production or relying on the trade secret to assist or accelerate
research and development.  The unauthorized use need not extend to
every aspect or feature of the trade secret; use of any substantial
portion of the secret is sufficient to subject the actor to
liability.  Similarly, the actor need not use the trade secret in
its original form.  Thus, an actor is liable for using the trade
secret with independently created improvements or modifications if
the result is substantially derived from the trade secret.]  Use
requires the productive use of the alleged trade secret.  Merely
Possessing a trade secret without utilizing the trade secret is
```

not "use." [But you may find that possession of the trade secrets, or the circumstances surrounding the possession of the trade secrets, are circumstantial evidence of "use."]

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| Robert M. Masters | /s/ *Jeremy A. Tigan* |
| Jonathan R. DeFosse | _____ |
| Timothy P. Cremen | Jack B. Blumenfeld (#1014) |
| Roy D. Jung | Jeremy A. Tigan (#5239) |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | Anthony D. Raucci (#5948) |
| 2099 Pennsylvania Avenue, NW, Suite 100 | 1201 North Market Street |
| Washington, DC  20006-6801 | P.O. Box 1347 |
| (202) 747-1900 | Wilmington, DE  19899-1347 |
| | (302) 658-9200 |
| Zachary Alper | jblumenfeld@morrisnichols.com |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | jtigan@morrisnichols.com |
| 12275 El Camino Real, Suite 100 | araucci@morrisnichols.com |
| San Diego, CA  92130-4092 | |
| (858) 720-8900 | *Attorneys for Plaintiff Qorvo, Inc.* |
| | |
| Kazim A. Naqvi | |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | |
| 1901 Avenue of the Stars, 16th Floor | |
| Los Angeles, CA  90067 | |
| (310) 228-3700 | |
| | |
| Jennifer Klein Ayers | |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | |
| 2200 Ross Avenue, 20th Floor | |
| Dallas, TX 75201 | |
| (469) 391-7400 | |

May 15, 2024