IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., )<br>)<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>AKOUSTIS TECHNOLOGIES, INC., and )<br>AKOUSTIS, INC., )<br>)<br>    Defendants. ) | Case No. 1:21-cv-01417-JPM |

**ORDER DENYING PLAINTIFF'S RULE 50(A) MOTION**

At the close of Defendants' case, Plaintiff filed a written Rule 50(a) Motion for judgment as a matter of law that Plaintiff had "1) established trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") and North Carolina Trade Secret Protections Act ("NCTSPA") as to Qorvo's Trade Secret Groups 1 and 8 and 2) established [that] reasonable measures [were taken] to protect each of the trade secrets in Qorvo's Trade Secret Groups 1 through 8." (ECF No. 592 at PageID 28651.) Defendants filed a written response. (ECF No. 593.) For the following reasons, Plaintiff's Motion is **DENIED**.

    I.    **STANDARD**

Judgment as a matter of law pursuant to a Rule 50(a) motion is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. Fed. R. Civ. P. 50(a)(1). "Entry of a judgment as a matter of law is a 'sparingly' invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence

from which a jury reasonably could find [for the movant]." Amgen Inc. v. Hospira, 336 F.Supp.3d 333 (D. Del. 2018) (quoting Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted)).  There is insufficient evidence when "the record is critically deficient of that minimum quantity of evidence from which a jury might find relief." Addie v. Kjaer, 737 F.3d 854, 866 (3d Cir. 2013).  Courts may "not determine the credibility of the witnesses [nor] substitute its choice for that of the jury between conflicting elements in the evidence." Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893 (Fed. Cir. 1984).

When, as here, the movant bears the burden of proof, the Third Circuit's standard is strict. The Court "must be able to say not only that there is sufficient evidence to support the [movant's argued] finding, even though other evidence could support as well a contrary finding, but additionally that there is insufficient evidence for permitting any different finding." Amgen, 336 F.Supp.3d at 340-341 (quoting Fireman's Fund Ins. Co. v. Videfreeze Corp., 540 F.2d 1171, 1177 (3d Cir. 1976).

II.   **ANALYSIS**

Plaintiff argues first that they have established trade secret misappropriation for proposed trade secret groups 1 and 8, and then argues that they have established that all the trade secrets in the case (proposed groups 1 through 8) were subject to reasonable measures.  Because success of the second argument as to trade secret groups 1 and 8 is a necessary predicate to success of the first argument, the Court reverses Plaintiff's order of argument.

a. *Reasonable Measures*

Plaintiff argues that because Defendants did not put on witnesses to testify that reasonable measures to maintain the secrecy of alleged trade secret groups 1 through 8 were *not* taken by Qorvo, there is insufficient evidence to permit the jury to find the absence of reasonable measures.

(ECF No. 592.)  Plaintiff, however, bears the burden of establishing reasonable measures, and cites no case law to support the proposition that witness testimony is required for Defendants to rebut their proof.  Further, their argument requires the Court to assume the jury would find Plaintiff's witnesses credible as to reasonable measures having been taken as to all asserted trade secrets.

The record shows that, given the evidence elicited during cross-examination of Plaintiff's witnesses and drawing all inferences in favor of the non-movant, a reasonable jury could find that Qorvo did not take reasonable measures to protect information in alleged trade secret groups 1 through 8.  Plaintiff's Chief Security Officer Mr. Michael Boyd was unable to testify to Qorvo's security measures between 2015 and 2019, when the bulk of the misappropriation at issue allegedly occurred. Trial Tr., 1488:14-23.  Plaintiff's Information Security Expert, Mr. R. Cuyler Robinson, also admitted that Qorvo allowed certain security risks for business purposes pre-2019.  Id. at 1548:7-25; 1550:12-1553:13.  Similarly, both experts testified that information security measures should account for risk of employees misunderstanding or mishandling information.  See, e.g., id. at 1528:5-9.   There is evidence from which the jury could infer confusion was likely, and unaccounted for: Mr. Tony Testa testified that Qorvo presentations were trade secret when there is a "confidential and proprietary" stamp on them, but that that label appears as a default on all Qorvo PowerPoint presentations, and Mr. Boyd's testified that Qorvo has documents with the "confidential and proprietary" stamp on its public website.  See id. at 483:18-21; 513:11-14; 516:12-16 ("confidential and proprietary" label indicates trade secret); 536:10-17; 1529:25-1530:20 (label as default); 1495:13-16 (public availability of stamped documents).  Given this evidence, a reasonable jury could infer that Qorvo's efforts were not reasonable under the circumstances to protect the secrecy of the information in alleged trade secret groups 1 through 8.

Because testimony in the record from Plaintiff's witnesses provides evidentiary support from which a reasonable jury could find for the Defendants on this issue, Plaintiff cannot prevail on its motion for judgment as a matter of law.

    b. *Trade Secret Misappropriation*

Under both North Carolina and federal law, plaintiffs must demonstrate that an alleged trade secret was subject to reasonable measures to maintain its secrecy. 18 U.S.C. [SECTION] 1839(3)(A)(B); Oakwood Lab'ys LLC v. Thanoo, 999 F.3d 892, 905 (3d Cir. 2021); N.C. Gen. Stat. [SECTION] 66-152(3); Channeltivity, LLC v. Allbound, Inc., No. 20-CV-0611, 2021 WL 4484576 (W.D.N.C. Sept. 2, 2021). Because Plaintiff has not met its burden in establishing reasonable measures to the standard required for judgment as a matter of law for *any* alleged trade secret group, it cannot be entitled to judgment as a matter of law for misappropriation of trade secrets as to alleged groups 1 and 8.

### III.    CONCLUSION

Because Plaintiff has not shown that a reasonable jury could find evidence that the information in groups 1 through 8 were subject to reasonable measures to ensure its secrecy, Plaintiff's 50(a) Motion fails on both arguments. Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**, this 17th day of May, 2024.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE