UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>        Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>        Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED** |

### THE AKOUSTIS DEFENDANTS'
### MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE REMITTITUR

Pursuant to Federal Rule of Civil Procedure 59, defendants Akoustis Technologies, Inc. and Akoustis Inc. (collectively "Akoustis" or the "Akoustis Defendants") respectfully move the Court for an Order granting a new trial (or alternatively remittitur) for the following counts:

1.      <u>Counts VI and VIII</u>, alleging that Akoustis misappropriated Plaintiff Qorvo Inc.'s ("Qorvo") trade secrets for two discrete reasons. ***First***, the Court should grant a new trial on trade secret damages because the jury returned an inconsistent verdict form. The jury's verdict form was inconsistent with the law on trade secret misappropriation damages and the instructions given to the jury. Allowing that form to stand would be manifestly unjust. ***Second***, for the reasons set forth in Akoustis' concurrently filed Renewed Motion for Judgment as a Matter of Law, the jury's monetary award for the trade secret claims is based on inadmissible evidence. Ms. Bennis' unjust enrichment calculation is based on an unreliable methodology. Ms. Bennis compounds that error by her improper reliance on Dr. Stanley Shanfield's speculative opinion regarding the 55-month duration of Akoustis' purported head start through trade secret misappropriation. Ms. Bennis' unreliable testimony requires that this Court order a new trial on damages, or alternatively

remittitur based on the unjust enrichment calculation submitted by Akoustis' damages expert in the amount of $305,000.

    2.    <u>Counts I and II</u>, alleging patent infringement. The jury's verdict was against the clear weight of the evidence presented at trial and constitutes a manifest miscarriage of justice. On their face, the plots resulting from Dr. Shanfield's simulations that were presented at trial, and which formed the bases of Qorvo's expert's infringement opinion, fail to prove the increase in performance across the entire pass band of the device as required by the claims. Without such evidence, Qorvo fails to satisfy its burden of proof regarding infringement and the jury's verdict must be set aside.

The grounds for Akoustis' motion are set forth in its concurrently filed brief in support, declarations, and exhibits.

- 3 -

| | |
|---|---|
| Dated:   June 17, 2024 | */s/ Ronald P. Golden III* |
| | Stephen B. Brauerman (#4952) |
| | Ronald P. Golden III (#6254) |
| OF COUNSEL: | BAYARD, P.A. |
| | 600 N. King Street, Suite 400 |
| SQUIRE PATTON BOGGS (US) LLP | Wilmington, Delaware |
| | (302) 655-5000 |
| Ronald S. Lemieux | sbrauerman@bayardlaw.com |
| David S. Elkins | rgolden@bayardlaw.com |
| Victoria Q. Smith | |
| 1841 Page Mill Road | *Attorneys for Defendants Akoustis Technologies,* |
| Suite 150 | *Inc. and Akoustis, Inc.* |
| Palo Alto, California 94304 | |
| (650) 856-6500 | |
| ronald.lemieux@squirepb.com | |
| david.elkins@squirepb.com | |
| victoria.smith@squirepb.com | |

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com