# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | |
| Plaintiff, | C.A. No. 21-1417 (JPM) |
| v. | |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

**THE AKOUSTIS DEFENDANTS' OPPOSITION TO QORVO'S
MOTION TO ALTER OR AMEND THE MAY 20, 2024 JUDGMENT
AS TO QORVO'S CLAIM FOR UNFAIR AND DECEPTIVE TRADE PRACTICES**

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis
Technologies, Inc. and Akoustis, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. PROCEDURAL HISTORY .............................................................................................. 2

III. LEGAL STANDARD GOVERNING THIS MOTION ...................................................... 3

IV. ARGUMENT ..................................................................................................................... 4

    A. Qorvo Failed To Present Grounds To Nullify The Jury's Verdict That Akoustis Is Not Liable For A Violation Of The UDTPA ............................................ 4

        1. A Violation of the NC Trade Secret Protection Act Is Not a *Per Se* Violation of the UDTPA ..................................................................................... 5

        2. The Jury's Finding on Liability Was Not a Clear Error of Law or Manifestly Unjust ............................................................................................ 7

            a. Qorvo Waived Its Undisguised Rule 50(b) Motion in the Alternative ............. 7

            b. Qorvo Does Not Meet Its Burden of Showing That the Jury's Conclusion as to All Three Elements of the UDTPA Claim Is a Clear Error of Law or Would Result in Manifest Injustice ........................................ 8

                (1) No Unfair or Deceptive Act or Practice ........................................................ 8

                (2) No Affected Commerce ................................................................................ 9

                (3) No Proximate Cause ................................................................................... 11

    B. The Court Correctly Held That There Was No Evidence Of Damages Under The UDTPA ............................................................................................................. 11

        1. Qorvo Is Not Entitled to "Damages" Under the UDTPA ................................... 12

        2. The UDTPA Does Not Allow Damages Awards Untethered to Actual Injury .................................................................................................................. 14

V. CONCLUSION ............................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Cirs., Inc. v. Bayatronics*, LLC,
   No. 22 CVS 2915, 2023 WL 8597896 (N.C. Super. Dec. 8, 2023)..........................................6

*Belk, Inc. v. Meyer Corp.*,
   679 F.3d 146 (4th Cir.2012) .................................................................................................14

*Bernard v. Central Carolina Truck Sales*,
   68 N.C.App. 228, 314 S.E.2d 582 (1984)............................................................................12

*Bomar v. Wetzel*,
   No. CV 04-1730, 2024 WL 1485838 (E.D. Pa. Apr. 5, 2024) ...............................................4

*Deere & Co. v. AGCO Corp.*,
   659 F. Supp. 3d 418 (D. Del. 2023)........................................................................................7

*Drouillard v. Keister Williams Newspaper Servs., Inc.*,
   108 N.C. App. 169, 423 S.E.2d 324 (1992)...........................................................................6

*Encompass Servs., PLLC v. Maser Consulting P.A.*,
   No. 19 CVS 1782, 2021 WL 2655164 (N.C. Super. June 28, 2021).......................................6

*Ge Betz, Inc. v. Conrad*,
   231 N.C. App. 214, 752 S.E.2d 634 (2013)...........................................................................6

*Gen. Star Nat'l Ins. Co. v. Howard*,
   No. 5:08-CV-199-H, 2009 WL 10688826 (E.D.N.C. Sept. 11, 2009) ..................................13

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
   No. CV 15-634-JFB, 2019 WL 1877189 (D. Del. Apr. 26, 2019),
   *aff'd*, 967 F.3d 1380 (Fed. Cir. 2020) ....................................................................................4

*IPA Techs., Inc. v. Microsoft Corp.*,
   No. CV 18-1-RGA, 2024 WL 1962070 (D. Del. May 2, 2024) ............................................12

*Legacy Data Access, LLC v. Mediquant*, Inc.,
   No. 3:15-cv-00584-FDW-DSC, 2017 WL 6001637 (W.D.N.C. Dec. 4, 2017) ...................5, 8

*Max's Seafood Cafe v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999)....................................................................................................4

*MED1 NC Servs., LLC v. Med1 Plus, LLC*,
   No. 19 CVS 1983, 2021 WL 2596554 (N.C. Super. June 24, 2021).......................................6

*Polo Fashions, Inc. v.Craftex, Inc.*,
    816 F.2d 145 (4th Cir.1987) ..................................................................................14

*SAS Inst., Inc. v. World Programming Ltd.*,
    No. 5:10-CV-25-FL, 2015 WL 5227801 (E.D.N.C. Sept. 8, 2015) ........................14

*Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*,
    No. 00-CVS-10358, 2003 WL 21017456 (N.C. Super. May 2, 2003) ........................13, 14, 15

*Walsh v. Devilbiss Landscape Architects, Inc.*,
    No. CV 17-354 (MN), 2022 WL 903888 (D. Del. Mar. 28, 2022) ...........................7

*WMC, Inc. v. Weaver*,
    166 N.C. App. 352, 361, 602 S.E.2d 706 (2004) ...................................................14

**Statutes**

18 U.S.C. § 1836(b)(1) ...................................................................................................9

N.C. Gen. Stat. § 75–1.1 ............................................................................................6, 8

N.C. Gen. Stat. § 75-1.1(a) ..............................................................................................6

N.C. Gen.Stat. § 75-16 ..................................................................................................12

N.C. Stat. 75-1.1(a) .........................................................................................................9

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

During trial, the Court determined that Qorvo failed to present sufficient evidence to prove it was entitled to "damages" under the North Carolina Unfair and Deceptive Trade Practices Act (the "UDTPA"). After hearing eight days of evidence, the jury determined that Qorvo failed to establish Akoustis' liability for the UDTPA claim based on the misappropriation of Qorvo's trade secrets or confidential information. Qorvo's present Rule 59(e) Motion seeks to upend both findings. The absence of any error of law or resulting manifest injustice precludes doing so.

As to liability, Qorvo manifestly errs in arguing that "because the jury determined that Akoustis violated the NCTSPA and misappropriated dozens of Qorvo's trade secrets, Qorvo is entitled to judgment as a matter of law on its UDTPA claim." That is not the law. No court has ever held that a violation of the NCTSPA is a *per se* UDTPA violation. The Court's Jury Instructions thus properly required Qorvo to prove all three elements of the UDTPA claim. The Jury's Special Verdict makes clear that Qorvo failed to meet its burden. And Qorvo does not show the jury made an error of law that would require altering the judgment on liability.

Qorvo further errs in asserting that altering the liability verdict would automatically entitle Qorvo to over $31 million in "damages" under the UDTPA, which is then subject to trebling. The Court already held that Qorvo failed to produce evidence that could be considered "damages" under the statute. Damages under the UDTPA requires a connection between the monetary award and the actual injury or loss suffered by the plaintiff. Qorvo's head start theory – based on revenue untethered to any actual loss suffered by Qorvo – does not suffice.

- 2 -

## II. PROCEDURAL HISTORY

Qorvo based its UDTPA claim in part on Akoustis' alleged violation of the North Carolina Trade Secret Protection Act ("NCTSPA").[1]  Qorvo's damages expert testified that Qorvo was pursuing the same methodology and quantum of unjust enrichment benefit based on a head start for both the trade secret misappropriation and UDTPA claims.  (Elkins Decl. Ex. 1 (Tr. (May 13, 2024) at 1689:19-1690:12[2] ("I have measured the [UDTPA] benefit in the same way [as the misappropriation claim], so in essence, the 66.1 million once again.").)  Qorvo thus sought an award for both claims measured solely by the unjust enrichment benefit to *Akoustis*.

After Qorvo's case in chief, Akoustis orally moved under Rule 50(a) for judgment as a matter of law on the UDTPA claim (among other things).  Akoustis argued that Qorvo failed to introduce sufficient evidence to show actual injury and actual damages as required under the UDTPA.  (*Id.* (Tr. (May 13, 2024) at 1754:23-1756:1.)  Qorvo asked for and received the opportunity to oppose the motion in writing.  (D.I. 587.)  The Court held that Qorvo introduced sufficient evidence to allow the jury to determine liability under the UDTPA.  (D.I. 590.)  The Court also held, however, that Qorvo did not present evidence of damages linked to any alleged injury it suffered from the alleged misappropriation and removed damages from the jury's purview for this part of the claim.  (*Id*. at 5.)

Qorvo did ***not*** to move under Rule 50(a) on the UDTPA claim after the close of all evidence.  The jury therefore determined whether Akoustis was liable under the UDTPA based on

---

[1] Qorvo also based its UDTPA claim on employee poaching and false advertising.  Qorvo dropped its false advertising claim during trial.  The jury found in favor of Akoustis on the employee poaching part of the claim, and Qorvo does not challenge that part of the verdict.

2 All subsequent citations to the trial record omit the reference to the Elkins Declaration.

misappropriation. Qorvo did not object to the Court's Jury Instruction requiring Qorvo to prove all three elements of the UDTPA claim:

> To succeed on its claim for unfair and deceptive trade practices, Qorvo must prove each of the following by a preponderance of the evidence:
>
> (1) Akoustis committed an unfair or deceptive act or practice;
>
> (2) [] Akoustis' conduct was in or affecting commerce; and
>
> (3) Akoustis' conduct caused Qorvo injury.

(Elkins Decl., Ex. 1 (Tr. (May 15, 2024)) at 2544:18-2545:1.)

The Court instructed the jury regarding "affected commerce" under the UDTPA – also without objection from Qorvo – as follows: "Conduct 'affects commerce' whenever a business activity is adversely or substantially affected. A business activity is the way a business conducts its regular day-to-day activities or affairs, such as the purchase or sale or goods or whatever other activities the business regularly engages in and for which it is organized." (*Id.* at 2546:5-11.)

Finally of significance to this motion, the Court instructed the jury regarding the UDTPA – again without objection from Qorvo – that "[a] violation of a statute or other law is not automatically an unfair or deceptive practice or act. Qorvo must prove that conduct was unfair or deceptive." (*Id.* at 2545:12-14.)

Qorvo proposed, and the Court accepted, a general question as to liability on the UDTPA claim. The jury was asked only: "Has Qorvo proven by a preponderance of the evidence its Unfair and Deceptive Trade Practices Act claim against Akoustis as to its confidential information and trade secret claim?" (D.I. 601 at 5.) The jury returned a verdict of "No." (*Id.*)

### III. LEGAL STANDARD GOVERNING THIS MOTION

To prevail on its motion to alter or amend the judgment, Qorvo must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Qorvo's motion concerns only the third prong.

A motion to alter or amend "may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's Seventh Amendment right to a jury trial." *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. CV 15-634-JFB, 2019 WL 1877189, at *2 (D. Del. Apr. 26, 2019), *aff'd*, 967 F.3d 1380 (Fed. Cir. 2020). Similarly, while the rule "permits a court to alter or amend a judgment … it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Bomar v. Wetzel*, No. CV 04-1730, 2024 WL 1485838, at *2 (E.D. Pa. Apr. 5, 2024).

## IV.     ARGUMENT

### A.     QORVO FAILED TO PRESENT GROUNDS TO NULLIFY THE JURY'S VERDICT THAT AKOUSTIS IS NOT LIABLE FOR A VIOLATION OF THE UDTPA

Qorvo's Rule 59(e) motion improperly seeks to negate the jury's conclusion that Akoustis was not liable for a violation of the UDTPA based on the alleged trade secret misappropriation. Despite Qorvo's bare contention otherwise, ***no court has found that a violation of the NCTSPA constitutes a per se violation of the North Carolina UDTPA***. Qorvo's argument otherwise ignores Qorvo's burden to prove all *three* elements of a UDTPA claim – a burden encompassed by the Court's Jury Instructions to which Qorvo did not object. Qorvo moves in the alternative for judgment as a matter of law under Rule 50(b), arguing that the evidence at trial requires a finding contrary to that reached by the jury. Qorvo waived that motion by not raising it at trial,[3] and Rule

---

[3] Qorvo's lone Rule 50(a) motion sought Judgment as a Matter of Law Regarding Misappropriation of Trade Secrets for Trade Secret Groups 1 and 8 and Reasonable Measures to Maintain Secrecy for Trade Secret Groups 1 Through 8 (D.I. 592.)

59(e) is not the proper avenue for that argument. The jury's verdict was based on the evidence presented and allowing the verdict to stand is not clear error or a manifest injustice.

### 1. A VIOLATION OF THE NC TRADE SECRET PROTECTION ACT IS NOT A *PER SE* VIOLATION OF THE UDTPA

To succeed on a UDTPA claim, Qorvo was required to prove by a preponderance of the evidence (1) that Akoustis committed an unfair or deceptive act; (2) that conduct was done in commerce or affected commerce; and (3) the conduct proximately caused Qorvo's injury. Qorvo's first argument improperly collapses all three elements. Qorvo first argues that "Courts applying North Carolina law have held that a violation of the NCTSPA constitutes an unfair act or practice under the UDTPA ***as a matter of law.***" (D.I. 612 at 6.) But Qorvo then draws the incorrect conclusion that "because the jury determined that Akoustis violated the NCTSPA and misappropriated dozens of Qorvo's trade secrets, Qorvo is entitled to judgment as a matter of law on its UDTPA claim." (*Id*.) That is not the law, as Qorvo conceded during trial.

First, as recited in the Procedural History above, the Court instructed the jury regarding the UDTPA that "[a] violation of a statute or other law is not automatically an unfair or deceptive practice or act. Qorvo must prove that conduct was unfair or deceptive." (Elkins Decl., Ex. 1 (Tr. (May 15, 2024)) at 2545:12-14.) This instruction eviscerates Qorvo's *per se* violation argument, yet Qorvo **never objected to that part of the instruction**. Having knowingly waived its present argument during trial by not objecting, Qorvo cannot now resurrect after trial to "alter or amend" the verdict.

Second, that violation of the NCTSPA *may* be an unfair or deceptive act under the UDTPA does not equate to a *per se* violation. As the most recent federal court addressing the issue made clear, a violation of the NCTSPA may constitute an unfair or deceptive practice based on the facts of the case. In *Legacy Data Access, LLC v. Mediquant*, Inc., No. 3:15-cv-00584-FDW-DSC, 2017

WL 6001637, at *16 (W.D.N.C. Dec. 4, 2017), the court explained, "the North Carolina Supreme Court would not hold that a violation of the NCTSPA fulfills the first element of "an unfair or deceptive trade practice" under N.C. Gen. Stat. § 75-1.1(a) as a matter of law."  The court continued, "the [NC] Court of Appeals in *Drouillard v. Keister Williams Newspaper Servs., Inc.*, 108 N.C. App. 169, 172, 423 S.E.2d 324, 326 (1992) suggests that ***there is no per se rule that a violation of the NCTSPA is an unfair or deceptive act or practice under N.C. Gen. Stat. § 75-1.1(a)***." *Id.*(emphasis added); *see also Encompass Servs., PLLC v. Maser Consulting P.A.*, No. 19 CVS 1782, 2021 WL 2655164, at *17 (N.C. Super. June 28, 2021) ("A violation of the [NC]TSPA *may* also constitute an unfair trade practice.") (emphasis added).

Third, Qorvo cites no case – and Akoustis knows of none – holding that a violation of the NCTSPA is a *per se* violation of the UDTPA.  At best, the cases cited by Qorvo hold that the misappropriation of trade secrets constitute an unfair or deceptive practice – ***which is only one of three elements required to find a violation under the UDTPA.***  (*See* D.I. 612 at 6.)  Courts interpreting North Carolina law make clear that *if* "the violation of the Trade Secrets Protection Act satisfies this three prong test [of the UDPTA], it would be a violation of N.C. Gen. Stat. § 75–1.1." *Drouillard v. Keister Williams Newspaper Servs., Inc.*, 108 N.C. App. 169, 172, 423 S.E.2d 324, 326 (1992).  These courts also make clear that a violation of one statute does not create automatic liability under the other.  *See id.*; *see also Ge Betz, Inc. v. Conrad*, 231 N.C. App. 214, 752 S.E.2d 634 (2013) ("This Court has held that violations of section 66–152 *may* also violate section 75–1.1.) (emphasis added); *Am. Cirs., Inc. v. Bayatronics*, LLC, No. 22 CVS 2915, 2023 WL 8597896, at *12 (N.C. Super. Dec. 8, 2023) (same); *Encompass Servs., PLLC v. Maser Consulting P.A.*, No. 19 CVS 1782, 2021 WL 2655164, at *17 (N.C. Super. June 28, 2021) (same); *MED1 NC Servs., LLC v. Med1 Plus, LLC*, No. 19 CVS 1983, 2021 WL 2596554, at *12 (N.C.

Super. June 24, 2021) (same). Put simply, a finding of liability as to trade secret misappropriation does not create liability under the UDTPA as a matter of law. The jury's response to Question 2(a) must stand.

### 2. THE JURY'S FINDING ON LIABILITY WAS NOT A CLEAR ERROR OF LAW OR MANIFESTLY UNJUST

Without a legal error on which to rely, Qorvo falls back to arguing the sufficiency of the evidence supporting the jury's finding of no liability under the UDTPA. (D.I. 612 at 7-8.) Qorvo's undisguised motion for judgment as a matter of law under Rule 50(b) fails.[4]

#### a. Qorvo Waived Its Undisguised Rule 50(b) Motion in the Alternative

First, Qorvo waived the argument by not raising the issue as a Rule 50(a) motion at trial. Numerous courts have made it clear that a party cannot circumvent such a tactical failure by seeking to disguise its motion under Rule 59(e). In *Walsh v. Devilbiss Landscape Architects, Inc.*, No. CV 17-354 (MN), 2022 WL 903888, at *2 (D. Del. Mar. 28, 2022), the Court rejected a Rule 50(b) motion disguised as one under Rule 59(e). Labeling its motion as one to alter or amend the judgment as Qorvo has done here, plaintiff revisited the evidence presented to the jury in such a way that it amounted to a "request[] that the Court substitute its judgment for that of the jury – requests that belong in [a] motion for judgment as a matter of law." *Id*. The Court denied the motion because plaintiff failed to raise the issue under Rule 50(a). *Id*.

---

[4] In footnote 2 of its Opening Brief, Qorvo moves under Rule 50(b) in the alternative. As discussed above, Qorvo waived the ability to move under Rule 50(b) motion when it did not first move on the issue under Rule 50(a) at trial. Qorvo's contention that Akoustis' moved for Rule 50(a) on a similar but not the same issue cannot save Qorvo's failing. *See e.g., Deere & Co. v. AGCO Corp.*, 659 F. Supp. 3d 418, 438 (D. Del. 2023) (explaining that a defendant's Rule 50(a) motion on the issue of non-infringement does not entitle a plaintiff to make a post-trial Rule 50(b) on the issue of infringement because the burdens are different, and plaintiff's failure to apprise [defendant] or the Court that "it intended to move for JMOL … as a matter of law until it filed the pending motion weeks after trial.").

The Court should reach the same result here. Qorvo asks the Court to examine the evidence on all three elements of the UDTPA and determine whether such evidence is sufficient to maintain the jury's verdict. For example, Qorvo specifically cites to evidence bearing on the elements of "affecting commerce" and causation. (*See* D.I. 612 at 8-9.) But Qorvo did not move on this point at trial under Rule 50(a), therefore waiving the argument it raises here.

> **b.     Qorvo Does Not Meet Its Burden of Showing That the Jury's Conclusion as to All Three Elements of the UDTPA Claim Is a Clear Error of Law or Would Result in Manifest Injustice**

Even if Qorvo had not waived the argument, Qorvo cannot meet its burden of showing that the jury's conclusion as to all three elements of the UDTPA claim is a clear error of law or would result in manifest injustice. Qorvo attempts in a single paragraph to argue that all three elements are met. (*Id.* at 8-9.) The attempt fails.

> **(1)     No Unfair or Deceptive Act or Practice**

As to the first element (and as discussed above), a finding of trade secret misappropriation does not constitute a *per se* unfair or deceptive practice, so Qorvo was required to prove the element. Not all instances of trade secret misappropriation are found to be unfair and deceptive trade practices. For example, in *Legacy Data*, the Plaintiff moved to alter or amend the judgment to ask the Court to revisit the jury's verdict related to the UDTPA claim. *Legacy Data Access, LLC*, 2017 WL 6001637, at *16. There, as here, the jury found a violation of the NCTPA, but did not find that the particular violation to be a basis for an award under the UDTPA. Analyzing the facts of the case, the court concluded that a violation of the trade secrets act was not an unfair or deceptive practice and, "therefore, Plaintiff's motion to amend the judgment to treble damages under N.C. Gen. Stat. § 75-1.1 using the damages found for violation of the Trade Secret Protection Act is denied." (*Id*. The same result should obtain here.

### (2)  No Affected Commerce

Qorvo's entire argument regarding the second UDTPA element is: "There is no dispute that Akoustis' conduct affected commerce, given that commerce is a required element of the DTSA. 18 U.S.C. § 1836(b)(1)." (D.I. 612 at 8.)

Qorvo's breezy argument fails. The interstate commerce requirement for the DTSA is not the same as the "affected commerce" requirement of the UDTPA. The DTSA provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The UDTPA's language differs: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Stat. 75-1.1(a). The Court's Jury Instruction mirrors the statute, stating that the second UDTPA element required Qorvo to prove that "Akoustis' conduct was in or affecting commerce." (Elkins Decl., Ex. 1 (Tr. (May 15, 2024)) at 2544:18-2545:1.) Qorvo's motion focuses only on "affected commerce." (D.I. 612 at 8 (contending that "[t]here is no dispute that Akoustis' conduct affected commerce.").) The Court instructed that "[c]onduct 'affects commerce' whenever a business activity is adversely or substantially affected. A business activity is the way a business conducts its regular day-to-day activities or affairs, such as the purchase or sale or goods or whatever other activities the business regularly engages in and for which it is organized." (*Id.* at 2546:5-11.)

The Court's Jury Instructions demonstrate UDTPA's "affected commerce" requirement is not the same as the DTSA's requirement that the trade secret relate to a product or service used in interstate or foreign commerce. Qorvo thus cannot bootstrap the implicit "in interstate or foreign commerce" finding from the DTSA claim to satisfy the "affected commerce" requirement of the

UDTPA claim. As a result, Qorvo had to present admissible evidence proving the affected commerce here. It failed to do so.

Qorvo contends that it "also introduced evidence to satisfy the 'commerce' requirement. *See* 5/6/24 Trial Tr. at 285:25-286:6." (D.I. 612 at 8 n.2.) The citation is to the direct trial testimony of Qorvo Vice President Eric Creviston:

> Q. And where does Qorvo sell its BAW filters?
>
> A. Where do we sell them?
>
> Q. Yes?
>
> A. They're sold globally. We are in pretty much every mobile phone made and many other wireless devices, also in automotive, a lot of cars also use our filters in them and PC's and other applications.

(Elkins Decl., Ex. 1 (Tr. (May 6, 2024)) at 285:25-286:6.)

Evidence that Qorvo sells BAW filters in interstate and foreign commerce is irrelevant for purposes of the UDTPA. The second UDTPA element asks whether "Akoustis' conduct was in or affecting commerce." (Elkins Decl., Ex. 1 (Tr. (May 15, 2024)) at 2544:18-2545:1.) Qorvo needed to demonstrate that "the way [its] business conduct[ed] its regular day-to-day activities or affairs" was "adversely or substantially affected" by Akoustis' alleged conduct. (*Id.* at 2546:5-11.) Qorvo cites no such evidence. Nor could it have done so. Qorvo did not claim any damages of its own for its trade secret misappropriation claims or for that part of the UDTPA claim based on the alleged misappropriation of trade secrets or confidential information. And Qorvo did not attempt to proffer evidence showing that Akoustis' conduct "adversely or substantially affected" the way Qorvo conducted "its regular day-to-day activities or affairs." Qorvo's failure to meet the "affected commerce" element of the UDTPA claim alone precludes disturbing the jury's verdict.

### (3) No Proximate Cause

Qorvo erroneously tries again to bootstrap the verdict on the trade secret claims to avoid having to identify evidence supporting proximate causation, the third element of the UDTPA claim. Qorvo contends that "[t]here can be no dispute that Akoustis's conduct proximately caused Qorvo's injuries, given the substantial verdict issued by the jury." (D.I. 612 at 9.) No bootstrapping is available here, either.

The jury was not instructed on proximate cause in connection with the trade secret claims. (*See* Elkins Decl., Ex. 1 (Tr. (May 15, 2014)) at 2534:2-2541:12.) The Court instructed that "Qorvo has the burden of proving the damage that Qorvo is claiming by a preponderance of the evidence." (*Id.* at 2542:5-7.) But Qorvo did not claim any damages of its own. In contrast, the Court instructed the jury regarding the UDTPA claim that it must find that Akoustis' conduct proximately caused an injury to Qorvo, by a showing that "(a) that Qorvo has suffered injury; and (b) that Akoustis' conduct was the proximate cause of any injury to Qorvo." (*Id.* at 2546:12-18.) " Proximate cause is a cause that in a natural and continuous sequence produces the injury, and is a cause that a reasonable and prudent person could have foreseen which produces such injury or other similar injurious result" (*Id.* at 2546:19-23.) The jury was also free to find that any alleged conduct did not cause an injury to Qorvo (as opposed to conferring a benefit on Akoustis). The Court is not permitted to revisit this finding and usurp the role of the jury. The jury's verdict as to Question 2(a) must stand.

### B. THE COURT CORRECTLY HELD THAT THERE WAS NO EVIDENCE OF DAMAGES UNDER THE UDTPA

Even if the Court were inclined to alter or amend the judgment as to UDTPA *liability* based on trade secret misappropriation, Qorvo would *not* be entitled Qorvo to the monetary relief it seeks. As the Court already determined, damages under the UDTPA require that any alleged monetary

award be linked to the actual injury suffered.  Qorvo failed to do so at trial.  Its attempt to reargue the issue here does not withstand scrutiny,

### 1. QORVO IS NOT ENTITLED TO "DAMAGES" UNDER THE UDTPA

Qorvo's argument that altering the jury's finding on liability would entitle Qorvo to damages merely seeks reconsideration of the Court's order granting in part Akoustis' Rule 50(a) motion.  In its Order, the Court correctly concluded that "The UDTPA's language on damages specifically links damages to actual injury to Plaintiff. N.C. Gen.Stat. § 75-16." (D.I. 590 at 3.)  Qorvo, however introduced no evidence linking its requested monetary award to the purported injury it suffered.  The Court thus held – correctly – that "[t]he jury has no reasonable basis to find compensable damages under the UDTPA," and precluded the damages issue from reaching the jury.  (*Id*. at 5.)

"A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided."  *IPA Techs., Inc. v. Microsoft Corp.*, No. CV 18-1-RGA, 2024 WL 1962070, at *1 (D. Del. May 2, 2024).  The Court's prior Order was correct:  the UDTPA requires a specific link of damages to plaintiff's actual injury; any award is required to compensate for any such injury.  **"**The measure of damages used [under the UDTPA] should further the purpose of awarding damages, which is 'to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money.'"  *Bernard v. Central Carolina Truck Sales,* 68 N.C.App. 228, 233, 314 S.E.2d 582, 585, *disc. rev. denied,* 311 N.C. 751 321 S.E.2d 126 (1984).

Ignoring this, Qorvo seeks to shoehorn Akoustis' head start benefit based on revenue into the bucket of damages allowed under the UDTPA.  First, Qorvo asserts that the moniker of "actual damages" under a different North Carolina statute is sufficient to create the connection needed under the UDTPA.  (D.I. 612 at 9-11.)  But the bare label of "actual damages" under NCTPA

- 12 -

cannot alone satisfy the UDTPA's definition of damages. Rather, damages under the UDTPA must restore the victim to its original condition, and thus must be tied to the alleged injury suffered by the victim.

Qorvo does not cite case law otherwise. Qorvo argues in its Motion the unremarkable proposition that *if* damages awarded for trade secret misappropriation are connected to and caused by the challenged conduct, those damages are subject to trebling. (D.I. 612 at 8-9.) For example, in *Gen. Star Nat'l Ins. Co. v. Howard*, No. 5:08-CV-199-H, 2009 WL 10688826, at *1 (E.D.N.C. Sept. 11, 2009) (cited in D.I. 612 at 10), the court explicitly found that the alleged unfair act – inaccurately made appraisals – resulted in six refinance loans, and those loans constituted the damages award. *Id*.

Qorvo's citation to the *Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.,* No. 00-CVS-10358, 2003 WL 21017456, at *50 (N.C. Super. May 2, 2003) (D.I. 612 at 11) likewise does not support its position. There, the court did not assess trade secret damages separately because they could be subsumed by the unfair competition damages predicated on a poaching claim, not on the trade secret claim. *Id*. ("while there is some direct evidence of the purloining of documents or other written confidential information, the reality is that Hi–Lift hired the people from BPS/Sunbelt who had the expertise to run an AWP business effectively and they hired the salesmen who knew the customers and the market.").

That a different cause of action that may also form the basis of a UDTPA claim does not *ipso facto* mean that damages for the different cause of action are also recoverable under the UDTPA and subject to trebling. This Court correctly held that the mere fact that head start damages were recoverable under the NCTPA does not, without more, make those damages recoverable under the UDTPA.

- 13 -

### 2.     THE UDTPA DOES NOT ALLOW DAMAGES AWARDS UNTETHERED TO ACTUAL INJURY

Qorvo fails to cite any case law that the UDTPA allows for damages based on any and all unjust enrichment awards. (D.I. 612 at 12-14.) While Qorvo is correct that the UDTPA is not limited to disgorgement alone, Qorvo is wrong that that the type of unjust enrichment "damages" recoverable under the UDTPA is limitless. As the Fourth Circuit made clear (in *Belk* and *Polo Fashions*) recoverable damages must be tied to actual injury. Thus, an award of disgorgement of *profits* can be trebled because such an award is (or at least can be) a proxy for a plaintiff's actual damages. If profits are a "rough measure of the plaintiff's damages," they may serve as an appropriate measure of damages under the UDPA. *See Belk, Inc. v. Meyer Corp.,* 679 F.3d 146, 168 (4th Cir.2012); *Polo Fashions, Inc. v. Craftex, Inc.,* 816 F.2d 145, 149 (4th Cir.1987); *SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2015 WL 5227801, at *2 (E.D.N.C. Sept. 8, 2015). But, contrary to Qorvo's Motion, this proposition does not extend to head start damages based on *revenue* untethered to plaintiff's injury.

None of the cases Qorvo cites hold otherwise. In citing *WMC, Inc. v. Weaver,* 166 N.C. App. 352, 361, 602 S.E.2d 706, 712 (2004), Qorvo omits the key conclusion of the Court. The court in *WMC* did state, as Qorvo notes, that restitution damages can come in two forms, one of which is "increased value of the assets unlawfully in the hands of the defendant." (D.I. 612 at 14.) What Qorvo carefully omits, however, is the court's caveat that "***[n]either of these types of damages are measured by a plaintiff's actual damages.***" *Id*. at 361 (emphasis added).

Qorvo also misstates the court's conclusion in *Sunbelt Rentals, Inc.,* 174 N.C. App. 49 at 62 (2005). Qorvo's parenthetical summary of *Sunbelt Rentals* incorrectly argues that the "trial court did not err in measuring the plaintiff's damages under a UDTPA claim as including "the value of benefit defendants received" in the form of "defendants' accelerated market entry." (D.I.

612 at 14.) Not so. Rather, the *Sunbelt Rentals* court noted that damages were based on actual damages suffered as a result of the loss in the form of "(1) lost profit and (2) lost market share resulting from defendants' accelerated market entry in the amount of $31,647,391.00 over several years." *Id*. In contrast, Qorvo's trade secret claim here was based solely on Akoustis' discounted revenue – Qorvo presented no evidence of profits (Akoustis had none) or lost market share.

Both the Court's and Qorvo's own case law recognize that damages subject to trebling under the UDTPA must be linked to and caused by the alleged injury. Evidence of such a link is glaringly absent. The Court correctly decided its prior Order (D.I. 590) and it must stand.

V.    **CONCLUSION**

For the foregoing reasons, the Court should deny Qorvo's Motion to Alter or Amend the Judgment.

Dated: July 25, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

/s/ *Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*