**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE**

| | |
|---|---|
| QORVO, INC.<br><br>Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED** |

**THE AKOUSTIS DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE REMITTITUR**

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

# TABLE OF CONTENTS

**Page**


Table of Authorities ii

I. INTRODUCTION 1

II. ARGUMENT 2

A. THE COURT SHOULD ORDER A NEW TRIAL ON DAMAGES OR IN THE ALTERNATIVE ORDER REMITTITUR 2

B. THE COURT SHOULD GRANT A NEW TRIAL ON DAMAGES BASED ON THE INCONSISTENT VERDICT FORM DEMONSTRATING JUROR CONFUSION AFFECTING AKOUSTIS' SUBSTANTIAL RIGHTS 4

C. THE JURY'S VERDICT FINDING PATENT INFRINGEMENT IS AGAINST THE CLEAR WEIGHT OF EVIDENCE AND REQUIRES A NEW TRIAL 7

III. CONCLUSION 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
25 F.4th 960 (Fed. Cir. 2022) ....................3

*Carrier Corp. v. Goodman Glob., Inc.*,
162 F. Supp. 3d 345 (D. Del. 2016)....................7

*Comaper Corp. v. Antec, Inc*.,
596 F.3d 1343 (Fed. Cir. 2010)....................5

*Farnsworth v. Basin Marine, Inc.*,
No. CIV. A. 97-3091, 1999 WL 58836 (E.D. La. Feb. 1, 1999) ....................6

*Lind v. Schenley Indus., Inc.*,
278 F.2d 79 (3d Cir. 1960)....................8

*Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co*.,
734 F.2d 133 (3d Cir. 1984)....................5

*Rivera v. Roma*,
No. CV 17-1255 (MN), 2020 WL 434318 (D. Del. Jan. 28, 2020)....................7

*Shopify Inc. v. Express Mobile, Inc.*,
No. CV 19-439 RGA, 2024 WL 2260900 (D. Del. May 17, 2024) ....................9, 10

*Simmons v. City of Philadelphia*,
947 F.2d 1042 (3d Cir.1991) (1992)....................5

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*,
859 F.2d 878 (Fed. Cir. 1988)....................8

**Other Authorities**

Fed. R. Civ. P. 49....................5

Fed. R. Civ. P. 49(a) ....................5

Fed. R. Civ. P. 49(b) ....................5

## I. INTRODUCTION

Qorvo's Opposition to Akoustis' Motion for a New Trial seeks to push aside:

- critically flawed and unreliable testimony from Qorvo's damages experts,
- a verdict form that establishes widespread juror confusion on the issue of actionable trade secret misappropriation, and
- a jury verdict on patent infringement that is against the clear weight of the evidence on two essential claim terms.

Each of these issues independently requires the Court to grant a new trial and/or remittitur on certain parts of the case.

First, and as set forth more fully in Akoustis' concurrently filed Reply in Support of Judgment as a Matter of Law ("JMOL"), the Court should conclude that Ms. Bennis' *sui generis* head start unjust enrichment calculation based on Akoustis' bare revenue and Dr. Shanfield's *ipse dixit* "guesstimates" regarding the duration of the head start period are untestable, unreliable and cannot form the basis of a damages verdict for trade secret misappropriation. This requires the Court to either grant Akoustis' concurrently filed Rule 50(b) motion for a JMOL or a new trial on damages for the trade secret misappropriation claims.

Second, the jury verdict is inconsistent on its face and cannot be reconciled with the law and instructions given by this Court. Qorvo's attempt to state otherwise requires twisting the words on the verdict form and ignoring the jury's ultimate conclusions. The inconsistent verdict form shows pervasive confusion. It also shows a gross misunderstanding of the law and the relationship between an unjust enrichment award and a finding of liability for trade secret misappropriation. Because such confusion affects Akoustis' substantial rights, the Court must order a new trial on damages for the trade secret misappropriation claims.

Finally, the Court must also order a new trial on the patent infringement claims. In arguing otherwise, Qorvo impermissibly seeks to reverse Qorvo's initial burden to prove infringement and

instead put the initial burden on Akoustis to "rebut" Qorvo's expert testimony on infringement. Qorvo, of course, has the burden to first prove infringement. The sole evidence on which it relied to establish a critical claim element for each asserted patent were plot graphs that failed to identify the units used for their creation. Without the missing units, determining what was represented was a scientific and factual impossibility for either Qorvo's expert, Dr. Bravman, or the jury. As the only "evidence" relied on by Dr. Bravman to establish the performance required by the claims, it is insufficient to sustain the jury's verdict.

## II. ARGUMENT

### A. THE COURT SHOULD ORDER A NEW TRIAL ON DAMAGES OR IN THE ALTERNATIVE ORDER REMITTITUR

Ms. Bennis' and Dr. Shanfield's *sui generis* and *ipse dixit* testimony was unreliable and merits either an Order granting Akoustis' concurrently filed Rule 50(b) motion for a JMOL, or a new trial on damages. In its Opposition to Akoustis' Rule 50(b) Motion, Qorvo admits that in situations such as this, the Court may grant a new trial on damages. (D.I. 631 at 20 ("If the Court determines that (i) it should have excluded the opinions of Ms. Bennis or Dr. Shanfield, and (ii) such exclusion would have negated the basis for the damages award, the proper relief here would be to order a new trial on damages.").) Qorvo is partially correct – once the Court finds that either Ms. Bennis' or Dr. Shanfield's testimony is inadmissible, the Court may grant judgment as a matter of law on the misappropriation claims, a new trial on damages, or remittitur. Akoustis agrees that if the Court declines to grant judgment as a matter of law, it should grant a new trial on damages or remittitur.

For the reasons set forth in Akoustis' concurrently filed Reply in Support of Its Motion for Judgement as a Matter of Law ("JMOL"), Ms. Bennis' *sui generis* testimony must be excluded as unreliable. Qorvo repeats its same refrain that because Ms. Bennis used a well-known discounting

tool, the Court should essentially ignore the untested underlying methodology she used to arrive at the non-discounted value of the alleged benefit. Use of a discounting tool is not the issue. Rather, as Akoustis and this Court have already explained, by using bare revenue without costs as a basis for the calculation, "Ms. Bennis' method lacks a testable hypothesis and Plaintiffs have not shown it is subject to peer review." (D.I. 553 (Order Denying *Daubert* Motions) at 5.). Qorvo cites no authority to remedy that deficiency.

Qorvo also curiously claims that Dr. Shanfield's testimony regarding the calculation of the duration of the head start period is admissible because "Dr. Shanfield testified for over three and a half hours, stepping though each alleged trade secret, identifying the value of that trade secret, and explaining how Akoustis benefited from the misappropriation." (D.I. 633 at 17-18.) What Qorvo does not and cannot state is that any of that three and a half hours contained testimony from Dr. Shanfield regarding the *facts* supporting his calculation of the duration of the head start period for each individual alleged trade secret. One would assume that if Dr. Shanfield had testified to the facts and specific methodology used to calculate the 55 month head start, Qorvo would have provided pinpoint citations to that testimony in its Opposition. Qorvo did not and cannot do so. This failure renders Dr. Shanfield's opinion without a factual basis and therefore unreliable and inadmissible. With the exclusion of any testimony regarding value from Ms. Bennis or the underlying calculations of the cumulative head start period testimony from Dr. Shanfield, the Court should grant a new trial if it does not grant judgment as a matter of law. *See*, *e.g.*, *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 975-76 (Fed. Cir. 2022) (affirming the district court's grant of a new trial because defendant's damages expert relied upon the faulty advice of a technical expert, rendering the damages testimony inadmissible and subject to exclusion.)

Akoustis' Motion for a New Trial alternatively requests that the Court order remittitur to the maximum supported by the admissible evidence to be found in the trial record. (D.I. 614 at 18.) Akoustis' alternative request is that Qorvo's award for trade secret misappropriation be remitted to an amount not exceeding $305,000 – the amount Akoustis' expert Ms. Irwin opined would be the maximum unjust enrichment award based on an avoided costs theory of recovery. (D.I. 614 at 17-18.) Qorvo does not take issue or dispute the amount of the remittitur requested; it merely asserts that "no grounds" support that request. As set forth in Akoustis' present Motion, the exclusion of the inadmissible expert testimony renders the jury's verdict unsupported by substantial evidence, which is grounds for remittitur.

### B. THE COURT SHOULD GRANT A NEW TRIAL ON DAMAGES BASED ON THE INCONSISTENT VERDICT FORM DEMONSTRATING JUROR CONFUSION AFFECTING AKOUSTIS' SUBSTANTIAL RIGHTS

The inconsistencies on the verdict form showcased material juror confusion regarding the law of trade secret misappropriation and the connection between liability and any unjust enrichment award in such an action.

The verdict form was inconsistent on its face. The first column asked the jury to determine if the alleged trade secret actually qualified as a trade secret ***and*** if that trade secret was misappropriated. In five instances, the jury answered "no" to the first column, but also answered "yes" to the second column finding an unjust enrichment benefit arising from the conduct not found in the first column. (*See* D.I. 601 at 2-3.) But this is irreconcilably inconsistent with itself: Akoustis could not have been unjustly enriched by information that did not constitute a legitimate Qorvo trade secret ***or*** that was not misappropriated in the first instance (either or both findings are possible based on the formulation presented to the jury in the special verdict form adopted by the Court over Akoustis's objection). (*See* D.I. 614 at 12-13 (discussing Akoustis' proposed and

rejected verdict forms).) Accepting the verdict based on such a fundamental error is a miscarriage of justice that requires a new trial on damages.

Qorvo erroneously argues that Akoustis waived its right to challenge the inconsistencies on the verdict form. (D.I. 633 at 13.) The Third Circuit has repeatedly made clear that objections to an inconsistent verdict must be raised for a *general* verdict form pursuant to Fed. R. Civ. P. 49(b). *See Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co*., 734 F.2d 133, 144–45 (3d Cir. 1984) (where the submitted verdict form was a special verdict form, the court did "not accept Malley-Duff's contention that appellee-cross appellants have waived the right to raise the inconsistent verdict issue . . . Rule 49(a) contains no provision similar to that contained in Rule 49(b) stating that the 'court shall return the jury for further consideration of its answers and verdict ....'"); *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1057 (3d Cir.1991) (1992) (holding, "[i]t is clear, however, that, in order to preserve the objection on appeal, it is not necessary in this circuit for a party, prior to the district court's dismissal of the jury, to lodge an inconsistency objection to special verdicts rendered under Rule 49(a)."); *Comaper Corp. v. Antec, Inc*., 596 F.3d 1343, 1350 (Fed. Cir. 2010) (finding that the "verdict form was specifically labeled 'Special Verdict Form,'" and, therefore, no waiver applied under Rule 49); *see also* Rule 49(b). Each case cited by Qorvo on page 13 of its Opposition involves general verdict forms. (*See* D.I. 633 at 13.)

The Court provided a "Special Verdict Form" to the jury. (D.I. 601.) For trade secret misappropriation, the jury was asked to answer specific questions for each trade secret. The Special Verdict form is thus governed by Rule 49(a), which is silent as to the requirement of objecting to inconsistencies. Because Akoustis was not required to object before the Court discharged the jury, Akoustis waived nothing.

Further, Qorvo's contentions that the blatant inconsistencies on the Special Verdict form "are easy to harmonize," and that pervasive juror confusion did not affect the substantial rights of Akoustis (D.I. 633 at 14), hold no water. Qorvo argues that "[d]espite the jury's finding in column 1, it could have also rationally found that Akoustis misappropriated the ***alleged*** trade secrets from Qorvo and obtained an unjust benefit from using those trade secrets." (D.I. 633 at 15 (emphasis added).) Such an interpretation is nonsensical and belied by the Special Verdict form's face:

**For each of the ALLEGED TRADE SECRETS that Plaintiff Qorvo presented at trial, please answer the following questions as instructed in this section:**

**Question No. 1(a):**

*Please write "YES" or "NO" in each column of the table below.*

| ALLEGED TRADE SECRET | Has Qorvo established by the greater weight or preponderance of the evidence that (a) this alleged trade secret qualifies as a trade secret and (b) Akoustis is liable for trade secret misappropriation for this trade secret? | Has Qorvo established by a greater weight or preponderance of the evidence that Akoustis was unjustly enriched by misappropriating this trade secret? |
|---|---|---|

(D.I. 601.) The first column asks the jury to evaluate in the first instance whether the information qualifies as a trade secret, appropriately using the term "***alleged*** trade secret." "Alleged" is purposely absent from the second column because the second column assumes, as it must under the law and instructions given to the jury, that the jury must first find that (a) the information qualifies as a trade secret, and (b) was misappropriated as a prerequisite for determining whether Akoustis was unjustly enriched. (D.I. 614 at 15.) Qorvo cannot reconcile the inconsistencies by an *ex post facto* re-writing of the Special Verdict form and twisting the jury's responses.

The jury's responses to Question 1(a) evidence widespread confusion regarding the law of trade secret misappropriation and the relationship between liability and the unjust enrichment benefit award. When the confusion is so substantial and widespread, as it is here, "[a] finding that

the jury's verdict was critically inconsistent requires a new trial since the court cannot speculate which inconsistent finding the jury intended to be controlling." *Farnsworth v. Basin Marine, Inc.*, No. CIV. A. 97-3091, 1999 WL 58836, at *2 (E.D. La. Feb. 1, 1999). Such a widespread inconsistency makes it impossible to determine whether the jury properly understood the law related to unjust enrichment and what it could or could not use to find that Akoustis had obtained an unjust benefit. The inconsistency on its face affects the substantial rights of Akoustis and requires a new trial on damages. *Carrier Corp. v. Goodman Glob., Inc.*, 162 F. Supp. 3d 345, 380 (D. Del. 2016) (granting new trial where there were inconsistent jury findings).

## C. THE JURY'S VERDICT FINDING PATENT INFRINGEMENT IS AGAINST THE CLEAR WEIGHT OF EVIDENCE AND REQUIRES A NEW TRIAL

Akoustis' Motion demonstrates that the evidence presented at trial was insufficient for Qorvo to carry its burden of proof on patent infringement and sustain the jury's verdict of infringement. To prove the performance benefit required by each of the Asserted Patents (increased filter bandwidth for the '018 Patent (*see* col. 5, lines 31-33) and acoustic matching for the '755 Patent (*see* col. 10, lines 47-51 and col. 11, lines 7-11) (Elkins Reply Decl. at Ex. B ('018 Patent) and Ex. C ('755 Patent))), Qorvo relies ***exclusively*** on Dr. Bravman's interpretations of Dr. Shanfield's plot graphs to establish infringement. The plot graphs, however, were unreliable, not scientifically verifiable, and self-contradictory, and thus incapable of supporting the jury's verdict of infringement. Qorvo's Opposition fails to overcome these glaring deficiencies.

First, Qorvo's Opposition appears to rest on the assumption that the Court must view the evidence in a light most favorable to Qorvo. (D.I. 633 at 18.) This is incorrect: "the standard for grant of a new trial is less rigorous than the standard for grant of judgment as a matter of law – in that the Court need not view the evidence in the light most favorable to the verdict winner." *Rivera v. Roma*, No. CV 17-1255 (MN), 2020 WL 434318, at *1 (D. Del. Jan. 28, 2020). In fact, in patent

cases, the Court's scrutiny is exacting: "[w]here a trial is long and complicated and deals with a subject matter not lying within the ordinary knowledge of jurors a verdict should be scrutinized more closely by the trial judge than is necessary where the litigation deals with material which is familiar and simple…" *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90–91 (3d Cir. 1960) (stating that "[a]n example of subject matter unfamiliar to a layman would be a case requiring a jury to pass upon the nature of an alleged newly discovered organic compound in an infringement action.").

Qorvo seeks to brush aside the required scrutiny by the Court, cavalierly and incorrectly contending that "Akoustis does not point to any evidence that rebuts the detailed analysis that Drs. Heinrich, Shanfield, and Bravman preformed and presented to the jury." (D.I. 633 at 19.) Qorvo's argument improperly tries to shift its own burden of ***proving*** infringement to Akoustis to submit rebuttal evidence. Qorvo as plaintiff must satisfy the initial burden of establishing infringement; if it fails to satisfy that burden, its claim fails. *See SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988). Because Qorvo failed to prove a required element of each asserted claim, the jury's liability verdict as to patent infringement cannot stand.

Qorvo also improperly claims that Akoustis' decision not to file a pre-trial *Daubert* challenge on this issue waived the instant motion. (D.I. 633 at 19.) A *Daubert* challenge is a way to challenge the *admissibility* of expert testimony; it is not required as a precursor for challenging whether a jury verdict is against the clear weight of the expert testimony given at trial. No waiver occurred here.

As to substance, Qorvo's Opposition offers nothing to demonstrate that the testimony elicited at trial sufficiently supports the jury's verdict. Seeking to bolster its deficient proof, Qorvo mispresents Dr. Bravman's testimony. For example, Dr. Bravman never testified that the lack of

unit measurements on the graphs were "irrelevant because the claims are not limited to any particular unit." (D.I. 633 at 20.) Rather Dr. Bravman repeatedly admitted he does not know the units used and insisted that "[t]his is Dr. Shanfield's work." (Elkins Reply Decl. Ex. A (Tr. (May 10, 2024) 1640:13-1641:24).) Akoustis' patent expert Dr. Nguyen agreed. Dr. Nguyen succinctly testified to this fundamental problem with the plot graphs: "You can't just put up a plot with no units and say, all right, there it is. We need units to know exactly what we're looking at." (*Id.* (May 15, 2024) at 2306:10-12.) Because neither Dr. Bravman nor Dr. Nguyen was able to understand this basic metric of the plot graphs, the jury is not allowed to simply guess at it. The jury's verdict cannot rest on such fundamental unknowns. *See Shopify Inc. v. Express Mobile, Inc.*, No. CV 19-439 RGA, 2024 WL 2260900, at *5-6 (D. Del. May 17, 2024) (granting a new trial where the expert testimony and evidence was so unclear that "[i]t would be nearly impossible for the jury to figure out" the question of infringement.).

Qorvo attempts to handwave away this fundamental failure of its proof by claiming that Drs. Shanfield, Bravman, and Nguyen simply provided competing opinions of the evidence for which the jury was free to weigh their credibility in reaching its verdict. (D.I. 633 at 19-20.) Not so. First, neither Dr. Shanfield nor Dr. Heinrich provided an opinion on infringement; the only expert that actually opined on infringement was Dr. Bravman. Second, notwithstanding Dr. Nguyen's testimony, Dr. Bravman's testimony standing alone was contradictory and confusing. Dr. Bravman opined during his direct testimony that the plot graphs demonstrate the increased performance requirement necessary to establish infringement of the patents-in-suit. During cross-examination, however, he admitted that he does not know what the plot graphs show because they do not have units. (*See* Tr. (May 10, 2024) 1640:20-1641:1.) These graphs, however, are the only

evidence relied on by Dr. Bravman to satisfy the performance benefits required by the asserted claims for each patent. (*See id*. at 1644:20-1645:5.)

Dr. Bravman's "result-driven" opinion testimony is further shown by his admission that he testified that two contradictory plots allegedly both prove infringement. As admitted by Drs. Shanfield and Bravman during trial, one of the plot graphs initially used as the basis for Dr. Bravman's infringement opinion was actually incorrect and was replaced with a different graph several months ***after*** the submission of his expert report. (*See id*. at 1646:24-1647:3, 1461:6-1462:23, 1645:6-21.) When combined with his admission at trial that he could not identify the units used in either plot graph (because they were not provided by Dr. Shanfield), it becomes clear that Dr. Bravman's repeated "conclusions" of infringement were never based on a demonstrated fact, but simply reflect Qorvo's attempt to wash over and ignore this element of their claims.

Despite the shifting sands approach relied on by Qorvo to prove infringement, its expert testimony is insufficient to sustain its burden of proof. The jury's finding of infringement was based entirely on Dr. Bravman's testimony regarding his interpretation of the plot graphs created by Dr. Shanfield to satisfy the performance element required by each patent. (*See id*. at 1644:20-1645:5.) If Dr. Bravman and Dr. Nguyen, in their expert capacities, are unable to explain what is represented by the only evidence relied on to prove this element, the jury is certainly unable to "figure out" how to do so and Qorvo has failed to prove these fundamental elements of its patent claims. *See Shopify, supra,* at *5-6.

## III. CONCLUSION

For the forgoing reasons, the Court should grant Akoustis' motion for new trial or in the alternative remittitur.

Dated: August 8, 2024

Respectfully submitted,

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com