# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC. <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. <br><br> Defendants. | C.A. No. 21-1417 (JPM) <br><br><br> **JURY TRIAL DEMANDED** |

## THE AKOUSTIS DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [FRCP 50(b)]

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   Summary Of Reply Arguments ............................................................................................. 1

II.  The Court May Assess And Adjudicate The Admissibility Of Expert Testimony On A Rule 50 Motion ................................................................................................................. 2

III. Ms. Bennis' Opinion Regarding Akoustis' Head Start Benefit Based On The Timing Of Bare Revenue Was Unreliable And Inadmissible Under Federal Rule Of Evidence 702 ........................................................................................................................... 4

IV.  The Court Should Exclude Dr. Shanfield's Testimony Regarding The Duration Of The Head Start Period ........................................................................................................... 7

   A. The Court May Review The Admissibility Of Dr. Shanfield's Testimony In The Context Of A Rule 50 Motion ....................................................................................... 7

   B. The Court Should Exclude Dr. Shanfield's Testimony Regarding The Head Start Duration ............................................................................................................... 8

V.   No Substantial Evidence Supports The Head Start Benefit Award ...................................... 9

VI.  Conclusion ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   399 F. Supp. 2d 1064 (N.D. Cal. 2005) ..................................................................................10

*Accrentra, Inc. v. Staples, Inc.*,
   851 F. Supp. 2d 1205 (C.D. Cal. 2011),
   vacated on other grounds, 500 F. App'x. 922 (Fed. Cir. 2013) ................................................3

*Braun Elevator Co. v. Thyssenkrupp Elevator Corp.*,
   379 F. Supp. 2d 993 (W.D. Wis. 2005) ....................................................................................7

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
   509 U.S. 209 (1993) ..................................................................................................................2

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) .................................................................................................9

*Etherton v. Owners Ins. Co.*,
   35 F. Supp. 3d 1360 (D. Colo. 2014) ........................................................................................3

*Gavenda v. Orleans Cnty.*,
   No. 95-CV-0251E(SC), 2000 WL 1375590 (W.D.N.Y. Sept. 21, 2000) ..................................3

*Goebel v. Denver and Rio Grande W. R.R. Co.*,
   215 F.3d 1083 (10th Cir. 2000) .................................................................................................2

*Goodman v. Pennsylvania Tpk. Comm'n*,
   293 F.3d 655 (3d Cir. 2002).......................................................................................................4

*Munn v. Hotchkiss Sch.*,
   24 F. Supp. 3d 155 (D. Conn. 2014), *aff'd*, 724 F. App'x 25 (2d Cir. 2018) ........................7, 9

*Risk v. Burgettstown Borough, Pa.*,
   No. CIV.A. 05-1068, 2008 WL 4925641 (W.D. Pa. Nov. 14, 2008), *aff'd sub
   nom. Risk v. Burgettstown Borough, PA*, 364 F. App'x 725 (3d Cir. 2010) .............................3

*Smith v. City of Oakland*,
   538 F. Supp. 2d 1217 (N.D. Cal. 2008) ....................................................................................3

*U.S. v. W. Sur. Co.*,
   No. C14-1963JLR, 2016 WL 3632487 (W.D. Wash. July 7, 2016)..................................2, 10

*Versata Software, Inc. v. SAP*,
   717 F.3d 1255 (Fed. Cir. 2013) .................................................................................................3

*Virnetx, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)..................................................................................................9

*Weisgram v. Marley Co.*,
   528 U.S. 440 (2000)..............................................................................................................2, 9

**Other Authorities**

Fed. R. Civ. P. 50(a) .......................................................................................................................8

Fed. R. Civ. P. 50(b) ............................................................................................................. 2, 3, 7

Fed. R. Civ. P. 59........................................................................................................................... 7

Fed. R. Evid. 702 ...................................................................................................................1, 2, 4

I.   **SUMMARY OF REPLY ARGUMENTS**

Qorvo eschewed the well-established and accepted methods for measuring a defendant's unjust enrichment benefit as a result of trade secret misappropriation. Instead, Qorvo chose a novel, untested, and unreliable theory: a head start calculation based on Akoustis' bare revenue. Qorvo's Opposition attempts to obscure the key issue to be decided here – whether Ms. Bennis' use of bare revenue to calculate the amount of unjust enrichment is recognized and accepted by the Courts, her peers, or any secondary authorities. Contrary to Qorvo's attempts at misdirection, the concept of unjust enrichment and the method for determining net present value are ***not*** at issue here. Ms. Bennis' defective analysis is further compounded by her reliance on Dr. Shanfield's speculative computation of the alleged 55-month head start, for which he could not identify any factual bases for how he concocted the components of his "guesstimate."

In failing to address these core points, Qorvo's Opposition notably concedes that:

- Ms. Bennis uses bare revenue (albeit discounted to a net present value as of June 30, 2024), without including any attendant costs, in calculating a monetary value for the alleged unjust enrichment. (D.I. 631 at 10, 15-17.)

- Qorvo cites no case law employing a revenue-based methodology in calculating the unjust enrichment benefit. (D.I. 631 at 13-15.)

- Dr. Shanfield does not identify any specific bases or methodology for calculating the 55-month head start duration. (D.I. 631 at 17-19.)

- No other trial testimony exists regarding either the calculation of the head start period or the value of the individual trade secrets at issue. (D.I. 631 at 19-20.)

With this backdrop, the Court should exercise its gatekeeping function and exclude Ms. Bennis' unreliable methodology and Dr. Shanfield's guesstimates because neither meets the standard for admissibility under *Daubert* and FED. R. EVID. 702. Excluding such testimony leaves Qorvo with no substantial evidence to sustain the jury's verdict on damages and requires granting judgment as a matter of law in favor of Akoustis on the trade secret misappropriation claims.

## II. THE COURT MAY ASSESS AND ADJUDICATE THE ADMISSIBILITY OF EXPERT TESTIMONY ON A RULE 50 MOTION

Qorvo commences its Opposition by misstating the law, contending that the Court may not assess the admissibility of Ms. Bennis's opinion testimony in connection with Akoustis Rule 50(b) Motion. (D.I. 631 at 1, 11-12.) The Supreme Court has flatly rejected this argument.

Federal Rule of Evidence 702 requires the Court to exercise its gatekeeping function when confronted with questions about the admissibility of expert testimony. The Supreme Court accordingly affirmed the lower court's grant of judgment as a matter of law ("JMOL") under Rule 50 where it deemed expert evidence introduced at trial was unreliable. *Weisgram v. Marley Co.*, 528 U.S. 440, 456 (2000); *see also Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) (affirming JMOL for defendant and noting that "[w]hen an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict"). That the JMOL is considered after trial does not matter: "The district court may also satisfy its gatekeeper role [for Daubert] when asked to rule on a motion in limine, on an objection during trial, or on a post-trial motion so long as the court has sufficient evidence to perform" the analysis. *Goebel v. Denver and Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

The court's analysis in *U.S. v. W. Sur. Co.*, No. C14-1963JLR, 2016 WL 3632487, at *6 (W.D. Wash. July 7, 2016) is instructive. Plaintiff there contended that a Rule 50(b) motion is an inappropriate vehicle for reconsidering evidentiary issues. The court disagreed, holding "it necessary to consider Defendants' properly raised objection to the admissibility of Mr. Salinas II's testimony before ruling on the sufficiency of the evidence." *Id*. The *Salinas* Court's decision relied on the Supreme Court's *Weisgram* decision: "[d]istrict courts consider *Weisgram* to stand for the proposition that in determining whether there is a legally sufficient evidentiary basis for

the verdict, erroneously admitted evidence will play no role in the court's application of the appropriate legal standard." *Id*.

Courts in this Circuit and elsewhere routinely address the admissibility of expert testimony and *Daubert* challenges on a post-trial motion for judgment as a matter of law under Rule 50(b). *See e.g.*, *Risk v. Burgettstown Borough, Pa.*, No. CIV.A. 05-1068, 2008 WL 4925641, at *2 (W.D. Pa. Nov. 14, 2008) (addressing defendant's arguments that the court erred in admitting certain evidence in the context of Rule 50(b) motion), *aff'd sub nom. Risk v. Burgettstown Borough, PA*, 364 F. App'x 725 (3d Cir. 2010); *Accrentra, Inc. v. Staples, Inc.*, 851 F. Supp. 2d 1205, 1226-28 (C.D. Cal. 2011) (considering previously raised *Daubert* challenges in ruling on a Rule 50(b) motion) (vacated on other grounds, 500 F. App'x. 922 (Fed. Cir. 2013)); *Smith v. City of Oakland*, 538 F. Supp. 2d 1217, 1224 (N.D. Cal. 2008) (agreeing that in evaluating a Rule 50(b) motion, a district court can exclude improper testimony); *Etherton v. Owners Ins. Co*., 35 F. Supp. 3d 1360, 1365-73 (D. Colo. 2014) (considering movant's motion for judgment as a matter of law, which argued that integral expert testimony had been improperly admitted); *Gavenda v. Orleans Cnty.*, No. 95-CV-0251E(SC), 2000 WL 1375590, at *2 (W.D.N.Y. Sept. 21, 2000) ("[T]his Court is authorized to excise evidence erroneously admitted at trial when rendering a decision on plaintiff's [Rule] 50 motion").[1]

Once the inadmissible evidence is excluded – as it must be here – the Court may enter judgment as a matter of law for the moving party when there is otherwise insufficient evidence to

---

[1] *Versata Software, Inc. v. SAP*, 717 F.3d 1255 (Fed. Cir. 2013), cited on page 12 of the Opposition, does not hold otherwise. In *Versata*, defendant SAP did not argue in its Rule 50 motion that plaintiff's expert testimony should have been excluded. Rather, it raised these arguments the first time on appeal from the district court's order denying the Rule 50(b) motion. Thus, the Federal Circuit held that the appeal was "the improper context for deciding questions that . . . boil down to the admissibility of evidence." *Id*. This case does not speak to whether a district court in the first instance can review admissibility during the post-trial briefing.

support the verdict.  *See Goodman v. Pennsylvania Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002) ("[t]he rule in this Circuit is that erroneously admitted evidence should not be considered when ruling on motions for judgment as a matter of law.").  Accordingly, this Court may adjudicate Akoustis' challenge to the admissibility of Ms. Bennis' testimony and disregard her inadmissible testimony when evaluating the Motion.

### III. MS. BENNIS' OPINION REGARDING AKOUSTIS' HEAD START BENEFIT BASED ON THE TIMING OF BARE REVENUE WAS UNRELIABLE AND INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 702

In attempting to rehabilitate Ms. Bennis' unreliable and untested methodology, Qorvo makes every argument under the sun to avoid addressing the argument actually raised by Akoustis: that Ms. Bennis' use of **bare revenue** – whether or not discounted to present value—to calculate Akoustis' head start / unjust enrichment benefit is improper, unreliable, untested, and does not meet the minimum threshold of *Daubert* and Rule 702.[2]

Initially, Qorvo falsely claims that Akoustis takes issue with the awarding of a defendant's unjust enrichment benefit to a plaintiff.  (D.I. 631 at 12.)  Akoustis has never claimed that unjust enrichment is not an appropriate remedy for trade secret misappropriation.  Nor does Akoustis dispute the use of discounting future streams of money to take the time value of money into account.  (D.I. 631 at 13-14.)  Indeed, Akoustis' expert agreed on direct exam with the concept of a discounted cash flow analysis.  (D.I. 610 at 8.)  Qorvo's introduction of these phantom

---

[2] Qorvo argues that Akoustis may not attack Ms. Bennis' qualifications on a post-trial Motion. (D.I. 631 at 12.)  Akoustis has not done so.  Akoustis did call attention to Ms. Bennis' admissions that she had never before performed a head start analysis and knew of no instance where a court or secondary authority countenanced performing a head start analysis using *revenue* (rather than profit) as a basis for the calculation.  These undisputed facts are relevant to the absence of any tested reliability of the Bennis methodology.  That Ms. Bennis was qualified to render an opinion on economic damages does not provide the Court's imprimatur or otherwise confer admissibility on a methodology invented for the sole purpose of inflating numbers put before the jury.

"disagreements" is simply an attempt to pivot away from the fatal flaw in Ms. Bennis' calculation of the unjust enrichment benefit – her use of Akoustis' bare revenue without any consideration of Akoustis' costs to generate that revenue.

As set forth in Akoustis' Motion (D.I. 610) and prior *Daubert* Motion, basing the alleged unjust enrichment benefit on Akoustis' *revenue* – even if properly discounted to account for the time value of money – is improper and the methodology challenged here.  The relevant literature and case law teach that an unjust enrichment benefit based on a head start theory must be based either on the defendant's *profits* or its incremental increases in *business value* realized from the alleged wrongdoing.  (D.I. 610 at 11-15.)

While cash flow alone may be used for purposes of *company valuation* in some instances, Qorvo did not use that method for its damages assessment.  (*Id*. at 13.)  Despite being provided multiple opportunities by the Court, Qorvo failed to cite a single case (and Akoustis knows of none) where revenue or cashflow forms the basis of an unjust enrichment award.  Indeed, the Court held that "Ms. Bennis' method lacks a testable hypothesis and Plaintiffs have not shown it is subject to peer review."  (D.I. 553 (Order Denying *Daubert* Motions) at 5.)  *All* of the authority before the Court shows that reliance on revenue without consideration of the attendant costs does not reflect the **benefit** to the defendant – the very concept that an award of unjust enrichment benefit is intended to measure.

To circumvent the obvious flaw of using bare revenue, rather than profit, Qorvo asserts in its Opposition that Ms. Bennis "considered costs," but determined "it would have been inappropriate to offset those costs against the time value of money because Akoustis avoided costs as a result of the misappropriation" (D.I. 631 at 15-16.)  Neither Qorvo nor Ms. Bennis ever explained how costs were actually "considered."  In fact, none of Ms. Bennis' calculations took costs into account at all. Ms. Bennis identified no specific costs that Akoustis purportedly avoided

through misappropriation, and never reduced the aggregate costs avoided to any specific amount. Moreover, even if Akoustis avoided *some* costs through its alleged misappropriation, that does not mean Akoustis incurred no costs at all. Akoustis incurred at least the costs of goods sold. Ms. Bennis must account for those costs actually incurred in evaluating any benefit to Akoustis. But she ignored costs because doing so would result in a negative number, and one that would not placate Qorvo's desire to punish Akoustis. (*See* D.I. 616 Ex. A (Tr. (May 15, 2025) at 2359:7-25).) Using the proper head start methodology based on Akoustis' *gross profit*, Akoustis' damages expert Carlyn Irwin demonstrated that the result was negative, proving that the head start theory was simply inapplicable to the facts of this case. (*Id.* at 2360:1-22.)[3]

In its *Daubert* Order, the Court recognized the flaws in Ms. Bennis' testimony but allowed her to testify to her opinion at trial. (*See* D.I. 553 at 4-7.) Ms. Bennis' trial testimony confirmed the problems created by her flawed methodology. The Court may exercise its gatekeeping function at any point in the case, even after a jury has rendered its verdict. The Court should do so here by excluding Ms. Bennis' testimony, which in turn requires JMOL in Akoustis' favor regarding the head start benefit awarded.

---

[3] In addressing the "fit" of the methodology to the case, Qorvo again makes the red herring argument that Akoustis somehow contends that "the time value of money calculation was not a proper 'fit' for the facts of this case." (D.I. 631 at 17.) Nonsense. Ms. Irwin specifically testified, "I don't disagree at all with the concept of time value of money. Again, that's a very basic concept in finance. It's the notion that a dollar today is worth more than a dollar in a year or 55 months. But you have to understand what you have available to actually invest[] and earn money on." (D.I. 616 Ex. A (Tr. (May 15, 2024) at 2356:20-2357:3.) Qorvo made the same red herring arguments in opposition to Akoustis' *Daubert* Motion regarding the Bennis opinion. The only explanation for Qorvo's persistent misrepresentation is to distract the Court's focus away from Ms. Bennis' wrong – and fatal – reliance on bare revenue without any consideration of the costs incurred in generating that revenue.

## IV. THE COURT SHOULD EXCLUDE DR. SHANFIELD'S TESTIMONY REGARDING THE DURATION OF THE HEAD START PERIOD

Ms. Bennis' testimony is unreliable in its own right, as set forth above. But her reliance on Dr. Shanfield for the calculation of the alleged duration of the head start period separately requires exclusion of her opinion. He was the sole source of opinion evidence regarding the calculation of the head start duration. His opinion testimony on the issue, however, was inadmissible because it was devoid of a factual basis – and there is "no stronger basis for excluding testimony than proof that the testimony lacks any basis in fact." *Munn v. Hotchkiss Sch.*, 24 F. Supp. 3d 155, 207 (D. Conn. 2014), *aff'd*, 724 F. App'x 25 (2d Cir. 2018).

### A. THE COURT MAY REVIEW THE ADMISSIBILITY OF DR. SHANFIELD'S TESTIMONY IN THE CONTEXT OF A RULE 50 MOTION

As shown in Akoustis Opening Brief and again above, courts may engage in their gatekeeping function regarding experts at **any** time. Even Qorvo's cases agree. *E.g.*, *Braun Elevator Co. v. Thyssenkrupp Elevator Corp.*, 379 F. Supp. 2d 993, 1001 (W.D. Wis. 2005) (cited at D.I. 631 at 18) (stating that "[t]he Seventh Circuit has considered rule 50 and 59 challenges based on the sufficiency of expert testimony in the absence of a Daubert motion."). That court went on to address a challenge to the admissibility of expert methodology raised in the party's post-trial motion. *Id*.

Qorvo's argument that Akoustis waived its ability to challenge Dr. Shanfield's testimony misses the mark. Akoustis' Opening Brief cites to Dr. Shanfield's *cross-examination* testimony demonstrating the absence of factual bases for the opinion he gave on direct. (*See* D.I. 610 at 4-6 (citing Dr. Shanfield's cross-examination testimony).) Akoustis is not required to object to *trial* testimony through a *pre-trial Daubert* Motion. Further, Qorvo cites no legal authority, and Akoustis knows of none, that required Akoustis to object, in the midst of direct trial testimony, to Qorvo's failure to adduce the factual predicate for Dr. Shanfield's opinion.

In any event, Qorvo had and took the opportunity to redirect Dr. Shanfield on the very point that is the basis of Akoustis' Motion here.  (Elkins Reply Decl. Ex. A (Tr. (May 10, 2024) at 1463:4-1465:12) (discussing the head start duration on redirect).)  The opportunity was for naught: Dr. Shanfield was unable to provide facts or evidence to support the basis for his opinion regarding the calculation of the duration of the head start period.  *Id*.  Qorvo thus cannot argue that, had Akoustis objected, "Qorvo would have had the opportunity to provide additional foundation for the reliability of Dr. Shanfield's methodology."  (D.I. 631 at 18.)  Even after Akoustis moved for JMOL on this ground under Rule 50(a), Qorvo declined to put on additional rebuttal evidence.  (Elkins Reply Decl. Ex. A (Tr. (May 15, 2024) at 2411:1-9.)  Qorvo's *post-hoc* complaint that it was denied the opportunity to present evidence is belied by the trial record itself and Qorvo's decision to rest even in the face of Akoustis' Rule 50(a) motion.

**B.  THE COURT SHOULD EXCLUDE DR. SHANFIELD'S TESTIMONY REGARDING THE HEAD START DURATION**

With no procedural challenge available, Qorvo tries to defend the robustness of Dr. Shanfield's testimony.  The attempt fails.  One should properly expect that Qorvo's Opposition would supply citations to the trial record where Dr. Shanfield had supplied the jury with the factual basis for the duration of each component of the head start period.  Rather than point to specific testimony supporting his calculation of the head start duration, Qorvo instead relies on the "***hours*** of testimony during which Dr. Shanfield painstakingly explained the *value* of each trade secret and the benefit to Akoustis of using it."  (D.I. 631 at 18-19 (emphasis added).)  But the "value" of each trade secret supplies no factual basis for the calculation of the duration of Akoustis' head start benefit resulting from each.

Akoustis' cross-examination of Dr. Shanfield demonstrated that he lacked a factual basis for the duration of each component of the head start period apart from *ipse dixit*.  He testified that

he did not recall which Qorvo witness, if any, had any information regarding such a "benchmark" for specific trade secrets. (D.I. 610 at 4-6.) Qorvo's evidence at trial on this point remains deficient. Dr. Shanfield's testimony is fundamentally unreliable regarding his calculation of the duration of the head start period and is not based on any facts in the record. There is "no stronger basis" than a lack of factual foundation for the Court to exercise its gatekeeping function. It should do so by excluding both Dr. Shanfield's testimony on the calculation of the head start duration, and Ms. Bennis' testimony relying on Dr. Shanfield's calculation in arriving at her calculation of the monetary value of the unjust enrichment benefit allegedly received by Akoustis. *See Munn*, 24 F. Supp. 3d at 207.

## V. NO SUBSTANTIAL EVIDENCE SUPPORTS THE HEAD START BENEFIT AWARD

The exclusion of Ms. Bennis' testimony requires a finding in favor of Akoustis on the trade secret misappropriation claims because any remaining "evidence" is insufficient to sustain the jury verdict. *See Weisgram*, 528 U.S. at 456 (holding that the lower court properly granted JMOL where it deemed expert evidence introduced at trial was unreliable and therefore inadmissible, and the remaining properly admitted evidence was insufficient to support a verdict). To that end, courts grant judgment as a matter of law for the moving party after determining that damages expert testimony is unreliable and inadmissible. *See e.g., Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.,* 246 F.3d 1336, 1358 (Fed. Cir. 2001) (affirming the district court's decision to grant TriTech's JMOL because the damages expert's methodology was deemed unreliable at trial, and there was no other evidence to support the claim for damages); *Virnetx, Inc. v. Cisco Sys., Inc.,* 767 F.3d 1308, 1328 (Fed. Cir. 2014) (affirming JMOL after the district court excluded unreliable and inadmissible expert damages testimony).

Qorvo's attempt to grasp for additional "evidence" in the record to support the jury's verdict on the alleged value of the unjust enrichment benefit received by Akoustis fails. As Qorvo itself admits, Ms. Bennis "calculat[ed] the present value of the revenue Akoustis actually received and compar[ed] it to the value of that revenue if it was earned 55 months later in time" by using "a well-known interest formula and Akoustis' own weighted average cost of capital in her calculations." (D.I. 631 at 10.) Such calculations were solely within the purview of Qorvo's damages expert Ms. Bennis. Qorvo introduced no other evidence or testimony of anyone performing that calculation. Dr. Shanfield's inability to identify a factual or peer-accepted basis for his calculation of the duration of the head-start benefit similarly dooms Ms. Bennis' use of that guesstimate as the sole basis of her own calculation.

Qorvo's reliance on testimony regarding the timeline and costs for Qorvo to develop the technology generally, without reference to specific trade secrets, is not the "substantial evidence" required to support the jury's verdict. *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005) (after excluding damages expert, lay testimony regarding "the value of O2 Micro's assets, including its trade secrets," without reference to the value of the specific trades secrets, was insufficient to sustain the verdict); *Salinas Constr.* 2016 WL 3632487, at *10 (granting post-trial motion after excluding expert testimony because to allow the verdict to stand "would incongruently permit a jury to perform analysis" which required expert testimony).[4]

## VI. CONCLUSION

For the forgoing reasons, the Court should grant Akoustis' motion for judgment as a matter of law.

---

[4] Akoustis alternatively moved for a new trial on damages on the same grounds. (*See* D.I. 613.) Courts, however, routinely resolve such issues on a motion for judgment as a matter of law. *See supra* at 3-4 (citing cases).

| | |
|---|---|
| Dated: August 8, 2024 | Respectfully submitted, |
| | /s/ *Stephen B. Brauerman* |
| OF COUNSEL: | Stephen B. Brauerman (#4952) |
| | Ronald P. Golden III (#6254) |
| SQUIRE PATTON BOGGS (US) LLP | BAYARD, P.A. |
| | 600 N. King Street, Suite 400 |
| Ronald S. Lemieux | Wilmington, Delaware |
| David S. Elkins | (302) 655-5000 |
| Victoria Q. Smith | sbrauerman@bayardlaw.com |
| 1841 Page Mill Road | rgolden@bayardlaw.com |
| Suite 150 | |
| Palo Alto, California 94304 | *Attorneys for Defendants Akoustis Technologies,* |
| (650) 856-6500 | *Inc. and Akoustis, Inc.* |
| ronald.lemieux@squirepb.com | |
| david.elkins@squirepb.com | |
| victoria.smith@squirepb.com | |
| | |
| Rachael A. Harris | |
| Matthew A. Stanford | |
| 2550 M Street, NW | |
| Washington, DC 20037 | |
| (202) 457-6000 | |
| rachael.harris@squirepb.com | |
| matthew.stanford@squirepb.com | |
| | |
| Xiaomei Cai | |
| 2325 E. Camelback Road, Suite 700 | |
| Phoenix, AZ 85016 | |
| (602) 528-4000 | |
| xiaomei.cai@squirepb.com | |