IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | ███████████ |
| Defendants. | ) | |

**PLAINTIFF QORVO, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO
ALTER OR AMEND THE MAY 20, 2024 JUDGMENT REGARDING QORVO'S
CLAIM FOR UNFAIR AND DECEPTIVE TRADE PRACTICES**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: June 17, 2024
Public Version Filed: August 15, 2024**

## TABLE OF CONTENTS

June 17, 2024 ........................................................................................................................1

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND....................................... 3

III.    LEGAL STANDARD ............................................................................... 4

        A.      Rule 59(e)...............................................................................................4

        B.      Unfair and Deceptive Trade Practices ...................................................5

IV.     ARGUMENT ......................................................................................... 6

        A.      Akoustis is Liable as to the Trade Secret Portion of Qorvo's UDTPA Claim ........6

                1.      Akoustis is Liable As a Matter of Law ...................................... 6

                2.      Alternatively, Akoustis is Liable Under the UDTPA Based on the Jury's
                        Verdict on Qorvo's NCTSPA Claim ........................................ 7

        B.      Qorvo is Automatically Entitled to Treble Damages on the Trade Secret Portion
                of its UDTPA Claim ...............................................................................9

                1.      The Jury Awarded Qorvo "Actual Damages" Under the NCTSPA and the
                        UDTPA Automatically Trebles "Damages" Awarded By the Jury............ 9

                2.      North Carolina Law Does Not Limit Disgorgement Under the UDTPA . 11

V.      CONCLUSION..................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Belk, Inc. v. Meyer Corp.*
679 F.3d 146 (4th Cir. 2012) .................................................................................................12

*Booher v. Frue*
86 N.C.App. 390 (1987) .................................................................................................13, 14

*Coley v. Champion Home Builders Co.*
162 N.C. App. 163, 590 S.E.2d 20 (2004) ...............................................................................5

*Collins v. Davis*
68 N.C.App. 588 (1984) ........................................................................................................13

*Dragan v. L.D. Caulk Co., Div. of Dentsply Int'l*
No. CIV. A. 84-707-JJF, 1989 WL 133536 (D. Del. Apr. 21, 1989), aff'd, 897 F.2d
538 (Fed. Cir. 1990) ................................................................................................................5

*Drouillard v. Keister Williams Newspaper Servs., Inc.*
108 N.C. App. 169, 423 S.E.2d 324 (1992) .............................................................................6

*Evonik Degussa GmbH v. Materia, Inc.*
305 F. Supp. 3d 563 (D. Del. 2018) .........................................................................................5

*Gen. Star Nat'l Ins. Co. v. Howard*
No. 5:08-CV-199-H, 2009 WL 10688826 (E.D.N.C. Sept. 11, 2009) ...................................10

*Glover Constr. Co. v. Sequoia Servs.*
2022 NCBC Lexis 21 (N.C. Super. Ct. Mar. 15, 2022) ..........................................................11

*Grout Dr. Glob. Franchise Corp. v. Groutman, Inc.*
No. 7:14-CV-105-BO, 2015 WL 2353698 (E.D.N.C. May 15, 2015) .....................................6

*Landmar, LLC v. Wells Fargo Bank, N.A.*
No. 5:11-CV-00097-MOC, 2014 WL 333562 (W.D.N.C. Jan. 29, 2014) .............................10

*Med. Staffing Network, Inc. v. Ridgway*
194 N.C. App. 649 (2009) ...................................................................................................6, 8

*Merz Pharms., LLC v. Thomas*
No. 23 CVS 32848, 2024 WL 2193913 (N.C. Super. May 15, 2024)....................................14

*Opsahl v. Pinehurst Inc.*
81 N.C. App. 56 (1986) ...........................................................................................................5

*Polo Fashions, Inc. v. Craftex, Inc.*
  816 F.2d 145 (4th Cir. 1987) ........................................................................12

*Potter v. Hileman Lab'ys, Inc.*
  150 N.C. App. 326 (2002) ............................................................................13

*SAS Inst., Inc. v. World Programming Ltd.*
  No. 5:10-25-FL, 2016 WL 7636698 (E.D.N.C. June 17, 2016) ....................9

*Scherer v. Steel Creek Prop. Owners Ass'n*
  No. 1:13-CV-00121-MR-DLH, 2016 WL 1251223 (W.D.N.C. Mar. 30, 2016), aff'd,
  682 F. App'x 238 (4th Cir. 2017) ................................................................13

*Software Pricing Partners, LLC v. Geisman*
  No. 3:19-CV-00195-RJC-DCK, 2022 WL 3971292 (W.D.N.C. Aug. 31, 2022) ..................11

*Static Control Components, Inc. v. Darkprint Imaging, Inc.*
  240 F. Supp. 2d 465 (M.D.N.C. 2002) ......................................................7, 8

*Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*
  174 N.C. App. 49 (2005) .....................................................................7, 12, 14

*Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*
  No. 00-CVS-10358, 2003 WL 21017456 (N.C. Super. May 2, 2003) ....................11

*Title Trading Servs. USA, Inc. v. Kundu*
  No. 3:14-CV-225-RJC-DCK, 2016 WL 608193 (W.D.N.C. Jan. 5, 2016) ............................13

*TJF Servs., Inc. v. Transportation Media, Inc.*
  No. 5:17-CV-00626-RN, 2019 WL 7601949 (E.D.N.C. July 8, 2019) ................................10

*Tradewinds Airlines, Inc. v. C-S Aviation Servs.*
  222 N.C. App. 834, 733 S.E.2d 162 (2012) ...............................................11

*Travelers Indem. Co. v. Crown Cab Co.*
  No. 3:10-CV-35-RJC-DCK, 2011 WL 2893093 (W.D.N.C. July 19, 2011). ..........................4

*Walker v. Sloan*
  137 N.C. App. 387, 529 S.E.2d 236 (2000) ...............................................5

*Watcher v. Pottsville Area Emergency Med. Servs., Inc.*
  248 F. App'x 272 (3d Cir. 2007) ...................................................................5

*WMC, Inc. v. Weaver*
  166 N.C. App. 352, 602 S.E.2d 706 (2004) ...............................................14

*X-It Products, LLC v. Walter Kidde Portable Equipment, Inc.*
  227 F. Supp. 2d 494 (E.D. Va. 2002) ..........................................................13

<u>Statutes</u>

18 U.S.C § 1836 (b)(1) .................................................................................................8

Defend Trade Secrets Act ...................................................................................... passim

N.C. Gen.Stat. § 66-154.............................................................................................9

N.C. Gen.Stat. § 66-154(b) .........................................................................................2

N.C. Gen.Stat. § 75-1.................................................................................................1

N.C. Gen.Stat. § 75-16..................................................................................2, 9, 11, 12

North Carolina Trade Secrets Protection Act ...................................................... passim

North Carolina Unfair Business Practice § 75-1.1 .....................................................10

North Carolina Unfair Business Practice § 10.03 .......................................................10

North Carolina Unfair and Deceptive Trade Practices Act ................................... passim

Unfair and Deceptive Trade Practices Act...................................................................4

<u>Other Authorities</u>

Fed.R.Civ.P. 50(a) ...............................................................................................1, 3, 4

Fed.R.Civ.P. Rule 50(b).............................................................................................4

Fed.R.Civ.P. 50(b) ....................................................................................................4

Fed.R.Civ.P. 59(e) ..............................................................................................1, 4, 5

Pursuant to Rule 59(e), Plaintiff Qorvo, Inc. ("Qorvo") respectfully moves this Court to amend and/or alter the Judgment as entered against defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") on May 20, 2024 (D.I. 602) (the "Judgment").

## I.   PRELIMINARY STATEMENT

Following an eight-day trial, the jury determined that Akoustis willfully and maliciously misappropriated 39 of Qorvo's trade secrets. D.I. 601 (Jury Verdict Form). In connection with Qorvo's trade secret claims under the Defend Trade Secrets Act ("DTSA") and North Carolina Trade Secrets Protection Act ("NCTSPA"), the jury awarded Qorvo $31,315,215 in "actual damages" based on Akoustis's unjust enrichment of 37 Qorvo trade secrets, and an additional $7,000,000 in exemplary damages. *Id*. Despite these findings, the jury determined that Akoustis ***did not*** violate the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") as related to Qorvo's trade secret and confidential information. *Id*. Pursuant to Rule 59(e) and in view of the jury's finding of trade secret misappropriation, the Court should amend the Judgment entered on May 20, 2024 in two respects. Accordingly, Qorvo moves the Court first to amend the Judgment to reflect that Akoustis violated the UDTPA, and, second, to award Qorvo treble damages (which is automatic under N.C. Gen.Stat. § 75-1) for Akoustis's UDTPA violation based on the jury's award of "actual damages" in connection with Qorvo's trade secret claims.

As to the first point, several courts applying North Carolina law have held that a violation of the NCTSPA constitutes an unfair act or practice under the UDTPA ***as a matter of law***. Indeed, in its ruling on Defendants' Rule 50(a) Motion related to damages for North Carolina's UDTPA, the Court held that the "[l]oss of trade secrets is an injury under the UDTPA's liability provision." D.I. 590 at 4. Here, the jury determined that Akoustis violated the NCTSPA by willfully and maliciously misappropriating 39 Qorvo trade secrets. This conduct automatically violates the UDTPA. Even if a violation of the NCTSPA does not equal a violation of the

-1-

UDTPA *per se* (which it does), the nature of the jury's verdict, the finding of willful and malicious misappropriation, and the substantial award of exemplary damages, establishes that Akoustis violated the UDTPA.

Regarding the second point, while this Court previously ruled that Qorvo's "head-start" form of damages recovery is not a cognizable damages theory under the UDTPA, North Carolina law does not contain such a narrow limitation. Under the NCTSPA, a plaintiff may recover "actual damages" measured by (the greater of) economic loss ***or the unjust enrichment*** caused by misappropriation of a trade secret. N.C. Gen.Stat. § 66-154(b). In parallel, under the UDTPA, if any "damages" are assessed (which is broader than "actual damages"), then the "amount fixed by the verdict" must be automatically trebled. N.C. Gen.Stat. § 75-16. Courts applying North Carolina law automatically and routinely treble damages under the UDTPA where "actual damages" were awarded under other claims. Here, because the jury awarded Qorvo $31,315,215 in "actual damages" based on unjust enrichment in connection with its NCTSPA claim, the UDTPA mandates that those same "damages" be automatically trebled.

Further, the UDTPA does not limit recovery based on unjust enrichment to only disgorgement of profits. Courts applying North Carolina law have even recognized damages theories based on head start or accelerated market entry, in line with what Qorvo presented at trial. Because the jury determined that Akoustis was unjustly enriched by misappropriating Qorvo's trade secrets, that same measure of damages applies to Qorvo's UDTPA claim. The Court should amend the Judgment to treble damages under the UDTPA (N.C. Gen.Stat. § 75-16) and award Qorvo $93,945,645 in damages in connection with its UDTPA claim, supported by the jury's verdict in favor of Qorvo's DTSA and NCTSPA claims.

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

### A.   **Akoustis's Rule 50(a) Motion Regarding Qorvo's UDTPA Claim**

The jury trial in this matter commenced on May 6, 2024. Qorvo rested its case on May 13, 2024. Akoustis then moved orally under Rule 50(a), arguing that the portion of Qorvo's UDTPA claim related to misappropriation of trade secrets and confidential information should be dismissed because Qorvo did not establish "actual injury" as required for a UDTPA claim. 5/13/24 Trial Tr. at 1754:23-1756:1. Akoustis further argued that because Qorvo only sought an unjust enrichment form of recovery for its trade secret claims, that type of recovery does not constitute "actual injury" under the UDTPA. *Id*. The Court took the matter under advisement, and Qorvo submitted further briefing. D.I. 587.

The Court issued its order on Akoustis's Rule 50(a) Motion on May 14, 2024 (the "UDTPA Order"). D.I. 590.  The Court ruled that "[l]oss of trade secrets is an injury under the UDTPA's liability provision." *Id*. at 4. The Court then noted that Qorvo basis its "damages assessment exclusively on the DTSA's head start benefit damages provision,"[1] but that "no North Carolina law suggests that Defendants' benefits from accelerated market entry alone are a proper basis to determine the injury to Plaintiff, or are even a reasonable proxy for lost profits or lost market share by the Plaintiff." *Id*. The Court also held: "North Carolina Courts have allowed for disgorgement of profits by defendants to serve as damages where they are proxies for injury by plaintiff, but has not recognized head start benefits to the Defendants as such a proxy." *Id*. at 3. The Court therefore held that "Plaintiff's only basis for proving damages to a reasonable certainty [regarding its claims related to trade secrets] is inconsistent with the damages cognizable under the UDTPA." *Id*. at 5.

---

[1] However, as discussed further below, the NCTSPA expressly allows for recovery of "actual damages" based on unjust enrichment, which is what the jury awarded Qorvo at trial.

### B.      The Jury Verdict and Judgment

Qorvo prevailed on its claims for misappropriation of trade secrets under the DTSA and the NCTSPA. D.I. 125 (Operative Second Amended Complaint); D.I. 601 (Jury Verdict Form). The jury determined that Akoustis misappropriated and was unjustly enriched by 37 Qorvo trade secrets (Question 1(a)), and awarded Qorvo $31,315.215 in damages based on Akoustis's unjust enrichment. D.I. 601, Question 1(b). The jury also awarded Qorvo $7,000,000 in exemplary damages for Akoustis's misappropriation of Qorvo's trade secrets. D.I. 601, Question 1(d).

Notwithstanding the jury's verdict regarding Qorvo's trade secret misappropriation claim, in Question 2(a) of the Verdict Form, the jury determined that Qorvo *had not* "proven by a preponderance of the evidence its Unfair and Deceptive Trade Practices Act claim against Akoustis as to its confidential information and trade secret claim." *Id*., Question 2(a).

On May 20, 2024, the Court entered judgment consistent with the jury's verdict. D.I. 602. The Court confirmed that Akoustis was "unjustly enriched by misappropriating thirty-seven (37) trade secrets from Qorvo" and the "misappropriation was willful and malicious." *Id*. The Court's judgment also confirmed that "unjust enrichment damages for misappropriation of trade secrets constitute $31,315,215.00, [and] exemplary damages constitute $7,000,000.00." *Id*.

### III.   LEGAL STANDARD

### A.      Rule 59(e)[2]

Federal Rule of Civil Procedure 59(e) permits a party to move "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such a motion "must rely on one of three major grounds: (1) an

---

[2] Alternatively, Qorvo files this Motion pursuant to Rule 50(b), which allows an aggrieved party to file a renewed motion for judgment as a matter of law. Fed.R.Civ.P. 50(b). "The rule provides that the Court may (1) allow judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law in favor of the moving party." *Travelers Indem. Co. v. Crown Cab Co.*, No. 3:10-CV-35 RJC-DCK, 2011 WL 2893093, at *1 (W.D.N.C. July 19, 2011). During trial, Akoustis moved under Rule 50(a) on the same subject matter addressed in this Motion. 5/13/24

intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Evonik Degussa GmbH v. Materia, Inc.*, 305 F. Supp. 3d 563, 575 (D. Del. 2018).

"Rule 59(e) allows a trial court to correct a verdict that is incorrect as a matter of law." *Watcher v. Pottsville Area Emergency Med. Servs., Inc.*, 248 F. App'x 272, 275 (3d Cir. 2007). "A motion pursuant to Fed.R.Civ.P. 59(e) is a matter for the district court's discretion." *Dragan v. L.D. Caulk Co., Div. of Dentsply Int'l*, No. CIV. A. 84-707-JJF, 1989 WL 133536, at *7 (D. Del. Apr. 21, 1989), aff'd, 897 F.2d 538 (Fed. Cir. 1990).

### B.      Unfair and Deceptive Trade Practices

"To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiffs or to the plaintiffs' business." *Walker v. Sloan*, 137 N.C. App. 387, 395, 529 S.E.2d 236, 243 (2000). "A [trade] practice is unfair when it . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Opsahl v. Pinehurst Inc.*, 81 N.C. App. 56, 69 (1986) (internal citations omitted). "The question of whether a particular practice is unfair or deceptive is a legal one reserved for the court." *Walker*, 137 N.C. App. at 395. "Actual injury may include the loss of the use of specific and unique property, the loss of any appreciated value of the property, and any other such elements of damages as may have been shown by the evidence." *Coley v. Champion Home Builders Co.*, 162 N.C. App. 163, 590 S.E.2d 20, 22 (2004).

---

Trial Tr. at 1754:23-1756:1; D.I. 587, 590. There is no prejudice or surprise to Akoustis through the filing of this Motion.

## IV.   ARGUMENT

### A.   Akoustis is Liable as to the Trade Secret Portion of Qorvo's UDTPA Claim

#### 1.   Akoustis is Liable As a Matter of Law

The jury's verdict in answering Question 2(a) of the verdict form regarding Qorvo's UDTPA claim relating to its trade secret and confidential information is inconsistent with its findings of trade secret misappropriation (as answered in Question 1) and hence incorrect. The jury determined that Akoustis willfully and maliciously misappropriated 39 of Qorvo's trade secrets under Qorvo's DTSA and NCTSPA claims. D.I. 601, 602. Courts applying North Carolina law have held that a violation of the NCTSPA constitutes an unfair act or practice under the UDTPA *as a matter of law*. *See Grout Dr. Glob. Franchise Corp. v. Groutman, Inc.*, No. 7:14-CV-105-BO, 2015 WL 2353698, at *5 (E.D.N.C. May 15, 2015) ("[m]isappropriation of trade secrets constitutes an unfair or deceptive act or practice *as a matter of law*.") (emphasis added); *Med. Staffing Network, Inc. v. Ridgway*, 194 N.C. App. 649, 659–60 (2009) ("A violation of the Trade Secrets Protection Act constitutes an unfair act or practice under N.C. Gen.Stat § 75–1.1"); *Drouillard v. Keister Williams Newspaper Servs., Inc.*, 108 N.C. App. 169, 172–73, 423 S.E.2d 324, 326–27 (1992) ("We, therefore, reject plaintiffs' limited interpretation of N.C. Gen.Stat. §75–1.1 and hold it to be applicable to violations of the Trade Secrets Protection Act.").

Indeed, this Court already ruled that "[l]oss of trade secrets is an injury under the UDTPA's liability provision." D.I. 590 at 4. Therefore, because the jury determined that Akoustis violated the NCTSPA and misappropriated dozens of Qorvo's trade secrets, Qorvo is entitled to judgment as a matter of law on its UDTPA claim. The Court should amend the Judgment to reflect "Yes" under Question 2(a) on the Verdict Form.

### 2. Alternatively, Akoustis is Liable Under the UDTPA Based on the Jury's Verdict on Qorvo's NCTSPA Claim

Even if the Court determines that a violation of the NCTSPA does not give rise to a violation of the UDTPA as a matter of law, the Court should still amend the jury's verdict under Question 2(a) based on the jury's verdict regarding Qorvo's NCTSPA claim and award of substantial compensatory and exemplary damages.

*Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 240 F. Supp. 2d 465 (M.D.N.C. 2002) is instructive. There, the jury found that the defendant had misappropriated certain of the plaintiff's trade secrets, and had "committed the acts supporting a finding of unfair and deceptive trade practices under North Carolina General Statutes § 75–1.1." *Id.* at 470-471. The jury awarded $346,045.07 in compensatory damages and $985,802.45 in punitive damages. *Id.* at 471. In response to the defendant's post-trial motion for judgment as a matter of law, the court analyzed whether the defendant's misappropriation of trade secrets violated the UDTPA. The court noted the "jury found that Darkprint hired Mr. Hulse from Static Control and gained access to and misappropriated Static Control's trade secrets" and that "[t]his conduct is ***surely*** 'immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" *Id.* at 486-487 (emphasis added). The court then noted that trade secret misappropriation constitutes a violation of the UDTPA "if it also affects commerce and is the proximate cause of Static Control's actual injury." *Id.* at 487. The court concluded that affecting commerce was not at issue and that "the misappropriation was the proximate cause of Static Control's monetary injury, as evidenced by the verdict." *Id.* The court ultimately held that the plaintiff "demonstrated a cause of action for unfair or deceptive trade practices." *Id.*; *see also Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 174 N.C. App. 49, 60 (2005) (upholding trial court's finding of violation of the UDTPA based in part on trade secret misappropriation because "[b]y using former BPS

employees and confidential information, defendant-H & E was able to tailor rental fleets at its branches without spending the time, money and effort necessary to develop such information.").

*Med. Staffing Network, Inc. v. Ridgway*, 194 N.C. App. 649, 651 (2009), a dispute between two healthcare staffing companies, is also on point. There, following a bench trial, the court determined that the defendant misappropriated the plaintiff's trade secrets and violated the UDTPA because there was "evidence that Ridgway had access to and was using MSN's confidential nurse contact information after he left MSN" and "evidence of a substantial turnaround in Trinity's business, as well as a concurrent, substantial decrease in MSN's business in the same market, during the same time period." *Id.* at 659. Notably, the trial court did not award any exemplary damages for trade secret misappropriation. *Id.* The defendant appealed and argued, among other things, that the trial court erred by finding that the defendant had violated the UDTPA. *Id.* The court of appeals' analysis on this issue was brief: "the trial court's findings that Trinity violated the trade secret protection act and caused injury to MSN are supported by competent evidence. These findings support the court's conclusion that Trinity committed unfair and deceptive trade practices in violation of N.C. Gen.Stat. § 75–1.1." *Id.* at 659-660.

Here, the jury's finding that Akoustis misappropriated 39 of Qorvo's trade secrets establishes a violation of the UDTPA. Akoustis's conduct is "surely immoral, unethical, oppressive, unscrupulous, or substantially injurious," as held in *Static*. This is especially so when the jury found Akoustis misappropriation to be willful and malicious and awarded Qorvo $7,000,000 in exemplary damages. There is no dispute that Akoustis's conduct affected commerce, given that commerce is a required element of the DTSA. 18 U.S.C § 1836 (b)(1)[3].

---

[3] Qorvo also introduced evidence to satisfy the "commerce" requirement. *See* 5/6/24 Trial Tr. at 285:25-286:6.

There also can be no dispute that Akoustis's conduct proximately caused Qorvo's injuries, given the substantial verdict issued by the jury. The jury's verdict regarding Qorvo's trade secret claims, including the award of substantial compensatory and exemplary damages, establishes Akoustis's violation of the UDTPA.

     **B.**     **Qorvo is Automatically Entitled to Treble Damages on the Trade Secret Portion of its UDTPA Claim**

Because Akoustis has violated the UDTPA as a matter of law based on its trade secret misappropriation, Qorvo is entitled to automatic trebling of the "actual damages" awarded by the jury in connection with Qorvo's trade secret claims.

     **1.**     **The Jury Awarded Qorvo "Actual Damages" Under the NCTSPA and the UDTPA Automatically Trebles "Damages" Awarded By the Jury**

Under the NCTSPA, "actual damages may be recovered, measured by the economic loss *or the unjust enrichment* caused by misappropriation of a trade secret, whichever is greater." N.C. Gen.Stat. § 66-154 (emphasis added). Thus, unjust enrichment is a form of "actual damages" under the NCSTPA. Notably, there is no "actual loss" requirement under the NCTSPA. Here, there is no dispute that the jury awarded Qorvo "actual damages" in the amount of $31,315,215 based on Akoustis' unjust enrichment from misappropriating Qorvo's trade secrets.

Next, under the UDTPA, if *any* "damages" are assessed, then the "amount fixed by the verdict" must be automatically trebled. N.C. Gen.Stat. § 75-16. Notably, the UDTPA does not distinguish between "actual loss" or "actual damages", or any other form of damages. The UDTPA only uses the word "damages," which on its face is broader than "actual damages" as stated in the NCTSPA. "The court has no discretion in this area—once a plaintiff has established a UDTPA violation and resulting damages, the court 'must automatically treble the damages.'" *SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-25-FL, 2016 WL 7636698, at *2 (E.D.N.C.

June 17, 2016) (citing S. *Atl. Ltd. P'ship of Tenn. et al. v. Riese et al.*, 284 F.3d 518, 529 n.13 (4th Cir. 2002).

Courts applying North Carolina law automatically tremble damages under the UDTPA where, like here, "actual damages" have been awarded. *See Landmar, LLC v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00097-MOC, 2014 WL 333562, at *2 (W.D.N.C. Jan. 29, 2014) ("Actual damages awarded for a violation of the UDTPA pursuant to N.C.Gen.Stat. § 75–1.1 are trebled automatically."); *Gen. Star Nat'l Ins. Co. v. Howard*, No. 5:08-CV-199-H, 2009 WL 10688826, at *1 (E.D.N.C. Sept. 11, 2009) (where "actual damages" of $307,379.12 were awarded, the court under the UDTPA "trebled the actual damages, rendering judgment for SECU in the amount of $922,137.36."); *TJF Servs., Inc. v. Transportation Media, Inc.*, No. 5:17-CV-00626-RN, 2019 WL 7601949, at *6 (E.D.N.C. July 8, 2019) ("the UDTPA does not provide for punitive damages, only the trebling of actual damages").

Under the clear language of the NCTSPA read together with the UDTPA, the Court must automatically treble the "actual damages" awarded to Qorvo by the jury in connection with its NCTSPA claim. The UDTPA does not contain any limitation on the trebling of "damages," and does not contain any requirement that the damages recovered be based on actual loss, disgorgement of lost profits, or anything else. This makes sense given that remedies under the UDTPA are intended to be broader, as opposed to more restrictive, than remedies available under common law. *See* 1 North Carolina Unfair Business Practice § 10.03 (2024) ("Since the statutory purpose of § 75-1.1 was to create a remedy broader than the one available at common law, recovery should not be limited to that available at common law.").

The $31,315,215 in "actual damages" awarded by the jury in connection with Qorvo's NCTSPA claim reflects Qorvo's damages under the trade secret portion of its UDTPA claim. By

automatic trebling, the Court should amend the judgment to award Qorvo $93,945,645 in

compensatory damages in connection with its trade secret and UDTPA claims in aggregate. In

similar circumstances where a party's UDTPA claim was predicated on its trade secret claims,

courts applying North Carolina law have taken the damages awarded under the trade secret claim

and trebled them under the UDTPA as part of a final damages award. *See Software Pricing

Partners, LLC v. Geisman*, No. 3:19-CV-00195-RJC-DCK, 2022 WL 3971292, at *11

(W.D.N.C. Aug. 31, 2022) (where the court awarded damages for violation of the DTSA, and the

UDTPA was predicated on the DTSA claim, the court held that "pursuant to N.C. Gen.Stat. § 75-

16, SPP is entitled to treble damages for Geisman's violation of the UDTPA."); *Sunbelt Rentals,

Inc. v. Head & Engquist Equip., L.L.C.*, No. 00-CVS-10358, 2003 WL 21017456, at *50 (N.C.

Super. May 2, 2003) (where the Court found the defendant liable for trade secret

misappropriation under the NCTSPA, and damages for "misappropriation . . . are subsumed

under the U.D.T.P.A. damages," the court automatically trebled damages under the UDTPA).

### 2. North Carolina Law Does Not Limit Disgorgement Under the UDTPA

If the Court does not automatically treble Qorvo's damages under the UDTPA based on

the language of the NCTSPA and UDTPA, it should still treble Qorvo's damages based on the

UDTPA's broad application of damages based on disgorgement.

### a. Disgorgement is Recoverable Under the UDTPA

The North Carolina "Court of Appeals and federal courts applying North Carolina law

have…recognized disgorgement as a permissible remedy for a violation of [the UDTPA]."

*Glover Constr. Co. v. Sequoia Servs.*, 2022 NCBC Lexis 21, at *26-27 (N.C. Super. Ct. Mar. 15,

2022) (citations follow). Notably, "the fact finder in…unfair and deceptive trade practices claims

has ***broad discretion*** in awarding damages to insure that the plaintiff is made whole and the

wrongdoer does not profit from its conduct." *Tradewinds Airlines, Inc. v. C-S Aviation Servs.*,

222 N.C. App. 834, 850, 733 S.E.2d 162 (2012). Courts applying North Carolina law have awarded the plaintiff damages under the UDTPA based on the ill-gotten gains by the defendant. *See Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 174 N.C. App. 49, 62, 620 S.E.2d 222 (2005) (cleaned up) ("Under the UDTPA, plaintiff was awarded lost profits and the value of benefit defendants received, two different types of damages permitted under the UDTPA."); *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 165 (4th Cir. 2012) (cleaned up) ("[A]n award of profits disgorged from the defendants could be trebled pursuant to N.C. Gen.Stat. § 75-16."); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987) (permitting disgorgement of Defendants' profits under Chapter 75 "as a rough measure of the plaintiff's damages").

### b.   Unjust Enrichment Includes *Any* Ill-Gotten Gain by the Defendant

The Court's UDTPA Order (D.I. 590) held that Qorvo cannot recover damages under the trade secret portion of its UDTPA claim because it is predicated on a head-start damages theory not recognized under North Carolina law[4]. North Carolina law, however, does not limit disgorgement under the UDTPA in such a manner. Qorvo is entitled to disgorgement of ***any ill-gotten gains received by Akoustis***, regardless of their form.

_____

[4] The UDTPA Order cited two cases in support of its holding. D.I. 590 at 3. In *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146 (4th Cir. 2012), the court held that the defendant's profits on the disputed cookware were properly treated as "actual damages" subject to trebling under the UDTPA. *Id.* at 168. However, nowhere did the court hold that a recovery of unjust enrichment damages based on a head-start or accelerated market entry cannot be recoverable under the UDTPA. The *Belk* court only addressed lost profits because that is the damages theory the plaintiff pursued at trial. *Belk* also did not involve an award of "actual damages" under the NCTSPA, like in this case.

*Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145 (4th Cir. 1987) was also a trademark infringement case and did not involve an award of "actual damages" under the NCTSPA. The court rejected the defendant's argument that only actual loss suffered by the plaintiff may be trebled under the UDTPA, and held that damages should be limited to the defendants' profits. *Id.* at 149. Again, *Polo* did not hold that other forms of unjust enrichment damages are not recoverable under the UDTPA.

North Carolina law allows disgorgement of "benefits" broadly, not only certain types of benefits. "Restitution measures the remedy by the wrongdoer's unjust enrichment, and seeks to force disgorgement of that gain." *Potter v. Hileman Lab'ys, Inc.*, 150 N.C. App. 326, 335 (2002). Restitution "is not aimed at compensating the plaintiff, but at forcing the defendant to disgorge benefits that it would be unjust for him to keep . . . The principle of restitution is to ***deprive the defendant of benefits that in equity and good conscience he ought not to keep***." *Booher v. Frue*, 86 N.C.App. 390, 393–94 (1987) (emphasis added) (internal citations omitted). "The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, ***benefits received*** under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." *Collins v. Davis*, 68 N.C.App. 588, 591 (1984) (emphasis added); *Scherer v. Steel Creek Prop. Owners Ass'n*, No. 1:13-CV-00121-MR-DLH, 2016 WL 1251223, at *6 (W.D.N.C. Mar. 30, 2016), aff'd, 682 F. App'x 238 (4th Cir. 2017) ("Unjust enrichment is based upon the conferral and acceptance of a benefit."). When "a misappropriated trade secret is used in direct competition against the owner of the trade secret . . . . courts typically calculate damages based on either the plaintiff/owner's lost profits ***or the defendant/user's illicit gains***." *Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-CV-225-RJC-DCK, 2016 WL 608193, at *8 (W.D.N.C. Jan. 5, 2016) (emphasis added).

Notably, restitution is not limited to disgorgement of profits. Courts applying North Carolina law have measured damages based on various types of benefits received by the defendant, not just lost profits. *See Title Trading Servs. USA, Inc.*, 2016 WL 608193, at *8 (where plaintiff asserted a NCTSPA claim, the court measured damages in the amount of the defendant's development fees); *X-It Products, LLC v. Walter Kidde Portable Equipment, Inc.*, 227 F. Supp. 2d 494 (E.D. Va. 2002) (where plaintiff asserted a NCTSPA claim, the court

13

measured damages based on the increase in purchase price of a company resulting from the misappropriation); *WMC, Inc. v. Weaver*, 166 N.C. App. 352, 361, 602 S.E.2d 706, 712 (2004) ("damages awarded under a theory of restitution may be measured by the increased value of the assets unlawfully in the hands of the defendant").

Courts applying North Carolina law have also recognized damages theories involving head start or accelerated market entry, which is in line with what Qorvo proved at trial. *See Sunbelt Rentals, Inc.*, 174 N.C. App. 49 at 62 (2005) (holding trial court did not err in measuring the plaintiff's damages under a UDTPA claim as including "the value of benefit defendants received" in the form of "defendants' accelerated market entry"); *Merz Pharms., LLC v. Thomas*, No. 23 CVS 32848, 2024 WL 2193913, at *10 (N.C. Super. May 15, 2024) (where the plaintiff asserted claims under the NCTSPA and UDTPA (but not DTSA), the court issued a preliminary injunction based in part on the plaintiff's argument that the defendant's acquisition of the plaintiff's trade secrets "gives Revance an enormous head start in entering the therapeutics market with Daxxify®");

Here, the jury awarded Qorvo "actual damages" in finding that Akoustis was unjustly enriched in the amount of $31,315,215 by misappropriating 37 Qorvo trade secrets. The fact that this unjust enrichment took the form of head-start damages—specifically, the time value of money received several years early by Akoustis—does not change the calculus. This substantial amount of money, as decided by the jury, constitutes value and benefits unjustly received by Akoustis "that in equity and good conscience [it] ought not to keep." *Booher*, 86 N.C.App. at 393–94. Any unlawful benefits received by Akoustis through misappropriation of Qorvo's trade secrets—whether lost profits, increased revenue, or increased cash flows—are subject to disgorgement under the UDTPA.

The NCTSPA allows recovery of "actual damages" while the UDTPA permits trebling of "damages" of any kind and without specifying "actual" or any other damages. "Actual damages" is a narrower form of "damages." Here, the jury awarded Qorvo "actual damages" which must be automatically trebled as "damages." Without any precedential legal authority specifying that only certain types of benefits received by a defendant can be subject to an unjust enrichment form of damages recovery under the UDTPA, the Court should award Qorvo "damages" under its UDTPA claim based on the "actual damages" awarded by the jury in connection with Qorvo's trade secret claims.

## V.   <u>CONCLUSION</u>

Qorvo respectfully requests that the Court amend and/or alter the Judgment as follows:

1. Amend the jury's verdict to reflect "Yes" under Question 2(a), finding that Akoustis violated the UDTPA in connection with Qorvo's trade secret and confidential information;

2. Amend the Judgment to award Qorvo damages in connection with its UDTPA claim; and

3. Amend the Judgment to award Qorvo treble damages in connection with its UDTPA claim, totaling $93,945,645 in compensatory damages in connection with its DTSA, NCTSPA, and UDTPA claims in aggregate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

June 17, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 17, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                         *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                            *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                                  *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                            *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)