IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | ▇▇▇▇▇▇▇▇▇▇ |
| Defendants. | ) | |

## PLAINTIFF QORVO, INC.'S
## MOTION FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: June 17, 2024**
**Public Version Filed: August 15, 2024**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................................ 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

III.   ARGUMENT.................................................................................................................... 2

      A.     Qorvo Should Be Awarded Prejudgment Interest ..................................................2

      B.     Qorvo Is Entitled To Post-Judgment Interest...........................................................4

IV.   CONCLUSION................................................................................................................ 6

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
C.A. 16-662-MN, 2020 WL 7024867 (D. Del. Nov. 30, 2020) ................................................3

*Amgen Inc. v. Hospira, Inc.*,
336 F. Supp. 3d 333 (D. Del. 2018), *aff'd* 944 F.3d 1327 (Fed. Cir. 2019) .............................2

*ArcherDX, LLC v. Qiagen Scis., LLC*,
C.A. No. 18-1019-MN, 2022 WL 4597877 (D. Del. Sept. 30, 2022) ...................................4, 5

*Booker v. Taylor Milk Co., Inc.*,
64 F.3d 860 (3d Cir. 1995)......................................................................................................3

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
246 F.3d 1336 (Fed. Cir. 2001).................................................................................................2

*Eaves v. Cty. of Cape May*,
239 F.3d 527 (3d Cir. 2001).....................................................................................................5

*General Motors Corp. v. Devex Corp.*,
461 U.S. 648 (1983)..................................................................................................................3

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
C.A. No. 15-634-JFB, 2019 WL 1877189 (D. Del. Apr. 26, 2019) .........................................2

*Institutionalized Juveniles v. Sec'y of Pub. Welfare*,
758 F.2d 897 (3d Cir. 1985).....................................................................................................5

*Marcus v. PQ Corp.*,
458 F. App'x 207 (3d Cir. 2012) ..............................................................................................3

*Matthews v. E.I. du Pont de Nemours & Co.*,
C.A. No. 14-1455-RGA, 2018 WL 4375084 (D. Del. Sept. 13, 2018) ....................................5

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
959 F.3d 1065, 1076 (Fed. Cir. May 5, 2020) .........................................................................2

*Sensonics, Inc. v. Aerosonic Corp.*,
81 F.3d 1566 (Fed. Cir. 1996)..................................................................................................2

*Skretvedt v. E.I. DuPont de Nemours*,
372 F.3d 193 (3d Cir. 2004).....................................................................................................5

*Sun Ship, Inc. v. Matson Navigation Co.*,
    785 F.2d 59 (3d Cir. 1986)................................................................................................3

*TB Food USA, LLC v. American Mariculture, Inc.*,
    No. 2:17-cv-9, 2022 WL 3028061 (M.D. Fla. Aug. 1, 2022).................................................3, 4

*Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*,
    609 F.3d 143 (3d Cir. 2010)...............................................................................................5

**Statutes**

28 U.S.C. § 1961(a) ...............................................................................................................4, 5

28 U.S.C. § 1961(b) ...............................................................................................................5, 6

35 U.S.C. § 284.......................................................................................................................2

N.C. Gen. Stat. § 24-5............................................................................................................4

N.C. Gen. Stat. § 24-5(b) .......................................................................................................2

N.C. Gen. Stat. § 24-1............................................................................................................2, 4

**Rules**

Fed. R. Civ. P. 59(e) ..............................................................................................................1

## I.    INTRODUCTION

Plaintiff Qorvo, Inc. ("Qorvo") respectfully requests that the Court amend the Judgment (D.I. 602) pursuant to Federal Rule of Civil Procedure 59(e) to award Qorvo prejudgment and post-judgment interest on the compensatory damages owed to Qorvo. Calculations for the pre- and post-judgment interest are set forth in the Declaration of Melissa Bennis ("Bennis Decl."), filed herewith.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On May 17, 2024, following an eight-day trial, the jury rendered its verdict finding that Defendants:

- misappropriated (37) trade secrets from Qorvo, thereby unjustly enriching themselves;

- infringed Claims 1 and 12 of U.S. Patent No. 7,522,018 ("'018 Patent"); and

- infringed Claims 9 and 10 of U.S. Patent No. 9,735,755 ("'755 Patent").

The jury also found that Defendants' misappropriation was willful and malicious, and awarded Qorvo:

- $31,315,215 in compensatory damages for Defendants' unjust enrichment;

- $7,000,000 in exemplary damages for Defendants' willful and malicious misappropriation; and

- $279,808 for Defendants' infringement of the '018 and '755 Patent.

D.I. 601.

The Court entered Judgment on May 20, 2024. D.I. 602.

## III.   ARGUMENT

### A.   Qorvo Should Be Awarded Prejudgment Interest

Qorvo is entitled to prejudgment interest on the jury's compensatory damages awards ($31,595,023).

As a threshold matter, "[p]rejudgment interest on a damages award for patent infringement 'is the rule' under 35 U.S.C. § 284[.]" *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, C.A. No. 15-634-JFB, 2019 WL 1877189, *2-3 (D. Del. Apr. 26, 2019) (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). "An award of prejudgment interest serves to make the patentee whole because the patentee also lost the use of its money due to infringement." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001). In patent cases prejudgment interest is calculated using the prime rate compounded quarterly. *E.g., Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 364 (D. Del. 2018), *aff'd* 944 F.3d 1327 (Fed. Cir. 2019). "Where a jury awards a lump-sum amount as compensation, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020) (citation omitted).

Qorvo is also entitled to recover prejudgment interest on the compensatory, unjust enrichment damages awarded to it for Defendants' misappropriation of trade secrets ($31,315,215). Under North Carolina law, prejudgment interest is awarded by statute as a matter of right. N.C. Gen. Stat. § 24-5(b) ("In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied.") The statutory rate in North Carolina is 8% per annum. N.C. Gen. Stat. § 24-1.

The Court also has broad discretion to award prejudgment interest under the federal Defend Trade Secrets Act. *See Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) ("In federal question cases, the rate of prejudgment interest is committed to the discretion of the district court."). Under Supreme Court precedent, prejudgment interest is used to restore a plaintiff to the position it would have been had there been no wrongdoing. *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655-56 (1983). "To fulfill this make-whole purpose," the Third Circuit has noted that "prejudgment interest should be given in response to considerations of fairness [and] denied when its exaction would be inequitable. This language has been interpreted as supporting a **strong presumption** in favor of awarding prejudgment interest, except where the award would result in unusual inequities." *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995) (emphasis added) (internal citations and quotations omitted); *Marcus v. PQ Corp.*, 458 F. App'x 207, 214 (3d Cir. 2012) ("Because they usually serve to make a plaintiff whole, we favor[ ] permitting prejudgment interest awards, and therefore generally apply a strong presumption in favor of awarding prejudgment interest.") (internal citations and quotations omitted).

Courts both in this District and elsewhere have exercised their discretion to award prejudgment interest on unjust enrichment claims under the DTSA. For example, in *AgroFresh Inc. v. Essentiv LLC*, the Court applied the prime rate, compounded quarterly, to the jury's award of $1 million in unjust enrichment damages under the DTSA, with interest beginning to accrue on the date the plaintiff filed the Complaint. C.A. No. 16-662-MN, 2020 WL 7024867, *26-27 (D. Del. Nov. 30, 2020). Similarly, in *TB Food USA, LLC v. American Mariculture, Inc.*, the Middle District of Florida applied prejudgment interest to a $9 million damages award the plaintiff received under a head start theory of unjust enrichment. C.A. No. 2:17-9, 2022 WL 3028061, *17,

*20, *25 (M.D. Fla. Aug. 1, 2022). There the court applied the federal statutory post-judgment interest rate to the jury's $9 million award under the DTSA. *Id.*, at *17.

Given the number of trade secrets Defendants misappropriated (willfully and maliciously) and the lump sum nature of the jury's verdict, Qorvo seeks prejudgment interest in connection with its unjust enrichment award beginning on the date Qorvo filed the Complaint (October 4, 2021). Under N.C. Gen. Stat. § 24-5, Qorvo is entitled to prejudgment interest of 8% per annum. N.C. Gen. Stat. § 24-1.

In her Declaration, Ms. Bennis calculates prejudgment interest for Qorvo's patent infringement claims at the prime rate, compounded quarterly, and calculated through the date of judgment. Bennis Decl. ¶¶ 6-8; *id.* Ex. 1, Sch. 1. Ms. Bennis also calculates prejudgment interest for Qorvo's compensatory unjust enrichment damages by applying North Carolina's rate of 8% per annum to Qorvo's misappropriation of trade secret damages. Bennis Decl. ¶ 7; *id.* Ex. 1, Sch. 3. Pursuant to these calculations, Qorvo is entitled to recover $7,304,448 in prejudgment interest for all compensatory damages the jury awarded to it.[1]

### B. Qorvo Is Entitled To Post-Judgment Interest

Qorvo should be awarded post-judgment interest on all damages awarded to it from the date of Judgment. Qorvo is statutorily entitled to post-judgment interest. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *ArcherDX, LLC v. Qiagen Scis., LLC*, C.A. No. 18-1019-MN, 2022 WL 4597877, at *19 (D. Del. Sept. 30, 2022) ("[P]ost-judgment interest is mandatory for damages awarded in civil cases.").

---

[1] In the event the Court seeks to apply the prime rate, compounded quarterly to Qorvo's compensatory damages for Defendants' misappropriation of trade secrets, Ms. Bennis has also provided that calculation in her Declaration. Bennis Decl. ¶ 6; *id.* Ex. 1, Sch. 2.

Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest on claims involving private litigants is computed daily and compounded annually. *Id.* § 1961(b). Post-judgment interest should accrue on all damages awarded by the jury ($38,595,023), the pre-judgment interest amount, and any attorneys' fees awarded by the Court. *ArcherDX*, 2022 WL 4597877, at *19 ("Post-judgment interest shall be awarded for the entire amount included in the judgment, including prejudgment interest." (citing *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 217 (3d Cir. 2004)); *Matthews v. E.I. du Pont de Nemours & Co.*, C.A. No. 14-1455-RGA, 2018 WL 4375084, *5 (D. Del. Sept. 13, 2018) (awarding post-judgment interest on attorneys' fees at the statutory rate) (citing *Eaves v. Cty. of Cape May*, 239 F.3d 527, 527-28 & 530 (3d Cir. 2001) (deciding when post-judgment interest under 28 U.S.C. § 1961 begins to accrue on an award of attorneys' fees)); *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 927 (3d Cir. 1985) (providing guidance on remand as to when post-judgment interest under 28 U.S.C. § 1961 should begin to accrue on a recalculated attorneys' fee award). Post-judgment begins to accrue on pre-judgment interest and Qorvo's attorneys' fees once the Court quantifies the pre-judgment interest owed. *Id.*; *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 175 (3d Cir. 2010).

The date of the judgment in this case is May 20, 2024. D.I. 602. The post-judgment interest rate is 5.138%. Bennis Decl. ¶¶ 9-10. The damages awarded by the jury is $38,595,023. D.I. 602. Accordingly, Qorvo should be awarded post-judgment interest on all damages awarded by the jury at a rate of $5,441.90 per day from May 20, 2024 to the date of the Court's order on this Motion. Bennis Decl. ¶ 11.

If the Court grants this Motion and awards Qorvo prejudgment interest, and also grants Qorvo's Motion for Attorneys' Fees, then the amount of post-judgment interest that Qorvo is owed after the Court grants these motions should be increased by $2,738.30 per day. Bennis Decl. ¶¶ 13-14. Post-judgment interest on Qorvo's prejudgment interest and attorneys' fees should accrue from the date of the Court's order on the pertinent motions until the date that Defendants pay Qorvo the total judgment owed. 28 U.S.C. § 1961(b).

## IV.    CONCLUSION

For the reasons set forth above, Qorvo respectfully requests that the Court award Qorvo (1) pre-judgment interest in the amount of $7,304,448; (2) post-judgment interest of $5,441.90 per day from May 20, 2024 to the date of the Court's order on this motion; and (3) increase in post-judgment interest of $2,738.30 per day from the date the Court grants this Motion and Qorvo's Motion for Attorneys' Fees until the judgment is paid.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

*Attorneys for Plaintiff Qorvo, Inc.*

-7-

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

June 17, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2024, I caused the foregoing to be electronically filed with

the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered

participants.

I further certify that I caused copies of the foregoing document to be served on

June 17, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                                       *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                                             *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                                       *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)