IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) **PUBLIC VERSION** |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) |
| | ) ▓▓▓▓▓▓▓▓▓ |
| Defendants. | ) |

**DECLARATION OF JEREMY A. TIGAN IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Eric K. Gill
Zachary Alper
Theodore Mayer
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

James C. Wald
Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

*Attorneys for Plaintiff Qorvo, Inc.*

Confidential Version Filed: June 17, 2024
Public Version Filed: August 15, 2024

I, Jeremy A. Tigan, declare as follows:

1. I am a partner at Morris, Nichols, Arsht & Tunnell LLP and serve as Delaware counsel for Plaintiff Qorvo, Inc. in this matter. I am a member of the bar of the State of Delaware. I submit this Declaration in support of Plaintiff Qorvo, Inc.'s Motion for Attorneys' Fees (the "Motion"). The statements made in this Declaration are based upon my personal knowledge, including upon information provided to me by personnel working under my supervision in this case and information obtained through an examination of my firm's business records. Each and every statement of fact contained in this Declaration is true and correct to the best of my knowledge and understanding.

2. This case involved a significant amount of fact and expert discovery and was litigated through trial. Accordingly, given the size and complexity of this case, several Morris Nichols attorneys spent a substantial amount of time working on this case.

3. Morris Nichols's contemporaneous monthly time records (compiled and attached as Exhibit 2) describe the work Morris Nichols attorneys and legal assistants performed on this matter from September 17, 2021, to May 31, 2024. These records identify the fees accrued in connection with this matter, and for each entry, specify the date, the hours expended, and the nature of the work performed. In these records, each timekeeper recorded her or his time contemporaneously in tenths of hours and provided a detailed description of the services rendered, as is the firm's standard practice. Throughout this matter, Morris Nichols charged Qorvo on a straight hourly fee basis for all work performed. To date, Morris Nichols has billed Qorvo $410,930.50 in fees for work performed on this case.

4. In connection with the Motion, Qorvo is seeking to recover $353,664.10 in fees billed by Morris Nichols, approximately 89 percent of which was billed for work performed in November 2022 or later.

5. There are 489 billing descriptions included in the invoices submitted as Exhibit 2. Because certain work that Morris Nichols performed was not relevant to proving Qorvo's misappropriation of trade secrets claims, Morris Nichols exported the timekeeping records set forth in Exhibit 2 into a separate document attached to this Declaration as Exhibit 1. I individually reviewed each of the billing descriptions included in Exhibit 1 and determined if the work performed was relevant to proving Qorvo's misappropriation of trade secrets claims. Where the work performed was relevant to proving Qorvo's misappropriation of trade secrets claims, the billing entry was labeled "INCLUDED." Where the work performed was not relevant to proving Qorvo's misappropriation of trade secrets claims (*e.g.*, where the work performed related to Qorvo's claims that Defendants infringed Qorvo's patents), the billing entry was excluded. Where the billing description described work that was both relevant and irrelevant to proving Qorvo's misappropriation of trade secrets claims the billing entry labeled "PARTIAL" for "partially included."

6. The "Date" column in Exhibit 1 identifies the date that the timekeeper performed work in connection with the relevant billing description. The "Timekeeper" column in Exhibit 1 identifies the name of the person that performed work in connection with the relevant billing description. The "Billed Hours" column in Exhibit 1 identifies the total amount of time billed in tenths of hours for the relevant billing description. The "Billed Rate" in Exhibit 1 identifies the hourly rate that Morris Nichols charged Qorvo in connection with the relevant billing description. The "Billed Amount" column in Exhibit 1 identifies the total amount Morris Nichols billed Qorvo

in connection with the relevant billing description and inclusive of any discount Qorvo received. The "Narrative" column in Exhibit 1 reflects the written description of work performed that each individual timekeeper contemporaneously drafted at the time she or he performed the work. The "Fees Code" column in Exhibit 1 reflects the determination of whether the work performed and described in the Narrative was relevant to proving Qorvo's misappropriation of trade secrets claim (as described above in Paragraph 5 of this Declaration). The "Billed Hrs Allocated" column in Exhibit 1 reflects the total amount of time included in Qorvo's Motion in connection with the relevant billing description. For billing descriptions identified as "INCLUDED" pursuant to Paragraph 5 of this Declaration, the "Billed Hrs Allocated" entry matches the "Billed Hours" column in Exhibit 1. For billing descriptions identified as "PARTIAL," the "Billed Hrs. Allocated" column in Exhibit 1 reflects the amount of time that I determined to be relevant to proving Qorvo's misappropriation of trade secrets claim. Morris Nichols intentionally redacted from Exhibit 1 portions of time entries where the work performed was not relevant to proving Qorvo's misappropriation of trade secrets claims (*e.g.*, where the work performed related to Qorvo's claims that Defendants infringed Qorvo's patents). The "Recoverable Fees" column in Exhibit 1 identifies the total amount of fees that Qorvo seeks to recover in connection with each individual billing description. These fees were calculated as follows: (i) for "INCLUDED" billing descriptions, the amount of "Recoverable Fees" is identical to the amount identified in the "Billed Amount" column. The "Billed Amount" column is calculated by multiplying the "Billed Hours" column by the "Billed Rate" column; (ii) for the "PARTIAL" billing descriptions, the amount of "Recoverable Fees" is calculated by multiplying the "Billed Hrs Allocated" column by the "Billed Rate" column.

      7.      A summary of the qualifications of and work performed by each timekeeper at Morris Nichols that performed work in this case and who is identified in Exhibit 2 is set forth

below in Paragraphs 8(A)-8(E). Notably, Qorvo intentionally excluded all of the work performed by certain timekeepers identified in Morris Nichols's invoices. Where Exhibit 2 identifies a timekeeper, but Qorvo excluded the fees from the relief sought in this Motion, the summaries provide an explanation for the exclusion.

8. Exhibit 2 contains true and correct copies of the invoices that Morris Nichols sent to Qorvo, except that: (1) Morris Nichols has redacted all billing descriptions for excluded work; (2) Morris Nichols has redacted all disbursements (expenses) forwarded to Qorvo for payment, as well as information concerning the total amount of disbursements forwarded to Qorvo for payment; and (3) Morris Nichols has redacted information about its bank accounts and any outstanding balances. Exhibit 1 is a true and correct copy of the timekeeping records reflected in Exhibit 2, except that Morris Nichols has not included in Exhibit 1 any excluded billing descriptions.

A. <u>Jack B. Blumenfeld</u>: Mr. Blumenfeld is a senior partner in the Intellectual Property Litigation group at Morris Nichols. Mr. Blumenfeld has more than four decades of patent litigation experience, including in competitor, Hatch-Waxman, medical product, and biotechnology matters, as well as technology disputes involving computers, software, semiconductors, and telecommunications. Mr. Blumenfeld has tried cases in various district courts and argued before the U.S. Court of Appeals for the Federal Circuit. During this litigation, the work Mr. Blumenfeld performed included, but was not limited to, providing strategic advice about pleadings, Court conferences, and in connection with trial. Morris Nichols billed Qorvo ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for work Mr. Blumenfeld performed on this matter. Mr. Blumenfeld worked ▮▮▮▮▮ on this matter from September 19, 2021, to May 31, 2024, and Morris Nichols billed Qorvo $11,360.00 for this work.

4

Approximately fifty-one percent (51%) of this amount related to work performed on or after November 1, 2022.

   B. <u>Jeremy A. Tigan</u>: I am a partner in the Intellectual Property Litigation group at Morris Nichols. I have represented clients as lead or Delaware counsel in litigation in this and other districts, with a particular focus on competitor and Hatch-Waxman cases in all aspects of litigation, from pre-suit investigation through appeal. During this litigation, the work I performed included, but was not limited to, providing day-to-day strategic advice to the Sheppard Mullin team, reviewing and supervising Court filings, communications with Delaware and lead opposing counsel, and attending hearings and trial, including the examinations of two witnesses at trial. Morris Nichols billed Qorvo ███████████████████████████████████████ for work I performed on this matter. I worked ███████ on this matter from September 17, 2021, to May 31, 2024, and Morris Nichols billed Qorvo $287,364.00 for this work. Approximately eighty-eight percent (88%) of this amount related to work performed on or after November 1, 2022.

   C. <u>Anthony C. Raucci</u>: Mr. Raucci is special counsel in the Intellectual Property Litigation group at Morris Nichols. Mr. Raucci's practice focuses on patent litigation as lead and Delaware counsel. During this litigation, the work Mr. Raucci included, but was not limited to providing legal research, supervising Court filings, and assisting with preparations for trial. Morris Nichols billed Qorvo ███████████████ for work Mr. Raucci performed on this matter. Mr. Raucci worked ████████ on this matter from February 5, 2024, to May 31, 2024, and Morris Nichols billed Qorvo $52,222.50 for this work. One hundred percent (100%) of this amount related to work performed on or after November 1, 2022.

    D. <u>Cameron Clark and Sarah Simonetti</u>:  Mr. Clark is an associate in the Intellectual Property Litigation group at Morris Nichols.  Ms. Simonetti was formerly an associate in the Intellectual Property Litigation group at Morris Nichols.  Given their limited role in this matter, Qorvo has conservatively excluded and is not seeking to recover any of the fees associated with the work of Mr. Clark or Ms. Simonetti.

    E. <u>Denise Stitik and Laura Viereck</u>:  Ms. Stitik and Ms. Viereck are paralegals in Morris Nichols's Intellectual Property Litigation Group. They have, respectively, 28 and 18 years of experience in the legal profession.  During this litigation, the legal work Ms. Stitik and Ms. Viereck performed included, but was not limited to legal research.  Morris Nichols billed Qorvo rates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for work Ms. Stitik and Ms. Viereck performed. Ms. Stitik and Ms. Viereck worked a total of ▇▇▇▇ on this matter from November 3, 2023 to May 31, 2024, and Morris Nichols billed Qorvo $2,717.60 for this work. One hundred percent (100%) of this amount related to work performed on or after November 1, 2022.  Ms. Stitik and Ms. Viereck also performed clerical, non-legal work on this matter and Qorvo has excluded and is not seeking to recover fees Ms. Stitik and Ms. Viereck billed for this type of work. An example of clerical, non-legal work that Qorvo has excluded from its Motion includes updating Morris Nichols's internal file system with pleadings and other case documents.

  9. In accordance with the above, Qorvo's total claimed attorneys' fees charged by Morris Nichols are $353,664.10.

*  *  *

  I declare under penalty of perjury that the foregoing is true and correct. Executed on June 17, 2024.

6

                                                                      */s/ Jeremy A. Tigan*

                                                                      Jeremy A. Tigan

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 17, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA 94304-1216<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Xiaomei Cai, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 E. Camelback Road, Suite 700<br>Phoenix, AZ 85016<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Rachael A. Harris, Esquire<br>Matthew A. Stanford, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, DC 20037<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)