██████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | ) |
|                    Plaintiff, | ) **PUBLIC VERSION** |
| | ) |
| | ) C.A. 21-01417-JPM |
|      v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC. | ) ████████████████ |
|                 Defendants. | ) |
| | ) **Confidential Version Filed: June 17, 2024** |
| | ) **Public Version Filed: August 15, 2024** |
| | ) |
| | ) |

## DECLARATION OF JONATHAN R. DEFOSSE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT

I, Jonathan R. DeFosse, declare as follows:

1.     I am an attorney at the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), and one of the lead counsel for Plaintiff Qorvo, Inc. in this matter. I am admitted to practice law in the State of Virginia and the District of Columbia and before this Court (*pro hac vice*), among other jurisdictions. I submit this Declaration in support of Plaintiff Qorvo, Inc.'s ("Qorvo") Motion for Attorneys' Fees (the "Motion"). The statements made in this Declaration are based upon my personal knowledge, including upon information provided to me by personnel working under my supervision in this case and information obtained through an examination of my Firm's business records. Each and every statement of fact contained in this Declaration is true and correct.

2.     This case involved a significant amount of fact and expert discovery. Qorvo produced 77,937 documents (comprising 891,138 pages) in this case. Akoustis produced 202,244 documents (comprising 1,211,162 pages) in this case. The parties jointly deposed 22 fact witnesses and 11 expert witnesses for a total of 33 depositions. 787 documents were used as deposition

exhibits. In addition, Qorvo responded to extensive discovery requests from Akoustis, including 19 interrogatories, 269 requests for production and 300 requests for admission. In response to the discovery of Qorvo's confidential information found in Akoustis' document productions, on May 5, 2023 Qorvo served a request to inspect Akoustis' computer systems. Dr. Shanfield's expert report regarding Akoustis's misappropriation of Qorvo's trade secrets was more than 500 pages long. The parties entered 355 exhibits at trial. Additionally, of the 27 witnesses that provided trial testimony in this matter, 24 offered testimony relevant to Qorvo's trade secret claims. Due to the complexity of this case and given the scope of Akoustis's unlawful conduct, the parties submitted more than 600 court filings.

3.      Sheppard Mullin's contemporaneous monthly time records (attached as **Exhibits 2-34**) describe the work Sheppard Mullin's attorneys and legal assistants performed on this matter from September 1, 2021 to May 31, 2024. These records identify the hourly fees accrued in connection with this matter, and for each entry, specify the date, the hours expended, and the nature of the work performed. In those records, each timekeeper recorded her or his time contemporaneously in tenths of hours and provided a detailed description of the services rendered, as is the firm's standard practice. Additionally, as is this firm's standard practice, lead trial counsel, Robert M. Masters, reviewed each monthly bill contemporaneously before submitting it for payment. Throughout this matter, Sheppard Mullin charged Qorvo on a straight hourly fee basis for all work performed, which Qorvo has paid.[1] Sheppard Mullin discounted its standard hourly fees for professional services by ███████████ for work performed from September 1, 2021 to October 31, 2023. Sheppard Mullin discounted its standard hourly fees for professional services

---

[1] Recent bills are not yet due and have not yet been paid.

rendered by ███████████ for work performed from November 1, 2023 to May 31, 2024. Additionally, Sheppard Mullin did not raise its hourly rates in January 2024.

4.      From September 1, 2021 to May 31, 2024, Sheppard Mullin billed Qorvo $14,284,251.10 reflecting 18,303.2 hours of work performed by Sheppard Mullin's attorneys and legal assistants. In its Motion for Attorneys' Fees and Memorandum in Support, Qorvo seeks to recover $11,762,459.23 for the work performed by Sheppard Mullin's attorneys' fees and legal assistants, reflecting 15,129.2 hours of work.

5.      There are 6,353 billing descriptions included in the invoices submitted as **Exhibits 2-34**. Because certain work that Sheppard Mullin performed was not relevant to proving Qorvo's misappropriation of trade secrets claims, Sheppard Mullin exported the timekeeping records set forth in **Exhibits 2-34** into a separate document attached to this Declaration as **Exhibit 1**. Partners Robert M. Masters, Jonathan R. DeFosse, and Jennifer Klein Ayers individually reviewed each of the 6,353 billing descriptions included in **Exhibit 1** and determined if the work performed was relevant to proving Qorvo's misappropriation of trade secrets claims. Where the work performed was relevant to proving Qorvo's misappropriation of trade secrets claims, the billing entry was labeled "included." Where the work performed was not relevant to proving Qorvo's misappropriation of trade secrets claims (*e.g.*, where the work performed related to Qorvo's claims that Defendants infringed Qorvo's patents), the billing entry was labeled "excluded." Where the billing description described work that was both relevant and irrelevant to proving Qorvo's misappropriation of trade secrets claims the billing entry labeled "partially included." **Exhibit 1** includes only those billing descriptions that are "included" or "partially included" in Qorvo's Motion for Attorneys' Fees.

6.      The "Date" column in **Exhibit 1** identifies the date that the timekeeper performed work in connection with the relevant billing description. The "Timekeeper Name" column in **Exhibit 1** identifies the name of the person that performed work in connection with the relevant billing description. The "Billed Hrs" column in **Exhibit 1** identifies the total amount of time billed in tenths of hours for the relevant billing description. The "Billed Rate" identifies the hourly rate that Sheppard Mullin charged Qorvo in connection with the relevant billing description. Additionally, the "Billed Rate" in **Exhibit 1** reflects the discounts Qorvo received in connection with the work Sheppard Mullin performed and which are described in **Paragraph 3** above. For this reason, the "Billed Rates" in **Exhibit 1** are not an exact 1:1 match for the "Billed Rates" identified for each individual timekeeper in **Exhibits 2-34**. The discounts Qorvo received in connection with the work Sheppard Mullin performed were applied to the "Billed Rate" in **Exhibit 1**, thereby reducing the total amount of the rate. By way of example, Sheppard Mullin's June 10, 2024, invoice, which identifies fees Sheppard Mullin charged Qorvo for professional services from May 1 to May 31, 2024, indicates that Mr. Masters's hourly rate is ███████. **Ex. 34,** p. 31 of 38. Because Qorvo received a ████████████ discount on work Sheppard Mullin timekeepers performed in May 2024, the "Billed Rates" column in **Exhibit 1** for work Mr. Masters performed reflects a rate of ████████. The "Billed Amt" column in **Exhibit 1** identifies the total amount Sheppard Mullin billed Qorvo in connection with the relevant billing description and inclusive of any discount Qorvo received. The "Narrative" column in **Exhibit 1** reflects the written description of work performed that each individual timekeeper contemporaneously drafted at the time she or he performed the work. The "Fees Code" column in **Exhibit 1** reflects the determination of whether the work performed and described in the Narrative was relevant to proving Qorvo's misappropriation of trade secrets claim. The "Billed Hrs Allocated" column in **Exhibit 1** reflects

the total amount of time included in Qorvo's Motion for Attorneys' Fees in connection with the relevant billing description. For billing descriptions identified as "Included," the "Billed Hrs Allocated" entry matches the "Billed Hrs" column in **Exhibit 1**. For billing descriptions identified as "Partially Included," the Billed Hrs. column in **Exhibit 1** reflects the amount of time that Sheppard Mullin Partners involved in this case determined to be relevant to proving Qorvo's misappropriation of trade secrets claim. Sheppard Mullin intentionally excluded from **Exhibit 1** all time entries where the work performed was not relevant to proving Qorvo's misappropriation of trade secrets claims (*e.g.*, where the work performed related to Qorvo's claims that Defendants infringed Qorvo's patents). In other words, none of the "excluded" time entries are included in **Exhibit 1**. The "Recoverable Fees" column in **Exhibit 1** identifies the total amount of fees that Qorvo seeks to recover in connection with each individual billing description. These fees were calculated as follows: (i) for "Included" billing descriptions, the amount of "Recoverable Fees" is identical to the amount identified in the "Billed Amt" column. The "Billed Amt" column is calculated by multiplying the "Billed Hrs" column by the "Billed Rate" column; (ii) for the "Partially Included" billing descriptions, the amount of "Recoverable Fees" is calculated by multiplying the "Billed Hrs Allocated" column by the "Billed Rate" column.

7.    Sheppard Mullin is ranked among the "Best Law Firms" in the country and its intellectual property litigation practice has received a national tier one rating. A summary of the qualifications of and work performed by each timekeeper at Sheppard Mullin that performed work in this case and who is identified in **Exhibits 1-34** is set forth below. Notably, Qorvo intentionally "Excluded" all of the work performed by certain time keepers identified in Sheppard Mullin's invoices. Where **Exhibits 2-34** identify a timekeeper, but Qorvo excluded the fees from the relief sought in this Motion, the summaries provide an explanation for the exclusion.

8.      **Exhibits 2-34** are true and correct copies of the invoices that Sheppard Mullin submitted to Qorvo for payment, except that: (1) Sheppard Mullin has redacted all billing descriptions for work excluded in **Exhibit 1**; and (2) Sheppard Mullin has redacted all disbursements (expenses) forwarded to Qorvo for payment, as well as information that would permit any person to calculate the total amount of disbursements forwarded to Qorvo for payment.[2]

9.      **Exhibit 1** is a true and correct copy of data extracted from Sheppard Mullin's billing systems. Except as otherwise noted above, the information in **Exhibit 1** is identical to the information in **Exhibits 2-34.** Additionally, where Qorvo excluded work performed from the fees it seeks in the Motion, Sheppard Mullin attorneys and staff redacted the billing descriptions in **Exhibits 2-34**. J.K. Givens, Greg Warder, and Bryan Parrish are all in-house counsel at Qorvo. Where a billing description was specific enough to potentially reveal attorney-client privileged communications and/or attorney work product, Sheppard Mullin attorneys and staff redacted a sufficient portion of the discussion in order to protect the privileged communications and work product. As explained above, the work performed to exclude billing description from this motion and apply appropriate redactions was significant and required review of 6,353 individual records. Sheppard Mullin implemented redactions to billing descriptions so that the information provided might be similar to information found on a privilege log. The production of attorney-client or work-product protected information is inadvertent and is not intended to waive any applicable privilege.

10.     Zachary M. Alper is an associate at Sheppard Mullin. He has been a licensed attorney for more than two years. He graduated from George Washington University Law School in 2021, and he has represented clients in intellectual property litigation matters, including in the

---

[2] Qorvo anticipates moving for costs at the appropriate time.

cellular telecommunications industry, in Federal courts across the United States, including California, Delaware, Texas, and the Federal Circuit. During this litigation, the work Mr. Alper performed included, but was not limited to: researching legal and factual issues in support of briefing, motions, and discovery disputes; drafting and revising briefs and motions; communications with Qorvo and opposing counsel regarding various issues; reviewing produced documents and using them strategically to prepare more senior attorneys and partners for the depositions of fact and expert witnesses; preparing for and attending the depositions of Todd Bender, Colin Hunt, Holly Johnson, and Anthony Nixon; participating in, preparing for, analyzing, and briefing summary judgment and *Daubert* motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses for direct and cross examination; assessing and developing trial strategy; and participating in trial. From July 1, 2022 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ███████████████ for work Mr. Alper performed. Mr. Alper worked a total of ████████ on this matter from July 1, 2022 to May 31, 2024, and Sheppard Mullin billed Qorvo $1,193,874.70 for this work. Because Mr. Alper was primarily responsible for work relating to non-patent claims in this litigation, Qorvo is seeking to recover $1,150,806.50 in attorneys' fees (reflecting ███████ ) billed for work Mr. Alper performed.

11.      Sofya Asatryan is an associate at Sheppard Mullin. She has been a licensed attorney for more than five years. She graduated from Loyola Law School (Los Angeles) in 2019, and has represented clients in intellectual property cases involving unfair competition and patent infringement. She has prior experience preparing and arguing motions in court, including motions for summary judgment and complex discovery motions. She has also previously taken and defended depositions. During this litigation, the work Ms. Asatryan performed included, but was

███████████████████████████████████

not limited to: reviewing produced documents and using them strategically to prepare more senior attorneys and partners for fact witness depositions. From July 1, 2022 to May 31, 2023, Sheppard Mullin billed Qorvo rates of ██████████████████████ for work Ms. Asatryan performed. Ms. Asatryan worked a total of ███████ on this matter from July 1, 2022 to May 31, 2023, and Sheppard Mullin billed Qorvo $168,704.10 for this work. Because Ms. Asatryan was primarily responsible for reviewing produced documents in this matter, Qorvo is seeking to recover $145,662.30 in attorneys' fees (reflecting ████████) billed for work Ms. Asatryan performed.

12.      Jennifer Klein Ayers is a partner at Sheppard Mullin and is one of the three lead trial lawyers on this matter. She has been a licensed attorney for more than fourteen years. She graduated with honors from the University of Texas School of Law in 2009, and she is an experienced intellectual property litigator with particular experience trying cases involving global businesses in complex matters, including patent infringement litigation and misappropriation of trade secret cases. She regularly appears in Federal courts in intellectual property matters, including courts in Delaware, California, Illinois, New York, and Texas. She has also appeared before the Federal Circuit. Ms. Ayers was added to this case in November 2023 to assist in preparing for and trying the case. During this litigation, the work she performed included, but was not limited to: oversight and communication with associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's briefings; assessing and developing case strategy; taking expert depositions; participating in, preparing for, analyzing, and briefing *Daubert* motion and other motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses; cross examining trial witnesses; and assessing and developing trial strategy. Sheppard Mullin billed Qorvo ████████████ for work Ms. Ayers

███████████████████████████████████████

performed on this matter. She worked ████████ on this matter from November 1, 2023 to May 31, 2024, and Sheppard Mullin billed Qorvo $614,036.40 for this work. Because she was not responsible for work relating to the patent claims in this litigation, Qorvo seeks to recover $613,780.80 in attorneys' fees for work Ms. Ayers performed reflecting ██████████ of work.

13.    Timothy Cremen is a special counsel at Sheppard Mullin. He has been a licensed attorney for more than 23 years. He graduated *cum laude* from Michigan State University School of Law in 2000, and he has a B.S. in Mechanical Engineering from Michigan State University. Mr. Cremen is also a licensed Patent Attorney by the United States Patent and Trademark Office. Mr. Cremen is an experienced intellectual property litigator. Over the course of his career he has advised clients in product areas such as semiconductors, consumer electronics, network security, vehicular telematics, consumer electronics, and medical devices. He regularly appears in federal courts throughout the United States in intellectual property matters, including in California, Delaware, Illinois, and Texas. He has also appeared before the Federal Circuit, the Patent Trial and Appeals Board, and the International Trade Commission in matters involving patents. During this litigation, Mr. Cremen's work included, but was not limited to: the initial investigation of Akoustis' actions; oversight of and communication with associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's briefings; drafting, assessing, and developing discovery strategy and responding to discovery conflicts; analyzing Defendants' infringement of Qorvo's patents; analyzing alleged prior art Defendants identified; assessing claim terms and associated *Markman* briefing and argument; working with Qorvo's experts Drs. Bravman, Heinrich, and Shanfield in connection with their issue review, declarations, and reports; strategizing, assisting in preparing for, and analyzing fact depositions; preparing for and taking the depositions of Dr. Daeho Kim; Dr. Clark Nguyen; Ramakrishna Vetury; and Mary Winters;

preparing for and attending the deposition of Joonbum (J.B.) Kwon; preparing for and defending the depositions of Drs. John Bravman and Helge Heinrich; participating in, preparing for, analyzing, and briefing motions for summary judgment; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses; preparing for cross examination of trial witnesses; and assessing and developing trial strategy. From September 1, 2021 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ███████████████████████████ ████████ for work Mr. Cremen performed. Mr. Cremen worked a total of ███████████ on this matter from September 1, 2021 to May 31, 2024, and Sheppard Mullin billed Qorvo $1,327,739.00 for this work. Because Mr. Cremen was primarily responsible for work relating to Qorvo's claims that Akoustis infringed its patents, Qorvo has excluded and is not seeking to recover $1,062,761.80 in fees that Qorvo paid for Mr. Cremen's work. As part of this Motion, Qorvo seeks to recover only $264,977.20 in attorneys' fees relating to Mr. Cremen's work. The fees that Qorvo seeks to recover in this Motion include, but are not limited to, work relating to: preparing for the fact depositions of Rohan Houlden, Daeho Kim, Ramakrishna Vetury, and Mary Winters; taking the depositions of Daeho Kim; Ramakrishna Vetury; and Mary Winters; preparing for the expert deposition of Dr. Clark Nguyen as to trade secret issues on which he opined; taking the expert deposition of Dr. Clark Nguyen as to trade secret issues on which he opined; reviewing and designating the deposition of Ramakrishna Vetury for trial testimony; preparing and reviewing pre-trial disclosures; and preparing fact witness Gernot Fattinger to provide trial testimony; and preparing for the trial cross-examination of Dr. Clark Nguyen as to trade secret issues on which he opined.

14.     Thomas Carr was an Associate at Sheppard Mullin. Mr. Carr has been a licensed attorney for over three years, and has a J.D. from the Antonin Scalia Law School at George Mason

█████████████████████████████

University. Mr. Carr has represented clients in all phases of intellectual property litigation, and his experience includes litigating in both Federal District Courts and before the Federal Circuit. Mr. Carr worked on this case from its inception (September 2021) until he left the firm in February 2022. From September 1, 2021 to February 28, 2022, Shepard Mullin billed Qorvo rates of ███ ████ for work Mr. Carr performed. Mr. Carr worked a total of ████ on this matter from September 1, 2021 to February 28, 2022, and Sheppard Mullin billed Qorvo $75,145.05. Because Mr. Carr was heavily involved in Qorvo's pre-suit investigation of potential claims against Akoustis and because Mr. Carr was also involved in investigating Qorvo's false advertising claims, Qorvo excluded more than 80 hours of work that Mr. Carr performed from the fees it seeks to recover. Qorvo seeks to recover only $28,339.20 of the fees that Sheppard Mullin billed Qorvo for Mr. Carr's work (reflecting ███) of work.

15.    Leo D. Caseria is a Partner at Sheppard Mullin. On June 9, 2022, Mr. Caseria performed ████ of work on this matter. Sheppard Mullin billed Qorvo $2,535.75 in total for this work, reflecting a rate of ████████. Given Mr. Caseria's limited role on this matter, Qorvo has conservatively excluded and is not seeking to recover any of the fees associated with Mr. Caseria's work.

16.    Esther Chew is a former Practice Technology & eDiscovery Senior Project Manager at Sheppard Mullin. Ms. Chew performed non-legal work on this matter in September 2022, and Sheppard Mullin billed Qorvo $864.00 for this work. Because Ms. Chew did not perform legal work on this matter, Qorvo has excluded and is not seeking to recover fees associated with Ms. Chew's work.

17.    Jeremy Chhu is a Practice Technology & eDiscovery Senior Project Manager at Sheppard Mullin. Mr. Chhu performed non-legal work on this matter in September 2021, and

███████████████████████████████

Sheppard Mullin billed Qorvo $154.80 for this work. Because Mr. Chhu did not perform legal work on this matter, Qorvo has excluded and is not seeking to recover fees associated with Mr. Chhu's work.

18.     Stephen A. Cohen is a partner at Sheppard Mullin. On August 31, 2023, Mr. Cohen performed ████████ of work on this matter. Sheppard Mullin billed Qorvo $817.20 in total for this work, reflecting a rate of ████████████. Given Mr. Cohen's limited role on this matter, Qorvo has conservatively excluded and is not seeking to recover any of the fees associated with Mr. Cohen's work.

19.     Daisy De Anda is a Manager in Sheppard Mullin's Research and Knowledge Center. In December 2021 and October 2022, Ms. De Anda performed legal research in this matter. Sheppard Mullin billed Qorvo $824.85 for this work. Given Ms. De Anda's limited role on this matter, Qorvo has conservatively excluded and is not seeking to recover any of the fees associated with Ms. De Anda's work.

20.     Mildred De La Rosa is a Paralegal at Sheppard Mullin. She has an Associates of Arts in Paralegal Studies and a Paralegal Certification from City College of San Francisco, and a B.S. in Business Administration from SF State. She has worked as a paralegal for 6.5 years. Prior to working as a paralegal she worked as a hybrid client services specialist providing both paralegal assistance and administrative support for 5 additional years. Ms. De La Rosa was one of the trial paralegals in this case. During this litigation, the legal work that Ms. De La Rosa performed included, but was not limited to: reviewing pre-trial disclosures and trial transcripts; identifying relevant exhibits and preparing witness notebooks based upon said review of pre-trial disclosures and trial transcripts; reviewing and supervising the creation of deposition designations for trial, including, but not limited to, identifying objections to designated deposition testimony; attending

trial to ensure the admission of relevant trial exhibits and drafting and finalizing the trial exhibits admitted into evidence. From April 1, 2024 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ████████████ for work Ms. De La Rosa performed. Ms. De La Rosa worked a total of ████ hours on this matter from April 1, 2024 to May 31, 2024, and Sheppard Mullin billed Qorvo $51,322.00 for this work. As part of this Motion, Qorvo seeks to recover $40,682.40 for legal work Ms. De La Rosa performed on this matter. Because Ms. De La Rosa also performed clerical, non-legal work on this matter, Qorvo has excluded and is not seeking to recover $10,639.60 in fees Ms. De La Rosa billed. An example of clerical, non-legal work that Qorvo has excluded from its motion includes coordinating with Parcels (the copy vendor that Qorvo used in connection with trial).

21.     I (Jonathan R. DeFosse) am a partner at Sheppard Mullin, and I am one of the three lead trial lawyers on this matter. I have been a licensed attorney for more than 21 years. I graduated with highest honors from George Washington University School of Law in 2002, I am an experienced intellectual property litigator with particular experience trying cases involving global businesses in complex matters, including patent infringement litigation and misappropriation of trade secret cases. I regularly appear in Federal courts in intellectual property matters, including courts in courts in Delaware, California, Illinois, Texas, and the Federal Circuit. I have also appeared before the Federal Circuit and the Fourth Circuit. I have worked on this case as one of the lead partners since its inception. During this litigation, the work I performed included, but was not limited to: oversight and communication with associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's pleadings and briefings; assessing and developing case strategy; taking the fact depositions of David Aichele, Robert Dry, David Hodge, Rohan Houlden, Holly Johnson, Anthony Nixon, Dr. Jeffrey Shealy, and Ya Annia Shen; taking

the expert depositions of Dr. Darveaux; Dr. Lebby; and Dr. Shanfield; participating in, preparing for, analyzing, and briefing Summary Judgment, *Daubert* motions, and other motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses; examining trial witnesses; and assessing and developing trial strategy. Sheppard Mullin billed Qorvo █████████████████████████████████████████ for work I performed on this matter. I worked ████████████ on this matter from September 1, 2021 to May 31, 2024, and Sheppard Mullin billed Qorvo $2,613,645.40 for this work. Because I did not have primary responsibility for litigating Qorvo's patent claims, Qorvo seeks to recover $2,458,652.10 in fees relating to the work that I performed in this case, reflecting ███████████ of work. Although I was not primarily responsible for litigating Qorvo's claims that Akoustis infringed it's patents, I nonetheless performed some work relating to these claims. Additionally, I performed work relating to Qorvo's false advertisement claims, and I also provided privileged advice to Qorvo in connection with this case. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

22.     Thomas Dillickrath is a Senior Counsel at Sheppard Mullin. On September 30, 2021, Mr. Dillickrath performed ██████████ of work on this matter. Sheppard Mullin billed Qorvo $2,016.00 in total for this work, reflecting a rate of ██████████████. Given Mr. Dillickrath's limited role on this matter, Qorvo has conservatively excluded and is not seeking to recover any of the fees associated with Mr. Dillickrath's work.

23.     Lauren E. Doucette is a Practice Technology & eDiscovery Senior Project Manager at Sheppard Mullin. From October 1, 2021 to March 31, 2024, Ms. Doucette predominately performed non-legal work on this matter. Sheppard Mullin billed Qorvo $5,627.85 for this work. Because Ms. Doucette primarily performed non-legal work on this

matter, Qorvo has excluded and is not seeking to recover fees associated with Ms. Doucette's work.

24.     Vineet Dua is a Paralegal and Trial Team Specialist at Sheppard Mullin. Although Mr. Dua performed legal work on this matter which related to Rohan Houlden, Colin Hunt, and JB Kwon's trial testimony by deposition, his work was limited to a single day (May 7, 2024). Qorvo has conservatively excluded and is not seeking to recover $2,226.00 in fees associated with Mr. Dua's work.

25.     Galina I. Duckworth was a Practice Technology & eDiscovery Senior Project Manager at Sheppard Mullin. Ms. Duckworth performed non-legal work on this matter in June 2022, and Sheppard Mullin billed Qorvo $345.60 for this work. Because Ms. Duckworth did not perform legal work on this matter, Qorvo has excluded and is not seeking to recover fees associated with Ms. Duckworth's work.

26.     Eric Gill is an Associate at Sheppard Mullin. He has been a licensed attorney for more than ten years. He graduated from Brigham Young University's J. Reuben Clark Law School in 2013, and he has represented clients in intellectual property litigation matters in Federal courts across the United States, including California, Delaware, and Texas. Mr. Gill is an experienced trial lawyer, and he was added to assist on the non-patent related claims, including, in particular, the trade secret misappropriation claims in this case. During this litigation, the work Mr. Gill performed included, but was not limited to: researching legal and factual issues in support of briefing, motions, and discovery disputes; drafting and revising briefs and motions; drafting and revising Qorvo's trade secret disclosure documents based upon a review of documents produced by Akoustis in this matter; communications with Qorvo and opposing counsel regarding various issues; reviewing produced documents and using them strategically to

██████████████████████████████████████

prepare attorneys and partners for the depositions of fact and expert witnesses; preparing for and taking the depositions of Todd Bender, Colin Hunt, and Ya Annia Shen; preparing for and attending the depositions of David Hodge; participating in and working with Dr. Shanfield on his expert report regarding Akoustis's misappropriation of Qorvo's trade secrets. From October 1, 2022 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ████████████████ ███████████████████████████ for work Mr. Gill performed. Mr. Gill worked a total of ████ ██████ on this matter from October 1, 2022 to May 31, 2024, and Sheppard Mullin billed Qorvo $1,046,626.60 for this work. Because Mr. Gill was primarily responsible for work relating to non-patent claims in this litigation, Qorvo is seeking to recover $941,351.85 in attorneys' fees billed for work Mr. Gill performed, reflective of ███████████████ of work. Mr. Gill, however, did perform a small amount of work relating to Qorvo's false advertising claim. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

27.    Zijian Han is an Associate at Sheppard Mullin. Although Mr. Han performed work relating to Qorvo's privilege review on this matter, his work was limited to two days (September 27, 2023, and September 28, 2023). Qorvo has conservatively excluded and is not seeking to recover the $2,515.50 in attorneys' fees associated with Mr. Han's work.

28.    Samantha Healy is a former Practice Technology & eDiscovery Senior Project Manager at Sheppard Mullin. Ms. Healy performed non-legal work on this matter in November 2023, and Sheppard Mullin billed Qorvo $1,166.40 for this work. Because Ms. Healy did not perform legal work on this matter, Qorvo has excluded and is not seeking to recover fees associated with Ms. Healy's work.

29.    Hsin-Yuan Huang is a Special Counsel at Sheppard Mullin. Mr. Huang solely performed work relating to the patent claims Qorvo asserted against Akoustis. Because Mr. Huang

did not perform any legal work relating to Qorvo's claims of misappropriation of trade secrets, Qorvo has excluded and is not seeking to recover attorneys' fees associated with Mr. Huang's work.

30.     Roy Jung is an associate at Sheppard Mullin. He has been a licensed attorney for more than two years. He graduated from George Washington University Law School in 2021,  and he has a B.S. in Electrical and Computer Engineering from Rutgers University (New Brunswick). Mr. Jung is admitted to practice law in the State of New York and the District of Columbia. Mr. Jung is also a licensed Patent Attorney by the United States Patent and Trademark Office. Mr. Jung has represented clients in intellectual property litigation matters, including in the cellular communications; ride sharing; medical device; and semiconductor industries, in Federal courts across the United States, including the District of Delaware, the Eastern District of Texas, and the Eastern District of Virginia. During this litigation, the work Mr. Jung performed included, but was not limited to: researching legal and factual issues in support of briefing, motions, and discovery disputes; drafting and revising briefs and motions; communications with Qorvo and opposing counsel regarding various issues; reviewing produced documents and using them strategically to prepare more senior attorneys and partners for the depositions of fact and expert witnesses; preparing for and attending the depositions of David Aichele, Dr. John Bravman, Dr. Robert Darveaux; Daeho Kim; DR. Stanley Shanfield; Ramakrishna Vetury; and Mary Winters; preparing for and taking the deposition of Joonbum (J.B.) Kown; participating in, preparing for, analyzing, and briefing summary judgment and *Daubert* motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses for direct and cross examination; assessing and developing trial strategy; and participating in trial. From October 5, 2021 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ███████████████████████ for work

Mr. Jung performed. Mr. Jung worked a total of ███████ on this matter from October 5, 2021 to May 31, 2024, and Sheppard Mullin billed Qorvo $1,548,360.90 for this work. Because Mr. Jung was one of the primary associates working on this case, Qorvo is seeking to recover $1,228,540.20 in attorneys' fees billed for work Mr. Jung performed, reflecting ███████. Mr. Jung, however, did perform a some work relating to Qorvo's claims that Defendants infringed Qorvo's patents. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

31.     Bruce Liebman is a Business Research Specialist at Sheppard Mullin. Although Mr. Liebman performed legal work on this matter, his work related to Qorvo's false advertising claim. Accordingly, Qorvo has excluded and is not seeking to recover fees associated with Mr. Liebman's work.

32.     Stephanie Limbaugh is a Trial Team Manager at Sheppard Mullin. Ms. Limbaugh has been overseeing trials for Sheppard Mullin for 14 years, including extensive support of intellectual property and trade secret disputes in the U.S. Federal Courts. During this litigation, the legal work that Ms. Limbaugh performed included, but was not limited to: reviewing pre-trial disclosures and trial transcripts; identifying relevant exhibits and preparing witness notebooks based upon said review of pre-trial disclosures and trial transcripts; reviewing and supervising the creation of deposition designations for trial, including, but not limited to, identifying objections to designated deposition testimony; attending trial to ensure the admission of relevant trial exhibits and submission of designated deposition testimony, and drafting and finalizing the trial exhibits admitted into evidence. From September 1, 2021 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ███████ per hour for work Ms. Limbaugh performed. Ms. Limbaugh worked a total of ███████ on this matter from January 1, 2024 to May 31, 2024, and Sheppard Mullin

billed Qorvo $89,201.20 for this work. As part of this Motion, Qorvo seeks to recover $72,551.60 for legal work Ms. Limbaugh performed on this matter.

33.     Robert M. Masters is a partner at Sheppard Mullin, and the primary lead trial lawyer on this matter. He have been a licensed attorney for more than 33 years. He graduated from the University of Baltimore's School of Law in 1990, and he is an experienced intellectual property trial lawyer with extensive experience in patent and trade secret litigation matters. He represents clients involving technologies such as consumer electronics, semiconductor designs/processes, computer hardware, software, including artificial intelligence, secured internet and network communications protocols, internet of things, and telecommunications. He regularly appears in Federal courts in intellectual property matters, including courts in courts in Delaware, California, Illinois, Texas, the Federal Circuit, and the Third Circuit Court of Appeals. He is also a licensed Patent Attorney with the United States Patent & Trademark Office. He has worked on this case as the lead counsel since its inception. During this litigation, the work he performed included, but was not limited to: oversight and communication with associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's pleadings and briefings; assessing and developing case strategy; presenting Robert Aigner, Michael Boyd, Gernot Fattinger, and Tony Testa for their fact depositions; presenting expert witness Melissa Bennis for her expert deposition; preparing for and attending the fact depositions of Robert Dry, Rohan Houlden, and Dr. Jeffery Shealy; participating in, preparing for, analyzing, and briefing Summary Judgment, *Daubert* motions, and other motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses; examining trial witnesses; and assessing and developing trial strategy. Sheppard Mullin billed Qorvo ███████████████████████ ███████████████ for work Mr. Masters performed on this matter. Mr. Masters worked ████

hours on this matter from September 1, 2021 to May 31, 2024, and Sheppard Mullin billed Qorvo $2,502,910.30 for this work. Qorvo seeks to recover $2,141,282.40 in fees relating to the work that Mr. Masters performed in this case, reflecting ████. Because Mr. Masters was primarily responsible for overseeing Timothy Cremen's work on the Qorvo's patent claims, Qorvo reduced the fees associated with Mr. Masters's work by $361,627.90 when billing descriptions indicated work on the patent claims.

34.     Theodore M. Mayer is an associate at Sheppard Mullin. He has been a licensed attorney for more than three years. He graduated from the University of Los Angeles School of Law in 2020, and he has a B.S. in Physics from Boston College. He has represented clients in intellectual property matters involving various types of technology including, but not limited to, software development and wireless communications. During this litigation, the work Mr. Mayer performed included, but was not limited to: reviewing produced documents and using them strategically to prepare more senior attorneys and partners for fact witness depositions; reviewing Qorvo documents prior to production for purposes of identifying privileged information and drafting Qorvo's privilege log. From July 1, 2022 to November 30, 2023, Sheppard Mullin billed Qorvo rates of ████████████████████ per hour for work Mr. Mayer performed. Mr. Mayer worked a total of ██████ on this matter from July 1, 2022 to November 30, 2023, and Sheppard Mullin billed Qorvo $205,872.00 for this work. Because Mr. Mayer was primarily responsible for reviewing documents produced in this matter, Qorvo is seeking to recover $188,421.00 in attorneys' fees billed for work Mr. Mayer performed, reflecting ████ hours. Ms. Mayer, however, did perform a small amount of work relating specifically to Qorvo's false advertising claim. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

35.     Kazim Naqvi is an associate at Sheppard Mullin. He has been a licensed attorney for more than nine years. He graduated from Loyola Law School in 2014, and he is an experienced intellectual property and complex commercial litigator with particular experience in cases involving misappropriation of trade secrets. He regularly appears in Federal courts in intellectual property matters, including courts in Delaware, California, Colorado, New York, and Texas. Mr. Naqvi was added to this case in September 2022 to assist in discovery relating to Qorvo's non-patent claims, including Qorvo's misappropriation of trade secrets claims. During this litigation, the work he performed included, but was not limited to: oversight and communication with junior associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's briefings; assessing and developing case strategy; taking fact and expert depositions; participating in, preparing for, analyzing, and briefing *Daubert* motions and other motions; participating in, preparing, and revising pre-trial motions and disclosures; preparing trial witnesses for direct and cross examination; strategizing, reviewing, and drafting trial outlines and demonstrative exhibits; direct examination of trial witnesses; cross examining trial witnesses; and assessing and developing trial strategy. Sheppard Mullin billed Qorvo ███████████ ████████████████████████ for work Mr. Naqvi performed on this matter. He worked ████ ████ on this matter from September 1, 2022 to May 31, 2024, and Sheppard Mullin billed Qorvo $521,493.90 for this work. Because he was not responsible for work relating to the patent claims in this litigation, Qorvo seeks to recover $514,083.90 in attorneys' fees for work Mr. Naqvi performed, reflecting ██████████. Qorvo excluded a small amount of fees which related to work he performed in connection with Qorvo's patent case.

36.     Takuma Nishimura is an associate at Sheppard Mullin. He has been a licensed attorney for more than one year. He graduated from the University of Los Angeles School of Law

in 2022, and he has a B.S. in Aerospace Engineering from San Diego State University. He has represented clients in intellectual property matters involving various types of technology including, but not limited to, telecommunications systems, aircraft flight control systems, driver assistance technologies, and software. He also has experience in litigating patent infringement claims and claims of misappropriation of trade secrets. During this litigation, the work Mr. Nishimura performed included, but was not limited to: reviewing produced documents and using them strategically to prepare more senior attorneys and partners for fact witness depositions. From April 1, 2023 to October 30, 2023, Sheppard Mullin billed Qorvo rates of ███████ for work Mr. Nishimura performed. Mr. Nishimura worked a total of █████ on this matter from April 1, 2023 to October 30, 2023, and Sheppard Mullin billed Qorvo $50,895.00 for this work. Because Mr. Nishimura only reviewed documents produced in this matter, Qorvo is seeking to recover all attorneys' fees billed for work Mr. Nishimura performed.

37.    Rajesh C. Noronha was Special Counsel at Sheppard Mullin. He has been licensed as an attorney for more than 19 years. He graduated from The Catholic University of America Columbus School of Law in 2005, and has a B.S.E. in Chemical Engineering from the University of Pennsylvania. Over the course of his career, he has advised clients in product areas such as semiconductors, batteries, software development, and pharmaceuticals. He is admitted in Federal courts across the country, including New Jersey, Pennsylvania, and Virginia. He is also admitted to practice law in the states of New Jersey, Pennsylvania, and Virginia, and he has represented clients before the International Trade Commission, the Court of Federal Claims, and the Federal Circuit. He previously served as a judicial clerk for Judge Robinson in the United States District Court for the District of Delaware. During this litigation, the work Mr. Noronha performed included, but was not limited to, strategic review of Akoustis's document production to identify

facts and information relating to Akoustis's possession of Qorvo's information. From May 1, 2022 to August 1, 2022, Sheppard Mullin billed Qorvo rates of ███████ for work Mr. Noronha performed. Mr. Noronha worked a total of ██████████ on this matter from May 1, 2022 to August 1, 2022, and Sheppard Mullin billed Qorvo $103,608.00 for this work. Because Mr. Noronha was primarily responsible for strategically reviewing documents Akoustis produced and communicating with opposing counsel where that production was deficient, Qorvo is seeking to recover $97,344.00 in attorneys' fees billed for work Mr. Noronha performed, reflecting ████ ████. Mr. Noronha, however, did perform a small amount of work relating specifically to claim construction. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

38.     Melissa Patrick is a Practice Specialist in Sheppard Mullin's Practice Support Department. She has worked in the legal profession for more than 25 years, including at Paul Hastings LLP and Fried Frank. During this litigation, the legal work that Ms. Patrick performed included, but was not limited to: drafting discovery, including subpoenas and deposition notices; logging and tracking discovery produced in the case; identifying and tracking discovery and briefing deadlines; identifying applicable Federal Rules of Civil Procedure and Local Rules; assisting in the preparation of deposition outlines, identifying deposition exhibits; and tracking deposition exhibits; reviewing pre-trial disclosures and trial transcripts; identifying relevant exhibits and preparing witness notebooks based upon said review of pre-trial disclosures and trial transcripts; reviewing and supervising the creation of deposition designations for trial, including, but not limited to, identifying objections to designated deposition testimony; drafting and finalizing the trial exhibits admitted into evidence. From September 1, 2021 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ████████████████████████████

███████

███████ per hour for work Ms. Patrick performed. Ms. Patrick worked a total of ███████ on this matter from September 1, 2021 to May 31, 2024, and Sheppard Mullin billed Qorvo $179,345.25 for this work. As part of this Motion, Qorvo seeks to recover $145,852.65 for legal work Ms. Patrick performed on this matter, reflecting ███████. Qorvo has excluded and is not seeking to recover fees relating to non-legal, clerical work that Ms. Patrick billed.

39.     Hsien-Cheng Pu was an associate at Sheppard Mullin. Because Mr. Pu performed only a few hours work on this matter, Qorvo has conservatively excluded and is not seeking to recover the $1,674.00 in attorneys' fees associated with Mr. Pu's work.

40.     Trevor Quist was an associate at Sheppard Mullin. He has been a licensed attorney for more than nine years. He graduated from Washington University of St. Louis's Law School, and has an M.S. in Mechanical Engineering from Washington University of St. Louis and a B.S. in Biomedical Engineering from the University of Utah. Over the course of his career, his practice has focused on high-stakes patent and trade secret litigation. He has appeared in Federal district courts in Delaware, California, Texas, Utah, and Virginia. His experience includes matters involving baseband processing, power storage, antenna design, semiconductors and circuit design, communication ports, computer vision, image conversion, blockchain, electronic vehicle charging, vehicle vision, and railcar surveillance monitoring. During this litigation, Mr. Quist performed work primarily relating to the non-patent claims in this case, including, but not limited to: oversight and communication with junior associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's briefings; assessing and developing case strategy; preparing for, participating in, and taking depositions; and collecting, managing, reviewing, and analyzing documents produced in this matter. Sheppard Mullin billed Qorvo ███████ ███████ for work Mr. Quist performed on this matter. From January 1, 2022 to March 2023 (when

████████████████████████████████████████████

Mr. Quist left the firm), Mr. Quist worked ████████ on this matter, and Sheppard Mullin billed Qorvo $878,963.85 for this work. Because certain of the work that Mr. Quist performed related to Qorvo's patent infringement and non-trade secret claims, Qorvo seeks to recover $648,626.18 in attorneys' fees for the work that Mr. Quist performed in this case, reflecting ████████.

41.     Kevin A. Ryan was an associate at Sheppard Mullin. He has been a licensed attorney for more than six years. He graduated from Georgetown University Law Center and has a B.S. in Mechanical Engineering from The Johns Hopkins University. Over the course of his career, he has worked on complex intellectual property litigations. His experience includes matters involving alternate reality, virtual reality, semiconductors, drones, telecommunications, and industrial machinery. During this litigation, Mr. Ryan performed work relating to the initiation of this lawsuit and Qorvo's initial disclosures. Sheppard Mullin billed Qorvo ████████ for work Mr. Ryan performed on this matter. From September 1, 2021 to December 31, 2021, Mr. Ryan worked ████████ on this matter, and Sheppard Mullin billed Qorvo $41,825.25 for this work. Because certain of the work that Mr. Ryan performed related to Qorvo's patent infringement claims, Qorvo seeks to recover only $17,878.50 in attorneys' fees for the work that Mr. Ryan performed in this case, reflecting ████████.

42.     Dhara Shah was an associate at Sheppard Mullin. She has been a licensed attorney for more than three years. She graduated from Loyola University's Chicago School of Law in 2020, and she has a B.S. in Computer Information Systems from Arizona State University. Over the course of her career, she has worked on matters involving object-oriented programming languages, blockchain, biometrics, and artificial intelligence. During this litigation, Ms. Shah performed a targeted review of produced documents. Sheppard Mullin billed Qorvo ████████ ████ for work Ms. Shah performed on this matter. She worked ████████ on this matter in July

2022, and Sheppard Mullin billed Qorvo $16,470.00 for this work. Because Ms. Shah reviewed and coded produced documents in this matter, Qorvo seeks to recover all attorneys' fees for work Ms. Shah performed.

43.     Aleksas D. Siliunas was an associate at Sheppard Mullin. He has been a licensed attorney for more than five years. He graduated from Emory University's School of Law with honors in 2017, and he has a B.S. in electrical engineering from the University of Illinois at Chicago. Over the course of his career, he worked on matters involving a wide range of technologies, including machine learning, integrated circuits, wireless communications, microchip fabrication systems, and 5G network architecture. During this litigation, the work Mr. Siliunas performed included, but was not limited to: a targeted review of produced documents to prepare more senior attorneys and partners for fact witness depositions; and legal research relating to Qorvo's misappropriation of trade secret claim. Sheppard Mullin billed Qorvo ███████████████████████ for work Mr. Siliunas performed. Mr. Siliunas worked a total of ███████████, and Sheppard Mullin billed Qorvo $72,841.95 for work Mr. Siliunas performed. Because all the vast majority of all work Mr. Siliunas performed was relevant to proving Qorvo's misappropriation of trade secrets claim, Qorvo seeks to recover $69,304.95 in attorneys' fees for work Mr. Siliunas performed, reflective of ███████████ of work.

44.     Sam Smith was a law clerk at Sheppard Mullin. Although the work Mr. Smith performed relating to Qorvo's misappropriation of trade secrets claim, his work was limited to two days (July 6, 2023 and July 10, 2023). Qorvo has conservatively excluded and is not seeking to recover the $1,625.40 in fees associated with Mr. Smith's work.

45.     Evelyn Tan is a Knowledge Management Advisor in Sheppard Mullin's Research & Knowledge Center. Although Ms. Tan performed work relating to Qorvo's misappropriation

of trade secrets claim, her work was limited to two days (June 7, 2023 and January 12, 2024). Qorvo has conservatively excluded and is not seeking to recover the $1,539.45 in fees associated with Ms. Tan's work.

46.     Michael S. Timpani is a Legal Research Specialist at Sheppard Mullin. Because Mr. Timpani performed only a limited amount of work on this matter, Qorvo has conservatively excluded and is not seeking to recover the fees associated with Mr. Timpani's work.

47.     James Wald was a Special Counsel at Sheppard Mullin. He is now a Partner at Nelson Mullins. Mr. Wald has been a licensed attorney for more than 20 years. He graduated from the University of Southern California Gould School of Law in 2003 and was a member of the Order of the Coif. Mr. Wald is an experienced intellectual property litigator with particular experience trying cases involving global businesses in complex matters, misappropriation of trade secret cases. He regularly appears in Federal courts in intellectual property matters, and he serves as an adjunct professor at the University of Southern California Gould School of Law and the University of California Irvine School of Law teaching pretrial advocacy, trial advocacy, and deposition skills. Mr. Wald began working on this case in March 2023, and was specifically added to the case to assist with Qorvo's claim for misappropriation of trade secrets. During this litigation, the work he performed included, but was not limited to: oversight and communication with associates regarding research and other work product; strategizing, reviewing, and drafting Qorvo's pleadings and briefings; assessing and developing case strategy; communicating with opposing counsel regarding discovery issues; overseeing Qorvo's review of Akoutis's document productions. Sheppard Mullin billed Qorvo ███████████████████ for work Mr. Wald performed on this matter. He worked ███████ on this matter from March 1, 2023 to May 31, 2024, and Sheppard Mullin billed Qorvo $599,853.50 for this work. Because he was not

████████████████████████████████

responsible for work relating to the patent claims in this litigation, Qorvo seeks to recover $598,170.50 in attorneys' fees for work Mr. Wald performed in this case, reflecting ███████. Mr. Wald performed ███████ of work on this matter on August 3, 2023, which was unrelated to evidence relating to Qorvo's claim for misappropriation of trade secrets. Qorvo accordingly excluded the attorneys' fees associated with Mr. Wald's performance of that work.

48.     Joshua G. Weisenfeld is an associate at Sheppard Mullin. He has been a licensed attorney for more than two years. He graduated from Benjamin Cardozo School of Law in 2021, and has two B.A. degrees in Physics and English from the Gustavus Adolphus College. Mr. Weisenfeld has represented clients in intellectual property cases involving patent and trademark infringement and prosecution, and his technical experience includes electronics and instruments, electrical engineering, nuclear engineering, robotics, robotic engineering, astrophysics, electro-magnetics, telecommunication systems, software, and biomedical devices. During this litigation, the work Mr. Weisenfeld performed included, but was not limited to: reviewing produced documents and using them strategically to prepare more senior attorneys and partners for fact witness depositions. From April 1, 2023 to August 11, 2023, Sheppard Mullin billed Qorvo rates of ███████████ for work Mr. Weisenfeld performed. Mr. Weisenfeld worked a total of ███████████ on this matter from April 1, 2023 to August 31, 2023, and Sheppard Mullin billed Qorvo $161,973.00 for this work. Because all the work Mr. Weisenfeld performed was relevant to proving Qorvo's misappropriation of trade secrets claim, Qorvo seeks to recover all attorneys' fees for work Mr. Weisenfeld performed.

49.     Allison C. Wong is an associate at Sheppard Mullin. She has been a licensed attorney for more than two years. She graduated from the University of Southern California Gould School of Law in 2021, and he has represented clients in commercial and business

litigation matters. During this litigation, the work Ms. Wong performed included, but was not limited to: researching legal and factual issues in support of briefing, motions, discovery disputes, and trial; communications with opposing counsel regarding discovery issues; reviewing produced documents; and assisting in managing production of documents from Qorvo to Akoustis. From March 29, 2023 to May 31, 2024, Sheppard Mullin billed Qorvo rates of ███ ███████ for work Ms. Wong performed. Ms. Wong worked a total of ██████████ on this matter from March 29, 2023 to May 31, 2024, and Sheppard Mullin billed Qorvo $147,007.00 for this work. Because Ms. Wong was primarily responsible for work relevant to proving Qorvo's misappropriation of trade secrets claim, Qorvo is seeking to recover $135,695.00 in attorneys' fees billed for work Ms. Wong performed, reflecting ██████████. Ms. Wong, however, did perform a small amount of work on this case relating to non-trade secret issues. Where billing descriptions referenced this work, Qorvo excluded it from the attorneys' fees it seeks.

50.     Samantha A. Young in an associate at Sheppard Mullin. She has been a licensed attorney for more than two years. She graduated from the University of San Diego School of Law in 2021, and has a B.S. in Theoretical Physics and Applied Math from the Loyola University of Chicago. Ms. Young has represented clients in intellectual property cases involving patent infringement, trademark litigation, and other intellectual property matters, and her technical experience includes physics and engineering; particle acceleration; physical acoustics, and biophysics. During this litigation, the work Ms. Young performed included, but was not limited to: reviewing produced documents; performing a privilege review and preparing a privilege log; and conducting legal research. From May 1, 2023 to November 19, 2023, Sheppard Mullin billed Qorvo rates of ██████████████████ for work Ms. Young

performed. Ms. Young worked a total of ███████ on this matter from May 1, 2023 to November 19, 2023, and Sheppard Mullin billed Qorvo $38,563.00 for this work. Because most of the work Ms. Young performed was relevant to proving Qorvo's misappropriation of trade secrets claim, Qorvo seeks to recover $30,058.00, reflecting ██████. Ms. Young did perform some work relating to Qorvo's patent infringement claims, including work relating to Qorvo's service of final infringement contentions. Qorvo excluded this work from the fees it is seeking in its Motion for Attorneys' Fees.

51.     On April 19, 2022, Qorvo served requests for production seeking documents referring to any Qorvo confidential information. For eight months, Akoustis dragged its feet and delayed producing documents in response to the April 2022 requests. Then, between November 2022 and January 2023, Akoustis produced documents showing that Akoustis had obtained numerous confidential Qorvo documents.

52.     Attached as **Exhibit 35** is a true and correct copy of portions of the deposition transcript of Mr. David Aichele.

53.     Attached as **Exhibit 36** is a true and correct copy of portions of the deposition transcript of Dr. Jeffrey Shealy.

54.     Attached as **Exhibit 37** is a true and correct copy of docket entry 1184 ("Final Judgment") from *Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB (D. Del. 2017).

55.     Attached as **Exhibit 38** is a true and correct copy of docket entry 503 ("Plaintiffs' Motion for Attorney Fees from XP Power") from *Comet Techs. USA Inc. v. XP Power LLC*, C.A. No. 20-6408 (N.D. Cal. 2020).

56.     **Exhibits 39** and **40** are true and correct copies of relevant pages of Revenue Management Reports from June 2023, and June 2024, respectively, prepared by the consulting

firm PwC. These reports report hourly rate information from national law firms. These particular

Revenue Management Reports provide hourly rate information for the preceding year, broken

down on equity partner, non-equity partner, and associate bases, for IP practices at over 40

national litigation firms (all in the AmLaw top 50). These reports indicate that Sheppard Mullin's

rates are consistent with the market. For example, **Exhibit** 40, p. 21 demonstrates that the

median 2023 rates for equity partners were between ▮▮▮▮▮▮▮▮▮▮▮, depending on the level

of experience (compared to ▮▮▮▮▮▮▮▮ for the Sheppard Mulling partners on this case).

Similar data is shown for non-equity partners (**Exhibit** 40, p. 42) and associates (**Exhibit** 40, p.

64). This relationship is repeated in **Exhibit** 39.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on June 17, 2024

*/s/ Jonathan DeFosse*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 17, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                       *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                             *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                       *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)