IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | ▬▬▬▬▬▬▬▬ |
| Defendants. | ) | |

**PLAINTIFF QORVO, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION TO ALTER OR AMEND THE MAY 20, 2024 JUDGMENT
REGARDING QORVO'S CLAIM FOR UNFAIR AND DECEPTIVE
TRADE PRACTICES**

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: August 8, 2024**
**Public Version Filed: August 15, 2024**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    Introduction ...................................................................................................................... 1

II.   Akoustis is Liable Under Qorvo's UDTPA Claim ............................................................ 2

    A.   The Court Already Held that Misappropriation of Trade Secrets is an Injury
    Under the UDTPA ......................................................................................................... 2

    B.   North Carolina Law Provides that Misappropriation of Trade Secrets is a
    Violation of the UDTPA .............................................................................................. 2

    C.   Qorvo Proved Each Element of the UDTPA at Trial ................................................. 3

        1.   Unfair or Deceptive Act or Practice ................................................................ 3

        2.   Affected Commerce ......................................................................................... 4

        3.   Proximate Cause .............................................................................................. 6

    D.   The Motion is Procedurally Proper .............................................................................. 6

III.  Qorvo is Entitled to Treble Damages Under the UDTPA ................................................. 7

IV.   Conclusion ......................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Barker Industries, Inc. v. Gould*,
    146 N.C. App. 561 (N.C. App. 2001) ........................................................................7

*Barr-Mullin, Inc. v. Browning*,
    108 N.C. App. 590 (N.C. App. 1993) ......................................................................7

*CAO Lighting, Inc. v. General Electric Co.*,
    No. 20-681, 2023 WL 387585 (D. Del. Jan. 25, 2023) ..........................................2

*Grout Dr. Glob. Franchise Corp. v. Groutman, Inc.*,
    No. 14-CV-105, 2015 WL 2353698 (E.D.N.C. May 15, 2015) ...........................2, 4

*HAJMM Co. v. House of Raeford Farms, Inc.*,
    328 N.C. 578 (1991) ..............................................................................................5

*Kamel v. 5Church, Inc.*,
    No. 17-CV-507, 2018 WL 3381437 (W.D.N.C. May 8, 2018) ...............................6

*Legacy Data Access, LLC v. Mediquant, Inc.*,
    No. 3:15-cv-00584-FDW-DSC, 2017 WL 6001637 (W.D.N.C. Dec. 4, 2017) .......4

*Med. Staffing Network, Inc. v. Ridgway*,
    194 N.C. App. 649 (2009) ..........................................................................2, 3, 4, 5

*Peters v. Ryan*,
    No. 16-01332, 2017 WL 1393692 (D. Del. Apr. 13, 2017)................................3, 7

*Software Pricing Partners, LLC v. Geisman*,
    No. 19-CV-00195, 2022 WL 3971292 (W.D.N.C. Aug. 31, 2022) .........................8

*Static Control Components, Inc. v. Darkprint Imaging, Inc.*,
    240 F. Supp. 2d 465 (M.D.N.C. 2002) ................................................................3, 5

*Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*,
    174 N.C. App. 49 (2005) ........................................................................................8

*Sunbelt Rentals, Inc. v. Head & Engquist Equip.*,
    L.L.C., No. 00-CVS-10358, 2003 WL 21017456 (N.C. Super. May 2, 2003)........7, 8

*Trident Atlanta, LLC v. Charlie Graingers Franchising, LLC*,
    No. 18-CV-10, 2019 WL 441187 (E.D.N.C. Feb. 4, 2019)......................................5

*Walker v. Sloan*,
    137 N.C. App. 387, 529 S.E.2d 236 (2000)..................................................................3

*Waters v. Telegraph Co.*,
    194 N.C. 188 (N.C. 1927)..................................................................................................7

**Statutes**

N.C. Gen. Stat § 75–1.1 ..........................................................................................................2

N.C. Gen. Stat. § 75–1.1(b) ...............................................................................................1, 5

N.C. Gen. Stat. § 75-16 ..........................................................................................................7

North Carolina Trade Secrets Protection Act (N.C. Gen. Stat. §66-154)....................2, 7

North Carolina Unfair and Deceptive Trade Practice Act ..................................... *passim*

**Rules**

Fed. R. Civ. P. 50(a) ...............................................................................................................2

Fed. R. Civ. P. 50(b) ...............................................................................................................6

Fed. R. Civ. P. 59(e) ...............................................................................................................6

## I.      Introduction

Akoustis argues that Qorvo has not established liability or damages under its UDTPA claim because: 1) misappropriation of trade secrets is not a *per se* violation of the UDTPA; 2) Qorvo did not establish at trial each element of its UDTPA claim; and 3) unjust enrichment cannot be a form of damages recoverable under the UDTPA. All three arguments lack factual and legal basis.

First, Akoustis ignores this Court's order, which is law of the case, that "[l]oss of trade secrets is an injury under the UDTPA's liability provision." D.I. 590 at 4. Because the jury determined that Akoustis willfully and maliciously misappropriated dozens of Qorvo's trade secrets, liability under the UDTPA has been established. Akoustis fails to address the Court's order or distinguish the several cases applying North Carolina law in support thereof .

Second, Akoustis argues that Qorvo has not established the "affected commerce" under the UDTPA. But, the UDTPA broadly defines "commerce" as "***all business activities***, however denominated." N.C. Gen. Stat. § 75–1.1(b) (emphasis added). The entire trial focused on Akoustis' unlawful business activities. The trial record is replete with evidence of Akoustis' interstate and international business operations, its design and sale of competing BAW filter products, unlawful hiring of Qorvo employees, and misappropriation of Qorvo trade secrets to harm Qorvo. This conduct easily satisfies the "affected commerce" element of the UDTPA.

Finally, regarding damages, Akoustis makes no effort to address the fact that "unjust enrichment" is a form of "actual damages" under the NCTSPA, and that any "damages" (whether "actual damages" or not) assessed are trebled under the UDTPA. Several courts applying North Carolina law are in accord. Conversely, Akoustis does not cite a single case holding that unjust enrichment damages cannot serve as the basis for damages under the UDTPA.

## II.     Akoustis is Liable Under Qorvo's UDTPA Claim

### A.     The Court Already Held that Misappropriation of Trade Secrets is an Injury Under the UDTPA

Akoustis devotes several pages arguing that a violation of the NCTSPA is not a *per se* violation of the UDTPA. Opposition ("Opp.") at 5-6. However, the Court has already ruled on this issue. In response to Akoustis' Rule 50(a) motion regarding whether Qorvo has established actual injury under the UDTPA, the Court held that "[l]oss of trade secrets is an injury under the UDTPA's liability provision." D.I. 590 at 4. The Court thus determined that a finding of misappropriation of trade secrets satisfies UDTPA's liability provision. Notably, Akoustis fails to address the Court's ruling on this point anywhere in its Opposition. "The Court's prior ruling is law of the case that may not be disregarded." *CAO Lighting, Inc. v. General Electric Co.*, No. 20-681, 2023 WL 387585, at *3 (D. Del. Jan. 25, 2023).

### B.     North Carolina Law Provides that Misappropriation of Trade Secrets is a Violation of the UDTPA

Contrary to Akoustis' arguments, multiple cases cited in Qorvo's Motion squarely hold that misappropriation of trade secrets is a *per se* violation of the UDTPA. *See Grout Dr. Glob. Franchise Corp. v. Groutman, Inc.*, No. 14-CV-105, 2015 WL 2353698, at *5 (E.D.N.C. May 15, 2015) ("Misappropriation of trade secrets constitutes an unfair or deceptive act or practice ***as a matter of law***.") (emphasis added); *Med. Staffing Network, Inc. v. Ridgway*, 194 N.C. App. 649, 659–60 (2009) ("A violation of the Trade Secrets Protection Act constitutes an unfair act or practice under N.C. Gen. Stat § 75–1.1"). Notably, Akoustis does not address these cases whatsoever. These cases are congruent with the Court's ruling.

Qorvo's Motion also presented multiple cases involving post-trial motions demonstrating the circumstances behind the jury's verdict (including the award of $7 million in exemplary damages for willful and malicious misappropriation) establish that Akoustis violated the UDTPA.

*See Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 240 F. Supp. 2d 465 (M.D.N.C. 2002); *Med. Staffing Network, Inc. v. Ridgway*, 194 N.C. App. 649, 651 (2009). These cases demonstrate that misappropriation of trade secrets (even on a much smaller scale than at issue in this case) constitutes "immoral, unethical, oppressive, unscrupulous, or substantially injurious" conduct under the UDTPA. *Static Control Components, Inc.*, 240 F. Supp. 2d at 486-87. Again, Akoustis failed to address or distinguish these cases in any manner. It therefore concedes their applicability. *See Peters v. Ryan*, No. 16-01332, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant.").

### C.    Qorvo Proved Each Element of the UDTPA at Trial

Akoustis argues Qorvo did not meet its burden in proving all three elements of its UDTPA claim. Opp. at 4. "To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiffs or to the plaintiffs' business." *Walker v. Sloan*, 137 N.C. App. 387, 395, 529 S.E.2d 236, 243 (2000). Akoustis argues Qorvo did not establish any of these three elements at trial. Akoustis is wrong.

### 1.    Unfair or Deceptive Act or Practice

Akoustis concedes that "the cases cited by Qorvo hold that the misappropriation of trade secrets constitute an unfair or deceptive practice," yet later it contradicts itself and argues "a finding of trade secret misappropriation does not constitute a *per se* unfair or deceptive practice." Opp. at 6, 8. The Court's prior order (D.I. 590), and cases cited by Qorvo in the Motion and above establish that misappropriation of trade secrets is an unfair or deceptive practice.

Akoustis' reliance on *Legacy Data Access, LLC v. Mediquant, Inc.*, No. 3:15-cv-00584-FDW-DSC, 2017 WL 6001637 (W.D.N.C. Dec. 4, 2017) is unavailing. That case involved ***a single employee*** bringing over the plaintiff's trade secrets to the defendant. *Id.* at *8. It also did not involve any evidence that such trade secrets had infiltrated the defendant's systems or had otherwise been incorporated into the defendant's documents or processes. *Id.* The court determined that the jury's award of just $600,000 in damages for a single employee's misappropriation of trade secrets was not indicative of unfair or deceptive acts against the defendant company. *Id.* at *17. Here, by contrast, the jury awarded Qorvo $38,315,215 in damages for Akoustis' trade secret misappropriation involving over 40 employees. The facts are simply not comparable. Even so, the *Legacy* court still found the defendant's practice of continuing to employ an employee knowing that such employment would cause violation of various employment, disclosure, and confidentiality obligations was an "unfair" practice under the UDTPA. *Id.* at *18. Here, the trial record is replete with evidence that Akoustis knowingly hired and retained employees who had misappropriated Qorvo's trade secrets, and in fact encouraged such behavior. *See, e.g.*, Trial Tr. 1035:7-1039:22, 1044:2-1049:18, 1146:3-1151:16, 1157:3-22, 1158:18-1163:4, 1168:9-1171:4, 1279:7-1286:19.

### 2. Affected Commerce

Even though Akoustis concedes that Qorvo established the "commerce" requirement under the DTSA, it argues ***without citing to any case law*** that Qorvo did not establish the "affected commerce" element under the UDTPA. Opp. at 9. Akoustis' argument fails as a threshold matter given Qorvo's citation to several cases which found misappropriation of trade secrets to satisfy all three of the UDTPA's elements, none of which Akoustis addressed or distinguished. See *Grout Dr. Glob. Franchise Corp.*, 2015 WL 2353698, at *5; *Med. Staffing Network, Inc.*, 194 N.C. App.

at 659–660; *Static Control Components, Inc.*, 240 F. Supp. 2d 465; *Med. Staffing Network, Inc.*, 194 N.C. App. at 651.

Regardless, the UDTPA broadly defines "commerce" as "***all business activities***, however denominated." N.C. Gen. Stat. § 75–1.1(b). As noted by Akoustis, the Court instructed the jury that "[c]onduct 'affects commerce' whenever a business activity is adversely or substantially affected." *Id*. Such business activities include the "purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594 (1991).

Akoustis cannot credibly argue that Qorvo did not establish this element at trial. The entire trial focused on Akoustis' regularly conducted business activities, including the development and sale of its competing BAW filters. The jury awarded damages based on a theory that Akoustis used the trade secrets to gain early access to the market. This alone satisfies the broad definition of "commerce" under the UDTPA.  More specifically, evidence was established at trial regarding the expansive nature and scope of Akoustis' business operations, including its FAB facility in New York, its headquarters and business operations in North Carolina, and its sales and information-gathering efforts in Korea and China. Trial Tr. 955:12-956:8, 1142:24-1143:1, 895:23-901:6, 910:22-917:13, 918:7-920:22, 922:24-926:16. This activity satisfies the "commerce" requirement under the UDTPA. *See Trident Atlanta, LLC v. Charlie Graingers Franchising, LLC*, No. 18-CV-10, 2019 WL 441187, at *5 (E.D.N.C. Feb. 4, 2019) ("George's argument [of no "affected commerce" under the UDTPA] is belied by the interstate nature of the Charlie Graingers franchise").

Qorvo also established that Akoustis' business activities were specifically targeted towards Qorvo, including entering into business negotiations with Qorvo about potentially becoming a

supplier to Qorvo (*see, e.g.*, Trial Tr. 543:22-545:9, 1975:1-6, 2009:6-2010:15), the targeted hiring of Qorvo employees with BAW filter experience (*see, e.g.*, Trial Tr. 1168:9-1171:4), misappropriation of dozens of Qorvo's trade secrets (*see, e.g.*, Trial Tr. 1228:14-1317:8, 1330:2-1361:19), development of products to compete with Qorvo (*see, e.g.*, Trial Tr. 877:5-12, 903:16-904:11, 1063:14-1065:5, 1078:23-1082:6, 1359:9-1360:2), and taking customers from Qorvo (*see, e.g.*, Trial Tr. 349:11-351:15, 2012:24-2014:2, 2015:13-15); *see also e.g.*, Trial Exs. 4, 336, 338). This conduct  also satisfies the "affected commerce" element. *See Kamel v. 5Church, Inc.*, No. 17-CV-507, 2018 WL 3381437, at *4 (W.D.N.C. May 8, 2018), *adopted*, 2018 WL 3381426 (W.D.N.C. July 11, 2018) ("It is evident that Kamel's unfair and deceptive conduct was directed at SherWeb, and as a result affected commerce.").

### 3.  Proximate Cause

Akoustis claims, without citing to any case law, that Qorvo did not establish that Akoustis proximately caused Qorvo damage. Opp. at 11. But, Akoustis' sole justification is that "Qorvo did not claim any damages of its own." *Id*. Akoustis is conflating causation with damages, which is further addressed below. The jury's verdict establishes that Akoustis' misappropriation of trade secrets caused Qorvo significant damage, and Akoustis presents no facts or law to the contrary.

### D.  The Motion is Procedurally Proper

Akoustis argues that Qorvo's Motion brought under Rule 59(e) is actually a Rule 50(b) motion in disguise because there is "no legal error [by the jury] on which to rely" and that Qorvo "falls back to arguing the sufficiency of the evidence." Opp. at 7. To be clear, Qorvo is not arguing the sufficiency of the evidence, and maintains it is entitled to amendment of judgment based on clear error by the jury regarding Qorvo's UDTPA claim, based on all the matters and legal authorities described above.

### III.   Qorvo is Entitled to Treble Damages Under the UDTPA

Akoustis argues that even if liability under the UDTPA is established, Qorvo is not entitled to recover damages because it "introduced no evidence linking its requested monetary award to the purported injury it suffered." Opp. at 12.

There can be no dispute that recovery based on unjust enrichment qualifies as "damages" under the NCTSPA. *Barker Industries, Inc. v. Gould*, 146 N.C. App. 561, 566-67 (N.C. App. 2001) (affirming award of "compensatory damages due to unjust enrichment" under North Carolina's Trade Secrets Protection Act); *Barr-Mullin, Inc. v. Browning*, 108 N.C. App. 590, 597 (N.C. App. 1993) ("the amount of **actual damages awarded for misappropriation is measured 'by** the economic loss or the **unjust enrichment** . . . whichever is greater.'") (emphasis added). There is also no distinction under North Carolina law between "compensatory damages" and "actual damages." *Waters v. Telegraph Co.*, 194 N.C. 188, 196 (N.C. 1927) ("The term 'compensatory damages' covers all loss recoverable as matter of right. It includes all damages for which the law gives compensation, and that gives rise to the term 'compensatory damages.' 'Compensatory damages' and 'actual damages' are synonymous terms.")

Critically, Akoustis failed to respond to Qorvo's primary argument—that "unjust enrichment" is a form of "actual damages" under the NCTSPA (N.C. Gen. Stat. §66-154), and any "damages" assessed are trebled under the UDTPA (N.C. Gen. Stat. §75-16). The UDTPA uses the word "damages," which on its face is broader than "actual damages" as stated in the NCTSPA. Thus, Qorvo's "actual damages" based on "unjust enrichment" under the NCTSPA are subject to trebling under the UDTPA. By failing to address this argument, Akoustis concedes its applicability. *See Peters*, 2017 WL 1393692, at *2.

Akoustis' attempt to distinguish *Sunbelt Rentals, Inc. v. Head & Engquist Equip.*, L.L.C., No. 00-CVS-10358, 2003 WL 21017456 (N.C. Super. May 2, 2003) is unavailing. The court found

7

a violation of the UDTPA based in part because "[n]one of the converted employees had the right to use the BPS/Sunbelt confidential information." *Id*. at *53. It did not find a violation of the UDTPA based solely on employee poaching. It also squarely held that damages for trade secret misappropriation are "subsumed under the [UDTPA] damages and trebled such damages. *Id*. at *50-52. That is exactly what occurred in this case.

Further, the court of appeal also squarely upheld the trial court's finding of violation of the UDTPA based in part on trade secret misappropriation because "[b]y using former BPS employees and confidential information, defendant H & E was able to tailor rental fleets at its branches without spending the time, money and effort necessary to develop such information." *Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 174 N.C. App. 49, 60 (2005).  The court of appeal expressly held that damages under the UDTPA may include "***value of the benefit defendants received***." *Id*. at 62 (emphasis added). The fact that the "value of the benefit defendants received" in that case was gained market share is of no import—the legal holding remains. Akoustis does not and cannot dispute that increased revenues based on head start is a "value of the benefit defendants received," and it cites no legal authority to the contrary. And, Akoustis argument that Qorvo presented no evidence of "lost market share" is incorrect. Qorvo introduced substantial evidence at trial that Akoustis had taken its customers due to accelerated market entry. *See, e.g.*, 349:11-351:15, 2012:24-2014:2, 2015:13-15; *see also e.g.*, Trial Exs. 4, 336, 338

Akoustis also failed to address or distinguish one of Qorvo's key cases, *Software Pricing Partners, LLC v. Geisman*, No. 19-CV-00195, 2022 WL 3971292 (W.D.N.C. Aug. 31, 2022), where the court awarded damages under the DTSA and trebled such damages under the UDTPA. *Id*., at *11.

As addressed in the Motion, North Carolina law provides that disgorgement is recoverable under the UDTPA, and unjust enrichment includes any ill-gotten gains by the defendant. North Carolina law does not limit unjust enrichment to just the defendant's ill-gotten profits or increased market share. Any benefits or gains that the defendant received are subject to disgorgement, which would include any increased revenues based on head-start misappropriation. Akoustis fails to cite any legal authority providing otherwise, including any case that holds that increased revenues based on head-start misappropriation cannot fall under the category of unjust enrichment damages recoverable under the UDTPA.

## IV.    Conclusion

Qorvo respectfully requests the Court grant Qorvo's Motion and the relief requested therein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

August 8, 2024

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 8, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                       *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                             *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                       *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

/s/ Jeremy A. Tigan
_____
Jeremy A. Tigan (#5239)