IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | ████████████ |
| Defendants. | ) | |

### QORVO, INC.'S REPLY IN SUPPORT OF ITS MOTION
### FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA 90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: August 8, 2024**
**Public Version Filed: August 15, 2024**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      Introduction ................................................................................................... 1

II.     Qorvo Is Entitled to Prejudgment Interest Calculated at Eight Percent Per Annum .......... 1

III.    Qorvo Is Also Entitled to Prejudgment Interest Under the DTSA ..................................... 4

IV.     The Prime Rate, Compounded Quarterly Applies to Qorvo's Patent Damages ................. 7

V.      Qorvo's Did Not Or Improperly Accrue or "Double Count" Interest ............................... 8

VI.     Akoustis Does Not Dispute Qorvo's Post-Judgment Interest Calculations ..................... 10

VII.    Conclusion ................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AgroFresh, Inc. v. Essentiv LLC*,
  No. 16-662 (MN), 2020 WL 7024867 (D. Del. Nov. 30, 2020)................................5

*Amgen Inc. v. Hospira, Inc.*,
  336 F.Supp.3d 333 (D. Del. 2018) *aff'd* 944 F.3d 1327 (Fed. Cir. 2019) ............................7, 8

*AMS Sensors U.S. Inc. v. Renesas Elecs. Am.*,
  No. 4:08-cv-00451, 2022 WL 672691 (E.D. Tex. Mar. 7, 2022) ..............................5

*ArcherDX, LLC v. Qiagen Scis.*,
  C.A. 18-1019 (MN), 2022 WL 4597877 (D. Del. Sep. 30, 2022) .........................7, 8

*Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*,
  85 F. Supp. 3d 768 (D. Del. 2015).....................................7

*Barker Industries, Inc. v. Gould*,
  146 N.C. App. 561 (N.C. Ct. App. 2001) ....................................3

*Bayer v. Baxalta*,
  No. 16-1122-RGA, 2019 WL 4016235 (D. Del. Aug. 26, 2019) .........................7, 8

*Birdsall v. Coolidge*,
  93 U.S. 64 (1876)..................................2

*Booker v. Taylor Milk Co., Inc.*,
  64 F.3d 860 (3d Cir. 1995)..................................4, 9

*BP Exploration & Oil, Inc. v. Moran Mid-Atlantic Corp.*,
  147 F. Supp. 2d 333 (D.N.J. 2001) ..................................8

*Comcast IP Holdings I, LLC v. Sprint Commc'ns Co.*,
  No. 12-0205-RGA, 2015 WL 4730899 (D. Del. Aug. 10, 2015) ..................................7

*Del. River & Bay Auth. v. Kopacz*,
  584 F.3d 622 (3d Cir. 2009)..................................4

*Dobrowolska ex rel. Dobrowolska v. Wall*,
  138 N.C.App. 1 (N.C. Ct. App. 2000) ..................................3

*Eazor Express, Inc. v. Int'l Brotherhood of Teamsters*,
  520 F.2d 951 (3d Cir. 1975)..................................4

*Euro Tyres Corp. v. SK Machinery Corp.*,
  No. 5:08CV2953, 2010 WL 411236 (N.D. Ohio Jan. 28, 2010) ................................................5

*Farmah v. Farmah*,
  348 N.C. 586 (1998) ................................................................................................................3, 4, 9

*Ferrellgas, Inc. v. Am. Premier Underwriters, Inc.*,
  79 F. Supp. 2d 1160 (C.D. Cal. 1999) ........................................................................................2

*Governo L. Firm LLC v. Bergeron*,
  487 Mass. 188, 166 N.E.3d 416 (2021) ......................................................................................5

*Grant Thornton, LLP v. Fed. Deposit Inc. Corp.*,
  435 F. App'x 188 (4th Cir. 2011) .................................................................................................2

*Institutionalized Juveniles v. Sec'y of Pub. Welfare*,
  758 F.2d 897 (3d Cir. 1985)........................................................................................................10

*Lam, Inc. v. Johns-Manville Corp.*,
  718 F.2d 1056 (Fed. Cir. 1983)....................................................................................................8

*Marcus v. PQ Corp.*,
  458 F. App'x 207 (3d Cir. 2012) ..................................................................................................4

*Medical Mutual Insurance Co. of North Carolina v. Mauldin*,
  157 N.C. App. 136, 577 S.E.2d 680 (2003) ................................................................................3

*PB Legacy, Inc v. Am. Mariculture, Inc.*,
  104 F.4th 1258 (11th Cir. 2024) ..............................................................................................5, 6

*Perdue Farms Inc. v. Hook*,
  777 So. 2d 1047 (Fla. 2d DCA 2001) ..........................................................................................2

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  C.A. No. 08-309-LPS, 2019 WL 3290369 (D. Del. July 22, 2019) ........................................7, 9

*Proofpoint, Inc. v. Vade Secure, Inc.*,
  2023 WL 3395121 (N.D. Cal Apr. 18, 2023) ...........................................................................4, 5

*Robertson v. Steris Corp.*,
  237 N.C.App. 263 (2014) .............................................................................................................3

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  959 F.3d 1065 (Fed. Cir. May 5, 2020) .......................................................................................9

*Shamrock Power Sales, LLC v. Scherer*,
  2016 WL 7647597 (S.D.N.Y. 2016)..........................................................................................5, 9

*Softel, Inc. v. Dragon Medical*,
  891 F. Supp. 935 (S.D.N.Y. 1995) .........................................................................10

*Studiengesellschaft Kohle, v. Dart Indus.*,
  862 F.2d 1564 (Fed. Cir. 1988)...............................................................................8

*Sun Shipbuilding & Dry Dock Co. v. U.S. Lines, Inc.*,
  439 F. Supp. 671 (E.D. Pa. 1977) ...........................................................................2

*TB Food USA, LLC v. Am. Mariculture, Inc.*,
  No. 2:17-cv-9-FtM-29NPM, 2022 WL 3028061 (M.D. Fla. Aug. 1, 2022),
  *vacated and remanded sub nom. PB Legacy, Inc v. Am. Mariculture, Inc.*, 104
  F.4th 1258 (11th Cir. 2024) .................................................................................5, 6

*TLS Mgmt. & Mktg. Servs., LLC v. Mardis Fin. Servs., Inc.*,
  No. 3:14-CV-881-CWR-LRA, 2018 WL 3698919 (S.D. Miss. Aug. 3, 2018)........................9

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
  939 F.2d 1540 (Fed. Cir. 1991)...............................................................................8

*Waters v. Telegraph Co.*,
  194 N.C. 188 (N.C. 1927)........................................................................................3

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
  No. 09-157-RGA, 2013 WL 6118447 (D. Del. Nov. 20, 2013) ................................7

**Statutes**

N.C.G.S. § 24-1...........................................................................................................2

N.C.G.S. § 24-5(b)................................................................................................. *passim*

N.C.G.S § 66-154(b)...................................................................................................2

North Carolina Trade Secrets Act (N.C.G.S § 66-153) .................................................1

**Other Authorities**

22 Am.Jur.2d Damages § 23 (1988) ............................................................................3

Black's Law Dictionary 416 (8th ed. 2004)....................................................................2

U.S. Const. art. III .......................................................................................................5

## I.      Introduction

Plaintiff's Opposition to Qorvo's Motion for Pre- and Post-judgment interest ignores Qorvo's statutory right to prejudgment interest as well as relevant precedent from the North Carolina Supreme Court and the Court of Appeals of North Carolina. The statute is clear—Qorvo is entitled to prejudgment interest from the date it filed the Complaint until the date the judgment was entered at 8% per annum. N.C.G.S. § 24-5(b). Moreover, both the North Carolina Supreme Court and the Court of Appeals of North Carolina have applied the statute upon which Qorvo relies to unjust enrichment and other "equitable" claims. Akoustis cannot side-step Qorvo's statutory right to interest by citing precedent from other district courts interpreting other states' laws. Moreover, the Federal Circuit and the District of Delaware have repeatedly upheld prejudgment interest awards at the Prime Rate, compounded quarterly, beginning from the earlier of the date of first infringement or the date the plaintiff filed the Complaint. Qorvo's interest calculations do not "inappropriately accrue" interest, nor do they "double count" interest. Qorvo is entitled to prejudgment interest on all of its damages award. Finally, Akoustis does not dispute Qorvo's post-judgment interest calculations, but instead argues that post-judgment interest cannot accrue on any prejudgment interest or attorneys' fees the Court awards until the Court enters an amended final judgment. This is not the law. Qorvo is entitled to post-judgment interest on any additional monetary awards from the date the Court issues an order including an amount certain.

## II.     Qorvo Is Entitled to Prejudgment Interest Calculated at Eight Percent Per Annum

Akoustis' argues that Qorvo is not entitled to prejudgment interest for the jury's award of unjust enrichment damages under the North Carolina Trade Secrets Act (N.C.G.S § 66-153) ("NCTSA") because the jury's damage award was neither "liquidated" nor an award for "compensatory" damages. Opp., p. 2-7. This argument ignores the plain language of both the NCTSA and N.C.G.S. § 24-5(b). It also ignores precedent from both the North Carolina Supreme

Court and the Court of Appeals of North Carolina applying N.C.G.S. § 24-5(b) to unjust enrichment and/or "equitable" theories of monetary recovery.

North Carolina General Statute § 24-5(b) is clear—"in an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." The statutory rate in North Carolina is 8% per annum. N.C.G.S. § 24-1. The statute does not require the jury's award to be "liquidated," and Akoustis does not cite to a single case under North Carolina law to support this argument. Instead, Akoustis cites to cases largely interpreting other states' prejudgment interest statutes, which are different from North Carolina's law. *E.g.*, *Ferrellgas, Inc. v. Am. Premier Underwriters, Inc.*, 79 F. Supp. 2d 1160, 1164 (C.D. Cal. 1999) (California law); *Sun Shipbuilding & Dry Dock Co. v. U.S. Lines, Inc.*, 439 F. Supp. 671, 676 (E.D. Pa. 1977) (Pennsylvania law); *Grant Thornton, LLP v. Fed. Deposit Inc. Corp.*, 435 F. App'x 188, 209 (4th Cir. 2011) (West Virginia Law); *Perdue Farms Inc. v. Hook*, 777 So. 2d 1047, 1050 (Fla. 2d DCA 2001) (Florida law). The Court should reject Akoustis' argument that Qorvo cannot recover under North Carolina's prejudgment interest statute because Qorvo's claim was "unliquidated."

The Court should similarly reject Akoustis' argument that Qorvo's unjust enrichment damages are not "compensatory." As a threshold matter, "[c]ompensatory damages and actual damages mean the same thing." *Birdsall v. Coolidge*, 93 U.S. 64, 64 (1876); *see also* Black's Law Dictionary 416 (8th ed. 2004) (defining actual damages as synonymous with compensatory damages). The NCTSA also expressly characterizes unjust enrichment damages as "actual damages" (and not "equitable" damages). N.C.G.S § 66-154(b) ("actual damages may be recovered, measured by . . . the unjust enrichment caused by misappropriation of a trade secret"). Moreover, North Carolina courts refer to unjust enrichment damages as "compensatory" damages.

*E.g.*, *Barker Industries, Inc. v. Gould*, 146 N.C. App. 561, 566-67 (N.C. Ct. App. 2001) (affirming award of "compensatory damages due to unjust enrichment" under NCTSA); *see also Dobrowolska ex rel. Dobrowolska v. Wall*, 138 N.C.App. 1, 12 (N.C. Ct. App. 2000) (("Compensatory damages . . . cover[] all loss recoverable as a matter of right and includes all damages (beyond nominal damages) other than punitive or exemplary damages.") (quoting 22 Am.Jur.2d Damages § 23 (1988)); *Waters v. Telegraph Co.*, 194 N.C. 188, 196 (N.C. 1927) ("'Compensatory damages' and 'actual damages' are synonymous terms.").

Akoustis' Opposition cites only a single case interpreting N.C.G.S. § 24-5(b)—*Medical Mutual Insurance Co. of North Carolina v. Mauldin*, 157 N.C. App. 136, 139, 577 S.E.2d 680, 682 (2003). That case relates to a claim for contribution from a joint tortfeasor, not an award of unjust enrichment damages. *Mauldin*, 157 N.C. App. at 137. It does not apply here.

Moreover, other precedent from both the Court of Appeals of North Carolina and the North Carolina Supreme Court call the holding of *Mauldin* into question. In *Robertson v. Steris Corp.*, the Court of Appeals stated: "First, we note the two cases cited in *Mauldin* … do not hold that equitable remedies requiring money awards cannot constitute compensatory damages." 237 N.C.App. 263, 271-73 (2014). The court goes on to explain that the North Carolina Supreme Court in *Farmah v. Farmah* allowed a plaintiff to recover prejudgment interest on an unjust enrichment claim, and to the extent *Mauldin* conflicts, *Farmah* controls. *Id.*, at 273. The court then affirmed the award of interest on a *quantum meruit* claim. *Id.*, at 274.

In *Farmah*, upon which *Robertson* relies, the North Carolina Supreme Court stated it was guided by the "well-settled principle[]" that "[i]n the construction of statutes, [the court's] primary task is to determine legislative intent[.]" *Farmah v. Farmah*, 348 N.C. 586, 587 (1998). The court went on to say that "[i]n the context of this case we find nothing to suggest the legislature meant

anything other than as stated[.]" *Id*., at 588. It awarded the plaintiff prejudgment interest under N.C.G.S. § 24-5(b) on claims "grounded in the equitable principles of quasi-contract[.]" *Id*.

Qorvo is entitled to recover prejudgment interest for the jury's damage award under the NCTSA at the statutory rate of 8% per annum.

## III.     Qorvo Is Also Entitled to Prejudgment Interest Under the DTSA

Even if the Court does not award Qorvo interest under N.C.G.S. § 24-5(b) (it should), the Court may exercise its discretion under federal law to award Qorvo interest under the DTSA.

As a threshold matter, Akoustis' Response conveniently ignores the Third Circuit's "strong presumption in favor of awarding prejudgment interest, except where the award would result in unusual inequities." *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995) (emphasis added) (internal citations and quotations omitted); *Marcus v. PQ Corp.*, 458 F. App'x 207, 214 (3d Cir. 2012) ("Because they usually serve to make a plaintiff whole, we favor[] permitting prejudgment interest awards, and therefore generally apply a strong presumption in favor of awarding prejudgment interest.") (internal citations and quotations omitted). The Third Circuit cases Akoustis cites—*Eazor Express, Inc.* and *Kopacz*—do not contradict this strong presumption.

In *Eazor Express, Inc.*, the court affirmed the award of prejudgment interest even though the suit involved an "unliquidated" damage award. *Eazor Express, Inc. v. Int'l Brotherhood of Teamsters*, 520 F.2d 951, 973 (3d Cir. 1975) (if "the claim is not for a liquidated sum but is nonetheless pecuniary rather than personal in its nature many courts will add prejudgment interest to the amount"). Similarly, in *Kopacz*, the Third Circuit affirmed the award of prejudgment interest in a maritime case. *Del. River & Bay Auth. v. Kopacz*, 584 F.3d 622, 634 (3d Cir. 2009).

The cases Akoustis cites to support its argument that unjust enrichment damages are not "compensatory" are also distinguishable. For example, in *Proofpoint Inc.*, the Northern District of California relied upon precedent interpreting California *state law* and a different federal statute to

4

support its holding. *Proofpoint, Inc. v. Vade Secure, Inc.*, 2023 WL 3395121, at *1 (N.D. Cal Apr. 18, 2023). Moreover, the court in *Proofpoint* also expressly declined to exercise its discretion to add prejudgment interest because the defendant paid the damages award within five weeks of the judgment. *Id.*, at *2. Similarly, *Governo L. Firm LLC v. Bergeron* was a Massachusetts state case interpreting Massachusetts state law. 487 Mass. 188, 199, 166 N.E.3d 416, 428 (2021).

Additionally, numerous courts have awarded prejudgment interest on unjust enrichment damages. *AgroFresh, Inc. v. Essentiv LLC*, No. 16-662 (MN), 2020 WL 7024867, at *26 (D. Del. Nov. 30, 2020) (awarding prejudgment interest "for unjust enrichment resulting from trade secret misappropriation" under the DTSA); *TB Food USA, LLC v. Am. Mariculture, Inc.*, No. 2:17-cv-9-FtM-29NPM, 2022 WL 3028061, at *17 (M.D. Fla. Aug. 1, 2022), *vacated and remanded sub nom. PB Legacy, Inc v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1265 (11th Cir. 2024) (awarding pre-judgment interest under the DTSA); *Shamrock Power Sales, LLC v. Scherer*, 2016 WL 7647597, at *14–*15 (S.D.N.Y. 2016) (awarding prejudgment interest on unjust enrichment under NY law); *AMS Sensors U.S. Inc. v. Renesas Elecs. Am.*, No. 4:08-cv-00451, 2022 WL 672691, at *4 (E.D. Tex. Mar. 7, 2022) (interest on disgorgement damages under Texas law); *Euro Tyres Corp. v. SK Machinery Corp.*, No. 5:08CV2953, 2010 WL 411236, at *1 (N.D. Ohio Jan. 28, 2010) (prejudgment interest on unjust enrichment under Ohio law).

Akoustis argues that the Court should disregard the holding in *TB Food USA, LLC*, which awarded prejudgment interest under a head start theory because the Eleventh Circuit reversed and remanded the case one day after Qorvo filed its Motion. Resp., p. 6. The Eleventh Circuit's holding, however, was based upon the fact that a magistrate judge presided over three days of jury deliberations without the consent of the parties, which deprived the defendant of its constitutional right to an Article III authority. *PB Legacy, Inc v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1264

(11th Cir. 2024). It had nothing to do with the court's determination that the plaintiff was entitled to prejudgment interest on head start damages. *Id.*[1]

Finally, Akoustis' argument that the jury's award is not "compensatory" in nature is also belied by (1) the Court's jury instructions in this case, (2) the Sedona Conference Journal – Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases, and (3) Akoustis opposition to Qorvo's Motion for Attorneys' Fees. Under the heading "Trade Secret Damages Generally," the Court's instructions provide "I will now instruct you on the law you must follow in determining **compensatory damages**. The purpose of **compensatory damages** is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. . . ." D.I. 596, p. 30. Akoustis did not object to these instructions.

Similarly, the Sedona Conference Journal, upon which Akoustis has repeatedly relied, provides that "**[t]here are three primary forms of compensatory damages in trade secret cases**: unjust enrichment, actual loss, and a reasonable royalty." Ayers Decl., Ex. G (emphasis added). Finally, Akoustis repeatedly characterizes the jury's $31,315,214 damages award as "compensatory" in its opposition to Qorvo's Motion for Attorneys' Fees. *E.g.* Fees Opp., p. 1 ("jury award of **compensatory** and exemplary damages. . . ."), p. 7 ("The jury also found in favor of Qorvo on its trade secret claims, awarding **$31,315,215 in compensatory damages**[.]"), p. 11

---

[1] Akoustis claims that Qorvo "misstated" the Florida court's analysis in its opening brief because the court denied disgorgement damages. Opp., p. 6, n. 1. A plain reading of *TB Food USA, LLC* reveals this is incorrect. In the case (as here), the plaintiff presented expert testimony as to the value of the "head start" defendants received and the jury awarded a combined $9.9 million in damages. 2022 WL 3028061, at *7. The court found the evidence sufficient to support the jury's award of damages as to all claims. *Id.* at *8. The court then "exercised its discretion and award[ed] prejudgment interest on the federal claims[,]" including "the federal trade secret claim in Count IV[.]" *Id.* at *17. The court's denial of the plaintiff's request for additional disgorgement damages actually supports Qorvo's reliance on the case. *Id.* at *18 (denying additional disgorgement damages because it would be duplicative of damages already awarded).

("the jury has already awarded **significant compensatory damages** and exemplary damages to Qorvo."), p. 11 (". . . . the substantial award of exemplary damages on top of the **compensatory award for the alleged benefit received by Akoustis**") (emphasis added).

The Court should ignore Akoustis retroactive attempt to recast the jury's damage award as "non-compensatory," and award Qorvo prejudgment interest.

## IV.   The Prime Rate, Compounded Quarterly Applies to Qorvo's Patent Damages

Akoustis also argues that the Court should use the uncompounded T-Bill rate to compute any prejudgment interest awarded. For the reasons set forth above, Qorvo properly requested prejudgment interest at a rate of 8% per annum on the jury's award of unjust enrichment damages under the NCTSA. Likewise, Qorvo properly requested prejudgment interest at the Prime Rate, compounded quarterly for its patent damages.

"The prime rate is by far the most common practice in the District of Delaware." *ArcherDX, LLC v. Qiagen Scis.*, C. A. 18-1019 (MN), 2022 WL 4597877, at *17-18 (D. Del. Sep. 30, 2022) (citing *Bayer v. Baxalta*, No. 16-1122-RGA, 2019 WL 4016235, at *7 (D. Del. Aug. 26, 2019) (awarding prejudgment interest at the prime rate and not the T-Bill rate requested by defendant); *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co.*, No. 12-0205-RGA, 2015 WL 4730899, at *10 (D. Del. Aug. 10, 2015) ("The Court agrees with Comcast that the appropriate interest rate is the prime rate, compounded quarterly."); *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 783 (D. Del. 2015) ("[p]rejudgment interest in this case will be calculated at the prime rate, compounded quarterly"); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 09-157-RGA, 2013 WL 6118447, at *11 (D. Del. Nov. 20, 2013) ("the Court will award XU prejudgment . . . interest at the prime rate, compounded quarterly"); *Amgen Inc. v. Hospira, Inc.*, 336 F.Supp.3d 333, 364 (D. Del. 2018) (awarding prejudgment interest at the prime rate) *aff'd* 944 F.3d 1327 (Fed. Cir. 2019)); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l,*

*Inc.*, C.A. No. 08-309-LPS, 2019 WL 3290369, at *11 (D. Del. July 22, 2019) (rejecting the defendant's attempt to use the lower T-Bill rate and calculating "prejudgment interest…at the prime rate, compounded quarterly, from the date of the first infringement…pursuant to the common practice of this Court."). The Federal Circuit has also repeatedly affirmed awards of prejudgment interest at the prime rate. *E.g., Studiengesellschaft Kohle, v. Dart Indus.*, 862 F.2d 1564, 1580 (Fed. Cir. 1988) (affirming award at the prime rate compounded quarterly); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066-67 (Fed. Cir. 1983) (affirming award at the prime rate); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (same).

Akoustis argues that Qorvo is entitled only to the T-Bill rate because Qorvo submitted "no evidence that it was forced to borrow money at the prime (or higher) rate…, what investment it would have made with the patent royalty payments from Akoustis, nor any other circumstances...." Opp., p. 9. Courts in this District, however, have expressly rejected this argument. *E.g., ArcherDX, LLC*, 2022 WL 4597877, at *17-18 ("It is not necessary …  for Plaintiffs to 'demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate.'") (quoting *Baxalta*, 2019 WL 4016235, at *7). This is true even where the damages are less than one million dollars. *BP Exploration & Oil, Inc. v. Moran Mid-Atlantic Corp.*, 147 F. Supp. 2d 333 (D.N.J. 2001) (awarding prejudgment interest at the prime rate on damages award of $484,517.37); *Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333 (D. Del. 2018) (awarding pre-judgment interest at prime rate despite evidence showing Amgen's actual loan rates at significantly below the prime rate).

Qorvo is entitled to prejudgment interest on the jury's award of patent infringement damages at the prime rate, compounded quarterly.

## V.    Qorvo's Did Not Or Improperly Accrue or "Double Count" Interest

Next Akoustis argues that Ms. Bennis' calculation of prejudgment interest either improperly accrues or double counts the interest for unjust enrichment. Notably, Akoustis'

8

Opposition does not cite a single case to support these arguments. Opp. pp. 13-18. That is because N.C.G.S. § 24-5(b) clearly states that an award of "compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." Moreover, even under federal law, courts routinely apply prejudgment interest from the earlier of (1) the date of the complaint; or (2) the date the claim (not the damages amount) first accrued. *E.g.*, *Power Integrations, Inc.*, 2019 WL 3290369, at *11 (calculating prejudgment interest "from the date of the first infringement through the date of judgment, pursuant to the common practice of this Court."); *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. May 5, 2020) ("Where a jury awards a lump-sum amount as compensation, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement. Ms. Bennis properly used October 4, 2021 as the interest start date in her interest calculations.

Akoustis' complaints that Ms. Bennis improperly "double counted" interest for unjust enrichment is similarly misplaced. The 14.8% interest rate that Ms. Bennis applied to calculate Akoustis' unjust enrichment was based upon **Akoustis'** weighted average cost of capital **and measured the benefit that Akoustis received**. Prejudgment interest serves to make a plaintiff whole because it lost use of money owed to it as the result of the defendant's wrongdoing. *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995). For this reason, courts have routinely applied prejudgment interest to unjust enrichment damages awards where the opposing party's conduct harmed the plaintiff. *Farmah v. Farmah*, 348 N.C. 586 (N.C. 1998) (awarding prejudgment interest on claim for unjust enrichment); *TLS Mgmt. & Mktg. Servs., LLC v. Mardis Fin. Servs., Inc.*, No. 3:14-CV-881-CWR-LRA, 2018 WL 3698919, at *10-11 (S.D. Miss. Aug. 3, 2018) (awarding prejudgment interest on unjust enrichment damages for trade secret misappropriation under Mississippi law); *Shamrock Power Sales, LLC*, 2016 WL 7647597, at *14–

*15 (S.D.N.Y. 2016) (awarding prejudgment interest on unjust enrichment damages); *Softel, Inc. v. Dragon Medical*, 891 F. Supp. 935, 943-45 (S.D.N.Y. 1995) (awarding prejudgment interest on disgorgement damages for trade secret misappropriation).

Qorvo is entitled to prejudgment interest beginning from the date it filed the complaint in this action on the total amount of compensatory damages the jury awarded.

## VI. Akoustis Does Not Dispute Qorvo's Post-Judgment Interest Calculations

Akoustis does not dispute that Qorvo is entitled to post-judgment interest of $5,441.90 per day beginning May 20, 2024. Opp., p. 18 ("Akoustis does not dispute that Qorvo is entitled to post-judgment interest based on the one-year Treasury Bill for quantified damages."). Akoustis also does not dispute that Qorvo is entitled to post-judgment interest on any additional award of prejudgment interest or attorneys' fees. *Id.* The heading of Akoustis' Opposition appears to argue that post-judgment interest on any additional award accrues only upon entry of an amended judgment (*e.g.*, Opp., pp. i, 18), but that is not the law. Post-judgment interest on an award of prejudgment interest and/or attorneys' fees begins to accrue as soon as the Court issues an order quantifying the additional amount—and not when an amended judgment is entered. *E.g.*, *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 927 (3d Cir. 1985) ("the district court should allow post-judgment interest on the amount of the recalculated award from the date of its original order allowing the award."). Qorvo is entitled to recover post-judgment interest on prejudgment interest and any attorneys' fees beginning on the date the Court quantifies the award.

## VII. Conclusion

Qorvo respectfully requests that the Court award Qorvo (1) pre-judgment interest in the amount of $7,304,448; (2) post-judgment interest of $5,441.90 per day from May 20, 2024 to the date of the Court's order on this motion; and (3) an additional $2,738.30 per day from the date the Court grants this Motion and Qorvo's Motion for Attorneys' Fees until the judgment is paid.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:
_____

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

August 8, 2024

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 8, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire | *VIA ELECTRONIC MAIL* |
| Ronald P. Golden III, Esquire | |
| BAYARD, P.A. | |
| 600 North King Street, Suite 400 | |
| Wilmington, DE  19801 | |
| *Attorneys for Defendants Akoustis* | |
| *Technologies, Inc. and Akoustis, Inc.* | |

| | |
|---|---|
| Ronald S. Lemieux, Esquire | *VIA ELECTRONIC MAIL* |
| David S. Elkins, Esquire | |
| Victoria Q. Smith, Esquire | |
| SQUIRE PATTON BOGGS (US) LLP | |
| 1841 Page Mill Road, Suite 150 | |
| Palo Alto, CA  94304-1216 | |
| *Attorneys for Defendants Akoustis* | |
| *Technologies, Inc. and Akoustis, Inc.* | |

| | |
|---|---|
| Xiaomei Cai, Esquire | *VIA ELECTRONIC MAIL* |
| SQUIRE PATTON BOGGS (US) LLP | |
| 2325 E. Camelback Road, Suite 700 | |
| Phoenix, AZ  85016 | |
| *Attorneys for Defendants Akoustis* | |
| *Technologies, Inc. and Akoustis, Inc.* | |

| | |
|---|---|
| Rachael A. Harris, Esquire | *VIA ELECTRONIC MAIL* |
| Matthew A. Stanford, Esquire | |
| SQUIRE PATTON BOGGS (US) LLP | |
| 2550 M Street, NW | |
| Washington, DC  20037 | |
| *Attorneys for Defendants Akoustis* | |
| *Technologies, Inc. and Akoustis, Inc.* | |

*/s/ Jeremy A. Tigan*

_____

Jeremy A. Tigan (#5239)