IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | ███████████████ |
| AKOUSTIS, INC., | ) | |
| | ) | **Confidential Version Filed: August 8, 2024** |
| Defendants. | ) | **Public Version Filed: August 15, 2024** |

**PLAINTIFF QORVO, INC.'S MOTION TO STRIKE
THE DECLARATIONS OF ANTHONY NIXON AND JERRY BUI OFFERED IN
<u>OPPOSITION TO QORVO'S MOTION FOR PERMANENT INJUNCTION</u>**

Plaintiff Qorvo, Inc. hereby moves to strike the declarations of Anthony Nixon (D.I. 629) and Jerry Bui (D.I. 630) offered by Akoustis Technologies, Inc. and Akoustis, Inc. in opposition to Qorvo's Motion for Permanent Injunction (D.I. 608). Both declarations are inappropriate for consideration in the context of a motion for permanent injunction because they constitute inadmissible hearsay, there is insufficient documentary evidence to support the assertions made, and it would be inequitable for the Court to judge the declarants credible as Qorvo has had no opportunity to test the reliability of the statements made.

**A.    The Declarations Rely Upon or Reiterate Inadmissible Hearsay to
<u>Oppose Qorvo's Motion for a Permanent Injunction</u>**

Qorvo is seeking a permanent injunction following a trial and jury verdict that found Akoustis engaged in the widescale theft of Qorvo's trade secrets and infringed Qorvo's patents. Qorvo has moved for a permanent injunction seeking to: (1) enjoin Akoustis from possessing, accessing, reviewing, using, or disclosing Qorvo's trade secrets; (2) enjoin Akoustis from offering to sell, selling, or otherwise distributing anywhere in the world any product using Qorvo's trade secrets; (3) enjoin Akoustis from advertising, promoting, offering to sell, selling, or otherwise

providing services anywhere in the world that use Qorvo's trade secrets; (4) require Akoustis to engage an e-discovery vendor approved by Qorvo in advance to remove any Qorvo confidential information from electronic and hardcopy storage; (5) grant Qorvo audit rights to ensure compliance with the removal process; and (6) enjoin Akoustis from selling products found to infringe the '018 and '755 patents until those patents expire.  D.I. 608.

This case is beyond the "preliminary injunction stage, [where] a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction[.]"  *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). Out-of-court statements, offered for the truth of the matter asserted and not subject to a recognized exception, are inadmissible as evidence.  Fed. R. Evid. 802; *see also Wiley v. Lawrence County*, 2019 WL 1128637, at *12 (W.D. Pa. Mar. 12, 2019) (refusing to consider portions of declarations not based on personal knowledge or that involved inadmissible hearsay in deciding a motion for summary judgment).

Mr. Nixon's Declaration includes numerous statements that are hearsay or rely on hearsay. The Nixon Declaration asserts what FTI, Pillsbury Winthrop Shaw Pittman, or Squire Patton Boggs did, what FTI told Akoustis, what other Akoustis employees told FTI, or what other Akoustis employees told Mr. Nixon.  (D.I. 629, ¶¶ 3-11).  The Nixon Declaration does not state that Mr. Nixon personally took or observed any of the steps described and therefore his knowledge of the steps taken could only come from statements by others.

Moreover, the Nixon Declaration states that "per Chief Product Officer Kamran Cheema," Akoustis has stopped manufacturing and offering for sale products found by the jury to infringe Qorvo's patents, and Mr. Cheema "explained to" Nixon that Akoustis only offers re-designed products for sale.  D.I. 629, ¶ 12.  This is plainly hearsay as Mr. Nixon is just stating what

Mr. Cheema told him, and the assertion that Akoustis has stopped manufacturing and selling infringing products is not based on Mr. Nixon's personal knowledge.  Thus, Mr. Nixon's Declaration should be stricken.  *Transportes Aereos Pegaso, S.A. de C.V. b. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 531-32 (D. Del. 2009) (striking statements that rest upon or reiterate information the declarant was told by others); *Bone v. Univ. of N. Carolina Health Care Sys.*, 678 F. Supp. 3d 660, 694-95 (M.D.N.C. 2023) (rejecting defendant's argument regarding a lack of irreparable harm where defendant "offers only the declaration of Jeri Williams – which, in relevant part, appears to be based on hearsay…."); *Cf. IGT v. Bally Gaming Int'l, Inc.*, 675 F. Supp. 2d 487, 490 n.11 (D. Del. 2009) (agreeing declaration was based on hearsay and was rife with impermissible speculation, and only denying motion to strike as moot because the declaration exemplified the evidentiary problems movant had); *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 575 n.16 (E.D. Va. 2007) (placing no weight on eBay's purported design-around based on a "few pages of written argument and appended declarations" and agreeing that MercExchange "should not be required to prove infringement twice in order to obtain an injunction").

The Bui Declaration suffers from many of the same problems.  It states or relies upon what Akoustis or its attorneys told FTI, or what others at FTI told Mr. Bui (D.I. 630, ¶ 4-18).  The Bui Declaration does not state that Mr. Bui personally took or observed any of the steps described and therefore his knowledge of the steps taken could only come from statements by others.  Mr. Bui's Declaration should be stricken as reliant upon inadmissible hearsay.

### B. The Declarations Lack Documentary Support

The Nixon and Bui Declarations also fail to provide any documentary evidence to support the assertions made.  *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 314 F. Supp. 2d 356, 359 (D. Del. 2004) (granting motion to strike post-trial declaration where defendant "does not…provide any

documentary evidence supporting [the] contention" in the declaration).   Akoustis'
misappropriation of trade secrets was pervasive, and Qorvo can take little comfort in the word of
the party that willfully stole and used its trade secrets in the past.   In the absence of satisfactory
documentary evidence that Qorvo's trade secrets have been fully purged from Akoustis' systems
and that Akoustis is no longer selling infringing products, there is no basis to assume the assertions
in the declarations are accurate.   In any event, if Akoustis believes it has in fact removed all of
Qorvo's trade secrets and is no longer selling infringing products, that raises the question of why
spending further time and money fighting an injunction makes sense.

### C.   The Declarations are Untested

Finally, as in *Tristrata*, Qorvo "has had no opportunity to test the reliability of the
statements in the [Nixon and Bui] Declaration[s] through discovery or cross-examination." *Id.*
Therefore, it would be inequitable to deny Qorvo's motion to enjoin further use of Qorvo's trade
secrets and patents in reliance on the post-trial declarations.

* * *

In summary, the Nixon and Bui Declarations constitute inadmissible hearsay because they
rely upon or reiterate out-of-court statements from others for the truth of the matters being asserted.
The declarations also lack any documentary support, and they have been untested through
discovery or cross-examination.   For these reasons it would be inequitable to rely on the
declarations in deciding whether to enjoin Akoustis from further use of Qorvo's trade secrets and
patents.   Qorvo respectfully requests that the Court strike the Nixon and Bui Declarations.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

August 8, 2024

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

## <u>RULE 7.1.1 CERTIFICATION</u>

Pursuant to D. Del. LR 7.1.1, the undersigned counsel hereby certifies that a reasonable effort has been made to reach agreement with Defendants regarding the foregoing motion, but the parties have been unable to reach an agreement.

/s/ Jeremy A. Tigan

_____

Jeremy A. Tigan (#5239)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

At Wilmington this _____ day of _____, 2024, having considered

Plaintiff Qorvo, Inc.'s Motion to Strike and the parties' submissions filed in connection therewith:

IT IS HEREBY ORDERED that:

1.     Plaintiff's Motion is GRANTED:

    a.   The Nixon Declaration (D.I. 629) is STRICKEN; and

    b.   The Bui Declaration (D.I. 630) is STRICKEN.


                                         _____
                                         United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 8, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                           *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                              *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                                    *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                              *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)