**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE**

| | |
|---|---|
| QORVO, INC. | |
|        Plaintiff, | C.A. No. 21-1417 (JPM) |
| v. | |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. | **JURY TRIAL DEMANDED** |
|        Defendants. | |

**THE AKOUSTIS DEFENDANTS'
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure 50(b), defendants Akoustis Technologies, Inc. and Akoustis Inc. (collectively "Akoustis" or the "Akoustis Defendants") respectfully move the Court for an Order granting judgment as a matter of law on Counts VI and VIII, alleging that Akoustis misappropriated and conspired to misappropriate Plaintiff Qorvo Inc.'s ("Qorvo") trade secrets for the following reasons:

1.     Through its damages expert, Melissa Bennis, Qorvo pursued an untested and flawed methodology for calculating the amount Akoustis was allegedly unjustly enriched by any trade secret misappropriation.  Ms. Bennis' testimony confirmed at trial that her use of bare revenue alone, without reference to any concomitant costs incurred by Akoustis, to calculate unjust enrichment remains unsupported by any case law or peer-reviewed literature.   Ms. Bennis' methodology was also unreliable and not the right fit for this case because she relied on *all* of Akoustis' revenue, even that untethered to the alleged trade secrets in this case.

2.     Trial also elucidated a second reason for the exclusion of Ms. Bennis' unjust enrichment calculation.  Ms. Bennis relied solely on Dr. Stanley Shanfield's opinion regarding the

- 2 -

55-month duration of Akoustis' purported head start through trade secret misappropriation.  Yet Dr. Shanfield admitted on cross-examination that no "good grounds" formed the basis for his head start duration opinion.  Put simply, Ms. Bennis' opinion combined the guestimates and *ipse dixit* offered by Dr. Shanfield's speculative opinion regarding the creation and duration of the alleged "head start" period with her own unreliable and untested calculation methodology.

      3.      Each of these core flaws individually render Ms. Bennis' opinion inadmissible under Federal Rule of Evidence 702.  The Court should exercise its gatekeeping function, as it is permitted to do even in the post-trial phase and exclude this testimony.  Without such testimony regarding the quantum of damages, there is no legally sufficient evidentiary basis for the jury's verdict.  The Court should accordingly grant judgment as a matter of law as to those counts.

      The grounds for Akoustis' motion are set forth in its concurrently filed brief in support, declarations, and exhibits.

- 3 -

Dated:   June 17, 2024


OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF DELAWARE**

QORVO, INC.

        Plaintiff,

v.

AKOUSTIS TECHNOLOGIES, INC. and
AKOUSTIS, INC.

        Defendants.

C.A. No. 21-1417 (JPM)

**JURY TRIAL DEMANDED**

## PROPOSED ORDER

The Court having considered the Akoustis' Defendants Renewed Motion for Judgment as

a Matter of Law (the "Motion");

IT IS HEREBY ORDERED this _____ day of _____, 2024, that the foregoing

Motion is GRANTED.

_____
UNITED STATES DISTRICT JUDGE