UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>        Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>        Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED**<br><br>▉▉▉▉▉▉▉▉▉ |

### DECLARATION OF ANTHONY S. NIXON IN SUPPORT OF THE AKOUSTIS DEFENDANTS' OPPOSITION TO QORVO'S MOTION FOR PERMANENT INJUNCTIVE RELIEF

I, ANTHONY S. NIXON, declare as follows:

1. I am the Vice President, Information Technology for Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis"). I make this declaration in support of the Akoustis Defendants' Brief in Opposition to Plaintiff's Motion for Permanent Injunctive Relief.

2. I make this declaration on my own personal knowledge or, where indicated, on information and belief formed after reasonable inquiry under the circumstances. If called to testify under oath in court, I could and would testify competently to the facts stated herein.

3. Akoustis' General Counsel, in conjunction with our outside counsel, Squire Patton Boggs (US) LLP ("SPB"), created and provided a list to Akoustis' IT Department of key data custodians and other data custodians, including employees with previous employment history with the Qorvo and/or its predecessor companies RF Micro Devices/RFMD and TriQuint. This list of data custodians included:

**Key Custodians** – David Aichele, Todd Bender, Jeffrey Shealy, and Mary Winters.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Other Custodians** – Tanveer Ahmad, Mushal Alhabori, Kaushik Annam, Atul Batra, David Breton, Larry Carastro, Kamran Cheema, Sean Cheema, Eric Chen, Kathy Davis, Robert Dry, David Dyer, Tony Espinoza, Daniel Godsiff, David Hodge, Brook Hosse, Rohan Houlden, Colin Hunt, JB Kwon, Kindra Lane, Paul Makowenskyj, Trent Mayberry, Guillermo Moreno, Joel Morgan, Luiz Martinez Quintero, Clark Ragan, Brian Schmid, Greg Seymour, Ken Sigmon, Jonathan Soto, Pinal Patel, Rama Vetury, and Wendy Wright.

4. In June 2023, Akoustis retained FTI Consulting, Inc. ("FTI") as an e-Discovery consultant to perform the preservation of devices and other data sources for key Akoustis custodians. The scope of work also included collaboration with Akoustis then outside counsel at Pillsbury Winthrop Shaw Pittman, LLP to identify and, once authorized, perform a forensic deletion of materials related to Qorvo. I understand and believe that effort was paused in light of Qorvo's demand for a forensic inspection of certain of Akoustis' electronic data. I further understand and believe that the Court later entered an Order providing for the forensic inspection.

5. On March 26, 2024, Akoustis engaged FTI to resume its work identifying and then permanently deleting in a forensic manner all electronically stored information containing information that Qorvo has identified as constituting or containing its confidential and proprietary information and/or trade secrets.

6. For purposes of FTI's engagement, Akoustis provided it with full administrative access to Akoustis' file and email servers, including individual and central repositories, and full access to the Microsoft Office 365 systems and accounts of Akoustis and its employees.

7. FTI provided Akoustis scripts to execute before and after data sequestration to remove the litigation hold function on the Microsoft Office 365 accounts that would otherwise

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

prevent complete data removal. Akoustis' IT Department ran the scripts and provided the command outputs to FTI Consulting.

8. Akoustis received a list of files from FTI Consulting as a result of its sequestration and search efforts to be used to manually remove files from Apple computers at Akoustis; FTI could not perform such removal directly because of compatibility issues. FTI monitored, in real-time, Akoustis' IT Department removing the files on the provided list via remote screen-sharing sessions.

9. Akoustis' IT Department performed keyword searches of its local file servers using the same list of keywords as used by FTI Consulting for sequestering, searching, and permanently removing Qorvo information. Those keywords included: Qorvo, RFMD, Triquint, ▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮, Nicol, Robbins, SW8009, QPQ1903, QPQ1904, QPQ1093, QPQ1094, QPF4656, QPF7250, QPF4551, QPQ19XX, QPQ1901, QPQ2200, QPQ1298, and QM45392. Akoustis' IT Department received the results of the keyword searches and provided a copy of the results to Akoustis' outside counsel SPB. The local file servers included:

- NAS2 (Engineering File Server) – Huntersville, NC
- FS-AKTS1 (NY File Server 1) – Canandaigua, NY
- FS-AKTS2 (NY File Server 2) – Canandaigua, NY

10. To date, all documents and emails identified as a result of these searches have been sequestered and permanently removed from the key data custodians and other data custodians.

11. As a final step, Akoustis continues to work with FTI Consulting to cross-reference all data removed in the custodian-targeted searches, with data still existing in Akoustis's systems, regardless of any custodian relationship. Any files identified by the cross-referencing will also be

permanently removed by FTI Consulting, which includes non-custodian employees that do not have previous employment history with the Qorvo, such as Daeho Kim. Akoustis anticipates this cross-referencing and deleting to be complete by early August 2024.

12. With respect to the Akoustis products found by the jury to infringe Qorvo's patents, Akoustis has, per Chief Product Officer Kamran Cheema, stopped manufacturing and offering for sale all previously infringing versions of these products, which include: A10149, A10154, A10155, A10156, A10158, A10160, A10165, A10166, A10235, A10238, A10249, A10252, A10256, A10266, A10335, AKF-1252, AKF-1256, AKF-1336, and AKF-1938. As explained to me by Mr. Cheema, Akoustis re-designed certain of these products to avoid infringement of Qorvo's patents and now manufactures and offers for sale only the following re-designed products: A10154, A10158, A10160, A10166, A10252, AKF-1336, and AKF-1938.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 25, 2024.

_____
Anthony S. Nixon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 25, 2024, copies of the attached document were served via electronic mail on all counsel of record.

                                            */s/ Stephen B. Brauerman*
                                            Stephen B. Brauerman