ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>    Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>    Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED** |

**OMNIBUS DECLARATION OF DAVID S. ELKINS
IN OPPOSITION TO QORVO, INC.'S POST-TRIAL MOTIONS**

I, DAVID S. ELKINS, declare as follows:

1. I am a Partner with the law firm of Squire Patton Boggs (US) LLP and am one of the counsel of record for Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis") in this matter. I make this declaration in support of the Akoustis Defendants' concurrently filed memoranda in opposition to plaintiff Qorvo, Inc.'s post-trial motions.

2. I base this declaration on my own personal knowledge and, if called to do so, I could and would testify competently to the facts stated herein.

3. Attached as **Exhibit 1** is a true and correct copy of excerpts from the Transcript of the trial in this matter that took place from May 6-17, 2024.

4. Attached as **Exhibit 2** is a true and correct copy of Akoustis' First Set of Interrogatories (Nos. 1-9) served on Plaintiff Qorvo, dated April 8, 2022.

5. Attached as **Exhibit 3** is a true and correct copy of Akoustis' First Requests for Production served on Plaintiff Qorvo (Nos. 1-46), dated April 8, 2022.

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

6. Attached as **Exhibit 4** is a true and correct copy of Plaintiff Qorvo's First Set of Interrogatories to Akoustis (Nos. 1-10), dated February 23, 2022.

7. Attached as **Exhibit 5** is a true and correct copy of Plaintiff Qorvo's First Set of Requests for Admission (Nos. 1-93) served on Akoustis, dated July 25, 2022.

8. Attached as **Exhibit 6** is a true and correct copy of Plaintiff Qorvo's First Set of Requests for Production of Documents (Nos. 1-3) served on Akoustis, dated April 6, 2022.

9. Attached as **Exhibit 7** is a true and correct copy of Plaintiff Qorvo's Second Set of Requests for Production of Documents (Nos. 4-66) served on Akoustis, dated April 19, 2022.

10. Attached as **Exhibit 8** is a true and correct copy of Plaintiff Qorvo's Third Set of Requests for Production of Documents served on Akoustis (Nos. 67-143), dated June 24, 2022.

11. Attached as **Exhibit 9** is a true and correct copy of Plaintiff Qorvo's Identification of Trade Secrets, dated May 1, 2023.

12. Attached as **Exhibit 10** is a true and correct copy of Plaintiff Qorvo's Supplemental Identification of Trade Secrets, dated July 25, 2023.

13. Attached as **Exhibit 11** is a true and correct copy of Plaintiff Qorvo's Second Supplemental Identification of Trade Secrets, dated October 12, 2023.

14. Attached as **Exhibit 12** is a true and correct copy of Plaintiff Qorvo's Identification of Trade Secrets It Currently Expects to Present At Trial, dated November 17, 2023 (the "Trial Disclosure").

15. On or about November 28, 2023, after receiving the Trial Disclosure, I asked Akoustis' local counsel to convene a "lead and local" discussion by video conference to meet and confer with Qorvo's counsel about deficiencies with their Trial Disclosure. On November 28, 2023, Ronald Lemieux, Stephen Brauerman, and I appeared for Akoustis. Robert Masters,

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

Jonathan DeFosse and Jeremy Tigan appeared for Qorvo. On behalf of Akoustis, we explained the deficiencies of the Trial Disclosure, namely that it does not describe Qorvo's purported trade secrets with sufficient particularity, and with 104 claimed trade secrets did not comply with the Court's order that Qorvo reduce the scope of its trade secret claim. Qorvo's counsel simply disagreed, asserting that the document was sufficient.

16. Attached as **Exhibit 13** is a true and correct copy of excerpts from the January 26, 2024 deposition of Dr. Stanley Shanfield.

17. Attached as **Exhibit 14** is a true and correct copy of the Court's May 5, 2024 email to the parties.

18. Attached as **Exhibit 15** is a true and correct copy of a May 6, 2024 email from Qorvo's counsel Roy Jung.

19. On May 14, 2024, the night before the Special Verdict Form was to be submitted to the Jury, Qorvo described each of its 46 alleged trade secrets and – for the first time in this action – provided pinpoint citations to documents where the alleged trade secrets could be found.

20. Attached as **Exhibit 16** is true and correct copy of Yahoo Finance's webpage (printed to PDF) summarizing Akoustis' NASDAQ-traded stock as of July 22, 2024, *available at* https://finance.yahoo.com/quote/AKTS/?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuYmluZy5jb20v&guce_referrer_sig=AQAAANInRxlFaaUMCcC9rOrI6sJA9Vv8TnGmXI9Ov612impkWCs1LA7nnjvuwxPsA0HHvRYnkT4K1EeD7CalkIgASIcGwZii7LAZGSLpODpAp-pM9kbRZ4EWdwdBeJCptjbM02NFoRHbeIZL1vn2ka3lSSFHtcX8es3Q8lJV6Xkl1aym    (last visited July 23, 2024).

21. Attached as **Exhibit 17** is a spreadsheet that Akoustis' counsel at my law firm created for the purposes of this action litigation based on review of Qorvo's counsel's billing

- 3 -

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

entries in Exhibit A to the J. DeFosse Declaration and Exhibit 1 to the J. Tigan Declaration filed in connection with Qorvo's Motion for Attorneys' Fees.  The spreadsheet reflects Akoustis' calculation that Qorvo's fee request should be reduced by $1,900,515.43 related to work performed before November 1, 2022, which includes $1,861,535.93 billed by Sheppard Mullin and $38,979.50 billed by Qorvo's Delaware counsel, Morris Nichols.

22. Attached as **Exhibit 18** is a spreadsheet that Akoustis' counsel at my law firm created for the purposes of litigation based on review of Qorvo's counsel's billing entries provided in Exhibit A to the J. DeFosse Declaration for its Motion for Attorneys' Fees.  This spreadsheet reflects Akoustis' calculation of the additional reduction to the attorneys' fees resulting from Qorvo's counsel's block billing practice prior to April 1, 2023.  To calculate the $163,597.20 to $490,791.59 reduction in fees, we took the sum of Qorvo's counsel's requested attorneys' fees prior to April 1, 2023, divided that number by two, and applied the 10%-30% reduction as suggested by *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) to the 50% amount, and subtracted the final amount from the total requested fees from to April 1, 2023.

23. Attached as **Exhibit 19** is a spreadsheet that attorneys at my law firm created for the purposes of litigation based on our review of Plaintiff Qorvo's counsel's billing entries provided in Exhibit A to the J. DeFosse Declaration for its Motion for Attorneys' Fees.  The spreadsheet sets forth the calculation of $24,539.60 in Plaintiff Qorvo's Counsel Jonathan DeFosse's "return" travel time, which was billed in full at ▮▮▮▮ for ▮▮▮▮ prior to November 10, 2023, and at ▮▮▮ for ▮▮▮▮ starting November 10, 2023 by Jonathon DeFosse.

24. Akoustis' as **Exhibit 20** is a spreadsheet that attorneys at my law firm created for the purposes of litigation based on our review of Plaintiff Qorvo's counsel's billing entries provided in Exhibit A to the J. DeFosse Declaration for its Motion for Attorneys' Fees.  The

spreadsheet sets forth the calculation of the 85.6 hours that Plaintiff Qorvo's attorneys who were merely present at, but did not depose or defend the depositions, spent on depositions for this case. As the table reflects, the sum of the relevant hours is 85.6 hours, and the total amount billed for the 85.6 hours is $74,313.30.

25. Attached as **Exhibit 21** is a spreadsheet that attorneys at my law firm created for the purposes of litigation based on our review of Plaintiff Qorvo's counsel's billing entries provided in Exhibit A to the J. DeFosse Declaration for its Motion for Attorneys' Fees. The spreadsheet sets forth the calculation of fees that Akoustis submits should be reduced due to clerical and/or administrative work. The total amount of requested fees to be reduced is $3,692.

26. Qorvo and Akoustis collectively took 31 depositions in this case, exclusive of the expert depositions related solely to Qorvo's patent claims. The 31 depositions represent an aggregate time on the record of about 175 hours.

27. Based on the timing and contents of Qorvo's productions of documents and electronically stored information in this action, it produced 76,238 documents to Akoustis from March 24, 2022 to October 27, 2023. Of those, Qorvo produced 74,172 documents – comprising about 98% of its entire production – in 2023.

28. The reductions set forth in Paragraphs 21-25 above are subtracted from Qorvo's requested fees in the amount of $12,116,123.30, resulting in an adjusted fees of $9,949,465.77. Further applying the proposed 10% reduction in light of the attorneys' fees awarded in other trade secret cases to the adjusted fees results in a reduction of $994,946.58.

29. Applying the proposed 20% reduction due to Qorvo's abusive litigation tactics to the above adjusted fees of $9,949,465.77 results in a reduction of $1,989,893.15.

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

30. Deducting all the reductions set forth in Paragraphs 21-25 and 28-29 above from Qorvo's requested attorneys' fees, the fees Akoustis submits that the Court should award, if the Court is inclined to award any to Qorvo, should be no more than $6,964,626.04.

31. Attached as **Exhibit 22** is a true and correct copy of Plaintiff Qorvo's 2024 10-K for the fiscal year ending on March 30, 2024.

32. Attached as **Exhibit 23** is a true and correct copy of an excerpt from the Expert Report submitted by Melissa A. Bennis on November 21, 2023.

33. Attached as **Exhibit 24** is a true and correct copy of Defendants Akoustis Technologies, Inc. and Akoustis, Inc.'s Fifth Supplemental Objections And Responses To Plaintiff's First Set Of Interrogatories (Nos. 1-10), dated and served November 14, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 25, 2024.

                                                  /s/ *David S. Elkins*
                                                  David S. Elkins