# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 21-1417-JPM |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF QORVO, INC. (NOS. 1-9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Akoustis Technology, Inc. and Akoustis Inc. ("Defendants" or "Akoustis") hereby request that Plaintiff Qorvo, Inc. ("Plaintiff" or "Qorvo") answer each interrogatory set forth below in writing under oath within 30 days of service hereof, and in accordance with the instructions below.

**DEFINITIONS**

As used herein and in all further request for production, unless specified otherwise, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. The term "Defendant" or "Defendants" means one or more of the Defendants in this action, including Akoustis Technology, Inc. and Akoustis, Inc.

2. The term "you," "your" or "Plaintiff" means Plaintiff Qorvo, Inc.

3. The term "asserted patents" or "patents-in-suit" means any one or all of the patents asserted against Defendants in this action, and includes without limitation U.S. Patent Nos.

7,522,018 and 9,735,755, as asserted, and their respective patent applications, and all predecessor patent applications from which these patents or patent applications claim priority, including all continuations, divisionals, and continuations-in-part.

4. The term "entity" means corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

5. The term "Accused Products" refers to Akoustis' accused bulk acoustic wave (BAW) products.

6. The term "communication" or "communications" means any communication regardless of the manner in which such communications took place, including all written, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, telephone calls, social media posts, facsimile communications, meetings, letters, notes, voicemail, text messages or instant messages, and all documents evidencing such interactions between one or more persons or entities.

7. The term "document" or "documents" means any original and every non-identical copy or reproduction of any type of document, writing, or record within the broad context of Federal Rule of Civil Procedure 34, in your possession, custody, or control, including, for example, and without limitation: any written, printed, typed, or other graphic matter of any kind of nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electronic sound or video recordings or transcripts thereof; any retrievable data, communication, information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, blueprints, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, datasheets, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memoranda, instructions, letters, maps, manuals, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodical,

photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips and recordings or transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in your possession, custody, or control, wherever located. "Document" shall also mean all copies of documents, by whatever means made (including, but not limited to, carbon handwritten, microfilmed, telecommunicated, photostatic, or xerographic copies), and including all non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise). "Document" shall also include any and all data compilations from which information can be obtained.

8.  The term "person" means any individual, natural person or any business, governmental entity or agency, or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or any other legal entities or units thereof.

9.  The term "identify," when used with respect to any natural person, means that the following information, at least, shall be provided: (a) the person's full name; (b) last known address; (d) last known title or occupation; (d) last known employer; (e) business title and business address during the time period to which the request or interrogatory relates; and (f) the relationship, if any, between such person and Plaintiff and dates during which such relationship existed.

10. The term "identify," when used with respect to a document shall mean to provide information sufficient to locate that document, such as by providing the Bates label. If the document existed at one time but no longer exists, you shall provide the reason(s) as to why it no longer exists and the identity of the last person having custody of the document.

11. The term "identify," when used with reference to any communication, shall mean that the following information shall be provided: (a) a summary of the substance of the communication; (b) the date and place of the communication; (c) the identity of each person who

4861-9796-6098

was present at, involved , connected with or participated in the communication; (d) the form of communication, e.g., telephone call, meeting, letter etc.; and (e) the identity of each document memorializing or referring to the communication.

12. The term "identify," when used with reference to a product or other tangible thing that is not a document or communication shall mean that the following information shall be provided: (a) the product name(s), product number(s), version number(s), and revision number(s); (b) the trade name, including but not limited to other names or method of identification associated with the product or the trade name of the item in which the product, or object of manufacture is incorporated; (c) the date and place of manufacture; and (d) the name of the manufacture.

13. Where an instruction or request names a corporation or other legal entity, the instruction or request includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

14. The word "and" and the word "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

15. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

16. The term "refer," "relate," "respecting," or "concerning" shall mean referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

17. The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

18. The terms "including" and "includes" mean "including but not limited to."

## INSTRUCTIONS

1. Each interrogatory shall be construed independently and should be answered fully and completely. No interrogatory shall limit the scope of any other interrogatory. If Plaintiff has any good faith objection to any interrogatory or any part of an interrogatory, Plaintiff shall identify

the part objected to and provide a response to the remaining, unobjectionable part. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of an interrogatory. If a partial or incomplete answer is provided, Plaintiff shall state the answer is partial or incomplete.

2. In answering these Interrogatories, furnish all information available to you, including information in the possession of your employees, agents, attorneys, consultants, investigators for your attorneys, or information otherwise subject to your possession and/or control, and not merely information from your own personal knowledge.

3. If, after conducting a reasonable investigation, a full answer cannot be provided for any interrogatory, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

4. The following Interrogatories are continuing in nature, so as to require that supplemental answers be provided if further or different information is obtained with respect to any interrogatory.

5. If any information is withheld under a claim of privilege, state the nature of the privilege claimed (*e.g.*, attorney-client communication or attorney work-product), time, place and those privy to the communication, and all foundational facts upon which you base such claim of privilege.

6. If you object to any portion of an interrogatory or object to providing certain information requested, state your objections, and answer the unobjectionable portion(s) of the interrogatories, and supply the unobjectionable information requested.

7. If any of the following interrogatories cannot be responded to in full after exercising reasonable diligence to secure the information, please so state, supply the information for those portions you are able to answer and supply whatever information you have concerning the portion

which cannot be answered in full.  If your response is qualified in any particular respect, set forth the details of such qualification.

**INTERROGATORIES**

**INTERROGATORY NO. 1.**

Identify by name, model number and any other identifying indicia any Qorvo BAW filter product, including any Wi-Fi 6/6E products using LTCC filters (collectively "Qorvo BAW filter product(s)"), that Qorvo sells or offers for sale in the United States that Qorvo contends competes with the "Akoustis BAW Filters" as defined by Qorvo and whether the Qorvo BAW filter product practices any of the claims of the asserted patents; and for each Qorvo BAW filter product, identify the basis for Qorvo's contentions; and identify person(s) with knowledge of the foregoing and documents relating to the foregoing.

**INTERROGATORY NO. 2.**

For each product identified in response to Interrogatory No. 1, describe in detail the structure, composition, and/or operation of the Qorvo BAW filter product(s), including describing any testing and analysis that Qorvo conducted and the outcomes of such analysis, and identify person(s) with knowledge of the foregoing and documents concerning the foregoing.

**INTERROGATORY NO. 3.**

For each product identified in response to Interrogatory No. 1, identify (a) the date it was first made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, (b) the date it was last made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, and (c) the three individuals having the most knowledge of its design, development, marketing, manufacture, testing, and sales.

**INTERROGATORY NO. 4.**

Identify each of Your past and present customers, distributors, or any other entity purchasing, sampling, or selling any product identified in response to Interrogatory No. 1, and, for each entity, identify the total number of units shipped or delivered and total sales in dollar value to or by each such entity for each calendar quarter of sales.

**INTERROGATORY NO. 5.**

Separately for each product identified in response to Interrogatory No. 1, identify the following financial data, on a quarterly basis, from October 4, 2015, to the present: (a) units sold; (b) location of sales; (c) gross revenues; (d) cost of goods sold; and (e) profit before taxes, net of any returns, allowances, or credits.

**INTERROGATORY NO. 6.**

Describe facts and circumstances sufficient to detail any licensing interests in the asserted patents and/or offers to license the asserted patents, including, but not limited to, the identification of all individuals or organizations who have ever licensed, or been offered a license, to the asserted patents, the identification of any license, settlement, or other agreements, including any draft agreements or negotiations, whether finalized or not, relating to licensing of the asserted patents, the dates of any licensing, or offers, and the amounts of any royalties or other payments exchanged; and identify person(s) with knowledge of the foregoing and documents concerning the foregoing.

**INTERROGATORY NO. 7.**

Describe in detail any and all damages sought in this litigation and the factual and legal basis for Qorvo's contention that it is entitled to such damages including, without limitation, the amount and nature of the alleged damages (*i.e.*, whether a reasonable royalty or lost profits and the amounts of each); the theories, assumptions and calculations used to determine the alleged damages; all documents supporting your contentions; and the person(s) most knowledgeable of the facts and evidence that establishes or supports your contentions.

**INTERROGATORY NO. 8.**

Describe in detail support for your allegations in the First Amended Complaint that Akoustis' false or misleading representations that its BAW filters are "single crystal" are material, including because they are likely to influence or has actually influenced the purchasing decisions of the target customers; including all documents supporting your contentions; and the persons most knowledgeable of the facts and evidence that establish or support your contentions.

**INTERROGATORY NO. 9.**

Describe in detail any support for your allegation in paragraph 118 of the First Amended Complaint that, among other things, Akoustis falsely marked the Accused Products with purpose or intent to deceive the public that the Accused Products were covered by U.S. Patent No. 10,256,786 in violation of 35 U.S.C. § 292; including all documents supporting your contentions; and the persons most knowledgeable of the facts and evidence that establish or support your contentions.

Dated: April 8, 2022

| | |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP | BAYARD, P.A. |
| David A. Jakopin<br>Dianne L. Sweeney<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>(650) 233-4500<br>david.jakopin@pillsburylaw.com<br>dianne@pillsburylaw.com | */s/ Ronald P. Golden III*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |
| Robert M. Fuhrer<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>(703) 770-7900<br>robert.fuhrer@pillsburylaw.com | *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* |
| David L. Stanton<br>725 S. Figueroa St., 36th Floor<br>Los Angeles, CA 90017<br>(213) 488-7100<br>david.stanton@pillsburylaw.com | |
| *Attorneys for Akoustis Technologies, Inc. and Akoustis, Inc.* | |