# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF QORVO, INC.'S FIRST SET OF REQUESTS FOR
ADMISSION (NOS. 1 – 93) TO DEFENDANTS AKOUSTIS
TECHNOLOGIES, INC. AND AKOUSTIS, INC.**

Under Rules 26 and 36 of the Federal Rules of Civil Procedure, Local Rule 26.1, Plaintiff

Qorvo, Inc. requests that Defendants Akoustis Technologies, Inc., and Akoustis, Inc. answer the

following Requests for Admissions ("Requests") separately and fully, in writing, under oath, and

according to the definitions and instructions below within thirty (30) days after service hereof.

The answer shall either admit the matter, specifically deny the matter, or set forth in detail the

reasons why the answering party cannot truthfully admit or deny the matter. Pursuant to Rule

36(a), if objection is made, the grounds therefore shall be stated. Unless a written answer or

objection to the Requests for Admission is received by the Office of Sheppard, Mullin,

Richter & Hampton LLP, 2099 Pennsylvania Avenue, NW, Suite 100, Washington, DC 20006,

within thirty (30) days of service of these Requests for Admission, they shall be deemed

admitted pursuant to Federal Rule of Civil Procedure 36.

███████████████████████████████

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  In these Requests, the following terms are to be given their ascribed definitions:

1.      The term "Plaintiff" or "Qorvo" means Qorvo, Inc., and any of its present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

2.      The terms "Defendants," "Akoustis," "you," and "your" mean, individually and collectively, defendants Akoustis Technologies, Inc., Akoustis, Inc., and any present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

3.      The term "'018 Patent" means U.S. Patent No. 7,522,018.

4.      The term "'755 Patent" means U.S. Patent No. 9,735,755.

5.      The term "Patents-in-Suit" means any patent asserted by Qorvo in any Complaint (including any amended complaints) in this matter, including one or all of the '018 Patent and the '755 Patent.

6.      The term "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Patent-in-Suit, including patents or patent applications:

      a.      from or through which any Patent-in-Suit directly or indirectly claims priority;

      b.      that claim priority to any Patent-in-Suit; or

c.      that are otherwise identified in any Patent-in-Suit as related to that patent.

7.      The term "'786 Patent" means U.S. Pat. No. 10,256,786.

8.      The term "'786 Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to the '786 Patent, including patents or patent applications:

a.      from or through which the '786 Patent directly or indirectly claims priority;

b.      that claim priority to the '786 Patent; or

c.      that are otherwise identified in the '786 Patent as related to that patent.

9.      The term "Confidential Information" shall mean sensitive commercial information relating to the conduct of Qorvo's business that is not publicly available.

10.     The term "communication" means transmittal of information—in the form of facts, ideas, inquiries, or otherwise—regardless of the manner in which communications took place including, but not limited to, personal conversations, correspondences, electronic mails, physical mails, telephone calls, telephone text messages, facsimile communications, voicemail, electronic messenger messages, or telegrams.

11.     The term "Complaint" means the complaint initiating the above-captioned action filed on or about October 4, 2021, by Plaintiff in the United States District Court for the District of Delaware, along with any amended complaints.

12.     The term "concerning" means referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

13.     The term "Document" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34(a) including, but not limited to, hard copies, electronically stored information, or physical objects (e.g., research and development samples, prototype devices,

production samples).  A draft, translation, or non-identical copy is treated as a separate Document from the original within the meaning of this term.

14.     The term "Thing" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34 including, but not limited to, physical specimens, or tangible items.

15.     The term "person" means any natural person, business entity, legal entity, governmental entity, or association.

16.     The term "Prior Art" is used in the broadest sense consistent with the use in 35 U.S.C. §§ 102, 103 including, but not limited to, patents, printed publications, prior knowledges, prior uses or implementations, prior sales, offers for sale, or other acts or events consistent with the use in 35 U.S.C. § 102, taken singly or in combination, and shall include Documents and Things.

17.     The terms "refer," "relate," and "respecting" are used in the broadest sense and include, but not limited to, directly or indirectly mentioning, discussing, representing, requesting, reflecting, demanding, analyzing, referencing, summarizing, noting, supporting, memorializing, commenting upon, describing, demonstrating, proving, disproving, supporting, contradicting, or evidencing the stated subject matter of the discovery request in any way.

18.     The terms "sale" and "sales" mean any public or private efforts in connection with the commercialization of a product—e.g., experimental, non-experimental, confidential, non-confidential, in the United States, outside the United States, offers for sale or license, actual sales or licenses, any advertising of the Akoustis BAW Filters—by or on behalf of Akoustis.

19.     The term "Plaintiff's Interrogatory No. 1" means Interrogatory No. 1 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

20. The term "Akoustis BAW Filter" means each bulk Akoustis wave filter products Akoustis has identified (or later identifies) in response to Plaintiff Interrogatory No. 1, including but not limited to the following: AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

21. The term "Electrode A" means the brown shaded portion of the Process Flow diagram of the "release and final structure" depicted in the XB1 Design Manual (AKTS_00000120-137) at step 8.9 (AKTS_00000126) that is outlined by the magenta annotation below.



22. The term "Electrode B" means the brown shaded portion of the Process Flow diagram of the "release and final structure" depicted in the XB1 Design Manual (AKTS_00000120-137) at step 8.9 (AKTS_00000126) that is outlined by the magenta annotation below.



23.    The term "First Piece of Molybdenum in Electrode A" means the brown shaded portion of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.1 (AKTS_00000124) that is outlined by the magenta annotation below.



24.    The term "Second Piece of Molybdenum in Electrode A" means the brown shaded portion of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.6 (AKTS_00000125) that is outlined by the magenta annotation below.



25.     The term "Third Piece of Molybdenum in Electrode A" means the brown shaded portions of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.7 (AKTS_00000125) that is outlined by the magenta annotation below.



26.     The term "First Piece of Molybdenum in Electrode B" means the brown shaded portion of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.6 (AKTS_00000125) that is outlined by the magenta annotations below.



27.     The term "Second Piece of Molybdenum in Electrode B" means the brown shaded portions of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.7 (AKTS_00000125) that are outlined by the magenta annotations below.



28.     The term "Third Piece of Molybdenum in Electrode B" means the brown shaded portions of the Process Flow diagram in the XB1 Design Manual (AKTS_00000120-137) at step 8.7 (AKTS_00000125) that is outlined by the magenta annotations below.



29.     The term "Fig 8.1" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.1.

30.     The term "Fig 8.2" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.2.

31.     The term "Fig 8.3" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.3.

32.     The term "Fig 8.4" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.4.

33.     The term "Fig 8.5" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.5.

34.     The term "Fig 8.6" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.6.

35.     The term "Fig 8.7" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.7.

36.     The term "Fig 8.8" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.8.

37.     The term "Fig 8.9" means the cross-section depicted in the Process Flow diagram of the XB1 Design Manual (AKTS_00000120-137) at step 8.9.

38.     The term "third party" means any Person other than Plaintiff or Akoustis.

39.     The terms "and," and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in context.

40.     The terms "including," and "includes" mean "including, but not limited to."

41.     The terms "any," and "all" shall include the other.

42.     The use of singular form of a noun or pronoun shall include, within its meaning, plural form of a noun or pronoun so used, and vice versa.

43.     The use of present tense shall include past tenses, unless otherwise specifically indicated in this discovery request.

44.     The use of masculine gender pronoun shall include, within its meaning, feminine gender pronoun, gender neutral pronoun, or gender inclusive pronoun, and vice versa.

████████████████████████████

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**     Admit that, as of the date of service of these Requests for Admission, all of your currently offered Akoustis BAW Filters are listed at the following site: https://akoustis.com/products/filters/applications/all-products/.

**REQUEST FOR ADMISSION NO. 2:**     Admit that, as of the date of service of these Requests for Admission, the AKF-1435 filter is not currently listed at the following site: https://akoustis.com/products/filters/applications/all-products/.

**REQUEST FOR ADMISSION NO. 3:**     Admit that you are not currently offering the AKF-1435 filter for sale.

**REQUEST FOR ADMISSION NO. 4:**     Admit that, as of the date of service of these Requests for Admission, you are not currently offering the AKF-1435 filter for sale with a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 5:**     Admit that, as of the date of service of these Requests for Admission, none of your currently offered Akoustis BAW Filters include a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 6:**     Admit that, since the last date that the AKF-1435 was sold, you have not sold any Akoustis BAW Filter that includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 7:**     Admit that, since the last date that the AKF-1435 was offered for sale, you have not offered for sale any Akoustis BAW Filter that includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 8:**      Admit that, since the last date that the AKF-1435 was manufactured, Akoustis has not manufactured any filter having a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 9:**      Admit that, since the last date that the AKF-1435 was manufactured, Akoustis has not manufactured any filter prototype having a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 10:**      Admit that each AKF-1435 sample provided to Qorvo's counsel (collectively, designated as "AKTS-SAMP_0024") includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 11:**      Admit that each AKF-1435 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0024") does not include a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 12:**      Admit that each AKF-1435 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0024") is in the same form, structure, and composition and in the same condition as those products that were sold or offered for sale in the normal course of Akoustis' business.

**REQUEST FOR ADMISSION NO. 13:**      Admit that each AKF-1435 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0024") is not in the same form, structure, and composition and is not in the same condition as those products that were sold or offered for sale in the normal course of Akoustis' business.

**REQUEST FOR ADMISSION NO. 14:**      Admit that each AKF-1435 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0024") is representative of a filter that Akoustis has offered for sale, sold, or provided for use in third party products.

**REQUEST FOR ADMISSION NO. 15:**   Admit that each AKF-1435 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0024") is not representative of any filter that Akoustis has offered for sale, sold, or provided for use in any third party products.

**REQUEST FOR ADMISSION NO. 16:**   Admit that each AKF-1252 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0001") includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 17:**   Admit that no AKF-1252 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0001") includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 18:**   Admit that each AKF-1252 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0001") is in the same form, structure, and composition and in the same condition as those products that were sold or offered for sale in the normal course of Defendants' business.

**REQUEST FOR ADMISSION NO. 19:**   Admit that each AKF-1252 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0001") is in the same form, structure, and composition and is in the same condition as the AKF-1252 product announced in Defendants' press release produced at QORVO_00024006-24009.

**REQUEST FOR ADMISSION NO. 20:**   Admit that each AKF-1252 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0001") is in the same form, structure, and composition and is in the same condition as the AKF-1252 product announced in Defendants' press release produced at QORVO_00024233-24235.

**REQUEST FOR ADMISSION NO. 21:**   Admit that each AKF-1938 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0023") includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 22:**   Admit that none of the AKF-1938 samples provided to Qorvo's counsel (designated as "AKTS-SAMP_0023") includes a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 23:**   Admit that each AKF-1938 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0023") is in the same form, structure, and composition and is in the same condition as those products that were sold or offered for sale in the normal course of Defendants' business.

**REQUEST FOR ADMISSION NO. 24:**   Admit that each AKF-1938 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0023") is in the same form, structure, and composition and is in the same condition as the AKF-1938 product announced in Defendants' press release produced at QORVO_00024051-24053.

**REQUEST FOR ADMISSION NO. 25:**   Admit that each AKF-1938 sample provided to Qorvo's counsel (designated as "AKTS-SAMP_0023") is in the same form, structure, and composition and is in the same condition as the AKF-1938 product announced in Defendants' press release produced at QORVO_00024309-24311.

**REQUEST FOR ADMISSION NO. 26:**   Admit that U.S. Provisional Application No. 15/647,098 does not include any disclosure of a BAW filter embodiment having a polycrystalline piezoelectric layer.

**REQUEST FOR ADMISSION NO. 27:**   Admit   that   U.S.   Provisional   Application   No. 15/647,098 only includes a disclosure of a BAW filter embodiment having a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 28:**   Admit that no claim of U.S. Patent No. 10,256,786 is entitled to the priority date of U.S. Provisional Application No. 15/647,098.

**REQUEST FOR ADMISSION NO. 29:**   Admit that claim 1 of U.S. Patent No. 10,256,786 is not entitled to the priority date of U.S. Provisional Application No. 15/647,098.

**REQUEST FOR ADMISSION NO. 30:**   Admit that claim 8 of U.S. Patent No. 10,256,786 is not entitled to the priority date of U.S. Provisional Application No. 15/647,098.

**REQUEST FOR ADMISSION NO. 31:**   Admit that claim 12 of U.S. Patent No. 10,256,786 is not entitled to the priority date of U.S. Provisional Application No. 15/647,098.

**REQUEST FOR ADMISSION NO. 32:**   Admit that claim 16 of U.S. Patent No. 10,256,786 is not entitled to the priority date of U.S. Provisional Application No. 15/647,098.

**REQUEST FOR ADMISSION NO. 33:**   Admit that the phrase "patented XBAW™ radio frequency filters" in Akoustis' investor presentations (e.g., AKTS_00000949) refers to at least one of the filters currently listed, as of the service date of these Requests for Admission, at the following site: https://akoustis.com/products/filters/applications/all-products/.

**REQUEST FOR ADMISSION NO. 34:**   Admit that the phrase "patented XBAW™ radio frequency filters" in Akoustis' investor presentations (e.g., AKTS_00000949) refers to all of the filters currently listed, as of the service date of these Requests for Admission, at the following site: https://akoustis.com/products/filters/applications/all-products/.

**REQUEST FOR ADMISSION NO. 35:**   Admit that at least one of the filters currently listed at  https://akoustis.com/products/filters/applications/all-products/  is not a "patented XBAW™

radio frequency filters" as that phrase is used in Akoustis' investor presentations (e.g., AKTS_00000949).

**REQUEST FOR ADMISSION NO. 36:**   Admit that none of the filters currently listed at https://akoustis.com/products/filters/applications/all-products/ are "patented XBAW™ radio frequency filters" as that phrase is used in Akoustis' investor presentations (e.g., AKTS_00000949).

**REQUEST FOR ADMISSION NO. 37:**   Admit that Akoustis has advertised its Akoustis BAW Filters as including its "single crystal" technology.

**REQUEST FOR ADMISSION NO. 38:**   Admit that Akoustis has told one or more of its customers that its currently offered Akoustis BAW Filters include "single crystal" technology.

**REQUEST FOR ADMISSION NO. 39:**   Admit that Akoustis has told prospective customers that its Akoustis BAW Filters include "single crystal" technology.

**REQUEST FOR ADMISSION NO. 40:**   Admit that Akoustis has discussed the benefits of "single crystal" technology in its sales pitches to prospective customers.

**REQUEST FOR ADMISSION NO. 41:**   Admit that Akoustis has discussed the benefits of "single crystal" technology in its Akoustis BAW Filters during its sales pitches to prospective customers.

**REQUEST FOR ADMISSION NO. 42:**   Admit that Akoustis has told one or more of its investors that its currently offered Akoustis BAW Filters include "single crystal" technology.

**REQUEST FOR ADMISSION NO. 43:**   Admit that Akoustis has told prospective investors that its Akoustis BAW Filters include "single crystal" technology.

**REQUEST FOR ADMISSION NO. 44:**   Admit that Akoustis has discussed the benefits of "single crystal" technology of its Akoustis BAW Filters in a presentation to prospective investors.

**REQUEST FOR ADMISSION NO. 45:**   Admit that Akoustis has discussed the benefits of "single crystal" technology in its Akoustis BAW Filters during its sales pitches to prospective customers.

**REQUEST FOR ADMISSION NO. 46:**   Admit that an Akoustis employee initiated, while employed by Akoustis, communications with Jon Robbins while Jon Robbins was employed at Qorvo.

**REQUEST FOR ADMISSION NO. 47:**   Admit that an Akoustis employee, while employed by Akoustis, initiated communications with Alan Nicol while Alan Nicol was employed at Qorvo.

**REQUEST FOR ADMISSION NO. 48:**   Admit that an Akoustis employee, while employed by Akoustis, initiated communications with Mike Meng while Mike Meng was employed at Qorvo.

**REQUEST FOR ADMISSION NO. 49:**   Admit that an Akoustis employee, while employed by Akoustis, initiated communications with Brian Ma while Brian Ma was employed at Qorvo.

**REQUEST FOR ADMISSION NO. 50:**   Admit that an Akoustis employee, while employed by Akoustis, initiated communications with Brian Trabert while Brian Trabert was employed at Qorvo.

**REQUEST FOR ADMISSION NO. 51:**   Admit that Rohan Houlden, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Rohan Houlden obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 52:**     Admit that Rohan Houlden, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 53:**     Admit that an Akoustis employee asked Mitali Pathak, while Mitali Pathak was employed by Qorvo, to share Qorvo Confidential Information with the Akoustis employee.

**REQUEST FOR ADMISSION NO. 54:**     Admit that Guillermo Granado, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Guillermo Granado obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 55:**     Admit that Guillermo Granado, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 56:**     Admit that Wendy Wright, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Wendy Wright obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 57:**     Admit that Wendy Wright, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 58:**     Admit that Robert Dry, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Robert Dry obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 59:**     Admit that Robert Dry, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 60:**     Admit that David Breton, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time David Breton obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 61:**   Admit that David Breton, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 62:**   Admit that William Schmid, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time William Schmid obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 63:**   Admit that William Schmid, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 64:**   Admit that Kindra Lane, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Kindra Lane obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 65:**   Admit that Kindra Lane, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 66:**   Admit that Paul Makowenskyj, while employed by Akoustis, obtained Qorvo Confidential Information from at least one person who was employed by Qorvo at the time Paul Makowenskyj obtained such Qorvo Confidential Information.

**REQUEST FOR ADMISSION NO. 67:**   Admit that Paul Makowenskyj, while employed by Akoustis, shared Qorvo Confidential Information with Akoustis.

**REQUEST FOR ADMISSION NO. 68:**   Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes at least one electroacoustic resonator.

**REQUEST FOR ADMISSION NO. 69:**   Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is manufactured in accordance with the process flow represented in the XB1 Design Manual (AKTS_00000120-137) at Figs. 8.1-8.9.

**REQUEST FOR ADMISSION NO. 70:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes at least one electroacoustic resonator including layers of material consistent with the layers of material represented in the XB1 Design Manual (AKTS_00000120-137) at Fig. 8.9 (AKTS_00000126).

**REQUEST FOR ADMISSION NO. 71:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes at least one electroacoustic resonator having a structure consistent with the structure represented in the XB1 Design Manual (AKTS_00000120-137) at Fig. 8.9 (AKTS_00000126).

**REQUEST FOR ADMISSION NO. 72:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes at least one electrostatic resonator having at least one membrane structure FBAR with a layer structure including a piezoelectric layer.

**REQUEST FOR ADMISSION NO. 73:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes a first electrode layer a portion of which is adjacent to one side of a piezoelectric layer (the "First Side"), and second electrode layer a portion of which is adjacent to another side of the piezoelectric layer (the "Second Side"), the First Side and the Second Side being opposite sides of the piezoelectric layer.

**REQUEST FOR ADMISSION NO. 74:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes a first electrode layer (the "First Electrode") a portion of which is adjacent to one side of a piezoelectric layer (the "First Side"), and second electrode layer (the "Second Electrode") a portion of which is adjacent to another side of the piezoelectric layer (the "Second Side"), the First Side and the Second Side

being opposite sides of the piezoelectric layer, the thickness of the First Electrode being unequal to the thickness of the Second Electrode within a portion of the active region.

**REQUEST FOR ADMISSION NO. 75:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes two electrodes having different thicknesses from one another within the active region.

**REQUEST FOR ADMISSION NO. 76:**    Admit that the bandwidth of each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is effected by a thickness difference between a first electrode and a second electrode in the respective bulk acoustic wave filter.

**REQUEST FOR ADMISSION NO. 77:**    Admit that the coupling factor, $k_r$, of each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is effected by a thickness difference between a first electrode and a second electrode in the respective bulk acoustic wave filter.

**REQUEST FOR ADMISSION NO. 78:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes an electrode layer corresponding to Electrode A, the material of the electrode layer including Molybdenum.

**REQUEST FOR ADMISSION NO. 79:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes an electrode layer corresponding to Electrode A, the electrode layer including a First Piece of Molybdenum in Electrode A, a Second Piece of Molybdenum in Electrode A and a Third Piece of Molybdenum in Electrode A.

**REQUEST FOR ADMISSION NO. 80:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes an electrode layer corresponding to Electrode B, the material of the electrode layer including Molybdenum.

**REQUEST FOR ADMISSION NO. 81:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes an electrode layer corresponding to Electrode B, the electrode layer including a First Piece of Molybdenum in Electrode B, a Second Piece of Molybdenum in Electrode B and a Third Piece of Molybdenum in Electrode B.

**REQUEST FOR ADMISSION NO. 82:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is a Bulk Acoustic Wave ("BAW") resonator.

**REQUEST FOR ADMISSION NO. 83:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes a passivation layer.

**REQUEST FOR ADMISSION NO. 84:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes an $SiO_2$ layer adjacent to at least one surface of the piezoelectric layer.

**REQUEST FOR ADMISSION NO. 85:**    Admit that all of the passivation layers in each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 includes a layer of material that is not $SiO_2$.

**REQUEST FOR ADMISSION NO. 86:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is made in the United States.

**REQUEST FOR ADMISSION NO. 87:**    Admit that the bulk acoustic wave filters identified by Akoustis in response to Plaintiff's Interrogatory No. 1 have been sold to customers in the United States.

**REQUEST FOR ADMISSION NO. 88:**    Admit that the bulk acoustic wave filters identified by Akoustis in response to Plaintiff's Interrogatory No. 1 have been offered for sale to customers in the United States.

**REQUEST FOR ADMISSION NO. 89:**    Admit that each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 is designed for use as a component of a radio frequency (RF) filter.

**REQUEST FOR ADMISSION NO. 90:**    Admit that Akoustis has analyzed each bulk acoustic wave filter identified by Akoustis in response to Plaintiff's Interrogatory No. 1 to determine whether it practices one or more claims of the '786 patent.

**REQUEST FOR ADMISSION NO. 91:**    Admit that none of the bulk acoustic wave filters identified by Akoustis in response to Plaintiff's Interrogatory No. 1 were sold with a structure having a single crystal piezoelectric layer.

**REQUEST FOR ADMISSION NO. 92:**    Excluding the '786 Patent, admit that none of the bulk acoustic wave filters identified by Akoustis in response to Plaintiff's Interrogatory No. 1 practice any United States patents that are owned by or licensed to Akoustis.

**REQUEST FOR ADMISSION NO. 93:**    Excluding the '786 Patent, admit that none of the bulk acoustic wave filters identified by Akoustis in response to Plaintiff's Interrogatory No. 1 practice any system or apparatus claim of any patents that are owned by or licensed to Akoustis.

███████████████████████████████████

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
    & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

July 25, 2022

23

██████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David A. Jakopin, Esquire                        *VIA ELECTRONIC MAIL*
Dianne L. Sweeney, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Robert M. Fuhrer, Esquire                        *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA  22102-4856
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

David L. Stanton, Esquire                        *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Theresa A. Roozen, Esquire                       *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)