# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF QORVO, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-3) TO
AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26.1, Local Rule 26.2, Plaintiff Qorvo, Inc. requests that Defendants Akoustis Technologies, Inc., and Akoustis, Inc. produce for inspection and copying at the offices of Sheppard, Mullin, Richter & Hampton LLP, 2099 Pennsylvania Avenue, NW, Suite 100, Washington, DC 20006, within thirty (30) days after the date of service, in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1. The term "Plaintiff" or "Qorvo" means Qorvo, Inc., and any of its present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

2. The terms "Defendants," "Akoustis," "You," and "Your" mean, individually and collectively, defendants Akoustis Technologies, Inc., Akoustis, Inc., and any present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

3. The term "Plaintiff's Interrogatory No. 1" means Interrogatory No. 1 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

4. The term "Plaintiff's Interrogatory No. 10" means Interrogatory No. 10 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

5. "Samples" means sample products with the same form, structure, and composition and in the same condition as those products that were sold or offered for sale in the normal course of Defendants' business.

## INSTRUCTIONS

The following instructions are applicable to each specific discovery request unless otherwise explicitly stated. These instructions and the above definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and attorneys.

1. These requests are continuing in character, so the requests require You to promptly—as soon as is reasonably possible after the Documents or Things are located or obtained—produce Documents and Things as provided by Fed. R. Civ. P. 26(e).

2. If You have any good faith objection to any requests or any part thereof, You shall state the specific nature of the objection and whether it applies to the entire request or to a part of the request. If there is an objection to any part of a request, then the part objected to

should be identified and Documents or Things responsive to the remaining unobjectionable part should be produced.

      3.      If You object to any request on the ground of privilege, You shall:

          a.      specify the nature of the privilege being claimed (including work product);

          b.      specify the facts supporting Your claimed privilege (including work product);

          c.      specify the general subject matter of the Documents or Things as to which the privilege is claimed;

          d.      specify the type of the Documents or Things;

          e.      provide a summary of the contents of the Documents or Things;

          f.      specify the date of the Documents or Things;

          g.      specify the name of the author or natural person making such Documents or Things;

          h.      Identify the addressees or recipients of the Documents or Things;

          i.      specify the relationship between the author or natural person making such Documents or Things, and the addressees or recipients of the Documents or Things;

          j.      specify other information as is sufficient to identify the Documents or Things including, but not limited to, the present location of the Documents or Things, the custodian of the Documents or Things, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other; and

          k.      produce the redacted Documents or Things not covered by Your claimed privilege (including work product).

4.      If You contend that information responsive to any request is incomplete, then You must explicitly provide, in writing, all responsive information of which You are now aware.

5.      If You have no Document or Thing responsive to any request, then You should explicitly state so, in writing, to the request.

6.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a reasonable and good faith search has been conducted.

7.      If You encounter any ambiguities when construing a request or definition, Your response shall explicitly explain, in writing, the matter You deemed ambiguous and Your construction used in responding in such request.

8.      If any requested Document or Thing is unavailable because it has been lost, discarded, or destroyed, You shall provide the following information, in writing, for each such item of unavailable Document or Thing: (a) description of the Document or Thing (e.g., type, general subject matter, content); (b) the location of all copies of the Document or Thing; (c) the date, and identity of the person responsible for its loss, destruction, transfer, or other action by which the Document or Thing left Your possession, custody, or control; and (d) description of how the Document or Thing became unavailable.

9.      If You, Your agents, Your accountants, Your representatives, or Your attorneys know of the existence, past or present, of any Document or Thing called for in a request, but such Document or Thing is not presently in Your, Your agents', Your accountants', Your representatives', or Your attorneys' custody, control, or possession, You shall explicitly state so, in writing, to the request, identify such Document or Thing in response to the request, and

identify the present or last known person who has or had possession, custody, or control of such Document or Thing.

10. If Documents or Things are produced, they should be produced as they are maintained in the normal course of business.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Provide ten Samples of each bulk acoustic wave filter product identified in response to Plaintiff's Interrogatory No. 1.

**REQUEST NO. 2:** Provide ten Samples of each bulk acoustic wave filter product identified as including a single crystal piezoelectric layer in response to Plaintiff's Interrogatory No. 10.

**REQUEST NO. 3:** For each product that (i) is identified as including a single crystal piezoelectric layer in response to Plaintiff's Interrogatory No. 10, and (ii) was only offered for sale but never sold: please provide all documents and things evidencing that such offer for sale was made, including but not limited to: electronic communications, advertisements, and promotional materials.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Jeremy A. Tigan (#5239) |
| Robert M. Masters | 1201 North Market Street |
| Jonathan R. DeFosse | P.O. Box 1347 |
| Timothy P. Cremen | Wilmington, DE  19899-1347 |
| SHEPPARD, MULLIN, RICHTER | (302) 658-9200 |
|    & HAMPTON LLP | jblumenfeld@morrisnichols.com |
| 2099 Pennsylvania Avenue, NW, Suite 100 | jtigan@morrisnichols.com |
| Washington, DC  20006-6801 | |
| (202) 747-1900 | *Attorneys for Plaintiff Qorvo, Inc.* |

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2645

April 6, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 6, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA  94304-1115<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA  22102-4856<br>*Attorneys for Defendants Akoustis*<br>*Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

2

David L. Stanton, Esquire  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
725 South Figueroa Street, 36th Floor  
Los Angeles, CA  90017-5524  
*Attorneys for Defendants Akoustis*  
*Technologies, Inc. and Akoustis, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)