# **EXHIBIT 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF QORVO, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 4 – 66) TO DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Local Rule 26.1, and Local Rule 26.2, Plaintiff Qorvo, Inc. requests that Defendants Akoustis Technologies, Inc., and Akoustis, Inc. produce for inspection and copying at the offices of Sheppard, Mullin, Richter & Hampton LLP, 2099 Pennsylvania Avenue, NW, Suite 100, Washington, DC 20006, within thirty (30) days after the date of service, in accordance with the Definitions and Instructions set forth below.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1. The term "Plaintiff" or "Qorvo" means Qorvo, Inc., and any of its present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

2. The terms "Defendants," "Akoustis," "You," and "Your" mean, individually and collectively, defendants Akoustis Technologies, Inc., Akoustis, Inc., and any present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

3. The term "'018 Patent" means U.S. Patent No. 7,522,018.

4. The term "'755 Patent" means U.S. Patent No. 9,735,755.

5. The term "Patents-in-Suit" means any patent asserted by Qorvo in any Complaint (including any amended complaints) in this matter, including one or all of the '018 Patent and the '755 Patent.

6. The term "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Patent-in-Suit, including patents or patent applications:

    a. from or through which any Patent-in-Suit directly or indirectly claims priority;

    b. that claim priority to any Patent-in-Suit; or

    c. that are otherwise identified in any Patent-in-Suit as related to that patent.

7. The term "Plaintiff's Interrogatory No. 1" means Interrogatory No. 1 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

8. The term "Plaintiff's Interrogatory No. 10" means Interrogatory No. 10 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

9. The term "Akoustis BAW Filter" means any bulk Akoustis wave filter product Akoustis has identified (or later identifies) in response to Plaintiff Interrogatory No. 1, including the following products: AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235,

AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

10. The term "Answer and Counterclaims" means any answer and counterclaims filed by Akoustis in the above-captioned action in the United States District Court for the District of Delaware, including any amended answer and counterclaims.

11. The term "Asserted Claims" means any claim of any Patent-in-Suit, including the '018 Patent and the '755 Patent, which Qorvo has asserted Akoustis to be infringing in any Complaint (including any amended complaint), infringement contention, or other disclosure identifying infringed claims. The term "Asserted Claim" means one of the Asserted Claims.

12. The term "'786 Patent" means U.S. Pat. No. 10,256,786.

13. The term "'786 Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to the '786 Patent, including patents or patent applications:

    a. from or through which the '786 Patent directly or indirectly claims priority;

    b. that claim priority to the '786 Patent; or

    c. that are otherwise identified in the '786 Patent as related to that patent.

14. The term "Confidential Information" shall mean sensitive commercial information relating to the conduct of Qorvo's business that is not publicly available.

15. The term "communication" means transmittal of information—in the form of facts, ideas, inquiries, or otherwise—regardless of the manner in which communications took place including, but not limited to, personal conversations, correspondences, electronic mails, physical mails, telephone calls, telephone text messages, facsimile communications, voicemail, electronic messenger messages, or telegrams.

16. The term "Complaint" means the complaint initiating the above-captioned action filed on or about October 4, 2021, by Plaintiff in the United States District Court for the District of Delaware, along with any amended complaints.

17. The term "concerning" means referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

18. The term "Document" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34(a) including, but not limited to, hard copies, electronically stored information, or physical objects (e.g., research and development samples, prototype devices, production samples). A draft, translation, or non-identical copy is treated as a separate Document from the original within the meaning of this term.

19. The term "Thing" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34 including, but not limited to, physical specimens, or tangible items.

20. The term "person" means any natural person, business entity, legal entity, governmental entity, or association.

21. The term "Prior Art" is used in the broadest sense consistent with the use in 35 U.S.C. §§ 102, 103 including, but not limited to, patents, printed publications, prior knowledges, prior uses or implementations, prior sales, offers for sale, or other acts or events consistent with the use in 35 U.S.C. § 102, taken singly or in combination, and shall include Documents and Things.

22. The terms "refer," "relate," and "respecting" are used in the broadest sense and include, but not limited to, directly or indirectly mentioning, discussing, representing, requesting, reflecting, demanding, analyzing, referencing, summarizing, noting, supporting, memorializing,

commenting upon, describing, demonstrating, proving, disproving, supporting, contradicting, or evidencing the stated subject matter of the discovery request in any way.

23. The terms "sale" and "sales" mean any public or private efforts in connection with the commercialization of a product—e.g., experimental, non-experimental, confidential, non-confidential, in the United States, outside the United States, offers for sale or license, actual sales or licenses, any advertising of the Akoustis BAW Filters —by or on behalf of Akoustis.

24. The term "third party" means any Person other than Plaintiff or Akoustis.

25. The terms "and," and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in context.

26. The terms "including," and "includes" mean "including, but not limited to."

27. The terms "any," and "all" shall include the other.

28. The use of singular form of a noun or pronoun shall include, within its meaning, plural form of a noun or pronoun so used, and vice versa.

29. The use of present tense shall include past tenses, unless otherwise specifically indicated in this discovery request.

30. The use of masculine gender pronoun shall include, within its meaning, feminine gender pronoun, gender neutral pronoun, or gender inclusive pronoun, and vice versa.

31. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

32. When referring to Documents, "to identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s).

## **INSTRUCTIONS**

The following instructions are applicable to each specific discovery request unless otherwise explicitly stated. These instructions and the above definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and attorneys.

1. These requests are continuing in character, so the requests require You to promptly—as soon as is reasonably possible after the Documents or Things are located or obtained—produce Documents and Things as provided by Fed. R. Civ. P. 26(e).

2. If You have any good faith objection to any requests or any part thereof, You shall state the specific nature of the objection and whether it applies to the entire request or to a part of the request. If there is an objection to any part of a request, then the part objected to should be identified and Documents or Things responsive to the remaining unobjectionable part should be produced.

3. If You object to any request on the ground of privilege, You shall:

    a. specify the nature of the privilege being claimed (including work product);

    b. specify the facts supporting Your claimed privilege (including work product);

    c. specify the general subject matter of the Documents or Things as to which the privilege is claimed;

    d. specify the type of the Documents or Things;

    e.  provide a summary of the contents of the Documents or Things;

    f.  specify the date of the Documents or Things;

    g.  specify the name of the author or natural person making such Documents or Things;

    h.  Identify the addressees or recipients of the Documents or Things;

    i.  specify the relationship between the author or natural person making such Documents or Things, and the addressees or recipients of the Documents or Things;

    j.  specify other information as is sufficient to identify the Documents or Things including, but not limited to, the present location of the Documents or Things, the custodian of the Documents or Things, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other; and

    k.  produce the redacted Documents or Things not covered by Your claimed privilege (including work product).

  4.  If You contend that information responsive to any request is incomplete, then You must explicitly provide, in writing, all responsive information of which You are now aware.

  5.  If You have no Document or Thing responsive to any request, then You should explicitly state so, in writing, to the request.

  6.  Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a reasonable and good faith search has been conducted.

  7.  If You encounter any ambiguities when construing a request or definition, Your response shall explicitly explain, in writing, the matter You deemed ambiguous and Your construction used in responding in such request.

8. If any requested Document or Thing is unavailable because it has been lost, discarded, or destroyed, You shall provide the following information, in writing, for each such item of unavailable Document or Thing: (a) description of the Document or Thing (e.g., type, general subject matter, content); (b) the location of all copies of the Document or Thing; (c) the date, and identity of the person responsible for its loss, destruction, transfer, or other action by which the Document or Thing left Your possession, custody, or control; and (d) description of how the Document or Thing became unavailable.

9. If You, Your agents, Your accountants, Your representatives, or Your attorneys know of the existence, past or present, of any Document or Thing called for in a request, but such Document or Thing is not presently in Your, Your agents', Your accountants', Your representatives', or Your attorneys' custody, control, or possession, You shall explicitly state so, in writing, to the request, identify such Document or Thing in response to the request, and identify the present or last known person who has or had possession, custody, or control of such Document or Thing.

10. If Documents or Things are produced, they should be produced as they are maintained in the normal course of business or should be organized and labeled to correspond with the categories in the request: (a) all associated labels, headings, and folders shall be produced together with each responsive Document or Thing; (b) Documents or Things containing markings that cannot be legibly or accurately copied shall be produced in their original form, otherwise, Plaintiff may produce photocopies; (c) each page of Document shall be given a discrete production number; (d) Documents or Things should be produced in electronic format, when possible; and (e) Documents or Things in electronic format should include metadata, and Optical Character Recognition for full and accurate text searching.

8

## REQUESTS FOR PRODUCTION

**REQUEST NO. 4:** Organizational charts sufficient to show the names, positions, titles, duties, roles, and reporting relationships of all officers, employees, and other personnel involved in, or supervising those involved in, the design, development, operation, manufacture, testing, marketing, offer for sale, or sale of any Akoustis BAW Filter.

**REQUEST NO. 5:** All Documents referring to any Patent-in-Suit, any Related Patent, or litigation relating to any Patent-in-Suit or Related Patent.

**REQUEST NO. 6:** All Documents that support any contention that an Akoustis BAW Filter does not infringe the Patents-in-Suit.

**REQUEST NO. 7:** All Documents relating to any communications between You, or anyone acting on Your behalf, and any other person relating to any Patent-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**REQUEST NO. 8:** All Documents relating to Your first awareness of each Patent-in-Suit.

**REQUEST NO. 9:** All Documents relating to any attempts to design around or modify the Akoustis BAW Filters to avoid infringement of any Patent-in-Suit.

**REQUEST NO. 10:** Documents sufficient to show the design, functionality, and performance of each version of each Akoustis BAW Filter, including physical and performance specifications, requirement documents, schematics, performance plots, manuals, drawings, guides, instructions, and layouts for each version of each Akoustis BAW Filter.

**REQUEST NO. 11:** All Documents discussing or detailing the development, prototyping, and testing of each version of each Akoustis BAW filter, including change logs, revision histories, development and prototype analyses, test protocols and results, and notebook entries.

**REQUEST NO. 12:**  All Documents discussing or detailing the manufacture and quality of each version of each Akoustis BAW Filter, including production plans, instructions, specifications, and flow plans, quality control specifications, plans, protocols, and parameters, and test protocols, plans, and results.

**REQUEST NO. 13:**  All Documents relating to any application by You to any private or governmental agency for registration, certification, or approval of any aspect of any Akoustis BAW Filter.

**REQUEST NO. 14:**  All Documents including or providing instructions to others on how to manufacture, install, integrate, or use any Akoustis BAW Filter alone or as part of a system, including any manuals, instructions, articles, data sheets, product specifications, implementation plans, and installation, mounting, or connection instructions.

**REQUEST NO. 15:**  All Documents relating to the advertising or promotion of any Akoustis BAW Filter, including any advertisements, promotions, or offers in any medium, social media or blog entries, overall strategies, plans, statements on Your website and in press releases, campaign parameters, brochures, pamphlets, catalogs, or price lists.

**REQUEST NO. 16:**  Documents sufficient to show Your advertising and promotion budgets and expenditures on a quarterly basis, from October 4, 2015 to the present.

**REQUEST NO. 17:**  All Documents relating to any conference, seminar, class, talk, video, social media post or entry, blog, promotion, exhibition, convention, or trade show at which any Akoustis BAW Filter was discussed, referred to, advertised, displayed, demonstrated, or shown.

**REQUEST NO. 18:**  All Documents referring to third-party patent rights identified as relevant to, or potentially relevant to, any Akoustis BAW Filter.

**REQUEST NO. 19:** Documents sufficient to show the first disclosure, first use, first offer for sale, first sale, first exportation, first importation, first demonstration, and first test of each Akoustis BAW Filter.

**REQUEST NO. 20:** All Documents relating to any decision not to include a single crystal piezoelectric layer in any Akoustis BAW Filter.

**REQUEST NO. 21:** Documents sufficient to identify all customers of Akoustis BAW filters.

**REQUEST NO. 22:** Documents sufficient to identify all customers of any Akoustis BAW filter that included a single crystal piezoelectric layer.

**REQUEST NO. 23:** All Documents relating to Defendant's policies and/or procedures to determine whether its products, systems, or services infringe any U.S. Patents.

**REQUEST NO. 24:** All Documents referring to actual or potential use of single crystal technology in connection with any Akoustis BAW Filter or other bulk acoustic wave filter.

**REQUEST NO. 25:** All Documents referring to advantages and/or disadvantages of single crystal technology.

**REQUEST NO. 26:** All Communications with any third party referring, directly or indirectly, to the crystal structure of BAW filters, including without limitation emails, letters, proposals, presentations, and bids sent to or exchanged with actual and potential customers, investors, or other funding sources.

**REQUEST NO. 27:** All Documents referring to the meaning of "BulkONE" and/or "XBAW."

**REQUEST NO. 28:** All Documents referring to the accuracy or inaccuracy of Akoustis's statements concerning single crystal technology, BulkONE technology, or XBAW technology.

**REQUEST NO. 29:** All Documents showing the crystal structure of each version of each Akoustis BAW Filter, including X-ray crystallography, any other images reflecting or referring

to the crystal structure of those Filters, and any test results reflecting or referring to the crystal structure of those Filters.

**REQUEST NO. 30:** All Documents that support, refute, or otherwise relate to the claim that any Akoustis BAW Filters—including those identified in response to Plaintiff Interrogatory No. 10—use single crystal technology.

**REQUEST NO. 31:** All Communications among Akoustis employees discussing or referencing any potential customer that ultimately became a customer of Akoustis, from the date of the first of such Communications up to and including the date that the potential customer became an actual customer of Akoustis (i.e., the date of the first completed purchase of any Akoustis BAW Filter by such customer).

**REQUEST NO. 32:** All Documents relating to any application by You to any private or governmental agency for grant funding related to BAW filter research or development.

**REQUEST NO. 33:** All Documents regarding Your patent marking policies or procedures pursuant to 35 U.S.C. § 287, including any Documents reflecting how marking decisions are made.

**REQUEST NO. 34:** All Documents relating to any efforts by or on behalf of Defendants to mark the Akoustis BAW Filters pursuant to 35 U.S.C. § 287.

**REQUEST NO. 35:** All Documents regarding whether or why any Akoustis BAW Filter may or may not practice any claim of the '786 Patent and/or Your decision to mark any Akoustis BAW Filter with the number of the '786 Patent.

**REQUEST NO. 36:** All Communications to actual or potential customers stating that any Akoustis BAW Filter is patented or practicing the claims of one or more patent.

**REQUEST NO. 37:** All Documents relating or referring to the '786 Patent or any '786 Related Patent, including invention disclosure Documents, lab notebooks, and Communications concerning the '786 Patent or any '786 Related Patent.

**REQUEST NO. 38:** All Documents that support, refute, or otherwise relate to Your assertion that Defendants have not falsely marked any Akoustis BAW Filter.

**REQUEST NO. 39:** All Documents related to hiring Qorvo employees to work for Akoustis.

**REQUEST NO. 40:** All Documents referring to Confidential Information.

**REQUEST NO. 41:** All Documents related or referring to efforts to obtain Confidential Information.

**REQUEST NO. 42:** All Communications including Robert Dry related to Qorvo, including Communications related to (i) BAW technology; (ii) Qorvo's patent pipeline; or (iii) information submitted to Qorvo's trade secret committee.

**REQUEST NO. 43:** All Communications including David Breton related to Qorvo, including Communications related to (i) the performance of Qorvo BAW filters; or (ii) the tools used at Qorvo to perform simulations as part of the research and development process.

**REQUEST NO. 44:** All Communications including Guillermo Moreno related to Qorvo, including Communications related to (i) the performance of Qorvo BAW filters; or (ii) the tools used at Qorvo to perform simulations as part of the research and development process.

**REQUEST NO. 45:** All Communications including William Schmid related to Qorvo, including Communications related to (i) Qorvo's testing procedures; or (ii) the software libraries that Qorvo uses in connection with testing products.

**REQUEST NO. 46:** All Communications including Kindra Lane related to Qorvo, including Communications related to (i) Qorvo's EFC modeling tool; (ii) Qorvo's internal financial targets;

(iii) Qorvo's mid- and long-term plans; (iv) Qorvo's costs relating to the manufacture of BAW filters; or (v) the identities of Qorvo's vendors.

**REQUEST NO. 47:** All Communications including Wendy Wright related to Qorvo, including Communications related to (i) Qorvo's customized IBP system; or (ii) Qorvo's use of "what-if" scenarios.

**REQUEST NO. 48:** All Communications including Paul Makowenskyj related to Qorvo, including Communications related to (i) Qorvo's product pipeline; (ii) the performance requirements for Qorvo products; or (iii) Qorvo's customers.

**REQUEST NO. 49:** All Communications between Akoustis and persons who were employed by Qorvo at the time of the communication.

**REQUEST NO. 50:** All Documents relating to Mitali Pathak.

**REQUEST NO. 51:** All Communications with or among members of Your Board of Directors concerning Qorvo or this litigation.

**REQUEST NO. 52:** Documents sufficient to show Defendant's quarterly research and development expenses.

**REQUEST NO. 53:** All Documents relating to Defendant's awareness of employment agreements between Qorvo and its employees and/or confidentiality obligations of former Qorvo employees to Qorvo.

**REQUEST NO. 54:** All Documents relating to any offer or agreement to indemnify a former Qorvo employee against any claim brought by Qorvo.

**REQUEST NO. 55:** All Documents relating to the BAW filter market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, or consumer surveys.

14

**REQUEST NO. 56:** All Documents relating to any products that compete with any Akoustis BAW Filter, including any analyses of the strengths or weaknesses of those products compared to any Akoustis BAW Filter.

**REQUEST NO. 57:** All Documents referring to features or attributes of BAW filters relevant to purchasing decisions, including but not limited to marketing studies, marketing plans, marketing surveys, competitive product analyses, and consumer surveys.

**REQUEST NO. 58:** All Documents referring to the desirability of the following attributes in BAW filters: high thermal conductivity, high acoustic velocity, improved power handling, high figure of merit ("FOM") value, high Q-factor, high effective coupling coefficient.

**REQUEST NO. 59:** Documents sufficient to show, for each Akoustis BAW Filter on a quarterly basis, the number of products manufactured in whole or in part in the United States.

**REQUEST NO. 60:** All contracts and agreements with other persons related to the manufacture, testing, sale, offer for sale, development, or marketing of any Akoustis BAW Filter.

**REQUEST NO. 61:** Documents sufficient to show, for each Akoustis BAW Filter on a quarterly basis, quantity sold, price, gross revenue, financial forecasts, terms and conditions of sale, customer name, and country of sale.

**REQUEST NO. 62:** Documents sufficient to show the profitability of each Akoustis BAW Filter, including revenues, costs of sale, order contributions, product margins, gross margins, financial forecasts, and operating profits.

**REQUEST NO. 63:** All Documents related to Akoustis' marketing and sales for the following products: EERO Eden, EERO Andytown, Sagemcom Safran Livebox, NetGear Orbi, Collins CNPC-1000.

**REQUEST NO. 64:** All Documents relating to any license, settlement, or other agreement taken, offered to or by, or accepted by You relating to any Akoustis BAW Filter or technology related to BAW filters, including the license agreement with Cornell Research Foundation, Inc. for U.S. Patent No. 7,250,360, and the license agreement with The Regents of the University of California for U.S. Patent Nos. 7,687,293 and 8,405,128.

**REQUEST NO. 65:** All Documents relating to any patent infringement indemnification provisions or agreements between You and any other person relating to any Akoustis BAW Filter.

**REQUEST NO. 66:** All Documents supporting, refuting, or otherwise relating to Plaintiff's allegations that it is entitled to a permanent injunction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

April 19, 2022

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 19, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA  94304-1115<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA  22102-4856<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017-5524<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

                       */s/ Jeremy A. Tigan*

                        Jeremy A. Tigan (#5239)