# **EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1417 (JPM) |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC. and | ) |
| AKOUSTIS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF QORVO, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 67 – 143) TO DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26.1, and Local Rule 26.2, Plaintiff Qorvo, Inc. requests that Defendants Akoustis Technologies, Inc., and Akoustis, Inc. produce documents and things for inspection and copying at the offices of Sheppard, Mullin, Richter & Hampton LLP, 2099 Pennsylvania Avenue, NW, Suite 100, Washington, DC 20006, within thirty (30) days after the date of service, in accordance with the Definitions and Instructions set forth below.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions:

1. The term "Plaintiff" or "Qorvo" means Qorvo, Inc., and any of its present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

2. The terms "Defendants," "Akoustis," "You," and "Your" mean, individually and collectively, defendants Akoustis Technologies, Inc., Akoustis, Inc., and any present or former affiliates, predecessors, successors, partners, subsidiaries, corporate parents, divisions, joint ventures, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, or any other person or entity acting on behalf of any of the foregoing.

3. The term "'018 Patent" means U.S. Patent No. 7,522,018.

4. The term "'755 Patent" means U.S. Patent No. 9,735,755.

5. The term "Patents-in-Suit" means any patent asserted by Qorvo in any Complaint (including any amended complaints) in this matter, including one or all of the '018 Patent and the '755 Patent.

6. The term "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Patent-in-Suit, including patents or patent applications:

    a. from or through which any Patent-in-Suit directly or indirectly claims priority;

    b. that claim priority to any Patent-in-Suit; or

    c. that are otherwise identified in any Patent-in-Suit as related to that patent.

7. The term "Plaintiff's Interrogatory No. 1" means Interrogatory No. 1 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

8. The term "Plaintiff's Interrogatory No. 10" means Interrogatory No. 10 in Plaintiff's First Set of Interrogatories served on February 23, 2022.

9. The term "Akoustis BAW Filter" means any bulk Akoustis wave filter product Akoustis has identified (or later identifies) in response to Plaintiff Interrogatory No. 1, including

the following products: AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

10. The term "Answer and Counterclaims" means any answer and counterclaims filed by Akoustis in the above-captioned action in the United States District Court for the District of Delaware, including any amended answer and counterclaims.

11. The term "Asserted Claims" means any claim of any Patent-in-Suit, including the '018 Patent and the '755 Patent, which Qorvo has asserted Akoustis to be infringing in any Complaint (including any amended complaint), infringement contention, or other disclosure identifying infringed claims. The term "Asserted Claim" means one of the Asserted Claims.

12. The term "'786 Patent" means U.S. Pat. No. 10,256,786.

13. The term "'786 Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to the '786 Patent, including patents or patent applications:

    a.    from or through which the '786 Patent directly or indirectly claims priority;

    b.    that claim priority to the '786 Patent; or

    c.    that are otherwise identified in the '786 Patent as related to that patent.

14. The term "Confidential Information" shall mean sensitive commercial information relating to the conduct of Qorvo's business that is not publicly available.

15. The term "Communication" means transmittal of information—in the form of facts, ideas, inquiries, or otherwise—regardless of the manner in which communications took place including, but not limited to, personal conversations, correspondences, electronic mails, physical

mails, telephone calls, telephone text messages, facsimile communications, voicemail, electronic messenger messages, or telegrams.

16.   The term "Complaint" means the complaint initiating the above-captioned action filed on or about October 4, 2021, by Plaintiff in the United States District Court for the District of Delaware, along with any amended complaints.

17.   The term "concerning" means referring to, relating to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request.

18.   The term "Document" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34(a) including, but not limited to, hard copies, electronically stored information, or physical objects (e.g., research and development samples, prototype devices, production samples).  A draft, translation, or non-identical copy is treated as a separate Document from the original within the meaning of this term.

19.   The term "Thing" is used in the broadest sense consistent with the definition in Fed. R. Civ. P. 34 including, but not limited to, physical specimens, or tangible items.

20.   The term "person" means any natural person, business entity, legal entity, governmental entity, or association.

21.   The term "Prior Art" is used in the broadest sense consistent with the use in 35 U.S.C. §§ 102, 103 including, but not limited to, patents, printed publications, prior knowledges, prior uses or implementations, prior sales, offers for sale, or other acts or events consistent with the use in 35 U.S.C. § 102, taken singly or in combination, and shall include Documents and Things.

22.   The terms "refer," "relate," and "respecting" are used in the broadest sense and include, but not limited to, directly or indirectly mentioning, discussing, representing, requesting,

reflecting, demanding, analyzing, referencing, summarizing, noting, supporting, memorializing, commenting upon, describing, demonstrating, proving, disproving, supporting, contradicting, or evidencing the stated subject matter of the discovery request in any way.

23. The terms "sale" and "sales" mean any public or private efforts in connection with the commercialization of a product—e.g., experimental, non-experimental, confidential, non-confidential, in the United States, outside the United States, offers for sale or license, actual sales or licenses, any advertising of the Akoustis BAW Filters—by or on behalf of Akoustis.

24. The term "third party" means any Person other than Plaintiff or Akoustis.

25. The terms "and," and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in context.

26. The terms "including," and "includes" mean "including, but not limited to."

27. The terms "any," and "all" shall include the other.

28. The use of singular form of a noun or pronoun shall include, within its meaning, plural form of a noun or pronoun so used, and vice versa.

29. The use of present tense shall include past tenses, unless otherwise specifically indicated in this discovery request.

30. The use of masculine gender pronoun shall include, within its meaning, feminine gender pronoun, gender neutral pronoun, or gender inclusive pronoun, and vice versa.

31. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

32. When referring to Documents, "to identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s).

## INSTRUCTIONS

The following instructions are applicable to each specific discovery request unless otherwise explicitly stated. These instructions and the above definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and attorneys.

1. These requests are continuing in character, so the requests require You to promptly—as soon as is reasonably possible after the Documents or Things are located or obtained—produce Documents and Things as provided by Fed. R. Civ. P. 26(e).

2. If You have any good faith objection to any requests or any part thereof, You shall state the specific nature of the objection and whether it applies to the entire request or to a part of the request. If there is an objection to any part of a request, then the part objected to should be identified and Documents or Things responsive to the remaining unobjectionable part should be produced.

3. If You object to any request on the ground of privilege, You shall:

    a. specify the nature of the privilege being claimed (including work product);

    b. specify the facts supporting Your claimed privilege (including work product);

    c. specify the general subject matter of the Documents or Things as to which the privilege is claimed;

6

    d.  specify the type of the Documents or Things;

    e.  provide a summary of the contents of the Documents or Things;

    f.  specify the date of the Documents or Things;

    g.  specify the name of the author or natural person making such Documents or Things;

    h.  Identify the addressees or recipients of the Documents or Things;

    i.  specify the relationship between the author or natural person making such Documents or Things, and the addressees or recipients of the Documents or Things;

    j.  specify other information as is sufficient to identify the Documents or Things including, but not limited to, the present location of the Documents or Things, the custodian of the Documents or Things, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other; and

    k.  produce the redacted Documents or Things not covered by Your claimed privilege (including work product).

4.  If You contend that information responsive to any request is incomplete, then You must explicitly provide, in writing, all responsive information of which You are now aware.

5.  If You have no Document or Thing responsive to any request, then You should explicitly state so, in writing, to the request.

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a reasonable and good faith search has been conducted.

7. If You encounter any ambiguities when construing a request or definition, Your response shall explicitly explain, in writing, the matter You deemed ambiguous and Your construction used in responding in such request.

8. If any requested Document or Thing is unavailable because it has been lost, discarded, or destroyed, You shall provide the following information, in writing, for each such item of unavailable Document or Thing: (a) description of the Document or Thing (e.g., type, general subject matter, content); (b) the location of all copies of the Document or Thing; (c) the date, and identity of the person responsible for its loss, destruction, transfer, or other action by which the Document or Thing left Your possession, custody, or control; and (d) description of how the Document or Thing became unavailable.

9. If You, Your agents, Your accountants, Your representatives, or Your attorneys know of the existence, past or present, of any Document or Thing called for in a request, but such Document or Thing is not presently in Your, Your agents', Your accountants', Your representatives', or Your attorneys' custody, control, or possession, You shall explicitly state so, in writing, to the request, identify such Document or Thing in response to the request, and identify the present or last known person who has or had possession, custody, or control of such Document or Thing.  If any Document, Thing, or Communication called for in a request is (or was) located on the personal account or device of an employee or agent of Akoustis who is (or was) using that account or device to conduct the business of Akoustis, then, for purposes of responding to these

8

requests, such Document, Thing, or Communication should be deemed to be in the custody, control, and possession of Akoustis at the time it existed on that account or device.

10. If Documents or Things are produced, they should be produced as they are maintained in the normal course of business or should be organized and labeled to correspond with the categories in the request: (a) all associated labels, headings, and folders shall be produced together with each responsive Document or Thing; (b) Documents or Things containing markings that cannot be legibly or accurately copied shall be produced in their original form, otherwise, Plaintiff may produce photocopies; (c) each page of Document shall be given a discrete production number; (d) Documents or Things should be produced in electronic format, when possible; and (e) Documents or Things in electronic format should include metadata, and Optical Character Recognition for full and accurate text searching.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 67:** All presentations to the Akoustis Board concerning single crystal technology.

**REQUEST NO. 68:** All versions of the XB1 design manual.

**REQUEST NO. 69:** All Communications with System Plus Consulting.

**REQUEST NO. 70:** All Documents referring to information obtained or learned from communications with Qorvo employees.

**REQUEST NO. 71:** All Communications with or referring to Jon Robbins.

**REQUEST NO. 72:** All Communications with or referring to Alan Nicol.

**REQUEST NO. 73:** All Communications with or referring to Mike Meng.

**REQUEST NO. 74:** All Communications with or referring to Brian Ma.

**REQUEST NO. 75:** All Communications with or referring to Brian Trabert.

**REQUEST NO. 76:** All Communications with Advance Technology Search concerning Qorvo, Qorvo employees, or former Qorvo employees.

**REQUEST NO. 77:** All Communications with Exec-Tek Solutions concerning Qorvo, Qorvo employees, or former Qorvo employees.

**REQUEST NO. 78:** All Communications with any third party concerning recruitment of Qorvo employees to work for Akoustis.

**REQUEST NO. 79:** All indemnification agreements signed with former Qorvo employees.

**REQUEST NO. 80:** All Documents and Communications referring to or relating to the "qorvo red list" (referenced in the document produced by Akoustis with Bates number AKTS_00021232) or related lists.

**REQUEST NO. 81:** All Documents referring to Qorvo's yield page.

**REQUEST NO. 82:** All Documents referring to Akoustis' attempts to develop a yield page.

**REQUEST NO. 83:** All Documents referring to the December 2019 Akoustis Investor Presentation (*see* AKTS_00002597-00002623), including all communications concerning edits, comments, or changes to drafts of the December 2019 Akoustis Investor Presentation.

**REQUEST NO. 84:** All Documents referring to the October 18, 2021 press release entitled "Akoustis Acquires Majority Ownership Position of RFM Integrated Device, Inc., a Fabless Supplier of Acoustic Wave RF Resonators and Filters" including all communications concerning edits, comments, or changes to drafts of October 18, 2021 press release.

**REQUEST NO. 85:** All Documents identified in Your Answer and Counterclaims or used, relied on or considered in drafting Your Answer and Counterclaims.

**REQUEST NO. 86:** All Documents identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered in drafting Your initial disclosures.

**REQUEST NO. 87:**  All Documents You received in response to any subpoenas propounded by You in connection with this case.

**REQUEST NO. 88:**  All Documents identified in Your responses to all interrogatories and requests for admissions or used, relied on, or considered by You in drafting Your responses to interrogatories or requests for admissions.

**REQUEST NO. 89:**  All Documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

**REQUEST NO. 90:**  Documents sufficient to describe all Your electronic data and document retention policies.

**REQUEST NO. 91:**  Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**REQUEST NO. 92:**  For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to acoustic resonators, thin-film bulk acoustic wave resonators, micro-electromechanical systems, nano-electromechanical systems, or crystalline structures in materials; (d) all Documents provided to that person in connection with this lawsuit; and (e) all Documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**REQUEST NO. 93:**  All Documents relating to any actual or potential litigation relating to any Patent-in-Suit or any Related Patent, including any minutes, notes, presentations, or other Documents from any meetings.

**REQUEST NO. 94:**  All Documents relating to any opinions of counsel relating to any Patent-in-Suit or any Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**REQUEST NO. 95:**  All Documents relating to any Prior Art collected, identified, or considered in relation to any Patent-in-Suit or any Related Patent, including existing English translations of any foreign patent or publication.

**REQUEST NO. 96:**  All Documents relating to any evidence of the obviousness or non-obviousness of any subject matter claimed in any Patent-in-Suit.

**REQUEST NO. 97:**  All Documents relating to any evidence of the alleged unenforceability of any Patent-in-Suit, including evidence related to any improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office.

**REQUEST NO. 98:**  All Documents relating to any claim by You that You have any right, title, or interest in any Patent-in-Suit, or any express or implied license to practice any subject matter claimed in any Patent-in-Suit.

**REQUEST NO. 99:**  All Documents relating to the meaning or scope of the asserted claims of any Patent-in-Suit, including any Documents on which You may rely to support any construction or interpretation of any claim limitation.

**REQUEST NO. 100:** Documents sufficient to show the locations of each step of the manufacture and testing of each Akoustis BAW Filter.

**REQUEST NO. 101:** All Documents relating to any invention disclosure, patent application, or patent, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, relating to any Akoustis BAW Filter, or that cites a Patent-in-Suit or a Related Patent.

**REQUEST NO. 102:** Documents sufficient to identify offers for sale relating to Akoustis BAW filters.

**REQUEST NO. 103:** All Documents relating to the use, including any proposed or planned use, of any Akoustis BAW Filter by any Akoustis customer.

**REQUEST NO. 104:** All Documents relating to offers to sell or sales by any Akoustis customer of products that contain any Akoustis BAW Filter.

**REQUEST NO. 105:** All Documents relating to the repair or maintenance of any Akoustis BAW Filter.

**REQUEST NO. 106:** All Documents relating to any analysis of whether Defendants' products infringe any U.S. Patent.

**REQUEST NO. 107:** All Documents referring to actual, planned, or proposed products that include single-crystal materials or single-crystal piezoelectric materials.

**REQUEST NO. 108:** All Documents referring to advantages and disadvantages of single crystal technology.

**REQUEST NO. 109:** All Documents comparing single crystal technology with polycrystalline technology.

**REQUEST NO. 110:** All Documents referring to Akoustis' development of single crystal technology, including Akoustis' capabilities to produce products using single crystal technology.

**REQUEST NO. 111:** All Communications referring to BulkONE or XBAW technology, including without limitation emails, letters, proposals, presentations, and bids sent to or exchanged with actual and potential customers, investors, or other funding sources.

**REQUEST NO. 112:** All marketing and promotional materials in any medium, including on Your website, on social media, in blog entries, in press releases, brochures, pamphlets, or catalogs, referring to single crystal technology.

**REQUEST NO. 113:** All marketing and promotional materials in any medium, including on Your website, on social media, in blog entries, in press releases, brochures, pamphlets, or catalogs, referring to BulkONE or XBAW technology.

**REQUEST NO. 114:** All Documents You contend show that Akoustis' statements concerning single crystal technology are true.

**REQUEST NO. 115:** Documents sufficient to identify all potential customers to whom Akoustis marketed Akoustis BAW Filters.

**REQUEST NO. 116:** All Documents concerning any Akoustis BAW Filter that refer to any patent.

**REQUEST NO. 117:** All Documents relating to the conception of each invention described or claimed in the '786 Patent (including U.S. Patent Application No. 62/360,904), including without limitation invention disclosure Documents and lab notebooks.

**REQUEST NO. 118:** All Documents relating to any actual or potential litigation relating to the '786 Patent or any '786 Related Patent, including any minutes, notes, presentations, or other Documents from any internal meetings.

**REQUEST NO. 119:** All Documents relating to any opinions of counsel relating to the '786 Patent or any '786 Related Patent, including opinions relating to infringement, validity, enforceability, scope, or ownership.

**REQUEST NO. 120:** All Documents relating to whether or why any Akoustis BAW Filter may or may not practice any claim of the '786 Patent or any '786 Related Patent.

**REQUEST NO. 121:** All Documents relating to any communications between You, or anyone acting on Your behalf, and any other person relating to the '786 Patent or any '786 Related Patent.

**REQUEST NO. 122:** All Documents relating to the meaning or scope of the claims of the '786 Patent or any '786 Related Patent, including any Documents on which You may rely to support any construction or interpretation of any claim limitation.

**REQUEST NO. 123:** All Documents related to attempts to hire Qorvo employees to work for Akoustis.

**REQUEST NO. 124:** All Documents relating to any advantages or disadvantages of any feature or functionality accused of infringement, including Documents relating to any features that drive consumer demand for any Akoustis BAW Filter.

**REQUEST NO. 125:** All Documents supporting, refuting, or otherwise relating to any allegation that You are entitled to attorney's fees and litigation costs.

**REQUEST NO. 126:** All Documents and Communications concerning the December 2021 issue of Wireless Watch, including any request to change aspects of any statements You provided to the publisher of Wireless Watch.

**REQUEST NO. 127:** All Documents concerning Qorvo's product pipeline.

**REQUEST NO. 128:** All Documents concerning Qorvo's prototypes or prototyping process.

**REQUEST NO. 129:** All Documents concerning Qorvo's product development process.

**REQUEST NO. 130:** All Documents concerning Qorvo's use of low temperature co-fired ceramic (LTCC) filters.

**REQUEST NO. 131:** All Documents and Communications referring to the technical knowledge of Qorvo's current or former employees.

**REQUEST NO. 132:** A certified translation of WO 02/093740 (produced at AKTS_00014405 - AKTS_00014485).

**REQUEST NO. 133:** A certified translation of P2001-250995A (produced at AKTS_00014636 - AKTS_00014644).

**REQUEST NO. 134:** A certified translation of DE 102 41 425 A1 (produced at AKTS_00014668 - AKTS_00014694).

**REQUEST NO. 135:** The current and all prior versions of the XB1 design manual (produced at AKTS_00000120 - AKTS_00000137).

**REQUEST NO. 136:** All current and prior versions of any XB2 design manuals.

**REQUEST NO. 137:** Documents and Things sufficient to show that Akoustis is, or is not, currently developing any filters or filter prototypes for future release that include a single crystal piezoelectric layer.

**REQUEST NO. 138:** Documents and Things including statements attributing the performance of Akoustis' filters to Akoustis' innovation in single crystal bulk acoustic wave technology.

**REQUEST NO. 139:** Documents and Things including statements attributing Akoustis' growth, in whole or in part, to Akoustis' innovation in single crystal bulk acoustic wave technology.

**REQUEST NO. 140:** Documents and Things including statements attributing Akoustis' ability to outperform competitors in the marketplace, in whole or in part, to Akoustis' innovation in single crystal bulk acoustic wave technology.

**REQUEST NO. 141:** Documents and Things including statements attributing Akoustis' success, in whole or in part, to Akoustis' innovation in single crystal bulk acoustic wave technology.

**REQUEST NO. 142:** Documents and Things listing or identifying Qorvo employees (whether current or former) who were offered a job by Akoustis, regardless of whether such employees accepted a position with Akoustis.

**REQUEST NO. 143:** Documents and Things referring or relating to each former Qorvo employee hired by Akoustis before that individual was hired by Akoustis.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900

Trevor J. Quist
SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
1540 El Camino Real
Menlo Park, CA 94025
(650) 815-2600

June 24, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

17

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David A. Jakopin, Esquire<br>Dianne L. Sweeney, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Robert M. Fuhrer, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1650 Tysons Boulevard, 14th Floor<br>McLean, VA 22102-4856<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| David L. Stanton, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA 90017-5524<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Theresa A. Roozen, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1200 Seventeenth Street, NW<br>Washington, DC 20036-3006<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

                                              */s/ Jeremy A. Tigan*

                                              Jeremy A. Tigan (#5239)