# EXHIBIT 15

| | |
|---|---|
| **From:** | Roy Jung <rjung@sheppardmullin.com> |
| **Sent:** | Monday, May 6, 2024 9:57 AM |
| **To:** | Elodie Currier; Blumenfeld, Jack; Anthony David Raucci; Eric Gill; Jennifer Klein Ayers; Tigan, Jeremy A.; Jonathan DeFosse; Robert Masters; Zachary Alper; Timothy Cremen; Elkins, David S.; Ronald P. Golden III; Lemieux, Ronald S.; sbrauerman_bayardlaw.com; Smith, Victoria; Stanford, Matthew A.; Cai, Xiaomei |
| **Cc:** | Jon McCalla; Jeff Sample |
| **Subject:** | [EXT] RE: Draft Verdict Form (21-1417) |
| **Attachments:** | Draft List of Trade Secrets for Jurors.docx; 21-1417 - Special Verdict Form 5.5 DRAFT No SoL (With Qorvo May 6 Comments).docx |

Dear Ms. Currier,

I write on behalf of Plaintiff Qorvo, Inc.  Please find attached Qorvo's written comments to the amended draft special verdict form.  We are providing the comments in redline.  Given the Court's preference to ask the jurors to address the trade secrets individually in Question 1(a), Qorvo respectfully proposes the following:

1)  Modifying the verdict form so that the trade secrets are numbered in the way that Qorvo intends to identify them at trial (by Trade Secret Group and number within that group).  For Example, Trade Secret 1.1, 1.2, and 1.3 would be the first three trade secrets in Trade Secret Group 1.  We believe this will aid juror comprehension.

2)  Providing the jurors with a list of the alleged trade secrets.  Qorvo believes that having a list will also assist the jurors in responding to Question 1(a).  A draft of the proposed list is attached.  (The Court will note that Qorvo has further reduced the number of trade secrets it will present to the jury from 104 to 46.)  The Court in *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group, Inc.* adopted a similar approach.  *See* 68 F.4th 792, 801 (2d Cir. 2023) ("The jury was provided, for its viewing, a court exhibit—jointly submitted by the parties—listing each asserted trade secret by name.").  Alternatively, if the Court does not wish to provide the jurors with a separate list of the trade secrets, Qorvo proposes modifying the verdict form to identify the trade secrets by short name in the form itself.  Qorvo can provide a proposal if the Court would prefer to proceed in this manner.

Respectfully Submitted,

Roy Jung | Associate
+1 240-791-9311 | cell

---

**From:** Elodie Currier <Elodie_Currier@tnwd.uscourts.gov>
**Sent:** Sunday, May 5, 2024 12:27 PM
**To:** Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Anthony David Raucci <araucci@morrisnichols.com>; Eric Gill <EGill@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Jonathan DeFosse <JDeFosse@sheppardmullin.com>; Robert Masters <RMasters@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Zachary Alper <zalper@sheppardmullin.com>; Timothy Cremen <TCremen@sheppardmullin.com>; david.elkins@squirepb.com; Ronald P. Golden III <rgolden@bayardlaw.com>; ronald.lemieux@squirepb.com; sbrauerman_bayardlaw.com <sbrauerman@bayardlaw.com>; victoria.smith@squirepb.com; matthew.stanford@squirepb.com; xiaomei.cai@squirepb.com
**Cc:** Jon McCalla <Jon_McCalla@tnwd.uscourts.gov>; Jeff Sample <Jeffrey_Sample@tnwd.uscourts.gov>
**Subject:** Re: Draft Verdict Form (21-1417)

It is the Court's understanding from Parties' proposed revisions to the Preliminary Jury Instructions that the Statute of Limitations issue may be dropped. If that is the case, please find attached a redrafted special verdict form.

Written objections and/or comments should be submitted no later than 12:00 noon on Monday, May 6, 2024.

---

**From:** Elodie Currier
**Sent:** Sunday, May 5, 2024 10:18 AM
**To:** Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Anthony David Raucci <araucci@morrisnichols.com>; Eric Gill <egill@sheppardmullin.com>; jayers@sheppardmullin.com <jayers@sheppardmullin.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>; Jonathan DeFosse <jdefosse@sheppardmullin.com>; Robert Masters <rmasters@sheppardmullin.com>; Roy Jung <rjung@sheppardmullin.com>; Zachary Alper <zalper@sheppardmullin.com>; Timothy Cremen <tcremen@sheppardmullin.com>; david.elkins@squirepb.com <david.elkins@squirepb.com>; Ronald P. Golden III <rgolden@bayardlaw.com>; ronald.lemieux@squirepb.com <ronald.lemieux@squirepb.com>; sbrauerman_bayardlaw.com <sbrauerman@bayardlaw.com>; victoria.smith@squirepb.com <victoria.smith@squirepb.com>; matthew.stanford@squirepb.com <matthew.stanford@squirepb.com>; xiaomei.cai@squirepb.com <xiaomei.cai@squirepb.com>
**Cc:** Jon McCalla <Jon_McCalla@tnwd.uscourts.gov>; Jeff Sample <Jeffrey_Sample@tnwd.uscourts.gov>
**Subject:** Draft Verdict Form (21-1417)

Please review the attached draft special verdict form. Written objections and/or comments should be submitted no later than 12:00 noon on Monday, May 6, 2024.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

-1-

5.5.2024 11:00 AM DRAFT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:21-cv-01417-JPM |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL VERDICT FORM**

## INSTRUCTIONS

When answering the following questions and completing this Verdict Form, please follow the directions provided on each page that follows and the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used in this Verdict Form:

1. "Plaintiff" and "Qorvo" both refer to Plaintiff Qorvo, Inc.

2. "Defendants" and "Akoustis" both collectively refer to defendants Akoustis Technologies, Inc. and Akoustis, Inc.

3. "Asserted Patents" refers collectively to U.S. Patent No. 7,522,018 and U.S. Patent No. 9,735,755.

4. "'018 Patent" refers to U.S. Patent No. 7,522,018.

5. "'755 Patent" refers to U.S. Patent No. 9,735,755.

## QUESTIONS AND ANSWERS

We, the jury, unanimously find as follows:

### TRADE SECRET MISAPPROPRIATION UNDER
### THE DEFEND TRADE SECRETS ACT AND
### THE NORTH CAROLINA TRADE SECRET ACT

**For each of the ALLEGED TRADE SECRETS that Plaintiff Qorvo presented at trial, please answer the following questions as instructed in this section:**

**Question No. 1(a):**

*Please write "YES" or "NO" in each column of the table below.*

| ALLEGED TRADE SECRET | Has Qorvo established by the greater weight or preponderance of the evidence that Akoustis is liable for trade secret misappropriation for this trade secret? | Has Qorvo established by a greater weight or preponderance of the evidence that Akoustis was unjustly enriched by misappropriating this trade secret? |
|---|---|---|
| **Group 1: Qorvo's business plans for Wi-Fi products** | | |
| 1.1 | | |
| 1.2 | | |
| 1.3 | | |
| 1.4 | | |
| 1.5 | | |
| 1.6 | | |
| **Group 2: Qorvo's BAW filter and resonator designs** | | |
| 2.1 | | |
| 2.2 | | |
| 2.3 | | |
| 2.4 | | |
| 2.5 | | |
| 2.6 | | |
| 2.7 | | |
| 2.8 | | |
| 2.9 | | |
| 2.10 | | |
| 2.11 | | |
| 2.12 | | |
| 2.13 | | |
| 2.14 | | |

5.5.2024 11:00 AM DRAFT

| | | |
|---|---|---|
| 2.15 | | |
| 2.16 | | |
| **Group 3: Qorvo's trimming method and procedures** | | |
| 3.1 | | |
| 3.2 | | |
| 3.3 | | |
| **Group 4: Qorvo's evaluation board design rules and schematics** | | |
| 4.1 | | |
| **Group 5: Qorvo's product development process and testing procedures** | | |
| 5.1 | | |
| 5.2 | | |
| 5.3 | | |
| 5.4 | | |
| 5.5 | | |
| **Group 6: Qorvo's product development process and testing procedures** | | |
| 6.1 | | |
| 6.2 | | |
| 6.3 | | |
| 6.4 | | |
| 6.5 | | |
| 6.6 | | |
| **Group 7: Qorvo's manufacturing and assembly procedures** | | |
| 7.1 | | |
| 7.2 | | |
| 7.3 | | |
| 7.4 | | |
| **Group 8: Qorvo's product roadmaps and product prototypes** | | |
| 8.1 | | |
| 8.2 | | |
| 8.3 | | |
| 8.4 | | |
| 8.5 | | |

5.5.2024 11:00 AM DRAFT

*IF YOU ANSWERED "YES" IN BOTH COLUMNS FOR ANY ALLEGED TRADE SECRET IN QUESTION 1(a), THEN ANSWER QUESTIONS 1(b) AND 1(c) BELOW.  IF YOU DID NOT ANSWER "YES" IN BOTH COLUMNS FOR ANY ALLEGED TRADE SECRET IN QUESTION 1(a), WRITE "N/A" IN QUESTION 1(b) AND 1(c) AND MOVE ON TO QUESTION 2.*

5.5.2024 11:00 AM DRAFT

**Question No. 1(b):**

State the amount Akoustis was unjustly enriched by misappropriating Qorvo's trade secrets as to which you have answered "Yes" and "Yes" in Question 1(a) above.

$ _____

**Question No. 1(c)**

Was Akoustis's misappropriation of any of Qorvo's trade secrets as to which you answered "Yes" and "Yes" in Question 1(a) above willful and malicious? *Please write "YES," "NO," or "N/A" on the line below.*

_____

***IF YOU ANSWERED "YES" TO QUESTION 1(c), ANSWER QUESTION 1(d) BELOW.  IF YOU ANSWERED "NO" OR "N/A" TO QUESTION 1(c), WRITE "N/A" ON QUESTION 1(d) AND MOVE ON TO QUESTION 2.***

**Question No. 1(d)**

What amount of exemplary damages, if any, do you award to Qorvo against Akoustis?

$ _____

5.5.2024 11:00 AM DRAFT

## <u>CIVIL CONSPIRACY</u>

**<u>Question No. 2(a):</u>**
Has Qorvo proven by a preponderance of the evidence its Civil Conspiracy claim against Akoustis?
*Please write "YES" or "NO" on the line below.*

_____

***ANSWER QUESTION 2(b) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(a). OTHERWISE, DO NOT ANSWER AND MOVE ON TO QUESTION 3.***

**<u>Question No. 2(b):</u>**
Do you find that Qorvo has proven by a preponderance of the evidence that actual damage to Qorvo was caused by the conspiracy?
*Please write "YES" or "NO" on the line below.*

_____

***ANSWER QUESTIONS 2(c) ONLY IF YOU ANSWERED "YES" TO QUESTION 2(b). OTHERWISE, DO NOT ANSWER QUESTION 2(c) AND MOVE ON TO QUESTION 3.***

**<u>Question No. 2(c):</u>**
What amount of damages for actual loss, if any, were caused by Akoustis' action and thus you award to Qorvo against Akoustis?

$_____

5.5.2024 11:00 AM DRAFT

## **FALSE ADVERTISING UNDER THE LANHAM ACT**

**Question No. 3(a):**

Has Qorvo proven by a preponderance of the evidence each of the elements of its False Advertising claim against Akoustis?  *Please write "YES" or "NO" on the line below.*

_____

***ANSWER QUESTION 3(b) ONLY IF YOU ANSWERED "YES" TO QUESTION 3(a). OTHERWISE, DO NOT ANSWER AND MOVE ON TO QUESTION 4.***

**Question No. 3(b):**

What damages, if any, did Qorvo prove by a preponderance of the evidence it is entitled to for Akoustis' false advertising under the Lanham Act?

$_____

### UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER NORTH CAROLINA LAW

**Question No. 4(a):**
Has Qorvo proven by a preponderance of the evidence its Unfair and Deceptive Trade Practices Act claim against Akoustis?
*Please write "YES" or "NO" on the line below.*

_____

***ANSWER QUESTION 4(b) ONLY IF YOU ANSWERED "YES" TO QUESTION 4(a). OTHERWISE, DO NOT ANSWER AND MOVE ON TO QUESTION 5.***

**Question No. 4(b):**
Did Qorvo prove by a preponderance of the evidence damages caused by Akoustis' action(s) for the alleged unfair and deceptive practices?
*Please write "YES" or "NO" on the line below.*

_____

***ANSWER QUESTION 4(c) ONLY IF YOU ANSWERED "YES" TO QUESTION 4(b). OTHERWISE, DO NOT ANSWER AND MOVE ON TO QUESTION 5.***

**Question No. 4(c):**
What damages, if any, did Qorvo prove by a preponderance of the evidence it is entitled to for Akoustis' unfair and deceptive trade practices?

$_____

5.5.2024 11:00 AM DRAFT

## PATENT INFRINGEMENT

**Question No. 5(a):**

Do you find that Qorvo has proven by a preponderance of the evidence that the claims of the '018 or the '755 Patents have been infringed? *Please write "YES" or "NO" in each box below.*

| PATENT CLAIM | VERDICT |
|---|---|
| '018 Patent, Claim 1 | |
| '018 Patent, Claim 12 | |
| '755 Patent, Claim 9 | |
| '755 Patent, Claim 10 | |

*ONLY ANSWER THE FOLLOWING QUESTION 5(b) AND 5(c) IF YOU ANSWERED "YES" TO ANY PART OF QUESTION 5(a). OTHERWISE, DO NOT ANSWER QUESTION 5(b) OR 5(c) AND MOVE DIRECTLY TO THE UNANIMOUS VERDICT PAGE.*

**Question No. 5(b) (damages)**

What do you find is the amount of damages, if any, that should be paid to Qorvo for the infringement of each Asserted Patent, to compensate for the damages caused by Akoustis' infringement?

'018 Patent: $_____

'755 Patent: $_____

**Question No. 5(c):**

Did Qorvo prove by a preponderance of the evidence that Akoustis' infringement of the '018 or '755 patent was willful? *Please write "YES" or "NO" in each box below.*

| PATENT CLAIM | VERDICT |
|---|---|
| '018 Patent, Claim 1 | |
| '018 Patent, Claim 12 | |
| '755 Patent, Claim 9 | |
| '755 Patent, Claim 10 | |

5.5.2024 11:00 AM DRAFT

# <u>UNANIMOUS VERDICT</u>

*Upon reaching a unanimous verdict on each question above, the presiding juror must sign and each juror must sign below.* We, the jury, unanimously agree to the answers to the above questions and return them under the instructions of this Court as our verdict in this case.

_____

Date:

_____

Presiding Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror