# EXHIBIT 24

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| | ) | C.A. No. 21-1417-JPM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | |
| AKOUSTIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC.'S FIFTH
SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES (NOS. 1-10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants

Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis" or "Defendants") hereby

submit the following Fifth Supplemental Responses to Qorvo, Inc.'s ("Plaintiff" or "Qorvo")

First Set of Interrogatories (also referred to as "Request(s)").

**PRELIMINARY STATEMENT**

1.      Defendants have not completed their investigation of the facts relating to this

case, nor have they completed their factual preparation for trial or received the benefit of expert

opinion and analysis.  The information provided in these responses is based on the information

presently known and reasonably available to Defendants after review of existing discovery and a

reasonable investigation.  Defendants' responses are based on current information and materials

currently in Defendants' possession, custody or control including the current state of the

pleadings including the First Amended Complaint which has been challenged under Rule 12.

Because Defendants' investigation is continuing and discovery has just begun, additional

documents responsive to these Requests may be identified before trial.  Defendants reserve their

1

right to introduce at trial, or other proceedings related to this action, information or documents not identified in response to these Requests, which becomes known or available to Defendants or the relevance of known information and documents becomes apparent after the date of these responses.  Defendants reserve their right to supplement these responses and/or to otherwise make available to Plaintiff such information and documents at appropriate points throughout this litigation and without prejudice to Defendants.  Defendants also reserve the right to change, modify, or enlarge the following objections and/or responses based on amendments to pleadings, additional information, further analysis, and/or in light of other events in the litigation. Defendants' production of a particular document is not an admission that it is responsive to any particular Request.

2.      Any representation to the effect that Defendants will produce responsive, non-privileged documents should not be construed as an admission that responsive, non-privileged documents actually exist.  Rather, it should be construed simply as a representation that Defendants will produce responsive, non-privileged documents should any be found.

## GENERAL OBJECTIONS

1.      As used herein, "Privileged Document(s)" or "Privileged Information" means any documents or things, including communications, and information that are protected by the attorney-client privilege, the work product immunity, the consulting expert exemption from discovery, the common interest or joint defense privilege, settlement privilege, or any other applicable constitutional, statutory, or common law privilege, exemption, or immunity, including but not limited to those contained within the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable statute or case law.  To the extent any Request may be construed as calling for information protected by such privileges or doctrines, Defendants hereby make a continuing objection to each and every Request.

2.      Defendants' responses and any productions are expressly made subject to the

2

ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER

parties' Stipulated Protective Order ("Protective Order") (Dkt. 57), and Defendants will produce documents and electronically stored information ("ESI") pursuant to the Agreement and Order on Document and ESI Discovery ("ESI Protocol") (Dkt. 61). Defendants object to the Requests to the extent they infringe upon the privacy rights of other persons, and to the extent they seek documents of a confidential or proprietary nature including, without limitation, trade secrets, commercially sensitive information, and confidential financial information.

3.      Defendants object to the Requests to the extent that they seek information that is not related to the claims and defenses in this case, or are not proportional to the need of this case, on the ground that such Requests seek materials beyond the permissible scope of discovery under Fed. R. Civ. Proc. 26(b)(1).

4.      Defendants object to the Requests to the extent they seek information from any person or entity other than Akoustis.  Akoustis' responses are limited to its corporate knowledge based on a reasonable investigation.

5.      By responding to these Requests, Akoustis does not waive any objection that may be applicable to the use, for any purpose, by Qorvo of any information given in response or the admissibility, privilege, relevancy, authenticity, or materiality of any information relating to any issue in the case.  Akoustis expressly reserves the right to object (i) to the use of these responses or the subject matter contained herein during any subsequent proceeding, including the trial of this or any other action; and (ii) on any ground to any Request for further responses to these or any other discovery requests involving or related to the subject matter of these Requests. Akoustis is willing to meet and confer on any and all objections and responses to these Requests, including objections to Qorvo's Definitions and Instructions.

6.      Akoustis' responses herein shall not constitute Akoustis' agreement with or acquiescence to any Request, definition, or instruction that contains inaccurate, incomplete, or misleading descriptions of the facts, events, and pleadings underlying this action.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Akoustis objects to any Qorvo Instructions to the extent they seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or are inconsistent with the terms of the Protective Order and/or ESI Protocol.  Akoustis' response will be consistent with its obligations to respond under the law and subject to the Preliminary Statement, objections and responses set forth herein.

2.      Akoustis objects to the Requests to the extent they call for production of documents within 30 days of the date of the Requests.  Akoustis will produce documents, as needed, on a rolling basis as it completes its investigations in compliance with the Federal Rules of Civil Procedure and consistent with the Scheduling Order (D.I. 23).  Akoustis also objects to any Requests that seek information prematurely in view of Local Patent Rules of the United States District Court for the Western District of Tennessee ("LPR" or "Local Patent Rules").

3.      Akoustis objects to these Requests as vague and ambiguous to the extent they fail to specify a relevant time period, and further objects to the extent any Request purports to seek information or documents beyond the time limitations on damages set forth in 35 U.S.C. § 286. Akoustis objects to these Requests to the extent any Request seeks information more than 6 years preceding the initiation of patent infringement claims against any products readied for production and/or offered or otherwise available for sale, and Akoustis has responded to these Requests based on that understanding.

4.      Akoustis objects to Qorvo's Definitions to the extent they seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Scheduling Order, the Local Rules of the United States District Court for the District of Delaware ("Local Rules") or the Local Patent Rules, the Protective Order, or the ESI Protocol.

5.      Akoustis objects to Qorvo's definition of the term "Qorvo" or "Plaintiff" to the extent it refers to any entity or person other than Qorvo, Inc.  As used herein, "Qorvo" or "Plaintiff" means Qorvo, Inc.

6.      Akoustis objects to Qorvo's definition of the term "Defendants," "You," or "Your" as vague and overly broad and to the extent it purports to include entities and persons that are not a party to this action.  As used in these responses, "Akoustis" shall mean Akoustis Technologies, Inc. and Akoustis, Inc. and its current employees.

7.      Akoustis objects to Qorvo's definition of "Related Patents" as vague, ambiguous, and confusing, including reference to patent applications, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, to only those identified asserted patents defined by Qorvo as "Patent(s)-in-Suit" (*i.e.*, the '018 Patent and the '755 Patent).

8.      Akoustis objects to Qorvo's definition of "Akoustis BAW Filters" as vague, ambiguous, overbroad, and confusing, including reference to "any [all] related device[s]," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections or information, as to the Akoustis products set forth in the table in the Requests at page 3.

9.      Akoustis objects to Qorvo's definition of "Accused Products" as vague, ambiguous, and confusing, including reference to "each and every product … that is a bulk

acoustic wave filter or includes one or more bulk acoustic wave filter(s)," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case. Akoustis will respond, barring other objections or information, as to the identified Akoustis products set forth in the table in the Requests at page 3.

10.     Akoustis objects to Qorvo's definition of "Asserted Claims" as vague, ambiguous, and confusing, including reference to "other disclosure[s] identifying infringed claims," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case. Akoustis will respond, barring other objections, as to the claims asserted in Qorvo's First Amended Complaint (and any future amendment thereto) and its infringement contentions pursuant to LPR and the Scheduling Order.

11.     Akoustis objects to Qorvo's definition of "'786 Related Patents" as vague, ambiguous, and confusing, including reference to patent applications, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case. Akoustis will respond, barring other objections, only as to the identified Akoustis '786 Patent.

12.     Akoustis objects to Qorvo's definition of "Identifying Indicia" as vague, ambiguous, overbroad, and confusing, including reference to "any" or "any and all" versions, names, model numbers, serial numbers, or other identification used for "bulk acoustic wave filters" and "the center frequency of the product," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case. Akoustis will respond, barring other objections, to the identified Accused Products (subject to the objections above) and deem it a request for the part number, description, and center frequency.

13.     Akoustis objects to Qorvo's definition of "Qorvo Confidential Information" as overly broad, vague, ambiguous, and confusing, including reference to an exhaustive laundry list

6

of topics and categories of information that includes reference to "trade secrets" amongst other equally generic business information such as "ideas or strategies" and "all other information that by its nature *should be* reasonably considered as being confidential *to the Plaintiff*."  The definition is so inadequately formed that it provides no meaningful notice to Akoustis.  Akoustis will not respond to any Request regarding "Qorvo Confidential Information" based on Qorvo's proposed definition.

14.     Akoustis objects to Qorvo's definition of "communications" as vague, ambiguous, and confusing, including reference to "facts, ideas, inquiries or otherwise," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, to the identified "communications" from the systems and repositories identified pursuant to the ESI Protocol.

15.      Defendants object to every Request that uses the term "concerning" as vague, ambiguous, overbroad, and confusing and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  The definition is further objectionable to the extent it causes Defendants to speculate as to the meaning.

16.     Akoustis objects to Qorvo's definition of "Document" as vague, ambiguous, and confusing, including reference to "*broadest sense consistent with* the definition in Fed. R. Civ. P. 34(a)," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, to the identified "Document" from the systems and repositories identified pursuant to the ESI Protocol and consistent with Fed. R. Civ. P. 34(a) and 26(b).

17.     Akoustis objects to Qorvo's definition of "Thing" as vague, ambiguous, and confusing, including reference to "*broadest sense consistent with* the definition in Fed. R. Civ. P.

34(a)," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, to any identified "Thing" Request pursuant to the ESI Protocol.

18.     Akoustis objects to Qorvo's definition of "Prior Art" as vague, ambiguous, overbroad, and confusing, including reference to "*broadest sense consistent with* the use in 35 USC §§ 102, 103" that includes "prior knowledges" etc. that may not be *consistent* with the use in 35 USC § 102, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, to any identified "Prior Art" Requests in a manner consistent with the usage in 35 USC § 102.

19.     Akoustis objects to Qorvo's definition of "refer, relate, and respecting" as vague, ambiguous, overbroad, and confusing, including reference to "broadest sense ... [including] indirectly mentioning, [etc.] … the stated subject matter of the discovery request in any way," and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  The definition is further objectionable to the extent it causes Defendants to speculate as to the meaning.  Akoustis will respond, barring other objections, to the identified terms consistent with the ESI Protocol.

20.     Akoustis objects to Qorvo's definition of "sale(s)" as vague, ambiguous, and confusing, including reference to "private efforts in connection with the commercialization of a product" and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis will respond, barring other objections, as to any identified "sale(s)" in the United States Requests as pursuant to the ESI Protocol and generally understood meaning.

<u>**INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**  Identify by name, model number, and any other Identifying Indicia any Akoustis products that You identify as a bulk acoustic wave filter or that is, use, or include one or more such bulk acoustic wave filter(s), including each Accused Product, and for each product, identify (a) the date it was first made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, (b) the date it was last made, used, sold, offered for sale, and/or imported by You or on Your behalf in the United States, and (c) the three individuals having the most knowledge of its design, development, marketing, manufacture, testing, and sales.

<u>**RESPONSE TO INTERROGATORY NO. 1:**</u>

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of Requests.  Akoustis objects to the extent the Request seeks information relating to non-accused bulk acoustic wave filters as such filters are not relevant to any party's claim or defense and proportional to the needs of the case, including requested design, development, marketing, manufacture, testing, and sales for non-accused BAW filter products.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  Akoustis has sold and/or offered for sale the following identified Akoustis bulk acoustic wave filter products, including

the twelve (12) bulk acoustic wave filter products identified by Qorvo as accused "Akoustis BAW Filters":

> AKF-1252, A10252, AKF-1256, A10256, AKF-1938, A10149, A10235, AKF-1336, A10335, A10155, A10165, A10154, A10158, A10160, A10166, A10156, A10266, A10238, A10249, A10130-4, AKF-1335, AKF-1950, AKF-1435, AKF-1125D, AKF-1125U.

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and ESI Protocol, documents will be produced sufficient to show the relative dates of sales (*i.e.*, first sold and last sold) in the United States for each of the products identified in response to Interrogatory No. 1. Dave Aichele of Akoustis has knowledge of the identified products' marketing and sales.  Daeho Kim of Akoustis has knowledge of the products' design and testing.  Mary Winters of Akoustis has knowledge of the manufacturing and development of the identified products.  Akoustis reserves the right to amend the response and/or production as needed based on any clarity and understanding as to the scope and proportionality of the requested sales information.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 1, subject to the Stipulated Protective Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (10/18/2023):**

Akoustis supplements this answer to include Samples 30-37, which have been provided to counsel for Qorvo, as well as all variations of the Accused Products that have been provided in the course of discovery.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (11/9/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies AKTS_00853177 as a document that provides additional information regrading sales of the Akoustis BAW Filters.

**INTERROGATORY NO. 2:**  For each product identified in response to Interrogatory No. 1, identify all geographic locations where that product or any sub-component or layer of such product has been manufactured, the date each such product was first manufactured for commercial purposes, and the identity each vendor or supplier of any material, component or composition used in each such product.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of requests.  Akoustis objects to Qorvo's reference to "any sub-component or layer of such product" as vague, ambiguous, overbroad, and confusing, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis objects to the extent the Request seeks information relating to non-accused bulk acoustic wave filters as not relevant to any party's claim or defense and proportional to the needs of the case, including requests for the date each such product was first manufactured for commercial purposes.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  The identified products set forth in response to Interrogatory No. 1 are all manufactured at Akoustis' certified

11

commercial wafer-manufacturing facility located in Canandaigua, New York.  Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and/or ESI Protocol, documents will be produced sufficient to show the relative dates of sales in the United States for each of the products identified in response to Interrogatory No. 1.  Akoustis reserves the right to amend the response and/or production as needed based on any clarity and understanding as to the materiality and proportionality of the Request for the identity of each vendor or supplier of any material, component or composition used in each such product.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 2, subject to the Stipulated Protective Order.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (10/18/2023):**

Akoustis supplements this response as follows. Akoustis has used the following suppliers:



**INTERROGATORY NO. 3:** Identify each of Your past and present customers, distributors, or any other entity purchasing, sampling, or selling any product identified in response to Interrogatory No. 1, and, for each entity, identify the total number of units shipped or delivered and total sales in dollar value to or by each such entity for each calendar quarter of sales.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of Requests.  Akoustis objects to the extent the Request seeks information relating to the identity of customers, distributors or other entities purchasing, sampling, or selling the identified products as not relevant to any party's claim or defense and proportional to the needs of the case.  Akoustis objects to the extent the Request seeks information relating to non-accused bulk acoustic wave filters as not relevant to any party's claim or defense and proportional to the needs of the case, including requests for total number of units shipped or delivered and total sales in dollar value.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and/or ESI Protocol, documents will be produced sufficient to show the sales volume over time (including the dollar values) in the United States for each of the accused products identified by Akoustis in response to Interrogatory No. 1. Akoustis reserves the right to amend the response and/or production as needed based on any

clarity and understanding as to the materiality and proportionality of the described "sampling or selling" of the products by a distributor or other entity.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 3, subject to the Stipulated Protective Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (11/9/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies AKTS_00853177 as a document that provides additional information regrading sales of the Akoustis BAW Filters.

**INTERROGATORY NO. 4:** Separately for each product identified in response to Interrogatory No. 1, identify the following financial data, on a quarterly basis, from October 4, 2015, to the present: (a) units sold; (b) location of sales; (c) gross revenues; (d) cost of goods sold; (e) contribution margin; and (f) profit before taxes, net of any returns, allowances, or credits.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis objects to the Request as including multiple subsets of Requests. Akoustis objects to the extent the Request seeks information relating to non-accused bulk acoustic wave filters as not relevant to any party's claim or defense and proportional to the needs of the case, including requests for (a) units sold; (b) location of sales; (c) gross revenues; (d) cost of goods sold; (e) contribution margin; and (f) profit before taxes, net of any returns, allowances, or credits.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and/or ESI Protocol, documents will be produced sufficient to show sales volume over time (including the dollar values) in the United States of each accused product identified by Akoustis in response to Interrogatory No. 1.  Akoustis reserves the right to amend the response and/or production as needed based on any clarity and understanding as to the materiality and proportionality of the particular financial data requested to the extent not reasonably available or otherwise disproportionate to the needs of the case.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 4, subject to the Stipulated Protective Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (11/9/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies AKTS_00853177 as a document that provides additional information regrading sales of the Akoustis BAW Filters.

**INTERROGATORY NO. 5:**  For each Patent-in-Suit, describe the circumstances under which You first became aware of that Patent-in-Suit, including: (a) the date when You first became aware of the patent, (b) the source of the information, (c) the identity of the person(s) who received the information on Your behalf, (d) when and how You first obtained a copy of the patent, and (e) any actions taken by You or any of Your directors, officers, or employees in response to learning of the patent.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis objects to the Request as including multiple subsets of Requests. To the extent the Request seeks attorney-client privileged information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  Discovery in this matter has just commenced and based on the information gathered to date, service of the Original Complaint in this matter was the first time Akoustis was aware of the Patents-in-Suit.

**INTERROGATORY NO. 6:** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that You have requested, received, or are aware of regarding any Patent-in-Suit, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any Patent-in-Suit.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of Requests.  Akoustis objects to the suggestion of reverse-engineering the

Patents-in-Suit as incomprehensible.  To the extent the Request seeks attorney-client privileged information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  To the extent this Request seeks information on the opinion(s) of counsel as a defense, this Request is premature pursuant to LPR 2.3(c).  As to the remainder of the Request, discovery in this matter has just commenced and based on the information gathered to date, Akoustis is unaware of any such actions or analysis as it pertains to the Patents-in-Suit.  Akoustis reserves the right to amend the response as needed based on any clarity and understanding as to the timing and scope of the Request.

**INTERROGATORY NO. 7:** Identify in detail all factual bases for Your contention that You do not willfully infringe any Patent-in-Suit, including, but not limited to, whether You will rely on any opinion of counsel, whether written or oral, to rebut Qorvo's willful infringement contention, and the identity of each such opinion (including, but not limited to, by the date, author(s), addressee(s), recipient(s), and type).

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of Requests.  To the extent the Request seeks attorney-client privileged

information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  To the extent this Request seeks information on the opinion(s) of counsel as a defense, this Request is premature pursuant to LPR 2.3(c).  As to the remainder of the Request, Akoustis incorporates its response to Interrogatory No. 5 regarding knowledge of the Patents-in-Suit.  Akoustis further notes that there is a pending motion to dismiss the allegations of willful infringement for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Akoustis further notes that Akoustis has not filed its answer to the FAC.  Akoustis reserves the right to amend the response as needed based on any clarity and understanding as to the timing of the Request or scope of the Request in view of the fact that it is Qorvo's burden to properly plead and prove willfulness.

**INTERROGATORY NO. 8:**  Identify any acceptable non-infringing alternative(s) available to You as to the Patents-in-Suit and, for each non-infringing alternative, provide: (a) the specific patent and claim element(s) that you contend are not met by the non-infringing alternative; (b) the date when the non-infringing alternative became available to You or will become available to you; (c) all evidence showing that the non-infringing alternative would be acceptable to consumers; (d) any difference in performance between each Accused Product and its non-infringing alternative; (e) the cost associated with implementing the non-infringing alternative; (f) the time needed to implement the non-infringing alternative; and (g) any other information You contend is relevant to the evaluation of the non-infringing alternative.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis objects to the Request as including multiple subsets of Requests. Akoustis further objects to the reference to "the specific patent and claim element(s)" as vague, ambiguous, and confusing, and objects to the suggestion that any non-infringing alternative must have been made available to Akoustis or differ in performance from the Accused Products.  To the extent the Request seeks attorney-client privileged information (including information only contained in attorney-client communications), such information is within the bounds of the attorney-client privilege and no response is required.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  As to any non-privileged analysis of any acceptable non-infringing alternative(s), the Request is premature pursuant to LPR 2.3(a).  Akoustis further contends that the Accused Products qualify as non-infringing alternatives as further detailed in its non-infringement contentions.  Akoustis further contends that, for the '018 Patent, by way of example, a product where the electro-acoustic resonator includes a top electrode layer with the same thickness as the bottom electrode layer, would qualify as a non-infringing alternative.  Akoustis further contends that, for the '755 Patent, by way of example, a product with a BAW Acoustic Wave resonator with an outer region where the one or more material layers on the second surface of the piezoelectric adjacent to the second electrode is the same thickness (n=1) as the passivation layer within the active region, would qualify as a non-infringing alternative.  Akoustis reserves the right to amend the response as needed based on any clarity and understanding as to the timing of the Request and scope of the

Request, especially in view of the fact that it is Qorvo's burden to prove damages, including any claim for a reasonable royalty as a basis for damages.  Finally, Akoustis notes that issues relating to non-infringing alternatives can be reserved for expert discovery relating to damages.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies bates number production AKTS_00022006 responsive to Interrogatory No. 8, subject to the Stipulated Protective Order. Although Akoustis maintains that the Accused Products do not infringe the Patents-in-Suit, Akoustis further contends that the non-infringing alternative designs identified in the above referenced production (designated as Variation A and B), although not yet in the market, would require only a limited time to produce in quantities sufficient to replace the Accused Products, and they have performance that is comparable or better than the Accused Products. Akoustis already possesses the required equipment and materials needed to bring these non-infringing alternative products to market; and these non-infringing alternative products would be acceptable to customers and/or potential customers as a replacement to the Accused Products.  Akoustis further notes that various companies including Broadcom Corporation, Murata Manufacturing Co., Ltd., Qorvo, Skyworks Solutions Inc., Taiyo Yuden Co. Ltd., and Qualcomm Incorporated are part of the RF (radio frequency) component supplier market and that Akoustis and Qorvo compete or are likely to compete with these and other companies in efforts to sell products to companies that procure filters or internally source filters.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (07/21/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the document starting at Bates AKTS_00439078 as responsive to Interrogatory No. 8, subject to the Stipulated Protective Order.  Although Akoustis maintains that the Accused Products do not infringe the Patents-in-

Suit, Akoustis further contends that variations of the above-identified non-infringing alternative designs for AKF-1252 and AKF-1256 products (AKTS-SAMP_0030 – 31) were provided to Qorvo's counsel on January 6, 2023 without any confidentiality restrictions. These were sold in commerce. The non-infringing alternative designs for A10655 and A10155 (AKTS-SAMP_0032 – 35) were provided to Qorvo's counsel on March 29, 2023, some samples were provided with confidentiality restrictions.[1] AKTS-SAMP_0034 was also sold in commerce. These samples further evidence that there exists acceptable non-infringing alternatives for each of the Patents-in-Suit.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (10/18/2023):**

Subject to the objections set forth above, Akoustis further responds to note that there are several third-party non-infringing alternatives, including but not limited to: Qualcomm's B8381, Qualcomm's B8380, Qualcomm's B8385, Qualcomm's B8387, Qualcomm's B8377, Cirocomm Technology Corp.'s 01152351J41F110, Glead Electronics' DFD5235S180DC, and Glead Electronics' DFD5697S360DC.

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the document starting at Bates AKTS_00682278, AKTS_00682279, AKTS_00439072 as responsive to Interrogatory No. 8, subject to the Stipulated Protective Order. Although Akoustis maintains that the Accused Products do not infringe the Patents-in-Suit, Akoustis further contends that it provided a a samples of the A10161 (AKTS-SAMP_0036), which does not infringe the '018 patent, to Qorvo's counsel on September 6, 2023 on an Attorneys Eyes Only – Subject to Protective order

---

[1] AKTS-SAMP_0032 was provided as Confidential; AKTS-SAMP_0033 was provided on an Attorneys' Eyes Only basis; AKTS-SAMP_0034 was provided without confidentiality restrictions; and AKTS-SAMP_0035 was provided on an Attorneys' Eyes Only basis.

basis.  Akoustis also provided a non-infringing sample to Qorvo's counsel, a sample of A10156

(AKTS-SAMP_037), on October 10, 2023 on an Attorneys Eyes Only – Subject to Protective

order basis.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (11/14/2023):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis identifies the documents starting at Bates

AKTS_00679991 and AKTS_00780833 as responsive to Interrogatory No. 8, subject to the

Stipulated Protective Order.

**INTERROGATORY NO. 9:** Identify all evidence of (a) royalty rates and/or lump sum

payments You have paid for the use of patents, including an identification of all licenses related

in any way to the development, manufacture, use, or sale of any product identified in response to

Interrogatory No. 1, and (b) the portion of the profit or the selling price of a product, including

any product identified in response to Interrogatory No. 1, that may be customary to pay to allow

use of inventions analogous to the inventions of the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections set forth above, Akoustis responds to this Request

based on Akoustis' good faith effort to respond to the Request (including its construction of the

defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any

other applicable law.  Akoustis objects to the Request as including multiple subsets of Requests.

Akoustis objects to Qorvo's reference to royalties for "use of [any] patents" and "identification

of all licenses related *in any way* to the development, manufacture, use, or sale of any product

identified in response to Interrogatory No. 1"  and "the portion of the profit or the selling price of

*a[ny] product*, including any product identified in response to Interrogatory No. 1, that may be

customary to pay to allow use of inventions analogous to the inventions of the Patents-in-Suit" as

vague, ambiguous, and confusing, and further objects to the scope as unreasonably burdensome and disproportionate to the needs of the case.  Akoustis notes that issues relating to rates paid by a licensee for the use of *other patents comparable to the patent in suit* may be generally reserved for expert discovery relating to damages.

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  Akoustis withholds responding to the current Request and reserves the right to respond, as needed, based on any proper limitation to licenses for patents comparable to the Patents-in-Suit.

**INTERROGATORY NO. 10:** Identify by name, model number, and any other Identifying Indicia all past and current Akoustis products that You have sold or offered for sale that include a single crystal piezoelectric layer, and for each such product, identify (a) the date each product was first offered for sale, (b) the date each product was last offered for sale, (c) the number of units sold, (d) the sale date for each product sold, (e) the customer(s) who purchased each such product, and (f) the revenues generated from the sales of each product.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections set forth above, Akoustis responds to this Request based on Akoustis' good faith effort to respond to the Request (including its construction of the defined term(s) used herein) as well as in a manner constrained by Fed. R. Civ. P. 33 and any other applicable law.  Akoustis limits its response to information in the 6 years prior to the original complaint as further described above.  Akoustis objects to the Request as including multiple subsets of Requests.  Akoustis challenges the materiality and proportionality of the scope of the Request in view of the fact that Qorvo does not accuse any Akoustis products containing single crystal piezoelectric layers.

███████████████████████████████████

Subject to all of the objections herein and without waiving any privilege, Akoustis responds based on its current understanding of the Request as follows:  See Response to Interrogatory No. 1, specifically AKF-1435.  Other products in early development were initially designed and tested to include a single crystal piezoelectric layer, such as the AKF-1252 and AKF-1938 products identified in response to Interrogatory No. 1, but the finalized products sold or offered for sale included a polycrystalline piezoelectric layer.  Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order and/or ESI Protocol, documents will be produced to show the details of sales or offers of sales of Akoustis products containing single crystal piezoelectric layers.  Akoustis reserves the right to amend the response and/or production as needed based on any clarity and understanding as to the scope of the Request, especially in view of the fact that Qorvo does not implicate Akoustis' single crystal products.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (6/28/2022):**

Pursuant to Fed. R. Civ. P. 33(d), see attached Exhibit A identifying the respective Akoustis bates number productions responsive to Interrogatory No. 10, subject to the Stipulated Protective Order.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (10/18/2022):**

Pursuant to Fed. R. Civ. P. 33(d), Akoustis hereby references AKTS_00021024.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (11/9/2022):**

Akoustis supplements this response to note that ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

24

████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████.

Dated: November 14, 2023

OF COUNSEL:

PILLSBURY WINTHROP SHAW
PITTMAN LLP

David A. Jakopin
Dianne L. Sweeney
Ryan Selness
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
david.jakopin@pillsburylaw.com
dianne@pillsburylaw.com
ryan.selness@pillsburylaw.com

David L. Stanton
725 S. Figueroa St., 36th Floor
Los Angeles, CA 90017
(213) 488-7100
david.stanton@pillsburylaw.com

Theresa A. Roozen
1200 17th St NW
Washington, DC 20036
(202) 663-8000
theresa.roozen@pillsburylaw.com

Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

Riccardo Macchiaroli
Robert C. F. Pérez
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd., Ste. 1400
McLean, VA 22102
(703) 770-7900
ric.macchiaroli@pillsburylaw.com

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Akoustis Technologies, Inc.
and Akoustis, Inc.*

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1941 Page Mill Road, Suite 150
Palo Alto, CA 94304
Ronald.Lemieux@squirepb.com
David.Elkins@squirepb.com
Victoria.Smith@squirepb.com

*Attorneys for Akoustis Technologies, Inc. and
Akoustis, Inc.*

ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER

robert.perez@pillsburylaw.com

*Attorneys for Akoustis Technologies, Inc.*
*and Akoustis, Inc.*