IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | |
|     Plaintiff, | C.A. No. 21-1417 (JPM) |
| v. | |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. | **JURY TRIAL DEMANDED** |
|     Defendants. | |

# THE AKOUSTIS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF ANTHONY NIXON AND JERRY BUI

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

## I. INTRODUCTION

Anthony Nixon is Akoustis' Rule 30(b)(6) corporate designee. Jerry Bui is the Managing Director of FTI Consulting, the independent third-party e-discovery vendor that Akoustis engaged to cleanse its electronically stored data of Qorvo material. Each submitted a declaration in support of Akoustis' opposition to Qorvo's motion for permanent injunctive relief (the "Nixon Declaration" and the "Bui Declaration," respectively). Each declaration is highly relevant to the Supreme Court's *eBay* factors that must be considered before granting any injunctive relief, including the type of post-trial permanent injunctive relief sought here. The facts to which each declarant avers are based on either personal knowledge or personal knowledge gained through reasonable inquiry within their respective companies acting as a company representative.

Qorvo seeks to strike both declarations in their entirety without providing any legal authority to support its motion. Qorvo's vague and generalized hearsay objections both fail to identify the specific statements to which it objects and are substantively deficient. Akoustis respectfully requests that the Court deny Qorvo's motion to strike.

## II. ARGUMENT

### A. THE COURT MAY CONSIDER POST-TRIAL DECLARATIONS RELATED TO POST-TRIAL MOTIONS FOR INJUNCTIVE RELIEF

Courts "may … consider such post-trial affidavits in determining whether to grant a permanent injunction." *Canon, Inc. v. Color Imaging, Inc.*, 292 F. Supp. 3d 1339, 1345 n.3 (N.D. Ga. 2018). Courts have found post-trial declarations relevant to the *eBay* factors[1] and the effect of any proposed permanent injunction raised in a post-trial motion.

For example, in *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 601 (E.D. Tex. 2009), *aff'd as modified*, 598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011), Microsoft

---

[1] *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006).

submitted a declaration in opposition to plaintiff's post-trial motion for permanent injunction, arguing that the proposed injunction would impose substantial burden for compliance.  Denying plaintiff's motion to strike the declaration, the court found that the information provided in the declaration about the ease of compliance with the proposed injunction is "highly relevant to the effect of any injunction" and was not, nor could have been, raised before or during trial before plaintiff filed its motion for permanent injunction.  *Id.*  The court reasoned that it "could not effectively evaluate the relevant *eBay* factors without this information" and, would have requested it had Microsoft not voluntarily provided it.  *Id; see also Smith & Nephew, Inc. v. Arthrex, Inc.*, No. CIVA207CV335TJWCE, 2010 WL 2522428, at *3 (E.D. Tex. June 18, 2010) (finding that "such declarations are relevant for consideration of the *eBay* factors," and that disclosing them during briefing on the permanent injunction is not contrary to the local rules or to the court's order).

Akoustis similarly submitted the Nixon and Bui Declarations in opposition to Qorvo's motion for a permanent injunction.  The declarations document Akoustis' voluntarily initiatives to (i) remove Qorvo's alleged trade secret information from its IT systems and computers, and (ii) cease the manufacturing and offering for sale all products found to infringe Qorvo's asserted patents.  Such information is highly relevant to the effect,  or "mootness," of Qorvo's proposed injunction in view of the voluntary measures described in the declarations.  (*See* D.I. 626 at 3-6.) The Court should therefore consider both declarations in exercising its power to design equitable relief that fits the facts of the case.  *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944) ("The essence of equity jurisdiction has been the power of the [court] to do equity and to mold each decree to the necessities of the particular case.")

Qorvo seeks to exclude both declarations in their entirety (D.I. 642 at 1, 4).  But Qorvo did not and cannot point to any authority that supports a categorical exclusion of sworn declarations

from the Court's consideration of the context underlying Qorvo's motion for permanent injunction. Qorvo's Motion to Strike should be denied for this reason alone. *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614, at *5 (W.D. Okla. Sept. 5, 2006), *aff'd,* 536 F.3d 1311 (Fed. Cir. 2008) (denying motion to strike declarations related to post-trial briefing for motion for permanent injunction when the court addressed "the issue of injunctive relief ... after the jury returned its verdict").

### B.   QORVO'S OBJECTIONS TO THE DECLARATIONS' ADMISSIBILITY FAIL

Qorvo's Motion also fails to properly raise any evidentiary objections that warrant excluding both declarations.

Qorvo's broad-based claims of "hearsay" cannot carry the day. "Hearsay . . . provide[s] no basis for excluding the objected-to documents in their entirety. . . to the extent the defendants intended to object to only *parts* of the documents, their unexplained generalized objections were insufficient to raise such an objection." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021); *see also Carolina v. JPMorgan Chase Bank NA*, No. CV-19-05882-PHX-DWL, 2021 WL 5396066, at *8 (D. Ariz. Nov. 17, 2021) (noting that "hearsay arguments are notoriously fact-specific, in that a single statement might, or might not, be hearsay for several different reasons depending on what the statement is offered to prove"). It is "the burden of [the movant] to first identify, as hearsay, the specific 'statement' within a [document] . . . ." *United States v. Smith*, No. 21-CR-30003-DWD, 2023 WL 2456107, at *3 (S.D. Ill. Mar. 10, 2023).

Qorvo fails to meet this burden here. Both Declarations contain multiple paragraphs with many statements. For example, the Nixon Declaration contains twelve (12) paragraphs, in which Paragraphs 3-11 detail the work and process by Akoustis' IT Department, in coordination with FTI Consulting, to purge all Qorvo information and materials from Akoustis' IT systems and computers (D.I. 629 ¶¶ 3-11). Qorvo vaguely asserts that the Nixon Declaration "includes

numerous statements that are hearsay or rely on hearsay" without identifying what specific statement within Paragraph 3-11 that purports to be hearsay. (Motion at 3). Qorvo provides even less specificity for its hearsay objection to the eighteen-paragraph Bui Declaration, alleging in a three-sentence paragraph that the Bui Declaration "suffers from many of the same problems". (*Id.*)

Such vague and generalized objections are woefully insufficient to raise an objection to any specific statement within the Declarations, let alone to the Declarations on the whole. The Court should overrule Qorvo's improper objections. *See Sandoval*, 985 F.3d at 666; *Smith*, 2023 WL 2456107, at *3 & n.1 (overruling hearsay objections finding such objections "to the entire . . . document as being 'hearsay', without specifically identify the 'statement' . . . is problematic"); *Carolina*, 2021 WL 5396066, at *8 (overruling hearsay objections on the sole basis that plaintiff's objections were "generalized" and did not identify specific statements to which she objected).

### C. THE DECLARATIONS COMPRISE ADMISSIBLE EVIDENCE

Qorvo's hearsay and foundational challenges ignore the fact that Messrs. Nixon and Bui each testifies on behalf of his respective company on "personal knowledge" and "information and belief formed after reasonable inquiry under the circumstances." (D.I. 629 ¶ 2; D.I. 630 ¶ 2).

"[I]t is not necessary that [the corporate representative] have direct, personal knowledge of each and every fact discussed in her affidavit or her deposition. When a corporation offers testimony of a representative, the corporation appears vicariously through that agent. The authority of a corporate representative extends not only to facts, but also to the subjective beliefs and opinions of the corporation." *Hijeck v. Menlo Logistics, Inc.*, No. CIV A 307-CV-0530-G, 2008 WL 465274, at *4 (N.D. Tex. Feb. 21, 2008) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)); *see also, e.g.*, *Atlantic Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-CV-538-J-20TEM, 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010) (citing with approval *Hijeck*, *supra*, and *ABN Amro Mortgage Group, Inc. v. Maximum Mortgage, Inc.*,

No. 1:04cv492, 2006 WL 2598034, at *7 (N.D. Ind. Sept. 8, 2006)).  In *ABN Amro*, the court rejected defendant's argument that the affidavit submitted by ABN Amro's corporate representative did not demonstrate personal knowledge, holding that "as a corporate representative of ABN, it can be inferred that [she] is familiar with the matters to which she attests." *Id*. at *7.

Such is the case here.  "It is a fact that a corporation has no mouth with which to speak other than that of its representatives." *Id.*  Mr. Nixon is Akoustis' Vice President of Information Technology for Akoustis.  He testified at his deposition in this action as Akoustis' Rule 30(b)(6) designee regarding a variety of issues.  In his declaration that Qorvo challenges, Mr. Nixon testified on Akoustis' behalf for purposes of Qorvo's post-trial motion for a permanent injunction.  Among other things, Mr. Nixon's declaration states facts relating to Akoustis' removal of Qorvo's alleged trade secret information from its IT systems – the area of Akoustis' operations for which he is responsible.  What Akoustis has done in doing so is well within Mr. Nixon's knowledge acquired in the course and scope of his job responsibilities as Vice President of Information Technology.

Mr. Nixon avers in paragraph 12 of his declaration that "[w]ith respect to the Akoustis products found by the jury to infringe Qorvo's patents[-in-suit], Akoustis has, per Chief Product Officer Kamran Cheema, stopped manufacturing and offering for sale all previously infringing versions of these products." (D.I. 629 ¶ 12.)  As Akoustis' company representative for purposes of Qorvo's Motion for Permanent Injunction, Mr. Nixon relied on information supplied by another executive officer – Mr. Cheema (who is now Akoustis' acting Chief Executive Officer).  In so doing, Mr. Nixon did nothing different than what he did during the Rule 30(b)(6) deposition: collect information from others within the company to ensure that testimony on Akoustis' behalf is as comprehensive as possible.  That's what company representatives do.  To the extent that the

Court has any concerns, Akoustis is happy to provide a supplemental declaration from Mr. Cheema confirming under oath the accuracy of paragraph 12 of Mr. Nixon's declaration.

Qorvo likewise complains about the declaration of Jerry Bui. Mr. Bui is the Managing Director of FTI Consulting, the outside consultant that Akoustis engaged to eliminate all Qorvo confidential or proprietary information from Akoustis' information technology systems. (D.I. 630 ¶¶ 1-5.) Mr. Bui avers that he made his "declaration on my own personal knowledge or, where indicated, on information and belief formed after reasonable inquiry under the circumstances." (*Id.* ¶ 2.) Mr. Bui does not, however, indicate that any of the information in his declaration is based on "on information and belief formed after reasonable inquiry under the circumstances*."* In other words, the facts stated in his declaration are based on personal knowledge – which, as his company's Managing Director leading FTI's work for Akoustis, makes complete sense. While Mr. Bui obviously has not performed every instance of sequestration and/or deletion of information from every source of electronically stored information, he is FTI's representative for purposes of Qorvo' Motion for Permanent Injunction. Paraphrasing the court in *ABN Amro*, it can be inferred that Mr. Bui is familiar with the matters to which he attests. *ABN Amro*, 2006 WL 2598034, at *7. *See also Stalley v. ADS All. Data Sys., Inc.*, No. 8:11-CV-1652-T-33TBM, 2014 WL 129069, at *2 (M.D. Fla. Jan. 14, 2014) (declining to strike the corporate designee's declaration on the grounds of insufficient personal knowledge).

None of Qorvo's cited cases addresses the knowledge of a corporate representative testifying in a declaration on behalf of the company regarding the company's activities and therefore are inapposite. *See, e.g.*, *Transportes Aereos Pegaso, S.A. de C.V. b. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 531-32 (D. Del. 2009) (declaration of defendant's outside counsel recounting statements he heard from other individuals about defendant); *Bone v. Univ. of*

*N. Carolina Health Care Sys.*, 678 F. Supp. 3d 660, 694-95 (M.D.N.C. 2023) (declaration of defendant's Chief Audit and Compliance Officer stating her "understanding" of the design and features of a third-party software); *IGT v. Bally Gaming Int'l, Inc.*, 675 F. Supp. 2d 487, 490 n.11 (D. Del. 2009) (finding declaration contained impermissible speculation based on speculative language, such as "will likely," "very likely," and "almost certainly," and "typically," in suggesting relationship between lost sale and loss of future opportunity).

### D.   QORVO'S ALLEGED RELIABILITY CONCERNS SHOULD BE DISREGARDED

Qorvo complains that it "has had no opportunity" to test the statements in the Declarations. (D.I. 642 at 4.)  Qorvo sought no such opportunity upon receipt of the Declarations.  Qorvo has not contacted Akoustis seeking to reach an agreement with Akoustis regarding any alternative means Qorvo believes should be required to address its alleged concerns over the reliability of FTI's eradication efforts or any other facts presented in the declarations. *See, e.g., Sandoval*, 985 F.3d at 666 (declining to exclude document based on hearsay or personal knowledge when "the contents of [the] document can be presented in a form that would be admissible").  Despite having the Nixon and Bui Declarations for two weeks, Qorvo disclosed its intent to file the motion to strike and requested a meet and confer only the day before filing – hardly the "reasonable effort" required by the Local Rules to resolve the issues raised in the Motion.

If Qorvo had any legitimate concerns over its alleged lack of opportunity to address the reliability of the Nixon and Bui Declarations, it should have met and conferred about *that issue*, as opposed to Qorvo's last-minute *pro forma* meet and confer over the *motion to strike*.  *See Viasat, Inc. v. Space Sys./Loral, Inc.*, No. 312CV00260HWVG, 2014 WL 11894226, at *2 (S.D. Cal. Aug. 8, 2014) (denying motion to strike declaration relating to motion for permanent injunction and

finding no prejudice because "SS/L has not sought to depose Dr. Slottje on statements he made in his declaration").[2]

### III. CONCLUSION

For the forgoing reasons, the Court should deny Qorvo's motion to strike the declarations of Anthony Nixon and Jerry Bui in support of Akoustis' opposition to Qorvo's motion for permanent injunctive relief.

---

[2] Qorvo also appears to question the accuracy of the statements regarding Akoustis' voluntary acts described in the Nixon and Bui Declarations that moot Qorvo's proposed injunction on the basis that Akoustis opposes Qorvo's proposed injunction. (D.I. 642 at 4.) That position is devoid of any sense. Despite Qorvo's subjective disbelief, Akoustis voluntarily incurred the time and expense to eliminate whatever instances exist of allegedly misappropriated confidential or proprietary. Akoustis is open to having a neutral, mutually agreed third-party e-discovery vendor verify the result of Akoustis' and FTI's voluntary sequestration and removal effort, provided that Qorvo bears the costs of the third party.

Dated:   August 19, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Respectfully submitted,

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*