IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>        Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>        Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED** |

### AKOUSTIS' RESPONSE TO QORVO, INC.'S SUPPLEMENTAL OPPOSITION TO THE AKOUSTIS DEFENDANTS' (1) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW; AND (2) MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE REMITTITUR

OF COUNSEL:

Squire Patton Boggs (US) LLP
Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road, Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants*
*Akoustis Technologies, Inc. and Akoustis, Inc.*

Akoustis respectfully submits this short response brief to Qorvo's supplemental brief citing trial testimony purportedly supporting Dr. Shanfield's opinion regarding the calculation of the duration of the head start period for each trade secret group. Qorvo's transcript citations simply underscore that Dr. Shanfield's trial testimony was devoid of factual bases for his opinions regarding the calculation of the head start duration assigned to each trade secret group.

**I.     QORVO'S CITATIONS DO NOT SUPPORT THE SPECIFIC HEAD START DURATION DR. SHANFIELD ASSIGNED TO TRADE SECRET GROUPS.**

Qorvo's supplemental brief does not and cannot point to any testimony regarding the factual underpinnings for the specific head start period Dr. Shanfield estimated for each trade secret group. Qorvo recognizes the absence of such specific testimony, instead choosing to present testimony related to "the *nature and value of the trade secrets* and how Akoustis used those trade secrets to accelerate its entry into the market." (D.I. 674 at 2 (emphasis added).)

None of the testimony cited gives any indication how Dr. Shanfield arrived at the number of months designated for each head start period. For example, Dr. Shanfield assigned a 9-month head start period to Trade Secret Group 1. To "support" that duration, Qorvo cites testimony that business plans generally can take "years to develop." That does not indicate how or why Dr. Shanfield arrived at a nine-month head start period. (D.I. 674 at 2.) The cited testimony for Trade Secret Group 2 provides even less insight into how Dr. Shanfield calculated each of the periods he assigned to each of the trade secret groups, simply arguing that the trade secrets provide a "blueprint" and that Akoustis was able to "skip[] the work normally necessary to design a semiconductor product." (*Id*. at 3.) Qorvo points to no testimony regarding the factual basis for how long such "work" takes, no industry studies estimating the number of engineer hours associated with developing such products, and no interviews with actual engineers suggesting the same, or anything else in that vein. The same pattern repeats for each trade secret group – Qorvo

cites testimony that Akoustis saved "time" by "stealing" Qorvo's information, but fails to cite how or why Dr. Shanfield arrived at the amount of time that he mysteriously determined to be the head start period.

Qorvo's eight-page supplemental brief does nothing to fill a fundamental deficiency demonstrated by Akoustis' Rule 50(b) and Rule 59 motions: Dr. Shanfield did not and cannot point to any specific factual bases or evidence on which he estimated the duration of the head start period for each trade secret group.

## II.  DR. SHANFIELD'S RELIANCE ON HIS OWN EXPERIENCE AND GENERAL INDUSTRY EXPERIENCE CANNOT FORM THE BASES OF HIS OPINIONS.

Knowing the record is devoid of the testimony the Court requested, Qorvo harkens back to its refrain that Dr. Shanfield predominately relied on his own experience in the semiconductor industry. (D.I. 674 at 1-2.) That harkening fails.

Dr. Shanfield's past experience contributed to his *qualifications* to serve as an expert. But he never testified how or where his experience formed a factual basis for his opinions regarding the specific estimated head start duration for each trade secret group.

Qorvo conveniently omits any citation to Dr. Shanfield's testimony that his own experience in BAW filter manufacturing was in the 1990s and lasted for only a short time. (*See* D.I. 616-1 Ex. A (Tr. (May 10, 2024) 1393:9-21 (experience at Draper Labs)).) But having experience, by itself, is not a sufficient factual basis for opining on the duration of Akoustis' head start advantage absence specific testimony showing how and why the experience translates into a specific period of time. Simply testifying to experience from the 1990s and delivering an opinion, without more, is the *sine qua none* of *ipse dixit*.

Likewise, Qorvo's own timetables for developing information and ideas cannot form the basis for head start durations in the absence of Dr. Shanfield's factual bases for how and why he

adjusted Qorvo's timetables to fit Akoustis' circumstances. For example, as admitted by Dr. Bravman, another one of Qorvo's experts, Qorvo manufactures SMR-type BAW filters that are different than FBAR-type BAW filters made by almost all other competitors in this market. (*See* Elkins Decl. Ex. A (Tr. (May 10, 2024) at 1631:3-21).) Qorvo's longer development periods for its SMR BAW filter structure is not unusual in light of its unique structure and also not relevant to the design of more commonly used FBARs. Akoustis chose to pursue the FBAR design already used by the major competitors in this industry. (*See id.* at 1977:17-1978:7 (former Qorvo employee testimony noting that two other major competitors in this market Qualcomm and Broadcom, manufacture, FBAR filters).) When Akoustis started making its own products, the technology and manufacturing processes for FBAR filters were already widely established. For Dr. Shanfield to rely on Qorvo's timetables in his duration estimate for a particular trade secret group, he should have explained how he adjusted the Qorvo timetables to fit the facts here. Qorvo's failure to adduce such factual bases at trial deprived the jury of a sufficient factual basis to adopt Dr. Shanfield's opinions regarding the head start duration of each trade secret group.

### III.  CONCLUSION

For the foregoing reasons and those set forth in Akoustis' opening and reply briefs, the Court should grant Akoustis' motions for Judgment as a Matter of Maw (D.I. 607) and a New Trial or Remittitur (D.I. 613).

Dated: August 27, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Respectfully submitted,

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*