IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|     Plaintiff, | ) ) ) ) Case No. 1:21-cv-01417-JPM |
| v. | ) ) |
| AKOUSTIS TECHNOLOGIES, INC., and AKOUSTIS, INC., | ) ) ) |
|     Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF ANTHONY NIXON AND JERRY BUI OFFERED IN OPPOSITION TO QORVO'S MOTION FOR PERMANENT INJUNCTION**

Before the Court is Plaintiff's Motion to Strike the Declarations of Anthony Nixon ("Nixon") and Jerry Bui ("Bui"), Defendants' Response in Opposition, and Plaintiff's Reply. (ECF Nos. 642, 670, 676; see also ECF Nos. 629 (Nixon Declaration); 630 (Bui Declaration).) The Bui and Nixon Declarations were offered by Akoustis to support their opposition to Plaintiff's Motion for Permanent Injunction. (ECF No. 642 at PageID 31777; see also ECF Nos. 608, 626.) For the reasons discussed below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

I. **BACKGROUND**

On May 17, 2024, a jury in the District of Delaware found Defendants liable for trade secret misappropriation under the Defend Trade Secrets and North Carolina Trade Secret Act. (ECF No. 601.) The jury also found Defendants liable for infringing two claims of United States Patent No. 7,522,018 and two claims of United States Patent No. 9,735,755. (Id.) On June 16, 2024,

Plaintiffs moved for a Permanent Injunction. (ECF No. 608.) Defendants filed their opposition on July 25, 2024. (ECF No. 626.) Along with their opposition, Defendants filed an omnibus declaration by David S. Elkins, the Nixon Declaration, and the Bui Declaration. (ECF Nos. 628-30.)

On August 8, 2024, Plaintiff filed a Motion to Strike the Nixon and Bui Declarations. (ECF No. 642.) The Response in Opposition was filed on August 19, 2024, and Plaintiff's Reply was filed August 23, 2024. (ECF No. 676.)

II. **LEGAL STANDARD**

In considering a motion for permanent injunction, courts may not consider inadmissible hearsay evidence. Levi Strauss Co. v. Sunrise Int'l Trading, 51 F.3d 982, 987 (11th Cir. 1995). Courts may "consider . . . post-trial affadavits in determining whether to grant a permanent injunction." Canon, Inc. v. Color Imaging, Inc., 292 F. Supp. 3d 1339, 1345 n.3 (N.D. Ga. 2018). Out-of-court statements offered into evidence to prove the truth of the matter asserted are generally considered hearsay, though the Federal Rules of Evidence and federal statutes have carved out a large number of exceptions. FED. R. EVID. 801-02, but see FED. R. EVID. 803-05, 807.

III. **ANALYSIS**

Plaintiff argues that the Bui and Nixon Declarations should be stricken from the record, in full, for two reasons. (ECF No. 642 at PageID 31777.) First, Plaintiff argues that both declarations "rely upon or reiterate inadmissible hearsay." Plaintiff argues that because the Nixon Declaration asserts what others did (and in one case, summarizes an explanation provided by Chief Product Officer Kamran Cheema), "his knowledge of the steps taken could only come from statements by others" and is "plainly hearsay." (ECF No. 642 at PageID 31778.) Plaintiff argues that the "Bui

Declaration suffers from many of the same problems" because "his knowledge of the steps taken could only come from statements by others." (ECF No. 642 at PageID 31779.)

Second, Plaintiff argues that "[t]he Nixon and Bui Declarations . . . fail to provide any documentary evidence to support the assertions made" and are not subject to the crucible of adversarial testing through cross-examination. (ECF No. 642 at PageID 31779 (citing Tristrata Tech. Inc. v. ICN Parms., Inc., 314 F. Supp. 2d 346, 359 (D. Del. 2004)).)

Defendants counter that Nixon is Akoustis' Rule 30(b)(6) corporate designee, and Bui "is the Managing Director of FTI Consulting, the independent third-party e-discovery vendor that Akoustis engaged to cleanse its electronically stored data of Qorvo material." (ECF 670 at PageID 33173.) Because FTI Consulting and Akoustis cannot speak for themselves, Defendant argues that they should be permitted to "testify on behalf of [their] respective compan[ies] on 'personal knowledge' and 'information and belief formed after reasonable inquiry under the circumstances.'" (ECF No. 670 at PageID 33126 (citing ECF No. 629 ¶ 2; ECF No. 630 ¶ 2.) Defendants also argue that Plaintiff's broad hearsay objections are insufficient to meet the particularized inquiry for evaluating hearsay. (ECF No. 670 at PageID 33125.)

Plaintiff replies that there is clear authority "that supports a categorical exclusion of sworn documents[.]" (ECF No. 676 at PageID 34197 (citing Judkins v. HT Window Fashions Corp., 704 F. Supp. 2d 470, 476 (W.D. Pa. Mar. 31, 2010)).[1] Plaintiff also replies to assert that corporate designees' statements cannot include hearsay. (ECF No. 676 at PageID 34199 (citations omitted).)

---

[1] This citation does not stand for the proposition that a generalized hearsay objection suffices to justify exclusion of a declaration. The Western District of Pennsylvania found in Judkins that it would be unfair for the court to consider newly disclosed evidence that was unnecessary and undisclosed prior to trial. 704 F.Supp.2d 470, 475-76 (W.D. Pa. March 31, 2010). Plaintiff did not raise this argument, so Judkins has no bearing on it's Motion to Strike on different grounds.

3

*i.     Hearsay*

Plaintiff argues that both declarations are hearsay because they could not have been based on the personal experience of the declarants.

Plaintiff articulates this objection to Bui's declaration in a total of three sentences, stating in full that:

> The Bui Declaration suffers from many of the same problems [as the Nixon declaration]. It states or relies upon what Akoustis or its attorneys told FTI, or what others at FTI told Mr. Bui. (D.I. 630, ¶ 4-18).  The Bui Declaration does not state that Mr. Bui personally took or observed any of the steps described and therefore his knowledge of the steps taken could only come from statements by others. Mr. Bui's Declaration should be stricken as reliant upon inadmissible hearsay.

(ECF No. 642 at PageID 31779.)  This argument both misreads Bui's declaration and fails to meet Plaintiff's burden of persuasion.  Plaintiff does not point to any language in the Bui declaration that suggests he did not personally take or observe any of the steps described, or where his declaration indicates it incorporates hearsay statements.  The Bui declaration states that it is "ma[d]e [] on my own personal knowledge, or, where indicated, on information and belief formed after reasonable belief under the circumstances," but indicates only two propositions on information and belief: that "the [forensic deletion] effort was paused in light of Qorvo's demand for a forensic inspection of certain of Akoustis' data" and that "the Court later entered an order providing for forensic inspection."  (ECF No. 630 ¶¶ 2-3.)  Both of these statements could be offered either for the truth of the matter asserted or for a permissible purpose, such as providing motivation for subsequent actions and timelines.  Because Plaintiff has not articulated any reason that the Bui declaration is necessarily based on hearsay, their generalized objection cannot suffice to justify exclusion of the declaration as a whole.

The same is true of Plaintiff's arguments on the Nixon Declaration.  While it is true that paragraphs three through eleven of "the Nixon Declaration asserts what FTI, Pillsbury Winthrop

4

Shaw Pittman, or Squire Patton Boggs did," it does not assert "what FTI told Akoustis, what other Akoustis employees told FTI, or what other Akoustis employees told Mr. Nixon," as Plaintiffs claim.  (ECF No. 642 at PageID 31778; but see ECF No. 629 ¶¶ 3-11.)  Nor can Plaintiff's generalized citation to seven paragraphs of the Nixon declaration demonstrate that "his knowledge of the steps taken could only come from statements by others." (ECF No. 642 at PageID 31778 (citing ECF No. 629 ¶¶ 3-11).)  Plaintiff provides no support for the proposition that a declaration of this type needs to include a detailed description of *how* a declarant gained personal knowledge of a given fact, especially when the declarant serves as a 30(b)(6) corporate designee. Accordingly, they have not met their burden of persuasion in order to prevail on a Motion to Strike as to Paragraphs 3-11 of the Nixon Declaration.

Plaintiff is correct, however, that the Nixon Declaration contains one clear instance of hearsay which should be excluded.  Paragraph 12 of the Nixon Declaration is hearsay clearly offered for the truth of the matter asserted.  (ECF No. 629 at PageID 31278.)  It describes an out of court statement by Kamran Cheema, and Defendants have not argued that Cheema is unavailable and the statements fall within an exception under Federal Rule of Evidence 804.  FED. R. EVID. 804; (ECF No. 670.)   Accordingly, the information in paragraph 12 of the Nixon Declaration is inadmissible hearsay even if offered through a corporate representative.  Digene Corp. v. Ventana Med. Sys. Inc., 316 F. Supp. 2d 174, 181 (D. Del. 2004).  Plaintiff's Motion to Strike is therefore **GRANTED** as to Paragraph 12 of the Nixon Declaration.

    *ii.    Documentary Evidence and Inherent Reliability*

In support of Plaintiff's second argument, Plaintiff's only citation is to a 2004 District of Delaware case which stuck a post-trial declaration by counsel because it was late-submitted, the district court was "not persuaded that [defendant's] response to [plaintiff's] interrogatories

provided [plaintiff] with notice that [defendant] held a good faith belief that the [patents at issue] were invalid," and because "the representations in the [declaration] [were] inherently unreliable." (ECF No. 642 at PageID 31779); Tristrata, 314 F. Supp. 2d at 359.

Unlike this case, the declarations at issue were post-trial opinions of counsel related to invalidity in connection with motions for enhanced damages on patent claims. Id. Further, the court in Tristrata did not announce a rule suggesting all post-trial declarations were inherently unreliable. Instead, it engaged in a fact-specific analysis, finding that the declarations were self-contradictory, and that "as in Applied Medical, [plaintiff] has had no opportunity to test the reliability of the statements in the . . . .[d]eclaration through discovery or cross-examination." Id. (citing Applied Medical Resources Corp. v. U.S. Surgical Corp., 967 F. Supp. 861, 864 n.3 (E.D. Va. 1997)). Like the analysis in Tristrata, the cited footnote of Applied Medical dealt with post-trial opinions of counsel submitted in connection with motions for enhanced damages in patent cases. 967 F.Supp. 861, 864 n.3 (E.D. Va. 1997). And, as in Tristrata, no broad rule is articulated. The district court for the Eastern District of Virginia wrote:

> To be sure, in some circumstances it may be appropriate to consider opinions of counsel not produced at trial for the purposes of assessing whether enhanced damages are warranted. But these are not such circumstances. While [defendant's] opinions conclude that its products do not infringe and that (in part for reasons not asserted by Surgical at trial) Applied's patents are invalid, the opinions are inherently unreliable. This is so because Applied has not had the opportunity to assess the basis and reliability of these opinions through the discovery of prior drafts or the cross-examination of witnesses. In the facts of this case, concerns of reliability and fairness lead to the conclusion that [defendant]'s opinions of counsel should not be considered.

Id. The reliability and fairness concerns referenced by the court arose from the untimely production of materials previously requested by plaintiff and attempts by defendant to circumvent a prior exclusion through submission of the opinions at issue. Id.

6

Plaintiff has not shown that the declarations at issue in this case are internally contradictory or are inherently unreliable on their face, that they were untimely produced, or that there is any reason they could not have subjected them to adversarial testing. While Plaintiff argues that their reliability concerns are well-founded given the unique facts of this case, these concerns go to the weight the Court should give the declarations when considering the Permanent Injunction, and do not justify their categorical exclusion. Accordingly, Plaintiff's Motion is **DENIED**.

IV. **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. The Court strikes, and will not consider, paragraph 12 of the Nixon declaration.

**IT IS SO ORDERED**, this 28th day of August, 2024.

                                                 */s/ Jon P. McCalla*
                                                 JON P. McCALLA
                                                 UNITED STATES DISTRICT JUDGE