IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QORVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1417 (JPM) |
| | ) | |
| AKOUSTIS TECHNOLOGIES, INC. and | ) | **DEMAND FOR JURY TRIAL** |
| AKOUSTIS, INC., | ) | |
| | ) | ▄▄▄▄▄▄▄▄▄▄▄ |
| Defendants. | ) | |

## PLAINTIFF QORVO, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE DECLARATIONS OF ANTHONY NIXON AND JERRY BUI

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA 90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed : August 23, 2024**
**Public Version Filed: August 30, 2024**

## I.      INTRODUCTION

To avoid the consequences of its own willful actions, Akoustis is trying to shoehorn into the record inadmissible, hindsight-based evidence to support its opposition to entry of a permanent injunction. The Court should reject Akoustis' attempted end run around evidentiary procedure and strike the declarations of Anthony Nixon and Jerry Bui.

## II.     ARGUMENT

### A.      Post-trial Declarations Relying on Inadmissible Hearsay May Not be Considered

Akoustis first argues that post-trial declarations are relevant to the *eBay* factors and thus may be considered in the context of Qorvo's post-trial motion for permanent injunctive relief. (D.I. 670 at 1-2.) Qorvo does not contend otherwise. Instead, the Nixon and Bui declarations are inappropriate for consideration because they rely upon or reiterate inadmissible hearsay and rely on insufficient documentary evidence to support the truth of the assertions made. Unlike a motion for preliminary injunctive relief, it is axiomatic that inadmissible hearsay evidence may not be considered in a post-trial motion. *Levi Strauss Co. v. Sunrise Int'l Trading*, 51 F.3d 982, 987 (11th Cir. 1995) ("[a]t the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction").

Akoustis also argues that the Nixon and Bui declarations should not be excluded in their entirety because "Qorvo did not and cannot point to any authority that supports a categorical exclusion of sworn declarations." *Id*. at 2. This argument is belied by case law. *See e.g., Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 476 (W.D. Pa. Mar. 31, 2010) (excluding entire declaration in ruling on a motion for permanent injunction because the declaration included newly disclosed testimony without adequate record support).

**B.**     **Qorvo's Objections to the Declarations of Nixon and Bui are Specific**

Qorvo's objections to the Nixon and Bui declarations are not, as Akoustis claims, "vague and generalized objections;" instead each of the cited paragraphs suffers from the same underlying inadmissibility problems and exemplifies the reasons the declarations should be excluded in their entirety.

Notwithstanding, and contrary to Akoustis' argument that Qorvo's objections lack identification of specific hearsay statements, Qorvo's opening brief provides specific examples of hearsay statements and explains the specific statements that lack documentary or evidentiary support. (D.I. 642 at 2-3.) For example, paragraph 12 of the Nixon declaration includes statements that plainly qualify as hearsay: "Akoustis has, *per Chief Product Officer Kamran Cheema*, stopped manufacturing and offering for sale all previously infringing version of these products"; "*As explained to me by Mr. Cheema*, Akoustis re-designed certain of these products to avoid infringement[.]" (D.I. 629 at ¶12.)

Further, the case law Akoustis relies upon is distinguishable. In *Carolina v. JPMorgan Chase Bank NA*, the Plaintiff asserted "boilerplate," "unexplained," and "generalized" objections to entire "*sections of the motion for summary judgment*" without even identifying specific exhibits. 2021 WL 5396066, at *8 (D. Ariz Nov. 17, 2021) (emphasis in original). In *United States v. Smith*, the court overruled hearsay objections to some 35 recordings containing "lengthy conversations and exchanges" in part because the defendants failed to comply with a court order instructing them to identify specific statements and explain why the statement did not fall within the 801(d)(2)(E) exception. 2023 WL 2456107, at *4-5 (S.D. Ill. Mar. 10, 2023). In contrast, Qorvo identified and objected to specific statements in specific paragraphs from the declarations of Nixon and Bui and provided detailed reasoning for the objection and why such statements should be excluded.

### C.    The Nixon and Bui Declarations are Inadmissible Hearsay

None of the case law cited by Akoustis stands for the proposition that a party may rely on inadmissible hearsay statements from a corporate designee. In fact, courts are clear that the "fact that a witness is a 30(b)(6) designee does not create a hearsay exception allowing him to simply repeat statements made by corporate officers and employees, if those statements are offered for their truth." *Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010); *Digene Corp. v. Ventana Med. Sys. Inc.*, 316 F. Supp. 2d 174, 181 (D. Del. 2004) (sustaining objection to testimony by a corporate representative where "her testimony is also hearsay and inadmissible due to a lack of personal knowledge"); *Deutsche Shell Tanker v. Placid Refining*, 993 F.2d 466, 473 n.29 (5th Cir. 1993) (affirming district court's refusal to allow corporate representative to repeat "rank hearsay"); *see also Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 215 n.5 (S.D.N.Y. 2007) ("Numerous courts have rejected hearsay evidence by a corporate deponent when there is no additional evidence to support the statements."). The hearsay statements in the Nixon and Bui declarations (unsupported by any record evidence) are clearly offered for their truth, and thus are inadmissible even in the context of testimony by a corporate representative.

### D.    Qorvo's Reliability Concerns are Well Founded

Qorvo's reliability and veracity concerns are well founded given the conduct forming the basis for this litigation and Akoustis' conduct throughout this litigation. Qorvo need not repeat all of these concerns, but it is sufficient to recall the destruction of laptops during the course of litigation, Akoustis deponents who developed sudden cases of amnesia with respect to basic questions, the willful and malicious misappropriation of 39 trade secrets, infringement of two Qorvo patents, and the theft of hundreds of thousands of Qorvo documents. These and other acts form the basis for Qorvo's understandable reticence with respect to the accuracy of the Nixon and Bui declarations, reticence Qorvo submits the Court should share.

3

Akoustis argues that Qorvo's concerns about the reliability of the Nixon and Bui declarations should be disregarded because Qorvo did not seek to take the depositions of the declarants. (D.I. 670. at 7.) At this stage of the litigation, depositions concerning the subject matter of the declarations are both irrelevant given that the record is closed and would not cure the deficiencies in the declaration. Further, Akoustis does not, and cannot, argue that the declarations are tested through discovery or cross-examination. Where there are no mechanisms to test underlying hearsay statements, such statements should not be considered. *Cooley*, 693 F. Supp. 2d., at 792 (sustaining objection to hearsay testimony where "there was no mechanism, such as cross-examination" to test the veracity of the hearsay statement).

Further, Akoustis' case law is inapposite. In *Viasat, Inc. v. Space Systems/Loral, Inc.*, Viasat filed an expert declaration along with its motion for permanent injunction. 2014 WL 11894226, at *2 (S.D. Cal. Aug. 8, 2014). Applying Federal Rules of Civil Procedure 26(a) and 37(c), the court found no prejudice in the SS/L expert declaration because SS/L filed its own expert declaration and did not seek to depose the expert. *Id*. Here, there are no expert declarations at issue, this is not an issue of late disclosure implicating Rules 26(a) or 37(c), and Qorvo did not file its own fact or expert witness declaration in support of the permanent injunction motion.

## III.   CONCLUSION

For the foregoing reasons, Qorvo respectfully requests that the Court strike the declarations of Anthony Nixon (D.I. 629) and Jerry Bui (D.I. 630) offered by Akoustis in opposition to Qorvo's Motion for Permanent Injunction (D.I. 608).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

August 23, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 23, 2024, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Ronald S. Lemieux, Esquire                                        *VIA ELECTRONIC MAIL*
David S. Elkins, Esquire
Victoria Q. Smith, Esquire
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA  94304-1216
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Xiaomei Cai, Esquire                                              *VIA ELECTRONIC MAIL*
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ  85016
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

Rachael A. Harris, Esquire                                        *VIA ELECTRONIC MAIL*
Matthew A. Stanford, Esquire
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
*Attorneys for Defendants Akoustis*
*Technologies, Inc. and Akoustis, Inc.*

/s/ *Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)