# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC. | |
|     Plaintiff, | C.A. No. 21-1417 (JPM) |
| v. | |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC. | **JURY TRIAL DEMANDED** |
|     Defendants. | |

### AKOUSTIS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
### QORVO, INC.'S MOTION FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

OF COUNSEL:

Squire Patton Boggs (US) LLP
Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants*
*Akoustis Technologies, Inc. and Akoustis, Inc.*

As discussed at the hearing on August 20, 2024, defendants Akoustis Technologies, Inc. and Akoustis Inc. (collectively "Akoustis") respectfully submit this Supplemental Brief in Opposition to Plaintiff Qorvo, Inc.'s ("Qorvo") Motion for Prejudgment and Post-Judgment Interest ("Qorvo's Motion"). (D.I. 615.) In particular, this Supplemental Brief provides additional color about how (1) Qorvo's request for prejudgment interest on the jury award would overcompensate Qorvo through double-counting, and (2) whether / how much prejudgment interest the Court should assess if it finds prejudgment interest appropriate at all.

I. **HOW QORVO'S REQUEST FOR PREJUDGMENT INTEREST ON THE JURY AWARD WOULD OVERCOMPENSATE QORVO THROUGH DOUBLE-COUNTING**

Akoustis' Opposition Brief (D.I. 627) discussed how Qorvo seeks to overcompensate itself through its Motion in two ways.

The first – and much more sweeping – double-counting stems from Qorvo damages expert Melissa Bennis' unprecedented methodology for valuing Akoustis' unjust enrichment through its purported head start. Ms. Bennis' head start methodology, as she explained at trial, estimated the time value of Akoustis' "early" receipt of revenue. She did so by calculating the time value of Akoustis having received its *actual* revenue from 2016 through June 30, 2024, using a 14.8% interest rate. (*See* the concurrently filed Declaration of Carlyn Irwin ¶ 6 and figure 1 (PDX 11.5).) For example, according to Ms. Bennis, Akoustis' 2016 revenue of ▮▮▮▮▮ has a "total value" of ▮▮▮▮▮ when 14.8% is applied and compounded over 3,104 days. (*Id.* ¶ 7 & fig. 1 (PDX 11.5).) She then shifted all of Akoustis' actual revenue 55 months into the future and discounted it to net present value ("NPV"). (*Id.* (PDX 11.6).) Subtracting the NPV of the time-shifted revenue from

the NPV of Akoustis' actual revenue resulted in the so-called time value of Akoustis' head start benefit, with a NPV of ▮▮▮▮▮▮▮ as of June 30, 2024.[1]

Prejudgment interest in the unjust enrichment context compensates a plaintiff for the time value of a defendant's enjoyment of money that it should not have had. Its purpose is to restore a plaintiff to the position it would have been in but for the claimed wrongdoing (*see General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983)); it is not intended to penalize the defendant. But adding prejudgment interest to the head start benefit awarded by the jury and based on Ms. Bennis' methodology would in fact penalize Akoustis for its purported early receipt of revenue. It would penalize Akoustis by swelling the time value of its actual revenue through an aggregate interest rate of 19.6-22.6% interest (14.6% + prime or 14.6% + 8% statutory rate). (*See* Irwin Decl. ¶ 8 & Ex. 1 (Schedules 1-2).)

Akoustis damages expert Carlyn Irwin vividly demonstrates the nature of this double-counting penalty in paragraphs 8-11 and Exhibit 1 of her accompanying declaration. In an unjust enrichment analysis of any kind (including head start benefit), an expert analyzes how the defendant has benefitted and/or could benefit in the future because it engaged in the alleged wrongful conduct. (Irwin Decl. ¶ 8.)

> When unjust enrichment is estimated under a head start theory, the expert analyzes how the defendant benefitted – whether through receiving profits earlier than it would have (or revenue in Ms. Bennis' unique model), or through increased business value. A head start calculation, including Ms. Bennis's head start calculation in this matter, therefore relies on the premise that the defendant is entitled to the profit (or revenue for Ms. Bennis) or enhanced business value; the unjust enrichment is derived solely from the timing of receipt. A jury award based on a head start thus already accounts for the impact of the early receipt of revenue. Prejudgment interest double-counts the impact of early receipt of revenue.

---

[1] Ms. Bennis explained at trial how that amount could be reduced to about $50 million to take into the delta between Akoustis' Q4 2024 revenue to which David Aichele testified and the outdated estimate of revenue she used. Qorvo's closing argument used the $50 million amount.

(*Id.*)

Ms. Bennis' declaration in support of Qorvo's present motion calculates prejudgment interest on the *full amount* of the jury's awards (for both the head start benefit and patent infringement awards) beginning on October 4, 2021 – when Qorvo commenced this action – through entry of judgment on May 20, 2024. (*See* D.I. 617 Ex. 1, Schedule 1 (patent infringement) & Schedule 2 (head start benefit); Irwin Decl. ¶¶ 4, 9-10 & Ex. 1 (Schedules 1-2).) Her prejudgment interest methodology conflicts with Ms. Bennis' trial methodology and testimony. (*Id.* ¶ 5.) At trial, Ms. Bennis included damages stemming from Akoustis revenue incurred from before October 4, 2021 all the way through June 30, 2024, to which she applied her interest rate of 14.8% to calculate the value of Akoustis' head start benefit as of June 30, 2024. (*See* Irwin Decl. ¶¶ 5-6 & fig. 1 (reproducing Ms. Bennis' PDX 11.5, 11.6 & 11.7).) For purposes of calculating prejudgment interest, however, Ms. Bennis assumes all of Akoustis' revenue, on which her head start revenue estimate is based, had fully accrued by October 4, 2021.

The timing impact of this sleight-of-hand is detailed below. The key point here is that the jury was ***not*** asked to value Akoustis' head start benefit as of October 4, 2021. Rather, Qorvo, through Ms. Bennis, asked the jury to do so as of June 30, 2024. Ms. Irwin thus re-ran Ms. Bennis's unjust enrichment methodology to estimate the value of the jury award for Akoustis' head start benefit – but used Ms. Bennis' assumption that damages had fully accrued as of October 4, 2021, instead of June 30, 2024. (*Id.* ¶ 9.) The jury's head start benefit award of $31,315,215 would have had a NPV of $21,468,919 as of October 4, 2021. (*Id.* ¶ 9 & Ex. 1, Schedules 1 & 2). As Ms. Irwin teaches:

> Adding prejudgment interest through the judgment date of May 20, 2024 – using either the statutory rate of 8% or the prime interest rate – to this $21,468,919 unjust enrichment benefit value as of October 4, 2021, results in a combined benefit-plus-prejudgment-interest amount of less than the $31,315,215 award for unjust

> enrichment (Exhibit 1, Schedule 3). Damages-plus-prejudgment [interest] as of October 4, 2021 is $25,439,790 using the prime interest rates Ms. Bennis reports, and $26,435,524 using 8%. Both of these are less than the actual award of $31,315,215 because Ms. Bennis's original damages calculation as presented at trial already applied an interest rate of 14.8%, which greatly exceeds both the statutory interest rate of 8% and the prime interest rates of 3.35% to 8.50% during the Relevant Period.

(*Id.* ¶ 10.) "In summary, awarding any interest on the unjust enrichment award would simply add interest to an award amount that already includes interest in excess of the prejudgment interest statutory or prime interest rate through the date of trial." (*Id.*)

II.  **WHEN CALCULATING PREJUDGMENT INTEREST, MS. BENNIS IMPROPERLY ASSUMES THAT ALL DAMAGES OCCURRED BY OCTOBER 4, 2021, CONTRARY TO HER TRIAL TESTIMONY**

As previewed above, Ms. Bennis incorrectly assumes that the entire amounts of the patent and unjust enrichment awards had fully accrued as of the start of the Relevant Time Period – contrary to her testimony at trial. Doing so also improperly inflates the amount of prejudgment interest. (*Id.* ¶ 12.)

With respect to the head start benefit, PDX 11.5 in Figure 1 above shows the years of Akoustis' actual revenues included in Ms. Bennis' calculation. (*Id.* ¶ 13.) PDX 11.5 Row C shows Ms. Bennis' inclusion of revenue of ▮▮▮▮ in 2022, ▮▮▮▮ in 2023, and ▮▮▮▮ in 2024. (*Id.*) But in calculating prejudgment interest, Ms. Bennis assumes that Akoustis had already received by October 4, 2021 *all revenue* forming the basis of the jury's head start benefit award. (*Id.*) As shown above, Ms. Bennis already included interest during the Relevant Period in her calculation of the head start benefit. She testified at trial to a $66.1 million estimate as of June 30, 2024. Now she compounds that double-counting by taxing the $31,315,215 head start benefit jury award from October 21, 2021 – even though Akoustis did not have the "benefit" of most of its "early" revenue for almost three more years. Adding any prejudgment interest would be double-counting from an economic perspective. (*Id.*)

- 4 -

With respect to patent damages, Ms. Bennis's trial demonstrative PDX-11.21 (reproduced below) showed no royalties due as of October 4, 2021.  But now, in calculating her prejudgment interest, Ms. Bennis assumes that the entire $279,808 award had accrued by October 4, 2021, and calculates prejudgment interest on the entire damages amount for the period from October 4, 2021 through trial, calculating prejudgment interest of $51,782.



(*Id.* ¶ 14.)  When prejudgment interest on the patent damages award is calculated only from the period in which Ms. Bennis testified under oath at trial that it accrued (but otherwise as Ms. Bennis calculates it), prejudgment interest is only **$25,452** – less than half of Ms. Bennis's calculated amount.  (*Id.* ¶ 15.)

### III.   CONCLUSION

For the reasons set forth in Akoustis' Opposition Brief and above, the Court should deny Qorvo's bid for double-counted prejudgment interest on the jury's head start benefit award, and should award at most $25,452 in prejudgment interest on the patent infringement damages award.

Dated:   August 23, 2024

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Ronald S. Lemieux
David S. Elkins
Victoria Q. Smith
1841 Page Mill Road
Suite 150
Palo Alto, California 94304
(650) 856-6500
ronald.lemieux@squirepb.com
david.elkins@squirepb.com
victoria.smith@squirepb.com

Rachael A. Harris
Matthew A. Stanford
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
matthew.stanford@squirepb.com

Xiaomei Cai
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4000
xiaomei.cai@squirepb.com

Respectfully submitted,

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 23, 2024, copies of the attached document were served via electronic mail on all counsel of record.

*/s/ Ronald P. Golden III*
Ronald P. Golden III