**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QORVO, INC.<br><br>    Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC.<br><br>    Defendants. | C.A. No. 21-1417 (JPM)<br><br>**JURY TRIAL DEMANDED**<br><br>████████████ |

**DECLARATION OF CARLYN IRWIN
IN OPPOSITION TO QORVO, INC.'S MOTION FOR
PREJUDGMENT AND POST-JUDGMENT INTEREST**

I, CARLYN IRWIN, declare as follows:

1. I am a senior advisor with Cornerstone Research, an economic and financial consulting firm where I serve as an expert witness and consultant. Counsel for defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively "Akoustis") retained me to provide expert testimony in the matter. On December 20, 2023, I submitted a Rebuttal Expert Report regarding the damages and unjust enrichment benefit sought from Akoustis by plaintiff Qorvo, Inc. ("Qorvo"). I later gave a deposition on January 26, 2024, and I attended the virtually all of the trial of this matter and testified on May 15, 2024. This declaration is based on my personal knowledge.

2. On May 17, 2024, the jury awarded Plaintiff Qorvo, Inc. ("Qorvo") $31,315,215 in compensatory damages for unjust enrichment, $279,808 in compensatory damages for patent infringement, and $7,000,000 in exemplary damages. On May 20, 2024, the Court entered judgment in the amount of $38,595,023.

3. On June 17, 2024, Melissa Bennis submitted a declaration in support of Qorvo's motion to amend the judgment to include interest. I have been asked to address Ms. Bennis's calculation of prejudgment interest on the compensatory damages awarded for unjust enrichment and patent infringement.

4. Ms. Bennis calculates prejudgment interest assuming that the full amount of damages awarded by the jury had fully accrued as of the date that Qorvo commenced this action on October 4, 2021. In other words, Ms. Bennis assumes that prejudgment interest should be calculated from October 4, 2021 through the entry of judgment on May 20, 2024 (Ms. Bennis' "Relevant Period"). I use Ms. Bennis's Relevant Period for purposes of this declaration.

**Ms. Bennis Double Counts Interest For Unjust Enrichment**

5. Ms. Bennis's prejudgment interest calculation for unjust infringement damages conflicts with her trial testimony regarding what her unjust infringement damages estimates represent. At trial, she testified and presented slides to the jury showing that her unjust infringement damages estimate includes damages incurred both before and after October 4, 2021, to which she applied an "interest/discount" rate of 14.8% to calculate the value of Akoustis' head start benefit as of June 30, 2024. Her damages estimate, therefore, already included interest through the date of judgment at a rate greatly in excess of the statutory rate in North Carolina of 8% and the prime interest rate. Adding pre-judgment interest to unjust enrichment damages would be double counting from an economic perspective.

6. Figure 1 on the next page shows Ms. Bennis's calculation of unjust enrichment damages as presented at trial as demonstratives PDX 11.5 through 11.7. These demonstratives show that her damages calculation already included interest through trial at a rate well in excess of either prejudgment interest rate under consideration. Row K in each of demonstratives PDX 11.5 and 11.6 states that damages are calculated "as of June 30, 2024." PDX 11.7 shows that she used these "as of June 30, 2024" revenue values from row K of demonstratives PDX 11.5 and 11.6, subtracting ▬▬▬▬ in row K of PDX 11.6 from ▬▬▬▬ in row K of PDX 11.5, to calculate her unjust enrichment damages of $66,114,093, which was also as of June 30, 2024.



7.      Row D in both PDX 11.5 and 11.6 shown in Figure 1 shows that Ms. Bennis applied an "Interest/Discount Rate" of 14.8% to earlier revenue to calculate damages as of June 30, 2024. For example, in PDX 11.5, for the period July 1, 2015 to June 30, 2016, Ms. Bennis includes 8.48 years (see Row I) of interest on revenue of ▮▮▮▮ (see Row C) at a rate of 14.8% (see Row D) to increase the amount to ▮▮▮▮ (See Row K), which is more than triple the actual revenue amount of ▮▮▮▮. These demonstratives show that her damages calculation already includes interest through trial at a rate in excess of the statutory rate of 8% and also in excess of the prime interest rates of 3.25% to 8.50% that Ms. Bennis reports during the Relevant Period.

8.      For purposes of determining unjust enrichment, an expert analyzes how the defendant has benefitted and/or could benefit in the future because it engaged in the alleged wrongful conduct.  When unjust enrichment is estimated under a head start theory, the expert analyzes how the defendant benefitted – whether through receiving profits earlier than it would have (or revenue in Ms. Bennis' unique model), or through increased business value.  A head start calculation, including Ms. Bennis's head start calculation in this matter, therefore relies on the premise that the defendant is entitled to the profit (or revenue for Ms. Bennis) or enhanced business value; the unjust enrichment is derived solely from the timing of receipt.  A jury award based on a head start thus already accounts for the impact of the early receipt of revenue.  Prejudgment interest double-counts the impact of early receipt of revenue.

9.      The schedules that I have included as **Exhibit 1** further demonstrate Ms. Bennis's double-counting of prejudgment interest on the unjust enrichment damages award. In particular, I use Ms. Bennis's unjust enrichment damages methodology to estimate the value of the jury award for compensatory unjust enrichment damages, but using her assumption that damages had fully accrued as of October 4, 2021, instead of June 30, 2024. The $31,315,215 award for unjust

enrichment has a value of $21,468,919 as of October 4, 2021 (Exhibit 1, Schedules 1 and 2). I calculate this amount in two steps. First, in Exhibit 1, Schedule 1, I use Ms. Bennis's unjust enrichment benefit methodology to convert the value of Ms. Bennis's unjust enrichment amount of $66,114,093 as of June 30, 2024 to its value as of October 4, 2021, which is $45,326,149, or 69% of damages as of June 30, 2024. This difference represents (1) the impact of compounding interest through the date of trial already included in Ms. Bennis's unjust enrichment benefit calculation of $66,114,093 vs. (2) the value of all damages during the Relevant Period calculated by Ms. Bennis valued as of the October 4, 2021 commencement of this action. Second, in Exhibit 1, Schedule 2, I apply the 69% to the jury award of $31,315,215, resulting in a jury award value of $21,468,919 as of October 4, 2021.

10. Adding prejudgment interest through the judgment date of May 20, 2024 – using either the statutory rate of 8% or the prime interest rate – to this $21,468,919 unjust enrichment benefit value as of October 4, 2021, results in a combined benefit-plus-prejudgment-interest amount of less than the $31,315,215 award for unjust enrichment (Exhibit 1, Schedule 3). Damages-plus-prejudgment as of October 4, 2021 is $25,439,790 using the prime interest rates Ms. Bennis reports, and $26,435,524 using 8%. Both of these are less than the actual award of $31,315,215 because Ms. Bennis's original damages calculation as presented at trial already applied an interest rate of 14.8%, which greatly exceeds both the statutory interest rate of 8% and the prime interest rates of 3.35% to 8.50% during the Relevant Period.

11. In summary, awarding any interest on the unjust enrichment award would simply add interest to an award amount that already includes interest in excess of the prejudgment interest statutory or prime interest rate through the date of trial.

**When Calculating Prejudgment Interest, Ms. Bennis Improperly Assumes That All Damages Occurred By October 4, 2021, Contrary To Her Trial Testimony**

12. Independent of the double-counting issue discussed above, Ms. Bennis incorrectly assumes that the entire amounts of the patent and unjust enrichment awards had fully accrued as of the start of the Relevant Time Period, contrary to her testimony at trial. In so doing, Ms. Bennis overestimates prejudgment interest.

13. With respect to unjust enrichment benefit, PDX 11.5 in Figure 1 above shows the years of actual revenues included in her calculation of unjust enrichment benefit. Row C of PDX 11.5 shows that Ms. Bennis included revenue of over ▮▮▮▮ in 2022, ▮▮▮▮ in 2023, and ▮▮▮▮ in 2024 in her head start benefit calculation. But in calculating prejudgment interest, Ms. Bennis assumes that Akoustis had already received by October 4, 2021 all revenue forming the basis of the jury's head start benefit award. As explained above, Ms. Bennis included interest during the Relevant Period in her calculation of unjust enrichment damages, and adding any prejudgment interest would be double counting from an economic perspective.

14. With respect to patent damages, Ms. Bennis's trial demonstrative PDX-11.21, shown below, shows no royalties due as of October 4, 2021. But in her prejudgment interest calculation, she assumes that the entire $279,808 award had accrued by October 4, 2021, and calculates prejudgment interest on the entire damages amount for the period from October 4, 2021 through trial, calculating prejudgment interest of $51,782.



15. When prejudgment interest on the patent damages award is calculated only from the period in which Ms. Bennis stated at trial that it accrued (but otherwise as Ms. Bennis calculates it), prejudgment interest is only $25,452, less than half of Ms. Bennis's calculated amount, as shown in **Exhibit 2**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2024.

Carlyn Irwin

# EXHIBITS 1 & 2
# (Redacted in Their Entirety)