# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
|   Plaintiff, | ) **PUBLIC VERSION** |
| v. | ) C.A. No. 21-1417 (JPM) |
| AKOUSTIS TECHNOLOGIES, INC. and AKOUSTIS, INC., | ) **DEMAND FOR JURY TRIAL** |
|   Defendants. | ) |

### QORVO, INC.'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA 90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

**Confidential Version Filed: August 27, 2024**
**Public Version Filed: September 3, 2024**

In its Opposition to Qorvo's motion for prejudgment interest, Akoustis argues that Ms. Bennis overstated the amount owing because she calculated interest from the date the lawsuit was filed (October 4, 2021). Akoustis argues that a portion of the damages "accrued" after the filing of the lawsuit and, as such, prejudgment interest should be calculated from the date of accrual, rather than the date of the lawsuit. Akoustis also argued separately that any award of prejudgment interest would be improper because that would result in "double counting." At the August 20, 2024 hearing, the Court asked Akoustis to provide alternative interest calculations based on its criticisms. *See* D.I. 671, Aug. 20, 2024 Hrg. Tr. 53:16-19.

Akoustis dedicates the majority of its supplemental brief to re-hashing its "double counting" arguments. These arguments lack merit for the reasons Qorvo explained in its reply, which are summarized again below. On the accrual issue, Akoustis: (1) declines to provide the Court with alternative calculations for the interest owing on Qorvo's unjust enrichment damages; and (2) incorrectly calculates the interest owing on Qorvo's patent damages. As set forth below, Qorvo maintains its position that the full amount of prejudgment interest ($7,304,448) should be awarded based on the statutory accrual date under North Carolina law and Federal Circuit precedent. However, if the Court adopts Akoustis' argument that the accrual date should be modified based on the dates reflected in Ms. Bennis' damages model, the alternative calculation of prejudgment interest would be $4,240,412.

I.   **AKOUSTIS' "DOUBLE COUNTING" ARGUMENTS HAVE NO MERIT**

As Qorvo explained in its reply brief, an award of prejudgment interest does not result in any form of "double counting." The 14.8% interest rate that Ms. Bennis applied to calculate Akoustis' unjust enrichment was based upon Akoustis' weighted average cost of capital and measured the benefit that **Akoustis obtained** from receiving revenues earlier in time. By contrast, prejudgment interest separately serves to make a **Qorvo** whole because it lost use of money owed

1

to it during the pendency of this lawsuit. *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995). Akoustis' Supplemental Brief again seeks to conflate these two concepts by referring generally to the "time value of money." But calculating the time value benefit that Akoustis gained from receiving revenues 55 months early is entirely distinct from measuring the money Qorvo lost because it has been forced to wait nearly three years for Akoustis to pay damages.

## II. AKOUSTIS FAILS TO PROVIDE INTEREST CALCULATIONS BASED ON ITS ALTERNATIVE ACCRUAL DATE

### A. The Court Should Adopt the North Carolina Statutory Accrual Date

Akoustis spends four pages of its supplemental brief criticizing Ms. Bennis for using October 4, 2021 as the start date in her prejudgment interest calculations. But North Carolina law expressly states that the date of the lawsuit is the accrual date for the purposes of calculating prejudgment interest. N.C.G.S. § 24-5(b) ("any portion of a money judgment . . . bears interest from the date the action is commenced until the judgment is satisfied"); *see also* D.I. 638 at 8-10. Moreover, cases in the District of Delaware and elsewhere broadly support using the date of first infringement as the accrual date for calculating prejudgment interest on patent damages awards, rather than attempting to allocate damages across the infringement period when calculating interest. *See, e.g., Power Integrations, Inc.*, 2019 WL 3290369, at *11 (calculating prejudgment interest "from the date of the first infringement through the date of judgment, pursuant to the common practice of this Court."); *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. May 5, 2020) ("Where a jury awards a lump-sum amount as compensation, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement.").

Notably, neither of Akoustis' briefs cite **a single case** that supports abandoning the statutory accrual date or the longstanding principle of using the date of first infringement as the

lone accrual date. Accordingly, Qorvo respectfully requests that the Court award Qorvo the original amount of prejudgment interest that it requested—$7,304,448.

### B. Akoustis' Alternative Accrual Methodology Would Result in Prejudgment Interest of $4.21 Million on the Trade Secret Damages Award

Remarkably, after advancing the alternative method of accruing damages for the purpose of calculating prejudgment interest and offering to submit its alternative calculations, Akoustis fails to provide those calculations to the Court for the unjust enrichment damages.[1]

As set forth above, Qorvo disagrees with the alternative accrual theory that Akoustis advocated in its opposition brief. However, in response to the Court's request, Ms. Bennis has applied that theory to determine the amount of prejudgment interest that would be owning if the Court agreed that prejudgment interest should be calculated from the date of accrual, rather than the date of the lawsuit . As set forth in the Bennis Supplement, allocating damages to the periods in which those damages were accrued following the filing of the Complaint and calculating prejudgment interest based on those new accrual dates would result in and award of $4,210,780 in prejudgment interest. Bennis Supplement, ¶¶ 6-9; Bennis Supplement, Ex. 1, Schedules 2-4.

### C. Akoustis' Alternative Accrual Methodology Would Result in Prejudgment Interest of $29,632 on the Patent Damages Award

To satisfy the Court's request for alternative interest calculations on patent damages, Ms. Bennis has performed a calculation that accrues interest over time based upon when Akoustis sold

---

[1] Akoustis does offer a bizarre and nonsensical calculation in an effort to prove that awarding prejudgment interest would (somehow) result in "double counting." Akoustis calculates the net present value of the jury's damages award as of October 4, 2021 ($21,468,919). D.I. 672 at 3-4. Akoustis then calculates prejudgment interest on the $21.4M at 8% per annum. Akoustis then argues that no prejudgment interest is owed because the jury's award of $31,315,215 is greater than the combined $21M plus interest.

3

infringing products. This results in $29,632 in total prejudgment interest on Qorvo's patent damages. Bennis Supplement, ¶ 10; *id.*, Ex. 1, Schedule 1.

It is worth noting that Akoustis' submission for interest on patent damages "[a]ssumes that royalties are earned quarterly and that not all FY 2024 royalties had been earned by May 20, 2024." Exhibit 2 to the Declaration of Carlyn Irwin in Opposition to Qorvo, Inc.'s Motion for Prejudgment and Post-Judgment Interest. However, this inappropriately reduces the patent damages award from $279,808 to $268,384. Ms. Bennis' calculation appropriately assumes that Qorvo is entitled to prejudgment interest on the totality of its patent damages award.

### III.   CONCLUSION

Qorvo respectfully requests that the Court award Qorvo prejudgment interest in the amount of $7,304,448 which is calculated under N.C.G.S. § 24-5(b) and relevant case law concerning prejudgment interest on patent damages awards. To the extent the Court adopts Akoustis' alternative accrual theory, the award of prejudgment interest would be a total of $4,240,412 for the trade secret damages award and the patent infringement damages award. For the Court's benefit Ms. Bennis also calculated the amount of post-judgment interest that would be owed to Qorvo under Akoustis' alternative accrual theory. Bennis Supplement, ¶¶ 11-16.

OF COUNSEL:

Robert M. Masters
Jonathan R. DeFosse
Timothy P. Cremen
Roy D. Jung
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC  20006-6801
(202) 747-1900

Zachary Alper
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
(858) 720-8900

Kazim A. Naqvi
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA  90067
(310) 228-3700

Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
(469) 391-7400

August 27, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Qorvo, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 27, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA  94304-1216<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Xiaomei Cai, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 E. Camelback Road, Suite 700<br>Phoenix, AZ  85016<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |
| Rachael A. Harris, Esquire<br>Matthew A. Stanford, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, DC  20037<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | VIA ELECTRONIC MAIL |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)