IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AKOUSTIS TECHNOLOGIES, INC. and<br>AKOUSTIS, INC.<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>) Case No. 21-1417-JPM<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>) **PUBLIC VERSION**<br>)<br>) Confidential Version Filed: August 27, 2024<br>) Public Version Filed: September 3, 2024<br>)<br>) |

**SUPPLEMENTAL DECLARATION OF MELISSA BENNIS
IN SUPPORT OF QORVO'S MOTION TO AMEND THE
JUDGMENT TO INCLUDE INTEREST**

1. I, Melissa A. Bennis, have been retained in this matter on behalf of Plaintiff Qorvo, Inc. ("Qorvo"). I previously issued an expert report identifying my qualifications, experience, and detailed opinions concerning damages on November 21, 2023 ("Report"). I provided deposition testimony on January 23, 2024, and testified at trial on May 13, 2024.

2. On May 17, 2024, the jury returned a verdict in favor of Qorvo and awarded Qorvo:

   a. $31,315,215 in compensatory damages for Defendants' unjust enrichment;

   b. $7,000,000 in exemplary damages for Defendants' willful and malicious misappropriation; and

   c. $279,808 for Defendants' infringement of the '018 and '755 Patent.

3. On May 20, 2024, Judge McCalla entered judgment against Defendants in the amount of $38,595,023.

4. After the Court's August 20, 2024 hearing, I was asked to provide certain alternative calculations for prejudgment interest in this matter.

5. Specifically, I was instructed to assume that prejudgment interest did not begin to accrue on October 4, 2021 for all of the damages awarded. I was asked instead to identify the fiscal periods in which the awarded damages "accrued" based upon when Akoustis received cash flows in connection with its unjust enrichment and engaged in patent infringement and to apply the appropriate prejudgment interest rates to those accrued amounts over time.

6. In order to calculate prejudgment interest on Akoustis' unjust enrichment using these assumptions, I first had to determine the portion of unjust enrichment that occurred in each fiscal period. To do so, I began by recreating my head start damages opinion from my Report, as modified to reflect my opinions proffered at trial. As explained in my Report, this analysis "consider[s] the benefit that Akoustis received by prematurely having access to [] cash flows" 55 months earlier than it would have but-for its misappropriation.[1] For example, this analysis assumes that the $254,834 that Akoustis earned in its fiscal year 2016 (July 1, 2015 through June 30, 2016) would have occurred 55 months later in the but-for world, or the equivalent 12-month period of February 1, 2020 to January 31, 2021.[2] "Similarly, revenue for every fiscal year thereafter would have also been delayed 55 months."[3] As such, to measure the amount of Akoustis' unjust enrichment, I applied Akoustis' weighted average cost of capital ("WACC") to both Akoustis' actual cash flows, as well as Akoustis' but-for cash flows, to determine the total value of each as of June 30, 2024. The difference between the two values represents the amount of Akoustis' unjust enrichment.

---

[1] Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, p. 39.
[2] See Exhibit 1, Schedule 3 and Schedule 4; Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, p. 39 and Exhibit 3, Schedule 2 and Schedule 3.
[3] Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, p. 39.

7.  This calculation is analogous to the original calculations contained in my Report, except that I have updated my estimate of Akoustis' fiscal year 2024 revenue to reflect the testimony made at trial by Akoustis' Executive Vice President of Business Development, Mr. David Aichele. According to Mr. Aichele, Akoustis anticipated total revenue of $28 million in its fiscal year 2024, as opposed to an earlier Akoustis revenue projection of approximately $59.4 million upon which I relied in my Expert Report.[4] As I explained at trial, "if you run that figure through the model, performing the same economic analysis, you get a total head-start damages figure of [$]50.3 million," as calculated in the attached Exhibit 1, Schedule 2A and 2B.[5]

8.  After calculating the amount of Akoustis' unjust enrichment by fiscal period, the next step of my analysis involved prorating the resulting damages to reflect the ultimate damages amount that Akoustis owes Qorvo. As explained above, on May 17, 2024, the jury returned a verdict which awarded Qorvo $31,315,215 in compensatory damages for Akoustis' unjust enrichment. As such, to estimate the amount of damages that may be assignable to each fiscal period, I first determined the portion of my total damages calculation that occurred in each period, and then multiplied these percentages by the ultimate damages award.[6] The resulting calculation apportions the entire $31,315,215 award across each fiscal period based on the proportion of damages incurred in each period.

9.  The final step of my analysis involves calculating prejudgment interest on these amounts. I understand that under North Carolina law, Qorvo is entitled to prejudgment interest calculated at 8% per annum, compounded quarterly. Applying this rate to my calculation of damages by fiscal period described above results in total prejudgment interest of $4,210,780 on

---

[4] Trial Testimony, dated May 8, 2024, p. 968; Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 3, Schedule 3 and Schedule 2.
[5] See Exhibit 1, Schedule 2.
[6] See Exhibit 1, Schedule 2.

Akoustis' unjust enrichment.[7] Importantly, for purposes of this calculation, I have assumed that prejudgment interest on Akoustis' unjust enrichment from 2014 to October 4, 2021 did not begin to accrue until October 4, 2021 (the date Qorvo sued Akoustis). In other words, I consolidated all cash flows that Akoustis received prior to October 4, 2021 and began interest on those amounts only as of October 4, 2021, rather than the prior date on which Akoustis received the benefit of these cash flows.

10. Last, I have calculated prejudgment interest on Akoustis' patent infringement damages beginning as of October 4, 2021, the date that Qorvo filed its Complaint in this matter, but accruing the interest over time based upon when Akoustis sold infringing products. Unlike my calculations of prejudgment interest on Akoustis' unjust enrichment, described above, my patent infringement damages calculations were already limited to sales made after October 4, 2021. Further, I do not need to prorate my calculation of damages to reflect the amount awarded by the jury as these amounts are the same. Applying prejudgment interest at the Prime Rate, compounded quarterly to the patent infringement damages under this scenario results in total prejudgment interest on patent damages of $29,632.[8]

11. I understand that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

---

[7] See Exhibit 1, Schedule 2.
[8] See Exhibit 1, Schedule 1.

12. For the calendar week preceding the May 20, 2024 judgment date (the week ending May 17, 2024), the weekly average 1-year constant maturity treasury rate was 5.138%, or 0.0141% on a daily basis (5.138% / 365 = 0.0141%).[9]

13. Applying the daily rate of 0.0141% to the jury's damages award results in a daily post-judgment interest amount of $5,441.90 per day ($38,595,023 * 0.0141%).

14. Applying the daily rate of 0.0141% to the prejudgment interest calculation set forth in ¶ 9 (above) results in a daily post-judgment interest amount of $593.72 ($4,210,780 * 0.0141%).

15. Applying the daily rate of 0.0141% to the prejudgment interest calculation set forth in ¶ 10 (above) results in a daily post-judgment interest amount of $4.18 ($29,632 * 0.0141%).

16. Applying the daily rate of 0.0141% to the $12,116,123.33 in attorneys' fees that Qorvo seeks to recover in connection with its misappropriation of trade secrets claim results in a daily post-judgment interest amount of $1,708.37 ($12,116,123.33 * 0.0141%).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 27, 2024.

_____
Melissa A. Bennis

---

[9] https://fred.stlouisfed.org/series/DGS1.

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.  
**Calculation of Prejudgment Interest at Prime Rate Compounded Quarterly - Patent Infringement**

Exhibit 1  
Schedule 1

| Interest Start Date | Interest End Date | Annual Rate [A], [1] | Quarterly Rate | Damages [B], [2] | Cumulative Royalty and Interest | Interest Earned in Period [3] | Cumulative Interest |
|---|---|---|---|---|---|---|---|
| 10/04/2021 | 12/31/2021 | 3.25% | 0.81% | $ 11,208 | $ 11,208 | $ 88 | $ 88 |
| 01/01/2022 | 03/31/2022 | 3.29% | 0.82% | 23,709 | 35,006 | 288 | 376 |
| 04/01/2022 | 06/30/2022 | 3.93% | 0.98% | 26,475 | 61,769 | 607 | 983 |
| 07/01/2022 | 09/30/2022 | 5.37% | 1.34% | 26,309 | 88,685 | 1,191 | 2,173 |
| 10/01/2022 | 12/31/2022 | 6.82% | 1.71% | 26,896 | 116,771 | 1,991 | 4,164 |
| 01/01/2023 | 03/31/2023 | 7.69% | 1.92% | 22,254 | 141,016 | 2,711 | 6,875 |
| 04/01/2023 | 06/30/2023 | 8.16% | 2.04% | 40,974 | 184,701 | 3,768 | 10,643 |
| 07/01/2023 | 09/30/2023 | 8.43% | 2.11% | 21,910 | 210,380 | 4,434 | 15,077 |
| 10/01/2023 | 12/31/2023 | 8.50% | 2.13% | 27,925 | 242,738 | 5,158 | 20,235 |
| 01/01/2024 | 03/31/2024 | 8.50% | 2.13% | 26,254 | 274,150 | 5,826 | 26,061 |
| 04/01/2024 | 05/20/2024 | 8.50% | 2.13% | 25,893 | 305,869 | 3,571 | 29,632 |
| | | | Total | $ 279,808 | $ 309,440 | $ 29,632 | |

Sources:  
[A] https://fred.stlouisfed.org/series/DPRIME.  
[B] See Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 5, and Appendix A, Schedule 1.  See also, AKTS_00853177.xlsx, 'Revenue Detail' tab; AKTS_01200304.xlsx.

Notes:  
[1] The Annual Rate represents the quarterly average prime rate as reported by the Federal Reserve Bank of St. Louis (see https://fred.stlouisfed.org/series/DPRIME).  
[2] I note that my original calculations summarized Akoustis' infringing revenue by the fiscal year in which it was earned.  While the calculations contained in this schedule are performed in a consistent manner to my original calculations, when dividing into quarters, the quarterly figures resulted in a slightly higher total damages amount than those contained in my original calculations (and the jury verdict) due to rounding.  For purposes of this calculation, I have applied a manual deduction of $83 to my calculation of Damages for the period October 4, 2021 to December 31, 2021 to reconcile the figures in this schedule to my original calculation and the ultimate jury award of $279,808.  
[3] Interest Earned in Period for the periods October 4, 2021 through December 31, 2021 and April 1, 2024 through May 20, 2024 have been prorated by factors of (89 / 92) and (50 / 91), respectively.

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.  
**Calculation of Prejudgment Interest at 8% per Annum, Compounded Quarterly - Unjust Enrichment**

Exhibit 1  
Schedule 2

| | | Jul. 1, 2015 - Oct. 4, 2021 [1] | Oct. 5, 2021 - Jun. 30, 2022 [2] | FY 2023 | FY 2024 Est. | Total |
|---|---|---|---|---|---|---|
| (A) | Total Value of Akoustis Revenue as of June 30, 2024 - Actual [A] | $ 27,995,214 | $ 15,974,720 | $ 33,358,830 | $ 29,988,000 | $ 107,316,764 |
| (B) | Total Value of Akoustis Revenue as of June 30, 2024 - 55 Month Delay [B] | 14,857,323 | 8,475,505 | 17,699,165 | 15,940,400 | 56,972,393 |
| (C) = (A) - (B) | **Total Head Start Damages** | $ 13,137,891 | $ 7,499,215 | $ 15,659,665 | $ 14,047,600 | $ 50,344,371 |
| (D) = (C) / Total (C) | *As a % of Total Head Start Damages* | *26.10%* | *14.90%* | *31.11%* | *27.90%* | *100.00%* |
| (E) | Total Unjust Enrichment Damages [C] | | | | | $ 31,315,215 |
| (F) = (D) * (E) | **Unjust Enrichment Damages by Period** | $ 8,172,033 | $ 4,664,663 | $ 9,740,628 | $ 8,737,891 | $ 31,315,215 |
| (G) = 8% / 4 | Quarterly Interest Rate - 8% per Annum | 2.00% | 2.00% | 2.00% | 2.00% | |
| (H) | Period Start Date | N/A | 10/05/2021 | 07/01/2022 | 07/01/2023 | |
| (I) | Period End Date | N/A | 06/30/2022 | 06/30/2023 | 06/30/2024 | |
| (J) = ((H) + (I)) / 2 | Midpoint of Period [3] | 10/04/2021 | 02/16/2022 | 12/30/2022 | 12/31/2023 | |
| (K) = 05/20/2024 - (J) | Days from Midpoint of Period to May 20, 2024 | 959 | 824 | 507 | 141 | |
| (L) = (K) / (365 / 4) | Calendar Quarters from Midpoint of Period to May 20, 2024 | 10.51 | 9.03 | 5.56 | 1.55 | |
| (M) = ((1 + (G)) ^ (L)) - 1 | Interest Factor | 0.2314 | 0.1958 | 0.1164 | 0.0312 | |
| (N) = (M) * (F) | **Prejudgment Interest on Unjust Enrichment Damages** | $ 1,891,008 | $ 913,341 | $ 1,133,809 | $ 272,622 | $ 4,210,780 |
| (O) = (F) + (N) | **Total Unjust Enrichment Damages Including Prejudgment Interest** | $ 10,063,041 | $ 5,578,004 | $ 10,874,437 | $ 9,010,513 | $ 35,525,995 |

Sources:
[A] Exhibit 1, Schedule 4.
[B] Exhibit 1, Schedule 3.
[C] Judgment, dated May 20, 2024.

Notes:
[1] Total Value of Akoustis Revenue as of June 30, 2024 (both Actual and 55 Month Delay) for the period July 1, 2015 through October 4, 2021 is calculated as the sum of amounts for the period Fiscal Year 2016 through Fiscal Year 2021, plus the product of Fiscal Year 2022 amounts multiplied by a factor of (96 / 365) (see Exhibit 1, Schedule 3 and Schedule 4).
[2] Total Value of Akoustis Revenue as of June 30, 2024 (both Actual and 55 Month Delay) for the period October 5, 2021 through June 30, 2022 is calculated as the product of Fiscal Year 2022 amounts multiplied by a factor of (269 / 365) (see Exhibit 1, Schedule 3 and Schedule 4).
[3] For purposes of this analysis, I have calculated prejudgment interest beginning on October 4, 2021 for unjust enrichment damages calculated for the period July 1, 2015 through October 4, 2021.

Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.
**Total Value of Akoustis Revenue as of June 30, 2024 - 55 Month Delay**

Exhibit 1
Schedule 3

| | | | **Period Date Ranges** | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (A) | Start Date | | 2/1/2020 | 2/1/2021 | 2/1/2022 | 2/1/2023 | 2/1/2024 | 2/1/2025 | 2/1/2026 | 2/1/2027 | 2/1/2028 | |
| (B) | End Date | | 1/31/2021 | 1/31/2022 | 1/31/2023 | 1/31/2024 | 1/31/2025 | 1/31/2026 | 1/31/2027 | 1/31/2028 | 1/31/2029 | |
| (C) | Total Akoustis Revenue | $ | 254,834 $ | 486,496 $ | 1,208,000 $ | 1,443,000 $ | 1,790,000 $ | 6,618,000 $ | 15,350,000 $ | 27,121,000 $ | 28,000,000 $ | 82,271,330 |
| (D) | Interest / Discount Rate | | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | |
| (E) = ((B) - (A) + 1) / 2 | Days to Midpoint of Period | | 183 | 182.5 | 182.5 | 182.5 | 183 | 182.5 | 182.5 | 182.5 | 183 | |
| (F) = (A) + (E) | Midpoint of Period | | 8/2/2020 | 8/2/2021 | 8/2/2022 | 8/2/2023 | 8/2/2024 | 8/2/2025 | 8/2/2026 | 8/2/2027 | 8/2/2028 | |
| (G) = 06/30/2024 - (F) | Days from Midpoint of Period to June 30, 2024 | | 1,428 | 1,063 | 698 | 333 | (33) | (399) | (764) | (1,129) | (1,494) | |
| (H) = (B) - (A) + 1 | Days in Period | | 366 | 365 | 365 | 365 | 366 | 365 | 365 | 365 | 366 | |
| (I) = (G) / (H) | Years from Midpoint of Period to June 30, 2024 | | 3.90 | 2.91 | 1.91 | 0.91 | (0.09) | (1.09) | (2.09) | (3.09) | (4.08) | |
| (J) = (1 + (D)) ^ (I) | Interest / Discount Factor | | 1.7135 | 1.4945 | 1.3018 | 1.1340 | 0.9876 | 0.8601 | 0.7492 | 0.6526 | 0.5693 | |
| (K) = (C) * (J) | **Total Value of Akoustis Revenue as of June 30, 2024** $ | | 436,658 $ | 727,068 $ | 1,572,574 $ | 1,636,362 $ | 1,767,804 $ | 5,692,142 $ | 11,500,220 $ | 17,699,165 $ | 15,940,400 $ | 56,972,393 |

Source:
Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 3, Schedule 2.

Note:
This schedule is analogous to the calculations contained in my Expert Report issued on November 21, 2023 except that I have updated my estimate of FY 2024 Akoustis Revenue to reflect the testimony made at trial by Akoustis's Executive Vice President of Business Development, Mr. David Aichele. According to Mr. Aichele, Akoustis anticipated total revenue of $28 million in its fiscal year 2024, as opposed to an earlier Akoustis revenue projection of approximately $59.4 million upon which I relied in my Expert Report (see Trial Testimony, dated May 8, 2024, p. 968; Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 3, Schedule 3). I note that this change to my original calculations is consistent with the testimony that I made at trial and the ultimate opinion I proffered to the jury (see Trial Testimony, dated May 13, 2024, pp. 1699-1700 and 1737).

Exhibit 1<br>Schedule 4

**Qorvo, Inc. v. Akoustis Technologies, Inc. and Akoustis, Inc.**
**Total Value of Akoustis Revenue as of June 30, 2024 - Actual**

| | | FY 2016 | FY 2017 | FY 2018 | FY 2019 | FY 2020 | FY 2021 | FY 2022 | FY 2023 | FY 2024 Est. | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| (A) | Start Date | 7/1/2015 | 7/1/2016 | 7/1/2017 | 7/1/2018 | 7/1/2019 | 7/1/2020 | 7/1/2021 | 7/1/2022 | 7/1/2023 | |
| (B) | End Date | 6/30/2016 | 6/30/2017 | 6/30/2018 | 6/30/2019 | 6/30/2020 | 6/30/2021 | 6/30/2022 | 6/30/2023 | 6/30/2024 | |
| (C) | Total Akoustis Revenue | $ 254,834 | $ 486,496 | $ 1,208,000 | $ 1,443,000 | $ 1,790,000 | $ 6,618,000 | $ 15,350,000 | $ 27,121,000 | $ 28,000,000 | $ 82,271,330 |
| (D) | Interest / Discount Rate | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | 14.80% | |
| (E) = ((B) - (A) + 1) / 2 | Days to Midpoint of Period | 183.0 | 182.5 | 182.5 | 182.5 | 183.0 | 182.5 | 182.5 | 182.5 | 183.0 | |
| (F) = (A) + (E) | Midpoint of Period | 12/31/2015 | 12/30/2016 | 12/30/2017 | 12/30/2018 | 12/31/2019 | 12/30/2020 | 12/30/2021 | 12/30/2022 | 12/31/2023 | |
| (G) = 06/30/2024 - (F) | Days from Midpoint of Period to June 30, 2024 | 3,104 | 2,739 | 2,374 | 2,009 | 1,643 | 1,278 | 913 | 548 | 182 | |
| (H) = (B) - (A) + 1 | Days in Period | 366 | 365 | 365 | 365 | 366 | 365 | 365 | 365 | 366 | |
| (I) = (G) / (H) | Years from Midpoint of Period to June 30, 2024 | 8.48 | 7.50 | 6.50 | 5.50 | 4.49 | 3.50 | 2.50 | 1.50 | 0.50 | |
| (J) = (1 + (D)) ^ (I) | Interest / Discount Factor | 3.2237 | 2.8166 | 2.4535 | 2.1372 | 1.8582 | 1.6211 | 1.4121 | 1.2300 | 1.0710 | |
| (K) = (C) * (J) | Total Value of Akoustis Revenue as of June 30, 2024 | $ 821,508 | $ 1,370,265 | $ 2,963,828 | $ 3,083,980 | $ 3,326,178 | $ 10,728,440 | $ 21,675,735 | $ 33,358,830 | $ 29,988,000 | $ 107,316,764 |

Source:
Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 3, Schedule 3.

Note:
This schedule is analogous to the calculations contained in my Expert Report issued on November 21, 2023 except that I have updated my estimate of FY 2024 Akoustis Revenue to reflect the testimony made at trial by Akoustis's Executive Vice President of Business Development, Mr. David Aichele.  According to Mr. Aichele, Akoustis anticipated total revenue of $28 million in its fiscal year 2024, as opposed to an earlier Akoustis revenue projection of approximately $59.4 million upon which I relied in my Expert Report (see Trial Testimony, dated May 8, 2024, p. 968; Expert Report and Disclosure of Melissa A. Bennis, dated November 21, 2023, Exhibit 3, Schedule 3).  I note that this change to my original calculations is consistent with the testimony that I made at trial and the ultimate opinion I proffered to the jury (see Trial Testimony, dated May 13, 2024, pp. 1699-1700 and 1737).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

      I further certify that I caused copies of the foregoing document to be served on August 27, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Ronald S. Lemieux, Esquire<br>David S. Elkins, Esquire<br>Victoria Q. Smith, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA  94304-1216<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Xiaomei Cai, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 E. Camelback Road, Suite 700<br>Phoenix, AZ  85016<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |
| Rachael A. Harris, Esquire<br>Matthew A. Stanford, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, DC  20037<br>*Attorneys for Defendants Akoustis Technologies, Inc. and Akoustis, Inc.* | *VIA ELECTRONIC MAIL* |

                                          */s/ Jeremy A. Tigan*
                                      _____
                                      Jeremy A. Tigan (#5239)