IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKOUSTIS TECHNOLOGIES, INC., & AKOUSTIS, INC. <br><br> Defendants. | Case No. 1:21-cv-01417-JPM |

## ORDER ON PRE- AND POST-JUDGMENT INTEREST

Before the Court is Plaintiff Qorvo's Motion for Pre- and Post-Judgment Interest (ECF Nos. 615), filed on June 17, 2024. For the reasons set forth below, it is **ORDERED** that the Final Judgment shall adopt Plaintiff's calculation for the appropriate prejudgment interest for patent infringement ($51,782), the Court's calculation for prejudgment interest under federal and North Carolina law ($6,589,064.41), and the Court's calculation for post-judgment interest ($616,590.56). Plaintiff shall be entitled to judgment in the amount of $7,257,436.97.

I.   **BACKGROUND**

Plaintiff brought this action against Defendants Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Defendants"), alleging (1) infringement of U.S. Patent No. 7,522,018 (the "'018 patent"); (2) infringement of U.S. Patent No. 9,735,755 (the "'755 patent"); (3) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair and deceptive trade practices in violation of North Carolina General Statute § 75-1; (5) misappropriation of trade secrets in violation of the Defense of Trade Secrets Act, 18 U.S.C. § 1832 et seq.; (6)

misappropriation of trade secrets in violation of the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152 et seq.; and (7) civil conspiracy in violation of North Carolina law. (ECF No. 125 at PageID 4040.)

On May 17, 2024, a jury found Defendants liable for trade secret misappropriation under the Defend Trade Secrets and North Carolina Trade Secret Act. (ECF No. 601.) The jury found that the misappropriation was willful and malicious, awarded $31,315,214 in unjust enrichment damages and $7,000,000 in punitive damages. (Id.) The jury also found Defendants liable for infringing two claims of United States Patent No. 7,522,018 and two claims of United States Patent No. 9,735,755. (Id.) The jury awarded $139,904 in damages for infringement of each patent, for a total of $279,808. (Id.)

Plaintiff filed the instant Motion on June 17, 2024, with an accompanying Declaration of Melissa Bennis on calculation of pre- and post-judgment interest. (ECF Nos. 615, 617.) Defendants responded on July 25, 2024, and Plaintiff replied on August 8, 2024. (ECF Nos. 619, 638.) A hearing on this and other post-trial motions was held on August 20, 2024. Afterwards, both parties submitted supplemental briefing in support of their position. (ECF Nos. 672, 679.)

II.   ANALYSIS

   A) Prejudgment Interest

"Prejudgment interest is awarded to restore a plaintiff to the position it would have been in had there been no wrongdoing." ArcherDX, LLC v. Qiagen Scis., LLC, No. CV 18-1019 (MN), 2022 WL 4597877, at *18 (D. Del. Sept. 30, 2022), appeal dismissed, No. 2023-2350, 2024 WL 1298348 (Fed. Cir. Mar. 27, 2024). "As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has

2

been denied the use of the money which was legally due." Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 208 (3d Cir. 2004) (quoting Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1010 (3d Cir.1992)).

      i. *Patents*

In patent cases, "[t]he default is that a prevailing plaintiff is entitled to prejudgment interest, and "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." Wonderland Switzerland AG v. Evenflo Co., Inc., No. 1:20-CV-00727-JPM, 2023 WL 5497918, at *3 (D. Del. July 24, 2023) (quoting Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983)); see also Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd., No. CV 15-634-JFB, 2019 WL 1877189, at *3 (D. Del. Apr. 26, 2019), aff'd, 967 F.3d 1380 (Fed. Cir. 2020) (quoting Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996)) ("Prejudgment interest on a damages award for patent infringement 'is the rule' under 35 U.S.C. § 284[.]").  Defendants do not argue that the criteria for prejudgment interest is not satisfied, so the only remaining dispute is how the prejudgment interest should be calculated.

Plaintiff argues that prejudgment interest should be calculated at the prime rate, compounded quarterly, beginning at the date Qorvo filed the Complaint.  (ECF No. 615 at PageID 30605, ECF No. 617 at PageID 29198).  Defendants contend that the average rate of return on Treasury Bills ("T-Bill rate"), uncompounded or compounded annually, is more appropriate.  (ECF No. 627 at PageID 30690-92.)  Defendants base their contention for the T-Bill rate on the fact that there is "no evidence . . . that would justify the Court applying a rate higher than the 'benchmark' T-Bill rate."  (Id. at PageID 30691.)

3

However, the Court has "broad discretion . . . to [determine] the appropriate interest rate to apply" and "[t]he prime rate is by far the most common practice in the District of Delaware." ArcherDX, 2022 WL 4597877, at *18. As in ArcherDX, "it is not necessary . . . for Plaintiffs to 'demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate.'" Id. (quotation omitted). Thus, prejudgment interest will be calculated using the prime rate, compounded quarterly. See, e.g., Amgen Inc. v. Hospira, Inc., 336 F. Supp. 3d 333, 364 (D. Del. 2018), aff'd, 944 F.3d 1327 (Fed. Cir. 2019) (awarding prejudgment interest at the prime rate, compounded quarterly).

Further, prejudgment interest will begin from the date the Complaint was filed – October 4, 2021. (ECF No. 1; see also ECF No. 617 at PageID 29198.) Defendants argue that calculating damages from the date Plaintiff filed the Complaint is incorrect. (ECF No. 627 at PageID 30696.) This argument is unavailing. Delaware federal District Court precedent has shown courts to exercise their "broad discretion," ArcherDX, 2022 WL 4597877, at *18, to calculate prejudgment interest from the date of first infringement—which is necessarily before the date plaintiff files a complaint for patent infringement. See, e.g., Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc., 85 F. Supp. 3d 768, 783 (D. Del. 2015); Amgen, 336 F. Supp. 3d at 364.

Thus, the Court awards prejudgment interest on patent infringement at the prime rate, compounded quarterly, beginning October 4, 2021. Accordingly, Plaintiff is awarded **$51,782 of prejudgment interest** based on the $279,808 award for patent infringement. (See ECF No. 617 at PageID 29200.)

    ii. *Trade Secrets*

4

The Court next considers awarding prejudgment interest based on misappropriation of trade secrets under both federal and North Carolina state law.

1. Federal Law

Plaintiff is not entitled to prejudgment interest based on misappropriation of trade secrets under federal law. This stems from the underlying policy behind prejudgment interest: "to make a plaintiff whole because the defendant may wrongfully benefit from the plaintiff's money." Anthuis, 971 F.2d at 1009 (quotation omitted).

Here, Plaintiff only pursued a "head start" theory in its claims for misappropriation of trade secrets. (ECF No. 530 at PageID 24570.) This theory was that "[Defendants] . . . engaged in the misappropriation of trade secrets . . . by acquiring [Plaintiff's] trade secrets through improper means and using those trade secrets without consent to accelerate [their] business and gain a head start in entering the market." (Id.) Under this theory, the jury awarded unjust enrichment and exemplary damages. (ECF No. 601; see also ECF No. 615 at PageID 30602.) The jury's damages awards for misappropriation of trade secrets "already accounts for the impact of the early receipt of revenue." (ECF No. 673 at PageID 33227.) The jury has already disgorged the benefit Defendants received, such that Plaintiff has been "ma[de] . . . whole." Anthuis, 971 F.2d at 1009. Because the policy behind prejudgment interest has been satisfied, the Court uses its "broad discretion" to deny an award of prejudgment interest on the misappropriation of trade secrets. Id.

2. State Law

Plaintiff entitlement to prejudgment interest on misappropriation of trade secrets under North Carolina law is supported by N.C. Gen. Stat. Ann. § 24-5(b). The statute states:

> "In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced

5

<u>until the judgment is satisfied</u>. <u>Any other portion of a money judgment</u> in an action other than contract, except the costs, <u>bears interest from the date of entry of judgment</u> under G.S. 1A-1, Rule 58, until the judgment is satisfied. <u>Interest on an award in an action other than contract shall be at the legal rate</u>."

<u>Id.</u> (emphasis added).

The legal rate of interest is eight percent per annum, as non-compounded interest.  N.C. Gen. Stat. Ann. §§ 24-1, 136-113.

Because Plaintiff's expert "excluded the jury's award [of] exemplary damages from [her] pre-judgment interest calculations," the Court only considers the unjust enrichment damages figure.  (ECF No. 617 at PageID 29198.)

Defendants make two arguments: (1) that awarding prejudgment interest under North Carolina law overcompensates Plaintiff; and (2) that the North Carolina statute limits prejudgment interest to compensatory claims.  (ECF No. 627 at PageID 30686.)  Both of these arguments, however, are unavailing. For argument one, overcompensation and the policies behind prejudgment interest are not relevant here; the Court applies the state statute.  For argument two, the North Carolina Supreme Court has found that prejudgment interest can apply to restitution.  <u>See</u> <u>Farmah v. Farmah</u>, 348 N.C. 586, 587, 500 S.E.2d 662, 662 (1998).  Indeed, part of the intent behind N.C. Gen. Stat. Ann. § 24-5 is "to prevent unjust enrichment of the defendant by having money he should not have."  <u>Brown v. Flowe</u>, 349 N.C. 520, 524, 507 S.E.2d 894, 896 (1998).  Thus, the statute governs prejudgment interest for the unjust enrichment damages award.

In sum, the Court calculates prejudgment interest using a legal interest rate of eight percent on the damages figure of $31,315,214, beginning at the start date of the suit.  <u>See</u> N.C.

Gen. Stat. Ann. § 24-5(b).  Accordingly, the Court awards **$6,589,064.41 in prejudgment interest** based on the unjust enrichment award.[1]  (See ECF No. 617 at PageID 29202.)

### B)  Post-Judgment Interest

By statute, any damages awarded by the Court are subject to daily interest at a prescribed rate based on the last 52-week Treasury Bill until they are satisfied.  See 28 U.S.C. § 1961(a); ArcherDX, 2022 WL 4597877, at *19 ("Post-judgment interest is mandatory for damages awarded in civil cases.").

Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Here, the date of judgment was May 20, 2024.  (ECF No. 602.)  The total damages awarded by the jury on that date was $38,595,023.  (Id.)  The post-judgment interest rate is 5.138% yearly, or .0141% daily (5.138% divided by 365).  (ECF No. 617 at PageID 29198.)

---

[1] Plaintiff's expert's calculation calls for $7,252,666 in prejudgment interest under North Carolina statute.  (ECF No. 617 at PageID 29202.)  This calculation was done "[c]ompounded [q]uarterly."  (Id.)  However, N.C. Gen. Stat. Ann. § 136-113 states that an "amount awarded as damages shall bear simple, not compounding, interest."  Here, the unjust enrichment award by the jury was awarded as damages. (ECF No. 601.)  Plaintiff discounted the interested earned from October 4, 2021 through December 31, 2021, by a factor of 89/91, and the interest from April 1, 2024 through May 20, 2024, by a factor of (50/91), to reflect the number of days in the quarter that interest would accrue.  (ECF No. 617 at PageID 29201 n.2.)  However, no discounting fractions are necessary because the Court is not calculating via quarters, but rather calculating using total days.

The Court recalculates the simple interest as the total unjust enrichment award ($31,315,215) multiplied by the daily interest rate (8% annual rate divided by 365 days) multiplied by days from October 4, 2021 through May 20, 2024 (960 days). Thus:

$$\$31{,}315{,}215 \times \frac{\frac{.08}{year}}{365 \frac{days}{year}} \times 960 \; days = \$6{,}589{,}064.41$$

Thus, applying the daily interest rate to the total damages awarded yields $5,441.90 per day in post-judgment interest on the May 20, 2024 award. (Id. at PageID 29199.) Between May 20, 2024, and September 10, 2024, 113 days have passed. Thus, for the May 20, 2024 award, Plaintiff is entitled to $614,934.70 ($5,441.90 per day multiplied by 113 days) in post-judgment interest.

Plaintiff also seeks post-judgment interest on its prejudgment interest and attorneys' fees calculations. "[P]ost-judgment interest 'on a particular award' does not start running until 'a judgment quantifying that award has been entered.'" Wonderland, 2023 WL 5497918, at *3 (quoting Travelers Cas. and Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 175 (3d Cir. 2010)). Because the Court is concurrently entering prejudgment interest, Plaintiff is awarded no post-judgment interest on the prejudgment interest for either the patent or trade secret awards. Id.; see also ArcherDX, 2022 WL 4597877, at *19.

However, because the Court entered an award on attorneys' fees on September 9, 2024, (ECF No. 690), Plaintiff is entitled to post-judgment interest on that amount. See Wonderland, 2023 WL 5497918, at *3. The Court awarded $11,743,745.54 in attorneys' fees. (ECF No. 615 at PageID 34374.) Thus, applying the daily interest rate (.0141%) to the total damages awarded yields $1655.86 per day in post-judgment interest. (See ECF No. 617 at PageID 29199 (applying the .0141% daily rate to Plaintiff's proposed attorneys' fees amount.) Given that one day has passed between the Court entering an award on attorneys' fees and the Court entering this award, Plaintiff is entitled to $1655.86 in post-judgment interest on attorneys' fees.

Accordingly, the Court awards $614,934.70 + $1655.86 for a total of **$616,590.56 in post-judgment interest**.

### III.   CONCLUSION

8

For the foregoing reasons, it is **ORDERED** that the Final Judgment shall adopt Plaintiff's calculation for the appropriate prejudgment interest for patent infringement ($51,782), the Court's calculation for prejudgment interest under federal and North Carolina law[2] ($6,589,064.41), and the Court's calculation for post-judgment interest ($616,590.56). Plaintiff shall be entitled to judgment in the amount of **$7,257,436.97** as described in the below table.

|  | Amount |
|---|---|
| Prejudgment Interest – Patent Infringement | $51,782 |
| Prejudgment Interest – Trade Secret Misappropriation (Federal) | $0 |
| Prejudgment Interest – Trade Secret Misappropriation (North Carolina) | $6,589,064.41 |
| Post-Judgment Interest | $616,590.56 |
| Total: | **$7,257,436.97** |

**SO ORDERED**, this 10th day of September, 2024.

    /s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE

---

[2] If the parties take issue with the specific formula used by the Court in calculating simple interest under the North Carolina statute, they are to submit a re-calculation to the Court by **September 16, 2024**.

9