IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-01417-JPM ) ) |
| AKOUSTIS TECHNOLOGIES, INC., and AKOUSTIS, INC., | ) ) ) |
| Defendants. | ) ) |

**PERMANENT INJUNCTION**

For the reasons set out in the Court's Order Granting In Part and Denying In Part Plaintiff's Motion for Permanent Injunctive Relief (ECF No. 709), the following injunctive relief is granted:

1. Permanent Injunction on Use of Qorvo Trade Secret Information

    a. Akoustis, its officers, agents, servants, employees, distributors and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of this order by personal service or otherwise, are permanently enjoined from performing any of the following actions:

        i. Possessing, accessing, reviewing, using, or disclosing Qorvo Trade Secret Information, in whole or in part, anywhere in the world;

        ii. Offering to sell, selling, or otherwise distributing anywhere in the world any product made using Qorvo Trade Secret Information;

1

      iii. Advertising, promoting, offering to sell, or otherwise providing services anywhere in the world that use Qorvo Trade Secret Information.

2. Removal and Quarantine of Confidential Qorvo Information

   a. Akoustis, its officers, agents, servants, employees, distributors and resellers of any type, and attorneeys, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, shall undertake the following steps to remove from their possession and quarantine any confidential Qorvo information (as set forth in Part 2.a.iii), as follows:

      i. Akoustis will, at its own expense, engage an e-discovery vendor that is approved in advance in writing by Qorvo, to assist with the identification, collection, and removal of any Qorvo confidential information;

      ii. Akoustis will inspect the following data sources in its possession:

         1. Any database, document management system, or other shared storage in use at Akoustis;

         2. The mailboxes contained in Akoustis' corporate email servers for all Akoustis employees, and, upon documented and disclosed probable cause to believe that employees' personal email accounts were used to transmit, download, or upload Qorvo trade secrets, those email accounts;

      3. Akoustis computers, laptops, hard drives, and other storage media (including USB drives and network-based storage drives) belonging to all Akoustis employees; and

      4. Paper files belonging to Akoustis employees and kept on Akoustis property or related to the employees' work at Akoustis.

   iii. Akoustis will remove from its possession and quarantine the following:

      1. Qorvo Trade Secret Information

      2. All other documents that contain confidential Qorvo information (either indicated as Qorvo-confidential by the information itself or otherwise known to be Qorvo-confidential by Akoustis) obtained or received without Qorvo's authorization or in violation of any obligation to maintain the confidentiality of that information.

3. Qorvo Audit Rights

   a. In order to monitor compliance with Parts 1 and 2 of this Permanent Injunction Order, Qorvo shall, for a period of four years from the issuance of this Order, have the right to conduct audits of Akoustis, its officers, agents, servants, employees, distributors and resellers of any type, and attorneys, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, as follows:

    i. Qorvo may audit, through audits conducted by an independent third party chosen by Qorvo, and in compliance the Protective Order in this case, the following data sources in Akoustis' possession;

        1. Any database, document management system, or other shared storage in use at Akoustis;

        2. The mailboxes contained in Akoustis' corporate email servers for all Akoustis employees, and, upon documented and disclosed probable cause to believe that employees' personal email accounts were used to transmit, download, or upload Qorvo trade secrets, those email accounts;

        3. Akoustis computers, laptops, hard drives, and other storage media (including USB drives and network-based storage drives) belonging to all Akoustis employees; and

        4. Paper files belonging to Akoustis employees and kept on Akoustis property, or related to the employees' work at Akoustis.

    ii. Upon request, the auditor shall be given access to any other data sources reasonably necessary to determine whether Akoustis is in compliance with Parts 1 and 2 of this Permanent Injunction, including data sources sufficient to show how Akoustis is performing trimming and reliability testing with respect to BAW filters.

    iii. The findings of such audits will be available only to Qorvo's outside attorneys, the independent third-party auditor, the Court, and Akoustis

        and its attorneys. Notwithstanding the foregoing, Qorvo's outside attorneys may be permitted to provide a summary of the finding of such audits to Qorvo's in-house attorneys. Any summary must comply with the terms of the Protective Order entered in this case.

    iv. If the auditor finds that Akoustis may not be in compliance with the terms of this Order, the auditor shall provide written notice and a copy of his findings to Akoustis and one of Qorvo's in-house attorneys to permit Qorvo to understand the reason(s) and extent of Akoustis' noncompliance.

    v. The audits may be conducted a maximum of one per calendar year, during the course of normal business hours, and upon electronic or written notice of at least five business days to Akoustis. The parties will use good faith efforts to conduct the audit in a manner least disruptive to Akoustis' normal business activities. The cost of any audit shall be born equally by Akoustis (50%) and Qorvo (50%).  In the event an audit shows a violation of this Permanent Injunction Order, the cost of the audit shall be borne exclusively by Akoustis.

  b. If no violations are found after 2 years, Qorvo's audit rights will presumptively expire after 2 years.

4. Permanent Injunction on Infringement of the '018 and '755 Patents

  a. Akoustis and any of its officers, agents, servants, directors, employees, attorneys, subsidiaries, successors in interest, and all those persons in active concert or participation with such persons who receive actual notice of this

       Order by personal service or otherwise, are permanently enjoined and restrained from making, using, selling, or offering for sale within the United States, or importing into the United States:

    i. The '018 Patent Enjoined Products or any products not more than colorably different from the '018 Patent Enjoined Products from the Effective Date (which is fourteen (14) days from the date of this signed Permanent Injunction) through the expiration of the '018 Patent;

    ii. The '755 Patent Enjoined Products or any products not more than colorably different from the '755 Patent Enjoined Products from the Effective Date through the expiration of the '755 Patent.

5. For the purposes of this injunction, the term "'018 Patent Enjoined Products" means the following Akoustis BAW filter products the jury found to infringe the '018 patent: A10149, A10154, A10155, A10156, A10158, A10160, A10165, A10166, A10235, A10238, A10249, A10252, A10256, A10266, A10335, AKF-1256, AKF-1256, AKF-1336, AKF-1938.

6. For the purposes of this injunction, the term "'755 Patent Enjoined Products" means the following Akoustis BAW filter products the jury found to infringe the '755 Patent: A10149, A10154, A10155, A10156, A10160, A10165, A10166, A10235, A10238, A10249, A10256, A10266, A10335, AKF-1252, AKF-1256, AKF-1336, AKF-1938.

7. For the purpose of this injunction, the term "Qorvo Trade Secret Information" means any confidential information copied or derived from, in whole or in part, the

following trade secrets that the jury found Akoustis to have misappropriated (identified here by trade secret number and citation to trial exhibit):

a. **Group 2: Qorvo BAW filter and resonator designs**

   i. Trade Secret 2.1
      1. Trial Ex. 8 (PTX-0078) at page 4
      2. Trial Ex. 46 (PTX-0007) at page 2

   ii. Trade Secret 2.2
      1. Trial Ex. 9 (PTX-0149) at page 3
      2. Trial Ex. 44 (PTX-0005) at page 3
      3. Trial Ex. 45 (PTX-0006) at page 2

   iii. Trade Secret 2.3
      1. Trial Ex. 9 (PTX-0149) at pages 14–16
      2. Trial Ex. 44 (PTX-0005) at pages 14–16
      3. Trial Ex. 45 (PTX-0006) at pages 3–5

   iv. Trade Secret 2.4
      1. Trial Ex. 9 (PTX-0149) at page 17
      2. Trial Ex. 44 (PTX-0005) at page 17
      3. Trial Ex. 45 (PTX-0006) at page 6

   v. Trade Secret 2.5
      1. Trial Ex. 9 (PTX-0149) at page 19
      2. Trial Ex. 44 (PTX-0005) at page 19

   vi. Trade Secret 2.6
      1. Trial Ex. 9 (PTX-0149) at page 24

        2. Trial Ex. 44 (PTX-0005) at page 24

   vii. Trade Secret 2.7

        1. Trial Ex. 9 (PTX-0149) at page 11

        2. Trial Ex. 44 (PTX-0005) at page 11

        3. Trial Ex. 45 (PTX-0006) at pages 12

   viii. Trade Secret 2.8

        1. Trial Ex. 10 (PTX-0720) at page 4

   ix. Trade Secret 2.9

        1. Trial Ex. 10 (PTX-0720) at page 8

   x. Trade Secret 2.10

        1. Trial Ex. 10 (PTX-0720) at page 10

   xi. Trade Secret 2.11

        1. Trial Ex. 10 (PTX-0720) at page 15

   xii. Trade Secret 2.12

        1. Trial Ex. 10 (PTX-0720) at page 23

   xiii. Trade Secret 2.13

        1. Trial Ex. 10 (PTX-0720) at page 24

   xiv. Trade Secret 2.14

        1. Trial Ex. 10 (PTX-0720) at page 29

   xv. Trade Secret 2.15

        1. Trial Ex. 10 (PTX-0720) at page 36

   xvi. Trade Secret 2.16

        1. Trial Ex. 10 (PTX-0720) at page 37

    b. Group 3: Qorvo's trimming method and procedures

        i. Trade Secret 3.1

            1. Trial Ex. 11 (PTX-1141) at page 16

            2. Trial Ex. 12 (PTX-0453) at page 2

            3. Trial Ex. 209 (PTX-0421) at page 2

            4. Trial Ex. 213 (PTX-0438) at page 11

            5. Trial Ex. 217 (PTX-0662) at pages 10

            6. Trial Ex. 220 (PTX-0721) at page 11

        ii. Trade Secret 3.2

            1. Trial Ex. 11 (PTX-1141) at page 17

            2. Trial Ex. 12 (PTX-0453) at page 3

            3. Trial Ex. 209 (PTX-0421) at page 3

            4. Trial Ex. 213 (PTX-0438) at pages 4 and 12

            5. Trial Ex. 217 (PTX-0662) at pages 8 and 11

            6. Trial Ex. 220 (PTX-0721) at pages 9 and 12

        iii. Trade Secret 3.3

            1. Trial Ex. 11 (PTX-1141) at page 18

            2. Trial Ex. 12 (PTX-0453) at page 4

            3. Trial Ex. 209 (PTX-0421) at page 4

    c. Group 4: Qorvo's evaluation board design rules and schematics

        i. Trade Secret 4.1

            1. Trial Ex. 13 (PTX-1142) at page 1

    d. Group 5: Qorvo's product development process and testing procedures

      i. Trade Secret 5.4

          1. Trial Ex. 33 (PTX-0111) at overview, specification, and production test tabs

          2. Trial Ex. 34 (PTX-0114) at overview and specification tabs

          3. Trial Ex. 76 (PTX-0112) at overview and specification tabs

          4. Trial Ex. 79 (PTX-0116) at overview and specification tabs

          5. Trial Ex. 80 (PTX-0117) at overview and specification tabs

          6. Trial Ex. 83 (PTX-0120) at overview and specification tabs

      ii. Trade Secret 5.5

          1. Trial Ex. 7 (PTX-1089) at pages 1–2

          2. Trial Ex. 33 (PTX-0111) at overview, specification, and production test tabs

          3. Trial Ex. 34 (PTX-0114) at overview and specification tabs

          4. Trial Ex. 35 (PTX-0088) at specification tab (with guard band file), test specification, and conditions tab

          5. Trial Ex. 61 (PTX-0089) at page 2

          6. Trial Ex. 76 (PTX-0112) at overview and specification tabs

          7. Trial Ex. 79 (PTX-0116) at overview and specification tabs

          8. Trial Ex. 80 (PTX-0117) at overview and specification tabs

          9. Trial Ex. 83 (PTX-0120) at overview and specification tabs

   e. Group 6: Qorvo's systems at processes, and procedures for testing reliability and mean-time-to-failure of parts

      i. Trade Secret 6.1

      1. Trial Ex. 14 (PTX-0099) at pages 6 and 24

      2. Trial Ex. 68 (PTX-0101) at pages 6 and 24

      3. Trial Ex. 70 (PTX-0103) at pages 6 and 24

      4. Trial Ex. 73 (PTX-0107) at pages 6 and 24

      5. Trial Ex. 110 (PTX-0105) at pages 6 and 24

ii. Trade Secret 6.3

      1. Trial Ex. 14 (PTX-0099) at pages 15–17

      2. Trial Ex. 68 (PTX-0101) at pages 15–17

      3. Trial Ex. 70 (PTX-0103) at pages 15–17

      4. Trial Ex. 73 (PTX-0107) at pages 15–17

      5. Trial Ex. 110 (PTX-0105) at pages 15–17

iii. Trade Secret 6.4

      1. Trial Ex. 14 (PTX-0099) at pages 15–17

      2. Trial Ex. 68 (PTX-0101) at pages 15–17

      3. Trial Ex. 70 (PTX-0103) at pages 15–17

      4. Trial Ex. 73 (PTX-0107) at pages 15–17

      5. Trial Ex. 110 (PTX-0105) at pages 15–17

iv. Trade Secret 6.5

      1. Trial Ex. 14 (PTX-0099) at pages 15–17

      2. Trial Ex. 68 (PTX-0101) at pages 15–17

      3. Trial Ex. 70 (PTX-0103) at pages 15–17

      4. Trial Ex. 73 (PTX-0107) at pages 15–17

      5. Trial Ex. 110 (PTX-0105) at pages 15–17

      v. Trade Secret 6.6

          1. Trial Ex. 14 (PTX-0099) at page 23

          2. Trial Ex. 68 (PTX-0101) at page 23

          3. Trial Ex. 70 (PTX-0103) at page 23

          4. Trial Ex. 73 (PTX-0107) at page 23

          5. Trial Ex. 110 (PTX-0105) at page 23

   f. Group 7: Qorvo's manufacturing and assembly procedures

      i. Trade Secret 7.2

          1. Trial Ex. 37 (PTX-0751) at pages 7 and 9

The Court retains jurisdiction to enforce this Permanent Injunction.

**IT IS SO ORDERED**, this 15th day of October, 2024.

                                            /s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE