IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QORVO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 1:21-cv-01417-JPM |
| v. ) | |
| ) | |
| AKOUSTIS TECHNOLOGIES, INC., and ) | |
| AKOUSTIS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE MAY 20, 2024 JUDGMENT**

Before the Court are Plaintiff Qorvo, Inc's ("Qorvo's" or "Plaintiff's") Motion to Alter or Amend the May 20, 2024 Judgment Regarding Qorvo's Claim for Unfair and Deceptive Trade Practices and Opening Brief in Support, Defendants Akoustis Technologies, Inc. and Akoustis, Inc.'s (collectively, "Akoustis'" or "Defendants'") Response in Opposition, and Plaintiff's Reply. (ECF Nos. 611, 612, 624, 637.) For the reasons discussed below, Plaintiff's Motion is **DENIED**.

I. **BACKGROUND**

On May 17, 2024, a jury in the District of Delaware found Defendants liable for trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA") and North Carolina Trade Secrets Protection Act ("NCTSPA"). (ECF No. 601.) The jury found that the misappropriation was willful and malicious, awarded $31,315,214 in unjust enrichment damages and $7,000,000 in punitive damages. (Id.) The jury also found Defendants liable for infringing two claims of United States Patent No. 7,522,018 ("the '018 Patent") and two claims of United States Patent No.

9,735,755 ("the '755 Patent"). (Id.) The jury found that Akoustis did not violate the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). (Id.) Plaintiff filed the instant Motion on June 17, 2024, Defendants responded on July 25, 2024, and Plaintiff replied on August 8, 2024. (ECF Nos. 611, 612, 624, 637.) A hearing on this and other post-trial motions was held on August 20, 2024.

II. **PARTIES' ARGUMENTS**

Plaintiff "moves the Court first to amend the Judgment to reflect that Akoustis violated the UDTPA, and, second, to award Qorvo treble damages (which is automatic under N.C. Gen.Stat. § 75-1) for Akoustis's UDTPA violation based on the jury's award of "actual damages" in connection with Qorvo's trade secret claims." (ECF No. 612 at PageID 28950.) Qorvo argues that amendment is justified because "several courts applying North Carolina law have held that a violation of NCTSPA constitutes an unfair practice under the UDTPA *as a matter of law*" and because the Court noted, in its ruling on Defendants' 50(a) Motion, that "[l]oss of trade secrets is an injury under the UDTPA's liability provision." (Id. at PageID 28950, 28955 (citing ECF No. 590; Grout Dr. Glob. Franchise Corp. v. Groutman, Inc., No. 7:14-CV-105-BO, 2015 WL 2353698, at *5 (E.D.N.C. May 15, 2015); Med. Staffing Network, Inc. v. Ridgway, 194 N.C. App. 649, 659–60 (2009); Drouillard v. Keister Williams Newspaper Servs. Inc., 108 N.C. App. 169, 172–73 (1992)).) Plaintiff alternatively argues that the jury's verdict "establishes a violation of the UDTPA." (Id. at PageID 28956–58 (citing Static Control Components, Inc. v. Darkprint Imaging, Inc., 240 F. Supp. 2d 465 (M.D.N.C. 2002); Sunbelt Rentals, Inc. v. Engquist Equip., L.L.C., 174 N.C. App. 49, 60 (2005); Ridgway, 194 N.C. App. at 651).)[1]

---

[1] Plaintiff also argues that it "files this motion pursuant to Rule 50(b), which allows an aggrieved party to file a renewed Motion for Judgment as a Matter of Law." (ECF No. 612 at PageID 28953 n.2.). Because Plaintiff did not

2

Defendants make two counterarguments.  (See ECF No. 624 at PageID 30620, 30622.)  First, they argue that Qorvo has "failed to present grounds to nullify the jury's verdict that Akoustis is [] liable for a violation of the UDTPA," because NCTSPA violations are not *per se* violations of the UDTPA.  (Id. at PageID 30620.)  Second, that "the jury's finding on liability was not a clear error of law or manifestly unjust" where the jury could have found any of the three elements of a UDTPA claim to have been lacking.  (Id. at PageID 30622.)

III. **LEGAL STANDARD**

Parties may move to "to alter or amend a judgment" under Federal Rule of Civil Procedure 59(e).  Fed. R. Civ. P. 59(e).  "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (cleaned up).  There is no dispute that Qorvo's argument arises under prong three of this test.

"[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  White v. N.H. Dept. of Emp't Sec., 455 U.S. 445, 451 (1982).  "The principal limitation on [the discretion to grant a motion to amend] is that a motion to amend 'may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's Seventh Amendment right to a jury trial.'"  Godo Kaisha IP Bridge 1 v. TCL Comm'n Tech. Holdings Ltd., No. CV 15-634-JFB, 2019 WL 1877189,

---

make a Rule 50(a) Motion, and Defendants' related 50(a) Motion had an opposite burden of proof as relates to this issue, Plaintiff has waived any 50(b) Motion.  See Deere & Co. v. AGCO Corp., 659 F. Supp. 3d 418, 438 (D. Del. 2023).  Further, Plaintiff disclaimed a Rule 50(b) challenge in its reply brief.  (ECF No. 637 at PageID 31510.).

at *2 (D. Del. Apr. 26, 2019), aff'd, 967 F.3d 1380 (Fed. Cir. 2020) (quoting Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 742 (1st Cir. 1982)).

"To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to the plaintiffs' business." Walker v. Sloan, 137 N.C. App. 387, 395 (2000). "The DTSA requires a plaintiff to demonstrate (1) the existence of a trade secret . . . (2) that 'is related to a product or service used in, or intended for use in, interstate or foreign commerce,' . . . and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret." Oakwood v. Thanoo Lab'ys, 999 F.3d 892, 905 (3d Cir. 2021) (citing 18 U.S.C. §§ 1839(3), 1836(b)(1), 1839(5)); Herrman Int'l, Inc. v. Herrmann Int'l Eur., 2021 WL 861712 (W.D.N.C. Mar. 6, 2021) (NCTSPA and DTSA analyzed together).

## IV. ANALYSIS

Plaintiff does not cite any legal error by the Court. Instead, it asserts that it is legally entitled to judgment, using the jury's verdict on other claims as evidence, and that the jury itself erred. (ECF No. 637 at PageID 31510.) However, the law in Delaware is clear: "Plaintiff's mere dissatisfaction with the jury's assessment . . . does not constitute manifest injustice." Norman v. Elkin, 849 F.Supp.2d 418 (citing Soto v. United States, 2011 WL 4929423, at *1 (D.Del. Oct. 17, 2011); Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

Plaintiff does not argue that the verdicts are inconsistent, justifying a new trial. Plaintiff does not argue that the jury instructions on this issue—which they jointly proposed and did not object to—were in error. Plaintiff does not argue that any improper legal decision by the Court led to the need to amend the verdict. Plaintiff does not allege that North Carolina law mandates

4

amending the verdict. Instead, they argue that the jury's findings on the DTSA and NCTSPA—different laws with different elements—entitle them to the same verdict under the UDTPA given the distinguishable findings of three North Carolina Courts. Plaintiff writes, in their reply, that "Qorvo is *not* arguing the sufficiency of the evidence, and maintains it is entitled to amendment of judgment based on clear error by the jury." (ECF No. 637 at PageID 31510) (emphasis added).

The cases that Plaintiff uses to argue their entitlement to an amended judgment on the basis that NCTSPA violations are *per se* violations of the UDTPA are unavailing. In <u>Grout Doctor Global Franchise Corp. v. Groutman, Inc.</u>, the Eastern District of North Carolina wrote—in an order on an unopposed motion for default judgment—that "[m]isappropriation of trade secrets constitutes an unfair or deceptive trade practice as a matter of law[,]" but did not find that a violation of the DTSA and NCTSPA was a *per se* violation of the UDTPA. 2015 WL 2353698, at *5–6. In <u>Medical Staffing Network, Inc. v. Ridgway</u>, the North Carolina Court of Appeals held that a trial court had sufficient evidence to find a violation of the UDTPA, and stated that "a violation of the Trade Secrets Protection Act constitutes an unfair act or practice" under the UDTPA. It separately assessed the injury requirements, and the commerce requirement is undiscussed. 194 N.C. Ct. App. at 659–60. The cited decision of <u>Droulliard v. Keister Williams Newspaper Services, Inc.</u> is even less persuasive: it holds that the UDTPA *may* include violations of the Trade Secrets Protection Act, not that violations of one constitute *per se* violations of the other. 108 N.C. App. 169 at 172–73 (rejecting "plaintiffs' argu[ment] that violation of the Trade Secrets Protection Act . . . is not an unfair trade practice under N.C.Gen.Stat. § 75-1.1).

Qorvo also argues that "the Court should still amend the jury's verdict under Question 2(a) based on the jury's verdict regarding Qorvo's NCTSPA claim and award of substantial compensatory and exemplary damages." (ECF No. 612 at PageID 28956.) They argue, however,

5

that the Court should do so by venturing into the province of the jury and finding *sua sponte* the second and third elements of UDTPA liability, arguing that "[t]here is no dispute that Akoustis's conduct affected commerce" or that "Akoustis's conduct proximately caused Qorvo's injuries, given the substantial verdict issued by the jury." (ECF No. 612 at PageID 28958.) Plaintiff provides no citations to cases in which the combination of a jury's verdict on different claims necessitates amendment of a verdict. The cited cases are also procedurally and factually distinguishable from the case at bar. See Static Control, 240 F. Supp. 2d at 486–87 (no opposition from defendant on motion, defendant stipulated to commerce element, and evidence of monetary damage to plaintiff); Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C., 174 N.C. App. 49, 60 (discussing court's factual and legal findings in non-jury trial); Ridgway, 194 N.C. App. at 659–60 (same). Unlike a bench trial, the decision of the jury is represented by their verdict and unparsed in a written opinion. Accordingly, the Court cannot analyze the precise findings of fact that led the jury to their decision.

Even if the Court could, the damages awarded by the jury do not necessarily indicate causation of injury by Akoustis. The only theory of damages asserted by Plaintiff were those disgorging Akoustis of a "head start." This "head start" theory of damages alone does not establish injury to Qorvo. While loss of trade secrets may establish injury, causation is still a question of fact properly before the jury: misappropriation requires only that Akoustis have obtained the trade secret from a third party who Akoustis knew or had reason to know acquired the trade secret by improper means, not that Akoustis itself caused the loss of the trade secret. Compare ECF No. 590 ("Loss of trade secrets is an injury under the UDTPA's liability provision.") with N.C. Gen. Stat. § 66-152(1) ("'Misappropriation' means acquisition, disclosure, or use of a trade secret of another without express or implied authority or consent, unless such trade secret was arrived at by

6

independent development, reverse engineering, or was obtained from another person with a right to disclose the trade secret.").

The jury, presented with different facts and different standards for misappropriation of trade secrets and for the unfair and deceptive trade practices claims, made different factual and legal findings. Because Plaintiff has not shown any precedent holding that a violation of the NCTSPA or DTSA constitutes a *per se* violation of the UDTPA, does not cite any legal error that led to the jury's "purported error," and has not shown that the Jury's verdicts were inconsistent, let alone a "miscarriage of justice," the Court finds no justification to amend the judgment. See N. River Ins. Co., 52 F.3d at 1218. Plaintiff's Motion to Amend the Judgment is **DENIED**.

Because the Jury found that there was no liability under the UDTPA, and the Court does not find reason to disturb their verdict, the Court need not revisit its prior opinion on treble damages.

V. **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Amend the Judgment is **DENIED**.

**IT IS SO ORDERED**, this 15th day of October, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE